# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) <br><br> **Jury Trial Demanded** |

### DEFENDANT'S RE-NOTICE OF DEPOSITION & SERVICE OF SUBPOENA TO GLOBAL PAYMENTS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b)(6) AND 45

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on the 25th day of March 2005, Defendant Telecheck Services, Inc. ("Telecheck") initiated service of the attached subpoena upon **Global Payments** ("Global"), 10 Glenlake Parkway, NE, Atlanta, GA 30328.

**PLEASE TAKE FURTHER NOTICE THAT** on May 19, 2005, at 9:00 a.m., Telecheck, pursuant to Fed. R. Civ. P. 30(b)(6), will take the depositions of one or more persons designated by Global as knowledgeable about the matters set forth in Schedule A of this Notice. Global has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf on the matters on which examination is requested, including matters collectively concerning Global to the extent such information is known or reasonably available to Global.

Thus, Global is requested to designate and produce the person or persons to testify on its behalf as to the topics in the attached Schedule A and promptly notify TeleCheck's counsel in writing of the name, address, telephone number, capacity and job title of each such person designated to testify and the topics on which that person will testify.

The deposition will take place at the offices of Kilpatrick Stockton LLP, Suite 2800, 1100 Peachtree Street, Atlanta, Georgia 30309-4530, or at such other location as the parties shall agree. If the deposition is not completed on the date set out above, the taking of the deposition will continue day-to-day thereafter until complete. The deposition shall be taken upon oral examination before an officer authorized to administer oaths and take testimony. The oral examination will be recorded stenographically and will include the use of use of instantaneous transcription and/or videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

**PLEASE TAKE FURTHER NOTICE THAT** on May 5, 2005 at 9:00 a.m., Global, pursuant to Fed. R. Civ. P. 45, is commanded to produce and permit inspection and copying of the documents and objects set forth in Schedule B of this Notice.

The inspection and copying will take place at the offices of Kilpatrick Stockton LLP Suite 2800, 1100 Peachtree Street, Atlanta, Georgia 30309-4530, or at such other location as the parties shall agree.

Dated: March 29, 2005   FISH & RICHARDSON P.C.

By:   /s/ Sean P. Hayes
     William J. Marsden #2247 (marsden@fr.com)
     Timothy Devlin #4241 (tdevlin@fr.com)
     Sean P. Hayes #4413 (hayes@fr.com)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE 19899-1114
     (302) 652-5070

*Attorneys for Defendant*
*TeleCheck Services, Inc.*

**SCHEDULE A**

**Definitions and Instructions**

For the purposes of this notice, the following definitions and instructions shall apply:

A.   "Communication" shall mean any transmission of information of any kind, orally, electronically, in writing or in any other manner, at any time or place and under any circumstances whatsoever.

B.   "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft form, including but not limited to all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" or "tangible things" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. "Document" also includes, without limitation, electronic mail, information stored on computer drives, diskettes, or other computer media, and any other information stored magnetically, electronically, or by other means.

C.   "All Documents" means every Document, as defined herein, which is known to you, within your possession, custody or control, or that can be located or discovered by reasonably diligent efforts. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

D.   "Relating to" and "concerning" shall mean directly or indirectly referring to, reflecting, describing, pertaining to, arising out of or in connection with, or in any way legally,

logically, or factually connecting with the matter addressed. These terms mean, without limitation, any reference or relationship that either (i) provides information with respect to the subject of inquiry or (ii) might lead to persons who, or Documents which, might possess or contain information with respect to the subject of inquiry.

E. "Record" and "reflect" mean and include "constituting," or "referring to," "pertaining to," "evidencing," "describing," or "has anything to do with" and in each instance directly or indirectly. These terms mean, without limitation, any reference or relationship that either (i) provides information with respect to the subject of inquiry or (ii) might lead to persons who, or Documents which, might possess or contain information with respect to the subject of inquiry.

F. "You" and "yours" mean Global Payments and all of your agents, representatives, employees, experts, investigators, insurers, consultants, attorneys or anyone acting on behalf of the foregoing.

G. "Person" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities and divisions, departments, or other units thereof.

H. The words "and" and "or" shall be construed conjunctively or disjunctively, so as to make the request, definition, or instruction more inclusive. The singular form of a word shall include the plural, and vice-versa. Pronouns should be construed to include all genders. The present shall always include the past tense.

I. The words "any" and "all" shall be construed conjunctively or disjunctively, so as to make the request, definition, or instruction more inclusive.

J. The term "the '988 Patent" refers to U.S. Patent No. 5,484,988.

2

K. The term "the '528 Patent" refers to U.S. Patent No. 6,164,528.

L. The term "the '366 Patent" refers to U.S. Patent No. 6,283,366.

M. The term "patents-in-suit" refers collectively to U.S. Patent No. 5,484,988, U.S. Patent No. 6,164,528, and U.S. Patent No. 6,283,366.

N. Each document request seeks production of the Document in its entirety, including all attachments and all drafts and non-identical copies of each Document.

O. All documents requested are to be produced in the same file or other organizational environment in which they are maintained.  For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.  Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.  Where a document or thing exists in hard copy and electronic format, you shall produce both the hard and the electronic copy.  Where a document exists only in electronic format, you shall produce it electronically, as it is kept in the ordinary course of business, including the file or other grouping in which it is electronically stored.

P. These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

Q. Each document is to be produced along with all drafts, without abbreviation or redaction.

R. If you contend that one or more parts of a request are objectionable, answer each

portion of the request that you do not contend is objectionable.

S. All document requests herein are intended to embrace within their scope both non-privileged documents and documents for which privilege is claimed. If any Document covered by this request is withheld by reason of the claim of privilege, work product or other ground of non-production, please provide a list identifying the Document in question with sufficient specificity to permit a Court to determine the propriety of the privilege asserted. As to any document with respect to which you claim privilege, your response should state separately with respect to each such document or tangible thing as to which you claim privilege:

    (1) the number of the request calling for the document;

    (2) the names of the authors;

    (3) the date of the document;

    (4) the identification of all persons who have possessed, read, or reviewed the document at any time;

    (5) a brief description of the nature and subject matter of the document; and

    (6) the ground for the claimed privilege.

T. For any responsive documents or tangible things that have been lost, destroyed or otherwise disposed of, you shall provide a written statement setting forth:

    (1) the identity of the document;

    (2) the nature of the document (e.g., letter, memorandum, chart);

    (3) the identity of the person(s) who authored and received copies of the document;

    (4) the date the document was prepared and/or received;

    (5) a brief description of the subject matter of the document; and

    (6)  the circumstances of the loss or destruction of the document, including the date and manner of disposal, and any fact, statute, rule or decision upon which you rely in withholding the document.

  U.  You shall keep and produce a record of the source of each document produced. This shall include the name and location of the file where each document was located and the name of the person, group or department having possession, custody or control of each document.

## SCHEDULE A

### Topics of Testimony

Please designate one or more officers, directors, managing agents, employees, or other persons most knowledgeable on the following subjects:

1. The assignment, attempted assignment, sale, attempted sale, acquisition, attempted acquisition, license, attempted license, transfer of any rights, title or interest, or attempted transfer of any rights, title or interest in the patents-in-suit or any related patent or application.

2. Negotiations, meetings, correspondence, or any other communications related to the patents-in-suit or any related patent or application.

3. Negotiations, meetings, correspondence, or any other communications with Robert R. Hills.

4. Negotiations, meetings, correspondence, or any other communications with Henry R. Nichols.

**SCHEDULE B**

**Documents Requested**

1. All documents relating to U.S. Patent No. 5,484,988, entitled "Checkwriting Point of Sale System," issued on January 16, 1996.

2. All documents relating to U.S. Patent No. 6,164,528, entitled "Check Writing Point of Sale System," issued on December 26, 2000.

3. All documents relating to U.S. Patent No. 6,283,366, entitled "Check Writing Point of Sale System," issued on September 4, 2001.

4. All documents relating to the lawsuit captioned *LML Patent Corp. v. TeleCheck Services, Inc. et al.* (C.A. No. 04-858 (SLR)) filed on July 14, 2004 in the United States District Court for the District of Delaware.

5. All documents relating to the lawsuit captioned *LML Payments Systems, Inc., Chequemark Patent Inc., and Chequemark Holdings, Inc. v. Robert R. Hills*, Case No. 99-217 Civ-J-20A in the United States District Court for the Middle District of Florida.

6. All documents relating to the lawsuit captioned *Global Transaction Systems, LLC v. LML Payment Systems, Inc. and Leisureways Marketing, Ltd.*, Case No. 00-8659-CIV-ZLOCH in the United States District Court for the Southern District of Florida.

7. All documents related to any other lawsuit, court or administrative proceeding involving the patents-in-suit and/or any foreign counterpart and/or any related patent.

8. All documents relating to LML Payment Systems, Inc., or any of its parents, subsidiaries, affiliates, or predecessors.

9. All documents relating to Chequemark, Inc., or any of its parents, subsidiaries, affiliates, or predecessors.

10. All documents relating to Resource Technology Services, Inc., or any of its parents, subsidiaries, affiliates, or predecessors.

11. All documents relating to any assignment, attempted assignment, sale, attempted sale, acquisition, attempted acquisition, license, attempted license, transfer of any rights, title or interest, or attempted transfer of any rights, title or interest in the patents-in-suit or any related patent or application.

12. All documents referring to or evidencing the alleged ownership of the patents-in-suit by LML.

13. All documents relating to the conception of any alleged invention disclosed, described, or claimed in the patents-in-suit.

14. All documents relating to the reduction to practice of any alleged invention disclosed, described, or claimed in the patents-in-suit.

15. All documents relating to the first sale or first offer for sale of any product embodying or using any invention disclosed, described, or claimed in the patents-in-suit, including without limitation all advertising, sales, promotional, and technical materials relating to such offer and/or sale.

16. All documents relating to making, using, or testing of any prototype, product, or system embodying or using any alleged invention disclosed, described, or claimed in the patents-in-suit.

17. All documents and things relating to any (a) public use, (b) on sale activity, (c) commercial exploitation, and (d) experimental use (as these phrases are used in the application of 35 U.S.C. § 102(b) of any alleged invention disclosed, described, or claimed in the patents-in-suit.

18. All technical documents, including internal technical memoranda and articles or papers intended for publication relating to any subject matter disclosed, described, or claimed in the patents-in-suit.

19. All documents relating to your attendance at any conference which included any presentation concerning point of sale check processing.

20. All documents and things relating to any search, investigation, evaluation, or opinion as to the novelty, patentability, validity, enforceability, or scope of the patents-in-suit, or any related patent or application.

21. All patents and other technical publications relating to point of sale check processing that were reviewed or received by anyone involved with prosecuting the patents-in-suit, related patents, or patent applications during the period of such involvement.

22. All documents relating to patents, publications, written descriptions, or other prior art references relating to any subject matter disclosed, described, or claimed in the patents-in-suit.

23. All documents relating to products that constitute prior art to the patents-in-suit or are believed to be disclosed, described, or claimed in the patents-in-suit.

24. All prior art relating to any alleged invention disclosed, described, or claimed in the patents-in-suit, including prior art identified in any document responsive to these requests.

25. All documents relating to any pending patent applications and the current prosecution history relating to point of sale check processing.

26. All prior art and/or material information located by any search relating to any alleged invention disclosed, described, or claimed in the patents-in-suit or any related application, including any foreign counterparts.

27. All prior art and/or material information located by any search relating to any alleged invention disclosed, described, or claimed in the patents-in-suit.

28. All patents (excluding the patents-in-suit), publications or other documents known to LML disclosing any system, product or method related to point of sale check processing.

29. All documents referring to, relating to, or reporting any speeches by, interviews with, and/or publications authored by you relating to the patents-in-suit.

30. All documents relating to any point of sale check processing product or service made or sold by TeleCheck and/or any third party.

31. All documents dated prior to November 13, 1992 relating to any disclosure of any alleged invention disclosed, described, or claimed in the '988 Patent to any third party.

32. All documents dated prior to December 31, 1996 relating to any disclosure of any alleged invention disclosed, described, or claimed in the '528 Patent to any third party.

33. All documents dated prior to December 31, 1996 relating to any disclosure of any alleged invention disclosed, described, or claimed in the '366 Patent to any third party.

34. All documents relating to any alleged long felt need for any alleged invention disclosed, described, or claimed in the patents-in-suit.

35. All documents relating to any alleged failure of others to solve any problems solved by any alleged invention disclosed, described, or claimed in the patents-in-suit.

36. All documents relating to the level of ordinary skill in the art relevant to any alleged invention disclosed, described, or claimed in the patents-in-suit.

37. All documents relating to or correspondence with Robert Hills or Henry Nichols regarding the patents-in-suit.

38. All meeting minutes from meetings involving NACHA.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2005, I electronically filed a Defendant's Notice of Deposition and Service of Subpoena to Global Payments Pursuant to Federal Rules of Civil Procedure 30(b)(6) with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Richard K. Herrmann
> Mary B. Matterer, Esq.
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801-4226
>
> Richard D. Kirk, Esq.
> The Bayard Firm
> 222 Delaware Avenue, 9th Floor
> Wilmington, DE 19899
>
> Collins J. Seitz, Jr., Esq.
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

I hereby certify that on March 29, 2005, I have mailed by the United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

  /s/ Sean P. Hayes
Sean P. Hayes