IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S FIRST NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Defendant Telecheck Services Inc. ("Telecheck") responds to plaintiff LML Patent Corp.'s ("LML") Rule 30(b)(6) deposition notice (the "Notice of Deposition") as follows:

Telecheck is willing to meet and confer about its objections with LML in advance of the deposition in an effort to reach an informal resolution about these objections. By serving these objections, Telecheck does not waive its right to make additional objections to the topics at the time of the deposition.

**GENERAL STATEMENT AND OBJECTIONS**

1. Telecheck objects to the date and place specified for the deposition and is willing to discuss with LML a mutually agreeable date and place.

2. Telecheck objects to each category in the Notice of Deposition as overly broad, unduly burdensome and oppressive to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

3. Telecheck objects generally to the Notice of Deposition to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil

Procedure (the "FRCP") and/or the Local Rules of the United States District Court for the District of Delaware.

4. Telecheck objects to the deposition categories to the extent that they are vague and ambiguous.

5. This response is made solely for the purpose of this action and is subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed in the future.

6. In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, Telecheck objects generally to each category to the extent that they seek to elicit testimony subject to and protected by the attorney-client privilege and/or the attorney work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection or doctrine.

7. Telecheck objects to the entire Notice of Deposition and to each category therein to the extent they purport to require testimony containing trade secrets or other confidential commercial or proprietary information, whether of parties or of non-parties to the litigation.

8. Any statement made herein of an intent to produce a witness is not, and shall not be deemed, an admission of any factual or legal contention contained in any individual request. Telecheck objects to each category to the extent that it contains any factual or legal misrepresentations or assumptions.

9. This General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce a witness contained in any such response is subject to the limitations, objections and

exceptions set forth herein. Moreover, any statement of intent to produce a witness responsive to a particular category is not, and shall not be deemed, a representation that any such information exists.

10. Subject to the foregoing General Statement and Objections, Telecheck shall produce one or more witnesses to testify about non-privileged subjects, to the extent it can understand the category, and to the extent responsive information is within Telecheck's possession, custody or control. Telecheck will not produce its witness(es) for deposition in Chicago, Illinois on April 19, 2005. It will, however, make its witnesses available at a time and place mutually agreed upon by the parties.

### RESPONSE TO SUBJECT MATTER CATEGORIES:

**CATEGORY NO. 1:**

TeleCheck's search for and production of documents and things responsive to LML's requests for the production of documents; all locations searched by TeleCheck in collecting such documents; the names, titles and job responsibilities of all individuals from whom TeleCheck requested documents or whose offices TeleCheck searched in collecting such documents; and the date(s) on which TeleCheck searched for such documents, including the date on which the search for such documents began.

**OBJECTIONS TO CATEGORY NO. 1:**

Telecheck objects to this deposition category as vague and ambiguous. Telecheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. Telecheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. Telecheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Telecheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, Telecheck states that it will produce a witness to

3

testify about TeleCheck's document collection efforts.

**CATEGORY NO. 2:**

All reasons why TeleCheck did not complete its production of documents to LML by March 4, 2005, including but not limited to TeleCheck's need to review all documents a second time for privilege; all vendor errors during the scanning process of TeleCheck's documents that caused a several-week delay in receipt and review of documents produced to LML in the present litigation; and TeleCheck's need to coordinate its production of documents to LML with document production in another case against TeleCheck handled by a different law firm but involving substantially the same set of documents (including the names of the person(s) at each firm involved in such coordination).

**OBJECTIONS TO CATEGORY NO. 2**:

Telecheck objects to this deposition category as vague and ambiguous. Telecheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. Telecheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. Telecheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Telecheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Telecheck further objects on the grounds that its counsel already provided an explanation to the Court and LML concerning its document production. Counsel will also provide a letter giving a more detailed explanation for the timing of its production.

**CATEGORY NO. 3:**

The names of the law firms and attorney(s) participating in the second privilege review of TeleCheck's documents as outlined in William Marsden's March 4, 2005 letter to the Court, the number of persons from each such law firm reviewing TeleCheck's production for privilege for the second time, the date each person reviewed such documents, and the number of hours spent on each such date by each such person reviewing the documents for privilege for the second time.

**OBJECTIONS TO CATEGORY NO. 3**:

Telecheck objects to this deposition category as vague and ambiguous. Telecheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. Telecheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. Telecheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Telecheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Telecheck further objects on the grounds that its counsel already provided an explanation to the Court and LML concerning its document production. Counsel will also provide a letter giving a more detailed explanation for the timing of its production.

**CATEGORY NO. 4:**
The name, address and contact person of the vendor(s) used to scan documents in the present litigation, the date TeleCheck first sent the documents LML inspected in Los Angeles, California on January 19-21, 2005 to any such vendor(s) for scanning, the approximate amount of time such vendor(s) estimated to scan the entire set of such documents, and the rate (by number of boxes per day) such documents were sent to the vendor; all instructions given to TeleCheck's vendor(s) to process such documents; the approximate amount of time such vendor(s) estimated to scan the entire set of documents made available for inspection by TeleCheck to LML in Los Angeles, California on January 19-21, 2005; and the date(s) TeleCheck learned of any vendor errors in the scanning process of TeleCheck's documents for production.

**OBJECTIONS TO CATEGORY NO. 4**:

Telecheck objects to this deposition category as vague and ambiguous. Telecheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. Telecheck objects to this deposition category as it seeks information already within the

5

possession, custody or control of LML and/or to the extent that such information already has been produced to LML. Telecheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Telecheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Telecheck further objects on the grounds that its counsel already provided an explanation to the Court and LML concerning its document production. Counsel will also provide a letter giving a more detailed explanation for the timing of its production.

**CATEGORY NO. 5:**
The date TeleCheck first notified its counsel of record in the present case of the availability of the documents TeleCheck made available for inspection to LML in Los Angeles, California on January 19-21, 2005, and all reasons why TeleCheck did not make such documents available for LML's inspection prior to January 19, 2005.

**OBJECTIONS TO CATEGORY NO. 5:**

Telecheck objects to this deposition category as vague and ambiguous. Telecheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. Telecheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. Telecheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Telecheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Telecheck further objects on the grounds that its counsel already provided an explanation to the Court and LML concerning its document production. Counsel will also provide a letter giving a more detailed explanation for the timing of its production.

**CATEGORY NO. 6:**
The date TeleCheck began reviewing for privilege its production of documents to LML in the present litigation, including the date TeleCheck began reviewing for privilege the documents LML inspected in Los Angeles, California on January 19-21, 2005.

**OBJECTIONS TO CATEGORY NO. 6**:

Telecheck objects to this deposition category as vague and ambiguous. Telecheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. Telecheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. Telecheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Telecheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Dated: April 12, 2005         FISH & RICHARDSON P.C.

                              By: _____
                              William J. Marsden #2247 (marsden@fr.com)
                              Timothy Devlin #4241 (tdevlin@fr.com)
                              Sean P. Hayes #4413 (hayes@fr.com)
                              919 N. Market Street, Suite 1100
                              P.O. Box 1114
                              Wilmington, DE  19899-1114
                              (302) 652-5070

                              *Attorneys for Defendant*
                              *TeleCheck Services, Inc.*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2005, I electronically filed TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S FIRST NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801-4226

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19899

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801

I hereby certify that on April 12, 2005, I have mailed by the United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Sean P. Hayes

80023952.doc