IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>    Defendants. | C.A. 04-858 (SLR) |

**DEFENDANT TELECHECK SERVICES, INC.'S
SUPPLEMENTAL INITIAL DISCLOSURES**

Defendant TeleCheck Services, Inc. ("TeleCheck") hereby supplements its initial disclosures under Federal Rule of Civil Procedure 26(a) based on the information reasonably available to TeleCheck at this time. By making these disclosures, TeleCheck does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does TeleCheck waive its right to object to the production of any document or tangible thing disclosed on the basis of privilege, the work product doctrine, relevancy, undue burden or any other valid objection.

In addition, because TeleCheck has not completed its investigation of the case, it is possible that some individuals listed herein may not in fact possess significant information regarding the issues involved in this litigation, or, may have knowledge which is duplicative of knowledge possessed by others. Thus, TeleCheck's disclosures represent a good faith effort to identify information it reasonably believes is discoverable and relevant to the factual disputes as required by Fed. R. Civ. P. 26(a)(1). Accordingly,

TeleCheck reserves the right to supplement or correct these disclosures based on information obtained as a result of its continuing investigation and discovery.

TeleCheck's initial disclosures are also made without waiving in any way: (1) the right to object on the grounds of competency, privilege, relevancy, and materiality, hearsay, or any other proper ground, to the use of such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. All of the disclosures set forth below are made subject to the above objections and qualifications.

## I.     Fed. R. Civ. P. 26(a)(1)(A)

TeleCheck identifies the following individuals as persons that are likely to have discoverable information concerning the following subjects. TeleCheck does not consent to or authorize LML's communications with TeleCheck's employees, directors, attorneys or engineers, whether formerly or presently associated or employed by TeleCheck, and does not consent to or authorize any communication otherwise prohibited by all applicable rules of professional conduct.

TeleCheck has not included all employees or persons under the control of LML. Because the pleadings do not allege with particularly the identity and precise scope of the claims of the patents-in-suit which LML is asserting, TeleCheck is unable to identify at this time all individuals unaffiliated with it who, because of their publications, patents or experience, are thought to have knowledge about these issues in this case.

Subject to these qualifications, TeleCheck discloses the following persons:

| Name | Contact Information | Subject |
|---|---|---|
| Steve Geiler | Contact through counsel | Patents-in-suit |
| Caroline Hassell | Unknown | Accused product |
| Sandy Mollett | Contact through counsel | Accused product; Marketing, Promotion, and Sales or Offers to Sell |
| Brian Mooney | Contact through counsel | Financial information |
| Leah Schlater | Contact through counsel | Revenue |
| Steve Shaper | Unknown | Accused product |
| Kerry Sellen | Contact through counsel | Conception, Development, Engineering, and Operation |
| Jay Iler | Contact through counsel | Conception, Development, Engineering, and Operation |
| David Smith | Contact through counsel | Technical Support and Manufacture |

Please direct any communications to individuals whose contact information is indicated as "contact through counsel" to Fish & Richardson P.C., 919 N. Market Street, Suite 1100, P.O. Box 1114, Wilmington, DE 19801 (302) 778-8403.

## II.     Fed. R. Civ. P. 26(a)(1)(B)

TeleCheck identifies the following categories of documents:

1.     U.S. Patent No. 5,484,988, U.S. Patent No. 6,164,528, and U.S. Patent No. 6,283,366, referred to collectively as the "patents-in-suit," and the prosecution history of the patents-in-suit.

2.     Documents relating to the invalidity of the patents-in-suit.

3.     Documents relating to the sale and marketing of the accused product.

4.     Documents relating to the development of the accused product.

5.     Documents relating to the design, operation and use of the accused product.

   6.   Correspondence with LML regarding LML's charge of infringement.

These documents are located at the offices of TeleCheck or its counsel.

## III.   Fed. R. Civ. P. 26(a)(1)(C)

TeleCheck is claiming its reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285. Such fees, expenses and costs are currently accruing. TeleCheck reserves the right to supplement, modify, or add to this response as circumstances dictate.

## IV.   Fed. R. Civ. P. 26(a)(1)(D)

TeleCheck is not a party to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy any part of, or indemnify or reimburse anyone for payments made to satisfy, a judgment that may be entered in this action.

## V.   Fed. R. Civ. P. 26(a)(2)

TeleCheck has not yet identified its experts and their opinions. TeleCheck will disclose this information as required by Fed. R. Civ. P. 26(a)(2) and the scheduling order in this case.

Dated: April 15, 2005

FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801

Attorneys for Defendant
TeleCheck Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2005, I electronically filed a DEFENDANT TELECHECK SERVICES, INC.'S SUPPLEMENTAL INITIAL DISCLOSURES with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801-4226

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19899

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

I hereby certify that on April 15, 2005, I have mailed by the United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

_/s/ Tara D. Elliott_
Tara D. Elliott

80024025.doc