IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**NOTICE OF SERVICE OF SUBPOENA**

PLEASE TAKE NOTICE THAT ON April 5, 2005, TeleCheck Services, Inc. served the attached subpoena by certified process server on Dean S. Keil, 5019 80th Street Terrace South, Lake Worth, Florida 33467.

Dated: April 22, 2005

FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801

Attorneys for Defendant
TeleCheck Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2005, I electronically filed with the Clerk of Court the NOTICE OF SERVICE OF SUBPOENA using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann, Esq.<br>Mary B. Matterer, Esq.<br>Morris James Hitchens & Williams<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | Attorneys for Plaintiff<br>LML Patent Corp. |
| Collins J. Seitz, Jr.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19801 | Richard D. Kirk, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 |

I hereby certify that on April 22, 2005, I have emailed the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

_/s/ Sean P. Hayes_
Sean P. Hayes

80024031.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | Florida |

LML PATENT CORP.,

        Plaintiff,
v.

TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC.,

        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. 04-858 (SLR)
(Case pending in the District of Delaware)

TO:  Dean S Keil, 5019 80th Street Terrace South, Lake Worth, Florida 33467

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.<br>One Financial Plaza, Suite 1400<br>100 SE 3rd Avenue<br>Fort Lauderdale, FL 33394 | May 16, 2005<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.<br>One Financial Plaza, Suite 1400<br>100 SE 3rd Avenue<br>Fort Lauderdale, FL 33394 | May 2, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant TeleCheck Services, Inc. | March 16, 2005 |

STERLING PROCESS SERVICES, INC
521 S. Andrews Ave., Suite 10
Ft. Lauderdale, FL 33301
(954) 467-2088

[1] If action is pending in district other than district of issuance, state district under case number.

3467

AO 88 (Rev. 11/94) Subpoena in a Civil Case

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Sean P. Hayes |
| Fish & Richardson P.C. |
| 919 N. Market Street, Suite 1100, P.O. Box 1114 |
| Wilmington, DE 19899-1114   (302) 652-5070 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4-5-05 | 5019 80TH TRAIL S. LAKE WORTH FL 33467 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DEAN KEIL | PER. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MICHAEL DAVIS #0981 | CERT PROCESS SERVER P.B. CO. |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4-5-05
DATE

SIGNATURE OF SERVER

9420 MICKELS BLVD. BOYNTON BCH. FL 33436
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

