IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S SECOND NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Defendant TeleCheck Services Inc. ("TeleCheck") responds to plaintiff LML Patent Corp.'s ("LML") Second Rule 30(b)(6) deposition notice (the "Second Notice of Deposition") as follows:

TeleCheck is willing to meet and confer about its objections with LML in advance of the deposition in an effort to reach an informal resolution about these objections. By serving these objections, TeleCheck does not waive its right to make additional objections to the topics at the time of the deposition.

**GENERAL STATEMENT AND OBJECTIONS**

1.    TeleCheck objects to the date and place specified for the deposition and is willing to discuss with LML a mutually agreeable date and place.

2.    TeleCheck objects to the date specified for identifying individual(s) to testify on its behalf regarding the subject matter identified in Attachment A in the Second Notice of Deposition.

3.    TeleCheck objects to the subject matter identified in the Second Notice of Deposition as overly broad, unduly burdensome and oppressive to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence.

4. TeleCheck objects generally to the Second Notice of Deposition to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "FRCP") and/or the Local Rules of the United States District Court for the District of Delaware.

5. This response is made solely for the purpose of this action and is subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed in the future.

6. In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, TeleCheck objects generally to the subject matter identified to the extent that is seeks to elicit testimony subject to and protected by the attorney-client privilege and/or the attorney work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection or doctrine.

7. This General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce a witness contained in any such response is subject to the limitations, objections and exceptions set forth herein. Moreover, any statement of intent to produce a witness responsive to a particular category is not, and shall not be deemed, a representation that any such information exists.

8. TeleCheck objects to the Second Notice of Deposition as requesting information that can be more efficiently provided by letter, or by preparation of a supplemental privilege log, which TeleCheck will do. TeleCheck will not produce a witness for deposition in Wilmington, Delaware on April 28, 2005.

## RESPONSE TO SUBJECT MATTER CATEGORY:

For each author and each recipient of each document listed on TeleCheck's April 5, 2005 privilege log, whether such author and/or recipient is an attorney, and if so, the identity of that attorney's law firm and who that attorney represented at the time the attorney authored or received the document, and if not, the author's and/or recipient's job title and employer at the time such person authored or received the document.

## OBJECTIONS TO SUBJECT MATTER CATEGORY:

TeleCheck objects to this subject matter as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this subject matter as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this subject matter to the extent that it calls for information not reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this subject matter to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this subject matter is understood, TeleCheck states that it is preparing a supplemental privilege log that will provide the information sought by this deposition notice.

Dated: April 26, 2005                         FISH & RICHARDSON P.C.

                                              By: /s/ 
                                              William J. Marsden #2247 (marsden@fr.com)
                                              Timothy Devlin #4241 (tdevlin@fr.com)
                                              Sean P. Hayes #4413 (hayes@fr.com)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE  19899-1114
                                              (302) 652-5070

                                              *Attorneys for Defendant*
                                              *TeleCheck Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2005, I electronically filed TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S SECOND NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801-4226

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19899

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

I hereby certify that on April 26, 2005, I have mailed by the United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

_____
Sean P. Hayes

80024118.doc

5