IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>Defendants. | C.A. 04-858 (SLR) |

## NOTICE OF TAKING DEPOSITION OF JON L. ROBERTS

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant TeleCheck Services, Inc., by its counsel, will take the deposition of Jon L. Roberts on June 2, 2005 beginning at 9:00 a.m. at Fish & Richardson P.C., 1425 K Street, N.W., 11th Floor, Washington, D.C. 20005, or at such other location and time as the parties shall agree. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony will be recorded stenographically and by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

Dated: May 18, 2005

FISH & RICHARDSON P.C.

By: /s/ Tara D. Elliott
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801

Attorneys for Defendant
TeleCheck Services, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2005, I electronically filed with the Clerk of Court the NOTICE OF TAKING DEPOSITION OF JON L. ROBERTS using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann, Esq.
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

I hereby certify that on May 18, 2005, I have mailed by United States Postal Service and email, the document(s) to the following non-registered participants:

Russell Levine, Esq.
Christian C. Taylor
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Tara D. Elliott

80024442.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ District of Columbia

LML PATENT CORP.,

      Plaintiff,
v.

TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC.,

      Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C.A. 04-858 (SLR)
(Case pending in the District of Delaware)

TO: Jon L. Roberts, Roberts, Abokhair & Mardulla, LLC, 11800 Sunrise Valley Drive, Suite 1000, Reston, VA 20191

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Fish & Richardson P.C.<br>1425 K Street, N.W., 11th Floor<br>Washington, D.C. 20005 | June 2, 2005<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Schedule A (attached hereto)

| PLACE | DATE AND TIME |
| --- | --- |
| Fish & Richardson P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19899-1114 | May 27, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*<br>Attorney for Defendant TeleCheck Services, Inc. | May 18, 2005 |

---

[1] If action is pending in district other than district of issuance, state district under case number.

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sean P. Hayes
Fish & Richardson P.C.
919 N. Market Street, Suite 1100, P.O. Box 1114
Wilmington, DE 19899-1114   (302) 652-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Definitions and Instructions

For the purposes of this notice, the following definitions and instructions shall apply:

A       "Communication" shall mean any transmission of information of any kind, orally, electronically, in writing or in any other manner, at any time or place and under any circumstances whatsoever.

B.      "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft form, including but not limited to all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" or "tangible things" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. "Document" also includes, without limitation, electronic mail, information stored on computer drives, diskettes, or other computer media, and any other information stored magnetically, electronically, or by other means.

C.      "All Documents" means every Document, as defined herein, which is known to you, within your possession, custody or control, or that can be located or discovered by reasonably diligent efforts. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

D.      "Relating to" and "concerning" shall mean directly or indirectly referring to, reflecting, describing, pertaining to, arising out of or in connection with, or in any way legally,

logically, or factually connecting with the matter addressed. These terms mean, without limitation, any reference or relationship that either (i) provides information with respect to the subject of inquiry or (ii) might lead to persons who, or Documents which, might possess or contain information with respect to the subject of inquiry.

E.    "Record" and "reflect" mean and include "constituting," or "referring to," "pertaining to," "evidencing," "describing," or "has anything to do with" and in each instance directly or indirectly. These terms mean, without limitation, any reference or relationship that either (i) provides information with respect to the subject of inquiry or (ii) might lead to persons who, or Documents which, might possess or contain information with respect to the subject of inquiry.

F.    "You" and "yours" mean Jon L. Roberts and all of your agents, representatives, employees, experts, investigators, insurers, consultants, attorneys or anyone acting on behalf of the foregoing.

G.    "Person" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities and divisions, departments, or other units thereof.

H.    The words "and" and "or" shall be construed conjunctively or disjunctively, so as to make the request, definition, or instruction more inclusive. The singular form of a word shall include the plural, and vice-versa. Pronouns should be construed to include all genders. The present shall always include the past tense.

I.    The words "any" and "all" shall be construed conjunctively or disjunctively, so as to make the request, definition, or instruction more inclusive.

J.    The term "the '988 Patent" refers to U.S. Patent No. 5,484,988.

K.  The term "the '528 Patent" refers to U.S. Patent No. 6,164,528.

L.  The term "the '366 Patent" refers to U.S. Patent No. 6,283,366.

M.  The term "patents-in-suit" refers collectively to U.S. Patent No. 5,484,988, U.S. Patent No. 6,164,528, and U.S. Patent No. 6,283,366.

N.  Each document request seeks production of the Document in its entirety, including all attachments and all drafts and non-identical copies of each Document.

O.  All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced. Where a document or thing exists in hard copy and electronic format, you shall produce both the hard and the electronic copy. Where a document exists only in electronic format, you shall produce it electronically, as it is kept in the ordinary course of business, including the file or other grouping in which it is electronically stored.

P.  These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

Q.  Each document is to be produced along with all drafts, without abbreviation or redaction.

R.  If you contend that one or more parts of a request are objectionable, answer each

portion of the request that you do not contend is objectionable.

S.   All document requests herein are intended to embrace within their scope both non-privileged documents and documents for which privilege is claimed. If any Document covered by this request is withheld by reason of the claim of privilege, work product or other ground of non-production, please provide a list identifying the Document in question with sufficient specificity to permit a Court to determine the propriety of the privilege asserted. As to any document with respect to which you claim privilege, your response should state separately with respect to each such document or tangible thing as to which you claim privilege:

(1)   the number of the request calling for the document;

(2)   the names of the authors;

(3)   the date of the document;

(4)   the identification of all persons who have possessed, read, or reviewed the document at any time;

(5)   a brief description of the nature and subject matter of the document; and

(6)   the ground for the claimed privilege.

T.   For any responsive documents or tangible things that have been lost, destroyed or otherwise disposed of, you shall provide a written statement setting forth:

(1)   the identity of the document;

(2)   the nature of the document (e.g., letter, memorandum, chart);

(3)   the identity of the person(s) who authored and received copies of the document;

(4)   the date the document was prepared and/or received;

(5)   a brief description of the subject matter of the document; and

(6)   the circumstances of the loss or destruction of the document, including the date

and manner of disposal, and any fact, statute, rule or decision upon which you rely in withholding the document.

  U. You shall keep and produce a record of the source of each document produced. This shall include the name and location of the file where each document was located and the name of the person, group or department having possession, custody or control of each document.

**Documents Requested**

1. All documents relating to U.S. Patent No. 5,484,988, entitled "Checkwriting Point of Sale System," issued on January 16, 1996.

2. All documents relating to U.S. Patent No. 6,164,528, entitled "Check Writing Point of Sale System," issued on December 26, 2000.

3. All documents relating to U.S. Patent No. 6,283,366, entitled "Check Writing Point of Sale System," issued on September 4, 2001.

4. All documents relating to the lawsuit captioned *LML Patent Corp. v. TeleCheck Services, Inc. et al.* (C.A. No. 04-858 (SLR)) filed on July 14, 2004 in the United States District Court for the District of Delaware.

5. All documents relating to the lawsuit captioned *LML Payments Systems, Inc., Chequemark Patent Inc., and Chequemark Holdings, Inc. v. Robert R. Hills*, Case No. 99-217 Civ-J-20A in the United States District Court for the Middle District of Florida.

6. All documents relating to the lawsuit captioned *Global Transaction Systems, LLC v. LML Payment Systems, Inc. and Leisureways Marketing, Ltd.*, Case No. 00-8659-CIV-ZLOCH in the United States District Court for the Southern District of Florida.

7. All documents related to any other lawsuit, court or administrative proceeding involving the patents-in-suit and/or any foreign counterpart and/or any related patent.

8. All documents relating to LML Payment Systems, Inc., or any of its parents, subsidiaries, affiliates, or predecessors.

9. All documents relating to Chequemark, Inc., or any of its parents, subsidiaries, affiliates, or predecessors.

10. All documents relating to Resource Technology Services, Inc., or any of its

parents, subsidiaries, affiliates, or predecessors.

11. All documents relating to any assignment, attempted assignment, sale, attempted sale, acquisition, attempted acquisition, license, attempted license, transfer of any rights, title or interest, or attempted transfer of any rights, title or interest in the patents-in-suit or any related patent or application.

12. All documents referring to or evidencing the alleged ownership of the patents-in-suit by LML.

13. All documents relating to the conception of any alleged invention disclosed, described, or claimed in the patents-in-suit.

14. All documents that relate to the contributions of any person to the subject matter of the patents-in-suit, including but not limited to the contributions of Robert R. Hills and Henry R. Nichols.

15. All documents relating to the reduction to practice of any alleged invention disclosed, described, or claimed in the patents-in-suit.

16. All documents relating to making, using, or testing of any prototype, product, or system embodying or using any alleged invention disclosed, described, or claimed in the patents-in-suit.

17. All documents and things relating to any (a) public use, (b) on sale activity, (c) commercial exploitation, and (d) experimental use (as these phrases are used in the application of 35 U.S.C. § 102(b) of any alleged invention disclosed, described, or claimed in the patents-in-suit.

18. All notebooks, diaries, files, appointment calendars, research reports, or workbooks generated or maintained during the time period beginning with the earliest possible

date of conception of the subject matters disclosed, described, or claimed in the patents-in-suit and ending with the issuance dates of the patents that relate to the conception, reduction to practice, or development of any commercial embodiment of any subject matter disclosed, described, or claimed in the patents-in-suit.

19. All embodiments of the patents-in-suit and all documents describing those embodiments, including without limitation any hardware, software, product specifications, block diagrams, functional descriptions, and/or protocols.

20. All drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, reports, test results, and all other documents and things relating to the design, research, development, or testing of any alleged invention or any product embodying any alleged invention disclosed, described, or claimed in the patents-in-suit.

21. All documents (including without limitation drawings, schematic diagrams, block diagrams) and things that show the structure, function, or operation of any alleged invention or any product embodying any alleged invention disclosed, described, or claimed in the patents-in-suit.

22. All documents relating to any mode contemplated for carrying out any invention disclosed, described, or claimed in the patents-in-suit, from a period starting with the earliest possible conception of the invention and ending six months after the patent application was filed.

23. All files, notes, or other documents which relate to any alleged invention disclosed, described, or claimed in the patents-in-suit.

24. Documents sufficient to identify all persons who participated in the design or development of every product made, used, sold, or offered for sale, licensed, offered for license, or transferred that embodies or uses any alleged invention disclosed, described, or claimed in the

patents-in-suit.

25. All documents relating to any disclosure of technology disclosed in the patents-in-suit, including without limitation any offer to sell, article, publication, report, proposal, white paper, technical specification, prototype, or commercial product.

26. All documents relating to the best mode contemplated for carrying out any invention disclosed, described, or claimed in the patents-in-suit (as this phrase is used in 35 U.S.C. § 112, 1st paragraph).

27. All technical documents, including internal technical memoranda and articles or papers intended for publication relating to any subject matter disclosed, described, or claimed in the patents-in-suit.

28. All documents relating to your attendance at any conference which included any presentation concerning point of sale check processing.

29. All documents and things relating to any search, investigation, evaluation, or opinion as to the novelty, patentability, validity, enforceability, or scope of the patents-in-suit, or any related patent or application.

30. All patents and other technical publications relating to point of sale check processing that were reviewed or received by you relating to prosecuting the patents-in-suit, related patents, or patent applications during the period of such involvement.

31. All documents relating to patents, publications, written descriptions, or other prior art references relating to any subject matter disclosed, described, or claimed in the patents-in-suit.

32. All documents relating to products that constitute prior art to the patents-in-suit or are believed to be disclosed, described, or claimed in the patents-in-suit.

33. All lab notebooks, internal reports, or other documents relating to the research and development of any alleged invention disclosed, described, or claimed in the patents-in-suit.

34. All invention disclosures relating to any alleged invention disclosed, described, or claimed in the patents-in-suit.

35. All documents relating to the prosecution history of any application leading to the patents-in-suit, as well as (1) any continuation, continuation-in-part and/or divisional application claiming priority in whole or in part from any such application and (2) any reissue or reexamination of these applications.

36. All documents relating to preparing and prosecuting the applications that resulted in patents related to the patents-in-suit.

37. All documents relating to any pending patent applications and the current prosecution history relating to point of sale check processing.

38. All documents relating to the prosecution history of each foreign counterpart to the patents-in-suit.

39. All prior art cited during prosecution of any of the applications related to the patents-in-suit.

40. All prior art to the patents-in-suit that was not disclosed to the United States Patent and Trademark Office during the prosecution of the patents-in-suit.

41. All prior art and/or material information located by any search relating to any alleged invention disclosed, described, or claimed in the patents-in-suit or any related application, including any foreign counterparts.

42. All prior art and/or material information located by any search relating to any alleged invention disclosed, described, or claimed in the patents-in-suit.

43. All patents (excluding the patents-in-suit), publications or other documents known to you disclosing any system, product or method related to point of sale check processing.

44. All communications to, from, or copying either or both listed inventors of the patents-in-suit and anyone else, which communications relate to the patents-in-suit or any related patent or application.

45. All communications to, from, or copying either Thomas M. Champagne, Jon L. Roberts, or John K. Abokhair, which communications relate to the patents-in-suit or any related patent or application.

46. All documents referring to, relating to, or reporting any speeches by, interviews with, and/or publications authored by you relating to the patents-in-suit.

47. All documents relating to any point of sale check processing product or service made or sold by TeleCheck and/or any other party.

48. All documents relating to the first disclosure to anyone of any alleged invention disclosed, described, or claimed in the patents-in-suit.

49. All documents dated prior to November 13, 1992 relating to any disclosure of any alleged invention disclosed, described, or claimed in the '988 Patent to any third party.

50. All documents dated prior to December 31, 1996 relating to any disclosure of any alleged invention disclosed, described, or claimed in the '528 Patent to any third party.

51. All documents dated prior to December 31, 1996 relating to any disclosure of any alleged invention disclosed, described, or claimed in the '366 Patent to any third party.

52. All documents relating to any alleged long felt need for any alleged invention disclosed, described, or claimed in the patents-in-suit.

53. All documents relating to any alleged failure of others to solve any problems

solved by any alleged invention disclosed, described, or claimed in the patents-in-suit.

54. All documents relating to the level of ordinary skill in the art relevant to any alleged invention disclosed, described, or claimed in the patents-in-suit.

55. All documents that relate to any product accused of infringement.

56. All documents that relate to this patent infringement suit or the bases of any claim in this litigation.

57. Your current resume or curriculum vitae.