# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-858 SLR |
| | ) |
| TELECHECK SERVICES, INC., | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | |

## PLAINTIFF'S NOTICE OF DEPOSITION FOR NANCY GRANT

**PLEASE TAKE NOTICE** that at 9:00 a.m. on June 28, 2005, plaintiff LML Patent Corp. ("LML"), by its counsel, will take the deposition upon oral examination of Nancy Grant at the law offices of Kirkland & Ellis LLP, 655 Fifteenth St., N.W., Washington, D.C. 20005-5793, as noted on the attached subpoena, or at such other location and time as the parties shall agree. This examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day to day until completed. The examination may be recorded by stenographic and/or videographic means.

You are invited to attend and cross-examine the witness.

DATED this 18th day of May, 2005

    */s/ Richard K. Herrmann*
Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

Attorneys for LML Patent Corp.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
EASTERN DISTRICT OF VIRGINIA

LML Patent Corp.

    v.

TeleCheck Services, Inc.,
Electronic Clearing House, Inc.,
Xpresschex, Inc., and
Nova Information Systems, Inc.

SUBPOENA IN A CIVIL CASE

Civil Action No. 04-858-SLR
District of Delaware

TO:    Nancy Grant
        NACHA - The Electronic Payments Association
        13665 Dulles Technology Drive, Suite 300
        Herndon, Virginia 20171

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br><br>or at some other mutually acceptable location. | 9:00 am June 28, 2005 |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br><br>Attorney for LML Patent Corp. | Date<br>May 18 , 2005 |
| --- | --- |

Issuing Officer's Name, Address, and Phone Number
Aaron Charfoos
Kirkland & Ellis LLP
200 E. Randolph Drive, Chicago, Illinois 60601    (312) 861-2000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May, 2005, I electronically filed the foregoing document, **PLAINTIFF'S NOTICE OF DEPOSITION FOR NANCY GRANT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Collins J. Seitz, Jr., Esq. | William J. Marsden, Jr., Esq. |
| Francis DiGiovanni, Esq. | Timothy Devlin, Esq. |
| Connolly Bove Lodge & Hutz LLP | Fish & Richardson, P.C. |
| 1007 North Orange Street | 919 North Market Street, Suite 1100 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 18th day of May, 2005, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq. | Mark C. Scarsi, Esq. |
| Mark B. Mizrahi, Esq. | Vision L. Winter, Esq. |
| Belasco Jacobs & Townsley, LLP | O'Melveny & Myers LLP |
| Howard Hughes Center | 400 South Hope Street |
| 6100 Center Drive, Suite 630 | Los Angeles, CA 90071 |
| Los Angeles, CA 90045 | |

                    /s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys for Plaintiff
LML PATENT CORP.