IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-858 SLR |
| | ) | |
| TELECHECK SERVICES, INC., | ) | |
| ELECTRONIC CLEARING HOUSE, INC., | ) | |
| XPRESSCHEX, INC., AND | ) | |
| NOVA INFORMATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | | |

**LML PATENT CORP.'S FIRST 30(b)(6) DEPOSITION NOTICE TO NACHA**

**PLEASE TAKE NOTICE** that in accordance with the provisions of Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff LML Patent Corp. ("LML") hereby provides notice that commencing at 9:00 a.m. on June 28, 2005, at the law offices of Kirkland & Ellis LLP, 655 Fifteenth St., N.W., Washington, D.C. 20005-5793, as noted on the attached subpoena, or at such other location and time as the parties shall agree, it will take the deposition of NACHA by oral examination of witness(es) designated by NACHA to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Schedule A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by NACHA should be prepared to testify as to such matters known or reasonably available to NACHA.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony of the witness(es) will be recorded by both stenographic and videographic means.

You are invited to attend and cross-examine the witness.

DATED this 18th day of May, 2005

                */s/ Richard K. Herrmann*
                Richard K. Herrmann #405
                MORRIS JAMES HITCHENS &
                WILLIAMS LLP
                222 Delaware Avenue, 10th Floor
                Wilmington, Delaware 19801
                (302) 888-6800
                rherrmann@morrisjames.com

                Russell E. Levine, P.C.
                Jamie H. McDole
                KIRKLAND & ELLIS LLP
                200 East Randolph Drive
                Chicago, Illinois 60601
                (312) 861-2000

                Attorneys for LML Patent Corp.

## SCHEDULE A

1.   In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, NACHA shall identify, designate and produce for deposition one or more officers, directors, managing agents or other knowledgeable persons to testify on its behalf regarding the subject matter of the following categories:

2.   Any information relating to the history, operation and organizational structure of NACHA, including, but not limited to, the formation of the Electronic Check Council and the establishment of NACHA's guidelines and regulations relating to electronic check conversion transactions.

3.   Any equipment, component, system, or services manufactured, sold, offered for sale, leased, used, or imported by the Defendants TeleCheck Services, Inc., Nova Information Systems, Inc., Electronic Clearing House, Inc., XpressChex, Inc., or any of their parents, subsidiaries or affiliates for or associated with the conversion of checks, presented at points of sale, to electronic transactions.

4.   Any knowledge, communications and/or actions taken by NACHA relating to United States Patent Nos. 5,484,988; 6,164,528; or 6,283,366, Robert Hills, Henry Nichols, LML, and/or the litigation captioned *LML Patent Corp. v. TeleCheck Services, Inc. et al.* (C.A. No. 04-858 (SLR)) filed on July 14, 2004 in the United States District Court for the District of Delaware.

5.   Any attempt(s) by any entity to license or purchase U.S. Patent Nos. 5,484,988; 6,164,528; and/or 6,283,366.

6.   All communications between NACHA and TeleCheck Services, Inc., Nova Information Systems, Inc., Electronic Clearing House, Inc., XpressChex, Inc., or any of their parents, subsidiaries or affiliates relating or referring to LML Payment Systems, Inc.,

3

Chequemark, Inc., or any of their parents, subsidiaries or affiliates, Robert R. Hills, Henry R. Nichols, Global eTelecom, Inc., John Beebe, or U.S. Patent Nos. 5,484,988; 6,164,528; and/or 6,283,366.

7. Any opinion(s) of counsel obtained by or for NACHA or any other party referring or relating to U.S. Patent Nos. 5,484,988; 6,164,528; and/or 6,283,366.

8. The industry standards or rules governing the conversion of checks, presented at points of sale, to electronic transactions including development of those standards or rules.

9. The development and operation of electronic check conversion, including but not limited to any pilot programs referring or relating to the electronic conversion of checks.

10. The number of electronic check conversion transactions in the Point of Sale field ("POP Field") that each operator, user, and/or member conducted or processed for each month from 1996 to the present.

11. The fees, profits, revenues, costs or expenses incurred by users of electronic check conversion systems, including but not limited to Nova Information Systems, Inc., TeleCheck Services, Inc., Electronic Clearing House, Inc. or Xpresschex, Inc., from January 16, 1996 to present.

12. The presentation entitled "Electronic Check Patents--What Do You Need to Know?" made by Mark K. Suri of Jenner & Block on April 13, 1999, including but not limited to all communications between NACHA and Mark K. Suri referring or relating to such presentation.

13. The market share breakdown for of electronic check conversion systems, including but not limited to Nova Information Systems, Inc., TeleCheck Services, Inc., Electronic Clearing House, Inc. or Xpresschex, Inc., from January 16, 1996 to present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# United States District Court
EASTERN DISTRICT OF VIRGINIA

LML Patent Corp.

    v.

TeleCheck Services, Inc.,
Electronic Clearing House, Inc.,
Xpresschex, Inc., and
Nova Information Systems, Inc.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 04-858-SLR
District of Delaware

TO:    NACHA - The Electronic Payments Association
        13665 Dulles Technology Drive, Suite 300
        Herndon, Virginia 20171

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case relating to the topics identified on Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br><br>or at some other mutually acceptable location. | 9:00 am June 28, 2005 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>[signature]        Attorney for LML Patent Corp. | Date<br>May 18, 2005 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Aaron Charfoos
Kirkland & Ellis LLP
200 E. Randolph Drive, Chicago, Illinois 60601    (312) 861-2000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              DATE                              SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, NACHA shall identify, designate and produce for deposition one or more officers, directors, managing agents or other knowledgeable persons to testify on its behalf regarding the subject matter of the following categories:

1.   Any information relating to the history, operation and organizational structure of NACHA, including, but not limited to, the formation of the Electronic Check Council and the establishment of NACHA's guidelines and regulations relating to electronic check conversion transactions.

2.   Any equipment, component, system, or services manufactured, sold, offered for sale, leased, used, or imported by the Defendants TeleCheck Services, Inc., Nova Information Systems, Inc., Electronic Clearing House, Inc., XpressChex, Inc., or any of their parents, subsidiaries or affiliates for or associated with the conversion of checks, presented at points of sale, to electronic transactions.

3.   Any knowledge, communications and/or actions taken by NACHA relating to United States Patent Nos. 5,484,988; 6,164,528; or 6,283,366, Robert Hills, Henry Nichols, LML, and/or the litigation captioned *LML Patent Corp. v. TeleCheck Services, Inc. et al.* (C.A. No. 04-858 (SLR)) filed on July 14, 2004 in the United States District Court for the District of Delaware.

4.   Any attempt(s) by any entity to license or purchase U.S. Patent Nos. 5,484,988; 6,164,528; and/or 6,283,366.

5. All communications between NACHA and TeleCheck Services, Inc., Nova Information Systems, Inc., Electronic Clearing House, Inc., XpressChex, Inc., or any of their parents, subsidiaries or affiliates relating or referring to LML Payment Systems, Inc., Chequemark, Inc., or any of their parents, subsidiaries or affiliates, Robert R. Hills, Henry R. Nichols, Global eTelecom, Inc., John Beebe, or U.S. Patent Nos. 5,484,988; 6,164,528; and/or 6,283,366.

6. Any opinion(s) of counsel obtained by or for NACHA or any other party referring or relating to U.S. Patent Nos. 5,484,988; 6,164,528; and/or 6,283,366.

7. The industry standards or rules governing the conversion of checks, presented at points of sale, to electronic transactions including development of those standards or rules.

8. The development and operation of the of electronic check conversion, including but not limited to any pilot programs referring or relating to the electronic conversion of checks.

9. The number of electronic check conversion transactions in the Point of Sale field ("POP Field") that each operator, user, and/or member conducted or processed for each month from 1996 to the present.

10. The fees, profits, revenues, costs or expenses incurred by users of electronic check conversion systems, including but not limited to Nova Information Systems, Inc., TeleCheck Services, Inc., Electronic Clearing House, Inc. or Xpresschex, Inc., from January 16, 1996 to present.

11. The presentation entitled "Electronic Check Patents--What Do You Need to Know?" made by Mark K. Suri of Jenner & Block on April 13, 1999, including but not limited to all communications between NACHA and Mark K. Suri referring or relating to such presentation.

12. The market share breakdown for of electronic check conversion systems, including but not limited to Nova Information Systems, Inc., TeleCheck Services, Inc., Electronic Clearing House, Inc. or Xpresschex, Inc., from January 16, 1996 to present.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May, 2005, I electronically filed the foregoing document, **LML PATENT CORP.'S FIRST 30(b)(6) DEPOSITION NOTICE TO NACHA**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Collins J. Seitz, Jr., Esq. | William J. Marsden, Jr., Esq. |
| Francis DiGiovanni, Esq. | Timothy Devlin, Esq. |
| Connolly Bove Lodge & Hutz LLP | Fish & Richardson, P.C. |
| 1007 North Orange Street | 919 North Market Street, Suite 1100 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 18th day of May, 2005, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq. | Mark C. Scarsi, Esq. |
| Mark B. Mizrahi, Esq. | Vision L. Winter, Esq. |
| Belasco Jacobs & Townsley, LLP | O'Melveny & Myers LLP |
| Howard Hughes Center | 400 South Hope Street |
| 6100 Center Drive, Suite 630 | Los Angeles, CA 90071 |
| Los Angeles, CA 90045 | |

                                           */s/ Richard K. Herrmann*
                                           Richard K. Herrmann (#405)
                                           Mary B. Matterer (#2696)
                                           MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                           222 Delaware Avenue, 10th Floor
                                           Wilmington, Delaware 19801
                                           (302) 888-6800
                                           rherrmann@morrisjames.com
                                           mmatterer@morrisjames.com

                                           Attorneys for Plaintiff
                                           LML PATENT CORP.