IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>   Plaintiff,<br><br> v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>   Defendants. | C.A. 04-858 (SLR) |

**TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT
CORP.'S THIRD AND FOURTH NOTICES OF DEPOSITION OF
TELECHECK  SERVICES, INC. PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

   Defendant TeleCheck Services Inc. ("TeleCheck") responds to plaintiff LML Patent Corp.'s ("LML") Third and Fourth Rule 30(b)(6) deposition notice (the "Third and Fourth Notices of Deposition") as follows:

   TeleCheck is willing to meet and confer about its objections with LML in advance of the deposition in an effort to reach an informal resolution about these objections.  By serving these objections, TeleCheck does not waive its right to make additional objections to the topics at the time of the deposition.

## GENERAL STATEMENT AND OBJECTIONS

   1.  TeleCheck objects to the date and place specified for the deposition and is willing to discuss with LML a mutually agreeable date and place.

   2.  TeleCheck objects to the date specified for identifying individual(s) to testify on its behalf regarding the categories identified in Attachments A in the Third and Fourth Notices of Deposition.

   3.  TeleCheck objects to the categories identified in the Third and Fourth Notices of Deposition as overly broad, unduly burdensome and oppressive to the extent

they are not reasonably calculated to lead to the discovery of admissible evidence.

4.    TeleCheck objects to the categories identified in the Third and Fourth Notices of Deposition to the extent that they are vague and ambiguous.

5.    TeleCheck objects generally to the Third and Fourth Notices of Deposition to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "FRCP") and/or the Local Rules of the United States District Court for the District of Delaware.

6.    This response is made solely for the purpose of this action and is subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed in the future.

7.    In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, TeleCheck objects generally to the categories identified to the extent that they seeks to elicit testimony subject to and protected by the attorney-client privilege and/or the attorney work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection or doctrine.

8.    TeleCheck objects to the entire Third and Fourth Notices of Deposition and to the categories identified therein to the extent they purport to require testimony containing trade secrets or other confidential commercial or proprietary information, whether of parties or of non-parties to the litigation.

9.    Any statement made herein of an intent to produce a witness is not, and shall not be deemed, an admission of any factual or legal contention contained in any individual request. TeleCheck objects to each subject matter to the extent that it contains any factual or legal misrepresentations or assumptions.

10.    This General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce a witness contained in any such response is subject to the limitations, objections and exceptions set forth herein.  Moreover, any statement of intent to produce a witness responsive to a particular category is not, and shall not be deemed, a representation that any such information exists.

11.    Subject to the foregoing General Statement and Objections, TeleCheck shall produce Brian Mooney, TeleCheck's Chief Financial Officer, to testify about non-privileged subjects, to the extent it can understand the categories identified, and to the extent responsive information is within TeleCheck's possession, custody or control.

## RESPONSE TO SUBJECT MATTER CATEGORIES
## IN THIRD NOTICE OF DEPOSITION:

### CATEGORY NO. 1:

An explanation of all types of services and packages of services offered for sale by TeleCheck, including an explanation of any equipment sold or leased by TeleCheck that is used in connection with any service sold or offered for sale by TeleCheck.

### OBJECTIONS TO CATEGORY NO. 1:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive.  TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML.  TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 2:**

The unit and dollar volume of TeleCheck's sales that are attributable to the electronic check conversion service offered for sale by TeleCheck.

**OBJECTIONS TO CATEGORY NO. 2:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 3:**

The costs to TeleCheck that are associated with the electronic check conversion service that TeleCheck offers for sale.

**OBJECTIONS TO CATEGORY NO. 3:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition

category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 4:**

TeleCheck's pricing and/or practices relating to the sale of electronic check conversion services either by itself or in connection with a package of services, and the manner by which TeleCheck establishes its prices.

**OBJECTIONS TO CATEGORY NO. 4:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 5:**

TeleCheck's contentions regarding what would constitute a reasonable royalty if TeleCheck is found liable for infringement of the patents in suit, and the bases for these contentions.

**OBJECTIONS TO CATEGORY NO. 5:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 6:**

All license agreements, including all negotiations therefore, TeleCheck has considered, negotiated or entered into concerning the checking services offered for sale by TeleCheck.

**OBJECTIONS TO CATEGORY NO. 6:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible

evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 7:**

The commercial success or popularity of electronic check conversion.

**OBJECTIONS TO CATEGORY NO. 7:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 8:**

Alternatives to electronic check conversion.

**OBJECTIONS TO CATEGORY NO. 8:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already

within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 9:**

Customary royalty rates in the checking industry.

**OBJECTIONS TO CATEGORY NO. 9:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 10:**

The percentage of TeleCheck transactions that involve electronic check conversion.

**OBJECTIONS TO CATEGORY NO. 10:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 11:**

Market share breakdown by provider in the field of electronic check conversion.

**OBJECTIONS TO CATEGORY NO. 11:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the

disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 12:**

Customer comments or feedback regarding electronic check conversion.

**OBJECTIONS TO CATEGORY NO. 12:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 13:**

Identification of the types of financial documents created and/or maintained by TeleCheck and the person(s) responsible for such documents.

**OBJECTIONS TO CATEGORY NO. 13:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already

within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

## RESPONSE TO SUBJECT MATTER CATEGORIES
## IN FOURTH NOTICE OF DEPOSITION:

### CATEGORY NO. 1:
An explanation of the data reflected on the spreadsheet provided to LML on April 29, 2005, titled "ECA Originated Transactions - January 1997- March 2005" (the "April Spreadsheet").

### OBJECTIONS TO CATEGORY NO. 1:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

## CATEGORY NO. 2:
An explanation of the documents or data used to calculate the numbers reflected on the April Spreadsheet.

## OBJECTIONS TO CATEGORY NO. 2:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

## CATEGORY NO. 3:
The method for calculating the numbers reflected on the April Spreadsheet.

## OBJECTIONS TO CATEGORY NO. 3:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such

information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 4:**
An explanation of the data reflected on the report at bates range FDC1282289-90.

**OBJECTIONS TO CATEGORY NO. 4:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 5:**
     An explanation of the documents or data used to calculate the numbers reflected on the report at bates range FDC1282289-90.

**OBJECTIONS TO CATEGORY NO. 5:**

     TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

     Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 6:**
     The method for calculating the numbers reflected on the report at bates range FDC1282289-90.

**OBJECTIONS TO CATEGORY NO. 6:**

     TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible

evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

## CATEGORY NO. 7:
The documents or data used to calculate the number of ECA transactions verbally provided to Russell Levine in November 2004.

## OBJECTIONS TO CATEGORY NO. 7:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

## CATEGORY NO. 8:
The method for calculating the number of ECA transactions verbally provided to Russell Levine in November 2004.

## OBJECTIONS TO CATEGORY NO. 8:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

## CATEGORY NO. 9:
The differences between the numbers reflected on the April Spreadsheet and the numbers found on the report at bates range FDC1282289-90.

## OBJECTIONS TO CATEGORY NO. 9:

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the

disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 10:**
The differences between the numbers reflected on the April Spreadsheet and the number of ECA transactions verbally provided to Russell Levine in November 2004.

**OBJECTIONS TO CATEGORY NO. 10:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 11:**
The information reflected in TeleCheck's daily batch reports.

**OBJECTIONS TO CATEGORY NO. 11:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and

oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

**CATEGORY NO. 12:**
The maintenance of the data reflected in TeleCheck's daily batch reports, including how and in what format that information is stored.

**OBJECTIONS TO CATEGORY NO. 12:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category.

Dated: May 19, 2005                FISH & RICHARDSON P.C.

By: _____
    William J. Marsden (marsden@fr.com)
    Timothy Devlin  (tdevlin@fr.com)
    Stamatios Stamoulis (stamoulis@fr.com)
    Sean P. Hayes  (hayes@fr.com)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    (302) 652-5070

    *Attorneys for Defendant*
    *TeleCheck Services, Inc.*

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2005, I electronically filed TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S THIRD AND FOURTH NOTICES OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801-4226

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19899

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801

I hereby certify that on May 19, 2005, I have mailed by the United States Postal

Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Sean P. Hayes

80024126.doc