IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>    Defendants. | C.A. 04-858 (SLR) |

## NOTICE OF TAKING DEPOSITION OF ROBERT TYREE

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant TeleCheck Services, Inc. ("TeleCheck") will take the deposition of Robert Tyree at the offices of Kilpatrick Stockton LLP, Suite 2800, 1100 Peachtree Street, Atlanta, GA 30309-4530, commencing at 10:00 a.m. on July 11, 2005. The deposition will continue from day to day thereafter until complete. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony will be recorded stenographically and by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

Dated: June 23, 2005               FISH & RICHARDSON P.C.

                                   By: _____/s/_____
                                   William J. Marsden, Jr. (#2247)
                                   Timothy Devlin (#4241)
                                   Tara D. Elliott (#4483)
                                   Sean P. Hayes (#4413)
                                   919 N. Market Street, Suite 1100
                                   P.O. Box 1114
                                   Wilmington, DE 19801

                                   Attorneys for Defendant
                                   TeleCheck Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann, Esq.<br>Mary B. Matterer, Esq.<br>Morris James Hitchens & Williams<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | Attorneys for Plaintiff<br>LML Patent Corp. |
| Collins J. Seitz, Jr.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19801 | Attorneys for Defendants<br>Electronic Clearing House, Inc. and<br>Xpress Check, Inc. |
| Richard D. Kirk, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | Attorney for Defendants<br>Nova Information Systems, Inc. |

I hereby certify that on June 23, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq.<br>Belasco Jacobs & Townsley, LLP<br>Howard Hughes Center<br>6100 Center Drive, Suite 630<br>Los Angeles, CA 90045 | Russell E. Levine, Esq.<br>Kirkland & Ellis LLP<br>200 E. Randolph Dr.<br>Chicago, IL 60601 |
| Mark C. Scarsi, Esq.<br>O'Melveny & Myers LLP<br>400 S Hope Street<br>Los Angeles, CA 90071 | |

/s/ Sean P. Hayes
_____
Sean P. Hayes

80025332.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF  GEORGIA

LML PATENT CORP.,

Plaintiff,
v.

TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC.,

Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C.A. 04-858 (SLR)
(Case pending in the District of Delaware)

TO:  Mr. Robert Tyree, 3010 Chamomix Drive, Cumming, GA 30041 (770) 886-8185

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kilpatrick Stockton LLP, Suite 2800, 1100 Peachtree Street, Atlanta, GA 30309-4530 | July 11, 2005<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Schedule A (attached hereto)

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>(650) 839-5070 | July 7, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant TeleCheck Services, Inc. | June 23, 2005 |

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Sean P. Hayes |
| Fish & Richardson P.C. |
| 919 N. Market Street, Suite 1100, P.O. Box 1114 |
| Wilmington, DE 19899-1114   (302) 652-5070 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Definitions and Instructions

For the purposes of this notice, the following definitions and instructions shall apply:

A       "Communication" shall mean any transmission of information of any kind, orally, electronically, in writing or in any other manner, at any time or place and under any circumstances whatsoever.

B.      "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft form, including but not limited to all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" or "tangible things" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. "Document" also includes, without limitation, electronic mail, information stored on computer drives, diskettes, or other computer media, and any other information stored magnetically, electronically, or by other means.

C.      "All Documents" means every Document, as defined herein, which is known to you, within your possession, custody or control, or that can be located or discovered by reasonably diligent efforts. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

D.      "Relating to" and "concerning" shall mean directly or indirectly referring to, reflecting, describing, pertaining to, arising out of or in connection with, or in any way legally,

logically, or factually connecting with the matter addressed. These terms mean, without limitation, any reference or relationship that either (i) provides information with respect to the subject of inquiry or (ii) might lead to persons who, or Documents which, might possess or contain information with respect to the subject of inquiry.

E.  "Record" and "reflect" mean and include "constituting," or "referring to," "pertaining to," "evidencing," "describing," or "has anything to do with" and in each instance directly or indirectly. These terms mean, without limitation, any reference or relationship that either (i) provides information with respect to the subject of inquiry or (ii) might lead to persons who, or Documents which, might possess or contain information with respect to the subject of inquiry.

F.  "You" and "yours" mean Robert Tyree and all of your agents, representatives, employees, experts, investigators, insurers, consultants, attorneys or anyone acting on behalf of the foregoing.

G.  "SGS" means Signature Guarantee Systems, and all of its present and former divisions, subsidiaries, predecessors in interest (including Signature Guardian Systems), successors in interest (including CheckMate Corp.) affiliates (including CheckCash Associates), sister corporations and like entities whether domestic or foreign, and any of their directors, officers, employees, consultants, agents, representatives, members, principals, market makers, accountants, management, consultants, and attorneys, and any other persons or entities purporting to act on behalf of Signature Guarantee Systems or under partial or total control of Signature Guarantee Systems.

H.  "EFT" means electronic funds transfer.

I.  "Person" includes not only natural persons, but also, without limitation, firms,

partnerships, associations, corporations, and other legal entities and divisions, departments, or other units thereof.

J.  The words "and" and "or" shall be construed conjunctively or disjunctively, so as to make the request, definition, or instruction more inclusive. The singular form of a word shall include the plural, and vice-versa. Pronouns should be construed to include all genders. The present shall always include the past tense.

K.  The words "any" and "all" shall be construed conjunctively or disjunctively, so as to make the request, definition, or instruction more inclusive.

L.  Each document request seeks production of the Document in its entirety, including all attachments and all drafts and non-identical copies of each Document.

M.  All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced. Where a document or thing exists in hard copy and electronic format, you shall produce both the hard and the electronic copy. Where a document exists only in electronic format, you shall produce it electronically, as it is kept in the ordinary course of business, including the file or other grouping in which it is electronically stored.

N.  These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations

that may exist for any such documents.

O.  Each document is to be produced along with all drafts, without abbreviation or redaction.

P.  If you contend that one or more parts of a request are objectionable, answer each portion of the request that you do not contend is objectionable.

Q.  All document requests herein are intended to embrace within their scope both non-privileged documents and documents for which privilege is claimed. If any Document covered by this request is withheld by reason of the claim of privilege, work product or other ground of non-production, please provide a list identifying the Document in question with sufficient specificity to permit a Court to determine the propriety of the privilege asserted. As to any document with respect to which you claim privilege, your response should state separately with respect to each such document or tangible thing as to which you claim privilege:

(1)  the number of the request calling for the document;

(2)  the names of the authors;

(3)  the date of the document;

(4)  the identification of all persons who have possessed, read, or reviewed the document at any time;

(5)  a brief description of the nature and subject matter of the document; and

(6)  the ground for the claimed privilege.

R.  For any responsive documents or tangible things that have been lost, destroyed or otherwise disposed of, you shall provide a written statement setting forth:

(1)  the identity of the document;

(2)  the nature of the document (e.g., letter, memorandum, chart);

(3) the identity of the person(s) who authored and received copies of the document;

(4) the date the document was prepared and/or received;

(5) a brief description of the subject matter of the document; and

(6) the circumstances of the loss or destruction of the document, including the date and manner of disposal, and any fact, statute, rule or decision upon which you rely in withholding the document.

## Documents Requested

1. All documents relating to SGS.

2. All documents related to SGS's plans for any point-of-sale check processing terminal or system.

3. All documents related to SGS's products, activities or plans relating to check conversion or check truncation.

4. All documents relating to and/or identifying SGS's investors.

5. All documents relating to and/or identifying SGS's customers.

6. All documents relating to SGS that were distributed in any way to third parties not employed by SGS.

7. All SGS prospectuses and private placement memoranda.

8. Any documents constituting, reflecting or referring to checks processed by an SGS product.

9. All documents relating to SGS's products, activities or plans relating to EFT.

10. All documents relating to the sale or offer for sale of SGS point-of-sale check processing systems and/or products, including without limitation all advertising, sales, promotional, and technical materials relating to such offers and/or sales.

11. All documents relating to making, using, or testing of any prototype, product, or system embodying or constituting an SGS point-of-sale check processing system or product.

12. All notebooks, diaries, files, appointment calendars, research reports, or workbooks that relate to the conception, reduction to practice, development, offer for sale, sale or demonstration of any commercial embodiment of an SGS point-of-sale check processing system or product.

13. All drawings, prototypes, notes, notebooks, lab notebooks, internal reports, workbooks, project reports, correspondence, memoranda, reports, test results, and all other documents and things relating to the design, research, development, or testing of SGS's point-of-sale check processing systems or products and/or any of the technologies incorporated therein.

14. All documents (including without limitation drawings, schematic diagrams, block diagrams) and things that show the structure, function, or operation of SGS's point-of-sale check processing systems or products.

15. All files, notes, or other documents which relate to SGS's point-of-sale check processing systems or products.

16. All technical documents, including internal technical memoranda and articles or papers intended for publication relating to any subject matter incorporated in SGS's point-of-sale check processing systems or products.

17. All documents relating to your attendance at any conference, convention, trade show or demonstration which included any presentation concerning point-of sale-check processing, point-of-sale check truncation, point-of-sale check conversion, or EFT.

18. All documents relating to patents, publications, written descriptions, or other prior art references relating to any subject matter incorporated in SGS's point-of-sale check processing

systems or products.

19. All invention disclosures relating to any alleged invention incorporated in SGS's point-of-sale check processing systems or products.

20. All documents referring to, relating to, or reporting any speeches by, interviews with, and/or publications authored by you relating to SGS's point-of-sale check processing systems or products, check conversion, check truncation, or EFT.

21. All documents relating to the disclosure to any third party not employed by SGS of information relating to SGS's point-of-sale check processing systems or products, check conversion, check truncation, and/or EFT.

22. Your most current resume or curriculum vitae.