# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., <br> ELECTRONIC CLEARING HOUSE, INC., <br> XPRESSCHEX, INC., and <br> NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | Civil Action No. 04-858 SLR |

**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF ELECTRONIC CLEARING HOUSE, INC. AND XPRESSCHEX, INC. TO LML PATENT CORP.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Electronic Clearing House, Inc. and Xpresschex, Inc. (hereinafter collectively "ECHO") for their Second Amended Answer and Affirmative Defenses to the Complaint for Patent Infringement ("complaint"), and for no other defendant, deny all allegations not specifically admitted and state as follows:

## NATURE OF THE ACTION

1.   ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the complaint, and, therefore, denies the same.

## PARTIES

2.   ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the complaint, and, therefore, denies the same.

3. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of the complaint, and, therefore, denies the same.

4. ECHO admits the allegations of paragraph 4 of the complaint.

5. ECHO admits the allegations of paragraph 5 of the complaint.

6. ECHO admits the allegations of paragraph 6 of the complaint.

7. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the complaint, and, therefore, denies the same.

8. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 of the complaint, and, therefore, denies the same.

## JURISDICTION AND VENUE

9. ECHO acknowledges only that the complaint purports to arise under Patent Act, 35 U.S.C. Section 1 *et seq.* Nevertheless, because the allegations of paragraph 9 of the complaint contain only conclusions of law, ECHO is not required to admit or deny such conclusions.

10. ECHO admits the allegations of paragraph 10 of the complaint.

11. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the complaint, and, therefore, denies the same.

12. ECHO admits the allegations of paragraph 12 of the complaint.

13. ECHO admits the allegations of paragraph 13 of the complaint.

14. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the complaint, and, therefore, denies the same.

15. ECHO admits the allegations of paragraph 15 of the complaint.

## THE PATENTS IN SUIT

16. With respect to paragraph 16 of the complaint, ECHO admits only that United States Patent No. 5,484,988 (the "'988 patent") entitled "Checkwriting Point of Sale System" issued on January 16, 1998, that the face of the '988 patent indicates that it was assigned to Resource Technology Services, Inc., and that a copy of the '988 patent is purportedly attached as

an exhibit to the complaint. ECHO denies that the '988 patent was duly and legally issued. ECHO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 of the complaint, and, therefore, denies the same.

17. With respect to paragraph 17 of the complaint, ECHO admits only that United States Patent No. 6,164,528 (the "'528 patent") entitled "Check Writing Point of Sale System" issued on December 26, 2000, that the face of the '528 patent indicates that it was assigned to ChequeMark Patent, Inc., and that a copy of the '528 patent is purportedly attached as an exhibit to the complaint. ECHO denies that the '528 patent was duly and legally issued. ECHO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 17 of the complaint, and, therefore, denies the same.

18. With respect to paragraph 18 of the complaint, ECHO admits only that United States Patent No. 6,283,366 (the "'366 patent") entitled "Check Writing Point of Sale System" issued on September 4, 2001, that the face of the '366 patent indicates that it was assigned to ChequeMark Patent, Inc., and that a copy of the '366 patent is purportedly attached as an exhibit to the complaint. ECHO denies that the '366 patent was duly and legally issued. ECHO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 18 of the complaint, and, therefore, denies the same.

## THE ACCUSED PRODUCTS

19. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the complaint, and, therefore, denies the same.

20. ECHO denies the allegations of paragraph 20 of the complaint.

21. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 of the complaint, and, therefore, denies the same.

## COUNT I

22. With respect to paragraph 22 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-3, 9-11, 15-16 and 19 above as though fully set forth herein.

3

23. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23 of the complaint, and, therefore, denies the same.

24. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24 of the complaint, and, therefore, denies the same.

25. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 of the complaint, and, therefore, denies the same.

26. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 of the complaint, and, therefore, denies the same.

27. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27 of the complaint, and, therefore, denies the same.

28. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 of the complaint, and, therefore, denies the same.

## COUNT II

29. With respect to paragraph 29 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-3, 9-11, 15, 17 and 19 above as though fully set forth herein.

30. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 of the complaint, and, therefore, denies the same.

31. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 of the complaint, and, therefore, denies the same.

32. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32 of the complaint, and, therefore, denies the same.

33. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33 of the complaint, and, therefore, denies the same.

34. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34 of the complaint, and, therefore, denies the same.

35. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35 of the complaint, and, therefore, denies the same.

## COUNT III

36. With respect to paragraph 36 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-3, 9-11, 15, 18 and 19 above as though fully set forth herein.

37. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37 of the complaint, and, therefore, denies the same.

38. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38 of the complaint, and, therefore, denies the same.

39. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 39 of the complaint, and, therefore, denies the same.

40. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 40 of the complaint, and, therefore, denies the same.

41. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41 of the complaint, and, therefore, denies the same.

42. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 of the complaint, and, therefore, denies the same.

## COUNT IV

43. With respect to paragraph 43 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-2, 4-6, 9-10, 12-13, 15-16 and 20 above as though fully set forth herein.

44. ECHO denies the allegations of paragraph 44 of the complaint.
45. ECHO denies the allegations of paragraph 45 of the complaint.
46. ECHO denies the allegations of paragraph 46 of the complaint.
47. ECHO denies the allegations of paragraph 47 of the complaint.
48. ECHO denies the allegations of paragraph 48 of the complaint.
49. ECHO denies the allegations of paragraph 49 of the complaint.

## COUNT V

50. With respect to paragraph 50 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-2, 4-6, 9-10, 12-13, 15, 17 and 20 above as though fully set forth herein.
51. ECHO denies the allegations of paragraph 51 of the complaint.
52. ECHO denies the allegations of paragraph 52 of the complaint.
53. ECHO denies the allegations of paragraph 53 of the complaint.
54. ECHO denies the allegations of paragraph 54 of the complaint.
55. ECHO denies the allegations of paragraph 55 of the complaint.
56. ECHO denies the allegations of paragraph 56 of the complaint.

## COUNT VI

57. With respect to paragraph 57 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-2, 4-6, 9-10, 12-13, 15, 18 and 20 above as though fully set forth herein.
58. ECHO denies the allegations of paragraph 58 of the complaint.
59. ECHO denies the allegations of paragraph 59 of the complaint.
60. ECHO denies the allegations of paragraph 60 of the complaint.
61. ECHO denies the allegations of paragraph 61 of the complaint.
62. ECHO denies the allegations of paragraph 62 of the complaint.
63. ECHO denies the allegations of paragraph 63 of the complaint.

## COUNT VII

64. With respect to paragraph 64 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-2, 7-10, 14-16 and 21 above as though fully set forth herein.
65. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 65 of the complaint, and, therefore, denies the same.

66. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 66 of the complaint, and, therefore, denies the same.

67. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 67 of the complaint, and, therefore, denies the same.

68. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 68 of the complaint, and, therefore, denies the same.

69. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 of the complaint, and, therefore, denies the same.

70. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 70 of the complaint, and, therefore, denies the same.

## COUNT VIII

71. With respect to paragraph 71 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-2, 7-10, 14-15, 17 and 21 above as though fully set forth herein.

72. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 72 of the complaint, and, therefore, denies the same.

73. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73 of the complaint, and, therefore, denies the same.

74. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74 of the complaint, and, therefore, denies the same.

75. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 75 of the complaint, and, therefore, denies the same.

76. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 76 of the complaint, and, therefore, denies the same.

77. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 77 of the complaint, and, therefore, denies the same.

## COUNT IX

78. With respect to paragraph 78 of the complaint, ECHO incorporates by reference each and every response contained in paragraphs 1-2, 7-10, 14-15, 18 and 21 above as though fully set forth herein.

79. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 79 of the complaint, and, therefore, denies the same.

80. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 80 of the complaint, and, therefore, denies the same.

81. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 81 of the complaint, and, therefore, denies the same.

82. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 82 of the complaint, and, therefore, denies the same.

83. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 83 of the complaint, and, therefore, denies the same.

84. ECHO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 84 of the complaint, and, therefore, denies the same.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
(Invalidity/Unenforceability)

85. Plaintiff should not prevail because each of United States Letters Patent Nos. 5,484,988 (the "'988 patent") and/or 6,164,528 (the "'528 patent") and/or 6,283,366 (the "'366 patent") (sometimes collectively "the patents-in-suit") are invalid, unenforceable, and void for failure to comply with one or more of the conditions of patentability as set forth in 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. §§ 102, 103, and/or 112.

Second Affirmative Defense
(Non-infringement)

86. ECHO's accused activities do not infringe United States Letters Patent Nos. 5,484,988 and/or 6,164,528 and/or 6,283,366, literally, or under the Doctrine of Equivalents, nor has ECHO contributed to or induced infringement thereof.

Third Affirmative Defense
(Inequitable Conduct)

87. The '528, and '366 patents are unenforceable due to plaintiff's inequitable conduct during the course of the prosecution of these patents.

88. Upon information and belief, systems within the scope of the patents-in-suit were on sale and in public use more than one year prior to the effective filing date of the '528 and '366 patents. On information and belief, this public use and sale was known to the named inventor of the patents in suit during the pendency of the applications leading to the '528 and '366 patents, but was intentionally withheld from the U.S.P.T.O.

89. The earliest-filed application leading to the '528 patent was filed on December 31, 1996. The '366 patent is a continuation of the '528 patent and therefore shares the same December 31, 1996 priority date.

90. In an April 13, 2000 deposition from the litigation captioned *LML Payment Systems, Inc. v. Hills,* CA 99-217-CIV-J-20A (M.D. Fla.), the named inventor on the three patents in suit, Mr. Robert R. Hills, was asked the following regarding the '988 patent: "Beginning in 1991, did you and/or Mr. Nichols ever license the technology, which would later become subject to this patent, to any other companies?" Mr. Hills answered, "At some point, I - - at some point, ChequeMark Systems received exclusive marketing rights."

91. Upon information and belief, ChequeMark Systems offered for sale and sold a point-of-sale system covered at least by the '988 patent, more than one year prior to the December 31, 1996 priority date of the '528 and '366 patents, and thereby constituted "prior art" with respect to the '528 and '366 patents, and Mr. Hills was aware of the offer for sale or sale.

9

92. On November 7, 1995, the Sacramento Bee published a news article about a point of sale system being marketed by ChequeMark Systems (attached as Exhibit A). Upon information and belief, and as further indicated within the news article, by the time the news article was published, the system had been marketed in the United States. Thus the point-of-sale system described in the Sacramento Bee was on sale and/or in public use more than one year prior to the December 31, 1996 priority date of the '528 and '366 patents.

93. The November 7, 1995 Sacramento Bee news article describes the ChequeMark Systems point of sale system and process. The described system and process include every element of one or more claims of the '528 patent, including at least claim 10, and every element of one or more claims of the '366 patent, including at least claim 10. The November 7, 1995 Sacramento Bee article, and the system offered for sale, are material prior art to the '528 and '366 patents.

94. Upon information and belief, the applicants knew about the licensing, offer for sale and sale of the point-of-sale system described in the Sacramento Bee article, more than one year prior to the effective priority date of the '528 patent an the '366 patent, and intentionally withheld this material information with the intent to deceive the U.S.P.T.O. This constitutes inequitable conduct that renders the '528 patent and the '366 patent unenforceable.

95. Furthermore, applicants failed to disclose to the following documents to the U.S.P.T.O. during the course of the pendency of the applications underlying the '528 patent and the '366 patent: LML-EP000054 - LML-EP000242 and ECHO0002722-0002748.

96. Upon information and belief, the applicants knew about these documents more than one year prior to the effective priority date of the '528 patent and the '366 patent, and intentionally withheld this material information with the intent to deceive the U.S.P.T.O. This constitutes inequitable conduct that renders the '528 patent and the '366 patent unenforceable.

97. Furthermore, applicants failed to disclose documents identified by production numbers FDC110131-138 to the U.S.P.T.O. during the course of the pendency of the application underlying the '988 patent. Upon information and belief, Applicants knew of this patent and knew of its materiality to patentability of their pending claims and intentionally withheld this material information with the intent to deceive the U.S.P.T.O. This constitutes inequitable conduct that renders the '988 patent unenforceable.

## Fourth Affirmative Defense
### (Estoppel)

98. On information and belief, the Complaint, and each and every cause of action asserted therein against ECHO, is barred, in whole or in part, by the doctrine of estoppel.

## Fifth Affirmative Defense
### (Laches)

99. On information and belief, the Complaint, and each and every cause of action asserted therein against ECHO, is barred, in whole or in part, by the doctrine of laches.

## ADDITIONAL AFFIRMATIVE DEFENSES

There may be additional affirmative defenses to the causes of action alleged by Plaintiff that are currently unknown to ECHO. Therefore, ECHO reserves the right to amend this answer to allege additional affirmative defenses in the event discovery of other information indicates they are appropriate.

**WHEREFORE**, ECHO prays for judgment against Plaintiff as follows:

a.  That Plaintiff take nothing by reason of its complaint or otherwise;

b.  A dismissal of the complaint with prejudice;

c.  That judgment be rendered in favor of ECHO;

d.  An adjudication that U.S. Patent Nos. 5,484,988, 6,164,528, and 6,283,366 patents are invalid and unenforceable;

e.  An adjudication that ECHO has not infringed, has not contributorily infringed, and has not induced acts of infringement by others of U.S. Patent Nos. 5,484,988, 6,164,528, and/or 6,283,366;

f.  An Adjudication that this is an exceptional case, under 35 U.S.C. § 285, and accordingly, that ECHO be awarded its reasonable attorneys' fees, costs and other expenses incurred in defense of this action; and

g.  For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

ECHO hereby requests a jury trial on all issues for which it is entitled to a jury trial.

Francis DiGiovanni, Esq. (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
Phone: 302.888.6316
Fax: 302.658.5614

*Attorney for Defendants Xpresschex, Inc., and Electronic Clearing House, Inc.*

403396_1