# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-858-SLR |
| TELECHECK SERVICE, INC., ELECTRONIC | ) | |
| CLEARING HOUSE, INC., XPRESSCHEX, | ) | |
| INC., and NOVA INFORMATION SYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

## BRIEF IN SUPPORT OF ELECTRONIC CLEARING HOUSE, INC. AND XPRESSCHEX, INC'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

---

Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141
*Attorneys for Defendants XpressChex, Inc.*
*and Electronic Clearing House, Inc.*

OF COUNSEL:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
BELASCO JACOBS & TOWNSLEY, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045
(310) 743-1188

Dated: June 27, 2005

## TABLE OF CONTENTS

I.      STATUS AND POSTURE OF THE CASE ....................................................................1

II.     SUMMARY OF THE ARGUMENT.................................................................................2

III.    CONCISE STATEMENT OF FACTS...............................................................................2

IV.     ARGUMENT .........................................................................................................................4

V.      CONCLUSION ......................................................................................................................6

## TABLE OF AUTHORITIES

**CASES:**

*Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204(3d Cir. 2001) ............................................................. 5

*Farrell v. Hollingsworth*, 43 F.R.D. 362 (D.S.C. 1968) ........................................................................ 4

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................................................... 4

*Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496
   (4th Cir. 1987) ...................................................................................................................................... 4

**OTHER AUTHORITIES:**

6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and
   Procedure § 1474 at 536-43 (2d ed. 1990) ......................................................................................... 4

Fed. R. Civ. P. 15(a) ............................................................................................................................... 4

Defendants ELECTRONIC CLEARING HOUSE, INC. and XPRESSCHEX, INC., (hereinafter collectively referred to as "ECHO") submit this brief in support of their motion for leave to file and serve a Second Amended Answer and Affirmative Defenses. ECHO brings this Motion based upon its need to amend, and to supplement, its allegations concerning inequitable conduct in light of recent developments in this litigation. The additional theories which underlie the proposed amendment were recently developed in the course of discovery.

## I.     <u>STATUS AND POSTURE OF THE CASE</u>

Plaintiff LML PATENT CORP. ("LML") initiated this patent infringement action on July 14, 2004. ECHO filed its Amended Answer on October 7, 2005.

Discovery opened in this case in October of 2004 and does not close until July 16, 2005.

Due to the evidentiary developments and substantive analysis during the discovery phase concerning defendants' allegations of inequitable conduct during the patentee's procurement of the patents-in-suit, ECHO has learned of the following additional acts or omissions by the patentee which represent additional instances of the patentee's inequitable conduct:

    a.     Failure to disclose documents, contained in the file history of the '988 patent, which are material to patentability of the '528 patent and the '366 patent (identified during discovery as Bates numbers LML-EP000054 through LML-EP000242);

    b.     Concealment of U.S. Patent No. 5,175,682, which is material to patentability of the '988 (identified during discovery as Bates numbers ECHO 0004654 through ECHO 00001661); and

    c.     Concealment of public disclosures by the inventor in 1993, more than three years prior to the filing date of the '528 patent and the '366 patent (identified during discovery as Bates numbers ECHO0002722-0002748).

ECHO's present motion seeks leave to clarify and supplement its <u>existing</u> allegations to plead each of the theories listed above. ECHO's proposed Second Amended Answer and

Counterclaims is attached as Exhibit A to ECHO's Motion, filed contemporaneously herewith. LML has not agreed to such an amendment, necessitating this motion and brief..

## II.    SUMMARY OF THE ARGUMENT

1.    Motions to amend should be freely given when justice so requires.

2.    The liberal policy of allowing amendments includes adding and changing theories, even adding new causes of action (which ECHO is not doing here), as well as amplifying previously-stated claims and defenses.

3.    There are no considerations of prejudice, undue delay, futility, or bad faith that weigh against the Court's granting of this motion.

## III.    CONCISE STATEMENT OF FACTS

The present motion reflects the second pleading amendment sought by ECHO in this litigation, the first amendment having been filed as a matter of right.

ECHO has asserted, and continues to assert, that plaintiff committed inequitable conduct as a result of its failure to cite a November 7, 1995 *Sacramento Bee* news article about a point of sale system being marketed by ChequeMark Systems – plaintiff's predecessor entity, as well as other items that ECHO learned of during discovery.

As a result of ECHO's fact discovery efforts, including evaluation and legal analysis relating thereto, ECHO has learned of additional, new grounds for its previously asserted defense of equitable conduct. A copy of the proposed amendment is attached hereto as Ex. A and a red-lined version attached as Ex. B. As the Court is undoubtedly aware, before asserting these additional inequitable conduct allegations, ECHO was required to comply with both Fed. R. Civ. Rules 9 and 11.

Specifically, with respect to additional grounds listed in "a" above (documents related to the '528 and '366 patents which applicants failed to disclose), while the underlying documents were known to ECHO (they comprise portions of the file history for the '988 patent), the analysis and legal research which lead to the development of this theory of inequitable conduct was not formulated and the decision to advance this theory was not made until it was communicated to plaintiff. This theory is quite complex and involves a close analysis of each of the file histories for the patents-in-suit in connection with ECHO's understanding of the meanings of certain claim terms. The only issues that may be subject to additional discovery relating to this theory lies in the possession of inventors themselves, which were not deposed until weeks after the proposed amendments were communicated to plaintiff.

With respect to the additional grounds "b" above (the failure to disclose U.S. patent No. 5,175,682 during the prosecution of the '988 patent), the information relating to this theory of inequitable conduct was not learned until after June 10, 2005 – the date the other proposed amendments were communicated to plaintiff. The persons with knowledge of the facts underlying this theory are the inventors of the '988 patent and a third party witness who were not to be deposed until at least two weeks after plaintiff was given this information.

Regarding the additional grounds listed in "c" above (concealment of public disclosures by the inventor made in 1993), the pertinent information is most likely in LML's or the inventor's possession and the inventor was scheduled to be deposed almost two weeks after the information was given to LML and the request to amend was made. The person to whom this public disclosure was made is not scheduled to be deposed until July – approximately three weeks after the request for consent to the amendment was communicated to plaintiff. Notably, the underlying documents which form the basis of this theory were produced months ago as part

of ECHO's document production. Moreover, information relating to the intent to deceive the USPTO in each of the additional grounds is likely in the possession of LML and the inventor as well.

Promptly following ECHO's development of the proposed additional inequitable conduct allegations, ECHO made a written request to LML to consent to the proposed amendment – at least as to the theories which were known at the time, namely, grounds "a" and "c", *supra*. LML refused to so consent, however, stating only that the amendment is not timely. The substance of the proposed amendment was communicated to LML on June 10th, more than an entire month before the scheduled discovery cut-off of July 16th, thereby providing ample time and opportunity for LML to propound additional written discovery, if it saw fit to do so.

Regardless, as set forth above, much of the information underlying the proposed amendments lies in the possession of people who had yet to be deposed in this case at the time that the proposed amendments were disclosed to the plaintiff.

## IV.    ARGUMENT

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Allowance of amendments to pleadings is a matter committed to the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Foman*, the Supreme Court emphasized that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."

Not even a change in a party's theory of the case suffices as a reason for denial absent a showing of the foregoing *Foman* considerations. *Ward Elec. Serv., Inc. v. First Commercial*

*Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Farrell v. Hollingsworth*, 43 F.R.D. 362, 363 (D.S.C. 1968) (Right to amend "encompasses the right to make both simple changes in phraseology as well as to add a new cause or theory of action."); *see also* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1474 at 536-43 (2d ed. 1990) ("Several courts also have allowed a party to amend in order to change the nature or theory of his claim, . . . or to state additional claims or defenses.") (footnotes omitted). "Along the same lines, a party may make an amendment to amplify a previously alleged claim or defense." *Id.* at 533.

ECHO's proposed amendments have none of the aforementioned shortcomings. Without undue delay, ECHO has conducted, and has sought to conduct, discovery on each of the inequitable conduct theories recited at Part I., *supra*. For instance, ECHO has already taken the depositions of the inventors, concerning paragraphs "a," "b," and "c" of Part I. Furthermore, concerning paragraph "b" defendants are in the process of obtaining dates of availability for witnesses with knowledge of facts underlying this theory and concerning paragraph "c" ECHO has extensively interviewed witnesses, disclosed them to plaintiff, and made them available for deposition.

ECHO has diligently investigated and analyzed any and all facts related to their assertion of inequitable conduct. When previously undiscovered or unknown grounds came to light, they proceeded quickly without undue delay, and in good faith, to notify LML of the additional grounds thereby providing LML ample opportunity and time for additional discovery on the additional grounds in this amendment thereby eliminating any chance of prejudice to LML.

Under these circumstances, LML will not and cannot be unduly prejudiced by the Court's granting of this Motion, and the Court should therefore grant it. *Eddy v. V.I. Water & Power*

*Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.").

### IV.    **CONCLUSION**

For the stated reasons, ECHO requests that the Court grant the present Motion and allow ECHO to file and serve its proposed Second Amended Answer and Affirmative Defenses.

Respectfully submitted this 27th day of June, 2005.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Francis DiGiovanni
Francis DiGiovanni, Esq. (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
fdigiovanni@cblh.com
Phone: 302-658-9141
Fax: 302-658-5614
*Attorney for Defendants Xpresschex, Inc., and Electronic Clearing House, Inc.*

OF COUNSEL:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
BELASCO JACOBS & TOWNSLEY, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045
(310) 743-1188

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on June 27, 2005, I electronically filed **BRIEF IN SUPPORT OF ELECTRONIC CLEARING HOUSE, INC. AND XPRESSCHEX, INC'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using CM/ECF which will send notification and we will hand deliver such filing to the following:

Richard K. Herrmann, Esquire
Morris James Hitchens
 & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

William J. Marsden, Esquire
Timothy Devlin, Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899

I hereby certify that on June 27, 2005, I have mailed by U.S. Postal Service, the document to the following non-registered participants.

Russell E. Levine, Esquire, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Mark C. Scarsi, Esquire
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA  90071

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
(302) 658-9141
fdigiovanni@cblh.com

*Attorneys for Defendants Xpresschex, Inc. and Electronic Clearing House, Inc.*

403399_1