IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S SEVENTH NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Defendant TeleCheck Services Inc. ("TeleCheck") responds to plaintiff LML Patent Corp.'s ("LML") Seventh Rule 30(b)(6) deposition notice (the "Seventh Notice of Deposition") as follows:

TeleCheck is willing to meet and confer about its objections with LML in advance of the deposition in an effort to reach an informal resolution about these objections. By serving these objections, TeleCheck does not waive its right to make additional objections to the topics at the time of the deposition.

**GENERAL STATEMENT AND OBJECTIONS**

1.      TeleCheck objects to the timing of the Seventh Notice of Deposition to the extent that depositions of TeleCheck knowledgeable witnesses have already been taken, or to the extent the Seventh Notice was not served reasonably in advance of such depositions. TeleCheck objects to producing witnesses again on belatedly-served topics, and reserves the right to designate testimony of TeleCheck witnesses whose depositions have been taken.

2.      TeleCheck objects to the date and place specified for the deposition and is willing to discuss with LML a mutually agreeable date and place.

3.      TeleCheck objects to the date specified for identifying individual(s) to testify on its behalf regarding the categories identified in Attachment A in the Seventh Notice of Deposition.

4.      TeleCheck objects to the categories identified in the Seventh Notice of Deposition as overly broad, unduly burdensome and oppressive to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5.      TeleCheck objects to the categories identified in the Seventh Notice of Deposition to the extent that they are vague and ambiguous.

6.      TeleCheck objects generally to the Seventh Notice of Deposition to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "FRCP") and/or the Local Rules of the United States District Court for the District of Delaware.

7.      This response is made solely for the purpose of this action and is subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed in the future.

8.      In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, TeleCheck objects generally to the categories identified to the extent that they seek to elicit testimony subject to and protected by the attorney-client privilege and/or the attorney work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection or doctrine.

9. TeleCheck objects to the entire Seventh Notice of Deposition and to the categories identified therein to the extent they purport to require testimony containing trade secrets or other confidential commercial or proprietary information, whether of parties or of non-parties to the litigation.

10. Any statement made herein of an intent to produce a witness is not, and shall not be deemed, an admission of any factual or legal contention contained in any individual request. TeleCheck objects to each subject matter to the extent that it contains any factual or legal misrepresentations or assumptions.

11. This General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce a witness contained in any such response is subject to the limitations, objections and exceptions set forth herein. Moreover, any statement of intent to produce a witness responsive to a particular category is not, and shall not be deemed, a representation that any such information exists.

## RESPONSE TO SUBJECT MATTER CATEGORIES IN SEVENTH NOTICE OF DEPOSITION:

**CATEGORY NO. 1:**

An explanation of how TeleCheck markets each of its checking services to customers, including an explanation of the involvement of any third party in the marketing and sales process.

**OBJECTIONS TO CATEGORY NO. 1:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible

evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 2:**
An explanation of how TeleCheck advertises each of its checking services, including the methods of advertisements, the message intended to be conveyed in its advertisements, and the intended audience for its advertisements.

**OBJECTIONS TO CATEGORY NO. 2:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

4

**CATEGORY NO. 3:**

An explanation of the competitive environment for each of Telecheck's checking services, including Telecheck's identification of who it views as its primary competitors and identification of competing products.

**OBJECTIONS TO CATEGORY NO. 3:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 4:**

A description of Telecheck's customers, including an explanation of how TeleCheck categorizes its customers and any difference in its marketing approach to different customers.

**OBJECTIONS TO CATEGORY NO. 4:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition

category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 5:**
The identification and description of any marketing documents that were disseminated to TeleCheck's customers and/or other third parties to aid in the marketing of Telecheck's products and services.

**OBJECTIONS TO CATEGORY NO. 5:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness

to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 6:**
An explanation of the bases for statements made in Telecheck's marketing materials.

**OBJECTIONS TO CATEGORY NO. 6:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 7:**
An explanation of the bases for the statements and projections made in FDC729313-34 and FDC729335-67.

**OBJECTIONS TO CATEGORY NO. 7:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already

7

within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that the documents speak for themselves. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 8:**
An explanation of all benefits associated with the ability to offer an electronic check conversion product.

**OBJECTIONS TO CATEGORY NO. 8:**
TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 9:**
Any conduct by LML on which Telecheck's defense of estoppel is based, including what conduct caused Telecheck's inference that LML would not enforce the patent against it, how TeleCheck relied on that inference, and any material prejudice to TeleCheck because of that reliance.

**OBJECTIONS TO CATEGORY NO. 9:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 10:**
Any conduct by LML on which Telecheck's defense of laches is based, including any evidence that LML delayed filing suit for an unreasonable length of time and that this delay caused prejudice or injury to TeleCheck.

**OBJECTIONS TO CATEGORY NO. 10:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.


Dated: June 30, 2005            FISH & RICHARDSON P.C.

                                By: _____
                                William J. Marsden (marsden@fr.com)
                                Timothy Devlin (tdevlin@fr.com)
                                Stamatios Stamoulis (stamoulis@fr.com)
                                Tara D. Elliott (Elliott@fr.com)
                                Sean P. Hayes (hayes@fr.com)
                                919 N. Market Street, Suite 1100
                                P.O. Box 1114
                                Wilmington, DE 19899-1114
                                (302) 652-5070

                                *Attorneys for Defendant*
                                *TeleCheck Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2005, I electronically filed TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S SEVENTH NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Richard K. Herrmann
> Mary B. Matterer, Esq.
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801-4226
>
> Richard D. Kirk, Esq.
> The Bayard Firm
> 222 Delaware Avenue, 9th Floor
> Wilmington, DE 19899
>
> Collins J. Seitz, Jr., Esq.
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

I hereby certify that on June 30, 2005, I have mailed by the United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

_____
Timothy Devlin

80025368.doc