IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S SIXTH NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Defendant TeleCheck Services Inc. ("TeleCheck") responds to plaintiff LML Patent Corp.'s ("LML") Sixth Rule 30(b)(6) deposition notice (the "Sixth Notice of Deposition") as follows:

TeleCheck is willing to meet and confer about its objections with LML in advance of the deposition in an effort to reach an informal resolution about these objections. By serving these objections, TeleCheck does not waive its right to make additional objections to the topics at the time of the deposition.

**GENERAL STATEMENT AND OBJECTIONS**

1.    TeleCheck objects to the timing of the Seventh Notice of Deposition to the extent that depositions of TeleCheck knowledgeable witnesses have already been taken, or to the extent the Seventh Notice was not served reasonably in advance of such depositions. TeleCheck objects to producing witnesses again on belatedly-served topics, and reserves the right to designate testimony of TeleCheck witnesses whose depositions have been taken.

2.  TeleCheck objects to the date and place specified for the deposition and is willing to discuss with LML a mutually agreeable date and place.

3.  TeleCheck objects to the date specified for identifying individual(s) to testify on its behalf regarding the categories identified in Attachment A in the Sixth Notice of Deposition.

4.  TeleCheck objects to the categories identified in the Sixth Notice of Deposition as overly broad, unduly burdensome and oppressive to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5.  TeleCheck objects to the categories identified in the Sixth Notice of Deposition to the extent that they are vague and ambiguous.

6.  TeleCheck objects generally to the Sixth Notice of Deposition to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "FRCP") and/or the Local Rules of the United States District Court for the District of Delaware.

7.  This response is made solely for the purpose of this action and is subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed in the future.

8.  In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, TeleCheck objects generally to the categories identified to the extent that they seek to elicit testimony subject to and protected by the attorney-client privilege and/or the attorney work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection or doctrine.

9.  TeleCheck objects to the entire Sixth Notice of Deposition and to the

categories identified therein to the extent they purport to require testimony containing trade secrets or other confidential commercial or proprietary information, whether of parties or of non-parties to the litigation.

10. Any statement made herein of an intent to produce a witness is not, and shall not be deemed, an admission of any factual or legal contention contained in any individual request. TeleCheck objects to each subject matter to the extent that it contains any factual or legal misrepresentations or assumptions.

11. This General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce a witness contained in any such response is subject to the limitations, objections and exceptions set forth herein. Moreover, any statement of intent to produce a witness responsive to a particular category is not, and shall not be deemed, a representation that any such information exists.

## RESPONSE TO SUBJECT MATTER CATEGORIES IN SIXTH NOTICE OF DEPOSITION:

**CATEGORY NO. 1:**
The operation, function, implementation, design, conception, and development of TeleCheck's Electronic Check Acceptance ("ECA service"), and any component thereof.

**OBJECTIONS TO CATEGORY NO. 1:**
TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product

doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 2:**
The method by which a check is converted to an electronic transaction by TeleCheck's ECA service, including but not limited to all steps or actions required by TeleCheck's ECA service to conduct such a transaction, from the presentment of the check at the point-of-sale ("POS") to the transfer of funds to a merchant's account.

**OBJECTIONS TO CATEGORY NO. 2:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

4

**CATEGORY NO. 3:**
   The identity of any person(s) responsible for the operation, function, implementation, design, conception, and development of TeleCheck's ECA service, and any component thereof.

**OBJECTIONS TO CATEGORY NO. 3:**

   TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

   Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 4:**
   The operation, function, implementation, design, conception, and development of all POS equipment used with TeleCheck's ECA service, including but not limited to TeleCheck's Eclipse and Accelera terminals, displays, memory, processors, check readers (including magnetic and optical MICR readers), check imagers, printers, "all in one" terminals, POS software, and communications equipment.

**OBJECTIONS TO CATEGORY NO. 4:**

   TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already

5

within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 5:**
The operation, function, implementation, design, conception, and development of any equipment or system with which the POS equipment used with TeleCheck's ECA service communicates, either directly or indirectly, including but not limited to the TeleCheck Gateway, TeleCheck Host, Saturn, WSE, TSE, PIPS, TEPPS, central computers, hosts, computer systems, gateways, communications interfaces, software (including risk decisioning, check acceptance, loss prevention, velocity, ACH batch processing and communications, and database software), interfaces and communication with VISA equipment, and interfaces and communication with FDMS equipment.

**OBJECTIONS TO CATEGORY NO. 5:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the

disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 6:**
Identification, existence, location and contents of all databases TeleCheck's ECA service accesses or has access to, and the entity that owns, operates, or maintains such databases.

**OBJECTIONS TO CATEGORY NO. 6:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 7:**
Compliance with NACHA, ACH and Federal Regulation E rules and regulations governing TeleCheck's ECA product and services from 1997 to the present.

**OBJECTIONS TO CATEGORY NO. 7:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

**CATEGORY NO. 8:**
The authenticity, contents, completeness and accuracy of TeleCheck production documents relating to the matters set forth in topics 1-7 above.

**OBJECTIONS TO CATEGORY NO. 8:**

TeleCheck objects to this deposition category as vague and ambiguous. TeleCheck objects to this deposition category as overly broad, unduly burdensome, and oppressive. TeleCheck objects to this deposition category as it seeks information already within the possession, custody or control of LML and/or to the extent that such information already has been produced to LML. TeleCheck objects to this deposition category to the extent that it calls for information neither relevant to the subject matter of

8

the pending action nor reasonably calculated to lead to the discovery of admissible evidence. TeleCheck objects to this deposition category to the extent it seeks the disclosure of work protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities.

Subject to and without waiving the foregoing general and specific objections, and to the extent this category is understood, TeleCheck states that it will produce a witness to testify about this category or designate testimony of a knowledgeable witness that has been deposed by LML.

Dated: June 30, 2005

FISH & RICHARDSON P.C.

By: _____
William J. Marsden (marsden@fr.com)
Timothy Devlin (tdevlin@fr.com)
Stamatios Stamoulis (stamoulis@fr.com)
Tara D. Elliott (Elliott@fr.com)
Sean P. Hayes (hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070

*Attorneys for Defendant*
*TeleCheck Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2005, I electronically filed TELECHECK SERVICES, INC.'S OBJECTIONS TO LML PATENT CORP.'S SIXTH NOTICE OF DEPOSITION OF TELECHECK SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Richard K. Herrmann
>Mary B. Matterer, Esq.
>Morris James Hitchens & Williams
>222 Delaware Avenue, 10th Floor
>Wilmington, DE 19801-4226
>
>Richard D. Kirk, Esq.
>The Bayard Firm
>222 Delaware Avenue, 9th Floor
>Wilmington, DE 19899
>
>Collins J. Seitz, Jr., Esq.
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE 19801

I hereby certify that on June 30, 2005, I have mailed by the United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

_____
Timothy Devlin

80025367.doc