IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>　　　　Defendants. | C.A. 04-858 (SLR) |

## NOTICE OF TAKING DEPOSITION OF CONNIE HIGASHIYAMA

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant TeleCheck Services, Inc. ("TeleCheck") will take the telephonic deposition of Connie Higashiyama, commencing at 3:00 p.m. on July 13, 2005. Ms. Higashiyama and an officer duly authorized by law to administer oaths and record testimony will be present during the proceedings at Ms. Higashiyama's residence, located at 4715 Grimwood Court, Granite Bay, CA 95746. All counsel participating in the deposition shall do so by telephone conference call. The dial-in number for the conference call during which Ms. Higashiyama's deposition will be taken is (800) 473-8484.

　　　　The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony will be recorded stenographically and/or by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

Dated: July 8, 2005             FISH & RICHARDSON P.C.

                                By: _____
                                William J. Marsden, Jr. (#2247)
                                Timothy Devlin (#4241)
                                Tara D. Elliott (#4483)
                                919 N. Market Street, Suite 1100
                                P.O. Box 1114
                                Wilmington, DE  19801

                                Attorneys for Defendant
                                TeleCheck Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2005, I electronically filed with the Clerk of Court the NOTICE OF TAKING DEPOSITION OF CONNIE HIGASHIYAMA using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann, Esq.
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I hereby certify that on July 8, 2005, I have mailed by United States Postal Service and e-mailed the document(s) to the following non-registered participants:

Russell Levine, Esq.
Christian C. Taylor
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Timothy Devlin

80025621.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

EASTERN    DISTRICT OF    CALIFORNIA

LML PATENT CORP.,

        Plaintiff,
        v.

TELECHECK SERVICES, INC., ELECTRONIC
CLEARING HOUSE, INC., XPRESSCHEX, INC.
and NOVA INFORMATION SYSTEMS, INC.,

        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. 04-858 (SLR)
(Case pending in the District of Delaware)

TO:    Ms. Connie Higashiyama, 4715 Grimwood Court, Granite Bay, CA 95746 (916) 791-7045

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| 4715 Grimwood Court, Granite Bay, CA 95746<br>Dial-in number: (800) 473-8484 | July 13, 2005<br>3:00 p.m (PST). |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  | . |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ signature<br>Attorney for Defendant TeleCheck Services, Inc. | July 8, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy Devlin
Fish & Richardson P.C.
919 N. Market Street, Suite 1100, P.O. Box 1114
Wilmington, DE 19899-1114 (302) 652-5070

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.