## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 04-858 SLR |
| TELECHECK SERVICES, INC., | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., and | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |

**LML PATENT CORP.'S OPPOSITION TO ELECTRONIC CLEARING HOUSE, INC.'S
AND XPRESSCHEX, INC.'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Richard K. Herrmann #405
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6816
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

Dated:  July 12, 2005

**Table of Contents**

I. Background Facts ........................................................................................................... 1

II. Legal Standard ............................................................................................................... 2

III. Analysis .......................................................................................................................... 3

IV. Conclusion ..................................................................................................................... 5

**Table of Authorities**

**Cases**

*Cresswell v. Sullivan & Cromwell*,
 922 F.2d 60 (2d Cir. 1990) ................................................................................................ 2

*Cummings v. City of Phil.*,
 2004 WL 906259 (E.D. Pa. Apr. 26, 2004) ...................................................................... 2

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
 252 F.3d 267 (3d Cir. 2001) .......................................................................................... 2, 4

*Foman v. Davis*,
 371 U.S. 178 (1962) .......................................................................................................... 2

*Lindquist v. Buckingham Township*,
 2004 WL 1598735 (3d Cir. July 19, 2004) ...................................................................... 2

*McLaughlin v. Diamond State Port Corp.*,
 2004 WL 2958664 (D. Del. Dec. 21, 2004) .................................................................. 2, 3

*Rizzo v. PPL Serv. Corp.*,
 2005 WL 1397217 (E.D. Pa. June 10, 2005) .................................................................... 2

*Rolo v. City Investing Co. Liquidating Trust*,
 155 F.3d 644 (3d Cir. 1998) .............................................................................................. 2

*Tarkett v. Congoleum Corp.*,
 144 F.R.D. 289 (E.D. Pa. 1992) .................................................................................... 2, 4

*Universal Computer Consulting, Inc. v. Pitcairn Enters., Inc.*,
 2005 WL 1213884 (E.D. Pa. May 18, 2005) .................................................................... 2

Defendants Electronic Clearing House, Inc. and Expresschex, Inc.'s (hereinafter collectively referred to as "ECHO") motion is most noteworthy for what it does not say. Nowhere in the motion does ECHO explain why it has waited so long before attempting to amend its answer. Other than vague references to undisclosed "recent developments," ECHO's motion makes no attempt to justify its eleventh hour request in light of the facts that (i) discovery closes at the end of this week; (ii) expert reports are due in less than a month; and (iii) the deadline for amending pleadings passed six months ago. Because the proposed amendment by ECHO is untimely, the Court should deny ECHO's motion.

## I.    Background Facts

Pursuant to this Court's October 22, 2004 scheduling order, "All motions to join other Parties and/or amend the pleadings shall be filed on or before **December 3, 2004**." (Ex. 1, October 22, 2004 Scheduling Order (emphasis added)). ECHO's present motion was filed on **June 27, 2005** – more than 6 months past the Court-ordered deadline.

Discovery in this case has been ongoing since October of 2004 and closes on July 16, 2005. (Ex. 1, October 22, 2004 Scheduling Order). LML produced responsive documents to ECHO, beginning in October of 2004, on a rolling and cooperative basis and substantially completed its production in accordance with the Court's Scheduling Order by January 21, 2005. LML completed its production in accordance with the Scheduling Order by March 4, 2005. Likewise, the parties during this time period exchanged and responded to interrogatories, which were directed at the claims and defenses raised in the present litigation. The parties are due to exchange burden-of-proof expert reports on or before July 29, 2005. (Ex. 1, October 22, 2004 Scheduling Order).

## II.    Legal Standard

Undue delay by the movant is grounds for denying a motion for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In fact, nothing more need be shown – undue delay alone is grounds for denying a motion for leave to amend. *See e.g., Lindquist v. Buckingham Township*, 2004 WL 1598735, at *6 (3d Cir. July 19, 2004) (unreported). "The moving party bears the burden of proof in explaining the reasons for the delay in seeking leave to amend." *Tarkett v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992) (*citing Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990); *see also McLaughlin v. Diamond State Port Corp.*, 2004 WL 2958664, at * 4 (D. Del. Dec. 21, 2004) (noting that "It is counsel's responsibility to point the court to relevant evidence" explaining any delay).

In general, the question of undue delay requires the court to focus on the movant's reasons for not amending sooner. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Delay may become undue when a movant has failed to amend despite previous opportunities to do so. *See e.g., Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998). Mere failure to review documents, when a party or counsel had ample opportunity to do so, does not serve as an adequate justification for delay. *Universal Computer Consulting, Inc. v. Pitcairn Enters., Inc.*, 2005 WL 1213884, at * 3 (E.D. Pa. May 18, 2005) (finding undue delay and denying motion for leave to amend where allegedly newly-uncovered evidence had been in the hands of movant for two years); *see also Cummings v. City of Phil.*, 2004 WL 906259, at *4 (E.D. Pa. Apr. 26, 2004) (denying leave to amend where the allegedly new information was discovered over two months prior to filing a motion for leave to amend). Courts in this circuit have found even one-month delays to be undue. *Rizzo v. PPL Serv. Corp.*, 2005 WL 1397217, at * 3-4 (E.D. Pa. June 10, 2005) (finding undue delay and denying motion

for leave to amend where "Plaintiffs simply failed to request leave to amend their complaint in a prompt manner and have not presented any reason for that delay").

Lastly, as this Court has pointed out, "The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation strategies. If the court were to permit parties to ignore these deadlines, unfair surprise would abound." *McLaughlin,* 2004 WL 2958664, at * 4 (denying motion for leave to amend based on prolonged delay and undue prejudice).

### III.    Analysis

In its motion, ECHO freely admits that as to some of its new allegations, "the underlying documents [that form the basis of its new allegations] were known to ECHO" long before it requested the present amendment. (Brief in Support of Motion to Amend, at 3)  It is only the "analysis and legal research which lead to the development of this theory of inequitable conduct" that was allegedly "recently developed" by ECHO. (Brief in Support of Motion to Amend, at 3). In fact, ***all*** of the documents ECHO points to as evidence of its proposed new allegations ( LML-EP 54-242, ECHO 4654-4661, and ECHO 2722-2748) were produced many months ago, some as long ago as October of 2004 at the very commencement of discovery.

In addition, the analysis and legal research leading to ECHO's decision to file the present motion was necessarily finished weeks ago as ECHO fully drafted its proposed amendment sometime prior to June 2, 2005.  (Ex 2, e-mail from M. Mizrahi to J. McDole dated June 2, 2005).  Nonetheless, ECHO inexplicably waited until June 27, 2005 — while numerous additional depositions were taking place and just two weeks before the close of fact discovery in this case — to file the present motion.

ECHO's delay in filing its motion for leave to amend has certainly been undue. Tellingly, ECHO does not even attempt to explain why it waited until recently to conduct the

analysis and legal research necessary to file this proposed amendment. The law is clear that "the moving party bears the burden of proof in explaining the reasons for the delay in seeking leave to amend." *Tarkett,* 144 F.R.D. at 290. ECHO points to no deposition testimony or other truly new evidence on which it relies as bases for its amended claims. Rather, all of the documents on which ECHO relies have been available to it for months. It was simply delay on ECHO's part that led ECHO to disregard the schedule in this case and delay its analysis of this known evidence until the end of the discovery period.

Then, to further add to the delay, ECHO waited nearly 4 weeks after drafting the proposed amendment to actually file a motion for leave to amend with this Court. ECHO seems to believe the date it first communicated its desire to amend its Answer to LML should be the only relevant date of inquiry for this analysis. (Brief in Support of Motion to Amend, at 4) However, until ECHO actually filed this motion on June 27, 2005, LML had no clear indication that ECHO indeed intended to pursue these new inequitable conduct theories.

ECHO's delay in filing its present motion has been not weeks but months. It delayed its analysis of relevant evidence as well as its eventual filing of a motion for leave to amend. ECHO proffers no explanation for either category of delay, as no valid excuse exists. This motion could have and should have been brought prior to the deadline for amending the pleadings rather than now, at the end of the discovery period, long after the deadline for such amendments, and after the vast majority of discovery has been completed. *Cureton* , 252 F.3d at 273 (holding that a court should focus on the movant's reasons for not amending sooner). The Court should deny ECHO's request for leave to amend on the basis of this undue delay.

- 5 -

**IV.    Conclusion**

For the foregoing reasons, LML respectfully requests that the Court deny ECHO's Motion for Leave to File a Second Amended Answer and Affirmative Defenses.

DATED this 12th day of July, 2005

                                            */s/ Richard K. Herrmann*
Richard K. Herrmann #405
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6816
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th of July 2005, I electronically filed the foregoing document, **LML PATENT CORP.'S OPPOSITION TO ELECTRONIC CLEARING HOUSE, INC.'S AND XPRESSCHEX, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.  
Francis DiGiovanni, Esq.  
Connolly Bove Lodge & Hutz LLP  
1007 North Orange Street  
Wilmington, DE 19801  

William J. Marsden, Jr., Esq.  
Timothy Devlin, Esq.  
Fish & Richardson, P.C.  
919 North Market Street, Suite 1100  
Wilmington, DE 19801  

Richard D. Kirk, Esq.  
The Bayard Firm  
222 Delaware Avenue, 9th Floor  
Wilmington, DE 19801  

Additionally, I hereby certify that on the 12th day of July, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.  
Mark B. Mizrahi, Esq.  
Belasco Jacobs & Townsley, LLP  
Howard Hughes Center  
6100 Center Drive, Suite 630  
Los Angeles, CA 90045  

Mark C. Scarsi, Esq.  
Vision L. Winter, Esq.  
O'Melveny & Myers LLP  
400 South Hope Street  
Los Angeles, CA 90071  

                             */s/ Richard K. Herrmann*  
                             Richard K. Herrmann (#405)  
                             Mary B. Matterer (#2696)  
                             MORRIS, JAMES, HITCHENS & WILLIAMS LLP  
                             222 Delaware Avenue, 10th Floor  
                             Wilmington, Delaware 19801  
                             (302) 888-6800  
                             mmatterer@morrisjames.com  

                             *Attorneys for LML Patent Corp.*