## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                 )

                              )

         Plaintiff,             )        Civil Action No. 04-858 SLR

                              )

v.                               )

                              )

TELECHECK SERVICE, INC., ELECTRONIC    )

CLEARING HOUSE, INC., XPRESSCHEX,      )

INC., and NOVA INFORMATION SYSTEMS,    )

INC.,                           )

                              )

         Defendant.         )

---

## REPLY BRIEF IN SUPPORT OF ELECTRONIC CLEARING HOUSE, INC. AND XPRESSCHEX, INC'S MOTION FOR LEAVE TO FILE AN AMENDMENT TO ITS ANSWER AND AFFIRMATIVE DEFENSES

---

Francis DiGiovanni (#3189)
James M. Olsen (#3763)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 North Orange Street
Wilmington, DE 19801
Phone: 302-658-9141
Fax: 302-658-5614
jolsen@cblh.com

*Attorney for Defendants Xpresschex, Inc., and Electronic Clearing House, Inc.*

OF COUNSEL:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
BELASCO JACOBS & TOWNSLEY, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045
(310) 743-1188

Dated:  July 19, 2005

## <u>TABLE OF CONTENTS</u>

I.      ARGUMENT................................................................................................................1

II.     CONCLUSION...........................................................................................................7

## TABLE OF AUTHORITIES

**CASES**:

*Becton Dickinson Co.  v. Tyco Healthcare Group LP*,
  Civ. No. 02-1694-GMS (D. Del. Oct. 1, 2004) ...............................................................2

*Boileau v. Bethlehem Steel Corp.*,
  730 F.2d 929 (3d Cir. 1984) .............................................................................................6

*Carey v. Beans*,
  500 F. Supp. 580 (E.D. Pa. 1980) ....................................................................................6

*Cornell & Co. v. Occupational Safety & Health Review Comm'n*,
  573 F.2d 820 (3d Cir.1978) ..........................................................................................1, 6

*Cuffy v. Getty Ref. & Mktg.*,
  648 F. Supp. 802 (D. Del. 1986)........................................................................................6

*Cureton v. Nat'l Collegiate Athletic Ass'n.*,
  252 F.3d 267 (3rd Cir. 2001) ............................................................................................5

*Eddy v. V.I. Water & Power Auth.*,
  256 F.3d 204 (3d Cir. 2001) .............................................................................................6

*Foman v. Davis*,
  371 U.S. 178 (1962).........................................................................................................1

*Heyl & Patterson Intern. v. F.D. Rich Housing*,
  663 F.2d 419 (3d Cir. 1981) .............................................................................................6

*Johnson v. City of Phila.*,
  158 F.R.D. 352 (E.D. Pa. 1994)........................................................................................1

*Lorenz v. CSX Corp.*,
  1 F.3d 1406 (3d Cir. 1993) ...............................................................................................1

*Seagate Technology LLC v. Cornice, Inc.*,
  May 20, 2005 Order, Civ. No. 04-418-SLR ....................................................................5

Defendants ELECTRONIC CLEARING HOUSE, INC. and XPRESSCHEX, INC., (hereinafter collectively referred to as "ECHO") submit this reply brief in support of their motion for leave to file and serve a Restated and Amended Answer and Affirmative Defenses.

## I.    ARGUMENT

ECHO is seeking only to clarify and supplement its *existing* defense of "inequitable conduct," originally pled in its Amended Answer, by adding the additional theories outlined in its underlying Brief in Support of its Motion for Leave to File an Amendment to Its Answer. Specifically, due to the evidentiary developments and substantive analysis during the discovery phase of the voluminous documents produced during this litigation, ECHO has learned of additional acts or omissions by the patentee which represent additional instances of the patentee's inequitable conduct.

Rule 15(b) states that leave "shall be freely given when justice so requires." Whether justice so requires is determined "by the touchstone of prejudice to a party." *Johnson v. City of Phila.,* 158 F.R.D. 352, 354 (E.D. Pa. 1994) citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978.

It should be noted that Plaintiff does not even attempt to oppose this motion on grounds that it would be prejudiced by the amendment – because it would not be. Plaintiff does not oppose this motion on grounds that the amendment would be futile either, or that ECHO acted in bad faith at any time. It could not oppose on either of these grounds. Instead, plaintiff argues solely that ECHO unduly delayed in filing the amendment. (*See*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) where the Supreme Court emphasized that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, [or] futility of amendment.")    As presented below, Plaintiff's assertion of undue delay is unfounded and inaccurately presented to the Court. In view of the circumstances of this case, ECHO's Motion to Amend Its Answer should be granted.

As indicated previously, by virtue of this motion, ECHO is merely seeking to supplement its earlier allegation of inequitable conduct with additional facts which came to light through discovery and its analysis of evidence gathered during the discovery process. Obviously, when ECHO asserted its claim for inequitable conduct, having a good faith basis for making the claim, it could not possibly have known each and every supporting fact surrounding the conduct that might come to light through discovery and lead to additional theories. This is the purpose of the discovery process – to discover additional facts. Predictably, plaintiff would prefer that additional facts relating to the patentees' inequitable conduct not come to light, especially considering the gravity of the outcome should inequitable conduct be proven – unenforceability of one or more of the patents-in-suit. This, however, is not a legitimate ground for denying a defendant the opportunity to amend its answer.

Discovery opened in this case in October 2004 and the Scheduling Order in this case set the date to amend pleadings fairly early in this case, December 3, 2004 – over seven months prior to the close of fact discovery. Naturally, it was contemplated that this deadline would apply only with respect to matters that were known by that date. It is not uncommon for a party – especially a defendant who did not voluntarily become a party to a lawsuit – to learn additional facts and formulate additional theories as the case progresses. *See, e.g., Becton Dickinson Co. v. Tyco Healthcare Group LP*, Civ. No. 02-1694-GMS (D. Del. Oct. 1, 2004) (attached as Exhibit 1) (where the Court allowed defendant to amend the pleadings shortly before trial to add new grounds of inequitable conduct, conforming the pleadings to the defendants' discovery

responses, and noted that all relevant facts were under plaintiff's control, and that plaintiff would not be unfairly prejudiced.)

Plaintiff argues in its opposition that "All of the documents ECHO points to as evidence of it proposed new allegations … were produced many months ago…" (Opp. p. 3)   Plaintiff omits any mention, however, that these theories are not entirely based on possession of documentary evidence and that, in fact, it was witness testimony and conversations with third party witnesses that shed light on at least two if the three additional theories.   Moreover, documentary evidence is constantly reviewed and scrutinized based on new information, documents, testimony and in light of new understandings of the intricacies of a case as discovery progresses.   Mere possession of a document does not mean  its full value as evidence  will be discovered or appreciated upon initial review.   This is especially true in the context of an inequitable conduct defense, where, in addition to Rule 11, the alleging party must also comply with the strict pleading requirements of Fed. R. Civ. P. Rule 9.

For instance, regarding theory "a" in ECHO's moving papers (the patentee's failure to disclose documents in '988 file history during the prosecution of the applicants underlying the '528 and '366 patents), ECHO merely being in possession of these documents was not sufficient. ECHO needed to scrutinize each of the three file histories, comparatively analyze each of the claims, conduct in-depth legal research into the current state of the law regarding the failure to make such disclosures, and develop this theory into a defense in accordance with the strictures of Fed. R. Civ. P. Rules 9 and 11.

Upon a comparative review of each of the claims contained in each of the three patents-in-suit, it was discovered – well after the December 3, 2004 deadline to amend set by the Court – that one or more of the claims filed and ultimately allowed in connection with the prosecution of the '528 and '366 patents are strikingly similar to claims that were rejected by the USPTO in

connection with the prosecution of the application underlying the '988 patent. The applicants failed to disclose this fact or the relevant documents, *i.e.*, LML-EP000054 - LML-EP000242, to the USPTO during the prosecution of the applications underlying the '528 and '366 patents. In essence, the patentee then set out on a campaign to surreptitiously recapture the forfeited claim scope. Any further information relating to this omission is in the possession of the patentee and its attorneys. Notably, one of the alleged inventors, Mr. Hills, still has yet to be deposed.

Regarding theory "b" in ECHO's moving papers (concealment of U.S. Patent No. 5,175,682), though ECHO may have had this patent in its possession, ECHO was only made aware that the inventors had knowledge of this patent and its materiality just days prior to ECHO's June 2nd communication to plaintiff stating its intent to amend it's Answer. This belief was later confirmed at a deposition taken during the week of July 11, 2005.

As to theory "c" (concealment of public disclosures made in 1993 by the inventor), mere possession of documents indicating such a disclosure may have occurred did not provide sufficient grounds to amend ECHO's Answer under the Federal Rules. ECHO needed to scrutinize those documents, determine their authenticity, interview third party witnesses, research the current state of the law regarding such disclosures, and fully develop its theory prior to amending its Answer. This did not occur until shortly prior to ECHO's request to plaintiff to stipulate to the amendment. Since that time, the beginning of July 2005, the party to whom the documents were disclosed confirmed under oath that these documents were indeed disclosed to him in 1993 without any obligation of confidentiality.

Once ECHO had enough information– in addition to mere possession of documents – to develop its theories and analyze the relevant documents in support of its theories, it communicated as much to plaintiff. There was no undue delay here, especially considering that ECHO developed these theories during a period where: (1) hundreds of thousands of documents

were being produced and reviewed; (2) numerous sets of discovery requests and responses were propounded and responded to; (3) literally dozens of depositions were being scheduled and taken; and (4) dozens of potential witnesses were being identified and contacted.

Plaintiff's citation to the case of *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267 (3rd Cir. 2001) for the proposition that the Court should focus on the movant's reason for not amending sooner is misplaced. In *Cureton* the movant was seeking to amend <u>after an appeal</u> from a summary judgment ruling and was adding a <u>new</u> claim -- facts not even remotely close to the present case. In contrast, ECHO has conducted its discovery and analysis of that discovery without any delay, let alone undue delay. There have been hundreds of thousands of documents exchanged in this case. At the time ECHO requested consent from plaintiff to amend its Answer, the persons with relevant information relating to these theories were not scheduled to be deposed for weeks to come. ECHO has diligently reviewed, analyzed and investigated its theories in this case as diligently and expeditiously as it could, considering the vast amount of information exchanged in this case. Once ECHO had sufficient evidence to supplement its inequitable conduct allegation, it timely communicated it to plaintiff.

In fact, the circumstances of this case are notably similar to those in *Seagate Technology LLC v. Cornice, Inc.*, May 20, 2005 Order, Civ. No. 04-418-SLR (attached as Exhibit 2). In that case, the defendant, Cornice Inc., sought leave to amend its answer and add an additional counterclaim more than three months after the amendment filing deadline specified in the Scheduling Order. The Court granted the motion stating that "the motion was timely filed, is not futile on its face, and will not prejudice the plaintiff." *Id.*

Finally, Plaintiff's statement that "until ECHO actually filed this motion on June 27, 2005, LML had no clear indication that ECHO intended to pursue these new inequitable conduct

-5-

theories" is incorrect. (Opp. p.4)  In fact, ECHO's counsel explicitly stated in his June 2nd email correspondence to plaintiff's counsel that:

> Enclosed is a draft Second Amended Answer which we intend to file with the Court.  The changes vis-à-vis ECHO's first Amended Answer appear in "red-line."
>
> Please inform us as soon as practicable whether LML will consent to the filing of this document or whether we will have to move the Court unilaterally.

(Exhibit 3 to hereto, enclosure excluded.)  Plaintiff was clearly on notice that ECHO intended to amend it's pleading with these additional theories.  Indeed, the afore-described June 2nd email was sent to plaintiff well over a month before the close of fact discovery ECHO on July 16, 2005.

Thus, plaintiff was on notice since June 2nd of ECHO's intention to file an amended answer, which in part likely explains why plaintiff has not even attempted to argue prejudice – the factor which should be given the most weight.  In *Cornell & Co. v. OSHRC*, 573 F.2d 820 (3d Cir. 1978), the Third Circuit Court of Appeals stated "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Id.* at 823; *see Heyl & Patterson Intern. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981); *Carey v. Beans*, 500 F. Supp. 580, 582 (E.D. Pa. 1980).  The general presumption in favor of allowing amendment, *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984), can be overcome only by the opposing party showing that the amendment will be prejudicial. *Cuffy v. Getty Ref. & Mktg.*, 648 F. Supp. 802  (D. Del. 1986); *See also, Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.").

Likewise, plaintiff also fails to argue that the proposed amendments are futile or that ECHO acted in bad faith -- two additional arguments that have no place here.

## II.     <u>CONCLUSION</u>

For the stated reasons, the Court grant the present Motion and allow ECHO to file and serve the proposed Amendment to Electronic Clearing House, Inc.'s and Xpresschex, Inc.'s Answers and Affirmative Defenses.


Dated:  July 19, 2005                             CONNOLLY BOVE LODGE & HUTZ LLP


                                    /s/ James M. Olsen
                                    Francis DiGiovanni (#3189)
                                    James M. Olsen (#3763)
                                    CONNOLLY BOVE LODGE & HUTZ LLP
                                    The Nemours Building – 8th Floor
                                    1007 North Orange Street
                                    Wilmington, DE 19801
                                    Phone: 302-658-9141
                                    Fax: 302-658-5614
                                    jolsen@cblh.com

                                    *Attorney for Defendants Xpresschex, Inc., and*
                                    *Electronic Clearing House, Inc.*


OF COUNSEL:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
BELASCO JACOBS & TOWNSLEY, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045
(310) 743-1188

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, James M. Olsen, hereby certify that on July 19, 2005, I electronically filed **REPLY BRIEF IN SUPPORT OF ELECTRONIC CLEARING HOUSE, INC. AND XPRESSCHEX, INC.'S MOTION FOR LEAVE TO FILE AN AMENDMENT TO ITS ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using CM/ECF which will send notification and we will hand deliver such filing to the following:

Richard K. Herrmann, Esquire
Morris James Hitchens
  & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

William J. Marsden, Esquire
Timothy Devlin, Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899

I hereby certify that on July 19, 2005, I have mailed by U.S. Postal Service, the document to the following non-registered participants.

Russell E. Levine, Esquire, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Mark C. Scarsi, Esquire
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA  90071

/s/ James M. Olsen
Francis DiGiovanni (#3189)
James M. Olsen (#3763)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
(302) 658-9141
jolsen@cblh.com
*Attorneys for Defendants Xpresschex, Inc. and Electronic Clearing House, Inc.*