

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., | |
| Plaintiff, | |
| v. | C.A. No. 04-858 (SLR) |
| TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., | **Jury Trial Demanded** |
| Defendants. | |

**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TELECHECK SERVICES, INC. TO COMPLAINT**

Defendant TeleCheck Services, Inc. ("TeleCheck") hereby responds to the Complaint of plaintiff LML Patent Corp. ("LML") and sets forth affirmative defenses as follows:

**NATURE OF THE ACTION**

1.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them.

**PARTIES**

2.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3.     TeleCheck admits the allegations in paragraph 3 of the Complaint.

4.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and on that basis denies them.

1

5.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and on that basis denies them.

6.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that basis denies them.

7.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies them.

8.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and on that basis denies them.

## JURISDICTION AND VENUE

9.     TeleCheck admits that this action is styled as an action under the United States Patent Laws, 35 U.S.C. § 1, *et seq*.

10.     TeleCheck admits the allegations in paragraph 10 of the Complaint.

11.     TeleCheck admits the allegations in paragraph 11 of the Complaint.

12.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies them.

15.     TeleCheck admits the allegations in paragraph 15 of the Complaint.

**PATENTS-IN-SUIT**

16.     TeleCheck admits that the '988 patent was issued by the United States Patent and Trademark Office. TeleCheck denies that the '988 patent was "duly and lawfully" issued. TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and on that basis denies them.

17.     TeleCheck admits that the '528 patent was issued by the United States Patent and Trademark Office. TeleCheck denies that the '528 patent was "duly and lawfully" issued. TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and on that basis denies them.

18.     TeleCheck admits that the '366 patent was issued by the United States Patent and Trademark Office. TeleCheck denies that the '366 patent was "duly and lawfully" issued. TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and on that basis denies them.

**THE ACCUSED PRODUCTS**

19.     TeleCheck makes, uses and sells a financial transaction system and an associated service known as the TeleCheck Electronic Check Acceptance® service. TeleCheck denies the remaining allegations in paragraph 19 of the Complaint.

20.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that basis denies them.

21.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and on that basis denies them.

**COUNT I**

22.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 21 as though fully set forth herein.

23.    TeleCheck denies the allegations in paragraph 23 of the Complaint.

24.    TeleCheck denies the allegations in paragraph 24 of the Complaint.

25.    TeleCheck denies the allegations in paragraph 25 of the Complaint.

26.    TeleCheck denies the allegations in paragraph 26 of the Complaint.

27.    TeleCheck denies the allegations in paragraph 27 of the Complaint.

28.    TeleCheck denies the allegations in paragraph 28 of the Complaint.

**COUNT II**

29.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 28 as though fully set forth herein.

30.    TeleCheck denies the allegations in paragraph 30 of the Complaint.

31.    TeleCheck denies the allegations in paragraph 31 of the Complaint.

32.    TeleCheck denies the allegations in paragraph 32 of the Complaint.

33.    TeleCheck denies the allegations in paragraph 33 of the Complaint.

34.    TeleCheck denies the allegations in paragraph 34 of the Complaint.

35.    TeleCheck denies the allegations in paragraph 35 of the Complaint.

**COUNT III**

36.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 35 as though fully set forth herein.

37.    TeleCheck denies the allegations in paragraph 37 of the Complaint.

38.    TeleCheck denies the allegations in paragraph 38 of the Complaint.

39.    TeleCheck denies the allegations in paragraph 39 of the Complaint.

40.    TeleCheck denies the allegations in paragraph 40 of the Complaint.

41.    TeleCheck denies the allegations in paragraph 41 of the Complaint.

42.    TeleCheck denies the allegations in paragraph 42 of the Complaint.

4

## COUNT IV

43.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 42 as though fully set forth herein.

44.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and on that basis denies them.

45.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and on that basis denies them.

46.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and on that basis denies them.

47.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and on that basis denies them.

48.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and on that basis denies them.

49.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and on that basis denies them.

## COUNT V

50.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 49 as though fully set forth herein.

51.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and on that basis denies them.

52.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and on that basis denies them.

53.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and on that basis denies them.

54.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and on that basis denies them.

55.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and on that basis denies them.

56.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and on that basis denies them.

**COUNT VI**

57.     TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 56 as though fully set forth herein.

58.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and on that basis denies them.

59.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and on that basis denies them.

60.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and on that basis denies them.

6

61.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and on that basis denies them.

62.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and on that basis denies them.

63.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and on that basis denies them.

### COUNT VII

64.     TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 63 as though fully set forth herein.

65.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and on that basis denies them.

66.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and on that basis denies them.

67.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and on that basis denies them.

68.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and on that basis denies them.

69.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and on that basis denies them.

70.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and on that basis denies them.

## COUNT VIII

71.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 70 as though fully set forth herein.

72.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and on that basis denies them.

73.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and on that basis denies them.

74.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and on that basis denies them.

75.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and on that basis denies them.

76.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and on that basis denies them.

77.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and on that basis denies them.

## COUNT IX

78.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 77 as though fully set forth herein.

79.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and on that basis denies them.

80.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and on that basis denies them.

81.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and on that basis denies them.

82.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and on that basis denies them.

83.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and on that basis denies them.

84.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and on that basis denies them.

## AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

85.    TeleCheck has not infringed, contributorily infringed, and/or induced infringement of any of United States Patents No. 5,484,988, 6,164,528, and 6,283,366.

9

## AFFIRMATIVE DEFENSE – INVALIDITY

86.     The claims in the '988 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

87.     The claims in the '528 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

88.     The claims in the '366 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

## AFFIRMATIVE DEFENSE – INEQUITABLE CONDUCT

### A.     Failure to Disclose Prior Sale

89.     Upon information and belief, the systems within the scope of the patents in suit were on sale and in public use more than one year prior to the effective filing date of the '528 and '366 patents.  On information and belief, this public use and sale was known to the named inventor of the patents in suit during the pendency of the applications leading to the '528 and '366 patents, but was intentionally withheld from the U.S.P.T.O.

90.     The earliest-filed application leading to the '528 patent was filed on December 31, 1996.  The '366 patent is a continuation of the '528 patent and therefore shares the same December 31, 1996 priority date.

91.     In an April 13, 2000 deposition from the litigation captioned *LML Payment Systems, Inc. v. Hills*, CA 99-217-CIV-J-20A (M.D. Fla.), the named inventor on the three patents in suit, Mr. Robert R. Hills, was asked the following regarding the '988 patent: "Beginning in 1991, did you and/or Mr. Nichols ever license the technology, which would later become subject to this patent, to any other companies?"  Mr. Hills

answered, "At some point, I - - at some point, ChequeMark Systems received exclusive marketing rights."

92.    Upon information and belief, ChequeMark Systems offered for sale and sold a point-of-sale system covered by the '988 patent more than one year prior to the December 31, 1996 priority date of the '528 and '366 patents, and Mr. Hills was aware of the offer for sale or sale.

94.    On November 7, 1995, the Sacramento Bee published a news article about a point of sale system being marketed by ChequeMark Systems (attached as Exhibit A). Upon information and belief, and as further indicated within the news article, by the time the news article was published, the system had been marketed in the United States. Thus the point-of-sale system described in the Sacramento Bee was on sale and/or in public use more than one year prior to the December 31, 1996 priority date of the '528 and '366 patents.

97.    The November 7, 1995 Sacramento Bee news article describes the ChequeMark Systems point of sale system and process. The described system and process include every element of one or more claims of the '528 patent, including at least claim 10, and every element of one or more claims of the '366 patent, including at least claim 10. The November 7, 1995 Sacramento Bee article, and the system offered for sale, are material prior art to the '528 and '366 patents.

98.    Upon information and belief, the applicants knew about the licensing, offer for sale and sale of the point-of-sale system described in the Sacramento Bee article, more than one year prior to the effective priority date of the '528 patent and the '366 patent, and intentionally withheld this material information with the intent to deceive the U.S.P.T.O. This constitutes inequitable conduct that renders the '528 patent and the '366 patent unenforceable.

### B.     Failure to Disclose Prior Public Disclosure

99.     Furthermore, in 1993 ChequeMark Systems, Inc. ("CSI"), a company formed by applicants, publicly disclosed material prior art to the '528 and '366 patents more than one year before their December 31, 1996 priority date.  Applicants were aware of that disclosure, but failed to cite the disclosure and documents related to the disclosure to the U.S.P.T.O.  In particular, the applicants failed to disclose at least the following documents to the U.S.P.T.O. during the pendency of the applications underlying the '528 and '366 patents: ECHO 0002719-0002748.  These documents disclose a system and/or method within the scope of the '988 patent, and within the scope of at least one claim of each of the '528 and '366 patents.

100.     Upon information and belief, the applicants knew about the public disclosure of the alleged inventions described in and claimed by the '528 and '366 patents more than one year before the priority date of the '528 and '366 patents, and intentionally withheld this material information during the pendency of the applications underlying the '528 and '366 patents with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct that renders the '528 patent and the '366 patent unenforceable.

### C.     False and Misleading Declarations to the Patent Office

101.     Furthermore, on July 22, 1999, attorneys for ChequeMark Patent Inc. ("CPI"), an LML subsidiary, filed a terminal disclaimer and affidavit in the application leading to the '528 patent, in order to overcome a rejection based on the '988 patent. [LML-EP000424-000428; LML-EP006104-006105.]  In filing the terminal disclaimer, CPI and/or its attorneys were required to and did state that CPI owned all rights in the application leading to the '528 patent.

102.     Contrary to its statements to the U.S.P.T.O, CPI did not own all rights in the application, and was aware that it did not own all such rights at the time the terminal disclaimer was filed.  At the time the terminal disclaimer was filed, inventor Robert Hills

had never assigned his interest in the application leading to the '528 patent to CPI, and refused to do so because of a dispute.

103.    In March, 1999, while the '528 patent application was pending, LML and CPI filed a lawsuit in the United States District Court for the Middle District of Florida against Robert R. Hills seeking a declaratory judgment stating that LML and/or CSI had all title and interest in the '528 patent.  Attorneys for LML submitted an affidavit stating that Mr. Hills' refusal to assign his interest forced "alternative procedures" in the U.S.P.T.O. to secure allowance, and that the declaratory judgment regarding ownership was required to "clear all doubt" as to CPI's ownership of the application leading to the '528 patent.  [LML-EP 006081-006087.]

104.    On July 27, 2000, before conclusion of the lawsuit, CPI and/or its attorneys filed a second terminal disclaimer again claiming all rights in the application leading to the '528 patent.  [LML-EP 000511.]  These statements regarding rights in the patent were material, because they were required for effective filing of the terminal disclaimers, which were required to overcome the rejection based on the '988 patent.  In allowing the application, the Examiner stated that failure to file a proper terminal disclaimer would constitute an abandonment of the application.  [LML-EP 000508.]

105.    Upon information and belief, LML and/or CPI intentionally withheld this material information regarding ownership of the '528 patent with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct rendering the '528 patent unenforceable.

      *D.*     *Failure to Disclose Material Prior Art Discovered by LML's Counsel*

106.

**REDACTED**

13

**REDACTED**

107.

**REDACTED**

108.    These prior art references were also material to the '528 and '366 patents.

109.    Upon information and belief, LML and/or the applicants knew of these relevant prior art references during the pendency of the applications leading to the '528 and '366 patents but intentionally withheld this material information with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct rendering the '528 and '366 patents unenforceable.

>    E.    *Failure to Disclose Material Prior Art to the '988 Patent*

110.    Furthermore, upon information and belief, applicants intentionally withheld material prior art from the U.S.P.T.O., with the intent to deceive, during the pendency of the application leading to the '988 patent.

111.    On December 29, 1992, U.S. Patent No. 5,175,682 to Higashiyama et al. ("the '682 patent," FDC 110131-138) issued from an application filed December 14, 1990.  The '682 patent constitutes material prior art to the '988 patent that discloses each and every element of one or more claims of the '988 patent and thus anticipates and/or renders obvious one or more claims of the '988 patent.

112.    The applicants knew about the issuance and existence of the '682 patent during the pendency of the application leading to the '988 patent, as confirmed by Connie Higashiyama, the inventor of the '682 patent, during her deposition.    **REDACTED**

14

**REDACTED**

Upon information and belief, the applicants intentionally withheld this material information with the intent to deceive the U.S.P.T.O. This constitutes inequitable conduct rendering the '988 patent unenforceable.

## AFFIRMATIVE DEFENSE – LACHES

113.    Upon information and belief, LML's claims are barred by the doctrine of laches.

## AFFIRMATIVE DEFENSE – ESTOPPEL

114.    Upon information and belief, LML's claims are barred by the doctrine of estoppel.

## ADDITIONAL AFFIRMATIVE DEFENSES

115.    There may be additional affirmative defenses to the causes of action alleged by LML that are currently unknown to TeleCheck. Therefore, TeleCheck reserves the right to amend this answer to allege additional affirmative defenses in the event discovery of other information indicates they are appropriate.

## REQUEST FOR RELIEF

WHEREFORE, TeleCheck prays for judgment as follows:

(a)    That all of the relief requested by LML in its Complaint with respect to TeleCheck be denied with prejudice;

(b)    That the Complaint be dismissed with respect to TeleCheck;

(c)    That this Court decree that TeleCheck has not infringed U.S. Patent No. 5,484,988;

(d)    That this Court decree that TeleCheck has not infringed U.S. Patent No. 6,164,528;

15

(e)     That this Court decree that TeleCheck has not infringed U.S. Patent No. 6,283,366;

(f)     That this Court decree that U.S. Patent No. 5,484,988 is invalid and/or unenforceable;

(g)     That this Court decree that U.S. Patent No. 6,164,528 is invalid and/or unenforceable;

(h)     That this Court decree that U.S. Patent No. 6,283,366 is invalid and/or unenforceable;

(i)     That this Court decree that this is an exceptional case under 35 U.S.C. § 285 and that TeleCheck be awarded its attorney's fees and costs in this action; and

(j)     That TeleCheck be awarded such further necessary and proper relief as this Court may deem just and reasonable.

**Jury Demand**

Demand for a jury trial is hereby made.


Dated:  July 27, 2005                    FISH & RICHARDSON P.C.

                                         By:  _____
                                              William J. Marsden, Jr. (#2247)
                                              Timothy Devlin (#4241)
                                              Tara D. Elliott (#4483)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE  19801

                                         Attorneys for Defendant
                                         TeleCheck Services, Inc.

80026139.doc

16

B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,

       Plaintiff,

    v.

TELECHECK SERVICES, INC.,
ELECTRONIC CLEARING HOUSE, INC.,
XPRESSCHEX, INC. and NOVA
INFORMATION SYSTEMS, INC.,

       Defendants.

C.A. No. 04-858 (SLR)

**Jury Trial Demanded**

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TELECHECK SERVICES, INC. TO COMPLAINT

Defendant TeleCheck Services, Inc. ("TeleCheck") hereby responds to the Complaint of plaintiff LML Patent Corp. ("LML") and sets forth affirmative defenses as follows:

### NATURE OF THE ACTION

1.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them.

### PARTIES

2.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3.    TeleCheck admits the allegations in paragraph 3 of the Complaint.

4.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and on that basis denies them.

1

5.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and on that basis denies them.

6.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that basis denies them.

7.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies them.

8.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and on that basis denies them.

## JURISDICTION AND VENUE

9.      TeleCheck admits that this action is styled as an action under the United States Patent Laws, 35 U.S.C. § 1, *et seq.*

10.      TeleCheck admits the allegations in paragraph 10 of the Complaint.

11.      TeleCheck admits the allegations in paragraph 11 of the Complaint.

12.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14.      TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies them.

15.      TeleCheck admits the allegations in paragraph 15 of the Complaint.

## PATENTS-IN-SUIT

16.    TeleCheck admits that the '988 patent was issued by the United States Patent and Trademark Office. TeleCheck denies that the '988 patent was "duly and lawfully" issued. TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and on that basis denies them.

17.    TeleCheck admits that the '528 patent was issued by the United States Patent and Trademark Office. TeleCheck denies that the '528 patent was "duly and lawfully" issued. TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and on that basis denies them.

18.    TeleCheck admits that the '366 patent was issued by the United States Patent and Trademark Office. TeleCheck denies that the '366 patent was "duly and lawfully" issued. TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and on that basis denies them.

## THE ACCUSED PRODUCTS

19.    TeleCheck makes, uses and sells a financial transaction system and an associated service known as the TeleCheck Electronic Check Acceptance® service. TeleCheck denies the remaining allegations in paragraph 19 of the Complaint.

20.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that basis denies them.

21.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and on that basis denies them.

3

## COUNT I

22.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 21 as though fully set forth herein.

23.    TeleCheck denies the allegations in paragraph 23 of the Complaint.

24.    TeleCheck denies the allegations in paragraph 24 of the Complaint.

25.    TeleCheck denies the allegations in paragraph 25 of the Complaint.

26.    TeleCheck denies the allegations in paragraph 26 of the Complaint.

27.    TeleCheck denies the allegations in paragraph 27 of the Complaint.

28.    TeleCheck denies the allegations in paragraph 28 of the Complaint.

## COUNT II

29.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 28 as though fully set forth herein.

30.    TeleCheck denies the allegations in paragraph 30 of the Complaint.

31.    TeleCheck denies the allegations in paragraph 31 of the Complaint.

32.    TeleCheck denies the allegations in paragraph 32 of the Complaint.

33.    TeleCheck denies the allegations in paragraph 33 of the Complaint.

34.    TeleCheck denies the allegations in paragraph 34 of the Complaint.

35.    TeleCheck denies the allegations in paragraph 35 of the Complaint.

## COUNT III

36.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 35 as though fully set forth herein.

37.    TeleCheck denies the allegations in paragraph 37 of the Complaint.

38.    TeleCheck denies the allegations in paragraph 38 of the Complaint.

39.    TeleCheck denies the allegations in paragraph 39 of the Complaint.

40.    TeleCheck denies the allegations in paragraph 40 of the Complaint.

41.    TeleCheck denies the allegations in paragraph 41 of the Complaint.

42.    TeleCheck denies the allegations in paragraph 42 of the Complaint.

## COUNT IV

43.     TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 42 as though fully set forth herein.

44.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and on that basis denies them.

45.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and on that basis denies them.

46.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and on that basis denies them.

47.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and on that basis denies them.

48.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and on that basis denies them.

49.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and on that basis denies them.

## COUNT V

50.     TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 49 as though fully set forth herein.

51.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and on that basis denies them.

5

52.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and on that basis denies them.

53.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and on that basis denies them.

54.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and on that basis denies them.

55.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and on that basis denies them.

56.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and on that basis denies them.

**COUNT VI**

57.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 56 as though fully set forth herein.

58.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and on that basis denies them.

59.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and on that basis denies them.

60.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and on that basis denies them.

6

61.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and on that basis denies them.

62.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and on that basis denies them.

63.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and on that basis denies them.

### COUNT VII

64.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 63 as though fully set forth herein.

65.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and on that basis denies them.

66.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and on that basis denies them.

67.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and on that basis denies them.

68.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and on that basis denies them.

69.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and on that basis denies them.

70.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and on that basis denies them.

## COUNT VIII

71.     TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 70 as though fully set forth herein.

72.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and on that basis denies them.

73.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and on that basis denies them.

74.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and on that basis denies them.

75.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and on that basis denies them.

76.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and on that basis denies them.

77.     TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and on that basis denies them.

## COUNT IX

78.    TeleCheck realleges the answers previously set forth regarding paragraphs 1 through 77 as though fully set forth herein.

79.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and on that basis denies them.

80.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and on that basis denies them.

81.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and on that basis denies them.

82.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and on that basis denies them.

83.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and on that basis denies them.

84.    TeleCheck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and on that basis denies them.

### AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

85.    TeleCheck has not infringed, contributorily infringed, and/or induced infringement of any of United States Patents No. 5,484,988, 6,164,528, and 6,283,366.

9

**AFFIRMATIVE DEFENSE – INVALIDITY**

86.    The claims in the '988 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

87.    The claims in the '528 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

88.    The claims in the '366 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

**AFFIRMATIVE DEFENSE – INEQUITABLE CONDUCT**

*A.      Failure to Disclose Prior Sale*

89.    Upon information and belief, the systems within the scope of the patents in suit were on sale and in public use more than one year prior to the effective filing date of the '528 and '366 patents.  On information and belief, this public use and sale was known to the named inventor of the patents in suit during the pendency of the applications leading to the '528 and '366 patents, but was intentionally withheld from the U.S.P.T.O.

90.    The earliest-filed application leading to the '528 patent was filed on December 31, 1996.  The '366 patent is a continuation of the '528 patent and therefore shares the same December 31, 1996 priority date.

91.    In an April 13, 2000 deposition from the litigation captioned *LML Payment Systems, Inc. v. Hills*, CA 99-217-CIV-J-20A (M.D. Fla.), the named inventor on the three patents in suit, Mr. Robert R. Hills, was asked the following regarding the '988 patent: "Beginning in 1991, did you and/or Mr. Nichols ever license the technology, which would later become subject to this patent, to any other companies?"  Mr. Hills

answered, "At some point, I - - at some point, ChequeMark Systems received exclusive marketing rights."

92.    Upon information and belief, ChequeMark Systems offered for sale and sold a point-of-sale system covered by the '988 patent more than one year prior to the December 31, 1996 priority date of the '528 and '366 patents, and Mr. Hills was aware of the offer for sale or sale.

94.    On November 7, 1995, the Sacramento Bee published a news article about a point of sale system being marketed by ChequeMark Systems (attached as Exhibit A). Upon information and belief, and as further indicated within the news article, by the time the news article was published, the system had been marketed in the United States.  Thus the point-of-sale system described in the Sacramento Bee was on sale and/or in public use more than one year prior to the December 31, 1996 priority date of the '528 and '366 patents.

97.    The November 7, 1995 Sacramento Bee news article describes the ChequeMark Systems point of sale system and process.  The described system and process include every element of one or more claims of the '528 patent, including at least claim 10, and every element of one or more claims of the '366 patent, including at least claim 10.  The November 7, 1995 Sacramento Bee article, and the system offered for sale, are material prior art to the '528 and '366 patents.

98.    Upon information and belief, the applicants knew about the licensing, offer for sale and sale of the point-of-sale system described in the Sacramento Bee article, more than one year prior to the effective priority date of the '528 patent and the '366 patent, and intentionally withheld this material information with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct that renders the '528 patent and the '366 patent unenforceable.

### B.    Failure to Disclose Prior Public Disclosure

99.    Furthermore, in 1993 ChequeMark Systems, Inc. ("CSI"), a company formed by applicants, publicly disclosed material prior art to the '528 and '366 patents more than one year before their December 31, 1996 priority date.  Applicants were aware of that disclosure, but failed to cite the disclosure and documents related to the disclosure to the U.S.P.T.O.  In particular, the applicants failed to disclose at least the following documents to the U.S.P.T.O. during the pendency of the applications underlying the '528 and '366 patents: ECHO 0002719-0002748.  These documents disclose a system and/or method within the scope of the '988 patent, and within the scope of at least one claim of each of the '528 and '366 patents.

100.    Upon information and belief, the applicants knew about the public disclosure of the alleged inventions described in and claimed by the '528 and '366 patents more than one year before the priority date of the '528 and '366 patents, and intentionally withheld this material information during the pendency of the applications underlying the '528 and '366 patents with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct that renders the '528 patent and the '366 patent unenforceable.

### C.    False and Misleading Declarations to the Patent Office

101.    Furthermore, on July 22, 1999, attorneys for ChequeMark Patent Inc. ("CPI"), an LML subsidiary, filed a terminal disclaimer and affidavit in the application leading to the '528 patent, in order to overcome a rejection based on the '988 patent.  [LML-EP000424-000428; LML-EP006104-006105.]  In filing the terminal disclaimer, CPI and/or its attorneys were required to and did state that CPI owned all rights in the application leading to the '528 patent.

102.    Contrary to its statements to the U.S.P.T.O, CPI did not own all rights in the application, and was aware that it did not own all such rights at the time the terminal disclaimer was filed.  At the time the terminal disclaimer was filed, inventor Robert Hills

had never assigned his interest in the application leading to the '528 patent to CPI, and refused to do so because of a dispute.

103.    In March, 1999, while the '528 patent application was pending, LML and CPI filed a lawsuit in the United States District Court for the Middle District of Florida against Robert R. Hills seeking a declaratory judgment stating that LML and/or CSI had all title and interest in the '528 patent.  Attorneys for LML submitted an affidavit stating that Mr. Hills' refusal to assign his interest forced "alternative procedures" in the U.S.P.T.O. to secure allowance, and that the declaratory judgment regarding ownership was required to "clear all doubt" as to CPI's ownership of the application leading to the '528 patent.  [LML-EP 006081-006087.]

104.    On July 27, 2000, before conclusion of the lawsuit, CPI and/or its attorneys filed a second terminal disclaimer again claiming all rights in the application leading to the '528 patent.  [LML-EP 000511.]  These statements regarding rights in the patent were material, because they were required for effective filing of the terminal disclaimers, which were required to overcome the rejection based on the '988 patent.  In allowing the application, the Examiner stated that failure to file a proper terminal disclaimer would constitute an abandonment of the application.  [LML-EP 000508.]

105.    Upon information and belief, LML and/or CPI intentionally withheld this material information regarding ownership of the '528 patent with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct rendering the '528 patent unenforceable.

   D.    *Failure to Disclose Material Prior Art Discovered by LML's Counsel*

   106.

**REDACTED**

13

**REDACTED**

107.


**REDACTED**


108.    These prior art references were also material to the '528 and '366 patents.

109.    Upon information and belief, LML and/or the applicants knew of these relevant prior art references during the pendency of the applications leading to the '528 and '366 patents but intentionally withheld this material information with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct rendering the '528 and '366 patents unenforceable.

E.    *Failure to Disclose Material Prior Art to the '988 Patent*

110.    Furthermore, upon information and belief, applicants intentionally withheld material prior art from the U.S.P.T.O., with the intent to deceive, during the pendency of the application leading to the '988 patent.

111.    On December 29, 1992, U.S. Patent No. 5,175,682 to Higashiyama et al. ("the '682 patent," FDC 110131-138) issued from an application filed December 14, 1990.  The '682 patent constitutes material prior art to the '988 patent that discloses each and every element of one or more claims of the '988 patent and thus anticipates and/or renders obvious one or more claims of the '988 patent.

112.    The applicants knew about the issuance and existence of the '682 patent during the pendency of the application leading to the '988 patent, as confirmed by Connie Higashiyama, the inventor of the '682 patent, during her deposition.    **REDACTED**

**REDACTED**

Upon
information and belief, the applicants intentionally withheld this material information
with the intent to deceive the U.S.P.T.O.  This constitutes inequitable conduct rendering
the '988 patent unenforceable.

### AFFIRMATIVE DEFENSE – LACHES

~~99~~113. Upon information and belief, LML's claims are barred by the doctrine of
laches.

### AFFIRMATIVE DEFENSE – ESTOPPEL

~~100~~114.         Upon information and belief, LML's claims are barred by the
doctrine of estoppel.

### ADDITIONAL AFFIRMATIVE DEFENSES

~~101~~115.         There may be additional affirmative defenses to the causes of
action alleged by LML that are currently unknown to TeleCheck.  Therefore, TeleCheck
reserves the right to amend this answer to allege additional affirmative defenses in the
event discovery of other information indicates they are appropriate.

### REQUEST FOR RELIEF

WHEREFORE, TeleCheck prays for judgment as follows:

(a)     That all of the relief requested by LML in its Complaint with respect to
        TeleCheck be denied with prejudice;

(b)     That the Complaint be dismissed with respect to TeleCheck;

(c)     That this Court decree that TeleCheck has not infringed U.S. Patent No.
        5,484,988;

(d)     That this Court decree that TeleCheck has not infringed U.S. Patent No.
        6,164,528;

(e)     That this Court decree that TeleCheck has not infringed U.S. Patent No. 6,283,366;

(f)     That this Court decree that U.S. Patent No. 5,484,988 is invalid and/or unenforceable;

(g)     That this Court decree that U.S. Patent No. 6,164,528 is invalid and/or unenforceable;

(h)     That this Court decree that U.S. Patent No. 6,283,366 is invalid and/or unenforceable;

(i)     That this Court decree that this is an exceptional case under 35 U.S.C. § 285 and that TeleCheck be awarded its attorney's fees and costs in this action; and

(j)     That TeleCheck be awarded such further necessary and proper relief as this Court may deem just and reasonable.

**Jury Demand**

Demand for a jury trial is hereby made.

Dated:  July 27, 2005                    FISH & RICHARDSON P.C.


                                         By: _____
                                             William J. Marsden, Jr. (#2247)
                                             Timothy Devlin (#4241)
                                             Tara D. Elliott (#4483)
                                             919 N. Market Street, Suite 1100
                                             P.O. Box 1114
                                             Wilmington, DE  19801

                                         Attorneys for Defendant
                                         TeleCheck Services, Inc.

80026162.doc

16