1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,           )
                                  )
            Plaintiff,            )
                                  )
       v.                         )    Civ. No. 04-418-SLR
                                  )
CORNICE, INC.,                    )
                                  )
            Defendant.            )

**O R D E R**

At Wilmington this 20th day of May, 2005, having
reviewed defendant's motion for leave to file its amended answer
and counterclaims, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 51) is granted, as
the motion was timely filed, is not futile on its face, and will
not prejudice plaintiff.

_____
United States District Judge

2

 COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2003 JAN 28 AM 9: 53

| | |
|---|---|
| RHODIA CHIMIE and RHODIA INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 01-389-KAJ |
| PPG INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

At Wilmington this **28th** day of **January, 2003.**

This Order is directed to defendant PPG Industries, Inc.'s motion for leave to file an amended answer (D.I. 55), pursuant to Rule 15 of the Federal Rules of Civil Procedure. PPG seeks to add an affirmative defense of unenforceability based on alleged acts of inequitable conduct during prosecution of the patent-in-suit, U.S. Patent No. 6,013,234 (issued Jan. 11, 2000) (the '234 patent), before the United States Patent and Trademark Office ("USPTO").

PPG argues the following in support of its motion: (1) under FED. R. CIV. P. 15(a), leave to amend shall be "freely given when justice so requires" (D.I. 57 at 4 (citing *Burlington Coat Factory Securities Lit.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); (2) plaintiffs will not be substantially prejudiced by the amendment (D.I. 57 at 4); (3) it has not unduly delayed in filing its motion, since under the Court's March 1, 2002 Scheduling Order the deadline for amending pleadings is March 15, 2002, the day it filed its motion (D.I. 57 at 5); and (4) its motion is brought in good faith (*id.*).

Plaintiffs Rhodia Chimie and Rodia, Inc. partly oppose[1] (D.I. 69 at 2) defendant's motion to the extent that it relates to plaintiffs' failure to cite material prior art to the USPTO during prosecution of the '234 patent, and they counter with the following arguments: (1) PPG's motion should be denied in part for futility since the prior art at the center of defendant's unenforceability argument was before the USPTO in an Information Disclosure Statement (D.I. 69 at 5-6); and (2) PPG's motion should be denied in part for undue and unexplained delay since the information forming the basis of the motion was available to PPG when it filed its original answer (D.I. 69 at 6).

The Court is unpersuaded by plaintiffs' arguments. As PPG notes in its reply brief (D.I. 80), its motion was timely filed in accordance with the Court's March 1, 2002 Scheduling Order, thus leaving plaintiffs more than two months remaining in fact discovery. (D.I. 80 at 1.) Plaintiffs therefore should not be prejudiced by allowing the amendment. In addition, plaintiffs in their opposition produced no evidence of "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment" on the part of PPG, as is required under the law to defeat a motion to amend. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

---

[1] Specifically, plaintiffs oppose paragraphs 5(m) through 5(r) of defendant's proposed amendment which accuse plaintiffs of (1) failing "to submit a single information disclosure statement to the USPTO" (Amended Answer, ¶ 5(m)), (2) making "a deliberate decision to withhold" prior art from the USPTO (Amended Answer, ¶¶ 5(o)-(q)), and (3) "deliberately withholding" a prior art foreign patent (Amended Answer, ¶ 5(r)). (D.I. 69 at 2-3.)

Accordingly, IT IS ORDERED that defendant's motion (D.I. 55) is GRANTED.

UNITED STATES DISTRICT JUDGE

-3-

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BECTON DICKINSON AND COMPANY, )
)
Plaintiff,                                          )
)
v.                                                        )        C.A. No. 02-1694 GMS
)
TYCO HEALTHCARE GROUP LP,                  )
)
Defendant.                                        )

**O R D E R**

## I.    INTRODUCTION

The plaintiff, Becton, Dickinson and Company ("BD") filed the above-captioned action against Tyco Healthcare Group, LP. ("Tyco") on December 23, 2002. In its complaint, BD alleges that the defendant is infringing U.S. Patent No. 5,348,544 (the "'544 patent"). On August 9, 2004, BD filed a motion *in limine* to exclude from evidence Tyco's unpled unenforceability defense. On August 16, 2004, Tyco filed an opposition requesting that BD's motion be denied. On August 27, 2004, BD filed a reply. The court conducted a pretrial conference on September 20, 2004, in which it heard oral argument from the parties on BD's motion. Upon consideration of the arguments raised at the pretrial conference and in the parties' briefs, the court will deny BD's motion *in limine* to exclude Tyco's unpled unenforceability defense. In addition, the court will allow Tyco to amend its counterclaim and answer to conform to the evidence. The court bases its ruling on the following reasons.

## II.    DISCUSSION

BD claims that the language in paragraph five of Tyco's counterclaim and answer fails to provide any specifics concerning its alleged withholding of a prior art spring clip invented for a

different BD product.[1]  BD contends that Tyco, in its counterclaim and answer, raised only one ground for its affirmative defense of inequitable conduct – that relating to certain alleged prior art devices by a third party, MBO Laboratories ("MBO").[2]  BD asserts that Tyco has announced its intention in its pretrial submissions to offer evidence at trial, in the form certain exhibits, which is irrelevant to Tyco's MBO defense.  Rather, BD argues, these exhibits relate to what Tyco has recently identified as a second alleged inequitable conduct – BD's failure to disclose to the PTO a prior art spring clip developed for a different BD product.  Tyco contends that during fact discovery it first became aware that the '544 patent inventors learned about the spring clip not only from the MBO device, but also from a BD product called the Saf-T-Cath.  Tyco asserts that the inventors failed to disclose the BD spring clip, which is prior art, to the PTO during the prosecution of the '544 patent.    Tyco, after discovering this purported evidence of inequitable conduct, produced supplemental discovery responses directed toward the newly discovered evidence.  Tyco, however, did not amend its pleadings.

BD claims that Tyco should be precluded from offering any inequitable conduct defense or evidence in support of inequitable conduct relating to the BD spring clip because Tyco has not pled this defense with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Conversely, Tyco asserts that the purpose of Rule 9(b) is to provide notice to the accused party and that BD was provided with notice of Tyco's inequitable conduct theory in Tyco's counterclaim and

---

[1] Claim 17 of the '544 patent is an independent claim that claims, as one of its elements, a spring clip.  BD has not asserted claim 17 in this litigation.

[2] In paragraph five of its counterclaim and answer, Tyco claims that BD failed to disclose to the United States Patent and Trademark Office (the "PTO") a prior art spring clip, developed and patented by MBO.  Tyco does not make any allegations concerning a prior art spring clip developed by BD.

2

answer. Tyco further contends that it filed a supplemental response to BD's interrogatories containing its contentions that BD committed fraud on the patent office by concealing the BD spring clip. Tyco contends that the supplemental response reinforces its pleadings. Lastly, Tyco argues that BD cannot escape culpability by claiming it concealed the spring clip from a piece of prior art different from the art Tyco identified in its answer. The court will consider the parties' arguments below.

### A.    Rule 9(b)

Tyco contends that its inequitable conduct claim in paragraph five of its counterclaim and answer suffices to meet the particularity requirement of Rule 9(b). The court cannot agree. The particularity requirement of Rule 9(b) applies to inequitable conduct charges. In the context of alleged inequitable conduct before the PTO during a patent prosecution, "pleadings that disclose the name of the [allegedly withheld] relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1262-63 (D. Del. 1996). Rule 9(b) does not require, however, that a party plead the "date, place or time" of the fraud, so long as that party uses an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert denied*, 469 U.S. 1211 (1985). Tyco's pleadings do not pass the *Selville* test. At a minimum, Tyco's claim should have disclosed the name of the relevant prior art, *i.e.* the BD prior art spring clip. The court, therefore, finds that Tyco has failed to plead facts with sufficient particularity in paragraph five of its counterclaim to establish a charge of inequitable conduct based on the '544 inventors' failure to disclose the BD spring clip.

3

**B.   Use of Interrogatories to Meet Rule 9(b) Particularity Requirement**

Tyco next argues that Rule 9(b) does not impose a continuing duty to supplement pleadings with the discovery of new information, and that it is sufficient to disclose the additional evidence in interrogatory responses and the pretrial order.  The court disagrees.  Pleadings found to be inadequate under Rule 9(b) cannot be salvaged by future discovery. *EMC Corp.*, 921 F. Supp. at 1264 (concluding that the plaintiff could not "use its interrogatory responses to fulfill the particularity requirements of Rule 9(b)"); *see Nichols Motorcycle Supply, Inc. v. Dunlop Tire Corp.*, 1994 WL 113108, at *2-3 (N.D. Ill. Mar. 30, 1994) (holding that the plaintiff could not "indirectly amend its complaint to include its responses to interrogatories"); *Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 658 F. Supp. 775, 778 (N.D. Ill. 1987) ("how discovery responses can cure threshold pleading defects is another unexplained mystery").  However, where the allegations are pled with particularity, parties may rely upon interrogatories for specific details. *Union Mutual Life Ins. Co. v. Simon*, 22 F.R.D. 542 (E.D. Pa. 1958).  The court has determined that Tyco has not adequately p led a n i nequitable c onduct c laim r elating t o t he B D s pring c lip.  T hus, t he court concludes that Tyco cannot amend its counterclaim and answer by including further allegations of BD's inequitable conduct in its supplemental interrogatory responses.

**C.   Failure to Disclose the BD Spring Clip is Relevant Evidence of BD's Culpability**

Lastly, Tyco asserts that BD cannot escape culpability by claiming that it concealed the spring clip from a piece of prior art different from the art Tyco identified in its answer.  The court agrees and recognizes that evidence of BD's failure to disclose the BD spring clip to the PTO is relevant to Tyco's inequitable conduct claim.  The court also realizes that Tyco only learned of the BD spring clip during fact discovery.  Tyco, however, should have made a motion to amend its

4

pleading.

Regardless, at oral argument on the motion, Tyco stated that if the court found that it did not meet the notice requirement of Rule 9(b), then it would move to amend the pleading to include a claim of inequitable conduct for BD's alleged failure to disclose the BD spring clip. As such, the court will allow Tyco, upon a motion, to amend its counterclaim and answer to conform to the evidence pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(b) states, in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment . . . the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

A motion to amend the pleadings should be denied under Rule 15(b) only when it would result in prejudice to the nonmovant. *See Cornell & Co. v. Occupational Safety & Health Rev. Comm.*, 573 F.2d 820, 823 (3d Cir. 1978); *Evans Prods. Co. v. West Am. Ins. Co.*, 736 F.2d 920, 923 (3d Cir. 1984) ("The primary consideration in determining whether leave to amend under Fed. R. Civ. P. 15(b) should be granted is prejudice to the opposing party."). BD has not pointed to any way it would be unfairly prejudiced by allowing Tyco to amend its pleadings. At most, BD notes that it might need to supplement discovery because it has not addressed the inequitable conduct issue with respect to the BD spring clip. Tyco, however, points out that all of the facts relevant to the issue are under BD's control because the issue involves a BD witness and a BD product. Based on this record,

5

the court does not find that BD will be unfairly prejudiced by allowing Tyco to amend its answer and counterclaim to include a count alleging inequitable conduct by BD for failure to disclose to the PTO the BD spring clip.

**III.    CONCLUSION**

For the aforementioned reasons, IT IS HEREBY ORDERED that:

1.      The plaintiff's Sealed Motion *In Limine* to Exclude Defendant Tyco's Unpled Unenforceability Defense (D.I. 160) is DENIED.

Dated: October _i_ , 2004



UNITED STATES DISTRICT JUDGE

FILED

APT  1 2004

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

6