EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TELECHECK SERVICES, INC., ) <br> ELECTRONIC CLEARING HOUSE, INC., ) <br> XPRESSCHEX, INC., and ) <br> NOVA INFORMATION SYSTEMS, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 04-858-SLR <br><br> **Jury Trial Demanded** <br><br><br><br> **REDACTED PUBLIC VERSION** |

**FIRST AMENDED ANSWER, ADDITIONAL DEFENSES AND COUNTERCLAIM OF DEFENDANT NOVA INFORMATION SYSTEMS, INC.**

Defendant NOVA Information Systems, Inc. ("NOVA"), by and through its undersigned counsel, hereby submits this answer, additional defenses and counterclaim to Plaintiff LML Patent Corp.'s ("LML") Complaint for Patent Infringement.

In response to each enumerated paragraph of the Complaint, NOVA states as follows:

### NATURE OF THE ACTION

1. NOVA denies the allegations contained in paragraph 1 of the Complaint as they relate to NOVA. NOVA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and on that basis denies them.

### THE PARTIES

2. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and on that basis denies them.

596032v1

3. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and on that basis denies them.

4. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies them.

5. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies them.

6. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and on that basis denies them.

7. NOVA admits the allegations contained in paragraph 7 of the Complaint.

8. NOVA admits that it is registered to do business in Delaware under the name "NOVA Information Systems of Georgia Inc.". NOVA admits that it has the following registered agent in Delaware upon whom service may be had: Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808. NOVA denies the remaining allegations contained in paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9. NOVA admits the allegations contained in paragraph 9 of the Complaint.

10. NOVA admits the allegations contained in paragraph 10 of the Complaint

11. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis denies them.

12. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis denies them.

13. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis denies them.

14.     NOVA admits the allegations contained in paragraph 14 of the Complaint.

15.     NOVA admits the allegations contained in paragraph 15 of the Complaint.

## THE PATENTS IN SUIT

16.     NOVA admits that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,484,988, entitled "Checkwriting Point of Sale System" ("the '988 Patent") on January 16, 1996. NOVA admits that a true copy of the '988 patent is attached as Exhibit A to the Complaint. NOVA denies that the USPTO duly and lawfully issued the '988 patent. NOVA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and on that basis denies them.

17.     NOVA admits that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,164,528, entitled "Check Writing Point of Sale System" ("the '528 Patent") on December 26, 2000. NOVA admits that a true copy of the '528 patent is attached as Exhibit B to the Complaint. NOVA denies that the USPTO duly and lawfully issued the '528 patent. NOVA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and on that basis denies them.

18.     NOVA admits that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,283,366, entitled "Check Writing Point of Sale System" ("the '366 Patent") on September 4, 2001. NOVA admits that a true copy of the '366 patent is attached as Exhibit C to the Complaint. NOVA denies that the USPTO duly and lawfully issued the '366 patent. NOVA is without information or knowledge sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 18 of the Complaint and on that basis denies them.

## THE ACCUSED PRODUCTS

19. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis denies them.

20. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis denies them.

21. NOVA admits that it uses, offers for sale and sells a system known as the Electronic Check Service. NOVA denies the other allegations contained in paragraph 21 of the Complaint.

## COUNT I
## (INFRINGEMENT OF THE '988 PATENT BY TELECHECK)

22. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 21 as though fully set forth herein.

23. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis denies them.

24. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and on that basis denies them.

25. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and on that basis denies them.

26. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and on that basis denies them.

27. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and on that basis denies them.

28. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and on that basis denies them.

## COUNT II
### (INFRINGEMENT OF THE '528 PATENT BY TELECHECK)

29. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and on that basis denies them.

31. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis denies them.

32. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and on that basis denies them.

33. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and on that basis denies them.

34. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and on that basis denies them.

35. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and on that basis denies them.

## COUNT III
### (INFRINGEMENT OF THE '366 PATENT BY TELECHECK)

36. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 35 as though fully set forth herein.

37. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and on that basis denies them.

38. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and on that basis denies them.

39. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and on that basis denies them.

40. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and on that basis denies them.

41. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and on that basis denies them.

42. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and on that basis denies them.

### COUNT IV
### (INFRINGEMENT OF THE '988 PATENT BY ECHO)

43. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 42 as though fully set forth herein.

44. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and on that basis denies them.

45. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and on that basis denies them.

46. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and on that basis denies them.

47. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and on that basis denies them.

48. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and on that basis denies them.

49. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and on that basis denies them.

## COUNT V
### (INFRINGEMENT OF THE '528 PATENT BY ECHO)

50. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 49 as though fully set forth herein.

51. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and on that basis denies them.

52. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and on that basis denies them.

53. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and on that basis denies them.

54. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and on that basis denies them.

55. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and on that basis denies them.

56. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and on that basis denies them.

## COUNT VI
### (INFRINGEMENT OF THE '366 PATENT BY ECHO)

57. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 56 as though fully set forth herein.

58. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and on that basis denies them.

59. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and on that basis denies them.

60. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and on that basis denies them.

61. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and on that basis denies them.

62. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and on that basis denies them.

63. NOVA is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and on that basis denies them.

## COUNT VII
### (INFRINGEMENT OF THE '988 PATENT BY NOVA)

64. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 63 as though fully set forth herein.

65. NOVA denies the allegations contained in paragraph 65 of the complaint.

66. NOVA denies the allegations contained in paragraph 66 of the complaint.

67. NOVA denies the allegations contained in paragraph 67 of the complaint.

68. NOVA denies the allegations contained in paragraph 68 of the complaint.

69. NOVA denies the allegations contained in paragraph 69 of the complaint.

70. NOVA denies the allegations contained in paragraph 70 of the complaint.

## COUNT VIII
### (INFRINGEMENT OF THE '528 PATENT BY NOVA)

71. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 70 as though fully set forth herein.

72. NOVA denies the allegations contained in paragraph 72 of the complaint.

73. NOVA denies the allegations contained in paragraph 73 of the complaint.

74. NOVA denies the allegations contained in paragraph 74 of the complaint.

75. NOVA denies the allegations contained in paragraph 75 of the complaint.

76. NOVA denies the allegations contained in paragraph 76 of the complaint.

77. NOVA denies the allegations contained in paragraph 77 of the complaint.

## COUNT IX
### (INFRINGEMENT OF THE '366 PATENT BY NOVA)

78. NOVA incorporates by reference its responses to the allegations of paragraphs 1 through 77 as though fully set forth herein.

79. NOVA denies the allegations contained in paragraph 79 of the complaint.

80. NOVA denies the allegations contained in paragraph 80 of the complaint.

81. NOVA denies the allegations contained in paragraph 81 of the complaint.

82. NOVA denies the allegations contained in paragraph 82 of the complaint.

83. NOVA denies the allegations contained in paragraph 83 of the complaint.

84. NOVA denies the allegations contained in paragraph 84 of the complaint.

## ADDITIONAL DEFENSES

In further response to the Complaint, NOVA asserts the following additional defenses:

### First Additional Defense: Non-Infringement

85. NOVA has not infringed, induced infringement or contributed to the infringement of United States Patent Nos. 5,484,988, 6,164,528 and 6,283,366 ("patents-in-suit").

### Second Additional Defense: Patent Invalidity

86. Each of the patents-in-suit is invalid for failing to satisfy one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 or 112.

### Third Additional Defense: Inequitable Conduct '988 Patent

87. On December 29, 1992, the USPTO issued United States Patent No. 5,175,682, entitled "Check System and Method Including Prioritizing Checks for Transmission to Banks for Processing ("the '682 patent"). The '682 patent has an invention date of December 14, 1990, which precedes the invention date of the '988 patent by almost two years.

88. Since the '682 patent fully discloses the invention claimed in the '988 patent, the '682 patent would have been material to the USPTO's decision on whether to issue the '988 patent.

89. On information and belief, Mr. Robert R. Hills, one of the named inventors of the '988 patent, was aware of the '682 patent during the pendency of the application that led to the '988 patent and intentionally withheld this material information with the intent to deceive the USPTO. This action constitutes inequitable conduct, which renders the '988 patent unenforceable.

90. On information and belief, Mr. Henry Nichols, one of the named inventors of the '988 patent, was aware of the '682 patent during the pendency of the application that led to the

'988 patent and intentionally withheld this material information with the intent to deceive the USPTO. This action constitutes inequitable conduct, which renders the '988 patent unenforceable

### Fourth Additional Defense: Inequitable Conduct '528 and '366 Patents

91.     As described in a November 7, 1995, Sacramento Bee news article (attached as Exhibit A), a company named ChequeMark Systems was actively marketing a system within the scope of the '528 and '366 patent claims more than one year prior to the December 31, 1996, effective filing date of the '528 and '366 patents.

92.     On information and belief, Mr. Robert R. Hills, one of the named inventors of the '528 and '366 patents, was aware of this public use and sale during the pendency of the applications that led to the '528 and '366 patents, but intentionally withheld this material information from the USPTO. This action constitutes inequitable conduct, which renders the '528 and '366 patents unenforceable.

93.     On information and belief, Mr. Robert R. Hills disclosed the inventions claimed by the '528 and '366 patents to third parties, including Rocky Mountain Retail Systems, Inc. ("RMRS"). See ECHO0002722-0002748. This disclosure to RMRS contained information disclosing each and every element of certain claims of the '528 and '366 patents. This disclosure constitutes material prior art to the '528 and '366 patents and was intentionally withheld from the USPTO. This action constitutes inequitable conduct, which renders the '528 and '366 patents unenforceable.

94.     On information and belief, ChequeMark Patent, Inc. ("ChequeMark"), LML's predecessor entity and a related entity to LML, filed terminal disclaimers in the application that

resulted in the '528 patent. In filing the terminal disclaimers, ChequeMark was required to and did state that it owned all rights in the application leading to the '528 patent. At the time of the terminal disclaimers, however, ChequeMark did not own and had *never* owned all rights in the application. Instead, subsequent to the filing of the first terminal disclaimer, LML filed a suit in the United States District Court for the Middle District of Florida against Robert R. Hills seeking a declaratory judgment that LML owned those very rights. ChequeMark's declarations supporting the terminal disclaimers were false and misleading. This action constitutes inequitable conduct, which renders the '528 and '366 patents unenforceable.

95.   **[REDACTED MATTER]**

## COUNTERCLAIM FOR DECLARATORY RELIEF

NOVA asserts the following counterclaim against LML:

### Jurisdiction

96.   NOVA's counterclaim arises under the patent laws of the United States. The Court has subject matter jurisdiction over NOVA's counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

### Venue

97. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

### Parties

98. NOVA is, and at all times material hereto was, a Georgia corporation with its principal place of business in Atlanta, Georgia.

99. On information and belief, LML is, and at all times material hereto was, a Delaware corporation with its principal place of business in Vancouver, BC, Canada.

### Claim for Relief

100. By its complaint in this action, LML has alleged that it is the owner of the patents-in-suit, that the patents-in-suit are valid and enforceable and that NOVA has infringed the patents-in-suit. NOVA denies these allegations. A justiciable controversy therefore exists between NOVA and LML with respect to the patents-in-suit.

101. By this counterclaim, NOVA seeks a declaratory judgment that each of the patents-in-suit is invalid, unenforceable and not infringed by NOVA.

102. A judicial declaration is necessary and appropriate at this time in order that NOVA may ascertain its rights and duties with respect to the sale, manufacture and marketing of products which LML alleges infringe the patents-in-suit.

WHEREFORE, NOVA prays for relief as follows:

1. That LML take nothing by its Complaint;

2.  That the Court determine that NOVA and its products, processes and marketing do not infringe the patents-in-suit;

3.  That the Court declare that the patents-in-suit are invalid, unenforceable and void;

4.  That the Court determine that this is an extraordinary and exceptional case and award NOVA its attorneys' fees and litigation expenses under 28 U.S.C. § 1927, 35 U.S.C. § 285, and any other applicable statue or rule;

5.  That the Court award NOVA such other and further relief as the Court deems appropriate.

July 28, 2005                                THE BAYARD FIRM

                                             /s/ Richard D. Kirk (rk0922)
                                             222 Delaware Avenue, 9th Floor
                                             P.O. Box 25130
                                             Wilmington, DE  19899
                                             (302) 429-4208
                                             rkirk@bayardfirm.com
                                             Attorneys for defendant,
                                             NOVA Information Systems, Inc.
OF COUNSEL:
Mark C. Scarsi
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
(213) 430-6000