IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) <br><br> *FILED UNDER SEAL* <br><br> **REDACTED PUBLIC VERSION** |

**DEFENDANT NOVA INFORMATION SYSTEMS, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

July 28, 2005

THE BAYARD FIRM
Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for defendant,
NOVA Information Systems, Inc.

OF COUNSEL:
Mark C. Scarsi
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
(213) 430-6000

# TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDINGS ...............................................1

II.  SUMMARY OF THE ARGUMENT ...................................................................1

III. STATEMENT OF FACTS ...................................................................................1

IV.  ARGUMENT........................................................................................................4

V.   CONCLUSION....................................................................................................7

# TABLE OF AUTHORITIES

**Page**

*A.B. Dick Co. v. Burroughs Corp.*,
   617 F. Supp. 1382 (N.D. Ill. 1985) ................................................................. 6

*Becton Dickinson Co. v. Tyco Healthcare Group LP*,
   Civ. No. 02-1694-GMS (D. Del. October 1, 2004) ........................................ 5

*Driscoll v. Cebalo*,
   731 F.2d 878 (Fed. Cir. 1984) ......................................................................... 6

*Eddy v. V I. Water & Power Authority*,
   256 F.3d 204 (3d Cir. 2001) ............................................................................ 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ........................................................................................ 4

*Rhodia Chimie v. PPG Industries, Inc.*,
   Civ. No. 01-389-KAJ (D. Del. Jan. 28, 2003) ................................................ 5

*Seagate Technology LLC v. Cornice Inc.*,
   Civ. No. 04-418-SLR (D. Del. May 20, 2005) ............................................... 5

*Ward Electric Serv., Inc. v. First Commercial Bank*,
   819 F.2d 496 (4th Cir. 1987) .......................................................................... 5

## STATUTES

Fed. R. Civ. P. 15(a) ................................................................................................ 4

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff LML Patent Corp. ("LML") filed this patent infringement action on July 14, 2004. LML asserts infringement of three patents, U.S. Patent No. 5,484,988 ("'988 patent"); U.S. Patent No. 6,164,528 ("'528 patent"); and U.S. Patent No. 6,283,366 ("'366 patent"). Nova filed an Answer on September 17, 2004.

Although fact discovery closed on July 16, 2005, several depositions have been scheduled after the fact discovery deadline by agreement of the parties. One such deposition is that of the primary inventor, Robert Hills, whose activities are central to many of the bases of inequitable conduct asserted by Defendants.

II. **SUMMARY OF THE ARGUMENT**

1. Motions to amend should be freely granted when justice so requires.

2. The liberal policy of allowing amendments includes adding and changing theories, and even allows adding new causes of action. Nova is not adding new causes of action. Rather, Nova is amplifying a previously-stated affirmative defense of inequitable conduct.

3. There are no considerations of prejudice, undue delay, futility, or bad faith that weigh against the Court granting this Motion.

III. **STATEMENT OF FACTS**

Nova has asserted, and continues to assert, that the Applicants and Assignees of the patents in suit committed inequitable conduct by failing to inform the Patent Office that the Applicants themselves offered for sale systems within the scope of the patents more than one year prior to the effective filing date of the '528 and '366 patents.

As a result of Nova's discovery efforts and the efforts of its co-Defendants, including ongoing evaluation and legal analysis, Nova has learned of additional, new grounds for its previously asserted defense of inequitable conduct. Nova has worked diligently throughout the discovery period to develop the theories set forth in this Motion

596029v1

1

to Amend, recognizing the standards set forth in Rule 9 and Rule 11. Certain critical discovery, however, is still pending.

In particular, Mr. Robert Hills, the primary inventor on each of the asserted patents, has yet to be deposed. Mr. Hills' deposition was scheduled for the last week in June for three business days to allow sufficient time for all parties to inquire into the issues raised in this Motion as well as numerous other relevant issues. In late June, Mr. Hills unilaterally cancelled the deposition and filed a motion to quash and for Protective Order in the Court from which the relevant subpoena issued. Mr. Hills' motion was denied, and the parties are working to schedule the deposition in the near future. Nova is moving to amend its answer based on the information that has been collected during discovery despite the fact that many of the issues presented here will be addressed in Mr. Hills' deposition.

Apart from this future deposition, at which all parties will be entitled to question Mr. Hills, none of the new grounds asserted by Nova requires additional discovery. Indeed, as with most allegations of inequitable conduct, the patentee controls much of the relevant information, and therefore cannot reasonably claim prejudice based on defendants' assertion of new grounds. The first two of these grounds, listed below, are set forth in the Motion to Amend filed by Electronic Clearing House, Inc. and Xpresschex, Inc. on June 27, 2005, and are joined by Nova. The latter two grounds, also listed below, are set forth in the Motion to Amend filed by Telecheck Services, Inc. filed on July 15, 2005 and are joined by Nova. All of these grounds are asserted by Nova in its proposed Amended Answer. As set forth below, no new ground will require additional discovery or present any prejudice to LML:

> 1. *Failure to disclose to the Patent Office U.S. Patent No. 5,175,682 ("the '682 patent") issued to Higashiyama et al.*

The '682 patent constitutes material prior art to the '988 patent and discloses each and every element of one or more claims of the '988 patent. **[REDACTED MATTER]**

596029v1

**[REDACTED MATTER]**

No additional discovery need be taken regarding these facts. Mr. Nichols has been deposed, and LML questioned Mr. Nichols regarding the issues of inequitable conduct. Any additional discovery is in the hands of LML's patent attorneys and thus within LML's control.

2. *Failure to disclose to the Patent Office a prior public disclosure of the subject matter of the '528 and '366 patents.*

In 1993, more than one year prior to the effective priority date of the '528 patent and the '366 patent, Cheque Mark Systems, Inc. ("CSI") and Robert Hills disclosed the alleged inventions disclosed in and claimed by the '528 and '366 patents to third parties, including Rocky Mountain Retail Systems, Inc. ("RMRS"). See ECHO0002722-0002748. This disclosure to RMRS contained information disclosing each and every element of each claim of the '528 and '366 patents.

Mr. Hills is the primary – if not the only – witness on this topic, and his deposition is tentatively scheduled for August. All parties will have ample opportunity to depose Mr. Hills. Nova seeks no additional discovery.

3. *False and misleading declarations filed in the Patent Office to secure allowance of the '528 patent.*

ChequeMark Patent, Inc. ("ChequeMark"), LML's predecessor entity and a related entity to LML, filed terminal disclaimers in the application that resulted in the '528 patent. In filing terminal disclaimers, ChequeMark was required to and did state that it owned all rights in the application leading to the '528 patent. At the time of the terminal disclaimers, however, ChequeMark did not own and had *never* owned all rights in the application. Instead, subsequent to the filing of the first terminal disclaimer, LML filed a suit in the United States District Court for the Middle District of Florida against Robert R. Hills seeking a declaratory judgment that LML owned those very rights.

596029v1

3

ChequeMark's declarations supporting the terminal disclaimers were false and misleading.

All information regarding these grounds is in the hands of LML and its attorneys. Nova seeks no additional discovery.

    4.    *Failure to cite material prior art uncovered by LML's due diligence attorneys.*

**[REDACTED MATTER]**

All information regarding these grounds is in the hands of LML and its attorneys. Nova seeks no additional discovery.

## IV.    ARGUMENT

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Allowance of amendments to pleadings is a matter committed to the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Foman*, the Supreme Court emphasized that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Not even a change in a party's theory of the case suffices as a reason for denial absent a showing of

596029v1

4

the foregoing *Foman* considerations. *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).

This Court recently granted a defendant's motion for leave to file its amended answer and counterclaims on facts analogous to the instant case. *Seagate Technology LLC v. Cornice Inc.*, May 20, 2005 Order, Civ. No. 04-418-SLR (attached as Exhibit 1). In that case, the defendant, Cornice Inc., sought leave to amend its answer and add an additional counterclaim more than three months after the deadline specified in the Scheduling Order for parties to move to amend pleadings. This Court granted the motion stating that "the motion was timely filed, is not futile on its face, and will not prejudice the plaintiff." *Id*.

This case presents a similar situation. The deadline for amending pleadings fell even before the deadline for completing document production, and any new defenses developed during discovery would necessarily require a motion after the deadline. In fact, these proposed amendments do not add any new defense or theory of the case, but merely amplify Nova's existing defense of inequitable conduct.

The need to add additional grounds of inequitable conduct is not uncommon in patent litigation, given the pleading requirements of Rule 9 and the frequent need for discovery to uncover those grounds. Given these factors, motions to add new grounds of inequitable conduct have frequently been granted. *Rhodia Chimie v. PPG Industries, Inc.*, Civ. No. 01-389-KAJ (D. Del. Jan. 28, 2003) (granting motion to add new ground of inequitable conduct despite accusations of futility and unexplained delay) (attached as Exhibit 2); *Becton Dickinson Co. v. Tyco Healthcare Group LP*, Civ. No. 02-1694-GMS (D. Del. Oct. 1, 2004) (attached as Exhibit 3). In *Becton*, for example, the Court allowed defendant to amend the pleadings shortly before trial to add new grounds of inequitable conduct, conforming the pleadings to the defendants' discovery responses. *Becton,* p. 5-6. The Court noted that all relevant facts were under plaintiff's control, and that plaintiff would not be unfairly prejudiced.

596029v1

This case falls firmly within the bounds of such case law. This is complex litigation in which hundreds of thousands of documents have been produced and in which dozens of witnesses, including numerous third party witnesses, have been and are scheduled to be deposed, including the lead inventor Mr. Hills. Nova has diligently investigated and analyzed facts related to its inequitable conduct defense. LML is in control of most operative facts, and has had or will have an opportunity for any necessary discovery. Moreover, each new ground is firmly supported by the law and facts. Indeed, the pattern of non-disclosure and misrepresentation revealed by these facts constitutes independent evidence of deceptive intent and inequitable conduct. *A.B. Dick Co. v. Burroughs Corp.*, 617 F. Supp. 1382, 1396 (N.D. Ill. 1985) (*citing Driscoll v. Cebalo*, 731 F.2d 878, 885 (Fed. Cir. 1984)).

Nova is not seeking to add new counterclaims or defenses. Instead, it seeks to amplify an existing defense based on recently acquired information. As previously discussed, this motion is timely, is not futile, and will not prejudice LML. Under these circumstances, LML will not and cannot be unduly prejudiced by the Court's granting of this Motion, and the Motion should be granted. *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.).

## V. CONCLUSION

For the reasons set forth above, Nova's Motion to Amend should be granted.

July 28, 2005                                THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for defendant,
NOVA Information Systems, Inc.

OF COUNSEL:
Mark C. Scarsi
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

596029v1

7