IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>      Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>      Defendants. | C.A. 04-858 (SLR) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Dated: August 5, 2005

William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Stamatios Stamoulis (#4606)
Tara D. Elliott (#4483)
Sean P. Hayes (#4413)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

*Attorneys for Defendant
TeleCheck Services, Inc.*

**TABLE OF CONTENTS**

                                                              **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT ................................................................................................................1

III.    CONCLUSION ............................................................................................................6

# TABLE OF AUTHORITIES

*Enzo Life Sci., Inc. v. Digene Corp.*,
    270 F. Supp. 2d 484 (D. Del. 2003)..................................................................1, 4

*Precision Instruments Mfg. Co. v. Auto Maint. Mach. Co.*,
    324 U.S. 806 (1945)..............................................................................................4

*Symbol Technologies, Inc. v. Proxim Inc.*,
    2003 WL 1905637 (D. Del. April 17, 2003)..................................................1, 3, 4

I. **INTRODUCTION**

The Court should grant TeleCheck's application for leave to amend its affirmative defenses (D.I. 232) to include new grounds for its previously asserted allegations of inequitable conduct. LML has not and will not be prejudiced by this amendment, the amendment is not being made in bad faith and TeleCheck has not unreasonably delayed in making its application to the Court. TeleCheck originally asserted its defense of inequitable conduct prior to the start of fact discovery and LML has been on notice of this defense since that time. Documents and testimony uncovered during fact discovery have provided TeleCheck with the ability to plead its already asserted inequitable conduct defense with greater particularity. LML's suggestion that TeleCheck's application is untimely, because TeleCheck did not move to supplement its answer each and every time it learned of a new fact relating to inequitable conduct, is wrong as a matter of law and judicial efficiency. The well settled law of this district supports granting TeleCheck's application for leave to amend its answer. *See, e.g. Symbol Technologies, Inc. v. Proxim Inc.*, 2003 WL 1905637 (D. Del. April 17, 2003); *Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003).

II. **ARGUMENT**

LML will not been prejudiced in any way by allowing TeleCheck to supplement its affirmative defenses related to inequitable conduct. LML admits as much in its opposition brief, where its sole basis for contesting TeleCheck's application is predicated on a claim of "undue delay." In its opposition, LML acknowledges that document production was not completed in this case until over three months after the deadline to amend pleadings as of right had passed. LML also admits that some fact discovery is still

1

ongoing and that the deposition of one of the inventors occurred just three weeks ago, while the principal inventor has yet to be deposed. Because TeleCheck's charges of inequitable conduct are primarily based on the actions the patentees took with regard to the prosecution of the patents in suit, TeleCheck could not reasonably be expected to have defined every basis for its inequitable conduct allegations prior to the completion of fact discovery related to the prosecution of the patents.

LML, on the other hand, has known about this inequitable conduct at least since the time it acquired the patents-in-suit. LML has litigated the ownership of these patents extensively. LML, in fact, has itself committed a number of the acts that are the basis for TeleCheck's inequitable conduct allegations. Thus, LML cannot claim prejudice based on unfair surprise because none of the inequitable conduct discovered by TeleCheck should come as any surprise to LML.

Indeed, because of Mr. Hills' efforts to thwart TeleCheck from taking his deposition, the extent of the inequitable conduct in this case is not yet known. It is possible that the deposition of Mr. Hills will reveal other instances of inequitable conduct, conduct that LML is fully aware of but is, as yet, unknown to TeleCheck. Nevertheless, enough new information evidencing inequitable conduct has come to light since the start of fact discovery that a supplementation to TeleCheck's answer is now warranted.

In its opposition, LML has asserted the absurd proposition that TeleCheck is obligated to file a motion to amend its pleadings immediately after it learns of each and every fact that relates to inequitable conduct. Not only would such a piecemeal approach

be inefficient, LML's proposed approach is completely unreasonable. LML has owned these patents for years and has researched them extensively. TeleCheck, on the other hand, was sued only a year ago. Millions of pages of documents have been produced in this litigation and dozens of witnesses have been deposed. It is patently unreasonable to expect TeleCheck to evaluate each and every piece of evidence the moment it is uncovered and then file a new motion each time a fact supporting inequitable conduct is learned. TeleCheck's analysis has taken time because TeleCheck does not want to burden the Court with frivolous allegations. TeleCheck filed its application for leave to amend immediately after its analysis on inequitable conduct was largely complete; there was no delay in that respect. In fact, as discussed above, all of the facts related to LML's inequitable conduct may not yet be known to TeleCheck. For this reason, TeleCheck's present application for leave to amend cannot be considered untimely.

In *Symbol Technologies, Inc. v. Proxim Inc.*, 2003 WL 1905637 (April 17, 2003 D. Del), the Court resolved a similar dispute involving facts less favorable to the movant and granted leave to amend. The plaintiff in *Symbol* sought leave to amend its complaint and counterclaim answer in order to ***add - for the first time -*** allegations of inequitable conduct. The application for amendment came approximately seven months after the deadline for all amendments to pleadings, almost five months after the close of fact discovery and just five months before trial. *See id.* at *1. Unlike LML, the patentee in *Symbol* had no formal notice of the inequitable conduct allegation until the counterclaim defendant sought leave to amend its answer. *See id.* at *2. Despite claims of undue delay, as well as prejudice and futility, the Court allowed Symbol's amendment. The Court held that "[p]laintiff's proposed amendment is narrow and largely based on facts

3

defendant has known throughout the case. Furthermore, based on the record, there is no evidence that the delay of plaintiff's amendment is undue or that it is being made in bad faith or for a dilatory motive." *Id.* at 3.

Just as in *Symbol*, LML has been aware of the facts surrounding the inequitable conduct committed by the patentees since the start of this case. Indeed, because LML has extensively litigated facts related to the ownership of patents in the past, LML was aware of the inequitable conduct committed by the patentees long before it ever filed this case. Additionally, TeleCheck asserted its inequitable conduct defense prior to the deadline for amendments to pleadings in December 2004. Thus, LML has been "on notice" of TeleCheck's inequitable conduct defense since before the *start* of fact discovery. That is why LML has not raised any claim of unfair prejudice in its opposition to TeleCheck's application for leave to amend.

Granting TeleCheck's application would also be consistent with other precedent of this Court and with sound public policy. *See Precision Instruments Mfg. Co. v. Auto Maint. Mach. Co.*, 324 U.S. 806, 816 (1945) ("The far reaching social and economic consequences of a patent ... give the public a paramount interest in seeing that patent monopolies spring from backgrounds free from fraud and other inequitable conduct and that such monopolies are kept within their legitimate scope.") Accordingly the courts of this district have often granted leave to add the defense of inequitable conduct. *See, e.g., Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003) (granting application to add an inequitable conduct defense).

Trial in this case is not scheduled to commence for at least another eight months, so allowing TeleCheck to plead its already asserted inequitable conduct defense with greater particularity will not in any way delay trial or prolong discovery. LML has also criticized TeleCheck for waiting until after the close of fact discovery to move for this amendment, thus depriving LML of an opportunity "to ask questions about these new allegations during depositions that took place between July 11 and July 15." (LML Opp. at 5) (D.I. 251). First, TeleCheck's allegations are not new, as had been explained above. Furthermore, some of the facts that gave rise to the Motion to Amend came from depositions that were timely noticed and only recently concluded. LML's counsel were present at those depositions and free to ask their own questions of these witnesses. Moreover, the deposition of the principal inventor of the patents-in-suit, Mr. Hills, has yet to occur.

LML does not identify any witness deposed during that second week of July that it would have questioned, or what questions it would have asked of those witnesses. In fact, any "questions" LML has about the inequitable conduct committed by the patentees can be answered by Mr. Hills. Finally, the grounds for inequitable conduct added solely by TeleCheck's amendment (namely the filing of false declarations by LML and the failure of LML to cite the material prior art uncovered by its own attorneys) are topics within the complete control of LML. Thus LML's off-hand comment that it has somehow been deprived of the opportunity to ask questions on these topics is untrue, misleads the Court and is ultimately irrelevant.

### III. CONCLUSION

For at least all of the foregoing reasons, the Court should grant TeleCheck's Motion to Amend (D.I. 232).

Respectfully Submitted,

Dated: August 5, 2005        FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Stamatios Stamoulis (#4606)
Tara D. Elliott (#4483)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

*Attorneys for Defendant
TeleCheck Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, I electronically filed the REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann Esq.<br>Mary B. Matterer, Esq.<br>Morris James Hitchens & Williams<br>PNC Bank Center<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306 | Attorneys for Plaintiff<br>LML Patent Corp. |
| Collins J. Seitz, Jr.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19801 | Attorneys for Defendants<br>Electronic Clearing House, Inc. and<br>Xpress Check, Inc. |
| Richard D. Kirk, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | Attorney for Defendants<br>Nova Information Systems, Inc. |

I hereby certify that on August 5, 2005, I have sent via electronic mail and via United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Russell Levine, Esq.<br>Christian C. Taylor<br>Kirkland & Ellis (Chicago)<br>200 East Randolph Drive<br>Chicago, IL 60601 | Robert Jacobs, Esq.<br>Belasco Jacobs & Townsley, LLP<br>Howard Hughes Center<br>6100 Center Drive, Suite 630<br>Los Angeles, CA 90045 |
| Mark C. Scarsi<br>O'Melveny & Myers LLP<br>400 S Hope Street<br>Los Angeles, CA 90071 | /s/ Stamatios Stamoulis<br>Stamatios Stamoulis (#4606) |

80026286.doc

1