IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-858 SLR |
| TELECHECK SERVICES, INC., | ) | |
| ELECTRONIC CLEARING HOUSE, INC., | ) | |
| XPRESSCHEX, INC., and | ) | |
| NOVA INFORMATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**LML PATENT CORP.'S OPPOSITION TO NOVA INFORMATION SYSTEMS, INC.'S
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER
<u>AND AFFIRMATIVE DEFENSES</u>**

>                                     Richard K. Herrmann #405
>                                     Mary B. Matterer #2696
>                                     MORRIS, JAMES, HITCHENS &
>                                     WILLIAMS LLP
>                                     222 Delaware Avenue, 10th Floor
>                                     Wilmington, Delaware  19801
>                                     (302) 888-6816
>                                     rherrmann@morrisjames.com
>                                     mmatterer@morrisjames.com
>
>                                     Russell E. Levine, P.C.
>                                     Jamie H. McDole
>                                     KIRKLAND & ELLIS LLP
>                                     200 East Randolph Drive
>                                     Chicago, Illinois  60601
>                                     (312) 861-2000
>
>                                     *Attorneys for LML Patent Corp.*

Dated:  August 8, 2005

**Table of Contents**

| | | |
|---|---|---:|
| I. | Background Facts | 1 |
| II. | Legal Standard | 2 |
| III. | Analysis | 3 |
| IV. | Conclusion | 5 |

# Table of Authorities

**Cases**

*Cresswell v. Sullivan & Cromwell*,
    922 F.2d 60 (2d Cir. 1990)..................................................................................... 2

*Cummings v. City of Phil.*,
    2004 WL 906259 (E.D. Pa. Apr. 26, 2004) ............................................................ 3

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
    252 F.3d 267 (3d Cir. 2001).................................................................................. 2, 4

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................. 2

*Lindquist v. Buckingham Township*,
    2004 WL 1598735 (3d Cir. July 19, 2004)............................................................. 2

*McLaughlin v. Diamond State Port Corp.*,
    2004 WL 2958664 (D. Del. Dec. 21, 2004)......................................................... 2, 3

*Rizzo v. PPL Serv. Corp.*,
    2005 WL 1397217 (E.D. Pa. June 10, 2005) .......................................................... 3

*Rolo v. City Investing Co. Liquidating Trust*,
    155 F.3d 644 (3d Cir. 1998).................................................................................... 2

*Tarkett v. Congoleum Corp.*,
    144 F.R.D. 289 (E.D. Pa. 1992).......................................................................... 2, 3

*Universal Computer Consulting, Inc. v. Pitcairn Enters., Inc.*,
    2005 WL 1213884 (E.D. Pa. May 18, 2005) .......................................................... 2

Defendant Nova Information Systems, Inc.'s ("Nova's") motion is most noteworthy for what it does not say. Nowhere in the motion does Nova explain why it has waited so long before attempting to amend its answer in an eleventh hour bid to catapult new, undisclosed defenses into this litigation. Indeed, Nova has possessed for several months most, if not all, of the documents and information it now relies upon to support its new allegations. Yet, Nova waited until July 25, 2005 to file the present motion -- over 6 months after the deadline for filing such a motion and over a week after the close of fact discovery. Discovery is closed and expert reports are due in less than a week. Because Nova has unduly delayed in asserting these new allegations, this Court should deny Nova's motion.

## I.     Background Facts

Pursuant to this Court's October 22, 2004 scheduling order, "All motions to join other Parties and/or amend the pleadings shall be filed on or before **December 3, 2004**." (Ex. 1, October 22, 2004 Scheduling Order (emphasis added)). Nova filed the present motion on **July 25, 2005 –** more than 6 months past the Court-ordered deadline and more than a week after fact discovery closed in this case.

Discovery in this case began in October 2004. (Ex. 1, October 22, 2004 Scheduling Order). LML produced responsive documents to Nova, beginning in October 2004, on a rolling and cooperative basis and substantially completed its production in accordance with the Court's Scheduling Order by January 21, 2005. LML completed its production in accordance with the Scheduling Order by March 4, 2005. Likewise, the parties during this time period exchanged and responded to interrogatories, which were directed at the claims and defenses raised in the present litigation. The parties are due to exchange burden-of-proof expert reports on August 12, 2005.

## II. Legal Standard

Whether to allow a party to amend its pleading to add new defenses is committed to the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has identified several instances where leave to amend pleading may be denied, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party to virtue of allowance of the amendment, [or] futility." *Id*.

Undue delay by the movant is grounds for denying a motion for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In fact, nothing more need be shown – undue delay alone is grounds for denying a motion for leave to amend. *See e.g., Lindquist v. Buckingham Township*, 2004 WL 1598735, at *6 (3d Cir. July 19, 2004) (unreported). "The moving party bears the burden of proof in explaining the reasons for the delay in seeking leave to amend." *Tarkett v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992) (*citing Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990); *see also McLaughlin v. Diamond State Port Corp.*, 2004 WL 2958664, at * 4 (D. Del. Dec. 21, 2004) (noting that "It is counsel's responsibility to point the court to relevant evidence" explaining any delay).

In general, the question of undue delay requires the court to focus on the movant's reasons for not amending sooner. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Delay may become undue when a movant has failed to amend despite previous opportunities to do so. *See e.g., Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998). ***Mere failure to review documents, when a party or counsel had ample opportunity to do so, does not serve as an adequate justification for delay.*** Universal Computer Consulting, Inc. v. Pitcairn Enters., Inc.*, 2005 WL 1213884, at * 3 (E.D. Pa. May 18, 2005) (finding undue delay and denying motion for leave to amend where allegedly newly-uncovered

- 2 -

evidence had been in the hands of movant for two years); *see also Cummings v. City of Phil.*, 2004 WL 906259, at *4 (E.D. Pa. Apr. 26, 2004) (denying leave to amend where the allegedly new information was discovered over two months prior to filing a motion for leave to amend). Courts in this circuit have found even one-month delays to be undue. *Rizzo v. PPL Serv. Corp.*, 2005 WL 1397217, at * 3-4 (E.D. Pa. June 10, 2005) (finding undue delay and denying motion for leave to amend where "Plaintiffs simply failed to request leave to amend their complaint in a prompt manner and have not presented any reason for that delay").

Lastly, as this Court has pointed out, "The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation strategies. If the court were to permit parties to ignore these deadlines, unfair surprise would abound." *McLaughlin,* 2004 WL 2958664, at * 4 (denying motion for leave to amend based on prolonged delay and undue prejudice).

### III.    Analysis

In its motion, Nova seeks to add four new allegations of inequitable conduct to its answer. But, the undisputed facts show that Nova had the information that serves as the bases for its new allegations for several months. Nevertheless, Nova ***waited until 9 days <u>after</u> the close of fact discovery to file the present motion.***  That's undue delay.

The law is clear that "the moving party bears the burden of proof in explaining the reasons for the delay in seeking leave to amend." *Tarkett,* 144 F.R.D. at 290. Nova points to no new testimony or other truly new evidence on which it relies as bases for its amended claims. ***Rather, Nova has possessed all of the documents and information which allegedly support its new allegations for several months.*** It was simply delay on Nova's part that led Nova to disregard the schedule in this case and delay its analysis of this known evidence until the last day of the discovery period.

For instance, with respect to Nova's first new allegation (relating to the '682 patent), Nova's attempts to justify its delay by referring to "recent discovery." *See* Nova's Memorandum at 2. But, as Nova freely admits, this discovery only "confirmed" information that it had long known. In addition, Nova's second new allegation (relating to an alleged prior public disclosure to RMRS) is solely based on documents labeled ECHO0002722-2748 which were produced by Nova's co-Defendant, Electronic Clearing House, Inc., to all parties on February 24, 2005 -- over five months ago. Nova's third new allegation (relating to a declaration filed at the PTO) is based solely on the prosecution history of the '528 patent -- a document in Nova's possession for a couple years, and a document that was produced in this case at the beginning of discovery over nine months ago. Finally, Nova's fourth new allegation (relating to LML's due diligence) is based on an opinion produced by LML on March 4, 2005 -- over four months ago. Thus, Nova's delay is not measured in days or weeks, but in months. This is the epitome of undue delay.

Nova's delay in filing its present motion has been not weeks, but months. Nova proffers no reasonable explanation for its undue delay, as no valid excuse exists. Indeed, while the present motion could have and should have been brought prior to the deadline for amending the pleadings, Nova waited until the last day of discovery to catapult these new allegations into the case. *Cureton*, 252 F.3d at 273 (holding that a court should focus on the movant's reasons for not amending sooner). Thus, this Court should deny Nova's request for leave to amend on the basis of this undue delay.

**IV.    Conclusion**

For the foregoing reasons, LML respectfully requests that the Court deny Nova's Motion for Leave to File an Amended Answer and Affirmative Defenses.

DATED this 8th day of August, 2005

                                          */s/ Mary B. Matterer*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6816
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August 2005, I electronically filed the foregoing document, **LML PATENT CORP.'S OPPOSITION TO NOVA INFORMATION SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Collins J. Seitz, Jr., Esq. | William J. Marsden, Jr., Esq. |
| Francis DiGiovanni, Esq. | Timothy Devlin, Esq. |
| Connolly Bove Lodge & Hutz LLP | Fish & Richardson, P.C. |
| 1007 North Orange Street | 919 North Market Street, Suite 1100 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 8th day of August, 2005, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq. | Mark C. Scarsi, Esq. |
| Mark B. Mizrahi, Esq. | Vision L. Winter, Esq. |
| Belasco Jacobs & Townsley, LLP | O'Melveny & Myers LLP |
| Howard Hughes Center | 400 South Hope Street |
| 6100 Center Drive, Suite 630 | Los Angeles, CA 90071 |
| Los Angeles, CA 90045 | |

                                               */s/ Mary B. Matterer*
                                               Richard K. Herrmann (#405)
                                               Mary B. Matterer (#2696)
                                               MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                               222 Delaware Avenue, 10th Floor
                                               Wilmington, Delaware 19801
                                               (302) 888-6800
                                               mmatterer@morrisjames.com

                                               *Attorneys for LML Patent Corp.*