IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE,<br>INC., XPRESSCHEX, INC. and<br>NOVA INFORMATION SYSTEMS,<br>INC.,<br>    Defendants. | C.A. 04-858 (SLR) |

**DEFENDANT NOVA INFORMATION SYSTEMS, INC.'S
REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND AFFIRMATIVE DEFENSES [D.I. 244]**

August 16, 2005

THE BAYARD FIRM
Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for defendant,
NOVA Information Systems, Inc.

OF COUNSEL:
Mark C. Scarsi
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................. 1
II.  ARGUMENT ....................................................................................................................... 1
III. CONCLUSION .................................................................................................................... 4

## TABLE OF AUTHORITIES

Page

CASES

*Enzo Life Sci., Inc. v. Digene Corp.*,
   270 F. Supp. 2d 484 (D. Del. 2003) ............................................................................. 1, 3

*Precision Instruments Mfg. Co. v. Auto Maint. Mach. Co.*,
   324 U.S. 806 (1945) ............................................................................................................. 3

*Symbol Technologies, Inc. v. Proxim Inc.*,
   2003 WL 1905637 (D. Del. April 17, 2003) .............................................................. 1, 2, 3

I.  **INTRODUCTION**

The Court should grant Nova's application for leave to amend its affirmative defenses to include new grounds for its previously asserted allegations of inequitable conduct. LML has not been and will not be prejudiced by this amendment, the amendment is not being made in bad faith and Nova has not unreasonably delayed in making its application to the Court. Nova originally asserted its defense of inequitable conduct in its answer to LML's complaint. LML has been on notice of this defense since well before discovery began. Documents and testimony uncovered during fact discovery have provided Nova with the ability to plead its already asserted inequitable conduct defense with greater particularity. LML's suggestion that Nova's application is untimely, because Nova did not move to supplement its answer each and every time it learned of a new fact relating to inequitable conduct, is wrong as a matter of law and judicial efficiency. The well settled law of this district supports granting Nova's application for leave to amend its answer. *See, e.g., Symbol Technologies, Inc. v. Proxim Inc.*, 2003 WL 1905637 (D. Del. April 17, 2003); *Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003).

II.  **ARGUMENT**

LML will not be prejudiced in any way by allowing Nova to supplement its affirmative defenses related to inequitable conduct. LML admits as much in its opposition brief, where its sole basis for contesting Nova's application is predicated on a claim of "undue delay." In its opposition, LML acknowledges that document production was not completed in this case until over three months after the deadline to amend pleadings as of right had passed. Some fact discovery is ongoing as the principal inventor has yet to be deposed. Because Nova's charges of inequitable conduct are primarily based on the actions the patentees took with regard to the prosecution of the patents in suit, Nova could not reasonably be expected to have defined every basis for its inequitable conduct allegations prior to the completion of fact discovery related to the prosecution of the patents.

LML, on the other hand, has likely known about this inequitable conduct at least since

1

the time it acquired the patents-in-suit. LML has litigated the ownership of these patents extensively. LML, in fact, has itself committed a number of the acts that are the basis for Nova's inequitable conduct allegations. Thus, LML cannot claim prejudice based on unfair surprise because none of the inequitable conduct discovered by Nova should come as any surprise to LML.

LML states that "***Nova has possessed all of the documents and information which allegedly support its new allegations for several months***" (emphasis in original). LML's Memorandum at 3. This is simply not true. For example, Nova seeks to add the defense that the second inventor, Mr. Henry Nichols, was aware of certain key prior art during the pendency of the original patent. It was not until July 13, 2005, less than two weeks before Nova's motion was filed, that the first witness testified that Nichols had contacted her in an effort to purchase the prior art patent during the pendency of the original patent. LML has been generally aware of this defense for over ten months, Nova now seeks to plead it with more particularity. Nova had previously pled, in its original answer, that the first inventor, Mr. Robert Hills, was aware of this prior art reference. Now Nova is seeking to allege that both inventors (instead of just one) were aware of this prior art reference. This is what LML characterizes as "an eleventh hour bid to catapult new, undisclosed defenses into this litigation." *See* Id. at 1.

In its opposition, LML has asserted that Nova is obligated to file a motion to amend its pleadings immediately after it learns of each and every fact that relates to inequitable conduct. Not only would such a piecemeal approach be inefficient, LML's proposed approach is completely unreasonable. LML has owned these patents for years and has researched them extensively. Nova, on the other hand, was sued only 13 months ago. Millions of pages of documents have been produced in this litigation and dozens of witnesses have been deposed. It is patently unreasonable to expect Nova to evaluate each and every piece of evidence the moment it is uncovered and then file a new motion each time a fact supporting inequitable conduct is learned. Nova's analysis has taken time because Nova does not want to burden the Court with frivolous allegations. Nova filed its application for leave to amend promptly after its

2

analysis on inequitable conduct was largely complete; there was no delay in that respect. In fact, all of the facts related to LML's inequitable conduct may not yet be known to Nova based on the actions of Mr. Hills that forced all parties to delay his deposition. For this reason, Nova's present application for leave to amend cannot be considered untimely.

In *Symbol Technologies, Inc. v. Proxim Inc.*, 2003 WL 1905637 (April 17, 2003 D. Del), the Court resolved a similar dispute involving facts less favorable to the movant and granted leave to amend. The plaintiff in *Symbol* sought leave to amend its complaint and counterclaim answer in order to **add—*for the first time***—allegations of inequitable conduct. The application for amendment came approximately seven months after the deadline for all amendments to pleadings, almost five months after the close of fact discovery and just five months before trial. *See id.* at \*1. Unlike LML, the patentee in *Symbol* had no formal notice of the inequitable conduct allegation until the counterclaim defendant sought leave to amend its answer. *See id.* at \*2. Despite claims of undue delay, as well as prejudice and futility, the Court allowed Symbol's amendment. The Court held that "[p]laintiff's proposed amendment is narrow and largely based on facts defendant has known throughout the case. Furthermore, based on the record, there is no evidence that the delay of plaintiff's amendment is undue or that it is being made in bad faith or for a dilatory motive." *Id.* at 3.

Just as in *Symbol*, LML has been aware of the facts surrounding the inequitable conduct committed by the patentees since the start of this case. Indeed, because LML has extensively litigated facts related to the ownership of patents in the past, LML was aware of the inequitable conduct committed by the patentees long before it ever filed this case. Additionally, Nova asserted its inequitable conduct defense in its original answer in September 2004. Thus, LML has been "on notice" of Nova's inequitable conduct defense since before the *start* of fact discovery. That is why LML has not raised any claim of unfair prejudice in its opposition to Nova's application for leave to amend.

Granting Nova's application would also be consistent with other precedent of this Court and with sound public policy. *See Precision Instruments Mfg. Co. v. Auto Maint. Mach. Co.*, 324

3

U.S. 806, 816 (1945) ("The far reaching social and economic consequences of a patent . . . give the public a paramount interest in seeing that patent monopolies spring from backgrounds free from fraud and other inequitable conduct and that such monopolies are kept within their legitimate scope.")  Accordingly the courts of this district have often granted leave to add the defense of inequitable conduct.  *See, e.g., Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003) (granting application to add an inequitable conduct defense).

Trial in this case is not scheduled to commence for another eight months, so allowing Nova to plead its already asserted inequitable conduct defense with greater particularity will not in any way delay trial or prolong discovery.

### III. CONCLUSION

For at least all of the foregoing reasons, the Court should grant Nova's Motion to Amend.

August 16, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for defendant,
NOVA Information Systems, Inc.

OF COUNSEL:
Mark C. Scarsi
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
(213) 430-6000

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 16, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard K. Hermann, Esq.
Mary B. Matterer, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th floor
P.O. Box 2306
Wilmington, DE  19801

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Francis DiGiovanni, Esq.
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899

The undersigned counsel further certifies that, on August 16, 2005, copies of the foregoing document were sent by hand and email to the above local counsel and by first class mail and email to the following non-registered participants:

Russell E. Levine, Esq.
Christian Chadd Taylor, Esq.
Edward K. Runyan, Esq.
Soo Choi, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

/s/ Richard D. Kirk (rk0922)

578216v1