IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-858 SLR |
| ) | |
| TELECHECK SERVICES, INC., ) | |
| ELECTRONIC CLEARING HOUSE, INC., ) | |
| XPRESSCHEX, INC., and ) | |
| NOVA INFORMATION SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

**SPECIAL DISCOVERY MASTER ORDER NO. 3**

Louis C. Bechtle, Special Discovery Master          September 23, 2005

**General Observations**

This Order addresses the motion set forth in the letter of LML Patent Corp. (LML) dated August 18, 2005 seeking the production of documents from defendant Electronic Clearing House, Inc. and XpressChex, Inc. (ECHO), ECHO's response thereto, dated August 25, 2005 and LML's reply, dated September 1, 2005.

Discovery in this case has been pending for nearly a year. There has been extremely active discovery activity associated with the preparation of privilege logs by the defendants, TeleCheck, ECHO and since early in 2005. There have been revisions of those logs, and hearings before the court in respect to the timeliness of those logs. The court has granted an extension for those logs to be completed. The parties met with the SDM on July 7, 2005 at which time they were asked by the defendants were asked by the SDM to take a hard look at their privilege logs to see if any additional entries could be removed from a claim of privilege. A

schedule was developed for the presentation to the court of the parties' various positions that would remain following that review, which was intended to result in the plaintiff filing its motion and the defendants their response to the remaining claims of privilege still in dispute.

On August 8, 2005, the SDM requested that the defendants provide to the SDM a "cast of characters", that was to contain "in alphabetical order the names of the persons who I will rely upon as an element supporting a claim of privilege and a description of their employment status or role." The SDM stated in that letter if there is a name shown who has had access to the document and I am not made aware of the person's involvement or status, there would be a strong basis to deny the claim of privilege." The importance of knowing the names of the attorneys or authors or recipients, as well as individuals who are either employed or affiliated with a party is crucial in determining privilege status. Whether a privilege has been waived by disclosure to an unaffiliated third party, or whether or not there is a basis to conclude that a party has received confidential communication as a person with a "need to know" or with a common legal interest is always present when document distribution is widespread.

On August 18, 2005, plaintiff filed its motion to compel in respect to the privilege logs of TeleCheck and ECHO. The SDM agreed with NOVA that because only eight of its documents were at issue, they should be provided to the SDM to examine *in camera* for a prompt ruling. The NOVA examination has been completed and Special Discovery Master Order No. 2 was issued on August 30, 2005.

This Order will rule upon LML's motion in respect to ECHO.

**LML's Motion to Compel against ECHO**

LML's motion of August 18, 2005 articulates in four categories approximately 100 documents that plaintiff contends should be produced because ECHO's log failed to support

the necessary elements to warrant the allowing of privilege. Those four categories as presented by LML in its motion are:

> Tab A – entries not involving or identifying an attorney;
>
> Tab B – (Does not apply to ECHO);
>
> Tab C – Documents provided to third parties;
>
> Tab D – inadequate descriptions; and
>
> Tab E – Documents within scope of waiver.

The standards to be applied to the various privileges and protection claimed by ECHO are as follows:

### 1. Attorney Client Privilege

The attorney client privilege will apply: 1. [w]here legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection by waived."

### 2. Common Interest

The voluntary disclosure of attorney-client communications or documents to a third party waives the attorney-client privilege. *See Westinghouse Electric Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991); *Helman v. Murray's Steaks, Inc.*, 728 F.Supp. 1099, 1103 (D. Del. 1990). There is no waiver, however, if the parties, sharing the communication satisfy the "common interest" exception to the waiver doctrine. To succeed in this regard, the parties' interest must be common and not "adverse" at the time of disclosure to the other party. *Katz v. AT&T Corp.* 191 F.R.D., 433, 437, E.D. Pa. 2000). The interest that is

common to the parties sharing the information, however, must be a legal interest as opposed to a common, commercial interest. *See Bank Brussells Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995); *Union Carbide Corp. v. Dow Chemical Co.*, 619 F.Supp. 1036, 1047 (D. Del. 1985).

### 3. Work Product Doctrine

Federal Rule of Civil *Procedure* 26(b)(3) provides in respect to the doctrine of work product as follows:

> (3)     Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As can be seen, this provision articulates the condition under which otherwise broad discovery under F.R.C.P. Rule 26(b)(1) can be blocked in order to protect the product of an attorney's professional contribution to his client's cause in the form of strategy, theories, analyses, impressions, and related input on behalf of his client. This protection is qualified under the provisions of the Rule in the face of substantial need or undue hardship determined by the court to warrant intrusion into the work product.

### 4. Waiver of Privilege by Placing Matters "in issue"

Here, the essence of the waiver notion is that selected disclosure of certain privilege documents can require, in fairness to an adversary, the disclosure of other privilege

documents or communication on the same subject. Here, the defendants have waived their attorney client privilege on the issue of willful infringement asserted by plaintiff by declaring that the defense to that claim is their reliance on the opinion of counsel. *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 397 (D. Del. 2002); *Mosel Vitelic Corp. v. Micron Tech., Inc.*, 162 F. Supp. 2d 307, 311-13 (D. Del. 2000); *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 620-21 (D. Del. 1993). The waiver also extends to any document relating to the opinion in the possession of the accused infringer or any document relating to the opinion of counsel regardless of who is in possession of the document. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *Mosel Vitelic Corp.*, 162 F. Supp. 2d at 311-13.

### 5. Privilege Log

Federal Rule of Civil Procedure 26(b)(5) and the case law cited to the SDM hold that the party asserting the privilege must produce a log entry that "will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). A proper claim of attorney-client privilege "requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D.Del. 1974).

### 6. The Method Used by the SDM to Rule on Claims and Objections

The SDM has listed on the attached schedules each document that has been examined *en camera*. As to each document, the SDM has determined following review an application of the standards set forth herein if the privilege claimed is to be allowed (Y) or it is not to be allowed (N). The defense of Reliance on Opinion of Counsel has been advanced by the defendants in respect to the plaintiff's claim of willful infringement. In those instances where

there has been a waiver of the privilege by reason of the application of the waiver standard, the ruling on the schedule will show (W) by reason of the description in the log for that document.

The method used by the SDM was to simply examine the log entries for the documents articulated in Tabs A, C, D, E in plaintiff's motion and apply the standards for the privilege sought to the reasons provided to either allow or disallow a privilege from the privilege code (Exh. A), or in those instances where waiver applies from the ruling designated W as shown on the bottom of each schedule.

### 7. Conclusions

1. Without making an exact count, it appears that at least two thirds of the entries on ECHO's logs submitted for review do not, by their terms, satisfy the standards that apply to presentation of grounds for privilege based on the necessary elements that are required to be included in the log description. There appear to be several reasons for this. The first is that the "case of characters" requested by the SDM in its letter of August 8, 2005 that was provided is woefully inadequate to allow a full and fair examination of the entries on the privilege log. The SDM was furnished with a list containing only 10 names of employees or executives associated with the ECHO log, one entity that ECHO had a business relationship with, and one attorney, Jonathan O. Scott, Esquire (who presumably is an attorney for VISA's interests). A review of the log entries complained of by plaintiff shows many more names of attorneys and many non attorneys who had access to the documents shown on the privilege log. For those reasons, ECHO has failed to satisfy its burden in the preparation of its privilege log in each instance where the enclosed schedules show an N and where a name appears on the privilege log that has not been furnished to the SDM as requested.

2. A review of the correspondence between the parties and specifically plaintiff's letter of August 18th, ECHO's response of August 25th, and plaintiff's reply of

September 1st reflect charges and counter charges about both the practices of counsel in carrying out their responsibilities to each other as well as results of their unsuccessful attempts to resolve differences, many of which appear to be quite fundamental. For example, plaintiff's complaint about the status ECHO represents for Michael McCoy appears justified. ECHO advised in its letter of August 25, 2005 that McCoy was an employee of ECHO who took over certain work initiated by ECHO's former in-house counsel, Marshall Frost, Esquire after he left the company in 2003. ECHO's position is that McCoy was in constant contact with outside counsel and was in charge of carrying out their instructions. While that role may elevate Mr. McCoy to a status similar to an administrative assistant to an attorney, that status severely limits the extent to which Michael McCoy's involvement can carry the necessary role that an attorney must have in the attorney client or work product circumstance. A person who is in a "need to know" or "common interest" category does not automatically qualify as an attorney under the attorney client privilege.

3. ECHO's assertion in its letter of August 25th regarding waiver of privilege is difficult to square with ECHO's log of July 28, 2005. For example, the entries of 3, 9, 35 and 44 by their very description defy any notion that the document does not fall within the coverage of waiver of the attorney client privilege. Further because the information was communicated either to the client, or to attorneys and non attorneys not furnished on a "cast of characters" as requested by the SDM, the work product protection, if it exists is waived as well.

4. The parties also have quarrels about the timeliness and there are complaints by LML that ECHO has continued to repeatedly change its logs. In a case where there are complicated and substantial documents, it is understandable that there must and should be reasonable updates and changes to the logs unless they are specifically barred by the courts.

The function of "meet and confer" is intended to resolve such differences but in this instance between LML and ECHO, it apparently has not succeeded in considerable measure.

5. The high volume of rejections of privilege based on the character of the log entries, without the SDM having examined documents *en camera*, causes the SDM to suspect that there is either a fundamental misunderstanding of the elements of privilege and work product protection in regard to many of these documents, or the policy is when in doubt put it on the privilege log, when, because of the burden of proof regarding a privilege log, the policy should be the opposite. The SDM cannot cite examples here because there has been no review of documents en camera as there has been with TeleCheck.

For the foregoing reasons, the SDM Orders as follows:

1. After a thorough review by ECHO of this Order, it will re-examine its privilege log of July 28, 2005 forthwith and take a second hard look at each and every document that it contends is entitled to privilege or protection on that log.

2. Within five days of the date of this Order, it will notify counsel for the plaintiff the extent to which, if at all, any documents are removed from the privilege log. In those instances where any documents are removed, copies shall be submitted forthwith to counsel for the plaintiff.

3. The SDM will convene a hearing on the remaining documents on the privilege log where it will decide *en camera* the claim of privilege or protection as to each remaining document.

4. Counsel for ECHO shall have at the hearing a copy of each document for which privilege protection is claimed presented in the order they appear on the log.

5. Counsel for ECHO will provide to the SDM and counsel, in advance of the hearing the "cast of characters" for both attorneys and non attorneys on separate lists that will

show in alphabetical order, last name first, the name of every attorney and non attorney, or entity whose name appears on the log, together with that party's affiliation with the defendant. If it is found at the hearing that any document for which privilege protection is requested has been disseminated to any person not accounted for on the cast of characters, it can be expected that privilege will be refused.

6. Counsel will make the arrangements to have the hearing take place with a court reporter in the United States District Courthouse at Wilmington, Delaware at a time to be agreed upon by counsel and the SDM.

7. Plaintiff's motion for production based on the claim of untimeliness is DENIED.

SO ORDERED:

_____
SPECIAL DISCOVERY MASTER

DATED: September 23, 2005

# EXHIBIT A

# SPECIAL DISCOVERY MASTER'S PRIVILEGE CODES

## PRIVILEGE CODES

### ATTORNEY CLIENT PRIVILEGE [1]

A     This does not contain a communication to an attorney, and his client or agent, by his/her client, or agent in accordance with standard for the attorney client privilege. The communication does not implicate legal advice or facilitation of legal service.

B     Communication is not confidential/ or the information is not intended to be confidential.

C     Copy to counsel in this instance does not cure failure to qualify for A/C Privilege.

D     This communication is a communication between non-lawyers, and is not covered by the A/C Privilege.

E     This communication appears to be a communication generated in the ordinary course of business and not as required for attorney client privilege protection.

F     This is confidential communication that satisfies the A/C Privilege Standard.

G     The recipients of this communication have a common legal interest[2] in the litigation or the subject of the representation.

### WORK PRODUCT DOCTRINE [3]

H     This communication appears to be generated in the ordinary course of business and not in anticipation of litigation.

I     Same as above, except "in preparation for trial" rather than "in anticipation of litigation".

J     This information is not work product.

K     The recipients of this communication have a common legal interest in litigation.

L     This communication appears to be work-product communicated to and among those who have the "need to know."

M     This communication satisfies the W/P doctrine in anticipation litigation.

N     Same as above, except it was "in preparation for trial" and not "in anticipation of litigation."

O     (Code Unassigned)

### OTHER FACTORS

P     Necessary attorneys, parties or entities not identified.

---

[1-3] The Standard is that set forth in the SDM's Order dated September 23, 2005.

# EXHIBIT B

# ECHO LOG ENTRIES EXAMINED BY SPECIAL DISCOVERY MASTER AND RULINGS

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 1 of 6
Date: 9/23/05
Final Ruling 3

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB A

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 28 | — | N | N | — | — | A, P. |
| 29 | — | N | N | — | — | A, P. |
| 62 | — | N | Y | — | — | K. |
| 63 | — | — | Y | — | — | K. Privilege for this document is waived. See Tab E in this Order. |
| 65 | — | N | N | — | — | A, D. |
| 66 | — | N | N | — | — | A, D. |
| 67 | — | N | N | — | — | A, D. |
| 69 | — | N | Y | — | — | K. |
| 72 | — | — | Y | — | — | L. Privilege for this document is waived. See Tab E in this Order. |
| 75 | — | N | N | — | P. | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
MP = Mediation Privilege

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB C

Page 2 of 6
Date: 9/23/05
Final Ruling 3

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 49 | — | N | N | — | — | Provide this document to the SDM for *en camera* review. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

LML Patent Corp. v. TeleCheck Services, Inc., et al.
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 3 of 6
Date: 9/23/05
Final Ruling 3

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB D

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 12 | — | N | N | — | — | P. |
| 13 | — | N | N | — | — | P. |
| 14 | — | Y | Y | Y | — | F, G, K, M. |
| 16 | — | N | N | — | — | P. |
| 17 | — | N | N | — | — | P. |
| 20 | — | N | N | — | — | C, P. |
| 21 | — | N | N | — | — | C, P. |
| 25-29 | — | N | N | — | — | P. |
| 31 | — | W | W | — | — | Advice of counsel defense. |
| 53 | — | N | N | — | — | P. |
| 57 | — | N | N | — | — | P. |
| 58 | — | N | N | — | — | C, P. |
| 62 | — | — | Y | — | — | L. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

LML Patent Corp. v. TeleCheck Services, Inc., et al.
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 4 of 6
Date: 9/23/05
Final Ruling 3

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB D

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 65 | — | N | — | — | — | A, D. |
| 66 | — | N | — | — | — | A, C, D. |
| 68 | — | N | N | — | — | A, P. |
| 69 | — | — | Y | — | — | L. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

LML Patent Corp. v. TeleCheck Services, Inc., et al.
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 5 of 6
Date: 9/23/05
Final Ruling 3

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB E

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 2 | — | W | W | — | — | Advice of counsel defense. |
| 3 | — | W | W | — | — | " |
| 9-11 | — | W | W | — | — | " |
| 14-20 | — | W | W | W | — | " |
| 24 | — | W | W | — | — | " |
| 30-33 | — | W | W | — | — | " |
| 35 | — | W | W | — | — | " |
| 36 | — | W | W | — | — | " |
| 44 | — | W | W | — | — | " |
| 45 | — | W | W | — | — | " |
| 54-56 | — | W | W | — | — | " |
| 60 | — | N | N | — | P. | |
| 62 | — | — | Y | — | L. | |

Y = Privilege Allowed
N = Privilege Refused
 ̄ = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

LML Patent Corp. v. TeleCheck Services, Inc., et al.
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 6 of 6
Date: 9/23/05
Final Ruling 3

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB E

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 63 | — | W | — | — | — | Protection Waived. |
| 65-67 | — | N | — | — | — | A, D. Provide this document to the SDM for *en camera* review. |
| 69 | — | Y | — | — | — | L. |
| 72 | — | — | W | — | — | Advice of counsel defense. |
| 75 | — | N | N | — | — | P. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege