IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-858 SLR |
| | ) | |
| TELECHECK SERVICES, INC., | ) | **PUBLIC VERSION** |
| ELECTRONIC CLEARING HOUSE, INC., | ) | |
| XPRESSCHEX, INC., AND | ) | |
| NOVA INFORMATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | | |

**MOTION TO STRIKE PORTIONS OF DAVID P. KURRASCH'S
SUPPLEMENTAL EXPERT REPORT REGARDING INVALIDITY**

ORIGINALLY FILED September 21, 2005
PUBLIC VERSION FILED September 28, 2005

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

Plaintiff LML herby moves the Court for an order striking new and untimely invalidity contentions raised for the first time by Defendants in paragraphs 164, 205-211, 240, 245, 258, 259, 343-360, and 397 of the Supplemental Expert Report of David. P. Kurrasch Regarding Invalidity served September 6, 2005. Defendants never disclosed these new opinions during discovery in response to LML's contention interrogatories -- the first and only time Defendants notified LML of these new contentions was in Mr. Kurrasch's supplemental report. Moreover, Mr. Kurrasch's supplemental report violates this Court's Amended Scheduling Order which permitted supplementation of opening expert reports on September 6, but only as "required" as a result of the delayed deposition of Robert R. Hills -- a third-party inventor. Despite this Order, Mr. Kurrasch's supplemental report offered new, previously undisclosed contentions on anticipation and obviousness -- issues that certainly were not "required" as a result of Mr. Hills' deposition. LML will be substantially prejudiced if Defendants are allowed to maintain these new contentions as it was unable to conduct the proper discovery with respect to these new contentions. Consequently, Defendants' new and untimely contentions should be stricken.

I.   **BRIEF STATEMENT OF RELEVANT FACTS**

On October 22, 2004, this Court entered a Scheduling Order, which required the exchange of expert reports on issues for which the parties had the burden of proof on July 29, 2005. The parties were further required to exchange rebuttal expert reports on September 2, 2005.[1] (Ex. A at ¶ 2(c)). However, as a result of third-party inventor Robert Hills moving to quash Defendant TeleCheck's subpoena, thus delaying his deposition beyond the fact discovery deadline, the parties stipulated to extending the deadline for submission of expert reports, and set a date for supplementing opening expert reports "required" as a result of Mr. Hills' deposition.

---

[1] The Court's scheduling order also required document production to be completed by March 4, 2005, with all fact discovery completed by July 16, 2005. (Ex. A).

1

(Ex. B). The Court approved the parties' stipulation and on July 28, 2005 entered the stipulation as an Amended Scheduling Order. The Amended Scheduling Order reads in part:

> Expert reports on issues for which the Parties have the burden of proof are due August 12, 2005. Supplementations of opening expert reports *required as a result of the deposition of Robert R. Hills* are due September 6, 2005.

(Ex. B) (emphasis added). Defendants deposed Mr. Hills on August 25-27, 2005.

On September 6, 2005, Mr. Kurrasch submitted a supplemental expert report on issues relating to the validity of the patents-in-suit. Despite the Court's order limiting supplemental expert reports to opinions "required as a result of the deposition of Robert R. Hills," Mr. Kurrasch provided over 30 new opinions not previously disclosed in his opening expert report. (*Compare* Ex. C with Ex. D). Mr. Kurrasch's new opinions related to issues of anticipation and obviousness based on alleged prior art documents (an ECC Pilot Guide and a combination of U.S. Patent No. 5,175,682 with the 1990 ACH Rules) that have been in Defendants' possession for over 6 months. These new opinions appear in paragraphs 164, 205-211, 240, 245, 258, 259, 343-360, and 397 of Mr. Kurrasch's supplemental expert report, as well as in supporting materials attached to Mr. Kurrasch's report. (Ex. D). Mr. Kurrasch's supplemental report constituted the very first time that Defendants notified LML of these new contentions, despite fact discovery having closed on July 16, 2005. Indeed, Defendants *never* disclosed these new contentions in response to LML's contention interrogatories relating to Defendants' invalidity contentions.

Expert discovery is set to close on September 30, 2005, and substantial briefing on claim construction and summary judgment are due over the next 6 weeks.[2] (*See* Ex. A).

---

[2] Specifically, opening claim construction briefs are due October 7, 2005; responsive claim construction briefs are due October 21, 2005; summary judgment motions are due October 28, 2005, oppositions to summary judgment

2

## II. DEFENDANTS' UNTIMELY INVALIDITY CONTENTIONS SHOULD BE STRICKEN

The purpose of the Federal Rules – and of this Court's scheduling orders – is to prevent surprise and avoid trial by ambush. *Tenbarge v. Ames Taping Tool Sys.*, Inc., 190 F.3d 862, 865 (8th Cir. 1999); *Transclean Corp. v. Bridgewood Serv., Inc.*, 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) *("Transclean I")*, *aff'd in relevant part*, 290 F.3d 1364 (Fed. Cir. 2002). For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests. *Elca Enters., Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 189 (8th Cir. 1995); *Transclean I*, 77 F. Supp. 2d at 1061. Further Fed. R. Civ. P. 26(e)(2) imposes on a party "a duty to seasonably amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect." When contention interrogatories are involved, generic assertions are not an appropriate surrogate for the particularized factual contentions that are called for. *Id.* at 1062.

Rule 37(c)(1) provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." In addition, Rule 16(f) authorizes a court to impose sanctions for the breach of a pre-trial order. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1988); *N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1144-45 (D. Minn. 2003); *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 252 F. Supp. 2d 838, 840-41 (D. Minn. 2002), *aff'd in relevant part*, 340 F.3d 1298, 1313-14 (Fed. Cir. 2003); *Transclean I*, 77 F. Supp. 2d at 1063.

---

motions are due November 15, 2005; and replies to summary judgment motions are due November 23, 2005. (Ex. A).

A.  **Defendants Failed To Disclose Their Validity Contentions During Discovery In Response To LML's Contention Interrogatories**

On October 22, 2004, LML served on each of the Defendants its first set of interrogatories which included a contention interrogatory requesting each Defendant's basis for contesting the validity of each patent-in-suit:

**INTERROGATORY NO. 2:**

> Separately for each Asserted Claim of the Patents-In-Suit, describe in detail all legal and factual bases for [Defendant's] contention that the Asserted Claims of the Patents-In-Suit are invalid, and for each piece of alleged prior art, and/or combination of alleged prior art, that [Defendant] contends invalidates each Asserted Claim, provide a detailed claim chart that identifies each element of the Asserted Claims that [Defendant] contends is disclosed or taught by the prior art with citations to each instance where such element is allegedly disclosed or taught by the prior art, and that identifies each element of the Asserted Claims that [Defendant] concedes is not disclosed or taught by each piece of alleged prior art.

In response to LML's interrogatory, Defendants responded with a "kitchen sink" approach to validity, contending that the patents-in-suit were invalid and unenforceable under virtually every section of the Patent Act. Moreover, Defendants contended that numerous prior art references, and combinations thereof, invalidated the asserted claims of the patents-in-suit. But, Defendants did not provide any contention with respect to an alleged June 1996 ECC Pilot Guide and an alleged prior art patent (the "Higashiyama '682 patent") in combination with the 1990 ACH Rules.

But, on September 6, 2005 -- in the supplemental expert report of Defendants' expert, Mr. Kurrasch -- Defendants for the first time disclosed new contentions relating to an alleged June 1996 ECC Pilot Guide and the combination of the Higashiyama '682 patent with the 1990 ACH Rules. Not only was Defendants untimely disclosure just ten days before LML's expert was required to submit his rebuttal expert report on issues relating to validity, but Defendants

4

untimely disclosure amounted to over 30 new contentions with respect to these references. (*See* Ex. D, Supplemental Expert Report of Kurrasch). Defendants' untimely disclosure of new invalidity contentions well after the close of fact discovery, and on the eve of rebuttal expert reports, should not be condoned -- such new contentions should be stricken.

B. **Defendants' Supplemental Expert Report Violates The Court's Amended Scheduling Order**

The Court's Amended Scheduling Order is clear, allowing only "[s]upplementations of opening expert reports *required as a result of the deposition of Robert R. Hills*". (Ex. B). Despite the Court's Order, Defendants and Mr. Kurrasch attempted to take advantage of LML's good faith -- namely by agreeing to extend deadlines to accommodate Defendants' taking of the deposition of Robert Hills. Defendants (through Mr. Kurrasch) submitted over 30 new contentions relating to anticipation and obviousness that were not "required as a result of the deposition of Robert R. Hills." (Ex. D). Certainly, Mr. Kurrasch's new opinions regarding anticipation and obviousness did not require the testimony of an inventor, or any other fact witness for that matter. Indeed, Mr. Kurrasch, as an expert, must examine a prior art reference and proffer an opinion on the issues of anticipation and obviousness based on the substance of the reference -- not based on the testimony of a witness. This is not a situation where Mr. Kurrasch supplemented an already existing opinion with additional support in the form of Mr. Hills' testimony -- these are new opinions that Mr. Kurasch *did not* disclose in any manner in his initial expert report. Mr. Kurrasch's new opinions clearly violate the letter and spirit of the Court's Amended Scheduling Order. Defendants are simply attempting to gain a tactical advantage by circumventing the deadline for original expert reports. *See Carter v. The Finely Hosp.*, No. 01 C 50468, 2003 WL 22232844, at *2 (N.D. Ill. Sept. 22, 2003) ("It is disingenuous to argue that their duty to supplement under Rule 26(3)(1) can be used as a vehicle to disclose

5

entirely new expert opinions after the deadline established by the court."); *Byther v. City of Mobile*, No. Civ. A. 04-00404-CG-B, 2005 WL 1588223, at *2 (S.D. Ala. June 17, 2005) (striking expert report because it was much broader than original report and contained new opinions). Theses new arguments certainly do not correct or clarify information in the original report, nor do they address issues raised in Mr. Hills's deposition testimony -- they are new opinions relating to anticipation and obviousness.[3] Thus, Defendants' new contentions, including paragraphs 164, 205-211, 240, 245, 258, 259, 343-360, and 397 of Mr. Kurrasch's supplemental expert report, and any relating materials attached to Mr. Kurrasch's report, should be stricken.

### C. Defendants' Untimely Disclosure Of Its New Invalidity Contentions Substantially Prejudices LML

Defendants' untimely contentions -- amounting to over 30 new claims of invalidity of the asserted claims -- are anything but harmless. Discovery is now closed, opening expert reports have already been exchanged, rebuttal reports have been exchanged, expert discovery closes in a little over two weeks, and the parties are about to begin an intense briefing schedule with respect to claim construction and summary judgment motions. The Court set deadlines for a reason -- to avoid situations like this. Allowing Defendants to maintain their untimely defenses requires LML to spend significant time examining these new contentions when it should be preparing motions and its case for trial. Moreover, Defendants' failure to disclose these new contentions during discovery precluded LML from taking discovery with respect to such contentions. For instance, Connie Higashiyama, third party inventor of the Higashiyama '682 patent, was deposed in this case towards the end of fact discovery. LML would have certainly questioned Ms.

---

[3] In fact, Mr. Kurrasch never even cites to Mr. Hills' deposition testimony in nearly 40 pages of new claim charts analyzing the alleged June 1996 EEC Pilot Guide either alone or in combination with other references. (Ex. D).

Higashiyama regarding Defendants' new contentions especially as related to the 1990 ACH Rules.[4] Moreover, during discovery, LML deposed third-party representatives (specifically NACHA's General Counsel-Jane Larimer, and President-Elliot McEntee) from NACHA, the primary industry organization with respect to electronic check conversion, and the very organization that drafted the alleged June 1996 ECC Pilot Guide relied on by Defendants in their new contentions. Again, LML would have certainly questioned Ms. Larimer and Mr. McEntee about the alleged June 1996 ECC Pilot Guide had it known of Defendants' new contentions in this regard. Thus, LML would be substantially prejudiced if Defendants were allowed to maintain their new, previously undisclosed, contentions.

## III.   COSTS AND FEES

Defendants' failure to disclose its new contentions during discovery and their violation of the Court's Amended Scheduling Order necessitated LML to file the present motion and expend considerable resources. As such, LML respectfully requests the Court to award LML its costs and attorneys' fees associated with drafting the present motion.

---

[4] Mr. Kurrasch in his supplemental expert report conceded that he did not even have a copy of the 1990 ACH Rules and instead looked to the 1991 ACH Rules' comments on changes from the 1990 Rules to make his opinion. (Ex. D). If Defendants would have disclosed their new contentions during discovery, LML may have been able to obtain a copy of such rules to discount Mr. Kurrasch's opinion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' new contentions, including paragraphs 164, 205-211, 240, 245, 258, 259, 343-360, and 397 of Mr. Kurrasch's Supplemental Expert Report Regarding Invalidity, and any relating materials (such as claim charts) attached to Mr. Kurrasch's report, should be stricken. LML should also recover its costs and attorneys fees associated with drafting the present motion.

DATED this 21st day of September, 2005

*/s/ Richard K. Herrmann*
Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

## RULE 7.1.1 CERTIFICATION

Counsel for Plaintiff LML Patent Corp. hereby certifies that opposing counsel was contacted in an effort to resolve this issue to no avail.

_____
Richard K. Herrmann #405
rherrmann@morrisjames.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF MOTION TO STRIKE PORTIONS OF DAVID P. KURRASCH'S SUPPLEMENTAL EXPERT REPORT REGARDING INVALIDITY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 28th day of September, 2005, the foregoing document was served via email and via federal express on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys for Plaintiff
LML PATENT CORP.