IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**JOINT PROPOSED CLAIM CONSTRUCTION STATEMENT**

Pursuant to the Court's Rule 16 Scheduling Order in this matter, the Parties hereby submit the following claim charts to present their respective, proposed constructions of disputed claim terms and their proposed constructions of agreed claim terms in the patent-in-suit, namely, U.S. Patent No. 5,484,988 ("the '988 patent").

## Proposed Constructions of Disputed Claim Terms

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **any bank check** (claims 1, 8) | Any regular check used to draw funds from a normal bank or credit union checking account | any type of check drawn on a financial institution |
| **any consumer bank check** (claim 9) | Any regular check used to draw funds from a normal bank or credit union consumer checking account | same meaning as the phrase "any bank check" set forth above, with the added limitation that the check be "drawn against a consumer bank account" |
| **any** (claims 1, 8, 9) | LML believes that this term should not be separately construed from the entire element in which it appears in the claims, namely the "any bank check" or "any consumer bank check" language construed below. In any event, this plain English term needs no construction. | one or some indiscriminately of whatever kind |
| **consumer bank account information** (claims 1, 2, 3, 8, 9) | Information relating to a consumer's bank account including the MICR line (magnetic ink character recognition line) | only the ABA/transit routing number and bank account number |
| **without using the bank check as a negotiable instrument** (claim 1) | Where the paper check is used as a source of information, and is not accepted or processed | the bank check, at no time, takes on the status of a negotiable instrument |
| **without using the check as a negotiable instrument** (claim 8) | Where the paper check is used as a source of information, and is not accepted or processed | the check, at no time, takes on the status of a negotiable instrument |

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **without using a bank check as a negotiable instrument** (claim 9) | Where the paper check is used as a source of information, and is not accepted or processed | the check, at no time, takes on the status of a negotiable instrument |
| **subsequently transmitting the transaction event information to a bank for subsequent automated clearing house operations** (claim 8) | Subsequently transmitting the information relating to the transaction to a bank for subsequent automated clearing house operations | electronically communicating with an automated clearing house for transferring funds electronically based upon the consumer bank account information obtained from any bank check presented at the point-of-sale |
| **enabling automated clearing house communication for transferring funds** (claims 1, 9) | Enabling communication with an automated clearing house for electronically transferring funds | electronically communicating with an automated clearing house for transferring funds electronically based upon the consumer bank account information obtained from any bank check presented at the point-of-sale |
| **for the sole purpose** (claims 2, 8 and 9) | For the only purpose | Defendants contend that this term needs no construction. |
| **adapted to receive consumer bank account information from any bank check** (claim 1) | adapted to receive consumer bank account information from any bank check | adapted to read consumer bank account information directly from any bank check |

2

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **means for reading magnetic ink character recognition numbers appearing on a consumer check** (claim 2) | This limitation should be construed pursuant to 35 U.S.C. Section 112(6). The recited function is "reading magnetic ink character recognition numbers appearing on a consumer check." The structures in the '988 patent that perform that function is any mechanism such as a MICR check reader, optical character recognition ("OCR") equipment, a keyboard for manual entry, or equivalent. | This limitation should be construed pursuant to 35 U.S.C. Section 112(6). The recited function is "reading magnetic ink character recognition numbers appearing on a consumer check." The structures described in the '988 patent that perform that function are a MICR reader and optical character recognition equipment. |
| **reading means for reading magnetic ink character recognition numbers on any consumer bank check** (claim 9) | This limitation should be construed pursuant to 35 U.S.C. Section 112(6). The recited function is "reading magnetic ink character recognition numbers appearing on a consumer check." The structures in the '988 patent that perform that function is any mechanism such as a MICR check reader, optical character recognition ("OCR") equipment, a keyboard for manual entry, or equivalent. | This limitation should be construed pursuant to 35 U.S.C. Section 112(6). The recited function is "reading magnetic ink character recognition numbers on any consumer bank check." The structures described in the '988 patent that perform that function are a MICR reader and optical character recognition equipment. |
| **verifying that account numbers were accurately read at the point of sale** (claim 8) | Verifying that the account numbers from the check were read accurately at the point of sale terminal | visually confirming that account numbers were accurately read by reference to the source document |

3

**Proposed Constructions of Agreed Claim Terms**

| Claim Term | Parties' Agreed Proposed Construction |
|---|---|
| **consumer** (claim 9) | person, business or corporation |
| **second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument** (claim 1); **second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using a bank check as a negotiable instrument** (claim 9) | This function is written in means-plus-function format pursuant to 35 U.S.C. 112(6).<br><br>The recited function of this limitation is enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the [a] bank check as a negotiable instrument.<br><br>The structures disclosed in the patent for performing the recited function of this limitation are a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent.[1] |
| **automated clearing house** (claims 1, 8, 9) | an automated clearing house including, but not limited to, the national U.S. clearing house sometimes referred to as the "ACH" |

---

[1] While the parties agree to the recited function of this claim element pursuant to 35 U.S.C. 112(6), the parties dispute the meaning of limitations within that function, as set forth in the Parties' Proposed Construction of Disputed Claim Terms and the parties' briefs.

4

DATED:  October 7, 2005

| | |
|---|---|
|   /s/ Mary B. Matterer<br>Richard K. Herrmann (I.D. No. 405)<br>Mary B. Matterer  (I.D. No. 2696)<br>MORRIS JAMES HITCHENS<br>& WILLIAMS LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, Delaware 19801<br>302.888.6800<br>rherrmann@morrisjames.com<br>mmatterer@morrisjames.com<br><br>*Counsel for Plaintiff*<br>*LML Patent Corp.* |   /s/ Timothy Devlin<br>William J. Marsden, Jr. (I.D. No. 2247)<br>Timothy Devlin (I.D. No. 4241)<br>Sean Hayes (I.D. No. 4413)<br>FISH & RICHARDSON P.C.<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>302.652.5070<br>marsden@fr.com<br>hayes@fr.com<br><br>*Counsel for Defendant*<br>*TeleCheck Services, Inc.*<br><br><br>  /s/ Francis DiGiovanni<br>Francis DiGiovanni (I.D. No. 3189)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, Delaware 19801<br>302.658.9141<br>fdigiovanni@cblh.com<br><br>*Counsel for Defendants*<br>*Electronic Clearing House, Inc.*<br>*and Xpresschex, Inc.*<br><br><br>  /s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk (I.D. No. 922)<br>THE BAYARD FIRM<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801<br>302.429.4208<br>rkirk@bayardfirm.com<br><br>*Counsel for Defendant*<br>*NOVA Information Systems, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2005, I electronically filed a JOINT PROPOSED CLAIM CONSTRUCTION STATEMENT with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Richard K. Herrmann
> Mary B. Matterer, Esq.
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE  19801-4226
>
> Richard D. Kirk, Esq.
> The Bayard Firm
> 222 Delaware Avenue, 9th Floor
> Wilmington, DE  19899
>
> Collins J. Seitz, Jr., Esq.
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE  19801

I hereby certify that on October 7, 2005, I have sent by Electronic mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq. | Russell E. Levine, Esq. |
| Belasco Jacobs & Townsley, LLP | Kirkland & Ellis LLP |
| Howard Hughes Center | 200 E. Randolph Dr. |
| 6100 Center Drive, Suite 630 | Chicago, IL 60601 |
| Los Angeles, CA  90045 | |

> Mark C. Scarsi, Esq.
> O'Melveny & Myers LLP
> 400 S Hope Street
> Los Angeles, CA 90071

                                                */s/ Timothy Devlin*
                                                Timothy Devlin