# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-858 SLR |
| ) | |
| TELECHECK SERVICES, INC., ) | |
| ELECTRONIC CLEARING HOUSE, INC., ) | |
| XPRESSCHEX, INC., AND ) | |
| NOVA INFORMATION SYSTEMS, INC. ) | |
| ) | |
| Defendants. | |

**PLAINTIFF LML PATENT CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DAVID P. KURRASCH'S SUPPLEMENTAL EXPERT REPORT REGARDING INVALIDITY**

DATED this 7th day of October, 2005

    Richard K. Herrmann #405
    MORRIS JAMES HITCHENS &
    WILLIAMS LLP
    222 Delaware Avenue, 10th Floor
    Wilmington, Delaware 19801
    (302) 888-6800
    rherrmann@morrisjames.com

    Russell E. Levine, P.C.
    Jamie H. McDole
    KIRKLAND & ELLIS LLP
    200 East Randolph Drive
    Chicago, Illinois 60601
    (312) 861-2000

    *Attorneys for Plaintiff LML Patent Corp.*

## I. ARGUMENT IN REPLY

Plaintiff LML respectfully submits this Reply In Support Of Its Motion To Strike Portions Of David P. Kurrasch's Supplemental Expert Report.[1] As has become all too familiar, the thrust of Defendants' response is to blame LML for Defendants' own failure to comply with this Court's Scheduling Order. These arguments simply do not hold water.

While Defendants' response to LML's motion mischaracterizes the facts and record as to Mr. Kurrasch's report and Mr. Hills' deposition, the undisputed facts are as follows:

- Defendants *never* in their responses to LML's contention interrogatories identified their new arguments regarding anticipation of the asserted claims of the '988 patent by the Higashiyama reference in combination with the 1990 ACH Rules -- Defendants ignore this fact in their response;[2]

- The first time Defendants informed LML of such an argument was on September 6, 2005 in Mr. Kurrasch's supplemental report, *over seven weeks* after the close of fact discovery;

- Defendants had in their possession since early in discovery both the Higashiyama reference and 1991 ACH Rules (used by Mr. Kurrasch to provide his opinion regarding the 1990 ACH Rules).

These undisputed facts alone militate that Mr. Kurrasch's supplemental expert report should be stricken.

---

[1] Several days after LML filed its Motion to Strike, Defendants agreed to drop their laches and estoppel defenses in exchange for LML dropping the '528 and '366 patents in this case, thus significantly narrowing the issues for trial. As a result, LML's motion to strike paragraphs 205-211, 240, 258-59, and 343-360 are now moot, although Defendants' attempt to add these new arguments is indicative of their motive and arguments as related to LML's motion to strike the remaining paragraphs (164 and 245) of Mr. Kurrasch's supplemental expert report.

[2] Defendants' only mention in this regard is that LML supplemented its interrogatory responses on the date it filed its motion to strike. Again trying to turn the focus on LML instead of its own misdeeds, Defendants' tit-for-tat argument ignores the fact that LML's supplemental responses added no new arguments to this case. Instead, the vast majority of LML's supplemental responses simply incorporate its expert reports by reference.

This is not a situation where the Defendants are revising or updating previously disclosed arguments -- Defendants' arguments combining Higashiyama with the 1990 ACH Rules is a ***brand new argument***. Indeed, Defendants' efforts to characterize these supplemental opinions as anything but new is contradicted by the fact that Mr. Kurrasch provided a brand new claim chart[3] with respect to his supplemental opinions, as opposed to simply modifying or revising a previous claim chart. By this simple fact, Defendants admitted that Mr. Kurrasch's supplemental opinion is a *new* argument -- one never previously disclosed to LML. Moreover, Mr. Kurrasch's new opinions contend that the Higashiyama reference in combination with the 1990 ACH Rules anticipate 6 additional claims of the '988 patent beyond any opinions he expressed with respect to the Higashiyama reference (by itself) in his original report. *Compare* paragraph 158 of Kurrasch Expert Report (Ex. C) with paragraph 164 of Kurrasch Supplemental Expert Report (Ex. D). The facts simply to not coincide with Defendants' story.[4]

Finally, Defendants gloss over the prejudice caused to LML as a result of their new, belated arguments, claiming no prejudice occurred -- an argument this Court has heard several times in this case from Defendants after they have failed to comply with the Scheduling Order. In this instance, nothing could be further from the truth. First, Defendants argue that LML had the opportunity to depose Ms. Higashiyama, and thus incurred no prejudice. While the parties

---

[3] Mr. Kurrasch's new claim chart is entitled "Anticipation By Higashiyama, including 1990 ACH Rules and 1990 NACHA Operating Rules Incorporated By Reference" and is attached at the new Invalidity Claim Chart part 3 of 3 of Mr. Kurrasch's Supplemental Expert Report. (Ex. D to LML's Motion).

[4] LML does not believe further argument is necessary with respect to Defendants' failure to comply with the Court's Amended Scheduling Order by providing a supplemental report ***not*** required by Mr. Hills' deposition. LML will simply let the Court come to its own conclusion as to whether an expert (or Defendants for that matter) ***requires*** inventor testimony to make an ***anticipation*** argument with respect to prior art references. LML believes logic dictates the answer to this question.

2

did depose Ms. Higashiyama, Defendants miss the point: if LML had known about these new arguments as relating to the 1990 ACH Rules, LML may have questioned Ms. Higashiyama much differently, and certainly would have asked questions regarding the 1990 ACH Rules (or would have even sought to obtain copies of such rules -- rules that were not even produced by Defendants until late last week during expert discovery). Defendants' argument only serves to highlight the very prejudice LML suffered in this regard. Second, LML was unable to question two NACHA representatives, Jane Larimer and Elliott McEntee about the 1990 ACH and NACHA Rules cited by Mr. Kurrasch in his new opinions. While Defendants shrug this prejudice off as "irrelevant," Ms. Larimer and Mr. McEntee are the General Counsel and President of NACHA (the authors of the ACH Rules and NACHA Operating Guidelines) respectively and have the foremost knowledge in the industry on these subjects. Certainly LML's inability to question these individuals regarding these new arguments prejudices LML. Finally, LML has been prejudiced by Defendants' thrusting their new arguments into the case merely 10 days before LML's expert was due to file his rebuttal report. While Defendants attempt to characterize 10 days as an eternity in their response, this small amount of time is minuscule to the months that Defendants had to develop these arguments.[5] If Defendants had at least disclosed these arguments during discovery, circumstances may be different as LML and its expert would not have been ambushed with these arguments at the last minute.

---

[5] While Defendants offered LML a modest extension to file its rebuttal expert report, no amount of time could cure LML's inability to question individuals during discovery about the new arguments, or develop its own facts to rebut Defendants' arguments.

3

## II.     CONCLUSION

For the foregoing reasons, Defendants' new contentions, including paragraphs 164 and 245 of Mr. Kurrasch's Supplemental Expert Report Regarding Invalidity, and any relating materials (such as claim charts) attached to Mr. Kurrasch's report, should be stricken. LML should also recover its costs and attorneys fees associated with drafting the present motion.

DATED this 7th day of October, 2005

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Richard K. Herrmann*
　　　　　　　　　　　　　　　　　　　　　　　Richard K. Herrmann #405
　　　　　　　　　　　　　　　　　　　　　　　MORRIS JAMES HITCHENS &
　　　　　　　　　　　　　　　　　　　　　　　WILLIAMS LLP
　　　　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware  19801
　　　　　　　　　　　　　　　　　　　　　　　(302) 888-6800
　　　　　　　　　　　　　　　　　　　　　　　rherrmann@morrisjames.com

　　　　　　　　　　　　　　　　　　　　　　　Russell E. Levine, P.C.
　　　　　　　　　　　　　　　　　　　　　　　Jamie H. McDole
　　　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　　　200 East Randolph Drive
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60601
　　　　　　　　　　　　　　　　　　　　　　　(312) 861-2000

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2005, I electronically filed the foregoing document, **PLAINTIFF LML PATENT CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF DAVID P. KURRASCH'S SUPPLEMENTAL EXPERT REPORT REGARDING INVALIDITY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 7th day of October, 2005, the foregoing document was served via email and via federal express on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

   */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys for Plaintiff
LML PATENT CORP.

5