# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                        )
                                         )
      Plaintiff,                     )
                                         )
      v.                             )    Civil Action No. 04-858 SLR
                                         )
TELECHECK SERVICES, INC.,                )    **PUBLIC VERSION**
ELECTRONIC CLEARING HOUSE, INC.,         )
XPRESSCHEX, INC., AND                    )
NOVA INFORMATION SYSTEMS, INC.           )
                                         )
      Defendants.                    )


**PLAINTIFF LML PATENT CORP.'S MOTION TO STRIKE THE SECOND
SUPPLEMENT TO THE EXPERT REPORT OF
DAVID P. KURRASCH REGARDING INVALIDITY**


Originally Filed: October 7, 2005
Public Version Filed: October 17, 2005

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

Plaintiff LML herby moves the Court for an order striking new and untimely invalidity contentions raised by Defendants in the Second Supplement To The Expert Report of David P. Kurrasch Regarding Invalidity served September 28, 2005 (over six weeks after the August 12, 2005 deadline for submission of any such reports).[1]  The arguments involved in this motion are largely repetitive of those in LML's Motion To Strike the Supplemental Expert Report Of David P. Kurrasch, and are thus, not repeated in detail here.  In short, Mr. Kurrasch has supplemented his expert report (now for the second time) with contentions that were never identified by Defendants during discovery, and which are untimely pursuant to the Court's Amended Scheduling Order which permitted supplementation only to the extent  "required" by the deposition of Robert Hills.  In addition, LML has incurred substantial prejudice as a result of these belated, new contentions including the inability to question key witnesses regarding these new arguments, and having new contentions injected into the case after expert reports were filed and in the midst of expert discovery.  However, this motion presents additional facts which make Defendants' submission of a second supplemental report for Mr. Kurrasch even more egregious than their submission of Mr. Kurrasch's first supplemental report.

First, Mr. Kurrasch's Second Supplement to his expert report includes new opinions regarding the 1990 ACH Rules and NACHA Operating Guidelines[2]-- a document that was *never* produced to LML in this case until Mr. Kurrasch attached it to his Second Supplemental report on September 28, 2005.  Document production in this case ended on March 4, 2005 -- *over six months ago* -- and thus any production at this point is clearly untimely.  Indeed, this is a prior art

---

[1] The Second Supplement To The Expert Report of David P. Kurrasch Regarding Invalidity served September 28, 2005 is attached hereto as Exhibit A.

[2] The 1990 ACH Rules and NACHA Operating Guidelines are several hundred pages in length.  For sake of simplicity, LML does not attached this large document to this motion.

reference Defendants attempt to affirmatively rely on in their invalidity case-- certainly it should have been produced to LML long ago during the period for document production.  Second, Defendants conveniently served Mr. Kurrasch's Second Supplemental report and the 1990 ACH Rules and NACHA Operating Guidelines on LML for the first time on the evening of September 28 -- *the evening before LML was to depose Mr. Kurrasch*, and after LML's attorneys had already left the office to fly to Delaware for such deposition.  While the timing of Defendants' submission of this Second Supplemental report is questionable at best, Defendants' timing prejudiced LML's ability to depose Mr. Kurrasch.  Defendants' late production further prejudiced LML's ability to conduct its own discovery into the 1990 ACH Rules and NACHA Operating Guidelines to counter any such arguments.  As such, Mr. Kurrasch's Second Supplemental report should be stricken along with the 1990 ACH Rules and NACHA Operating Guidelines.

## COSTS AND FEES

Defendants' failure to disclose its new contentions during discovery, violation of the Court's Amended Scheduling Order, untimely submission of Mr. Kurrasch's Second Supplemental Report, and failure to produce the 1990 ACH Rules during discovery necessitated LML to file the present motion and expend considerable resources.  As such, LML respectfully requests that the Court award LML its costs and attorneys' fees associated with drafting the present motion.

3

**CONCLUSION**

For the foregoing reasons, Defendants' new contentions identified in the Second Supplement To The Expert Report of David P. Kurrasch along with the 1990 ACH Rules and NACHA Operating Guidelines, should be stricken.  LML should also recover its costs and attorneys' fees associated with drafting the present motion.

DATED this 7th day of October, 2005

> _/s Richard K. Herrmann_
> Richard K. Herrmann #405
> MORRIS JAMES HITCHENS &
> WILLIAMS LLP
> 222 Delaware Avenue, 10th Floor
> Wilmington, Delaware  19801
> (302) 888-6800
> rherrmann@morrisjames.com
>
> Russell E. Levine, P.C.
> Jamie H. McDole
> KIRKLAND & ELLIS LLP
> 200 East Randolph Drive
> Chicago, Illinois  60601
> (312) 861-2000
>
> Attorneys for LML Patent Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF PLAINTIFF LML PATENT CORP.'S MOTION TO STRIKE THE SECOND SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REGARDING INVALIDITY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 17th day of October, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

_/s Richard K. Herrmann_
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys for Plaintiff
LML PATENT CORP.

5

# EXHIBIT  A

# EXHIBIT   A

# REDACTED IN ITS ENTIRETY