1  file center under a file classification identifying the transaction
2  was a Check Replacement Service.  The total of daily, approved
3  Transaction Events are "checkless" sales whereby the service
4  subscribing merchant has submitted requests for electronic ACH
5  settlement for all preauthorized consumer purchases.  No commercial
6  bank note ("Paper Check") is accepted or processed by the service
7  subscriber.  In each Transaction Event, a Consumer, at the
8  point-of-sale, has executed an electronic access ("Off-Line Debit")
9  authority "Sales Slip" which is automatically printed upon a
10  terminal's receipt of an "Approved" notice.

11      All terminal programming and all prompt strings for MICR Check
12  Reader interfacing are stored in the POS terminal and the
13  invention's computer center, of the present invention controls interactions between the
14  plurality of terminals and the central system.  The following
15  modules are present.

16      Programming for MICR/Terminal Interface - system subscriber
17  locations to be activated with the present invention must possess or
18  acquire a terminal.  Those utilizing or being upgraded to terminals
19  such as a Tranz (trademark) 330 or other terminals with interface
20  capabilities with the check reader for all suitable point-of-sale
21  terminals.

22      The preferred format for terminal operations is generated are from a
23  singular split dial key.  Thereafter, the "prompt string" would
24  proceed in a manner such as i) "Card = 1" ; "Check = 2" requiring
25  operator selection; then, where selecting a checking account
26  inquiry ii) the operator would respond to a secondary prompt of
27  "Auth = 1" ; "Replace = 2".  These entry selections precede the

-19-

1   magnetic stripe "reading" of a card/submittal or a check through

2   the MICR (Account Identification), the entry of the requested sale

3   amount, and the terminal's dial-up for authorization against the

4   computer data file center.

5       The MICR interface results in the transmittal of a query for

6   data center approval of the entire ABA/Transit and personal or

7   corporate checking account numbers.  Instances where printed checks

8   add the individual check's number to the end of the account number

9   can be "dropped" by Check Reader switch settings.  Subsequent to a

10  terminal's receipt of the MICR number string but prior to the

11  operator's entry of the requested sale amount and authorization

12  dial-up, a verification prompt "flashing" the ABA and account

13  numbers must be displayed on the terminal's screen requiring the

14  operator to depress "Enter" to proceed, if correct, or "Clear", if

15  incorrect and thereby enabling the terminal operator to resubmit

16  the specimen check through the MICR Check Reader.  It is important

17  to note that account information may be entered manually as well at

18  the point of sale with the other financial advantages of the present

19  invention still in effect.

20      The computer data file center receives and processes

21  Transaction Event authorization requests utilizing the entire MICR

22  string for accurate, error-free identification of both the consumer

23  bank and a specific checking or depository account to participate in

24  a sale.  ACH settlement criteria mandate exact recall for the bank

25  and checking account numbers to properly complete any debit

26  request.  This invention conforms to each and every requirement of

27  the ACH transaction regulations.

-20-

1  Each Transaction Event is completed with the logging printer
2  generation of a Transaction Event ("Sales") Slip for each
3  "Approved" authorization inquiry processed (Figure 20).
4  Alternatively, a manually created transaction event slip can also
5  be prepared (Figure 21). Each such Transaction Event Slip must be
6  exacting in its retention of account numbers and the sale amount
7  enabling both the consumer and system subscriber to be provided
8  "hard copy" receipts of the event. Also included would be a clear
9  printing of the transaction type; "Bank Card", "Check
10 Authorization", or "Check Replacement". Authorization language is
11 printed immediately preceding the consumer's signature line
12 specifically authorizing electronic access in payment of the
13 requested transaction sale amount.

14    In addition to the primary functions for POS terminal
15 programming and MICR Check Reader interface, each Point-of-Sale
16 terminal location is capable of generating printed summations of
17 daily activity.  These reports list and separately total each
18 authorization/service type, whether produced as a singular report
19 or the result of multiple terminal "closeout" procedures.

20    Instances will arise with either the Bank Card or Check
21 Replacement Service where previously authorized Transaction Events
22 will require the operational equivalent of a bankcard "Void" or
23 "Credit" notation.  The methodology will be available for Split
24 Dial messages to the computer data file center of a
25 post-authorization "Error" or "Transaction Cancellation" notice.
26 The "Cancel" procedure is instituted by depressing for example the
27 "3" key (i.e. "Cancel = 3").  By so doing, the system subscriber

-21-

CONFIDENTIAL

LML-EP 000102

1   may cancel a previously approved and logged event. This
2   Transaction Event which was recorded on the data files and reported
3   on the service subscriber's daily Activity Summation Report,
4   thereafter carries an offsetting, "Flagged" cancellation notice.
5
6   SUMMARY
7       A flexible purchase transaction system is described which
8   precisely fits within existing ACH procedures for checking account
9   events for processing of pre-authorized electronic debits as a
10  replacement for commercial bank drafts (paper checks). The main
11  advantage to the proposed invention is the fact that a truly
12  paperless transaction may occur. Departures from the proposed
13  system especially with respect to the Point-of-Sale terminals will
14  be apparent to those skilled in the art, without departing from the
15  spirit of the invention as described.

-22-

CONFIDENTIAL

LML-EP 000103

1    We claim:

1.    A checkwriting point of sale system comprising;

4    a point of sale terminal adapted to receive consumer bank
5    account information and further adapted to accept such information
6    from consumer cards on which the bank account information is
     stored;

7    a communications means integral to said point of sale terminal
8    to electronically communicate with a central computer;

9    a memory means integral to said point of sale terminal that
10   allows the temporary storage of the consumer bank account
11   information from the consumer cards;

12   the central computer system having communication means
13   capability adapted to receive information from a plurality of point
14   of sale terminals;

15   the central computer system communication means allowing said
16   central computer system to communicate with external data bases for
17   consumer credit verification and to allow communication with
18   banking institutions for purposes of transfer of funds.

19   2.    A checkwriting point of sales system according to claim
20   1 wherein said point of sale terminal is further adapted to read
21   MICR numbers appearing on a consumer check and wherein said
22   consumer check is used to identify the consumer bank account
23   information.

24   3.    The checkwriting point of sale according to claim 1
25   wherein said point of sale terminal further comprises an alpha
26   numeric display adapted to receive consumer bank account

23
-28-

24

CONFIDENTIAL

LML-EP 000104

1   information from the memory of the point of sale terminal and
2   display the consumer bank account information.

3       4.    The checkwriting point of sale system according to claim
4   1 further comprising a printer adapted to receive information from
5   the memory of the point of sale terminal to create point of sale
6   slips.

7       5.    The checkwriting point of sale system according to claim
8   1 wherein said central computer system communication means
9   comprises means for communicating with third party data bases for
10  verification of consumer credit.

11      6.    The checkwriting point of sale system according to claim
12  1 further comprising a resident third party data base wherein
13  consumer credit information is stored and used for verification of
14  consumer credit.

15      7.    The checkwriting point of sale system according to claim
16  1 wherein the central computer system further comprises a system
17  subscriber data base comprising those merchants and service
18  providers authorized to use the invention.

19      8.    The checkwriting point of sale system according to claim
20  7 wherein the central computer further comprises a database
21  comprising those consumers approved to use the invention.

22      9.    A checkwriting point of sale process comprising the steps
23  of:

24          a)   presenting a check or consumer card to a point of
25  sale terminal located at a merchant or service provider,
26          b)   reading the magnetic stripe or MICR number
27  information on the credit card or consumer check,

-29-

1         c)    storing the consumer bank account information from

2    the card or check and verifying account numbers at the point of

3    sale terminal,

4         d)    inputting transaction event information into the

5    point of sale terminal,

6         e)    transmitting the transaction event information and

7    consumer bank account information to a central computer system,

8         f)    verifying the authorization status of the consumer,

9         g)    if a particular consumer is not authorized to use

10    the system, verifying the credit worthiness of the consumer via a

11    query to a third party data base,

12         h)    sending an "approved" message to the point of sale

13    terminal, if the consumer's credit is approved for the transaction

14    and

15         i)    subsequently transmitting the transaction event

16    information to a bank for subsequent ACH operations.

17

18

19

20

21    JLr-1808

22

-30-

CONFIDENTIAL

LML-EP 000106

975717

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.:                              Group Art Unit:

Filed:                                   Examiner:

FOR:  CHECKWRITING POINT OF SALE SYSTEM

### DECLARATION

As below inventors, we hereby declare that:

Our residences, post office address and citizenship are as stated below next to our name.

We believe we are the original, first and sole inventors of the subject matter which is claimed and for which a patent is sought on the invention entitled CHECKWRITING POINT OF SALE SYSTEM the specification of which is attached hereto.

We hereby state that we have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

We acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

### POWER OF ATTORNEY

We hereby appoint the following attorney(s) to prosecute this application and to transaction all business in the Patent and Trademark Office connected therewith:

Jon L. Roberts
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
(202) 775-7980

We declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section

CONFIDENTIAL

LML-EP 000107

1001 of Title 18 of the United States Code and that such willful
false statements may jeopardize the validity of the application or
any patent issued thereon.

Full name of inventor  Robert R. Mills

Inventor's Signature _____  Date 10-1-92

Residence  5170 Avenue B

St Augustine (FL 32095

Citizenship  United States

Full name of inventor  Henry R. Nichols

Inventor's Signature _____  Date_____

Residence _____

_____

Citizenship  United States

Jtr 1883

CONFIDENTIAL

LML-EP 000108

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.:                              Group Art Unit:

Filed:                                   Examiner:

FOR:   CHECKWRITING POINT OF SALE SYSTEM

### DECLARATION

As below inventors, we hereby declare that:

Our residences, post office address and citizenship are as stated below next to our name.

We believe we are the original, first and sole inventors of the subject matter which is claimed and for which a patent is sought on the invention entitled CHECKWRITING POINT OF SALE SYSTEM the specification of which is attached hereto.

We hereby state that we have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

We acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

### POWER OF ATTORNEY

We hereby appoint the following attorney(s) to prosecute this application and to transaction all business in the Patent and Trademark Office connected therewith:

Jon L. Roberts
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
(202) 775-7980

We declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section

CONFIDENTIAL

LML-EP 000109

1001 of Title 18 of the United States Code and that such willful
false statements may jeopardize the validity of the application or
any patent issued thereon.

Full name of inventor  Robert R. Hills

Inventor's Signature _____ Date _____

Residence _____

_____

Citizenship  United States

Full name of inventor  Henry R. Nichols

Inventor's Signature  *Henry R Nichols*  Date 10/19/92

Residence  8456 Holly Leaf Dr.

McLean, VA  22102

Citizenship  United States

CONFIDENTIAL

07/07571
Pbo6027 5271

| VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) & 1.27(b))--INDEPENDENT INVENTOR | Docket Number (Optional) |
|---|---|

Applicant or Patentee:  ROBERT R. HILLS AND HENRY R. NICHOLS

Serial or Patent No.: _____

Filed or Issued: _____

Title: CHECKWRITING POINT OF SALE SYSTEM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees to the Patent and Trademark Office described in:

☒ the specification filed herewith with title as listed above.

☐ the application identified above.

☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

☐ No such person, concern, or organization exists.

☐ Each such person, concern or organization is listed below.

Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

ROBERT R. HILLS
NAME OF INVENTOR      HENRY R. NICHOLS
Signature of Inventor      NAME OF INVENTOR      NAME OF INVENTOR
October 6, 1992      Signature of Inventor      Signature of Inventor
Date      Date      Date

PTO/SB/09 (11-90)      Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

CONFIDENTIAL      LML-EP 000111

PTO/SB/09 (11-90)

**VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS
(37 CFR 1.9(f) & 1.27(b))--INDEPENDENT INVENTOR**

Docket Number (Optional)

Applicant or Patentee:    ROBERT R. HILLS AND HENRY R. NICHOLS

Serial or Patent No.:

Filed or Issued:                                    1992

Title:    CHECKWRITING POINT OF SALE SYSTEM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for
purposes of paying reduced fees to the Patent and Trademark Office described in:

[X]  the specification filed herewith with title as listed above.

[ ]  the application identified above.

[ ]  the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant,
convey or license, any rights in the invention to any person who would not qualify as an independent inventor under 37
CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business
concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obliga-
tion under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

[ ]  No such person, concern, or organization exists.

[ ]  Each such person, concern or organization is listed below.

Separate verified statements are required from each named person, concern or organization having rights to the inven-
tion averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of enti-
tlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee
due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on informa-
tion and belief are believed to be true; and further that these statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the
United States Code, and that such willful false statements may jeopardize the validity of the application, any patent
issuing thereon, or any patent to which this verified statement is directed.

| ROBERT R. HILLS | HENRY R. NICHOLS | |
|---|---|---|
| NAME OF INVENTOR | NAME OF INVENTOR | NAME OF INVENTOR |
| Signature of Inventor | Signature of Inventor | Signature of Inventor |
| Date | Date  10/19/92 | Date |

PTO/SB/09 (11-90)

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

CONFIDENTIAL

LML-EP 000112



fig. 1



fig 2

CONFIDENTIAL

LML-EP 000113







figure 3

CONFIDENTIAL

LML-EP 000114



Fig. 4

PRINT OF DRAWINGS
S ORIGINALLY FILED

LML-EP 000115



figure 5

PRINT OF DRAWINGS
IS ORIGINALLY FILED

CONFIDENTIAL

LML-EP 000116

PRINT OF DRAWINGS
IS ORIGINALLY FILED



Fig. 6

CONFIDENTIAL

LML-EP 000117



fig 7

CONFIDENTIAL

LML-EP 000118



08/25/73

Merchant Name
Street Address
City, ST Zip
Merchant Acct #

TIME 00:00 _M          DATE 00/00/00
BANK ACT NO. 000000000000
TRANSIT NO. 000000000

SALE AMOUNT              $ 9,999.00

TERMINAL ID 0000000000

I herewith authorise ChequeMARK Systems
to electronically access my designated
checking account for the payment of the
above referenced purchase.

Name (PRINT) _____
Street _____
City _____ ST ____ Zip _____
Tel. Number ( ____ ) _____ - _____

I ACKNOWLEDGE THAT RETURN FEES WILL BE
IMPOSED SHOULD MY PAYMENT BE DISHONORED
AND UNDERSTAND THAT IT IS UNLAWFUL TO
AUTHORIZE PAYMENTS FOR WHICH ADEQUATE
MONIES ARE NOT AVAILABLE WITHIN MY
ACCOUNT.

X _____
Authorising Signature _____

fig. 8

CONFIDENTIAL                    LML-EP 000119

PRINT OF DRAWINGS
AS ORIGINALLY FILED

08/25739c

Merchant Name
Street Address
City, ST Zip
Merchant Acct #

CUSTOMER BANKING INFORMATION:

BANK ACT NO. _____

TRANSIT NO. _____

SALE AMOUNT . . . . . . . . . . . . . . . . . . . $ _____

I herewith authorize ChequeMARK Systems to electronically
access my designated checking account for the payment of the above
referenced purchase amount. I acknowledge that sufficient funds
are available for the payment of this sale.

Name (PRINT) _____
Street _____
City _____ ST ___ Zip _____
Tel. Number: (_____) _____ - _____

I FURTHER ACKNOWLEDGE THAT RETURN FEES WILL BE IMPOSED SHOULD MY
PAYMENT BE DISHONORED AND UNDERSTAND THAT IF IS UNLAWFUL TO
AUTHORIZE PAYMENTS FOR WHICH ADEQUATE MONIES ARE NOT AVAILABLE
WITHIN MY ACCOUNT.

X _____
Authorizing Signature

fig. 9

CONFIDENTIAL

LML-EP 000120



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO. |
|---|---|---|---|
| 07/975,717 | 11/13/92 | MILLS | R |

JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

2505

DATE MAILED:    01/04/93

## Notice of Incomplete Application

A filing date has NOT been assigned to the above identified application papers for the reason(s) shown below.

1. ☐ The specification (description and claims):
   a. ☐ is missing.
   b. ☐ has pages_____missing.
   c. ☐ does not include a written description of the invention.
   d. ☐ does not include at least one claim in compliance with 35 U.S.C. 112.
   A complete specification in compliance with 35 U.S.C. 112 is required.

2. ☑ A drawing of Figure(s) #8 + 9 described in the specification is required in compliance with 35 U.S.C. 111.

3. ☐ A drawing of applicant's invention is required since it is necessary for the understanding of the subject matter of the invention in compliance with 35 U.S.C. 113.

4. ☐ The inventor's name(s) is missing. The full names of all inventors are required in compliance with 37 CFR 1.41.

5. ☐ Other:

All of the above-noted omissions, unless otherwise indicated, must be submitted within TWO MONTHS of the date of this notice or the application will be returned or otherwise disposed of. Any fee which has been submitted will be refunded less a $15.00 handling fee. See 37 CFR 1.53(c).

The filing date will be the date of receipt of all the items required above, unless otherwise indicated. Any assertions that the items required above were submitted, or are not necessary for a filing date, must be by way of a petition directed to the attention of the Office of the Assistant Commissioner for Patents accompanied by the $140.00 petition fee (37 CFR 1.17(h)). If the petition alleges that no defect exists, a request for refund of the petition fee may be included in the petition.

Direct the response to, and questions about, this notice to the undersigned, Attention: Application Branch.

*A copy of this notice MUST be returned with response.*

Enclosed:
   ☐ "General Information Concerning Patents". See page_____
   ☐ Copy of a patent to assist applicant in making corrections.
   ☑ "Notice to File Missing Parts of Application", Form PTO-1532.
   ☐ Other: _____

*Vincent Butler*

For: Manager, Application Branch
(703) 557-3252  557-1202

FORM PTO-1123 (REV. 7-82)    OFFICE COPY

3

LML-EP 000121

CONFIDENTIAL



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTY. DOCKET NO. |
|---|---|---|---|---|
| 07/975,717 | 11/13/92 | MILLS | R | |

JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

2505

DATE MAILED:                        01/04/93

## NOTICE TO FILE MISSING PARTS OF APPLICATION—
## NO FILING DATE

(Attachment to Form PTO-1123)

In order to avoid payment by applicant of the surcharge required if items 1 and 3-8 are filed after the filing date the following items are also brought to applicant's attention at this time.

If all missing parts of this form and on the "Notice of Incomplete Application" are filed together, the total amount owed by applicant as a ☐ large entity ☐ small entity (verified statement filed) is $ _____

1. ☐ The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity must submit $ _____ to complete the basic filing fee and MUST ALSO SUBMIT THE SURCHARGE, IF REQUIRED, AS INDICATED BELOW.

2. ☐ Additional claim fees of $ _____ as a ☐ large entity, ☐ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due. NO SURCHARGE IS REQUIRED FOR THIS ITEM.

3. ☑ The oath or declaration:
   ☐ is missing.
   ☑ does not cover items required on the "Notice of Incomplete Application":
   An oath or declaration in compliance with 37 CFR 1.63, referring to the above Serial Number and Receipt Date is required. A SURCHARGE, IF REQUIRED, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

4. ☐ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Serial Number and Receipt Date is required. A SURCHARGE, IF REQUIRED, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

5. ☐ The signature to the oath or declaration is: ☐ missing; ☐ a reproduction; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, referring to the above Serial Number and Receipt Date is required. A SURCHARGE, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration:
   _____ Applicant(s) should provide, if possible, an oath or declaration signed by the omitted inventor(s), identifying this application by the above Serial Number and Receipt Date. A SURCHARGE, IF REQUIRED, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

7. ☐ A $20.00 processing fee is required for returned checks. (37 CFR 1.21(m)).

8. ☐ Other:

Required items 1-7 above SHOULD be filed, if possible, with any items required on the "Notice of Incomplete Application" enclosed with this form. If concurrent filing of all required items is not possible, items 1-7 above must be filed no later than two months from the filing date of this application. The filing date will be the date of receipt of the items required on the "Notice of Incomplete Application." If items 1 and 3-6 above are submitted after the filing date, THE PAYMENT OF A SURCHARGE OF $110.00 for large entities, or $55.00 for small entities who have filed a verified statement claiming such status, is required. (37 CFR 1.16(e)).

Applicant must file all the required items 1-7 indicated above within two months from any filing date granted to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

Direct the response to, and any questions about, this notice to the undersigned, Attention: Application Branch.

*A copy of this notice MUST be returned with response.*

For: Manager, Application Branch
(703) 557-3254
FORM PTO-1626 (REV. 7-87)

| For Office Use Only | |
|---|---|
| ☐ 102 | ☐ 202 |
| ☐ 103 | ☐ 203 |
| ☐ 104 | ☐ 204 |
| ☐ 105 | ☐ 205 |

OFFICE COPY

CONFIDENTIAL

LML-EP 000122

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit:

Filed:    11/13/92              Examiner:

For:    CHECKWRITING POINT OF SALE SYSTEM

\*        \*        \*        \*

PROPOSAL TO AMEND DRAWINGS
PURSUANT TO 37 C.F.R. § 1.123

\*        \*        \*        \*

February 5, 1993

Honorable Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Sir:

Attached please find a proposed change to Figures 10 and 11 in the above referenced patent application. The Figures have been renumbered Figure 8 and Figure 9, respectively. Because this figure designation change is merely rectifying a discrepancy with the specification, no new matter has been added by this amendment. It is respectfully requested that this proposed change be approved and become part of the record. Formal drawings will be submitted when the claims are allowed.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
Phone: (202) 775-7980

CONFIDENTIAL

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717                Group Art Unit:

Filed:  11/13/92                      Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

DECLARATION FOR PATENT APPLICATION

As below-named inventors, we hereby declare that:

Our residences, post office addresses and citizenship are as stated below next to our names.

We believe we are the original, first and joint inventors of the subject matter which is claimed and for which a patent is sought on the invention entitled CHECKWRITING POINT OF SALE SYSTEM, the specification of which was filed on November 13, 1992 and a preliminary amendment of which is attached hereto.

We hereby state that we have reviewed and understand the contents of the above identified specification, including the claims, as amended by the amendment referred to above.

We acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

We hereby appoint the following attorney to prosecute this application and to transaction all business in the Patent and Trademark Office connected therewith:

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400X
Washington, D.C. 20006
(202) 775-7980

We declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful

CONFIDENTIAL

LML-EP 000124

false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of inventor Robert R. Hills

Inventor's Signature _____ Date 1-14-93

Residence _____ 5170 Avenue B _____

_____ St. Augustine, Florida 32095 _____

Citizenship _____ U.S.A. _____


Full name of inventor Henry R. Nichols

Inventor's Signature _____ Date _____

Residence _____ 8456 Holly Leaf Drive _____

_____ McLean, Virginia 22102 _____

Citizenship _____ U.S.A. _____

CONFIDENTIAL

false statements may jeopardize the validity of the application or
any patent issued thereon.

Full name of inventor <u>Robert R. Hills</u>

Inventor's Signature _____ Date_____

Residence_____ <u>5170 Avenue B</u>

_____ <u>St. Augustine, Florida 32095</u>

Citizenship_____ <u>U.S.A.</u>


Full name of inventor <u>Henry R. Nichols</u>

Inventor's Signature _____ Date <u>1/22/93</u>

Residence_____ <u>8456 Holly Leaf Drive</u>

_____ <u>McLean, Virginia 22102</u>

Citizenship_____ <u>U.S.A.</u>

CONFIDENTIAL

LML-EP 000126

#3                                    PTO/SB/09 (11-90)

| VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) & 1.27(b)) – INDEPENDENT INVENTOR | Docket Number (Optional) |

Applicant or Patentee: ROBERT R. HILLS AND HENRY R. NICHOLS

Serial or Patent No.: 07/975,717

Filed or Issued: 11/13/92

Title: CHECKWRITING POINT OF SALE SYSTEM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees to the Patent and Trademark Office described in:

☐ the specification filed herewith with title as listed above.

☒ the application identified above.

☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

☐ No such person, concern, or organization exists.

☒ Each such person, concern or organization is listed below.

Resource Technology Services, Inc.
8221 Old Courthouse Road, Suite 202
Vienna, Virginia 22182

Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

| ROBERT R. HILLS | HENRY R. NICHOLS | |
| NAME OF INVENTOR | NAME OF INVENTOR | NAME OF INVENTOR |
| Signature of Inventor | Signature of Inventor | Signature of Inventor |
| Date | Date 1/22/93 | Date |

PTO/SB/09 (11-90)                    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

CONFIDENTIAL

LML-EP 000127

43

PTO/SB/09 (11-90)

VERIFIED STATEMENT: CLAIMING SMALL ENTITY STATUS | Docket Number (Optional)
(37 CFR 1.9(f) & 1.27(b))--INDEPENDENT INVENTOR

Applicant or Patentee: ROBERT R. HILLS AND HENRY R. NICHOLS

Serial or Patent No.:  07/975,717

Filed or Issued:  11/13/92

Title:  CHECKWRITING POINT OF SALE SYSTEM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees to the Patent and Trademark Office described in:

☐ the specification filed herewith with title as listed above.

☒ the application identified above.

☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

☒ No such person, concern, or organization exists.

☐ Each such person, concern or organization is listed below.

Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

ROBERT R. HILLS | HENRY R. NICHOLS | NAME OF INVENTOR
NAME OF INVENTOR | NAME OF INVENTOR |

Signature of Inventor | Signature of Inventor | Signature of Inventor

Date  1-14-93 | Date | Date

PTO/SB/09 (11-90) | Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

CONFIDENTIAL

LML-EP 000128

#3

PTO/SB/10 (11-90)

VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS
(37 CFR 1.9(f) & 1.27(c))—SMALL BUSINESS CONCERN

Docket Number (Optional)

Applicant or Patentee: Robert R. Hills and Henry R. Nichols
Serial or Patent No.: 07/975.717
Filed or Issued: 11/13/92
Title: CHECKWRITING POINT OF SALE SYSTEM

I hereby declare that I am

☐ the owner of the small business concern identified below;
☒ an official of the small business concern empowered to act on behalf of the concern identified below:

NAME OF SMALL BUSINESS CONCERN Resource Technology Services, Inc.
ADDRESS OF SMALL BUSINESS CONCERN 8221 Old Courthouse Road, Suite 202
Vienna, Virginia 22182

I hereby declare that the above identified small business concern qualifies as a small business concern as defined in 13 CFR 121.12, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees to the United States Patent and Trademark Office, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the small business concern identified above with regard to the invention described in:

☐ the specification filed herewith with title as listed above.
☒ the application identified above.
☐ the patent identified above.

If the rights held by the above identified small business concern are not exclusive, each individual, concern or organization having rights in the invention must file separate verified statements averring to their status as small entities, and no rights to the invention are held by any person, other than the inventor, who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person made the invention, or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d), or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization having any rights in the invention is listed below:

☒ no such person, concern, or organization exists.
☐ each such person, concern, or organization is listed below.

Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING  Henry R. Nichols

TITLE OF PERSON IF OTHER THAN OWNER  President

ADDRESS OF PERSON SIGNING  8221 Old Courthouse Road, Suite 202, Vienna, VA 22182

SIGNATURE _Henry R. Nichols_                    DATE  1/22/93

PTO/SB/10 (11-90)                          Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

A/N

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert H. Hills and Henry R. Nichols

Serial No.: 07/975,717                    Group Art Unit:

Filed:  11/13/92                          Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

Hon. Commissioner of Patents
    and Trademarks
Washington, D.C. 20231

Dear Sir:

    Enclosed please find the following:

    1.   Preliminary amendment

    2.   Proposal to Amend Drawings Pursuant to 37 CFR §1.123

    3.   Declaration and Power of Attorney of Robert H. Hills

    4.   Declaration and Power of Attorney of Henry R. Nichols

    5.   Verified  Statement  Claiming  Small  Entity  Status
         (Independent Inventor) of Robert H. Hills

    6.   Verified  Statement  Claiming  Small  Entity  Status
         (Independent Inventor) of Henry R. Nichols

    7.   Verified  Statement  Claiming  Small  Entity  Status
         (Small Business Concern) of Henry R. Nichols

    8.   Assignment of Henry R. Nichols

    9.   One check in the amount of $40.00 to record the
         assignment.

    You are hereby authorized to charge any deficiency or credit
any overpayment to the Deposit Account of Arter & Hadden, No. 01-
2520.  Triplicate copies of this transmittal letter are enclosed.

                              Respectfully submitted,

                              Jon L. Roberts
                              Reg. No. 31,293
                              Arter & Hadden
                              1801 K Street, N.W.
                              Suite 400K
                              Washington, D.C. 20006
                              (202) 775-7980

February 5, 1993

CONFIDENTIAL

LML-EP 000130

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717                    Group Art Unit:

Filed:   11/13/92                         Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

DECLARATION FOR PATENT APPLICATION

As below-named inventors, we hereby declare that:

Our residences, post office addresses and citizenship are as stated below next to our names.

We believe we are the original, first and joint inventors of the subject matter which is claimed and for which a patent is sought on the invention entitled CHECKWRITING POINT OF SALE SYSTEM, the specification of which was filed on November 13, 1992 and a preliminary amendment of which is attached hereto.

We hereby state that we have reviewed and understand the contents of the above identified specification, including the claims, as amended by the amendment referred to above.

We acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

We hereby appoint the following attorney to prosecute this application and to transaction all business in the Patent and Trademark Office connected therewith:

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
(202) 775-7980

We declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful

CONFIDENTIAL

LML-EP 000131

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit:

Filed: 11/13/92                          Examiner:

For:    CHECKWRITING POINT OF SALE SYSTEM

*    *    *    *    *

PRELIMINARY AMENDMENT

*    *    *    *    *

Honorable Commissioner of Patents
    and Trademarks
Washington, D.C. 20231

Sir:

    Applicant hereby submits the following preliminary amendment
to the above captioned patent application.

In the Specification:

    On page 8, line 5, delete "DETAILED DESCRIPTION OF THE
PREFERRED EMBODIMENT".

    On page 11, line 23, after "Figures 4-" delete "9" and insert
--7--.

    On page 11, line 24, delete "10" and insert --8--.

    On page 11, line 25, delete "11" and insert --9--.

    On page 14, line 17, delete "5" and insert --6--.

    On page 15, line 4, delete "7" and insert --5--.

    On page 15, line 13, delete "141" and insert --142--.

    On page 15, line 22, delete "8" and insert --7--.

    On page 21, line 3, delete "10" and insert --8--.

CONFIDENTIAL

LML-EP 000132

On page 21, line 5, delete "11" and insert --9--.

## REMARKS

This preliminary amendment is being filed in response to a Notice of Incomplete Application mailed 01/04/93. The reason for the Notice is that drawings of Figures 8 and 9 were not included with the application, yet were described in the specification. Actually, there are no Figures 8 and 9. Early versions of the proposed figures were used while drafting the original application. References in the original application were made to these early drawings. After the application was finished, and prior to filing, the drawings were revised and Figures 8 and 9 were consolidated into Figures 4 through 7. However, the specification was never updated to reflect the new drawing figure references. Thus, the application was complete as filed, but the unrevised specification gave the impression that drawing figures were missing.

The specification has therefore been amended to reflect the actual drawing figure designations. Original Figures 10 and 11 have been redesignated Figures 8 and 9 so that the drawing figures will remain consecutively numbered. A proposal to amend the drawings therefore accompanies this amendment. A line has also been deleted from page 8 to correct a typographical error. No new matter is being added by this amendment.

New declarations by the inventors are also being filed with this amendment in compliance with the Notice to File Missing Parts of Application mailed 01/04/93. These declarations refer to this preliminary amendment.

2

LML-EP 000133

CONFIDENTIAL

It is respectfully urged that the application filed 11/13/92 is complete, and confirmation of a filing date is hereby requested.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
Phone: (202) 775-7980

February 5, 1993

-3

CONFIDENTIAL

LML-EP 000134

2841
9-22-43
610

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717          Group Art Unit:  2505

Filed: 11/13/92               Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

\* \* \* \* \*

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR 1.97

\* \* \* \* \*

Honorable Commissioner of Patents
 and Trademarks
Washington, D.C.  20231

Sir:

Enclosed please find the following:

1.   Information Disclosure Statement

2.   Form PTO-1449 (2 sheets);

3.   Exhibit book.

Respectfully submitted,

Jon L. Roberts
Reg. No. 31,293
Arter & Hadden
1801 K Street, Suite 400K
Washington, D.C. 20006
(202) 775-7980

September 15, 1993

CONFIDENTIAL

LML-EP 000135

*GP2505*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717          Group Art Unit:  2505

Filed: 11/13/92                 Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

\* \* \* \* \*

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR 1.97

\* \* \* \* \*

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

Pursuant to the requirements of 37 CFR 1.97, Applicants Robert
R. Hills and Henry R. Nichols hereby submit the following
Information Disclosure Statement. The form PTO-1449 submitted
lists references which Applicants think may be relevant. These
documents are not necessarily analogous art. It is respectfully
requested that these documents be considered by the examiner.
Copies of all references are enclosed.

Respectfully submitted,

Jon L. Roberts
Reg. No. 31,293
Arter & Hadden
1801 K Street, Suite 400K
Washington, D.C. 20006
(202) 775-7980

September 15, 1993

CONFIDENTIAL

LML-EP 000136

**INFORMATION DISCLC. .E CITATION**
*(Use several sheets if necessary)*

| ATTY. DOCKET NO. | SERIAL NO. |
|---|---|
| 53048/179A | 07/975,717 |

APPLICANT
Robert R. Hills and Henry R. Nichols

| FILING DATE | GROUP |
|---|---|
| 11/13/92 | 2505 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5 0 5 3 6 0 7 | 10/1/91 | Carlson et al. | 235 | 379 | 6/6/89 |
| | B | 4 6 7 8 8 9 6 | 7/7/87 | Carlson et al. | 235 | 380 | 10/6/86 |
| | C | 4 6 7 2 3 7 7 | 6/9/87 | Murphy et al. | 340 | 825.34 | 9/9/85 |
| | D | 4 9 3 5 3 6 | 6/12/90 | Lindemann et al. | 235 | 375 | 5/4/89 |
| | E | 4 8 1 0 8 6 6 | 3/7/89 | Lord, Jr. | 235 | 379 | 8/7/87 |
| | F | 4 7 4 3 7 4 3 | 5/10/88 | Fukatsu | 235 | 379 | 3/24/86 |
| | G | 4 5 2 3 3 3 0 | 6/11/85 | Cain | 382 | 7 | 12/23/82 |
| | H | 4 4 0 4 6 4 9 | 9/13/83 | Nunley et al. | 364 | 900 | 11/3/80 |
| | I | 4 5 8 0 0 4 0 | 4/1/86 | Granzow et al. | 235 | 379 | 10/3/83 |
| | J | 4 6 1 7 4 5 7 | 10/14/86 | Granzow et al. | 235 | 379 | 12/19/83 |
| | K | 3 8 2 4 5 4 4 | 7/16/74 | Simjian | 340 | 147A | 4/13/73 |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**OTHER DOCUMENTS** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| EXAMINER | | DATE CONSIDERED |
|---|---|---|
| | | 7/1/94 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.*

Form PTO-FB-A820
( also form PTO-1449 )

Patent and Trademark Office - U.S. DEPARTMENT of COMMERCE

CONFIDENTIAL

LML-EP 000137

**INFORMATION DISCLOSURE CITATION**

*(Use several sheets if necessary)*

| ATTY. DOCKET № | SERIAL NO. |
|---|---|
| 53048/1794 | 07/975,717 |
| APPLICANT | Robert R. Hills and Henry R. Nichols |
| FILING DATE | GROUP |
| 11/13/92 | 2505 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | | | | | | | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| W | L | 3 | 8 | 4 | 5 | 4 | 7 | 0 | 10/29/76 | Schuller | 340 | 149A | 2/8/73 |
| M | M | 4 | 6 | 7 | 3 | 8 | 0 | 2 | 6/16/87 | Ohme et al. | 235 | 379 | 10/21/86 |
| W | N | 4 | 6 | 7 | 8 | 8 | 9 | 5 | 7/7/87 | Tateisi et al. | 235 | 379 | 10/27/83 |
| W | O | 4 | 9 | 3 | 4 | 7 | 7 | 2 | 6/19/90 | Sakuma et al. | 350 | 6.5 | 12/2/88 |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | | | | | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| *Hurl E.* | 3/1/94 |

**EXAMINER:** Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-FB-A820
also form PTO-1449 )

Patent and Trademark Office - U.S. DEPARTMENT of COMMERCE

CONFIDENTIAL

LML-EP 000138

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/975,717 | 11/13/92 | HILLS | R |

| | EXAMINER |
|---|---|
| | PITTS, H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2505 | 5 |

25M1/0923

JON L. ROBERTS
ANTER & HADDEN
1601 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

DATE MAILED: 09/23/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___2___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I** THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☑ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II** SUMMARY OF ACTION

1. ☑ Claims __1-9__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☑ Claims __1-9__ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed on _____ has been ☐ approved. ☐ disapproved (see explanation).
12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 8-85)

CONFIDENTIAL

LML-EP 000139

Serial No. 975,717                    -2-

Art Unit  2505

    The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

    A person shall be entitled to a patent unless ---
    (b) the invention was patented or described in a printed
    publication in this or a foreign country or in public use or
    on sale in this country, more than one year prior to the
    date of application for patent in the United States.

    Claims 1-9 are rejected under 35 U.S.C. § 102(b) as being

anticipated by Case or Dewing.

    Note col. 1, lines 53 et. seq. of Case and col. 2 lines 17

et. Seq. of Dewing.

    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Harold
Pitts whose telephone number is (703) 308-0717.

    Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0956.


                                        HAROLD PITTS
                                        PRIMARY EXAMINER
                                        GROUP 2500

Pitts/tj
September 22, 1993

LML-EP 000140

CONFIDENTIAL

PTO FORM 948
(REV. 7-92)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

GROUP 2 roy

ATTACHMENT TO PAPER NUMBER
5

APPLICATION NUMBER
925717

## NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

THE PTO DRAFTSMEN REVIEW ALL ORIGINALLY FILED DRAWINGS REGARDLESS
OF WHETHER THEY WERE DESIGNATED AS INFORMAL OR FORMAL. ADDITIONALLY, THE PATENT
EXAMINER WILL ALSO REVIEW THE DRAWINGS FOR COMPLIANCE WITH THE REGULATIONS.

The drawings filed    11/13/92

A. ☐ are approved by the draftsperson.

B. ☑ are objected to by the draftsperson under 37 CFR 1.84 for the reason(s) checked below. The examiner will require
submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the
instructions listed on the back of this Notice.

1. Paper and Ink. 37 CFR 1.84(a)

   ☐ Sheet(s) _____ Poor.

2. Size of Sheet and Margins. 37 CFR 1.84(b)

   Acceptable Paper Sizes and Margins

   | Margin | Paper Size | | |
   |---|---|---|---|
   | | 8 1/2 by 14 inches | 8 1/2 by 13 inches | DIN size A4 21 by 29.7 cm. |
   | Top | 2 inches | 1 inch | 2.5 cm. |
   | Left | 1/4 inch | 1/4 inch | 2.5 cm. |
   | Right | 1/4 inch | 1/4 inch | 1.5 cm. |
   | Bottom | 1/4 inch | 1/4 inch | 1.0 cm. |

   ☑ Proper Size Paper Required.
   All Sheets Must be Same Size.
   Sheet(s) 1,8 – 9

   ☐ Proper Margins Required.
   Sheet(s) _____

   ☐ TOP    ☐ RIGHT
   ☐ LEFT    ☐ BOTTOM

3. Character of Lines. 37 CFR 1.84(c)

   ☑ Lines Pale or Rough and Blurred.
   Fig(s) 1 – 9

   ☐ Solid Black Shading Not Allowed.
   Fig(s) _____

4. ☐ Photographs Not Approved.

5. Hatching and Shading. 37 CFR 1.84(d)

   ☐ Shade Lines are Required.
   Fig(s) _____

   ☐ Criss-Cross Hatching Not Allowed.
   Fig(s) _____

   ☐ Double Line Hatching Not Allowed.
   Fig(s) _____

   ☐ Parts in Section Must be Hatched.
   Fig(s) _____

6. Reference Characters. 37 CFR 1.84(f)

   ☑ Reference Characters Poor or Incorrectly Sized.
   Fig(s) _____

   ☐ Reference Characters Placed Incorrectly.
   Fig(s) _____

7. Views. 37 CFR 1.84(f) & (i)

   ☐ Figures Must be Numbered Properly.

   ☐ Figures Must Not be Connected.
   Fig(s) _____

8. ☐ Identification of Drawings. 37 CFR 1.84(1)
   Extraneous Matter or Copy Machine
   Marks Not Allowed. Fig(s) 1 – 9

9. ☐ Changes Not Completed from Prior
   PTO-948 dated _____

☑ Comments: Figure legent poor fig# 9

Telephone inquires concerning this review should be directed to the Chief Draftsperson at telephone number (703) 305-8404.

Reviewing Draftsperson _____

Date 7/14/93

Note: Any objection to the drawings made by the examiner will be communicated separately in an office action.

PTO Copy

CONFIDENTIAL

LML-EP 000141

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 975717 | GROUP ART UNIT 2705 | ATTACHMENT TO PAPER NUMBER 5 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Hills et al | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 2 7 0 0 4 2 | 5/81 | Case | 235 | 379 | |
| B | | 4 8 2 3 2 6 4 | 4/89 | Deming | 235 | 379 | |
| C | | | | | | | |
| D | | | | | | | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB. CLASS | PERTINENT SHTS. DWG. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER | DATE 9/9/93 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

CONFIDENTIAL

LML-EP 000142

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 935,702 | GROUP ART UNIT 2402 | ATTACHMENT TO PAPER NUMBER 5 |
|---|---|---|---|---|

NOTICE OF REFERENCES CITED

(1) JC  1147 PP

APPLICANT(S)  Kirk

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 2 5 5 6 2 6 6 | 6/1951 | Furtado | 99 | 584 | |
| B | 3 6 8 8 8 2 6 | 8/1972 | Amori | 99 | 552 | |
| C | 3 8 5 3 0 4 9 | 12/1974 | Wilkerson | 99 | 630 | |
| D | 3 8 6 1 2 9 5 | 1/1975 | Boyer | 99 | 516 | |
| E | 4 3 5 5 5 7 2 | 10/1982 | Silvestrini | 99 | 540 | |
| F | 4 3 6 1 0 8 4 | 11/1982 | Raatz | 99 | 636 | |
| G | 4 3 6 3 2 6 6 | 12/1982 | Tichy et al. | 99 | 552 | |
| H | 4 4 7 6 7 7 8 | 10/1984 | Clyma | 99 | 546 | |
| I | 4 4 8 1 8 7 5 | 11/1984 | Toyosato | 99 | 591 | |
| J | 4 8 8 9 0 4 5 | 12/1989 | Backus | 99 | 636 | |
| K | 5 1 5 8 0 1 0 | 10/1992 | Rosenberger | 99 | 537 | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. PP. DWG SPEC. |
|---|---|---|---|---|---|---|---|
| L | 7 9 0 6 2 5 0 | 2/1981 | Netherlands | — | 99 | 584 | |
| M | | | | | | | |
| N | | | | | | | |
| O | | | | | | | |
| P | | | | | | | |
| Q | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER T.F. Simone | DATE 11/10/92 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

LML-EP 000143

CONFIDENTIAL

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit: 2505

Filed: 11/13/92                          Examiner: Pitts, H.

For:    CHECKWRITING POINT OF SALE SYSTEM

\*        \*        \*

RESPONSE TO OFFICE ACTION OF 09/23/93

\*        \*        \*

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

Applicant hereby submits the following response to the Office
action of 09/23/93.

In the Specification:

Page 1, line 6, after "particularly" add -- to --.

Page 1, line 8, after "individual and" add -- of --.

Page 1, line 8, between "the" and "bank" add
-- individual's --.

Page, 1, line 8, between "and" and "bank" add -- whereby
the --.

Page 1, line 8, delete "be" and insert -- is --.

Page 1, line 12, before "patent" insert -- U.S. --.

Page 1, line 13, after "together" insert -- with --.

Page 1, line 17, before "Patent" insert -- U.S. --.

Page 1, line 21, delete "the " and insert -- an --.

Page 1, line 22, after "point" insert -- of --.

Page 1, line 22, before "Patent" insert -- U.S. --.

Page 1, line 24, before "Patent" insert -- U.S. --.

Page 1, line 27, before "Patent" insert -- U.S. --.

Page 1, line 27, delete "involving" and insert
-- discloses --.

Page 2, line 1, delete "in" and insert -- using --.

Page 2, line 1, before "check" insert -- a --.

Page 2, line 2, after "codes" insert -- . --.

Page 2, line 2, delete "is used by" and insert -- When --.

Page 2, line 2, after "someone" insert -- attempts --.

Page 2, line 3, after "services" delete "and wherein" and
insert -- , --.

Page 2, line 4, after "place" insert -- the order --.

Page 2, line 7, before "Patent" insert -- U.S. --.

Page 2, line 8, delete "telemachine" and insert -- teller
machine --.

Page 2, line 11, before "Patent" insert -- U.S. --.

Page 2, line 14, before "Patent" insert -- U.S. --.

Page 2, line 16, delete "then".

Page 2, line 19, before "Patent" insert -- U.S. --.

Page 2, line 22, before "Patent" insert -- U.S. --.

Page 2, line 23, delete "systems" and insert -- system --.

Page 3, line 1, before "Patent" insert -- U.S. --.

Page 3, line 3, delete "which users" and insert
-- . Users --.

2

CONFIDENTIAL

Page 3, line 5, before "Patent" insert -- U.S. --.

Page 3, line 6, delete "apparatuses" and insert -- an apparatus is --.

Page 3, line 6, delete "restore" and insert -- secure --.

Page 3, line 7, before "checks" insert -- of --.

Page 3, line 9, before "customer" insert -- a --.

Page 3, line 10, Delete "It does" and insert -- They do --.

Page 3, line 10, delete "anyway" and insert -- any way --.

Page 3, line 11, delete "or indeed" and insert -- nor do they --.

Page 3, line 11, delete "that the issue in anyway of how" and insert -- the process by which --.

Page 3, line 13, delete "operation" and insert -- operations --.

Page 3, line 13, after "exist" insert -- in --.

Page 3, line 14, delete "ACH" and insert -- automated clearinghouse ("ACH") --.

Page 3, line 15, delete "anyway" and insert -- any way --.

Page 3, line 17, delete "indeed" and insert -- must --.

Page 3, line 21, before "will" delete "it" and insert -- the present invention --.

Page 3, line 23, delete "by the background I" and insert -- and disclosed in the background references --.

Page 3, line 26, delete ",".

Page 4, line 9, after "individuals" insert -- herein --.

Page 4, lines 9-10, delete "in this application"

3

CONFIDENTIAL

LML-EP 000146

Page 4, lines 12-13, delete "the present invention's".

Page 4, line 13, after "parameters" insert -- of the present invention --.

Page 4, line 17, delete "know" and insert -- known --.

Page 4, line 17, delete "("Automated Clearing House")".

Page 4, line 24, delete "deposit" and insert -- deposits the transaction amount --.

Page 4, line 27, delete "would be" and insert -- are --.

Page 5, line 9, delete "applicants'".

Page 5, line 9, after "system" insert -- of the present invention --.

Page 5, line 12, delete "would be" and insert -- are --.

Page 5, line 12, delete "applicants'".

Page 5, line 12, after "system" insert -- of the present invention by --.

Page 5, line 19, delete "their".

Page 5, line 22, delete "invention's".

Page 5, line 22, after "center" insert -- of the present invention --.

Page 5, line 24, delete "Electronic Funds Transfer ("EFT")" and insert -- EFT --.

Page 5, line 27, delete "would be" and insert -- is --.

Page 6, line 16, delete "could" and insert -- may --.

Page 6, line 22, after "execution" insert -- of the Transaction Event Slip --.

Page 7, line 8, before "be stored" insert -- may --.

4

CONFIDENTIAL

LML-EP 000147

Page 7, line 12, delete "would".

Page 7, line 22, delete "and use to" and insert -- to and use of --.

Page 8, line 5, delete "the consumers" and insert -- consumer --.

Page 8, line 6, delete "as well".

Page 8, line 8, before "present" insert -- method of the --.

Page 8, line 9, delete "subscribers" and insert -- subscriber's --.

Page 8, line 9, delete " at a".

Page 8, line 12, after "or" insert -- for --.

Page 8, line 17, delete "invention's".

Page 8, line 18, after "files" insert -- of the present invention --.

Page 8, line 24, before "part" insert -- considered --.

Page 8, line 24, before "invention" insert -- present --.

Page 9, line 2, delete "an" and insert -- a --.

Page 9, line 3, before "executed" insert -- will be --.

Page 9, line 24, after "reader" insert -- , --.

Page 9, line 25, after "character" insert -- recognition --.

Page 9, line 25, after "equipment" insert -- , --.

Page 9, line 26, delete "applicants'".

Page 9, line 27, delete "were" and insert -- of the present invention is --.

Page 10, line 3, delete "The present invention contemplates" and insert -- It is contemplated --.

5

CONFIDENTIAL

LML-EP 000148

Page 10, line 4, delete "on" and insert -- using the present invention with --.

Page 10, line 7, after "system" insert -- of the present invention --.

Page 10, line 10, before "form" insert -- the --.

Page 10, line 12, delete "(PSTN) or" and insert -- ("PSTN") or over --.

Page 10, line 21, after "Individual" insert -- transactions --.

Page 11, line 1, before "instantly" insert -- are --.

Page 11, line 3, delete "subscribers" and insert -- subscribers' --.

Page 11, line 3, delete "are" and insert -- is --.

Page 11, line 4, delete "invention's".

Page 11, line 4, delete "by means of telephonic network" and insert -- of the present invention by means of a telephonic network which is --.

Page 11, line 8, after "response" insert -- sequence --.

Page 12, line 4, before "normal" insert -- over --.

Page 13, line 13, delete "which allows the consumer," and insert -- to allow any consumer --.

Page 13, line 14, after "system" delete ",".

Page 13, line 15, before "whether" insert -- of --.

Page 13, line 16, before "outside" insert -- other --.

Page 13, line 26, delete "which instructs" and insert -- to instruct --.

6

CONFIDENTIAL

LML-EP 000149

Page 14, line 7, before "that" insert -- , i.e., --.

Page 14, line 11, delete "enters" and insert -- begins --.

Page 14, line 20, delete "compare" and insert -- compares --.

Page 16, line 6, delete "subscribers" and insert -- subscriber's --.

Page 16, line 10, delete "for access searches".

Page 16, line 11, after "files" insert -- for the purpose of performing access searches --.

Page 16, line 11, after "Each" insert -- data file --.

Page 16, line 13, before "terminal" insert -- ("POS") --.

Page 16, line 15, delete "Terminal" and insert -- The terminal --.

Page 16, line 19, delete "would be" and insert -- are --.

Page 16, lines 21-22, delete "would "slide" a" and insert -- "slides" an --.

Page 16, line 23, delete "enter" and insert -- enters --.

Page 17, line 11, delete "enter" and insert -- enters --.

Page 17, line 13, after "account" insert -- number --.

Page 18, line 11, after "invention" insert -- , --.

Page 18, line 25, after "indicates" insert -- a --.

Page 18, line 25, delete ",".

Page 19, line 2, delete "was" and insert -- as --.

Page 19, line 9, delete "are" and insert -- is --.

Page 19, line 13, delete "invention's".

Page 19, line 13, after "center" insert -- of the present invention --.

7

CONFIDENTIAL

Page 19, line 17, before "invention" insert -- present --.

Page 19, line 20, after "reader" insert -- for --.

Page 19, line 22, delete "are" and insert -- is generated --.

Page 20, line 18, before "present" insert -- the --.

Page 20, line 23, after "and" insert -- a --.

Page 21, line 19, after "or" insert -- as --.

Page 22, line 14, delete "with" and insert -- without --.

In the Claims:

1.    (Amended) A checkwriting point of sale system comprising:

a point of sale terminal adapted to receive consumer bank account information and further adapted to accept such information from consumer cards on which the bank account information is stored;

a communications means integral to said point of sale terminal [to] for electronically [communicate] communicating with a central computer;

a memory means integral to said point of sale terminal [that allows] for allowing the temporary storage of the consumer bank account information from the consumer cards;

the central computer system having communication means capability adapted to receive information from a plurality of point of sale terminals;

the central computer system communication means allowing said central computer system to communicate with external data bases for consumer [credit] bank account status verification and [to allow]

8

LML-EP 000151

allowing communication with banking institutions for purposes of transfer of funds.

2.    (Amended) A checkwriting point of sale[s] system according to claim 1 wherein said point of sale terminal is further adapted to read MICR numbers appearing on a consumer check and wherein said consumer check is used to identify the consumer bank account information.

3.    (Amended) The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further comprises an alpha[ ]numeric display adapted to receive consumer bank account information from the memory means of the point of sale terminal [and] such that said point of sale terminal is adapted to display the consumer bank account information.

4.    (Amended) The checkwriting point of sale system according to claim 1 further comprising a printer adapted to receive information from the memory means of the point of sale terminal to create point of sale slips.

5.    (Amended) The checkwriting point of sale system according to claim 1 wherein said central computer system communication means comprises means for communicating with third party data bases for verification of consumer [credit] banking account status.

6.    (Amended) The checkwriting point of sale system according to claim 1 further comprising a resident third party data base wherein consumer [credit] banking account status information is stored [and] which is used for verification of consumer [credit] banking account status.

9

CONFIDENTIAL

7.    (Amended) The checkwriting point of sale system according to claim 1 wherein the central computer system further comprises a system subscriber data base comprising [those] /information regarding merchants and service providers authorized to use the [invention] checkwriting point of sale system.

8.    (Amended) The checkwriting point of sale system according to claim 7 wherein the central computer further comprises a database comprising [those] information regarding consumers approved to use the [invention] checkwriting point of sale system.

9.    (Amended) A checkwriting point of sale process comprising the steps of:

a)    presenting a check [or consumer card] to a point of sale terminal located at a merchant or service provider,

b)    reading the [magnetic stripe or] MICR number information on the [credit card or consumer] check,

c)    storing the consumer bank account information from the [card or] check and verifying account numbers at the point of sale terminal,

d)    inputting transaction event information into the point of sale terminal,

e)    transmitting the transaction event information and consumer bank account information to a central computer system,

f)    verifying the authorization status of the consumer,

g)    [if a particular consumer is not authorized to use the system/ ]verifying the [credit worthiness] banking account



10

CONFIDENTIAL

LML-EP 000153

status of the consumer via a query to a third party data base if a
particular consumer is not authorized to use the system,

  h)    sending an "approved" message to the point of sale
terminal, if the consumer's [credit] banking account status is
approved for the transaction, and

  i)    subsequently transmitting the transaction event
information to a bank for subsequent ACH operations.


    Please add the following new claim:

    10.   (New claim)   A checkwriting point of sale process
comprising the steps of:

  a)    presenting a consumer card to a point of sale
terminal located at a merchant or service provider,

  b)    reading the magnetic stripe information on the
consumer card,

  c)    storing the consumer bank account information from
the  consumer card and verifying account numbers at the point of
sale terminal,

  d)    inputting transaction event information into the
point of sale terminal,

  e)    transmitting the transaction event information and
consumer bank account information to a central computer system,

  f)    verifying the authorization status of the consumer,

  g)    verifying the banking account status of the consumer
via a query to a third party data base if a particular consumer is
not authorized to use the system,

                              11

CONFIDENTIAL                                    LML-EP 000154

h)    sending an "approved" message to the point of sale terminal, if the consumer's banking account status is approved for the transaction, and

i)    subsequently transmitting the transaction event information to a bank for subsequent ACH operations.

In the Abstract:

Line 9, after "has" insert -- an --.

Line 9, delete "credit" and insert -- balance --.

Line 14, delete "needs" and insert -- need --.

### REMARKS

Numerous changes have been made to the specification in order to correct typographical errors and grammatical construction and to generally make the text more clear. No new matter has been added by this amendment.

The claims have been amended to make the language more clear and to more accurately recite the verification of banking account status by the system. Support for verification by the system of banking account status can be found throughout the specification, for example, on page 8, from line 8 to line 24. No new matter has been added by this amendment.

Claim 9 was also amended because recited elements were claimed in the alternative. Claim 9 no longer recites elements in the alternative. New claim 10 was added to recite features formerly claimed in the alternative in claim 9. No new matter has been added by this amendment.

12

The Examiner rejected claims 1-9 under 35 U.S.C. § 102(b) as being anticipated by Case or Deming.  The Examiner noted column 1, lines 53 et seq. of Case and column 2, lines 17 et seq. of Deming.

Case discloses an electronic funds transfer system that uses a letter of credit identification card and a draft instrument unique to the system in order to effect a funds transfer to a merchant or other "beneficiary".

The consumer using the Case system prepays a sum of money into an account that is to be accessed by the system.  This amount is inscribed on the card.  When a purchase is made by the consumer, and a transaction is to be made using the system, the amount of the transaction is punched out of a designated area on the card.  This amount, along with a signature and other information, is supplied on the draft instrument, which is given to the merchant at the time of the transaction.  At the end of the day, the accumulated drafts from all purchases are inserted into a specially designed reader which reads the transaction information and performs an electronic funds transfer.

Thus, in order to use the Case system, the consumer must carry a special card and must hand to the merchant a draft instrument. The card must be backed by a prepaid amount of money that is fixed at the time the card is issued and can never be increased on that particular card.  The amount can only be diminished as purchases are made.

In contrast, Applicants' invention does not require the consumer to carry a special identification/debit card, although

13

such a card is contemplated for use with Applicants' system. Applicants' card, however, has all necessary information encoded on a magnetic strip, which can be easily read by a MICR device. No time consuming and awkward balance checking or hole punching is required.

Further, the consumer using Applicants' system is not required to furnish the merchant with a special draft instrument. The consumer merely uses a regular check used to draw funds from a normal bank or credit union checking account. This check needn't even be given to the merchant. The checking account information is simply read from the check, which is returned to the consumer. Transaction entries are not made on a debit card using Applicants' system because account information is verified on-line, rather than through a crude system of punched entries.

Thus, the entire amount of the consumer's checking account is available to make purchases using the system, including amounts reflecting recent deposits and other credits, unlike the Case system. Where the Case system enables a complicated and time consuming transaction that requires the transfer of a paper instrument, Applicants' system effects a truly paperless transaction that is easy to use and saves time and money.

It is respectfully submitted that Applicants' claimed system, which obviates the use of checks in a checking account transaction, is completely different from the Case system, which replaces ordinary bank checks with special draft instruments and a complicated, time consuming identification/debit verification

14

CONFIDENTIAL

LML-EP 000157

process. It is therefore respectfully urged that the Case patent does not anticipate Applicants' invention. Applicants respectfully request that the rejection be withdrawn.

Deming discloses an electronic funds transfer system that a payor can use to transfer funds to different payees in satisfaction of debts incurred through previous purchases, use of utilities, etc. The system is contemplated for use by the payor on a home personal computer. Thus, as stated in the patent, this is a "home banking" system.

In contrast, Applicants' invention is a point of sale electronic funds transfer system. The system is utilized as the purchase is being made, with funds being transferred from the consumer's checking account based on information derived directly from an ordinary bank check.

Thus, there are many differences between the Deming system and Applicants' claimed invention. The Deming system is a home banking system; Applicants' invention is a point of sale check writing system. The Deming system is used to pay debts that have been incurred in the past; Applicants' invention is used to pay for purchases as they are made. The Deming system is used to pay a number of debtors, using a personal computer located at the payor's home; Applicants' invention is used to pay only one merchant at a time, at the point of sale only. Account and other information must be keyed into the Deming system; Applicants' invention can read in account and other information directly from the consumer's

15

ordinary bank check.  The Deming system subscriber is a payor;
system subscribers to Applicants' system are merchants.

Because of the above-stated and other differences between the
Deming system and Applicants' claimed invention, it is respectfully
urged that the Deming system does not anticipate Applicants'
invention.  It is therefore respectfully requested that the
rejection be withdrawn.

It is respectfully urged that all rejections have been
overcome.  It is therefore respectfully requested that this
amendment be entered and the case passed to issue.

                    Respectfully submitted,

                    Jon L. Roberts
                    Registration No. 31,293
                    Arter & Hadden
                    1801 K Street, N.W.
                    Suite 400K
                    Washington, D.C. 20006
                    Phone: (202) 775-7980

December 21, 1993

16

CONFIDENTIAL                                    LML-EP 000159

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit: 2505

Filed:  11/13/92                         Examiner: Pitts, H.

For:   CHECKWRITING POINT OF SALE SYSTEM

\*   \*   \*   \*   \*

RESPONSE TO OFFICE ACTION OF 09/23/93

\*   \*   \*   \*   \*

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

     Enclosed please find the following:

1.   Response to Office action dated 09/23/93 (16 Pages); and

2.   Certificate of First Class Mailing.

                              Respectfully submitted,

                              Jon L. Roberts
                              Reg. No. 31,293
                              Arter & Hadden
                              1801 K Street, N.W.
                              Suite 400K
                              Washington, D.C. 20006
                              (202) 775-7980

December 21, 1993

CONFIDENTIAL

LML-EP 000160



**CERTIFICATE OF FIRST CLASS MAILING**

Date of Mailing: _____ December 21, 1993 _____

I hereby certify that the Response to the Office action dated
09/23/93 (16 pages) regarding U.S. Patent application serial no.
07/975,717 for CHECKWRITING POINT OF SALE SYSTEM is being deposited
with the United States Postal Service as first class mail under 37
C.F.R. § 1.8 on the date indicated above and is addressed to
Commissioner of Patents and Trademarks, Box Non-Fee Amendment,
Washington, D.C. 20231.

Thomas M. Champagne, Esq.
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006

CONFIDENTIAL

LML-EP 000161

 

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 37/975,717 | 11/03/92 | ROSS | R |

PITTS, M EXAMINER

JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

| ART UNIT | PAPER NUMBER |
|---|---|
| 2505 | 7 |

DATE MAILED: 03/09/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☑ Responsive to communication filed on 12/22/93    ☑ This action is made final.

A shortened statutory period for response to this action is set to expire    3    month(s),    days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☑ Notice of Art Cited by Applicant, PTO-1449.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
2. ☐ Notice re Patent Drawing, PTO-948.
4. ☐ Notice of Informal Patent Application, Form PTO-152.

**Part II    SUMMARY OF ACTION**

1. ☑ Claims    1 — 10    are pending in the application.

Of the above, claims    are withdrawn from consideration.

2. ☐ Claims    have been cancelled.

3. ☐ Claims    are allowed.

4. ☑ Claims    1 — 10    are rejected.

5. ☐ Claims    are objected to.

6. ☐ Claims    are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on    . Under 37 C.F.R. 1.84 these drawings
are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on    has (have) been ☐ approved by the
examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on    has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
been filed in parent application, serial no.    ; filed on    .

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 9-89)    **EXAMINER'S ACTION**

8

CONFIDENTIAL

LML-EP 000162

Serial No. 075,717                              -2-

Art Unit   2505


The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary
    skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

    Claims 1-10 are rejected under 35 U.S.C. § 103 as being

unpatentable over the prior art as discussed previously in view

of the check operated systems set forth in the prior art

statement, for example, the Carlson et al. patents, Murphy etc.

    These patents teach that referenced portions of Case and

Deming would have been obvious to one of ordinary skill in the

art at the time the invention was made to employ with checks at a

point-of-sale for on line transactions, under the rationale of

interchangeable teachings of similar systems.

    Applicant's amendment necessitated the new grounds of

rejection. Accordingly, THIS ACTION IS MADE FINAL. See M.P.E.P.

§ 706.07(a). Applicant is reminded of the extension of time

policy as set forth in 37 C.F.R. § 1.136(a).


CONFIDENTIAL

LML-EP 000163

Serial No. 075,717                                    -3-

Art Unit   2505

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

     Any inquiry concerning this communication should be directed

to Harold Pitts at telephone number (703) 308-0956.

HAROLD PITTS
PRIMARY EXAMINER
GROUP 2500

Pitts/tj
March 08, 1994

CONFIDENTIAL

LML-EP 000164

PATENT APPLICATION SERIAL NO. 08/257390

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

100 MG 06/17/94 08257390                    1 201     355.00 CK

PTO-1556
(5/87)

CONFIDENTIAL                                        LML-EP 000165

| BAR CODE LABEL | U.S. PATENT APPLICATION | | |
|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/257,390 | 06/09/94 | 235 | 2505 |

APPLICANT

ROBERT R. HILLS, ST. AUGUSTINE, FL; HENRY R. NICHOLS, MC LEAN, VA.

**CONTINUING DATA**********************
VERIFIED     THIS APPLN IS A CON OF  07/975,717 11/13/92

_____

**FOREIGN/PCT APPLICATIONS************
VERIFIED

_____

FOREIGN FILING LICENSE GRANTED 07/28/94      ***** SMALL ENTITY *****

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| FL | 8 | 9 | 2 | $355.00 | |

ADDRESS

JON L. ROBERTS
ROBERTS & ASSOCIATES
1953 GALLOWS RD.
SUITE 220
VIENNA, VA  22182

TITLE

CHECKWRITING POINT OF SALE SYSTEM

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date _____        Certifying Officer _____

CONFIDENTIAL

LML-EP 000166

00/257390

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit: 2505

Filed:  11/13/92                         Examiner: Pitts, H.

For:   CHECKWRITING POINT OF SALE SYSTEM

          *        *        *

FILE WRAPPER CONTINUATION APPLICATION
PURSUANT TO 37 C.F.R.  §1.62

          *        *        *        *

Commissioner of Patent and Trademarks
Box AF
Washington, D.C.  20231

Dear Sir:

     This is a request for filing a continuation application under
37 C.F.R  §1.62 of the above-captioned prior application.

     The correspondence addresses of Applicants are as follows:

          Robert R. Hills
          5170 Avenue B
          St. Augustine, Florida 32095

          Henry R. Nichols
          8456 Holly Leaf Drive
          McLean, Virginia 22102

     The above identified prior application, in which no payment of
an issue fee, abandonment, or termination of proceedings has
occurred, is hereby expressly abandoned as of the filing date of
this new application.  Please use all the contents of the prior
application file wrapper, including the drawings, as the basic
papers for the new application.  A verified statement of small
entity status was filed in the parent application and status as a
small entity is still proper and desired.

     Please enter the enclosed preliminary amendment.

     The prior application is assigned of record to Resource
Technology Services, Inc., 8221 Old Courthouse Road, Suite 202,
Vienna, Virginia 22182.  The power of attorney in the prior
application is to Jon L. Roberts, Reg. No. 31,293.  Address all
future communications to:

          Jon L. Roberts
          Roberts & Associates
          1953 Gallows Road

CONFIDENTIAL

LML-EP 000167

Suite 220
Vienna, Virginia 22182

It is understood that secrecy under 35 U.S.C. § 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR § 1.62 application, be it either this application or a prior application in the same file wrapper, the Patent and Trademark Office may provide similar information or access to all the other applications in the same file wrapper.

Enclosed is a check in the amount of $355.00 for the filing fee. This filing fee is calculated on the basis of the claims existing in the prior application as amended by the preliminary amendment.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Roberts & Associates
1953 Gallows Road
Suite 220
Vienna, Virginia 22182
(703) 356-7700

June 8, 1994

CONFIDENTIAL

LML-EP 000168

08/257390

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit: 2505

Filed: 11/13/92                          Examiner: Pitts, H.

For:   CHECKWRITING POINT OF SALE SYSTEM

*    *    *    *    *

FILE WRAPPER CONTINUATION APPLICATION
PURSUANT TO 37 CFR § 1.62

*    *    *    *

Commissioner of Patents and Trademarks
Box AF
Washington, D.C. 20231

Dear Sir:

Enclosed please find the following:

1.   File wrapper continuation application (2 pages);

2.   Preliminary amendment (10 pages);

3.   Check in the amount of $355.00 for the filing fee; and

4.   Certificate of Express mailing.

Respectfully submitted,

Jon L. Roberts
Reg. No. 31,293
Roberts & Associates
1953 Gallows Road
Suite 220
Vienna, Virginia 22182
(703) 356-7700

June 8, 1994

CONFIDENTIAL                                      LML-EP 000169

08/257390

8/C
8-19-94
A.B

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No.                           Group Art Unit:

Filed:  Herewith                     Examiner:

For:   CHECKWRITING POINT OF SALE SYSTEM

*     *     *     *     *

PRELIMINARY AMENDMENT

*     *     *     *     *

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

Applicants hereby submit the following preliminary amendment
to the above captioned patent application.

In the Specification:

Please amend the specification as follows:

Page 3, between lines 2 and 3, insert the following
paragraphs:

--- U.S. Patent No. 4,270,042 to Case discloses a point of sale
system that requires a consumer to prepay a sum of money into a
special account that is accessed only by the system. This amount
is inscribed on the card, and when a transaction is made using the
system, the amount of the transaction is punched out of a
designated area on the card. This amount, along with a signature
and other information, is supplied on a draft negotiable
instrument, which is given to the merchant at the time of the
transaction. Thus, the Case system does away with the use of bank
checks in effecting the transacion, but requires the use of

C1

)x

9

CONFIDENTIAL                                    LML-EP 000170

specialized prepaid draft negotiable instruments that must be surrendered to the merchant.

U.S. Patent No. 4,823,264 to Deming discloses a home banking system that can be used to transfer funds to different payees in satisfaction of debts incurred through previous purchases, use of utilities, etc. The system is consumer driven; that is, it is contemplated for use by the payor on a home personal computer. While the Deming system does away with the use of bank checks, account and other information must be keyed into the system. The Deming system cannot be used to read account and other information directly from an ordinary bank check and has no use for bank checks as instruments other than negotiable paper. Further, the Deming system cannot be used to transfer funds at the time of purchase and is not workable at the point of sale; the system can only be used to pay debts that have been incurred in the past and have accumulated. —.

Page 3, between lines 16 and 17, insert the following paragraph:

-- Further, some of the currently used systems described above require the use of a bank check as a negotiable instrument which must be surrendered to a merchant. Some of the systems do away with the use of a bank check altogether, but require a debit card or a specialized draft instrument to be used only with the particular system. None of these systems completely does away with the need and use for a negotiable draft instrument while using the consumer's bank check for identification and verification only. It

2

CONFIDENTIAL

is therefore an objective of the present invention to provide such a system. ¶

Page 4, line 6, before "The system is intended" insert -- In contrast to known systems, the present invention is a merchant driven system that can be used to process a transaction at the point of sale and at the time of purchase. --.

Page 8, line 2, delete "as a means of conducting" and insert ¶ as negotiable instruments in effecting the ¶.

In the Claims:

Please cancel claims 5 and 10.

Please amend the remaining claims as follows:

1.    (Amended) A checkwriting point of sale system comprising: a point of sale terminal adapted to receive consumer bank account information [and further adapted to accept such information from consumer cards on which the bank account information is stored];

a central computer system;

[a] first communications means integral to said point of sale terminal for electronically communicating with [a] the central computer system;

[a] memory means integral to said point of sale terminal for [allowing the temporary storage of] temporarily storing the consumer bank account information [from the consumer cards];

the central computer system having second communication means [capability adapted to receive] for receiving information from a plurality of said point of sale terminals;

3

CONFIDENTIAL

the central computer system second communication means [allowing] enabling said central computer system to communicate with external [data bases] databases for performing a consumer bank account status [verification] search and [allowing] further enabling automated clearing house communication [with banking institutions] for [purposes of transfer of] transferring funds without using a bank check as a negotiable instrument.

2. (Amended) [A] The checkwriting point of sale system according to claim 1 wherein said point of sale terminal [is] further [adapted to read MICR] includes means for reading magnetic ink character recognition numbers appearing on a consumer check [and wherein said consumer check is used to identify] for the sole purpose of identifying and reading the consumer bank account information.

3. (Amended) The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further comprises an alphanumeric display means [adapted to receive] for receiving said consumer bank account information from the memory means [of the point of sale terminal such that said point of sale terminal is adapted to display] and for displaying the consumer bank account information.

4. (Amended) The checkwriting point of sale system according to claim 1 further comprising a printer means for [adapted to receive] receiving information from the memory means of the point of sale terminal [to create point of] and for generating a transaction event sale slip[s].

4

CONFIDENTIAL

LML-EP 000173

5    5. (Amended) The checkwriting point of sale system according
to claim 1 further comprising a resident third party [data base]
database wherein consumer banking account status information is
stored, the consumer banking account status information being
[which is] used for verification of consumer banking account
status.

7. (Amended) The checkwriting point of sale system according
to claim 1 wherein the central computer system further comprises a
system subscriber. [data base] database, the system subscriber
database comprising information regarding merchants and service
providers that are authorized to use the checkwriting point of sale
system.

8. (Amended) The checkwriting point of sale system according
to claim 7 wherein the central computer system further comprises a
database comprising information regarding consumers [approved to
use the checkwriting point of sale system] whose consumer banking
account status is not verified as bad.

9. (Amended) A checkwriting point of sale process comprising
the steps of:

    a)    presenting a bank check specimen to a point of sale
terminal located at a merchant or service provider,

    b)    reading the [MICR] magnetic ink character
recognition number information on the check for the sole purpose of
obtaining consumer bank account information,

5

CONFIDENTIAL                                                LML-EP 000174

c)   storing the consumer bank account information obtained from the check and verifying that account numbers were accurately read at the point of sale terminal,

d)   inputting transaction event information into the point of sale terminal,

e)   transmitting the transaction event information and consumer bank account information to a central computer system,

[f]   verifying the authorization status of the consumer,

g)   verifying the banking account status of the consumer via a query to a third party data base if a particular consumer is not authorized to use the system ,

h)   sending an "approved" message to the point of sale terminal, if the consumer's banking account status is approved for the transaction, and]

f]   storing the transaction event information and consumer banking account information, and

[i]g)   subsequently transmitting the transaction event information to a bank for subsequent [ACH] automated clearing house operations.

Please add the following new claims:

31.  (New)   A checkwriting point of sale system comprising:

a point of sale terminal adapted to receive consumer bank account information;

a central computer system;

6

CONFIDENTIAL

LML-EP 000175

first communications means integral to said point of sale terminal for electronically communicating with the central computer system; and

memory means integral to said point of sale terminal for temporarily storing the consumer bank account information;

the point of sale terminal comprising reading means for reading magnetic ink character recognition numbers on consumer bank checks for the sole purpose of eliciting consumer bank account information;

the central computer system having second communication means for receiving information from a plurality of said point of sale terminals;

the central computer system second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using a bank check as a negotiable instrument.

12. (New)    The checkwriting point of sale system according to claim 1 further comprising a printer means for receiving information from the memory means of the point of sale terminal and for generating a transaction event sale slip.

13. (New)    The checkwriting point of sale system according to claim 1 further comprising a resident third party database wherein consumer banking account status information is stored, the

7

LML-EP 000176

consumer banking account status information being used for
verification of consumer banking account status.

12. 14. (New)    The checkwriting point of sale system according
to claim 14 wherein the central computer system further comprises
a system subscriber database, the system subscriber database
comprising information regarding merchants and service providers
that are authorized to use the checkwriting point of sale system.

13. 15. (New)    The checkwriting point of sale system according
to claim 4, wherein the sales slip includes means for execution by
the consumer for proof of bank account access authorization.

14. 16. (New)    The checkwriting point of sale system of claim
1, wherein the point of sale terminal further comprises means for
automatically logging a point of sale terminal location and
transaction date, time, and sales amount.

17. (New)    The checkwriting point of sale process of claim
9, further comprising the steps of:

    a)    verifying the status of the consumer bank account,

    b)    verifying the consumer bank account status of the
consumer via a query to a third party database if the consumer bank
account is verified as bad, and

    c)    sending an approval message to the point of sale
terminal if the consumer's banking account status is approved for
the transaction.

    18. (New)    The checkwriting point of sale process of claim
9, further comprising the steps of:

8

(A) printing a transaction event sales slip following the sending of an approval message; and

(B) executing of the sales slip by the consumer as proof of bank account access authorization.

19. (New)    The checkwriting point of sale process of claim 17, further comprising the steps of:

(A) printing a transaction event sales slip following the sending of an approval message; and

(B) executing of the sales slip by the consumer as proof of bank account access authorization.

20. (New)    The checkwriting point of sale process of claim 9, further comprising the step of automatically logging point of sale terminal location information and transaction date, time, and sales amount information into the point of sale terminal.

19 21. (New)    The checkwriting point of sale system according to claim 12, wherein the sales slip includes means for execution by the consumer of proof of bank account access authorization.

20 22. (New)    The checkwriting point of sale system of claim 9 21, wherein the point of sale terminal further comprises means for automatically logging a point of sale terminal location and transaction date, time, and sales amount.

9

CONFIDENTIAL

LML-EP 000178

### REMARKS

This preliminary amendment is being filed as part of the above-captioned file wrapper continuation application, the parent application of which is Serial No. 07/975,717, filed November 13, 1992. No new matter has been added by this amendment. The parent application is abandoned as of the filing date of the present application. It is respectfully requested that this amendment be entered, the claims allowed, and the case passed to issue.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Roberts & Associates
1953 Gallows Road
Suite 220
Vienna, Virginia 22182
(703) 356-7700

June 8, 1994

10

CONFIDENTIAL

LML-EP 000179



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/257,390 | 06/09/94 | HILLS | |

85M1/1028

| | R |
|---|---|
| | EXAMINER |
| | PITTS,H |
| ART UNIT | PAPER NUMBER |
| 2514 | 0 |
| DATE MAILED: | 10/28/94 |

JON L. ROBERTS
ROBERTS & ASSOCIATES
1953 GALLOWS RD.
SUITE 220
VIENNA, VA  22182

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II  SUMMARY OF ACTION**

1. ☑ Claims _1 — 4, 6 — 9, 11 — 2_ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1 — 4, 6 — 9, 11 — 2_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____ has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

*10*

CONFIDENTIAL

LML-EP 000180

Serial No. 257,390                    -2-

Art Unit    2514

    Claims 1-4, 6-9, 11-21 rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    Which the applicant has discussed case and demand in the specification, claim 1,for example, does not claim the argued novelty.  In addition, there has been no specific comparison of claim language vis-a-vis the prior art of the I.D.S. and as applied in combination in the previous final rejection.  One set of independent/dependant claims should be selected as they appear to embody separate invention.

    As understood, the claims, are rejected as set forth in the previous final rejection, with the further notation that to use the check "solely" for the access would be the most trivial modification of systems such as Granzow, etc.

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Harold Pitts whose telephone number is (703) 308-0717.

    Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0956.

HAROLD PITTS
PRIMARY EXAMINER
GROUP 2500

Pitts/dw
October 26, 1994

CONFIDENTIAL

LML-EP 000181

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 08/257,390

Filed:  06/09/94

For:  CHECKWRITING POINT OF SALE SYSTEM

Group Art Unit: 2514

Examiner: Pitts, H.

RESPONSE TO OFFICE ACTION OF 10/28/94

RECEIVED
FEB 06 1995
GROUP 2500

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

Enclosed please find the following:

1.  Response to Office action dated 10/28/94 (27 pages); and

2.  Certificate of First Class mailing.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Roberts & Associates
1953 Gallows Road
Suite 220
Vienna, Virginia 22182
Phone: (703) 356-7700

January 3, 1995

CONFIDENTIAL

LML-EP 000182