IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) <br><br> **PUBLIC VERSION** |

**DEFENDANTS' RESPONSE TO LML PATENT CORP.'S
MOTION TO STRIKE THE SECOND SUPPLEMENT TO THE EXPERT
REPORT OF DAVID P. KURRASCH REPORT REGARDING INVALIDITY**

FISH & RICHARDSON P.C
William J. Marsden (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Attorneys for Telecheck Services, Inc

THE BAYARD FIRM
Richard D. Kirk, Esq.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr.
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

Dated: October 5, 2005
Public Version Filed: October 26, 2005

I.     **NATURE AND STAGE OF THE PRESENT CASE**

In this patent infringement case, Plaintiff LML Patent Corp. ("LML") originally accused TeleCheck, Electronic Clearing House, Inc. and its subsidiary Xpresschex, Inc. (collectively, "ECHO"), and Nova Information Systems, Inc. ("Nova") of infringing three patents, including U.S. Patent No. 5,484,988 (the "'988 patent," Exhibit A).[1] Each defendant has denied the allegations of infringement and has asserted numerous defenses, including the defense of invalidity. LML has objected to David P. Kurrasch's supplementation of his invalidity report, made in accordance with the Scheduling Order. Defendants submit this Response.

II.     **SUMMARY**

(1)     In accordance with the Court's Scheduling Order, David P. Kurrasch supplemented his initial Expert Report regarding invalidity on September 6, 2005. As expressly set forth in the Court's schedule, Mr. Kurrasch's report was amended to reflect information developed during the deposition of Robert R. Hills, the lead inventor of the patent-in-suit, whose deposition was delayed until after service of initial expert reports. While LML complains that Mr. Kurrasch's Supplemental Report contains a purported "30 new opinions," this fuzzy math – never accurate – is no longer even applicable since two of the original three patents have now been dropped from the suit. Instead, only two paragraphs and a single claim chart provided in Mr. Kurrasch's Supplemental Report, covering a single topic, are currently at issue. The opinions set forth in those paragraphs and chart are directly tied to the deposition testimony of Mr. Hills, and are proper under the Scheduling Order.

(2)     LML falsely asserts it would be prejudiced by Mr. Kurrasch's report, an even more hollow claim after the removal of two patents. The supplemental opinions should not be stricken because every one of the factors for deciding this issue weighs

---

[1] Exhibits in this Response refer to the Exhibits attached to the Declaration of Timothy Devlin in Support of Defendants' Response to LML's Motion, filed concurrently.

against LML's motion: (1) Mr. Kurrasch's Supplemental Report contains no surprise or prejudice to LML; (2) Defendants' have offered and continue to offer LML an extension to supplement its Rebuttal report, curing any purported surprise or prejudice; (3) no upcoming dates, least of all trial, are affected by Mr. Kurrasch's Supplemental Report; and (4) Mr. Kurrasch's supplementation complied with the Court's Scheduling Order.

(3) LML's remaining assertions in its Motion are either disingenuous or irrelevant. LML had ten days to incorporate responses to Mr. Kurrasch's narrow supplement into LML's expert rebuttal report, and the Defendants offered more time if necessary. Instead, LML made a tactical decision to reject any extension, ignore certain portions of the supplement, and bring a meritless motion.

Accordingly, LML's Motion to Strike Portions of David P. Kurrasch's Supplemental Expert Report Regarding Invalidity should be denied, and Defendants should be awarded their costs and attorneys' fees for responding to LML's frivolous motion.

### III. FACTS

This Court entered an original Scheduling Order on October 22, 2004, which required the parties to exchange expert reports for which they had the burden of proof on July 29, 2005. Mr. Hills, the lead inventor of the '988 patent-in-suit, was unavailable for deposition until August 25, 2005. Due in part to Mr. Hills' unavailability, the Court signed a Stipulation and Order extending the date for expert reports and expressly allowing supplementation "required as a result of the deposition of Robert R. Hills . . . ." Supplementation was to take place by September 6, 2005, with rebuttal reports due September 16, 2005.

The '988 patent generally relates to electronic checking transactions at the point of sale, particularly transactions involving an automated clearinghouse or "ACH." ('988 patent at Abstract, 5:31-35; 6:52-59.) One aspect described in the '988 patent is a written authorization to debit the consumer's account electronically. (*Id.* at 5:21-31.) During his

2

deposition.

REDACTED

REDACTED

REDACTED

**REDACTED**

On September 6, 2005, per the stipulation and Order, Mr. Kurrasch supplemented his initial invalidity report based on testimony from Mr. Hills and documents about which Mr. Hills testified, including the Higashiyama patent and 1990 Rules. In particular, Mr. Kurrasch supplemented his report regarding the Higashiyama patent in two paragraphs, paragraphs 164 and 245. (*See* Ex. D.) Mr. Kurrasch also revised a single corresponding invalidity chart, which was attached separately. (*See* Ex. E.)

Because no copy of the 1990 Rules was available, Mr. Kurrasch made citations to corresponding portions of the 1991 Rules, which largely track the 1990 Rules. The 1991 Rules themselves indicate amendments to the 1990 Rules, so the un-amended portions clearly establish the content of the 1990 Rules. Mr. Kurrasch reserved his right to alter the citations if a copy of the 1990 Rules was ever obtained.

When LML complained about this supplementation, Defendants as a courtesy offered LML an extension of time for submitting its rebuttal report in response to Mr. Kurrasch's Supplemental Report. LML declined the extension, preferring to file this Motion instead.

LML's Motion seeks to strike paragraphs 164, 205-11, 240, 245, 258-59, 343-360 and 397 of Mr. Kurrasch's report, but many of these paragraphs are no longer at issue as a result of two patents being removed from this case.[2] LML's current motion is effectively restricted to paragraphs 164 and 245 and the accompanying claim chart, each of which relate to invalidity of the '988 patent based on the Higashiyama patent and 1990 Rules incorporated by reference.

A short time later, Mr. Kurrasch was able to obtain a complete set of 1990 Rules, which were promptly produced to LML. On September 28, 2005, in accordance with his reservation of the right to do so, Mr. Kurrasch supplemented his invalidity report to amend citations to the 1990 Rules. These amended citations are to the equivalent text of earlier citations to the 1991 Rules, and do not affect the substance of Mr. Kurrasch's opinion in any manner.

## IV.  DISCUSSION

### A.  Mr. Kurrasch's Supplemental Report Conformed to the Court's Scheduling Order

LML has erroneously asserted that Mr. Kurrasch's September 6, 2005 supplemental report did not adhere to the Court's Amended Scheduling Order. The

---

[2] Even when these paragraphs were relevant, they were also fully supported by Mr. Hills' deposition.

5

Amended Scheduling Order permitted expert reports to be supplemented "as a result of the deposition of Robert R. Hills," the lead inventor of the patent-in-suit. Such supplementation was due on September 6, 2005, the date of Mr. Kurrasch's Supplemental Report, and that supplement falls squarely within the bounds of Mr. Hills' deposition.

During his deposition, Mr. Hills testified regarding the very topics to which the supplement is directed – the Higashiyama patent and the 1990 Rules.

**REDACTED**

testimony is important because it relates to the validity of the patent-in-suit. There is no doubt that Mr. Hills' testimony is relevant to this case and required Mr. Kurrasch to supplement his invalidity report. LML's assertion that Mr. Hills' testimony did not permit Mr. Kurrasch to supplement his invalidity report is flatly contradicted by the Court's Schedule.

Mr. Hills' testimony is directly tied to the supplementation provided by Mr. Kurrasch under the Scheduling Order. Mr. Kurrasch's original invalidity report included contentions that the patent-in-suit is invalid based on the Higashiyama patent. When supplementing his invalidity report, Mr. Kurrasch created a new chart for the Higashiyama patent that included citations to Mr. Hills' deposition testimony and the 1990 Rules about which Mr. Hills testified. (*See* Ex. E.) Once a complete copy of the 1990 Rules was later obtained, only non-substantive changes were made to the chart citations.

Accordingly, Mr. Kurrasch supplemented his report in accordance with the Court's Amended Scheduling Order. There is no basis to strike paragraphs 164 and 245 and the accompanying claim chart, and LML's Motion should be denied.

B.   **LML Would Not Be Prejudiced**

LML's argument that it would be prejudiced absent exclusion of Mr. Kurrasch's supplement has no merit. LML fails to cite or apply any legal standards relevant to the issue in this District or in the Third Circuit.

For evidence to be excluded, the party opposing the admission of the evidence must be prejudiced. *Chase Manhattan Mortgage Corp. v. Advanta Corp.*, No. Civ.A. 01-507(KAJ), 2004 WL 422681, at *10 (D. Del. March 4, 2004). Excluding critical evidence is considered "extreme" and generally is not imposed unless the party seeking inclusion of the evidence undertook willful deception or "flagrant disregard" of a court order. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (internal quotations omitted).

The Third Circuit has adopted a number of factors that a Court should examine when deciding whether to exclude expert testimony. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.3d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987)). The following factors are to be considered:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order."

*Tracinda*, 362 F. Supp. 2d at 506 (quoting *Pennypack*, 559 F.3d at 904-05).

In this case, every factor supports Mr. Kurrasch's supplementation and weighs against striking evidence as proposed by LML.

7

### 1. Mr. Kurrasch's Supplementation Contains No Surprise for LML and It Does Not Prejudice LML

The first factor of surprise or prejudice in fact is not met, and LML's Motion should be denied.

Since at least as early as January 28, 2005, Defendants have contended the '988 patent is invalid based on the Higashiyama patent. Mr. Kurrasch's initial invalidity report asserted certain claims of the '988 patent were anticipated by the Higashiyama patent. After Mr. Hills' deposition, Mr. Kurrasch supplemented his invalidity report by revising two paragraphs regarding anticipation of the patent-in-suit by the Higashiyama patent incorporating the 1990 Rules. He also supplemented a chart regarding the same prior art reference. This supplementation was timely made in accordance with the Amended Scheduling Order. LML has no basis to assert that it is prejudiced by Defendants' adhering to the Amended Scheduling Order.

Courts in this District have applied the Third Circuit standard in holding that, even on the day of trial immediately before trial testimony, proper supplementation of expert reports should not give rise to preclusion. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005). In *Tracinda*, defendants' expert witness testified about new or revised charts the plaintiff asserted were outside the scope of the expert's report, prior opinions, and deposition testimony. *Id.* at 507-11. The Court allowed the testimony, in part because data underlying a portion of the expert's testimony to which the plaintiff objected had previously been produced to the plaintiff before trial or included in the plaintiff's own expert's report. *Id.* Consequently, the plaintiff was not prejudiced by the expert's trial testimony, the defendants did not act in bad faith, and the evidence was not precluded. *Id.*

Other courts have likewise held that a supplemental expert report containing an additional patent invalidity defense should *not* be stricken when materials were submitted to an opposing party "many months earlier and both parties had relied upon the prior

production in conducting their fact discovery." *Cytyc Corp. v. TriPath Imaging, Inc.*, No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW, slip op., 2005 WL 1527883, at *4 (D. Mass. June 21, 2005) (Ex. F). In *Cytyc*, the party opposing the supplemental report asserted that its counsel "would have covered a number of additional topics with technical witnesses in depositions and that there were a number of additional witnesses that I would have very seriously considered deposing in addition to witnesses that were in fact deposed." *Id.* (internal quotations omitted). The court ruled that excluding the invalidity defense was "a draconian remedy unwarranted in these circumstances." *Id.*

These cases establish that no exclusion is warranted here. LML was aware of the Higashiyama patent and Defendants' contentions months before the close of fact discovery. LML had both the Higashiyama patent and the 1991 ACH Rules, which contained annotations to the 1990 ACH Rules, in its possession before deposing Connie Higashiyama, a third party and lead inventor of the Higashiyama patent. LML participated in Mr. Hills' deposition and had the opportunity to ask questions. Likewise, Mr. Kurrasch's deposition took place on September 29, 2005 – weeks after service of the Supplemental Report – and LML had the opportunity to question Mr. Kurrasch regarding his supplemental opinions.

Contrary to LML's assertions, Mr. Kurrasch's September 6, 2005 supplemental report was timely filed in accordance with the Amended Scheduling Order and contains nothing that gives rise to any legitimate surprise or prejudice to LML. This Court should deny LML's Motion to Strike.

2. **Defendants Have Offered LML an Extension to Submit Its Rebuttal Report**

The second factor to examine relates to the ability to cure any purported surprise or prejudice. In this case there has been and remains adequate opportunity to cure any purported prejudice.

Defendants have offered LML an extension to provide any necessary rebuttal to Mr. Kurrasch's supplementation. That offer remains even though (a) Defendants previously offered the extension well in advance of LML's deadline for rebuttal, (b) LML declined the extension for apparent tactical reasons, and (c) LML now is wasting this Court's resources by filing a frivolous motion.

Defendants' proposal is more than adequate to cure any purported prejudice LML believes it would suffer from responding to the *single* revised invalidity contention in Mr. Kurrasch's Supplemental Report.

### 3. Allowing the Evidence in Mr. Kurrasch's Report Would Not Disrupt the Orderly and Efficient Trial of This Case or of Other Cases of This Court

The third factor set forth above, whether the submission of the supplemental opinion will disrupt the orderly and efficient trial of this case or of other cases being tried by the Court, clearly weighs against LML's Motion.

Mr. Kurrasch's Supplemental Report was submitted in accordance with the Scheduling Order. No dates on the Scheduling Order need to be changed a result of the supplementation. The parties can easily arrange a schedule for LML's expert to serve any rebuttal. None of these efforts requires any adjustment in the existing trial schedule.

### 4. Mr. Kurrasch's Report Complied with the Court's Order

The fourth factor to examine also weighs against LML's motion, because neither Defendants nor Mr. Kurrasch failed to comply with any Court Order. On the contrary, Mr. Kurrasch supplemented his report in accordance with the very schedule agreed upon by the parties and adopted by the Court. Based on this and all the factors set forth above, LML's Motion should be denied.

### C. The Remainder of LML's Allegations Are Meritless or Irrelevant

LML makes several allegations in its Motion without citing to any case law of this District or the Third Circuit. A number of LML's arguments have been addressed above. The remaining allegations are likewise meritless or irrelevant.

10

For example, LML disingenuously asserts Defendants made their invalidity contention based on the Higashiyama patent "on the eve of" when LML's rebuttal expert report was due. (*See* LML's Motion to Strike, at pp. 4-5.) Not only is LML's assertion false, LML is complaining about the due dates found in a Scheduling Order that it agreed to and the Court ordered. Furthermore, LML is apparently mistaken as to the definition of "eve" – Mr. Tinkel had ten days to supplement his report. Since at least as early as January 28, 2005 Defendants have asserted that certain claims of the '988 patent were invalid based on the Higashiyama patent in supplemental responses to LML's interrogatories; this hardly can be considered the "eve" of when LML's rebuttal report was due.

LML also raises an issue with Defendants' interrogatory responses, but the issue here is whether Defendants are permitted to file a supplemental expert report in accordance with the Court's Scheduling Order. LML's claims regarding interrogatory responses ring hollow in light of the fact that LML updated its own interrogatory responses *the same day it filed this Motion.* LML cannot legitimately claim prejudice on one hand, yet at the same time supplement its own discovery responses after service of its expert reports. Moreover, LML's demand that Defendants should have supplemented interrogatory responses sooner makes no sense in light of the fact that Mr. Hills' deposition, which formed the basis for supplementation of Mr. Kurrasch's report, did not take place until after the initial expert report was served.

LML also wrongly suggests that LML acted "to accommodate Defendants' taking of the deposition of Robert Hills." (LML's Motion to Strike at p. 5.) All parties wished to depose Mr. Hills, and Mr. Hills was unavailable for deposition until after fact discovery closed. In order to incorporate information obtained as a result of Mr. Hills' deposition, the parties mutually agreed to amend the Scheduling Order.

Finally, LML's assertion that it would have questioned NACHA representatives Jane Larimer and Elliott McEntee differently regarding two prior art references is

11

irrelevant. The prior art references referred to by LML were related to patents no longer in the case. Accordingly, LML is complaining about a non-issue.

## V.     COSTS AND FEES

LML seeks costs and attorneys' fees associated with its drafting its Motion to Strike. As can be seen above, LML's Motion to Strike is frivolous and its request for costs and attorneys' fees should be denied. Defendants respectfully request this Court award Defendants their costs and attorneys' fees for responding to LML's frivolous motion.

## VI.    CONCLUSION

For the reasons set forth above, LML's Motion to Strike Portions of David P. Kurrasch's Supplemental Expert Report Regarding Invalidity should be denied.

Dated: October 5, 2005

/s/ Timothy Devlin
William J. Marsden, Jr. (I.D. No. 2247)
Timothy Devlin (I.D. No. 4241)
Tara D. Elliott (#4483)

FISH & RICHARDSON P.C.
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
302.652.5070
marsden@fr.com
hayes@fr.com

*Counsel for Defendant*
*TeleCheck Services, Inc.*


/s/ Kevin Baird
Kevin Baird (I.D. No. 4219)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
fdigiovanni@cblh.com

*Counsel for Defendants*
*Electronic Clearing House, Inc.*
*and Xpresschex, Inc.*


/s/ Richard D. Kirk
Richard D. Kirk (I.D. No. 922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
302.429.4208
rkirk@bayardfirm.com

*Counsel for Defendant*
*NOVA Information Systems, Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2005, I electronically filed with the Clerk of Court the **DEFENDANTS' RESPONSE TO LML PATENT CORP.'S MOTION TO STRIKE PORTIONS OF DAVID P. KURRASCH'S SUPPLEMENTAL EXPERT REPORT REGARDING INVALIDITY** using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann Esq.<br>Mary B. Matterer, Esq.<br>Morris James Hitchens & Williams<br>PNC Bank Center<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306 | Attorneys for Plaintiff<br>LML Patent Corp. |
| Collins J. Seitz, Jr.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE  19801 | Attorneys for Defendants<br>Electronic Clearing House, Inc. and<br>Xpress Check, Inc. |
| Richard D. Kirk, Esq.<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | Attorney for Defendants<br>Nova Information Systems, Inc. |

I hereby certify that on October 5, 2005, I have mailed by electronic mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Russell Levine, Esq.<br>Christian C. Taylor<br>Kirkland & Ellis (Chicago)<br>200 East Randolph Drive<br>Chicago, IL  60601 | Robert Jacobs, Esq.<br>Belasco Jacobs & Townsley, LLP<br>Howard Hughes Center<br>6100 Center Drive, Suite 630<br>Los Angeles, CA 90045 |
| Mark C. Scarsi<br>O'Melveny & Myers LLP<br>400 S Hope Street<br>Los Angeles, CA 90071 | |

                                      /s/ Timothy Devlin
                                      Timothy Devlin
                                      tdevlin@fr.com

80027298.doc