**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LML PATENT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-858 SLR |
| | ) |
| TELECHECK SERVICES, INC., | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | |

**PLAINTIFF LML PATENT CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REGARDING INVALIDITY**

DATED this 28th day of October, 2005

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Plaintiff LML Patent Corp.*

I.   **ARGUMENT IN REPLY**

Plaintiff LML respectfully submits this Reply In Support Of Its Motion To Strike The Second Supplement To The Expert Report Of David P. Kurrasch Regarding Invalidity. Defendants have utterly failed to justify their late production of the 1990 ACH Rules (alleged prior art on which Defendants now rely in their invalidity contentions), and further failed to even address the substantial prejudice incurred by LML as a result of these late contentions and production.

First, Defendants do not dispute the belated timing of their production of the 1990 ACH Rules. Instead, Defendants claim that Mr. Kurrasch (their hired expert) retrieved the documents -- not Defendants -- thereby justifying the late production. This is simply not a reasonable explanation for a late production -- if it were, every party would piggy-back late, new arguments and production documents into a case through their experts by claiming that the "expert made me do it." This is not the law, nor does it comply with the Court's Scheduling Order requiring all document production to be completed by March 4, 2005.

Second, Defendants offer no argument or discussion of the substantial prejudice that LML will incur as a result of their belated invalidity argument and production in this case. Instead, Defendants summarily dismiss this prejudice without explanation, as no plausible explanation or cure for LML's prejudice exists. This is the very reason Mr. Kurrasch's second supplement to his expert report should be stricken.

Defendants have not offered anything new to justify their late contentions and production. As such, this Court should strike Mr. Kurrasch's second supplement to his expert report, along with the 1990 ACH Rules and NACHA Operating Guidelines.

**II.   CONCLUSION**

For the foregoing reasons, Defendants' new contentions identified in the Second Supplement To The Expert Report of David P. Kurrasch along with the 1990 ACH Rules and NACHA Operating Guidelines, should be stricken. LML should also recover its costs and attorneys fees associated with drafting the present motion.

DATED this 28th day of October, 2005

    /s Richard K. Herrmann
Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Attorneys for Plaintiff LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2005, I electronically filed the foregoing document, **PLAINTIFF LML PATENT CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REGARDING INVALIDITY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE  19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 28th day of October, 2005, the foregoing document was served via email and via federal express on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

　　　　　　　　　　　　　　　　　　　　*/s Richard K. Herrmann*
　　　　　　　　　　　　　　　　　　　Richard K. Herrmann (#405)
　　　　　　　　　　　　　　　　　　　Mary B. Matterer (#2696)
　　　　　　　　　　　　　　　　　　　MORRIS, JAMES, HITCHENS & WILLIAMS LLP
　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, 10th Floor
　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　(302) 888-6800
　　　　　　　　　　　　　　　　　　　rherrmann@morrisjames.com
　　　　　　　　　　　　　　　　　　　mmatterer@morrisjames.com

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　LML PATENT CORP.