IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TELECHECK SERVICES, INC., )<br>ELECTRONIC CLEARING HOUSE, INC., )<br>XPRESSCHEX, INC., and )<br>NOVA INFORMATION SYSTEMS, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-858 SLR |

**SPECIAL DISCOVERY MASTER ORDER NO. 6**

Louis C. Bechtle, Special Discovery Master                               October 28, 2005

This matter comes before the Special Discovery Master (SDM) by reason of a request by defendant TeleCheck (TeleCheck) for *en camera* inspection of four documents that appear on plaintiff LML Patent Corp. (LML) privilege log of August 29, 2005 and identified on that log as documents 405, 406, 407 and 408. Plaintiff, LML contends that these documents are privileged documents in accordance with the log entries and need not be produced.

The SDM has considered the parties' letter briefs, together with their exhibits in respect to each of the documents and rules as follows:

**LML Document 405**

As I understand the presentation and the testimony that has been referred to, this issue first arose during the deposition of Robert R. Hills, a third party inventor. The document is a draft of a letter authored by Jon L. Roberts, Esquire, deponent's attorney, and it was sent to Mr. Hills in anticipation of a final letter based on the draft being forwarded to Ron Laurie, Esquire,

21357_1.DOC

attorney for TeleCheck and pertaining to alleged prior art to the '988 patent, the patent at issue. The question to Mr. Hills was based upon that ultimate letter that was sent by Hills' attorney to Mr. Laurie. The draft was produced at the deposition and LML's counsel objected to it on the ground that it had been inadvertently produced. He declared at Page 462 of the deposition (Exhibit E to LML's brief) that it was inadvertently produced and all copies were requested to be returned. TeleCheck's counsel responded in keeping with the parties' responsibilities under the case protective order. TeleCheck's counsel then at Page 463 proceeded with the deposition by using what is there described as Exhibit 24 and being the ultimate letter from Jon L. Roberts to Ron Laurie that may, or may not have included features in the draft of that letter subject to the motion for production here.

There was no objection to the questioning of the witness regarding the actual letter (Exhibit 25) that was sent and the only document at issue here is the draft (Exhibit 24).

Everything suggests that this was an inadvertent production of the draft version of what preceded the letter ultimately sent to defendant's counsel, Ron Laurie. LML made the necessary declaration of inadvertent disclosure and took the steps to protect the document.

It was inadvertently produced, and defendant took the steps necessary under the protective order to protect its use and its confidentiality. Defendant's motion for production is denied.

**Document 406**

This document also appears on LML's supplemental privilege log of August 29, 2005 and it is described as the redaction of a 9 page communication to Mike Zinicola, Esquire requesting legal advice regarding preliminary amendment re application serial number

07/975,717. The issue here is whether Mr. Zinicola received a communication that qualifies as a privileged communication pertaining to the providing of legal service or advice.

A reading of the testimony referring to this matter at Pages 270 (Deposition of Robert R. Hills, August 27, 2005) causes the SDM to conclude that the nine redacted pages are not entitled to attorney client privilege protection. A reading of the testimony of Mr. Hills at Page 270 – Line 15 to 272 – Line 14 shows the witness to be both vague and uncertain as to his relationship to Mr. Zinicola as that bears upon Mr. Hills as a client seeking legal advice, and Mr. Zinicola serving as an attorney in that respect. Further at Page 278 to 280, the circumstances associated with the document continue to be uncertain and confusing to the deponent. Finally, despite the leading question by deponent's counsel on Line 3 at Page 280, the response was not sufficiently precise to warrant a sound conclusion that the communications to Mr. Mike Zinicola was an attorney client communication entitled to privilege.

The claim of privilege of the nine redacted pages in Document 406 is accordingly disallowed.

**Document 407**

Here, the transcript of the deposition at Page 13 shows that defendant's counsel in questioning Mr. Hills from an entry of June 2, 1994 on this document states "we are forced to file a continuance, but will also be adding additional system features not previously depicted under the original application." This was a statement made to Hills' by his attorney. The reading of that excerpt at the deposition was then followed by the question by defendant's counsel, "do you recall adding additional system features?" At that juncture, Mr. Hills' attorney objected contending that it may invade attorney/client communication. Counsel added at that time that the document that was being read from was inadvertently produced and required the

deponent to answer a question that calls for the revelation of communication between the deponent and his attorney. Inadvertent production was then declared on Page 614 at Line 9 by LML's attorney. From the record, it does appear that this document was inadvertently produced, but that presupposes that what was referred to in the questioning was entitled to attorney client privilege in the first place.

When the witness was asked "do you recall adding additional system features?" that appears to the SDM to not be a question concerning a communication, but whether in fact additional features were added. Presumably they were or they were not, and the answer to that question does not disclose any communication between Mr. Hills and his attorney. Further, the statement of "we are forced to file a continuance but will also be adding additional system features not previously depicted under the original application," made by Hills' attorney suggests steps that are to be taken, neither of which by their terms were intended to be confidential. Accordingly, to the extent to which the above-quoted passage is claimed to be entitled to attorney client privilege, that claim is disallowed. To the extent that the remainder of the document has been declared as inadvertently produced, it shall be treated as such under the protective order. Further, deponent Hills if requested should answer the question posed by defendants' counsel on Page 613 at Line 20 since it does not call for a disclosure of a privileged communication between him and his counsel.

**Document 408**

A reading of the testimony associated with Document 408 in its entirety and including the understanding of counsel as to the manner in which this document was to be administered when

the recess of this deposition was called, allows the claim of LML to attorney client privilege to stand as respects redacted portions of the document.

SO ORDERED:

_____
SPECIAL DISCOVERY MASTER

DATED: October 28, 2005