# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LML PATENT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 04-858 SLR |
| | ) |
| TELECHECK SERVICES, INC., | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., and | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**LML PATENT CORP.'S**
**OBJECTIONS AND RESPONSES TO TELECHECK SERVICES INC.'S**
**FIRST SET OF INTERROGATORIES TO LML**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.1 of the

Local Rules of the United States District Court for the District of Delaware, LML Patent Corp.

("LML") submits the following responses and objections to TeleCheck Services, Inc.'s

("TeleCheck") First Set of Interrogatories:

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into the response to each

interrogatory as if fully set forth therein:

1.     LML objects to TeleCheck's First Set of Interrogatories, and the definitions and

instructions contained therein, to the extent they purport to impose discovery or other obligations

or requirements on LML greater than those authorized under, or permitted by, the Federal Rules

of Civil Procedure, the Rules of the United States District Court for the District of Delaware, and

applicable case law.   LML will respond to all interrogatories, and prepare its schedule of

120977.00601/40147267v1

## SPECIFIC OBJECTIONS AND RESPONSES

### TELECHECK INTERROGATORY NO. 1:

Identify each claim of the patents-in-suit that LML contends is infringed by any of TeleCheck's products or services.

### RESPONSE TO TELECHECK INTERROGATORY NO. 1:

Subject to and without waiving its General Objections, LML asserts that TeleCheck infringes the following claims of the patents-in-suit:

| PATENT | ASSERTED CLAIMS |
|---|---|
| U.S. Patent No. 5,484,988 (the '988 patent) | Claims 1-6, 8-11 and 13 |
| U.S. Patent No. 6,164,528 (the '528 patent) | Claims 11 and 18 |
| U.S. Patent No. 6,283,366 (the '366 patent) | Claims 3 and 25 |

### TELECHECK INTERROGATORY NO. 2:

For each claim identified in response to Interrogatory No. 1, provide a claim chart that fully explains how each claim element is met, either literally or under the doctrine of equivalents, by each accused TeleCheck product or service, and identify for each claim whether the alleged infringement is direct, contributory, or by inducement.

### RESPONSE TO TELECHECK INTERROGATORY NO. 2:

LML objects to this interrogatory on the grounds that it is premature because discovery in this action has just begun. Indeed, TeleCheck has yet to produce any documents or any information about its accused Electronic Check Acceptance Service. LML also objects to this interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving its General and Specific Objections, LML states that TeleCheck makes, uses, sells, imports, and/or offers for sale its Electronic Check Acceptance Service in the United States thereby directly infringing, inducing infringement and/or

- 4 -

contributing to the infringement of the asserted claims by purchasers and/or users of its

Electronic Check Acceptance Service.

| CLAIM 1 OF THE '988 PATENT | CLAIM ELEMENT MET BY TELECHECK BOTH LITERALLY AND UNDER THE DOCTRINE OF EQUIVALENTS |
|---|---|
| 1.   A checkwriting point of sale system comprising:<br><br>a point of sale terminal adapted to receive consumer bank account information from any bank check; | TeleCheck calls its checkwriting system "Electronic Check Acceptance Service." To initiate transactions in this system, a merchant swipes or feeds a check through a POS check reader to read data from the check.<br>TeleCheck's system is compatible with at least the TeleCheck Eclipse point of sale terminal. This terminal includes a check reader and thus can receive consumer bank account information from any bank check. |
| a central computer system; | TeleCheck's system includes a central computer system. |
| first communications means integral to said point of sale terminal for electronically communicating with the central computer system; | Terminals used with TeleCheck's system include communication interfaces to route data from the terminals to TeleCheck's central computer system. For example, the TeleCheck Eclipse has an internal modem. |
| memory means integral to said point of sale terminal for temporarily storing the consumer bank account information; | The TeleCheck Eclipse terminal can be configured with 1.5 MB to 8 MB of total memory (flash and static RAM). The Eclipse terminal's memory stores at least 300 check transactions, including consumer bank account information. |
| the central computer system having second communication means for receiving information from a plurality of said point of sale terminals; | In TeleCheck's system, transaction data from remote POS terminals are transmitted to a central computer system which thus includes a device or equipment (i.e., communication means) to receive the data. |
| the central computer system second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument. | The communication means of TeleCheck's central computer system enables communication with external databases, such as negative databases and activity databases, to check the status of consumer accounts, and also enables fund transfers by sending data to an automated clearing house. Checks are returned to consumers after account information is read from them and thus are not used as negotiable instruments. |

- 5 -

# EXHIBIT 2

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

April 15, 2005

**VIA FEDERAL EXPRESS**

William J. Marsden, Jr., Esq.
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

**VIA FEDERAL EXPRESS**

Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Re: *LML Patent Corp. v. TeleCheck, et al,* Civil Action No. 04-858 SLR

Counsel:

Enclosed for each of you, please find a copy of LML Patent Corp.'s Proposed Claim Constructions Pursuant to ¶15 of the Court's Scheduling Order.

Yours,

Richard K. Herrmann

RKH/sch
Enclosure

cc:    Francis DiGiovanni, Esq. (via hand delivery on 4/18/2005)
       Richard D. Kirk, Esq. (via hand delivery on 4/18/2005)

# LML PATENT CORP.'S PROPOSED CLAIM CONSTRUCTIONS
## PURSUANT TO ¶ 5 OF THE COURT'S SCHEDULING ORDER

| U.S. Patent No. 5,484,988 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| 1. A checkwriting point of sale system comprising: | |
| a point of sale terminal adapted to receive consumer bank account information from any bank check; | a point of sale terminal adapted to receive information relating to a consumer's bank account from any check; |
| a central computer system; | one or more computers connected to one or more computers; |
| first communications means integral to said point of sale terminal for electronically communicating with the central computer system; | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "first communication means integral to the point of sale terminal" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "first communication means integral to the point of sale terminal" is for electronically communicating with the central computer system. Thus, this element is properly construed as follows:<br><br>any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent, that is a constituent part of the point of sale terminal for electronically communicating with the central computer system; |
| memory means integral to said point of sale terminal for temporarily storing the consumer bank account information; | a memory that is a constituent part of the point of sale terminal for temporarily storing information relating to the consumer's bank account; |
| the central computer system having second communication means for receiving information from a plurality of said point of sale terminals; | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "second communication means" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication |

1

| U.S. Patent No. 5,484,988 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| | interface or equivalent. The function of the "second communication means" for this element is for receiving information from a plurality of said point of sale terminals. Thus, this element is properly construed as follows: |
| | the central computer system having any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent, for receiving information from a plurality of said point of sale terminals; |
| the central computer system second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument. | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "second communication means" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "second communication means" for this element is enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument. Thus, this element is properly construed as follows: |
| | the central computer system second communication means for enabling the central computer system to communicate with external databases for conducting a search for information relating to a consumer's bank account and further enabling the transfer of funds electronically where the check is used as a source of information and not as a negotiable instrument. |
| 2. The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further includes means for reading magnetic ink character recognition numbers appearing on | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "means for reading magnetic ink character recognition numbers appearing on a |

2

| U.S. Patent No. 5,484,988 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| a consumer check for the sole purpose of identifying and reading the consumer bank account information. | consumer check" is any mechanism such as a MICR reader, optical character recognition ("OCR") equipment, key board for manual entry or equivalent. The function of the "means for reading magnetic ink character recognition numbers appearing on a consumer check" is for reading magnetic ink character recognition numbers appearing on a consumer check for the sole purpose of identifying and reading the information relating to a consumer's bank account. Thus, this element is properly construed as follows:

The checkwriting point of sale terminal according to claim 1 wherein the point of sale terminal further includes any mechanism such as a MICR reader, optical character recognition ("OCR") equipment, key board for manual entry or equivalent, for reading magnetic ink character recognition numbers appearing on a consumer check for the sole purpose of identifying and reading the information relating to a consumer's bank account. |
| 3. The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further comprises an alphanumeric display means for receiving said consumer bank account information from the memory means and for displaying the consumer bank account information. | The checkwriting point of sale system according to claim 1 wherein the point of sale terminal further comprises an alphanumeric display for receiving information relating to a consumer's bank account from memory and displaying information relating to the consumer's bank account. |
| 4. The checkwriting point of sale system according to claim 1 further comprising a printer means for receiving information from the memory means of the point of sale terminal and for generating a transaction event sale slip. | The checkwriting point of sale system according to claim 1 further comprising a printer for receiving information from the memory of the point of sale terminal and for generating a transaction event sale slip. |
| 5. The checkwriting point of sale system according to claim 1 further comprising a resident third party database wherein consumer banking account status information is stored, the | The checkwriting point of sale system according to claim 1 further comprising a third party database that resides at a site or computer owned or operated by the system operator wherein |

3

| U.S. Patent No. 5,484,988 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| consumer banking account status information being used for verification of consumer banking account status. | consumer bank account status information is stored, the consumer bank account status information being used for verification of consumer banking account status. |
| 6. The checkwriting point of sale system according to claim 1 wherein the central computer system further comprises a system subscriber database, the system subscriber database comprising information regarding merchants and service providers that are authorized to use the checkwriting point of sale system. | The checkwriting point of sale system according to claim 1 wherein the central computer system further comprises a system subscriber database, the system subscriber database comprising information regarding merchants and service providers that are authorized to use the checkwriting point of sale system. |
| 8. A checkwriting point of sale process comprising: | |
| a) presenting any bank check specimen to a point of sale terminal located at a merchant or service provider, | presenting a check to a point of sale terminal located at a merchant or service provider, |
| b) reading the magnetic ink character recognition number information on the check for the sole purpose of obtaining consumer bank account information, without using the check as a negotiable instrument, | reading the magnetic ink character recognition number information on the check for the sole purpose of obtaining information relating to the consumer's bank account, where the check is used as a source of information and not as a negotiable instrument, |
| c) storing the consumer bank account information obtained from the check and verifying that account numbers were accurately read at the point of sale terminal, | storing information relating to the consumer's bank account obtained from the check and verifying that the account numbers from the check were read accurately at the point of sale terminal, |
| d) providing transaction event information to the point of sale terminal, | providing information relating to the transaction to the point of sale terminal, |
| e) transmitting the transaction event information and consumer bank account information to a central computer system, | electronically sending information relating to the transaction and information relating to the consumer's bank account to a central computer system, |

4

| U.S. Patent No. 5,484,988 Claim Language | TMG Patent Corp.'s Proposed Claim Construction |
|---|---|
| f) storing the transaction event information and consumer banking account information, and | storing the information relating to the transaction and information relating to the consumer's bank account, and |
| g) subsequently transmitting the transaction event information to a bank for subsequent automated clearing house operations. | subsequently transmitting the information relating to the transaction to a bank for subsequent automated clearing house operations. |
| 9. A checkwriting point of sale system comprising: | |
| a point of sale terminal adapted to receive consumer bank account information; | a point of sale terminal adapted to receive information relating to a consumer's bank account; |
| a central computer system; | one or more computers connected to one or more computers; |
| first communications means integral to said point of sale terminal for electronically communicating with the central computer system; and | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "first communication means integral to the point of sale terminal" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "first communication means integral to the point of sale terminal" is for electronically communicating with the central computer system. Thus, this element is properly construed as follows:

any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent, that is a constituent part of the point of sale terminal for electronically communicating with the central computer system; |
| memory means integral to said point of sale terminal for temporarily storing the consumer bank account information; | a memory that is a constituent part of the point of sale terminal for temporarily storing information relating to the consumer's |

5

| U.S. Patent No. 5,484,988 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| | bank account; |
| the point of sale terminal comprising reading means for reading magnetic ink character recognition numbers on any consumer bank check for the sole purpose of eliciting consumer bank account information; | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "means for reading magnetic ink character recognition numbers on any consumer bank check" is any mechanism such as a MICR reader, optical character recognition ("OCR") equipment, key board for manual entry or equivalent. The function of the "means for reading magnetic ink character recognition numbers on any consumer bank check" is reading magnetic ink character recognition numbers on any consumer bank check for the sole purpose of eliciting consumer bank account information. Thus, this element is properly construed as follows:

the point of sale terminal further includes any mechanism such as a MICR reader, optical character recognition ("OCR") equipment, key board for manual entry, or equivalent for reading magnetic ink character recognition numbers appearing on a consumer check for the sole purpose of eliciting information relating to the consumer's bank account; |
| the central computer system having second communication means for receiving information from a plurality of said point of sale terminals; | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "second communication means" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "second communication means" for this element is for receiving information from a plurality of said point of sale terminals. Thus, this element is properly construed as follows:

the central computer system having any mechanism such as a modem, network interface, enhanced radio transmission interface, |

6

| U.S. Patent No. 5,484,988 Claim Language | TeML Patent Corp's Proposed Claim Construction |
|---|---|
| | satellite communication interface or equivalent, for receiving information from a plurality of said point of sale terminals; |
| the central computer system second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using a bank check as a negotiable instrument. | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "second communication means" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "second communication means" for this element is enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument. Thus, this element is properly construed as follows:<br><br>the central computer system second communication means for enabling the central computer system to communicate with external databases for conducting a search for information relating to a consumer's bank account and further enabling the transfer of funds electronically where the check is used as a source of information and not as a negotiable instrument. |
| 10. The checkwriting point of sale system according to claim 9 further comprising a printer means for receiving information from the memory means of the point of sale terminal and for generating a transaction event sale slip. | The checkwriting point of sale system according to claim 9 further comprising a printer for receiving information from the memory of the point of sale terminal for generating a transaction event sale slip. |
| 11. The checkwriting point of sale system according to claim 9 further comprising a resident third party database wherein consumer banking account status information is stored, the consumer banking account status information being used for verification of consumer banking account status. | The checkwriting point of sale system according to claim 9 further comprising a third party database that resides at a site or computer owned or operated by the system operator wherein consumer bank account status information is stored, the consumer bank account status information being used for verification of |

| US Patent No. 5,484,988 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| | consumer banking account status. |
| 13. The checkwriting point of sale system according to claim 4, wherein the sales slip includes means for execution by the consumer for proof of bank account access authorization. | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "means for execution by the consumer" is a space for execution by the consumer, or equivalent. The function of the "means for execution by the consumer" is for proof of bank account access authorization. Thus, this element is properly construed as follows:

The checkwriting point of sale system according to claim 4, wherein the sales slip includes a space for execution by the consumer for proof of bank account access authorization. |
| 14. The checkwriting point of sale system of claim 1, wherein the point of sale terminal further comprises means for automatically logging a point of sale terminal location and transaction date, time, and sales amount. | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "means for automatically logging" is a microprocessor or equivalent. The function of the "means for automatically logging" is for automatically logging the terminal location, transaction date, time and sale amount. Thus, this element is properly construed as follows:

The checkwriting point of sale system of claim 1 wherein the point of sale terminal further comprises a microprocessor or equivalent, for automatically logging the terminal location, transaction date, time and sale amount. |
| 16. The checkwriting point of sale process of claim 8, further comprising:

(A) printing a transaction event sales slip following the sending of an approval message; and | The checkwriting point of sale process of claim 8, further comprising:

(A) printing a transaction event sales slip following the sending of an approval message; and |

| U.S. Patent No. 5,484,988 Claim Language | TFL/LML Patent Co.'s Proposed Claim Construction |
|---|---|
| (B) executing of the sales slip by the consumer as proof of bank account access authorization. | (B) executing of the sales slip by the consumer as proof of bank account access authorization. |
| 18. The checkwriting point of sale process of claim 8, further comprising automatically logging point of sale terminal location information and transaction date, time, and sales amount information into the point of sale terminal. | The checkwriting point of sale process of claim 8, further comprising automatically logging the point of sale terminal location information and transaction date, time and sales amount information into the point of sale terminal. |

9

## LML PATENT CORP.'S PROPOSED CLAIM CONSTRUCTIONS
## PURSUANT TO ¶ 5 OF THE COURT'S SCHEDULING ORDER

| U.S. Patent No. 6,164,528 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| 10. A checkwriting point of sale process comprising: | |
| (a) presenting a bank check specimen to a point of sale terminal located at a merchant or service provider; | presenting a check to a point of sale terminal located at a merchant or service provider; |
| (b) reading a magnetic ink character recognition number information on the check for the sole purpose of obtaining consumer bank account information, without using the check as a negotiable instrument; | reading the magnetic ink character recognition number information on the check for the sole purpose of obtaining information relating to the consumer's bank account, where the check is used as a source of information and not as a negotiable instrument; |
| (c) storing the consumer bank account information obtained from the check and verifying that account numbers were accurately read at the point of sale terminal; | storing information relating to the consumer's bank account obtained from the check and verifying that the account numbers were read accurately at the point of sale terminal; |
| (d) providing transaction event information to the point of sale terminal; | providing information relating to the transaction to the point of sale terminal; |
| (e) transmitting the transaction event information and consumer bank account information to a central computer system; | electronically sending information relating to the transaction and information relating to a consumer's bank account to one or more computers connected to one or more computers; |
| (f) storing the transaction event information and consumer banking account information; | storing information relating to the transaction and information relating to the consumer's bank account; |
| (g) subsequently transmitting the transaction event information to a bank for subsequent automated clearing house operations; and | subsequently electronically sending information relating to the transaction to a bank for subsequent automated clearing house operations; and |
| (h) returning the bank check specimen to the consumer. | returning the check to the consumer. |
| 11. The checkwriting point of sale process of claim 10 further | The checkwriting point of sale process of claim 10 further |

10

| U.S. Patent No. 6,164,528 Claim Language | EML Patent Corp.'s Proposed Claim Construction |
|---|---|
| comprising: | comprising: annotating the check before returning it to the consumer. |
| annotating the bank check specimen before returning the bank check specimen to the consumer. | |
| 18. The checkwriting point of sale process of claim 10 further comprising performing a "velocity check" on the merchant's sales activity to avoid fraud. | The checkwriting point of sale process of claim 10 further comprising performing a check of defined criteria with respect to the merchant's sales activity to avoid fraud. |

11

## LML PATENT CORP.'S PROPOSED CLAIM CONSTRUCTIONS PURSUANT TO ¶5 OF THE COURT'S SCHEDULING ORDER

| U.S. Patent No. 6,283,366 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| 1. A checkwriting point of sale system comprising: | |
| a point of sale terminal adapted to receive payer bank account information from any bank check; | a point of sale terminal adapted to receive information relating to a payer's bank account from any check; |
| a central computer system; | one or more computers connected to one or more computers; |
| first communications means integral to said point of sale terminal for electronically communicating with the central computer system; | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "first communication means integral to the point of sale terminal" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "first communication means integral to the point of sale terminal" is for electronically communicating with the central computer system. Thus, this element is construed as follows: |
| | any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent, that is a constituent part of the point of sale terminal for electronically communicating with the central computer system; |
| memory means integral to said point of sale terminal for temporarily storing the payer bank account information; | a memory that is a constituent part of the point of sale terminal for temporarily storing information relating to the payer's bank account; |
| the central computer system having second communication means for receiving information from a plurality of said point of sale terminals; and | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "second communication means" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication |

12

| U.S. Patent No. 6,283,366 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| | interface or equivalent. The function of the "second communication means" for this element is for receiving information from a plurality of said point of sale terminals. Thus, this element is construed as follows: |
| | the central computer system having any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent, for receiving information from a plurality of said point of sale terminals; |
| the central computer system second communication means enabling said central computer system to communicate with external databases for performing a payer bank account status search and further enabling communication with an electronic funds transfer system for transferring funds without using the bank check as a negotiable instrument. | This element is written in means plus function format pursuant to 35 U.S.C. § 112(6). The structure of the "second communication means" is any mechanism such as a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. The function of the "second communication means" for this element is enabling said central computer system to communicate with external databases for performing a payer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument. Thus, this element is construed as follows: |
| | the central computer system second communication means for enabling the central computer system to communicate with external databases for conducting a search for information relating to a payer's bank account and further enabling the transfer of funds electronically where the check is used as a source of information and not as a negotiable instrument. |
| 2. The checkwriting point of sale system of claim 1 wherein the point of sale terminal is further adapted to print activity reports of transaction events occurring at the point of sale terminal. | The checkwriting point of sale system of claim 1 wherein the point of sale terminal is further adapted to print activity reports of |

13

| U.S. Patent No. 6,283,366 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| | transaction events occurring at the point of sale terminal. |
| 3. The checkwriting point of sale system of claim 1 wherein the point of sale terminal is further adapted to annotate the bank check that is used at the point of sale terminal to provide the payer bank account information. | The checkwriting point of sale system of claim 1 wherein the point of sale terminal is further adapted to annotate the check that is used at the point of sale terminal to provide information relating to the payer's bank account. |
| 24. A checkwriting point of sale process comprising: | |
| a payer completing a check for a transaction with a merchant or service provider; | a payer completing a check for a transaction with a merchant or service provider; |
| using a point of sale terminal associated with said merchant or service provider to read MICR information on the check to obtain payer bank account information; | using the point of sale terminal associated with said merchant or service provider to read MICR information on the check to obtain information relating to the payer's bank account; |
| inputting transaction information, including at least a transaction amount, into the point of sale terminal; | inputting transaction information, including at least a transaction amount, into the point of sale terminal; |
| printing an authorization to debit the payer bank account by the transaction amount for the payer to sign; | printing an authorization to debit the payer bank account by the transaction amount for the payer to sign; |
| the payer signing the authorization; | the payer signing the authorization; |
| returning a copy of the signed authorization and the check to the payer; and | returning a copy of the signed authorization and the check to the payer; and |
| electronically debiting said payer bank account by said transaction amount based on the signed authorization, without using the check as a negotiable instrument. | electronically debiting said payer bank account by said transaction amount based on the signed authorization, where the check is used as a source of information and not as a negotiable |

14

| U.S. Patent No. 6,283,366 Claim Language | LML Patent Corp.'s Proposed Claim Construction |
|---|---|
| | instrument. |
| 25. The checkwriting point of sale process of claim 24, further comprising voiding the completed check prior to returning it to the payer. | The checkwriting point of sale process of claim 24, further comprising voiding the completed check prior to returning it to the payer. |

15