IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,

       Plaintiff,

     v.

TELECHECK SERVICES, INC.,
ELECTRONIC CLEARING HOUSE, INC.,
XPRESSCHEX, INC. and NOVA
INFORMATION SYSTEMS, INC.,

       Defendants.

C.A. 04-858 (SLR)

**PUBLIC VERSION**

---

## DEFENDANTS' RESPONSE TO LML PATENT CORP.'S MOTION TO STRIKE THE SECOND SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REPORT REGARDING INVALIDITY

FISH & RICHARDSON P.C
William J. Marsden (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114

*Attorneys for Telecheck Services, Inc*

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr.
Kevin Baird
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

*Attorneys for Electronic Clearing House, Inc.
and Xpresschex, Inc.*

THE BAYARD FIRM
Richard D. Kirk, Esq.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

*Attorneys for Defendant
NOVA Information Systems, Inc.*

Dated: October 21, 2005

## TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PRESENT CASE ........................................... 1

II.   SUMMARY ...................................................................................................... 1

III.  FACTS ............................................................................................................. 2

IV.   DISCUSSION .................................................................................................. 5

    A.    Mr. Kurrasch's Supplemental Report Conformed to the
          Court's Scheduling Order ............................................................................ 5

    B.    LML Would Not Be Prejudiced .................................................................. 5

          1.    Mr. Kurrasch's Supplementation Contains No
                Surprise for LML and It Does Not Prejudice
                LML ......................................................................................... 6

          2.    Defendants Have Offered LML an Extension to
                Submit Its Rebuttal Report ...................................................... 9

          3.    Allowing the Evidence in Mr. Kurrasch's Report
                Would Not Disrupt the Orderly and Efficient
                Trial of This Case or of Other Cases of This
                Court ..................................................................................... 10

          4.    Mr. Kurrasch's Report Complied with the
                Court's Order ........................................................................ 10

    C.    The Remainder of LML's Allegations Are Meritless or
          Irrelevant ................................................................................................. 10

V.    COSTS AND FEES ....................................................................................... 12

VI.   CONCLUSION ............................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Chase Manhattan Mortgage Corp. v. Advanta Corp.*, No. Civ.A. 01-507(KAJ),
2004 WL 422681 (D. Del. March 4, 2004)..............................................................6

*Cytyc Corp. v. TriPath Imaging, Inc.*,
No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW, 2005 WL 1527883,
(D. Mass. June 21, 2005) .............................................................................8

*In re Paoli R.R. Yard PCB Litigation*,
35 F.3d 717 (3d Cir. 1994)............................................................................6

*Tracinda Corp. v. DaimlerChrysler AG*,
362 F.Supp. 2d 487(D. Del. 2005)...............................................................6, 7

### OTHER AUTHORITIES

Fed. R. Civ. P. 26(a)(2)...............................................................................5

Fed. R. Civ. P. 26(e) ................................................................................5, 6

I.    **NATURE AND STAGE OF THE PRESENT CASE**

In this patent infringement case, Plaintiff LML Patent Corp. ("LML") originally

accused TeleCheck, Electronic Clearing House, Inc. and its subsidiary Xpresschex, Inc.

(collectively, "ECHO"), and Nova Information Systems, Inc. ("Nova") of infringing three

patents, including U.S. Patent No. 5,484,988 (the "'988 patent"). Each defendant has

denied the allegations of infringement and has asserted numerous defenses, including the

defense of invalidity. LML has objected to David P. Kurrasch's second supplementation

of his invalidity report, made in accordance with the Scheduling Order. Defendants

submit this Response.

II.    **SUMMARY**

(1)    In accordance with the Court's Scheduling Order, David P. Kurrasch

supplemented his initial Expert Report regarding invalidity on September 6, 2005. As

expressly set forth in the Court's schedule, Mr. Kurrasch's report was amended to reflect

information developed during the deposition of Robert R. Hills, the lead inventor of the

patent-in-suit, whose deposition was delayed until after service of initial expert reports.

Mr. Kurrasch reserved the right to supplement citations in his report if, and when, he

obtained a copy of the 1990 Rules. Mr. Kurrasch ultimately obtained a copy of the 1990

Rules, and provided the Second Supplemental Report to update those citations. While

LML complains that Mr. Kurrasch's Second Supplemental Report contains "new

opinions," LML seeks to mislead the Court because Mr. Kurrasch only supplemented

citations to the 1990 Rules without supplementing any substantive text.

(2)    LML falsely asserts it would be prejudiced by Mr. Kurrasch's report. The

supplemental opinions should not be stricken because every one of the factors for

deciding this issue weighs against LML's motion: (1) Mr. Kurrasch's Second

Supplemental Report contains no surprise or prejudice to LML and only updates citations

found in the report; (2) Defendants' have offered and continue to offer LML an extension

to supplement its Rebuttal report, curing any purported surprise or prejudice; (3) no

upcoming dates, least of all trial, are affected by Mr. Kurrasch's Supplemental Report; and (4) Mr. Kurrasch's supplementation complied with the Court's Scheduling Order.

(3)    LML's remaining assertions in its Motion are either disingenuous or irrelevant. Defendants offered LML an extension to incorporate responses to Mr. Kurrasch's narrow supplement into LML's expert rebuttal report. LML made a tactical decision to reject any extension, ignore certain portions of the supplement, and bring a meritless motion. LML's present Motion cites *not a single case* in support of excluding evidence, and fails to apply any applicable standard in seeking to strike the very minor supplementation at issue here.

Accordingly, LML's Motion to Strike the Second Supplement to the Expert Report of David P. Kurrasch Regarding Invalidity should be denied, and under Rule 11, Defendants should be awarded their costs and attorneys' fees for responding to LML's frivolous motion.

## III.    FACTS

The facts that apply to this response were set forth in Defendants' Response to LML's Motion to Strike Portions of David P. Kurrasch's Supplemental Expert Report Regarding Invalidity dated October 5, 2005 and are not fully restated herein. For convenience, a synopsis of the facts is found below.

This Court amended the original Scheduling Order based on a signed stipulation which extended the date for expert reports and expressly allowed supplementation "required as a result of the deposition of Robert R. Hills. . . ." Mr. Hills is the first-named inventor on the patent-in-suit, and was unavailable for deposition until the end of August 2005. Supplementation was to take place by September 6, 2005, with rebuttal reports due September 16, 2005.

REDACTED

REDACTED

It is this and other testimony from Mr. Hills that gave rise to the supplemental opinions provided according to the amended schedule.  (Relevant portions of Mr. Hills' deposition were provided at Exhibit B in Defendant's Response to LML's motion to strike portions of Mr. Kurrasch's supplemental report.)

In Mr. Kurrasch's initial Expert Report, he set forth opinions regarding invalidity related to U.S. Patent No. 5,175,682 to Higashiyama et al. (the "Higashiyama patent," Ex. 1)[1] in both the text and exhibits.  No dispute exists as to when LML first became aware of the Higashiyama patent—many years before bringing the present lawsuit—and the Higashiyama patent was disclosed to LML during discovery well before initial expert reports were served.  Defendants provided invalidity contentions regarding the Higashiyama patent as early as January 28, 2005, and Connie Higashiyama herself was deposed by Defendants and LML on July 13, 2005.

REDACTED

These 1990 Rules and Guidelines ("1990 Rules") are incorporated by

---

[1] Exhibits in this Response refer to the Exhibits attached to the Declaration of Timothy Devlin in Support of Defendants' Response to LML's Motion, filed concurrently.

reference into the Higashiyama patent (6:28-36). No copy of the complete 1990 Rules was available to Defendants despite an earlier subpoena to NACHA itself. Nevertheless, NACHA did disclose a letter sent to a third party which contained several pages from the 1990 Rules. (*See* Ex. 2.) Additionally, the 1991 Rules, which largely track the 1990 Rules, were disclosed. The 1991 Rules themselves indicate amendments to the 1990 Rules, so the un-amended portions clearly establish the content of the 1990 Rules. (*See* Ex. 3.)

On September 6, 2005, per the stipulation and Order, Mr. Kurrasch supplemented his initial invalidity report based on testimony from Mr. Hills and documents about which Mr. Hills testified, including the Higashiyama patent and 1990 Rules (via the 1991 Rules). In particular, Mr. Kurrasch supplemented two paragraphs in his report regarding the Higashiyama patent and a single corresponding invalidity chart. The chart was attached separately so that LML could easily determine which chart had been revised. (*See* Ex. 4.) Mr. Kurrasch reserved his right to alter the citations to the 1990 Rules if a copy of the 1990 Rules was ever obtained. (*See* Ex. 4.)

Shortly after supplementing his expert report, Mr. Kurrasch was able to obtain a complete set of 1990 Rules, and the rules were promptly produced to LML. The 1990 Rules contained the material initially referenced to the 1991 Rules. On September 28, 2005, in accordance with his reservation of the right to do so, Mr. Kurrasch supplemented his invalidity report to amend citations to the 1990 Rules. (Ex. 5) These amended citations are to the identical or equivalent text referenced by the earlier citations to the 1991 Rules, and do not affect the substance of Mr. Kurrasch's opinion in any manner. In other words, *no substantive text changed* and *only citations to the 1990 Rules were added* in Mr. Kurrasch's supplementation.

4

## IV.    DISCUSSION

### A.    Mr. Kurrasch's Supplemental Report Conformed to the Court's Scheduling Order

Again, LML has erroneously asserted that Mr. Kurrasch's initial supplemental report did not adhere to the Court's Amended Scheduling Order. Instead of wasting this Court's time as LML seeks to do with the filing of its baseless motion, Defendants refer this Court to pages 5-6 in their previous response to LML's first Motion to Strike. (D.I. 279.) No legitimate question exists as to whether Mr. Kurrasch acted in accordance with the Scheduling Order and LML's Motion should be denied.

### B.    LML Would Not Be Prejudiced

LML's argument that it would be prejudiced absent exclusion of Mr. Kurrasch's supplement of *citations* has no merit. As done in its previous Motion, LML fails to cite or apply any legal standards relevant to the issue in this District or in the Third Circuit. Moreover, its most recent motion is even more egregious because *LML fails to cite any law whatsoever*.

The Federal Rules in fact require that Mr. Kurrasch supplement in exactly the manner of his Second Supplemental Report. An expert report shall include "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions . . . ." FED. R. CIV. P. 26(a)(2)(B). Rule 26(e)(1) further requires supplementation of the expert report:

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

5

FED. R. CIV. P. 26(e)(1). Mr. Kurrasch's Second Supplemental Report is based on new information obtained following his initial report, and therefore was required under the Rules.

For evidence to be excluded, the party opposing the admission of the evidence must be prejudiced. *Chase Manhattan Mortgage Corp. v. Advanta Corp.*, No. Civ.A. 01-507(KAJ), 2004 WL 422681, at *10 (D. Del. Mar. 4, 2004). Excluding critical evidence is considered "extreme" and generally is not imposed unless the party seeking inclusion of the evidence undertook willful deception or "flagrant disregard" of a court order. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (internal quotations omitted).

The Third Circuit has adopted a number of factors that a Court should examine when deciding whether to exclude expert testimony. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987)). The following factors are to be considered:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Tracinda*, 362 F. Supp. 2d at 506 (quoting *Pennypack*, 559 F.3d at 904-05).

In this case, every factor supports Mr. Kurrasch's supplementation and weighs against striking evidence as proposed by LML.

### 1.   Mr. Kurrasch's Supplementation Contains No Surprise for LML and It Does Not Prejudice LML

The first factor of surprise or prejudice in fact is not met, and LML's Motion should be denied.

6

Since at least as early as January 28, 2005, Defendants have contended the '988 patent is invalid based on the Higashiyama patent. Mr. Kurrasch's initial invalidity report asserted certain claims of the '988 patent were anticipated by the Higashiyama patent. After Mr. Hills' deposition and in accordance with the Scheduling Order, Mr. Kurrasch supplemented his invalidity report by revising two paragraphs regarding anticipation of the patent-in-suit by the Higashiyama patent incorporating the 1990 Rules.

Mr. Kurrasch supplemented a chart regarding the Higashiyama patent, included this chart as Part 3 of 3 of an exhibit instead of deleting the previous version of the chart, and reserved his right to include citations to the 1990 Rules if, and when, he obtained a copy of the 1990 Rules. (*See* Ex. 4). The inclusion of Part 3 of 3 was for LML's benefit so that it could readily determine which chart had been supplemented. In accordance with Federal Rule of Civil Procedure 26(e)(2), as soon as Mr. Kurrasch obtained a copy of the 1990 Rules, Defendants promptly disclosed the Rules to LML, and Mr. Kurrasch supplemented his report by including *citations only* to the 1990 Rules. LML has no basis to assert that it is prejudiced by Mr. Kurrasch's including citations to the 1990 Rules.

Furthermore, the Scheduling Order requires each party to serve on the other parties a list of fact witnesses to be called at trial by October 31, 2005. At the earliest, October 31, 2005 is the deadline for the parties' Rule 26(a)(3) disclosures. This means that Mr. Kurrasch's supplement was filed more than one month before the earliest possible Rule 26(a)(3) deadline.

Courts in this District have applied the Third Circuit standard in holding that, even on the day of trial immediately before trial testimony, proper supplementation of expert reports should not give rise to preclusion. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005). In *Tracinda*, defendants' expert witness testified about new or revised charts the plaintiff asserted were outside the scope of the expert's report, prior opinions, and deposition testimony. *Id.* at 507-11. The Court allowed the testimony, in part because data underlying a portion of the expert's

7

testimony to which the plaintiff objected had previously been produced to the plaintiff before trial or included in the plaintiff's own expert's report. *Id.* Consequently, the plaintiff was not prejudiced by the expert's trial testimony, the defendants did not act in bad faith, and the evidence was not precluded. *Id.*

Other courts have likewise held that a supplemental expert report containing an additional patent invalidity defense should ***not*** be stricken when materials were submitted to an opposing party "many months earlier and both parties had relied upon the prior production in conducting their fact discovery." *Cytyc Corp. v. TriPath Imaging, Inc.*, No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW, 2005 WL 1527883, at *4 (D. Mass. June 21, 2005). In *Cytyc*, the party opposing the supplemental report asserted that its counsel "would have covered a number of additional topics with technical witnesses in depositions and that there were a number of additional witnesses that I would have very seriously considered deposing in addition to witnesses that were in fact deposed." *Id.* (internal quotations omitted). The court ruled that excluding the invalidity defense was "a draconian remedy unwarranted in these circumstances." *Id.*

These cases establish that no exclusion is warranted here. It hardly follows from these cases that supplementation of ***citations*** in an expert report without supplementation of any substantive text made prior to a deposition and more than six months in advance of trial should be precluded. Furthermore, LML knew about the *Tracinda* and *Cytyc* cases prior to filing the present motion and has not cited any law opposing them.

LML would like this Court to believe that the inclusion of text such as "DK 000150," "DK 000156," "DK 000220," "DK 000332," "DK 000334," and "*see also* DK 000406-07" constitutes "new" opinions. LML's argument that these new citations are "new opinions" is patently absurd. Mr. Kurrasch's report initially cited to the 1991 Rules because the 1990 Rules were unavailable. He promptly updated the ***citations*** to the Rules as soon as he obtained them, and he made ***no substantive revisions*** to his report when he supplemented the citations. (*See* Exs. 4 and 5.)

8

LML had both the Higashiyama patent and the 1991 ACH Rules, which contained annotations to the 1990 ACH Rules, in its possession well before Mr. Kurrasch's initial report. LML also possessed the 1991 ACH Rules before deposing Connie Higashiyama, a third party and lead inventor of the Higashiyama patent, and NACHA representatives Elliott McEntee and Jane Larimer. LML participated in the depositions of these parties with prior knowledge of the 1991 ACH Rules and the Higashiyama patent. LML also had the opportunity to question these individuals. Likewise, Mr. Kurrasch's deposition took place on September 29, 2005 and LML had the opportunity to question Mr. Kurrasch regarding his supplementation that consisted of updated *citations only*. Rather than address these issues on their merits with Mr. Kurrasch, LML opted to skip them entirely in Mr. Kurrasch's deposition and file a motion so baseless it fails even to identify, much less apply, applicable legal standards.

Contrary to LML's assertions, Mr. Kurrasch's September 28, 2005 supplemental report was timely filed in accordance with the Amended Scheduling Order, the Federal Rules of Civil Procedure, and his reservation of the right to do so. The supplementation contains nothing that gives rise to any legitimate surprise or prejudice to LML. This Court should deny LML's Motion to Strike.

### 2.     Defendants Have Offered LML an Extension to Submit Its Rebuttal Report

The second factor to examine relates to the ability to cure any purported surprise or prejudice. In this case there has been and remains adequate opportunity to cure any purported prejudice.

Defendants have offered LML an extension to provide any necessary rebuttal to Mr. Kurrasch's supplementation and Defendants left the duration of the extension open for discussion. That offer remains even though (a) Defendants previously offered the extension well in advance of LML's deadline for rebuttal, (b) LML declined the extension for apparent tactical reasons, (c) during Mr. Kurrasch's deposition, LML

9

expressly chose to disregard Mr. Kurrasch's supplementation and (d) LML now is wasting this Court's resources by filing a frivolous motion.

Defendants' proposal is more than adequate to cure any purported prejudice LML believes it would suffer from responding to the updated citations in Mr. Kurrasch's Supplemental Report.

### 3. Allowing the Evidence in Mr. Kurrasch's Report Would Not Disrupt the Orderly and Efficient Trial of This Case or of Other Cases of This Court

The third factor set forth above, whether the submission of the supplemental report will disrupt the orderly and efficient trial of this case or of other cases being tried by the Court, clearly weighs against LML's Motion.

Mr. Kurrasch's Supplemental Report only includes supplementation of *citations*. No dates on the Scheduling Order need to be changed as a result of the supplementation. The parties can easily arrange a schedule for LML's expert to serve any rebuttal. None of these efforts requires any adjustment in the existing trial schedule.

### 4. Mr. Kurrasch's Report Complied with the Court's Order

The fourth factor to examine also weighs against LML's Motion, because neither Defendants nor Mr. Kurrasch failed to comply with any Court Order or the Federal Rules of Civil Procedure. On the contrary, Mr. Kurrasch supplemented his report in accordance with the very schedule agreed upon by the parties and adopted by the Court, as well as in accordance with the Federal Rules of Civil Procedure. Based on this and all the factors set forth above, LML's Motion should be denied.

### C. The Remainder of LML's Allegations Are Meritless or Irrelevant

LML makes several allegations in its Motion without citing to any law in support of its position. A number of LML's arguments have been addressed above. The remaining allegations are likewise meritless or irrelevant.

For example, LML's complaint regarding the timing of service of the 1990 Rules is a red herring. (LML's Motion at p. 2.) Defendants produced the 1990 Rules as soon

10

as a photocopy of the Rules was available and during the same time that Mr. Kurrasch was updating the citations in his report. Both the second supplement report and the copy of the 1990 Rules were provided as promptly as possible after Mr. Kurrasch obtained a copy of the Rules. Mr. Kurrasch's supplement was sent to LML later that day, i.e., after the 1990 Rules were produced to LML. In addition, when Mr. Kurrasch updated the citations to the 1990 Rules, the citations to the 1991 Rules remained in the chart to further establish that the 1991 Rules contained the relevant portions of the 1990 Rules. Before this motion, LML never opposed Mr. Kurrasch's reserving the right to supplement the citations "if, and when, I obtain a copy of the original 1990 documents." (*See* Ex. 4.)

LML also misleads the Court in an effort to have the Court believe Defendants had "months" to develop its argument. Mr. Kurrasch initially supplemented his report on September 6, 2005, in accordance with the Scheduling Order, as a result of Mr. Hills' deposition that ended on August 27, 2005. Defendants did not receive a copy of Mr. Hills' deposition transcript until approximately seven days before Mr. Kurrasch's supplement was due.

LML also raises an issue with Defendants' interrogatory responses, but the issue here is whether Defendants are permitted to file a supplemental expert report in accordance with the Court's Scheduling Order and Federal Rules. LML's claims regarding interrogatory responses ring hollow in light of the fact that LML updated its own interrogatory responses the same day it filed its first Motion, *after* it had served its own expert reports. LML cannot legitimately claim prejudice on one hand, yet at the same time supplement its own discovery responses after service of its expert reports.

Moreover, LML's demand that Defendants should have supplemented interrogatory responses sooner makes no sense in light of the fact that Mr. Hills' deposition, which formed the basis for supplementation of Mr. Kurrasch's report, did not take place until after the initial expert report was served. Likewise, Mr. Kurrasch

11

himself obtained the 1990 Rules , and promptly supplemented citations in his report after receiving the Rules.

## V.    COSTS AND FEES

LML seeks costs and attorneys' fees associated with its drafting its Motion to Strike. As can be seen above, LML's Motion to Strike is frivolous and its request for costs and attorneys' fees should be denied. In accordance with Rule 11, Defendants respectfully request this Court award Defendants their costs and attorneys' fees for responding to LML's frivolous motion.

## VI.    CONCLUSION

For the reasons set forth above, LML's Motion to Strike the Second Supplement to the Expert Report to the Expert Report of David P. Kurrasch Regarding Invalidity should be denied.

Dated: October 21, 2005

/s/ Timothy Devlin
William J. Marsden, Jr. (I.D. No. 2247)
Timothy Devlin (I.D. No. 4241)
Tara D. Elliott (#4483)
FISH & RICHARDSON P.C.
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
302.652.5070
marsden@fr.com
hayes@fr.com

*Counsel for Defendant*
*TeleCheck Services, Inc.*


/s/ Kevin Baird
Colin J. Seitz, Jr. (I.D. No. 2237)
Kevin Baird (I.D. No. 4219)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
fdigiovanni@cblh.com

*Counsel for Defendants*
*Electronic Clearing House, Inc.*
*and Xpresschex, Inc.*


/s/ Richard D. Kirk
Richard D. Kirk (I.D. No. 922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
302.429.4208
rkirk@bayardfirm.com

*Counsel for Defendant*
*NOVA Information Systems, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2005, I electronically filed with the Clerk of Court the **DEFENDANTS' RESPONSE TO LML PATENT CORP.'S MOTION TO STRIKE THE SECOND SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REGARDING INVALIDITY** using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann Esq.     Attorneys for Plaintiff
Mary B. Matterer, Esq.      LML Patent Corp.
Morris James Hitchens & Williams
PNC Bank Center
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

I hereby certify that on October 21, 2005, I have mailed by electronic mail, the document(s) to the following non-registered participants:

Russell Levine, Esq.      Robert Jacobs, Esq.
Christian C. Taylor       Belasco Jacobs & Townsley, LLP
Kirkland & Ellis (Chicago)    Howard Hughes Center
200 East Randolph Drive     6100 Center Drive, Suite 630
Chicago, IL  60601      Los Angeles, CA 90045

Mark C. Scarsi
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

        /s/ Timothy Devlin
        Timothy Devlin
        tdevlin@fr.com

80027904.doc

1