# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TELECHECK SERVICES, INC., )<br>ELECTRONIC CLEARING HOUSE, INC., )<br>XPRESSCHEX, INC., and )<br>NOVA INFORMATION SYSTEMS, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-858 SLR |

## SPECIAL DISCOVERY MASTER ORDER NO. 5

Louis C. Bechtle, Special Discovery Master                                      October 24, 2005

On October 12, 2005, pursuant to Special Discovery Master Order No. 3, the Special Discovery Master heard oral argument from Plaintiff LML Patent Corp. ("LML") and Defendants Electronic Clearing House, Inc. and XpressChex, Inc. (collectively "ECHO") in relation to LML's letter motion to compel of August 18, 2005 seeking production of documents from ECHO's July 28, 2005 privilege log. At the hearing, the Special Discovery Master made oral rulings from the bench with respect to each document on ECHO's July 28, 2005 privilege log contested by LML. Thirty-three (33) of the challenged documents were ordered produced, eight (8) documents were deemed to be privileged, and rulings on 2 documents have been withheld pending briefing. A summary of those rulings is attached hereto along with the transcript from the October 12, 2005 hearing.

IT IS HEREBY ORDERED THAT Plaintiff LML's letter motion to compel of August 18, 2005 is GRANTED-IN-PART and DENIED-IN-PART as summarized in the attached chart.

LML is further permitted to file an application for attorneys' fees and costs associated with its motion to compel.

SO ORDERED:

_____
SPECIAL DISCOVERY MASTER

DATED: October 24, 2005

Page ___1___ of ___4___
Date: 10-24-05

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05

REFERENCE: RULINGS AT HEARING ON OCTOBER 12, 2005

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 2 | | W | W | | | See transcript at the hearing for comments concerning all documents on this page. |
| 3 | | W | W | | | |
| 9 | | W | W | | | |
| 12 | | Y | Y | | | |
| 13 | | Y | Y | | | |
| 14 | | W | W | W | | |
| 15 | | W | W | W | | |
| 16 | | W | W | | | |
| 17 | | N | Y | | | |
| 18 | | W | W | | | |
| 19 | | W | W | | | |
| 20 | | W | W | | | |
| 21 | | W | W | | | |

Y = Privilege Allowed
N = Privilege Refused
― = Privilege Not Claimed
W̄ = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 2 of 4
Date: 10-24-05

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05

REFERENCE: RULINGS AT HEARING ON OCTOBER 12, 2005

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 24 | | W | W | | | See transcript at the hearing for comments concerning all documents on this page. |
| 25 | | W | W | | | |
| 26 | | W | W | | | |
| 27 | | W | W | | | |
| 28 | | W | W | | | |
| 29 | | W | W | | | |
| 30 | | W | W | | | |
| 31 | | W | W | | | |
| 32 | | Y | Y | | | |
| 33 | | Y | Y | | | |
| 35 | | W | W | | | |
| 36 | | N | Y | | | |
| 44 | | W | W | | | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 3 of 4
Date: 10-24-05

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05

REFERENCE: RULINGS AT HEARING ON OCTOBER 12, 2005

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 49 | | W | W | | | See transcript at the hearing for comments concerning all documents on this page. |
| 53 | | W | W | | | |
| 54 | | W | W | | | |
| 55 | | W | W | | | |
| 56 | | W | W | | | |
| 57 | | Y | Y | | | |
| 58 | | W | W | | | |
| 60 | | N | N | | | |
| 62 | | | | | | |
| 63 | | | N/W | | | |
| 65 | | N | N | | | |
| 66 | | N | N | | | |
| 67 | | N | N | | | |

Y = Privilege Allowed
N = Privilege Refused
__ = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

## STANDARDS

The standards to be applied to the various privileges and protection claimed by ECHO are as follows:

### 1. Attorney Client Privilege

The attorney client privilege will apply: 1. [w]here legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection by waived."

### 2. Common Interest

The voluntary disclosure of attorney-client communications or documents to a third party waives the attorney-client privilege. *See Westinghouse Electric Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991); *Helman v. Murray's Steaks, Inc.*, 728 F.Supp. 1099, 1103 (D. Del. 1990). There is no waiver, however, if the parties, sharing the communication satisfy the "common interest" exception to the waiver doctrine. To succeed in this regard, the parties' interest must be common and not "adverse" at the time of disclosure to the other party. *Katz v. AT&T Corp.* 191 F.R.D., 433, 437, E.D. Pa. 2000). The interest that is common to the parties sharing the information, however, must be a legal interest as opposed to a common, commercial interest. *See Bank Brussells Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995); *Union Carbide Corp. v. Dow Chemical Co.*, 619 F.Supp. 1036, 1047 (D. Del. 1985).

### 3. Work Product Doctrine

Federal Rule of Civil *Procedure* 26(b)(3) provides in respect to the doctrine of work product as follows:

> (3) Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As can be seen, this provision articulates the condition under which otherwise broad discovery under F.R.C.P. Rule 26(b)(1) can be blocked in order to protect the product of an attorney's professional contribution to his client's cause in the form of strategy, theories, analyses, impressions, and related input on behalf of his client. This protection is qualified under the provisions of the Rule in the face of substantial need or undue hardship determined by the court to warrant intrusion into the work product.

### 4. Waiver of Privilege by Placing Matters "in issue"

Here, the essence of the waiver notion is that selected disclosure of certain privilege documents can require, in fairness to an adversary, the disclosure of other privilege documents or communication on the same subject. Here, the defendants have waived their attorney client privilege on the issue of willful infringement asserted by plaintiff by declaring that the defense to that claim is their reliance on the opinion of counsel. *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 397 (D. Del. 2002); *Mosel Vitelic Corp. v. Micron Tech.,*

*Inc.*, 162 F. Supp. 2d 307, 311-13 (D. Del. 2000); *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 620-21 (D. Del. 1993). The waiver also extends to any document relating to the opinion in the possession of the accused infringer or any document relating to the opinion of counsel regardless of who is in possession of the document. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *Mosel Vitelic Corp.*, 162 F. Supp. 2d at 311-13.

### 5. Privilege Log

Federal Rule of Civil Procedure 26(b)(5) and the case law cited to the SDM hold that the party asserting the privilege must produce a log entry that "will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). A proper claim of attorney-client privilege "requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D.Del. 1974).

### 6. The Method Used by the SDM to Rule on Claims and Objections

The SDM has listed on the attached schedules each document that has been examined *en camera*. As to each document, the SDM has determined following review an application of the standards set forth herein if the privilege claimed is to be allowed (Y) or it is not to be allowed (N). The defense of Reliance on Opinion of Counsel has been advanced by the defendants in respect to the plaintiff's claim of willful infringement. In those instances where there has been a waiver of the privilege by reason of the application of the waiver standard, the ruling on the schedule will show (W) by reason of the description in the log for that document.

The method used by the SDM was to simply examine the log entries for the documents articulated in Tabs A, C, D, E in plaintiff's motion and apply the standards for the privilege sought to the reasons provided to either allow or disallow a privilege from the privilege

3

code (Exh. A), or in those instances where waiver applies from the ruling designated W as shown on the bottom of each schedule.

# PRIVILEGE CODES

## ATTORNEY CLIENT PRIVILEGE [1]

A     This does not contain a communication to an attorney, and his client or agent, by his/her client, or agent in accordance with standard for the attorney client privilege. The communication does not implicate legal advice or facilitation of legal service.

B     Communication is not confidential/ or the information is not intended to be confidential.

C     Copy to counsel in this instance does not cure failure to qualify for A/C Privilege.

D     This communication is a communication between non-lawyers, and is not covered by the A/C Privilege.

E     This communication appears to be a communication generated in the ordinary course of business and not as required for attorney client privilege protection.

F     This is confidential communication that satisfies the A/C Privilege Standard.

G     The recipients of this communication have a common legal interest[2] in the litigation or the subject of the representation.

## WORK PRODUCT DOCTRINE [3]

H     This communication appears to be generated in the ordinary course of business and not in anticipation of litigation.

I     Same as above, except "in preparation for trial" rather than "in anticipation of litigation".

J     This information is not work product.

K     The recipients of this communication have a common legal interest in litigation.

L     This communication appears to be work-product communicated to and among those who have the "need to know."

M     This communication satisfies the W/P doctrine in anticipation litigation.

N     Same as above, except it was "in preparation for trial" and not "in anticipation of litigation."

O     (Code Unassigned)

## OTHER FACTORS

P     Necessary attorneys, parties or entities not identified.

---

[1-3] The Standard is that set forth in the SDM's Order dated September 23, 2005.