# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CYTYC CORPORATION,           )
                             )
     Plaintiff,              )
                             )
v.                           )   C.A. No. 99-610-SLR
                             )
AUTOCYTE, INC.,              )
                             )
     Defendant.              )

MEMORANDUM ORDER

1. The question before the court in this discovery dispute is whether defendant, by relying on the opinions of counsel to respond to a claim of willful infringement, has waived not only its attorney-client privilege, but the protection afforded to attorney work product as well. Specifically, plaintiff has requested that the court require defendant to provide discovery as to "all opinions from any attorney concerning infringement or validity of the '571 patent, especially attorneys at Alston & Bird," as well as "all attorney-client communications and all attorney work product on the issues of validity and infringement of the '571 patent." (D.I. 195)

2. The parameters of discovery in the context of this inquiry were established in Thorn EMI North America, Inc. v. Micron Tech., Inc., 837 F. Supp. 616 (D. Del. 1993). Thorn has

been interpreted by this judicial officer as focusing the scope of discovery on the alleged infringer's state of mind. Thus, discovery is appropriately directed to the exchange of information (including data, mental impressions, conclusions, opinions, or legal theories) between client and counsel, as well as

> facts relating to when [the client] sought the advice, what [the client] knew about [counsel's] independence, skill and competence to provide the opinions, what [the client] knew about the nature and extent of analysis performed by [counsel], and what [the client] knew and had concluded about the credibility, value and reasonableness of the opinions.

Id. at 621. In sum, counsel's work product generally is not relevant to a client's state of mind unless communicated to the client.

3. Plaintiff at bar argues that the instant case should be treated differently based on two facts: (1) the opinions were requested after the commencement of litigation; and (2) the opinions were rendered by attorneys in the same law firm as retained trial counsel.

4. As to the timing of the request, although this is a factor that should be considered in determining the reasonableness of the client's reliance, it does not itself constitute cause to expand the scope of the waiver.

5. The second factor is more troublesome. As the court understands the record, the attorneys who rendered the opinions received essentially all of the underlying data upon

2

which their opinions were based from their colleagues involved in the litigation. Indeed, there was no more than one exchange between opinion counsel and the client prior to the delivery of the opinions themselves.

6. Defendant represents that its obligations under Thorn have been satisfied by permitting plaintiff to depose opinion counsel and defendant's management about the opinions, and by providing to plaintiff all documentation underlying the formal opinions that were communicated to or by the client.

7. The court's primary concern is to ensure that the attorney-client privilege is not used as both a sword and a shield. Because in this case the court cannot differentiate between trial and opinion counsel,[1] the scope of the waiver is broadened to include all privileged communications between the client and trial counsel as to the subject matter of the formal opinion letters. Only by so expanding discovery can the reasonableness of defendant's reliance on the formal opinions be tested.

8. On the other hand, despite the unconventional (and risky) arrangement of having trial and opinion counsel work for the same law firm, the focus of the willfulness inquiry remains the same, that is, the client's state of mind. Therefore,

---

[1]There is no claim that a "Chinese wall" was established between opinion and trial counsel, nor is there any evidence of such a separation.

3

counsel's work product not shared with the client remains irrelevant and not discoverable.[2]

THEREFORE, at Wilmington this 13th day of September, 2000, IT IS ORDERED that plaintiff's request is granted in part and denied in part.

                                      /s/ Sue L. Robinson
                                      United States District Judge

---

[2] Trial strategy likewise is not discoverable, as opposed to the substantive issues of infringement and validity.

4