# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d  
2002 WL 1268047 (D.Del.)  
(Cite as: 2002 WL 1268047 (D.Del.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
ALLERGAN INC. and Allergan Sales, Inc.,
Plaintiffs,
v.
PHARMACIA CORPORATION, Pharmacia AB,
Pharmacia Enterprises S.A. and Pharmacia &
Upjohn Company, Defendants,
and
THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK, Additional
Defendant on Counterclaim in Reply.
No. Civ.A.01-141-SLR.

May 17, 2002.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington this 17th day of May, 2002, having reviewed the various pending discovery motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. Columbia's motion for a protective order precluding plaintiffs from deposing and obtaining documents from John P. White, Esquire (D.I. 77) is granted.

a. Plaintiffs have subpoenaed Columbia's lead trial counsel, Mr. White, to appear for a deposition on the issue of inventorship of U.S. Patent No. 4,599,353 ("the '353 patent"). More specifically, plaintiffs contend "that the inventor of the '353 patent, with Columbia's full knowledge and participation through its attorneys, failed to credit one or more co-inventors who collaborated in and contributed to the conception and reduction to practice of the '353 invention." (D.I. 87 at 4) Plaintiffs argue that Mr. White has relevant information based on an amendment filed by Mr. White wherein he declares that "[a]pplicant is the sole inventor of the invention described and claimed in the subject application." (Id., Ex. 2 at 4) The amendment reflects facts as averred by the inventor in his declaration. (Id., Ex. 3)

b. As a general principle, depositions of trial counsel are limited to those circumstances where "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1987) (internal citation omitted). Cf., Environ Prods., Inc. v. Total Containment, Inc., 41 U.S.P.Q.2d 1302, 1306 (E.D.Pa.1996) ("Impressions protected by the work-product doctrine may be discovered when directly relevant to the litigation and when the need for production is compelling."); Bio-Rad Labs., Inc. v. Pharmacia, Inc., 130 F.R.D. 116, 122 (N.D.Cal.1990) ("[A]n attorney's opinion work product is discoverable where such information is directly at issue and the need for production is compelling."). Moreover, absent a prima facie showing of fraud, an allegation of inequitable conduct, in and of itself, does not vitiate the attorney-client privilege or the protections of the attorney work product doctrine. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 806-07 (Fed.Cir.2000).

c. The court concludes that plaintiffs have not met their burden to demonstrate a compelling need for the requested discovery. Plaintiffs apparently contend, in support of their inequitable conduct contentions, that Mr. White knew or should have known that one or more co-inventors collaborated in and contributed to the conception and reduction to practice of the patented invention and was obligated to so inform the PTO. The court suggests that until such time as plaintiffs have demonstrated the truth of the matters asserted (i.e., there were co-inventors), Mr. White's knowledge is irrelevant. Because the issue of inequitable conduct is a matter for the court to determine, and because the factual predicate to the issue of inventorship can be pursued independent of Mr. White's testimony (through the depositions of the inventor and alleged co-inventors and through access to the documents that reflect the inventive process), the court declines to permit the deposition of Mr. White at this time.

*2 2. Defendants' motion to compel the production

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 1268047 (D.Del.)
**(Cite as: 2002 WL 1268047 (D.Del.))**

Page 2

of documents (D.I.82) is granted to the extent explained below.

a. Defendants have moved to compel plaintiffs to produce "all documents relating to the subject matter of three opinion letters provided by their counsel, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan, Henderson"), and to permit questioning of Allergan witnesses regarding the subject matter of those opinion letters." (*Id.* at 1) By way of background, plaintiffs have chosen to rely upon the opinions written by Finnegan, Henderson in defense of the claim of willful infringement. Plaintiffs have produced the three opinion letters and drafts thereof, and "all communications between Allergan and Finnegan regarding those letters as well as all of the materials that Allergan considered in connection with its reliance on the letters." Defendants seek, in addition to the above, "documents relating to [Allergan's] other infringement and validity analyses of the patents." (*Id.* at 3)

b. From the court's perspective, the question posed by this discovery dispute is whether the scope of a party's voluntary waiver is defined by the course of conduct between the party and its opinion counsel, or whether it is defined by the subject matter discussed in the opinion letters. The court concludes that it is the latter.

c. It is undisputed that,
> [w]hen an alleged infringer decides to respond to a claim of willful infringement by offering evidence that he or she reasonably and in good faith relied on advice of counsel in making, using or selling the allegedly infringing device, then the advice becomes relevant and admissible. Documents and testimony relating to that advice are relevant in that they are probative of the alleged infringer's intent. They are admissible because the alleged infringer has waived the privilege as to the subject matter of the advice.

*Thorn EMI North Am., Inc. v. Micron Tech., Inc.,* 837 F.Supp. 616, 621 (D.Del.1993). In order to determine whether the alleged willful infringer "reasonably and in good faith relied on" the advice rendered by opinion counsel, it is appropriate to test the knowledge of the alleged willful infringer concerning the subject matter of the opinion. *Cf. id.* (the patentee should be entitled to discover facts relating to what the alleged willful infringer "knew and had concluded about the credibility, value and reasonableness of the opinions.").

d. Consistent with the above reasoning, the court concludes that the only equitable way for a patentee to test the knowledge of an alleged willful infringer (so as to test the reasonableness of its evaluation of counsel's opinions) is for the alleged willful infringer to disclose all of the information it possessed prior to or at the time it obtained opinions of counsel as to the subject matters discussed in such opinions. [FN1]

> FN1. The court recognizes that the scope of discovery allowed at bar is relatively broad and potentially prejudicial to plaintiffs. Therefore, rather than requiring disclosure consistent with this order at this time, the court will bifurcate the issue of willfulness, stay discovery relating to willfulness, and conduct a separate trial with a new jury in the event plaintiffs are found to infringe valid patents. *See Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.,* No. 00-800-JJF, 2002 WL 576088, at *3 n. 2 (D.Del. Mar. 28, 2002).

3. Plaintiffs' motion to compel the production of documents withheld under the common legal interest doctrine (D.I.99) is denied as untimely. The parties agreed to exchange their privilege logs on January 23, 2002. By stipulation filed on March 11, 2002, the discovery cutoff date was extended to March 15, 2002. Plaintiffs filed the instant motion on April 8, 2002. Motions that relate to fact discovery must be filed during fact discovery, especially where, as here, the underlying facts relating to the motion were known to plaintiffs in January 2002. Therefore, the court declines to address the motion on its merits.

*3 4. Plaintiffs' motion for leave to file a sur-reply brief (D.I.96) is denied as moot.

2002 WL 1268047 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:01CV00141 (Docket) (Mar. 01, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.