# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNING INCORPORATED and ARTIFICIAL SENSING INSTRUMENTS ASI AG, | : : : : |
| Plaintiffs, | : : Civil Action No. 03-633 JJF |
| v. | : : |
| SRU BIOSYSTEMS, LLC, SRU BIOSYSTEMS, INC., and SRU HOLDINGS, LLC, | : : : : |
| Defendants. | : |

_____

Richard L. Horwitz, Esquire, and David E. Moore, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.
Of Counsel: Kenneth E. Krosin, Esquire, Andrew E. Rawlins, Esquire, Larry L. Shatzer, Esquire, and George C. Best, Esquire of FOLEY & LARDNER, Washington, D.C.
Attorneys for Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG.

Steven J. Balick, Esquire, and John G. Day, Esquire of ASHBY & GEDDES, Wilmington, Delaware.
Of Counsel: John J. McDonnell, Esquire, Daniel A. Boehnen, Esquire, Richard A. Machonkin, Esquire, Patrick G. Gattari, Esquire, and Lisa M. Hillman, Esquire of McDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, Illinois.
Attorneys for Defendants SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC.

_____

**MEMORANDUM OPINION**

July 7, 2004

Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is the Motion to Compel Production Of Documents And Unredacted Copies Of Documents filed by Corning, Inc. and Artificial Sensing Instruments ASI AG (collectively "Corning"). (D.I. 85.) For the reasons discussed, the Court will deny the Motion.

### BACKGROUND

By its Motion, Corning seeks the production of documents disclosed by SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC (collectively "SRU") to past potential third-party acquirers Techno Venture Management ("TVM") and Becton, Dickinson, and Company ("BD"). On January 27, 2004, Corning served subpoenas <u>duces</u> <u>tecum</u> for documents held by TVM (the "TVM Documents"). Prior to producing the TVM Documents to Corning, TVM sent them to SRU in order for SRU to evaluate the TVM Documents for privilege and/or confidentiality. SRU subsequently produced redacted versions of the TVM Documents to Corning. By its Motion, Corning seeks unredacted versions of these documents and opinions of counsel generated by SRU and recently found by TVM.[1]

Corning also served subpoenas <u>duces</u> <u>tecum</u> on BD for opinions of counsel generated by SRU and disclosed to BD during

---

[1] It appears that part of this dispute is now moot as SRU represents that it provided unredacted versions of the TVM Documents to Corning. (D.I. 101 at 1.)

negotiations for BD's investment in SRU (the "BD Documents").  In response to Corning's request for production, BD informed Corning that it would have to look to SRU for production because of potential privilege issues.

## DISCUSSION

### I.    Parties' Contentions

Corning contends that it is entitled to production of the requested documents because they are relevant and no common interest or joint defense privilege applies.  Corning contends that any attorney-client privilege that may have attached to SRU's opinions of counsel was waived when SRU disclosed these opinions to TVM and BD.

SRU responds that Corning's request concerning the TVM documents is moot because it has supplied Corning with the requested unredacted versions of the documents.  SRU also maintains that the TVM documents are not discoverable at this time based on the Court's bifurcation of discovery because they only relate to willfulness.  With respect to the BD documents, SRU contends that the opinions of counsel held by BD are privileged because they were provided to BD when BD and SRU had a common interest in evaluating Corning's patents.

**II. Decision**

    A.  <u>Whether The Common Interest Doctrine Prevents Disclosure Of The BD Documents</u>[2]

SRU contends that Corning is not entitled to discovery of the BD documents based on the common interest or joint defense doctrine. (D.I. 101 at 3-4, 104 at 2.) The common interest doctrine is an exception to the general rule that the attorney-client privilege will be waived following disclosure of privileged materials to a third party. <u>Union Carbide Corp v. Dow Chem. Co.</u>, 619 F. Supp. 1036, 1047 (D. Del. 1985). Continued protection between clients and attorneys "allied in a 'common legal cause'" exists because it is reasonable to expect that parties pursuing common legal interests intended resultant disclosures to be "insulated from exposure beyond the confines of the group." <u>In re Regents of the Univ. of Cal.</u>, 101 F.3d 1386, 1389 (Fed. Cir. 1996). However, for a communication to be protected, the interests must be "identical, not similar, and be legal, not solely commercial." <u>Id</u>. at 1390; <u>Union Carbide</u>, 619 F. Supp. at 1047; <u>Oak Indus. v. Zenith Indus.</u>, No. 86 C 4302, 1988 WL 79614 (N.D. Ill. July 27, 1988)(citing <u>Duplan v. Deering Milliken</u>, 397 F. Supp. 1146, 1172 (D.C.S.C. 1975)).

After considering the parties' arguments in light of the

---

[2] SRU does not assert that the common interest doctrine precludes the production of the TVM Documents. (D.I. 101, 104 at 2.)

3

applicable legal principles, the Court concludes that the common interest doctrine does not preclude the production of the BD Documents. The Court concludes that SRU has not provided proof sufficient to establish that, at the time of their negotiations, BD and SRU shared identical legal interests in the subject opinions of counsel. Instead, the Court views the negotiations between these two corporations to reveal that SRU's disclosures to BD were made not in an effort to formulate a joint defense but rather to persuade BD to invest in SRU. Accordingly, the Court concludes that SRU has failed to demonstrate that the parties had agreed to a joint defense strategy or that the opinions were a precaution against anticipated joint litigation. See Katz v. AT&T Corp., 191 F.R.D. 433, 438 (E.D. Pa. 2000)(citing In re Bevill, 805 F.2d 120, 122 (3d Cir. 1986)); Union Carbide, 619 F. Supp. at 1050; see also John Doe Corp. v. United States, 675 F.2d 482, 489 (2d Cir. 1982)("Once a corporate decision is made to disclose [privileged documents] for commercial purposes, no matter what the economic imperatives, the privilege is lost . . . because the need for confidentiality served by the privilege is inconsistent with such disclosure.")[3]

---

[3] The only opinion of counsel SRU maintains was produced to BD in response to legal questions by BD's in-house counsel is the July 9, 2003, opinion of counsel. (D.I. 101 at 3.) However, SRU has not provided the Court with any evidence by which it may determine if such questions were directed to a common legal cause between the parties, and therefore, as above, the Court concludes that SRU has not met its burden of establishing that privilege

4

B.  <u>Whether Discovery Of The BD And TVM Documents Is Appropriate At This Time</u>

The Court bifurcated discovery in this case, staying discovery on willfulness until after a trial on liability. Corning contends that its request for the production of opinions of counsel does not contravene the Court's ruling staying discovery on willfulness because SRU's CEO testified during his deposition that BD's counsel considered the opinions of counsel disclosed to be "deficient," and therefore, should be considered relevant to why BD did not invest in SRU.[4]

The Court agrees with SRU that the discovery sought by Corning is relevant to willfulness and not to the tortious interference counterclaim.  Contrary to Corning's suggestions, the Court does not view the deposition testimony of SRU's CEO as establishing that BD's documents are relevant to issues now subject to discovery.  Accordingly, pursuant to the Court's prior instruction that "there will be no discovery of willfulness. . . . I'm going to separate that issue for willfulness <u>and the opinions of counsel for discovery also</u>[,]" (Transcript of Teleconference on August 13, 2003 at p. 5)(emphasis added), the

---

prevents its disclosure.

[4] Corning did not make a similar argument with respect to the TVM Documents; however, because SRU objects to discovery of both the BD and TVM Documents based on the Court's bifurcation of discovery, the Court will analyze both document requests pursuant to SRU's objections.

5

Court will deny production at this time.

## CONCLUSION

For the reasons discussed, the Court will deny the Motion to Compel.  An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORNING INCORPORATED and ARTIFICIAL SENSING INSTRUMENTS ASI AG, : : : : Plaintiffs, : : v. : : SRU BIOSYSTEMS, LLC, SRU BIOSYSTEMS, INC., and SRU HOLDINGS, LLC, : : : : Defendants. : | Civil Action No. 03-633 JJF |

**O R D E R**

At Wilmington, this 7th day of July, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion to Compel Production Of Documents And Unredacted Copies Of Documents filed by Corning, Inc. and Artificial Sensing Instruments ASI AG (D.I. 85) is **DENIED**.

                                              JOSEPH J. FARNAN, JR.
                                   UNITED STATES DISTRICT JUDGE