

figure 5

LML-EP 000116



Fig. 6

PRINT OF DRAWINGS
S ORGINALLY FILED



II 97571
08/25739c



fig 7



08/2573:

```
Merchant Name'
Street Address
City, ST Zip
Merchant Act #


TIME 00:00 _M              DATE 00/00/00
BANK ACT NO. 000000000000
TRANSIT NO. 000000000


SALE AMOUNT               $ 0,000.00


TERMINAL ID  0000000000


I herewith authorise ChequeMARK Systems
to electronically access my designated
checking account for the payment of the
above referenced purchase.


Name (PRINT) _____
Street _____
City _____ST ____Zip_____
Tel. Numbers (_____)  _____ - _____


I ACKNOWLEDGE THAT RETURN FEES WILL BE
IMPOSED SHOULD MY PAYMENT BE DISHONORED
AND UNDERSTAND THAT IT IS UNLAWFUL TO
AUTHORIZE PAYMENTS FOR WHICH ADEQUATE
MONIES ARE NOT AVAILABLE WITHIN MY
ACCOUNT.



X_____
Authorizing Signature
```

fig. 8

LML-EP 000119



08/2573 9c

Merchant Name
Street Address
City, ST Zip
Merchant Act #

CUSTOMER BANKING INFORMATION:

BANK ACT NO. _____

TRANSIT NO. _____

SALE AMOUNT . . . . . . . . . . . . . . . . . $ _____

I herewith authorize ChequeMARK Systems to electronically
access my designated checking account for the payment of the above
referenced purchase amount. I acknowledge that sufficient funds
are available for the payment of this sale.

Name (PRINT) _____
Street _____
City _____ ST ____ Zip _____
Tel. Number: (_____) _____ - _____

I FURTHER ACKNOWLEDGE THAT RETURN FEES WILL BE IMPOSED SHOULD MY
PAYMENT BE DISHONORED AND UNDERSTAND THAT IT IS UNLAWFUL TO
AUTHORIZE PAYMENTS FOR WHICH ADEQUATE MONIES ARE NOT AVAILABLE
WITHIN MY ACCOUNT.

X _____
Authorizing Signature

fig. 9

LML-EP 000120

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO. |
|---|---|---|---|
| 07/975,717 | 11/13/92 | HILLS | R |

```
JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006
```

2505

DATE MAILED:     01/04/93

## Notice of Incomplete Application

A filing date has NOT been assigned to the above identified application papers for the reason(s) shown below.

1. ☐ The specification (description and claims):
   a. ☐ is missing
   b. ☐ has pages_____ missing.
   c. ☐ does not include a written description of the invention.
   d. ☐ does not include at least one claim in compliance with 35 U.S.C. 112.

A complete specification in compliance with 35 U.S.C. 112 is required.

2. ☑ A drawing of Figure(s) #8+9 _____ described in the specification is required in compliance with 35 U.S.C. 111.

3. ☐ A drawing of applicant's invention is required since it is necessary for the understanding of the subject matter of the invention in compliance with 35 U.S.C. 113.

4. ☐ The inventor's name(s) is missing. The full names of all inventors are required in compliance with 37 CFR 1.41.

5. ☐ Other:

All of the above-noted omissions, unless otherwise indicated, must be submitted within TWO MONTHS of the date of this notice or the application will be returned or otherwise disposed of. Any fee which has been submitted will be refunded less a $15.00 handling fee. See 37 CFR 1.53(c).

The filing date will be the date of receipt of all the items required above, unless otherwise indicated. Any assertions that the items required above were submitted, or are not necessary for a filing date, must be by way of a petition directed to the attention of the Office of the Assistant Commissioner for Patents accompanied by the $140.00 petition fee (37 CFR 1.17(h)). If the petition alleges that no defect exists, a request for refund of the petition fee may be included in the petition.

Direct the response to, and questions about, this notice to the undersigned, Attention: Application Branch.

*A copy of this notice MUST be returned with response.*

Enclosed:
   ☐ "General Information Concerning Patents". See page _____
   ☐ Copy of a patent to assist applicant in making corrections.
   ☑ "Notice to File Missing Parts of Application", Form PTO-1532.
   ☐ Other: _____

*Vincent Butler*

For: Manager, Application Branch
(703) 557-3254 557-1202

FORM PTO-1120 (REV. 1-92)

OFFICE COPY

3

LML-EP 000121



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTY. DOCKET NO. |
|---|---|---|---|---|
| 07/975,717 | 11/13/92 | GILLS | R | |

JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K                                    2505
WASHINGTON, DC 20006

DATE MAILED: 01/04/93

## NOTICE TO FILE MISSING PARTS OF APPLICATION—
## NO FILING DATE

(Attachment to Form PTO-1123)

In order to avoid payment by applicant of the surcharge required if items 1 and 3-6 are filed after the filing date the following items are also brought to applicant's attention at this time.

If all missing parts of this form and on the "Notice of Incomplete Application" are filed together, the total amount owed by applicant as a ☐ large entity ☐ small entity (verified statement filed) is $ _____.

1. ☐ The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity must submit $_____ to complete the basic filing fee and MUST ALSO SUBMIT THE SURCHARGE, IF REQUIRED, AS INDICATED BELOW.

2. ☐ Additional claim fees of $_____ as a ☐ large entity, ☐ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due. NO SURCHARGE IS REQUIRED FOR THIS ITEM.

3. ☒ The oath or declaration:
   ☐ is missing.
   ☒ does not cover items required on the "Notice of Incomplete Application":
   An oath or declaration in compliance with 37 CFR 1.63, referring to the above Serial Number and Receipt Date is required. A SURCHARGE, IF REQUIRED, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

4. ☐ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Serial Number and Receipt Date is required. A SURCHARGE, IF REQUIRED, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

5. ☐ The signature to the oath or declaration is: ☐ missing; ☐ a reproduction; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, referring to the above Serial Number and Receipt Date is required. A SURCHARGE, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration: _____. Applicant(s) should provide, if possible, an oath or declaration signed by the omitted inventor(s), identifying this application by the above Serial Number and Receipt Date. A SURCHARGE, IF REQUIRED, MUST ALSO BE SUBMITTED AS INDICATED BELOW.

7. ☐ A $20.00 processing fee is required for returned checks. (37 CFR 1.21(m)).

8. ☐ Other:

Required items 1-7 above SHOULD be filed, if possible, with any items required on the "Notice of Incomplete Application" enclosed with this form. If concurrent filing of all required items is not possible, items 1-7 above must be filed no later than two months from the filing date of this application. The filing date will be the date of receipt of the items required on the "Notice of Incomplete Application." If items 1 and 3-6 above are submitted after the filing date, THE PAYMENT OF A SURCHARGE of $110.00 for large entities, or $55.00 for small entities who have filed a verified statement claiming such status, is required. (37 CFR 1.16(e)).

Applicant must file all the required items 1-7 indicated above within two months from any filing date granted to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

Direct the response to, and any questions about, this notice to the undersigned, Attention: Application Branch.

*A copy of this notice MUST be returned with response.*

Vincent Butler

For: Manager, Application Branch
(703)-557-3254. 308-1208
FORM PTO-1533 (REV. 1-87)

| For Office Use Only | |
|---|---|
| ☐ 102 | ☐ 202 |
| ☐ 103 | ☐ 203 |
| ☐ 104 | ☐ 204 |
| ☐ 105 | ☐ 205 |

OFFICE COPY

LML-EP 000122

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit:

Filed:  11/13/92                         Examiner:

For:   CHECKWRITING POINT OF SALE SYSTEM

\*      \*      \*      \*      \*

PROPOSAL TO AMEND DRAWINGS
PURSUANT TO 37 C.F.R. § 1.123

\*      \*      \*      \*      \*

February 5, 1993

Honorable Commissioner of Patents
   and Trademarks
Washington, D.C. 20231

Sir:

Attached please find a proposed change to Figures 10 and 11 in the above referenced patent application. The Figures have been renumbered Figure 8 and Figure 9, respectively. Because this figure designation change is merely rectifying a discrepancy with the specification, no new matter has been added by this amendment. It is respectfully requested that this proposed change be approved and become part of the record. Formal drawings will be submitted when the claims are allowed.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
Phone: (202) 775-7980

LML-EP 000123

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717                    Group Art Unit:

Filed:  11/13/92                          Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

### DECLARATION FOR PATENT APPLICATION

As below-named inventors, we hereby declare that:

Our residences, post office addresses and citizenship are as stated below next to our names.

We believe we are the original, first and joint inventors of the subject matter which is claimed and for which a patent is sought on the invention entitled CHECKWRITING POINT OF SALE SYSTEM, the specification of which was filed on November 13, 1992 and a preliminary amendment of which is attached hereto.

We hereby state that we have reviewed and understand the contents of the above identified specification, including the claims, as amended by the amendment referred to above.

We acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

We hereby appoint the following attorney to prosecute this application and to transaction all business in the Patent and Trademark Office connected therewith:

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
(202) 775-7980

We declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful/false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful

LML-EP 000124

false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of inventor <u>Robert R. Nills</u>

Inventor's Signature _____ Date <u>1-4-93</u>

Residence _____ <u>5170 Avenue B</u>

_____ <u>St. Augustine, Florida 32095</u>

Citizenship _____ <u>U.S.A.</u>

Full name of inventor <u>Henry R. Nichols</u>

Inventor's Signature _____ Date _____

Residence _____ <u>8456 Holly Leaf Drive</u>

_____ <u>McLean, Virginia 22102</u>

Citizenship _____ <u>U.S.A.</u>

LML-EP 000125

false statements may jeopardize the validity of the application or
any patent issued thereon.

Full name of inventor Robert R. Hills

Inventor's Signature _____ Date_____

Residence_____ 5170 Avenue B

_____ St. Augustine, Florida 32095

Citizenship_____ U.S.A.


Full name of inventor Henry R. Nichols

Inventor's Signature _Henry R Nichols_ Date 1/22/83

Residence_____ 8456 Holly Leaf Drive

_____ McLean, Virginia 22102

Citizenship_____ U.S.A.

LML-EP 000126

#3                                                    PTO/SB/09 (11-90)

| VERIFIED STATEMEN. CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) & 1.27(b))--INDEPENDENT INVENTOR | Docket Number (Optional) |

Applicant or Patentee: ROBERT R. HILLS AND HENRY R. NICHOLS

Serial or Patent No.: 07/975,717

Filed or Issued: 11/13/92

Title: CHECKWRITING POINT OF SALE SYSTEM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees to the Patent and Trademark Office described in:

☐ the specification filed herewith with title as listed above.

☒ the application identified above.

☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

☐ No such person, concern, or organization exists.

☒ Each such person, concern or organization is listed below.

Resource Technology Services, Inc.
8221 Old Courthouse Road, Suite 202
Vienna, Virginia 22182

Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

| ROBERT R. HILLS | HENRY R. NICHOLS | |
| NAME OF INVENTOR | NAME OF INVENTOR | NAME OF INVENTOR |
| | | |
| Signature of inventor | Signature of inventor | Signature of inventor |
| | 1/22/93 | |
| Date | Date | Date |

PTO/SB/09 (11-90)                    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

LMI-EP 000127

43                                                                                 PTO/SB/09 (11-90)

VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS
(37 CFR 1.9(f) & 1.27(b))--INDEPENDENT INVENTOR                    Docket Number (Optional)

Applicant or Patentee: ROBERT R. HILLS AND HENRY R. NICHOLS

Serial or Patent No.: 07/975,717

Filed or Issued:    11/13/92

Title: CHECKWRITING POINT OF SALE SYSTEM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for
purposes of paying reduced fees to the Patent and Trademark Office described in:

☐ the specification filed herewith with title as listed above.

☒ the application identified above.

☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant,
convey or license, any rights in the invention to any person who would not qualify as an independent inventor under 37
CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business
concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obliga-
tion under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

☒ No such person, concern, or organization exists.

☐ Each such person, concern or organization is listed below.

Separate verified statements are required from each named person, concern or organization having rights to the inven-
tion averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of enti-
tlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee
due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on informa-
tion and belief are believed to be true; and further that these statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the
United States Code, and that such willful false statements may jeopardize the validity of the application, any patent
issuing thereon, or any patent to which this verified statement is directed.

ROBERT R. HILLS                    HENRY R. NICHOLS
NAME OF INVENTOR                   NAME OF INVENTOR                   NAME OF INVENTOR

Signature of inventor              Signature of inventor              Signature of inventor

Date  1-14-93                      Date                               Date

PTO/SB/09 (11-90)                              Patent and Trademark Office; U.S. DEPATMENT OF COMMERCE

LML-EP 000128

PTO/SB/10 (11-90)

**VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) & 1.27(c))—SMALL BUSINESS CONCERN**

Docket Number (Optional)

Applicant or Patentee: Robert R. Hills and Henry R. Nichols
Serial or Patent No.: 07/975,717
Filed or Issued: 11/13/92
Title: CHECKWRITING POINT OF SALE SYSTEM

I hereby declare that I am

☐ the owner of the small business concern identified below;
☒ an official of the small business concern empowered to act on behalf of the concern identified below:

NAME OF SMALL BUSINESS CONCERN  Resource Technology Services, Inc.
ADDRESS OF SMALL BUSINESS CONCERN  8221 Old Courthouse Road, Suite 202
Vienna, Virginia 22182

I hereby declare that the above identified small business concern qualifies as a small business concern as defined in 13 CFR 121.12, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees to the United States Patent and Trademark Office, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the small business concern identified above with regard to the invention described in:

☐ the specification filed herewith with title as listed above.
☒ the application identified above.
☐ the patent identified above.

If the rights held by the above identified small business concern are not exclusive, each individual, concern or organization having rights to the invention must file separate verified statements averring to their status as small entities, and no rights to the invention are held by any person, other than the inventor, who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person made the invention, or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d), or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization having any rights in the invention is listed below:

☒ no such person, concern, or organization exists.
☐ each such person, concern or organization is listed below.

Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING  Henry R. Nichols

TITLE OF PERSON IF OTHER THAN OWNER  President

ADDRESS OF PERSON SIGNING  8221 Old Courthouse Road, Suite 202, Vienna, VA 22182

SIGNATURE  *Henry R Nichols*          DATE  1/22/93

PTO/SB/10 (11-90)                    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

LML-EP 000129

A/N

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert H. Hills and Henry R. Nichols

Serial No.: 07/975,717

Filed:  11/13/92

For: CHECKWRITING POINT OF SALE SYSTEM

Group Art Unit:

Examiner:

Hon. Commissioner of Patents
  and Trademarks
Washington, D.C. 20231

Dear Sir:

Enclosed please find the following:

1.  Preliminary amendment

2.  Proposal to Amend Drawings Pursuant to 37 CFR §1.123

3.  Declaration and Power of Attorney of Robert H. Hills

4.  Declaration and Power of Attorney of Henry R. Nichols

5.  Verified  Statement  Claiming  Small  Entity  Status
    (Independent Inventor) of Robert H. Hills

6.  Verified  Statement  Claiming  Small  Entity  Status
    (Independent Inventor) of Henry R. Nichols

7.  Verified  Statement  Claiming  Small  Entity  Status
    (Small Business Concern) of Henry R. Nichols

8.  Assignment of Henry R. Nichols

9.  One  check  in  the  amount  of  $40.00  to  record  the
    assignment.

    You are hereby authorized to charge any deficiency or credit
any overpayment to the Deposit Account of Arter & Hadden, No. 01-
2520.  Triplicate copies of this transmittal letter are enclosed.

                              Respectfully submitted,

                              John L. Roberts
                              Reg. No. 31,293
                              Arter & Hadden
                              1801 K Street, N.W.
                              Suite 400K
                              Washington, D.C. 20006
                              (202) 775-7980

February 5, 1993

LML-EP 000130



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717                    Group Art Unit:

Filed:  11/13/92                          Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

### DECLARATION FOR PATENT APPLICATION

As below-named inventors, we hereby declare that:

Our residences, post office addresses and citizenship are as stated below next to our names.

We believe we are the original, first and joint inventors of the subject matter which is claimed and for which a patent is sought on the invention entitled CHECKWRITING POINT OF SALE SYSTEM, the specification of which was filed on November 13, 1992 and a preliminary amendment of which is attached hereto.

We hereby state that we have reviewed and understand the contents of the above identified specification, including the claims, as amended by the amendment referred to above.

We acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

We hereby appoint the following attorney to prosecute this application and to transaction all business in the Patent and Trademark Office connected therewith:

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
(202) 775-7980

We declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful

LML-EP 000131

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit:

Filed:  11/13/92                         Examiner:

For:    CHECKWRITING POINT OF SALE SYSTEM

* * * * *

PRELIMINARY AMENDMENT

* * * * *

Honorable Commissioner of Patents
   and Trademarks
Washington, D.C. 20231

Sir:

Applicant hereby submits the following preliminary amendment
to the above captioned patent application.

In the Specification:

On page 8, line 5, delete "DETAILED DESCRIPTION OF THE
PREFERRED EMBODIMENT".

On page 11, line 23, after "Figures 4-" delete "9" and insert
--7--.

On page 11, line 24, delete "10" and insert --8--.

On page 11, line 25, delete "11" and insert --9--.

On page 14, line 17, delete "5" and insert --6--.

On page 15, line 4, delete "7" and insert --5--.

On page 15, line 13, delete "141" and insert --142--.

On page 15, line 22, delete "8" and insert --7--.

On page 21, line 3, delete "10" and insert --8--.

On page 21, line 5, delete "11" and insert --9--.

<u>REMARKS</u>

This preliminary amendment is being filed in response to a Notice of Incomplete Application mailed 01/04/93. The reason for the Notice is that drawings of Figures 8 and 9 were not included with the application, yet were described in the specification. Actually, there are no Figures 8 and 9. Early versions of the proposed figures were used while drafting the original application. References in the original application were made to these early drawings. After the application was finished, and prior to filing, the drawings were revised and Figures 8 and 9 were consolidated into Figures 4 through 7. However, the specification was never updated to reflect the new drawing figure references. Thus, the application was complete as filed, but the unrevised specification gave the impression that drawing figures were missing.

The specification has therefore been amended to reflect the actual drawing figure designations. Original Figures 10 and 11 have been redesignated Figures 8 and 9 so that the drawing figures will remain consecutively numbered. A proposal to amend the drawings therefore accompanies this amendment. A line has also been deleted from page 8 to correct a typographical error. No new matter is being added by this amendment.

New declarations by the inventors are also being filed with this amendment in compliance with the Notice to File Missing Parts of Application mailed 01/04/93. These declarations refer to this preliminary amendment.

LML-EP 000133

It is respectfully urged that the application filed 11/13/92 is complete, and confirmation of a filing date is hereby requested.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
Phone: (202) 775-7980

February 5, 1993

3

LML-EP 000134

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717          Group Art Unit:  2505

Filed: 11/13/92                 Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

*  *  *  *  *

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR 1.97

*  *  *  *  *

Honorable Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

Sir:

    Enclosed please find the following:

    1.    Information Disclosure Statement

    2.    Form PTO-1449 (2 sheets);

    3.    Exhibit book.

                        Respectfully submitted,

September 15, 1993

                        Jon L. Roberts
                        Reg. No. 31,293
                        Arter & Hadden
                        1801 K Street, Suite 400K
                        Washington, D.C. 20006
                        (202) 775-7980

LML-EP 000135

GP2505

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of Robert R. Hills and Henry R. Nichols

Serial No.: 07/975,717          Group Art Unit: 2505

Filed: 11/13/92              Examiner:

For: CHECKWRITING POINT OF SALE SYSTEM

*  *  *  *  *

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR 1.97

*  *  *  *  *

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

        Pursuant to the requirements of 37 CFR 1.97, Applicants Robert
R. Hills and Henry R. Nichols hereby submit the following
Information Disclosure Statement.   The form PTO-1449 submitted
lists references which Applicants think may be relevant.   These
documents are not necessarily analogous art.   It is respectfully
requested that these documents be considered by the examiner.
Copies of all references are enclosed.

                              Respectfully submitted,

                              Jon L. Roberts
                              Reg. No. 31,293
                              Arter & Hadden
                              1801 K Street, Suite 400K
                              Washington, D.C. 20006
September 15, 1993            (202) 775-7980

| | | | ATTY. DOCKET M°. 53048/179 | | | SERIAL NO. 07/975,717 |
|---|---|---|---|---|---|---|

**INFORMATION DISCLC... RE CITATION**

*(Use several sheets if necessary)*

APPLICANT: Robert R. Hills and Henry R. Nichols

FILING DATE: 11/13/92     GROUP: 2505

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| H | A | 5 0 5 3 6 0 7 | 10/1/91 | Carlson et al. | 235 | 379 | 6/6/89 |
| | B | 4 6 7 8 8 9 6 | 7/7/87 | Carlson et al. | 235 | 380 | 10/6/86 |
| | C | 4 6 7 2 3 7 6 | 6/9/87 | Murphy et al. | 340 | 825.34 | 9/9/85 |
| | D | 4 9 3 3 5 3 6 | 6/12/90 | Lindemann et al. | 235 | 375 | 5/4/89 |
| | E | 4 8 1 0 8 6 6 | 3/7/89 | Lord, Jr. | 235 | 379 | 8/7/87 |
| | F | 4 7 4 3 7 4 3 | 5/10/88 | Fukatsu | 235 | 379 | 3/24/86 |
| | G | 4 5 2 3 3 3 0 | 6/11/85 | Cain | 382 | 7 | 12/23/82 |
| | H | 4 4 0 4 6 4 9 | 9/13/83 | Nunley et al. | 364 | 900 | 11/3/80 |
| | I | 4 5 8 0 0 4 0 | 4/1/86 | Granzow et al. | 235 | 379 | 10/3/83 |
| | J | 4 6 1 7 4 5 7 | 10/14/86 | Granzow et al. | 235 | 379 | 12/19/83 |
| | K | 3 8 2 4 5 4 4 | 7/16/74 | Simjian | 340 | 147A | 4/13/73 |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | — | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER DOCUMENTS** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | |
| | | |
| | | |

RECEIVED SEP 2 1995 GROUP 2500

| EXAMINER | DATE CONSIDERED 7/1/94 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-FB-A820
( also form PTO-1449 )

Patent and Trademark Office - U.S. DEPARTMENT of COMMERCE

LML-EP 000137

| INFORMATION DISCLOSURE CITATION | ATTY. DOCKET nr | SERIAL NO. |
|---|---|---|
| | 53048/1794 | 07/975,717 |
| *(Use several sheets if necessary)* | APPLICANT Robert R. Hills and Henry R. Nichols | |
| | FILING DATE 11/13/92 | GROUP 2505 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| W | L | 3 8 4 5 4 7 0 | 10/29/74 | Schiller | 340 | 149A | 2/8/73 |
| M | M | 4 6 7 3 8 0 2 | 6/16/87 | Ohme et al. | 235 | 379 | 10/21/86 |
| N | N | 4 6 7 8 8 9 5 | 7/7/87 | Tateisi et al. | 235 | 379 | 10/27/83 |
| W | O | 4 9 3 4 7 7 2 | 6/19/90 | Sakuma et al. | 350 | 6.5 | 12/2/88 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| *[signature]* | 3/1/94 |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-FB-A820
also form PTO-1449 )

Patent and Trademark Office- U.S. DEPARTMENT of COMMERCE

LML-EP 000138



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/975,717 | 11/13/92 | HILLS | |

R
| EXAMINER |
|---|
| PITTS,H |

JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

25M1/0923

| ART UNIT | PAPER NUMBER |
|---|---|
| 2505 | |

DATE MAILED: 09/23/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined ☐ Responsive to communication filed on _____ ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _____ 2 _____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.  2. ☑ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.  4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _____ 1-9 _____ are pending in the application.

Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _____ 1-9 _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-82)

6

LML-EP 000139

Serial No. 975,717                          -2-

Art Unit    2505


    The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

    A person shall be entitled to a patent unless —
    (b) the invention was patented or described in a printed
    publication in this or a foreign country or in public use or
    on sale in this country, more than one year prior to the
    date of application for patent in the United States.

    Claims 1-9 are rejected under 35 U.S.C. § 102(b) as being

anticipated by Case or Deming.

    Note col. 1, lines 53 et. seq. of Case and col. 2 lines 17

et. Seq. of Deming.

    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Harold
Pitts whose telephone number is (703) 308-0717.

    Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0956.


                                        HAROLD PITTS
                                        PRIMARY EXAMINER
                                        GROUP 2500

Pitts/tj
September 22, 1993


LML-EP 000140

PTO FORM 948
(REV. 7-92)

GROUP 2 POS

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

ATTACHMENT TO PAPER NUMBER
5

APPLICATION NUMBER
975717

# NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

THE PTO DRAFTSMEN REVIEW ALL ORIGINALLY FILED DRAWINGS REGARDLESS
OF WHETHER THEY WERE DESIGNATED AS INFORMAL OR FORMAL. ADDITIONALLY, THE PATENT
EXAMINER WILL ALSO REVIEW THE DRAWINGS FOR COMPLIANCE WITH THE REGULATIONS.

The drawings filed _____ 11/13/92 _____

A. ☐ are approved by the draftsperson.

B. ☑ are objected to by the draftsperson under 37 CFR 1.84 for the reason(s) checked below. The examiner will require
submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the
instructions listed on the back of this Notice.

1. Paper and ink. 37 CFR 1.84(a)

   ☐ Sheet(s)_____ Poor.

2. Size of Sheet and Margins. 37 CFR 1.84(b)

   **Acceptable Paper Sizes and Margins**

   | Margin | 8 1/2 by 14 inches | 8 1/2 by 13 inches | DIN size A4 21 by 29.7 cm. |
   |--------|--------|--------|--------|
   | Top | 2 inches | 1 inch | 2.5 cm. |
   | Left | 1/4 inch | 1/4 inch | 2.5 cm. |
   | Right | 1/4 inch | 1/4 inch | 1.5 cm. |
   | Bottom | 1/4 inch | 1/4 inch | 1.0 cm. |

   ☑ Proper Size Paper Required.
   All Sheets Must be Same Size.
   Sheet(s) 1A - 9

   ☐ Proper Margins Required.
   Sheet(s)_____

      ☐ TOP        ☐ RIGHT
      ☐ LEFT      ☐ BOTTOM

3. Character of Lines. 37 CFR 1.84(c)

   ☑ Lines Pale or Rough and Blurred.
   Fig(s) 1-9

   ☐ Solid Black Shading Not Allowed.
   Fig(s)_____

4. ☐ Photographs Not Approved.

5. Hatching and Shading. 37 CFR 1.84(d)

   ☐ Shade Lines are Required.
   Fig(s)_____

   ☐ Criss-Cross Hatching Not Allowed.
   Fig(s)_____

   ☐ Double Line Hatching Not Allowed.
   Fig(s)_____

   ☐ Parts in Section Must be Hatched.
   Fig(s)_____

6. Reference Characters. 37 CFR 1.84(f)

   ☑ Reference Characters Poor or Incorrectly Sized.
   Fig(s) 1-9

   ☐ Reference Characters Placed Incorrectly.
   Fig(s)_____

7. Views. 37 CFR 1.84(i) & (j)

   ☐ Figures Must be Numbered Properly.

   ☐ Figures Must Not be Connected.
   Fig(s)_____

8. ☑ Identification of Drawings. 37 CFR 1.84(l)
   Extraneous Matter or Copy Machine
   Marks Not Allowed. Fig(s) 1-9

9. ☐ Changes Not Completed from Prior
   PTO-948 dated _____

☑ Comments: Figure legend poor fig 1-9

Telephone inquires concerning this review should be directed to the Chief Draftsperson at telephone number (703) 305-8404.

_____
Reviewing Draftsperson

7/14/93
Date

Note: Any objection to the drawings made by the examiner will be communicated separately in an office action.

PTO Copy

LML-EP 000141

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-90) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 975717 | GROUP ART UNIT 2505 | ATTACHMENT TO PAPER NUMBER | 5 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) HILLS et al | | | |

## U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 4270042 | 5/81 | Case | 235 | 379 | |
| B | 4823264 | 4/89 | Deming | 235 | 379 | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. PP. DWG SPEC. |
|---|---|---|---|---|---|---|---|
| L | | | | | | | |
| M | | | | | | | |
| N | | | | | | | |
| O | | | | | | | |
| P | | | | | | | |
| Q | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER | DATE 9/8/93 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

LML-EP 000142

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 935,702 | GROUP ART UNIT 2402 | ATTACHMENT TO PAPER NUMBER | 5 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Kirk | | | |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | 2 | 556266 | 6/1951 | Furtado | 99 | 584 | |
| B | 3 | 688826 | 9/1972 | Amori | 99 | 552 | |
| C | 3 | 853049 | 12/1974 | Wilkerson | 99 | 630 | |
| D | 3 | 861295 | 1/1975 | Boyer | 99 | 516 | |
| E | 4 | 355572 | 10/1982 | Silvestrini | 99 | 540 | |
| F | 4 | 361084 | 11/1982 | Raatz | 99 | 636 | |
| G | 4 | 363266 | 12/1982 | Tichy et al. | 99 | 552 | |
| H | 4 | 476778 | 10/1984 | Clyma | 99 | 546 | |
| I | 4 | 481875 | 11/1984 | Toyosato | 99 | 591 | |
| J | 4 | 889045 | 12/1989 | Backus | 99 | 636 | |
| K | 5 | 158010 | 10/1992 | Rosenberger | 99 | 537 | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | 7 | 906250 | 2/1981 | Netherlands | — | 99 | 584 | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER T.F. Simone | DATE 11/10/92 |
|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

LML-EP 000143

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert E. Hills and Henry R. Nichols

Serial No. 07/975,717                     Group Art Unit: 2505

Filed: 11/13/92                           Examiner: Pitts, H.

For:    CHECKWRITING POINT OF SALE SYSTEM

*       *       *       *       *

RESPONSE TO OFFICE ACTION OF 09/23/93

*       *       *       *       *

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

Applicant hereby submits the following response to the Office
action of 09/23/93.

<u>In the Specification:</u>

Page 1, line 6, after "particularly" add -- to --.

Page 1, line 8, after "individual and" add -- of --.

Page 1, line 8, between "the" and "bank" add
-- individual's --.

Page, 1, line 8, between "and" and "bank" add -- whereby
the --.

Page 1, line 8, delete "be" and insert -- is --.

Page 1, line 12, before "patent" insert -- U.S. --.

Page 1, line 13, after "together" insert -- with --.

Page 1, line 17, before "Patent" insert -- U.S. --.

Page 1, line 21, delete "the " and insert -- an --.

LML-EP 000144

Page 1, line 22, after "point" insert -- of --.

Page 1, line 22, before "Patent" insert -- U.S. --.

Page 1, line 24, before "Patent" insert -- U.S. --.

Page 1, line 27, before "Patent" insert -- U.S. --.

Page 1, line 27, delete "involving" and insert

-- discloses --.

Page 2, line 1, delete "in" and insert -- using --.

Page 2, line 1, before "check" insert -- a --.

Page 2, line 2, after "codes" insert -- . --.

Page 2, line 2, delete "is used by" and insert -- When --.

Page 2, line 2, after "someone" insert -- attempts --.

Page 2, line 3, after "services" delete "and wherein" and

insert -- , --.

Page 2, line 4, after "place" insert -- the order --.

Page 2, line 7, before "Patent" insert -- U.S. --.

Page 2, line 8, delete "telemachine" and insert -- teller

machine --.

Page 2, line 11, before "Patent" insert -- U.S. --.

Page 2, line 14, before "Patent" insert -- U.S. --.

Page 2, line 16, delete "then".

Page 2, line 19, before "Patent" insert -- U.S. --.

Page 2, line 22, before "Patent" insert -- U.S. --.

Page 2, line 23, delete "systems" and insert -- system --.

Page 3, line 1, before "Patent" insert -- U.S. --.

Page 3, line 3, delete "which users" and insert

-- . Users --.

2

LML-EP 000145

Page 3, line 5, before "Patent" insert -- U.S. --.

Page 3, line 6, delete "apparatuses" and insert -- an apparatus is --.

Page 3, line 6, delete "restore" and insert -- secure --.

Page 3, line 7, before "checks" insert -- of --.

Page 3, line 9, before "customer" insert -- a --.

Page 3, line 10, Delete "It does" and insert -- They do --.

Page 3, line 10, delete "anyway" and insert -- any way --.

Page 3, line 11, delete "or indeed" and insert -- nor do they --.

Page 3, line 11, delete "that the issue in anyway of how" and insert -- the process by which --.

Page 3, line 13, delete "operation" and insert -- operations --.

Page 3, line 13, after "exist" insert -- in --.

Page 3, line 14, delete "ACH" and insert -- automated clearinghouse ("ACH") --.

Page 3, line 15, delete "anyway" and insert -- any way --.

Page 3, line 17, delete "indeed" and insert -- must --.

Page 3, line 21, before "will" delete "it" and insert -- the present invention --.

Page 3, line 23, delete "by the background I" and insert -- and disclosed in the background references --.

Page 3, line 26, delete ",".

Page 4, line 9, after "individuals" insert -- herein --.

Page 4, lines 9-10, delete "in this application"

3

LML-EP 000146

Page 4, lines 12-13, delete "the present invention's".

Page 4, line 13, after "parameters" insert -- of the present invention --.

Page 4, line 17, delete "know" and insert -- known --.

Page 4, line 17, delete "("Automated Clearing House")".

Page 4, line 24, delete "deposit" and insert -- deposits the transaction amount --.

Page 4, line 27, delete "would be" and insert -- are --.

Page 5, line 9, delete "applicants'".

Page 5, line 9, after "system" insert -- of the present invention --.

Page 5, line 12, delete "would be" and insert -- are --.

Page 5, line 12, delete "applicants'".

Page 5, line 12, after "system" insert -- of the present invention by --.

Page 5, line 19, delete "their".

Page 5, line 22, delete "invention's".

Page 5, line 22, after "center" insert -- of the present invention --.

Page 5, line 24, delete "Electronic Funds Transfer ("EFT")" and insert -- EFT --.

Page 5, line 27, delete "would be" and insert -- is --.

Page 6, line 16, delete "could" and insert -- may --.

Page 6, line 22, after "execution" insert -- of the Transaction Event Slip --.

Page 7, line 8, before "be stored" insert -- may --.

4

LML-EP 000147

Page 7, line 12, delete "would".

Page 7, line 22, delete "and use to" and insert — to and use of —.

Page 8, line 5, delete "the consumers" and insert — consumer —.

Page 8, line 6, delete "as well".

Page 8, line 8, before "present" insert — method of the —.

Page 8, line 9, delete "subscribers" and insert — subscriber's —.

Page 8, line 9, delete " at a".

Page 8, line 12, after "or" insert — for —.

Page 8, line 17, delete "invention's".

Page 8, line 18, after "files" insert — of the present invention —.

Page 8, line 24, before "part" insert — considered —.

Page 8, line 24, before "invention" insert — present —.

Page 9, line 2, delete "an" and insert — a —.

Page 9, line 3, before "executed" insert — will be —.

Page 9, line 24, after "reader" insert — , —.

Page 9, line 25, after "character" insert — recognition —.

Page 9, line 25, after "equipment" insert — , —.

Page 9, line 26, delete "applicants'".

Page 9, line 27, delete "were" and insert — of the present invention is —.

Page 10, line 3, delete "The present invention contemplates" and insert — It is contemplated —.

5

LML-EP 000148

Page 10, line 4, delete "on" and insert -- using the present invention with --.

Page 10, line 7, after "system" insert -- of the present invention --.

Page 10, line 10, before "form" insert -- the --.

Page 10, line 12, delete "(PSTN) or" and insert -- ("PSTN") or over --.

Page 10, line 21, after "Individual" insert -- transactions --.

Page 11, line 1, before "instantly" insert -- are --.

Page 11, line 3, delete "subscribers" and insert -- subscribers' --.

Page 11, line 3, delete "are" and insert -- is --.

Page 11, line 4, delete "invention's".

Page 11, line 4, delete "by means of telephonic network" and insert -- of the present invention by means of a telephonic network which is ++.

Page 11, line 8, after "response" insert -- sequence --.

Page 12, line 4, before "normal" insert -- over --.

Page 13, line 13, delete "which allows the consumer," and insert -- to allow any consumer --.

Page 13, line 14, after "system" deletes ",".

Page 13, line 15, before "whether" insert -- of --.

Page 13, line 16, before "outside" insert -- other --.

Page 13, line 26, delete "which instructs" and insert -- to instruct --.

6

Page 14, line 7, before "that" insert -- , i.e., --.

Page 14, line 11, delete "enters" and insert -- begins --.

Page 14, line 20, delete "compare" and insert -- compares --.

Page 16, line 6, delete "subscribers" and insert -- subscriber's --.

Page 16, line 10, delete "for access searches".

Page 16, line 11, after "files" insert -- for the purpose of performing access searches --.

Page 16, line 11, after "Each" insert -- data file --.

Page 16, line 13, before "terminal" insert -- ("POS") --.

Page 16, line 15, delete "Terminal" and insert -- The terminal --.

Page 16, line 19, delete "would be" and insert -- are --.

Page 16, lines 21-22, delete "would "slide" a" and insert -- "slides" an --.

Page 16, line 23, delete "enter" and insert -- enters --.

Page 17, line 11, delete "enter" and insert -- enters --.

Page 17, line 13, after "account" insert -- number --.

Page 18, line 11, after "invention" insert -- , --.

Page 18, line 25, after "indicates" insert -- a --.

Page 18, line 25, delete ","."

Page 19, line 2, delete "was" and insert -- as --.

Page 19, line 9, delete "are" and insert -- is --.

Page 19, line 13, delete "invention's".

Page 19, line 13, after "center" insert -- of the present invention --.

7

LML-EP 000150

Page 19, line 17, before "invention" insert -- present --.

Page 19, line 20, after "reader" insert -- for --.

Page 19, line 22, delete "are" and insert -- is generated --.

Page 20, line 18, before "present" insert -- the --.

Page 20, line 23, after "and" insert -- a --.

Page 21, line 19, after "or" insert -- as --.

Page 22, line 14, delete "with" and insert -- without --.

In the Claims:

1.    (Amended) A checkwriting point of sale system comprising:

a point of sale terminal adapted to receive consumer bank account information and further adapted to accept such information from consumer cards on which the bank account information is stored;

a communications means integral to said point of sale terminal [tb] for electronically [communicate] communicating with a central computer;

a memory means integral to said point of sale terminal [that allows] for allowing the temporary storage of the consumer bank account information from the consumer cards;

the central computer system having communication means capability adapted to receive information from a plurality of point of sale terminals;

the central computer system communication means allowing said central computer system to communicate with external data bases for consumer [credit] bank account status verification and [to allow]

8

allowing communication with banking institutions for purposes of
transfer of funds.

2.    (Amended) A checkwriting point of sale[s] system
according to claim 1 wherein said point of sale terminal is further
adapted to read MICR numbers appearing on a consumer check and
wherein said consumer check is used to identify the consumer bank
account information.

3.    (Amended) The checkwriting point of sale system according
to claim 1 wherein said point of sale terminal further comprises an
alpha[ ]numeric display adapted to receive consumer bank account
information from the memory means of the point of sale terminal
[and] such that said point of sale terminal is adapted to display
the consumer bank account information.

4.    (Amended) The checkwriting point of sale system according
to claim 1 further comprising a printer adapted to receive
information from the memory means of the point of sale terminal to
create point of sale slips.

5.    (Amended) The checkwriting point of sale system according
to claim 1 wherein said central computer system communication means
comprises means for communicating with third party data bases for
verification of consumer [credit] banking account status.

6.    (Amended) The checkwriting point of sale system according
to claim 1 further comprising a resident third party data base
wherein consumer [credit] banking account status information is
stored [and] which is used for verification of consumer [credit]
banking account status.

9

LML-EP 000152

7.    (Amended) The checkwriting point of sale system according to claim 1  wherein the central computer system further comprises a system subscriber data base comprising [those] information regarding merchants and service providers authorized to use the [invention] checkwriting point of sale system.

8.    (Amended) The checkwriting point of sale system according to claim 7  wherein the central computer further comprises a database comprising [those] information regarding consumers approved to use the [invention] checkwriting point of sale system.

9.    (Amended) A checkwriting point of sale process comprising the steps of:



a)    presenting a check [or consumer card] to a point of sale terminal located at a merchant or service provider,

b)    reading the [magnetic stripe or] MICR number information on the [credit card or consumer] check,

c)    storing the consumer bank account information from the [card or] check and verifying account numbers at the point of sale terminal,

d)    inputting transaction event information into the point of sale terminal,

e)    transmitting the transaction event information and consumer bank account information to a central computer system,

f)    verifying the authorization status of the consumer,

g)    [if a particular consumer is not authorized to use the system ]verifying the [credit worthiness] banking account

10

LML-EP 000153

status of the consumer via a query to a third party data base <u>if a</u>
<u>particular consumer is not authorized to use the system</u>,

h)    sending an "approved" message to the point of sale
terminal, if the consumer's [credit] banking account status is
approved for the transaction, and

i)    subsequently transmitting the transaction event
information to a bank for subsequent ACH operations.

        Please add the following new claim:

        10.  (New claim)   A checkwriting point of sale process
comprising the steps of:

        a)    presenting a consumer card to a point of sale
terminal located at a merchant or service provider,

        b)    reading the magnetic stripe information on the
consumer card,

        c)    storing the consumer bank account information from
the  consumer card and verifying account numbers at the point of
sale terminal,

        d)    inputting transaction event information into the
point of sale terminal,

        e)    transmitting the transaction event information and
consumer bank account information to a central computer system,

        f)    verifying the authorization status of the consumer,

        g)    verifying the banking account status of the consumer
via a query to a third party data base if a particular consumer is
not authorized to use the system,



11

LML-EP 000154

h)    sending an "approved" message to the point of sale terminal, if the consumer's banking account status is approved for the transaction, and

i)    subsequently transmitting the transaction event information to a bank for subsequent ACH operations.

### In the Abstract:

Line 9, after "has" insert -- an --.

Line 9, delete "credit" and insert -- balance --.

Line 14, delete "needs" and insert -- need --.

### REMARKS

Numerous changes have been made to the specification in order to correct typographical errors and grammatical construction and to generally make the text more clear.  No new matter has been added by this amendment.

The claims have been amended to make the language more clear and to more accurately recite the verification of banking account status by the system.  Support for verification by the system of banking account status can be found throughout the specification, for example, on page 8, from line 8 to line 24.  No new matter has been added by this amendment.

Claim 9 was also amended because recited elements were claimed in the alternative.  Claim 9 no longer recites elements in the alternative.  New claim 10 was added to recite features formerly claimed in the alternative in claim 9.  No new matter has been added by this amendment.

12

LML-EP 000155

The Examiner rejected claims 1-9 under 35 U.S.C. § 102(b) as being anticipated by Case or Deming. The Examiner noted column 1, lines 53 et seq. of Case and column 2, lines 17 et seq. of Deming.

Case discloses an electronic funds transfer system that uses a letter of credit identification card and a draft instrument unique to the system in order to effect a funds transfer to a merchant or other "beneficiary".

The consumer using the Case system prepays a sum of money into an account that is to be accessed by the system. This amount is inscribed on the card. When a purchase is made by the consumer, and a transaction is to be made using the system, the amount of the transaction is punched out of a designated area on the card. This amount, along with a signature and other information, is supplied on the draft instrument, which is given to the merchant at the time of the transaction. At the end of the day, the accumulated drafts from all purchases are inserted into a specially designed reader which reads the transaction information and performs an electronic funds transfer.

Thus, in order to use the Case system, the consumer must carry a special card and must hand to the merchant a draft instrument. The card must be backed by a prepaid amount of money that is fixed at the time the card is issued and can never be increased on that particular card. The amount can only be diminished as purchases are made.

In contrast, Applicants' invention does not require the consumer to carry a special identification/debit card, although

13

LML-EP 000156

such a card is contemplated for use with Applicants' system. Applicants' card, however, has all necessary information encoded on a magnetic strip, which can be easily read by a MICR device.  No time consuming and awkward balance checking or hole punching is required.

Further, the consumer using Applicants' system is not required to furnish the merchant with a special draft instrument.  The consumer merely uses a regular check used to draw funds from a normal bank or credit union checking account.  This check needn't even be given to the merchant.  The checking account information is simply read from the check, which is returned to the consumer. Transaction entries are not made on a debit card using Applicants' system because account information is verified on-line, rather than through a crude system of punched entries.

Thus, the entire amount of the consumer's checking account is available to make purchases using the system, including amounts reflecting recent deposits and other credits, unlike the Case system.  Where the Case system enables a complicated and time consuming transaction that requires the transfer of a paper instrument, Applicants' system effects a truly paperless transaction that is easy to use and saves time and money.

It is respectfully submitted that Applicants' claimed system, which obviates the use of checks in a checking account transaction, is completely different from the Case system, which replaces ordinary bank checks with special draft instruments and a complicated, time consuming identification/debit verification

14

LML-EP 000157

process.  It is therefore respectfully urged that the Case patent does not anticipate Applicants' invention.  Applicants respectfully request that the rejection be withdrawn.

Deming discloses an electronic funds transfer system that a payor can use to transfer funds to different payees in satisfaction of debts incurred through previous purchases, use of utilities, etc.  The system is contemplated for use by the payor on a home personal computer.  Thus, as stated in the patent, this is a "home banking" system.

In contrast, Applicants' invention is a point of sale electronic funds transfer system.  The system is utilized as the purchase is being made, with funds being transferred from the consumer's checking account based on information derived directly from an ordinary bank check.

Thus, there are many differences between the Deming system and Applicants' claimed invention.  The Deming system is a home banking system; Applicants' invention is a point of sale check writing system.  The Deming system is used to pay debts that have been incurred in the past; Applicants' invention is used to pay for purchases as they are made.  The Deming system is used to pay a number of debtors, using a personal computer located at the payor's home; Applicants' invention is used to pay only one merchant at a time, at the point of sale only.  Account and other information must be keyed into the Deming system; Applicants' invention can read in account and other information directly from the consumer's

15

LML-EP 000158

ordinary bank check.  The Deming system subscriber is a payor;
system subscribers to Applicants' system are merchants.

Because of the above-stated and other differences between the
Deming system and Applicants' claimed invention, it is respectfully
urged that the Deming system does not anticipate Applicants'
invention.  It is therefore respectfully requested that the
rejection be withdrawn.

It is respectfully urged that all rejections have been
overcome.  It is therefore respectfully requested that this
amendment be entered and the case passed to issue.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
Phone: (202) 775-7980

December 21, 1993

16

LML-EP 000159



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit: 2505

Filed:  11/13/92                         Examiner: Pitts, H.

For:    CHECKWRITING POINT OF SALE SYSTEM

                    *    *    *    *    *

            RESPONSE TO OFFICE ACTION OF 09/23/93

                    *    *    *    *    *

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

        Enclosed please find the following:

    1.    Response to Office action dated 09/23/93 (16 Pages); and

    2.    Certificate of First Class Mailing.

                            Respectfully submitted,

                            Jon L. Roberts
                            Reg. No. 31,293
                            Arter & Hadden
                            1801 K Street, N.W.
                            Suite 400K
                            Washington, D.C. 20006
                            (202) 775-7980

December 21, 1993

LML-EP 000160



<u>CERTIFICATE OF FIRST CLASS MAILING</u>

Date of Mailing: _____ <u>December 21, 1993</u> _____

    I hereby certify that the Response to the Office action dated 09/23/93 (16 pages) regarding U.S. Patent application serial no. 07/975,717 for CHECKWRITING POINT OF SALE SYSTEM is being deposited with the United States Postal Service as first class mail under 37 C.F.R. § 1.8 on the date indicated above and is addressed to Commissioner of Patents and Trademarks, Box Non-Fee Amendment, Washington, D.C. 20231.

Thomas M. Champagne, Esq.
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006

LML-EP 000161