## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP. | ) | Civil Action No. 01-858-SLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Sue L. Robinson |
| v. | ) | |
| | ) | |
| TELECHECK SERVICES, INC., ELECTRONIC | ) | **PUBLIC VERSION** |
| CLEARING HOUSE, INC., XPRESSCHEX, INC., | ) | |
| AND NOVA INFORMATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 1:
FOR A RULING LIMITING THE TESTIMONY OF DAVID P. KURRASCH**

Originally filed October 28, 2005
Public version filed November 4, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

# TABLE OF CONTENTS

Page

I.      Introduction................................................................................................1

II.     Applicable Legal Standards ........................................................................1

III.    Mr. Kurrasch's Report and Testimony regarding invalidity are Neither Reliable nor Helpful to the Trier of Fact As He failed to perform a proper claim construction analysis in violation of established Federal Circuit precedent........................3

IV.     Conclusion ..................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dataquill Ltd. v. Handspring, Inc.*,
No. 01 C 4635, 2003 WL 737785 (N.D. Ill. Feb. 28, 2003)..........................................5, 6

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)........................................................................1, 2, 3

*In re Paoli Railroad Yard PCB Litig.*,
35 F.3d 717 (3d. Cir. 1994)..............................................................2, 3

*Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
315 F. Supp. 2d 589 (D. Del. 2004)..................................................1, 2, 3

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)........................................................................1, 2

*Markman v. Westview Instr., Inc.*,
52 F.3d 967 (Fed. Cir. 1995)............................................................4

*Middleton, Inc. v. Minn. Mining and Mfg. Co.*,
311 F.3d 1384 (Fed. Cir. 2002).........................................................3, 4

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
345 F. Supp. 2d 431 (D. Del. 2004)...................................................3, 4, 5, 6

*Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*,
183 F.3d 1347 (Fed. Cir. 1999).........................................................3

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ..............................................................1, 6

Federal Rule of Evidence 702..........................................................1, 2, 5, 6

## I.    INTRODUCTION

Telecheck's proffered expert, David. P. Kurrasch, and his report on the issue of patent invalidity, should be excluded.  Mr. Kurrasch's opinions regarding the validity of the patent-in-suit suffers from fundamental flaws above and beyond those that are appropriate for dealing with on cross-examination.  These flaws render Mr. Kurrasch's opinions inherently unreliable and, thus, inadmissible under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1994) and its progeny.  Indeed, Mr. Kurrasch failed to use any claim construction, or have any understanding of the claims, in performing his invalidity analysis—a basic and threshold requirement in any invalidity analysis.  Thus, Mr. Kurrasch's opinions regarding validity cannot be helpful to the trier of fact as required by Federal Rule of Evidence 702, and his opinions/testimony in this regard should be excluded under *Daubert*, Rule 702, and Fed. R. Civ. P. 26(a)(2)(B).

## II.    APPLICABLE LEGAL STANDARDS

The Supreme Court has "assign[ed] to the trial judge the task of ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 600 (D. Del. 2004).  This standard of reliability and relevancy applies to all experts, including those with "technical" or "other specialized" knowledge.  *Kumho Tire*, 526 U.S. at 152.  To reflect the holdings of both *Daubert* and *Kumho Tire*, Federal Rule of Evidence 702 was amended to state the following:

> If scientific, technical or other specialized knowledge will *assist the trier of fact* to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is *based upon sufficient facts or data*, (2) the testimony is the *product of reliable principles and*

*methods*, and (3) the *witness* has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Under Rule 702, expert opinions are unreliable if they are formed from speculative, insufficient, or otherwise untrustworthy data. *See id.* Advisory Committee Notes ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted"); *see also Izume Prods.*, 315 F. Supp. at 600 (the "[p]roposed testimony must be supported by appropriate validation—i.e., 'good grounds', based on what is known." (*quoting Daubert*, 509 U.S. at 590)). In addition, the Third Circuit has explained that the legal factors to evaluate in deciding reliability of expert opinions include:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operations; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Izume Prods.*, 315 F. Supp. at 600–01 (*quoting In re Paoli Railroad Yard PCB Litig.*, 35 F.3d 717, 742 (3d. Cir. 1994)). The gatekeeping function applies not only to the scientific testimony, but also to other expert testimony offered under Rule 702. *See Kumho Tire*, 526 U.S. at 152; *Izume* Prods., 315 F. Supp. at 601.

Also implicit is the requirement that the expert's testimony and opinions be derived from his or her *own* assessment of the facts and issues at hand. *See* Fed. R. Evid. 702 (requiring that the "*witness* [not a third party or lawyer] has applied the principles and methods reliably to the facts of the case"(emphasis added)). This fundamental proviso is echoed in the conditions set forth under Fed. R. Civ. P. 26(a)(2)(B) which requires that the disclosure of an expert "be accompanied by a written report prepared and signed *by the witness*." (emphasis

added).  Although Rule 26 does not preclude counsel from assisting the expert in preparing his or

her report, or from providing and explaining the applicable law, the plain language of the Rule

requires that the opinions in the expert's report reflect the expert's own substantive conclusions

and not that of counsel or the client.

Due to the possibility that a jury may give an expert's testimony undue weight, a

court's application of the principles of *Daubert* are important in excluding testimony where, as

here, the testimony is unreliable, inconsistent, and flawed.  According to *Daubert*:

> The trial judge must determine at the outset, pursuant to Rule 104(a), whether the
> expert is proposing to testify to (1) scientific knowledge that (2) will assist the
> trier of fact to understand or determine a fact issue.  This entails a preliminary
> assessment of whether the reasoning or methodology, underlying the testimony is
> scientifically valid and of whether that reasoning or methodology properly can be
> applied to the facts in issue.

*Daubert*, 509 U.S. at 592–93; *see also Izume Prods.*, 315 F. Supp. at 601 ("[E]xpert testimony

must fit the issues in the case . . . be relevant for the purposes of the case and assist the trier of

fact").  Moreover, the Third Circuit has held that: "[A]ny step that renders the analysis unreliable

under the *Daubert* factors renders the expert's testimony inadmissible.  This is true whether the

step completely changes a reliable methodology or merely misapplies the methodology." *In re

Paoli*, 35 F.3d at 745.

III.    **MR. KURRASCH'S REPORT AND TESTIMONY REGARDING INVALIDITY
        ARE NEITHER RELIABLE NOR HELPFUL TO THE TRIER OF FACT AS HE
        FAILED TO PERFORM A PROPER CLAIM CONSTRUCTION ANALYSIS IN
        VIOLATION OF ESTABLISHED FEDERAL CIRCUIT PRECEDENT.**

It is well-settled that evaluation of whether claims are invalid is a two-step

process.  The first step is to provide a construction of the claim terms that are to be evaluated, as

one of ordinary skill in the art would understand them.  *See Smiths Indus. Med. Sys., Inc. v. Vital

Signs, Inc.*, 183 F.3d 1347, 1353 (Fed. Cir. 1999); *Middleton, Inc. v. Minn. Mining and Mfg. Co.*,

311 F.3d 1384, 1387 (Fed. Cir. 2002); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d

431, 435 (D. Del. 2004). *See generally Markman v. Westview Instr., Inc.*, 52 F.3d 967, 976 (Fed.

Cir. 1995). The second step requires the expert to do an element by element comparison of each

claim to each prior art reference. *See Middleton*, 311 F.3d at 1387; *Oxford Gene*, 345 F. Supp.

2d 431, 436 (D. Del. 2004). Despite this established precedent and procedure, Mr. Kurrasch

failed to perform the first step of construing the claim terms, and instead, skipped straight to an

element by element comparison of the claims to the prior art. This error is fatal to Mr.

Kurrasch's opinions and thus, any testimony Mr. Kurrasch may offer on invalidity cannot be

helpful to the trier of fact.

At deposition, Mr. Kurrasch admitted repeatedly that he failed to perform any

claim construction analysis (the required first step) in determining the validity of the claims of

the patent-in-suit:

- *"I have no particular construction which, from my point of view, would lead to an ability to interpret the patents."* (Ex. A, Deposition of David P. Kurrasch at 278–79) (emphasis added)[1].

- "So I—*without a particular construction*, I searched the patents, reviewed them, and in the case of the '714 [prior art], as an example, I—my job, as I was—as I interpreted it, was to determine whether or not the '714 patent disclosed that element." (Ex. A, Kurrasch Dep. at 277) (emphasis added).

- *"I applied no specific construction to those phrases* that you're referring to, and searched the patents to determine whether there was a disclosure of that element in that patent or that reference." (Ex. A, Kurrasch Dep. at 281) (emphasis added).

- *"I have no general, no specific construction of that term*, as I applied my effort to determine the disclosure of—any disclosures in the references to the specific elements of the claims." (Ex. A, Kurrasch Dep. at 280) (emphasis added).

- As I've said before, *I don't have a general understanding*. When I read the words in the '714 [prior art] patent, as a person of ordinary skill in the art, this would be—I can correlate—I can—I can make the opinion that I believe 'a central computer system' is

---

[1] Exhibits are attached as the Declaration of Jamie H. McDole in Support of Plaintiff LML Patent Corp.'s Memorandum In Support Of Its *Daubert* Motion No. 1: For A Ruling Limiting The Testimony Of David P. Kurrasch, hereinafter "(Ex. __)."

disclosed in the Carlson '714 patent." (Ex. A, Kurrasch Dep. at 270) (emphasis added).

- *"I have no particular understanding, other than, again, what I said, the process of relating element to disclosure."* (Ex. A, Kurrasch Dep. at 267) (emphasis added).

- *"I have no particular construction of that phrase."* (Ex. A, Kurrasch Dep. at 276) (emphasis added).

- *" I have no particular construction or definition."* (Ex. A, Kurrasch Dep. at 268) (emphasis added).

Indeed, Mr. Kurrasch not only failed to provide any claim construction analysis in performing his invalidity analysis, but he also failed to have any understanding (general or otherwise) of the terms.[2] (Ex. A, Kurrasch Dep. at 267, 270, 278–279). In fact, Mr. Kurrasch admitted over 30 times at deposition that he had no understanding of the claims (*See* Ex. A, Kurrasch Dep. at 30, 118–120, 122, 227, 229, 231–32, 237, 239, 263, 265–270, 272–74, 276, 279–80, 389–90). Mr. Kurrasch clearly failed to follow established Federal Circuit precedent in rendering his invalidity opinions.

This case is analogous to *Oxford Gene Tech. Ltd. v. Mergen Ltd.* (D. Del) where the Court excluded the report and testimony of an expert where the expert failed to perform the first step of the invalidity analysis. *Oxford Gene*, 345 F. Supp. 2d at 436. In that case, the expert failed to set out any clear construction of the claims even though he rendered invalidity opinions based upon those claims. *Id.* Defendants argued that there was a claim construction because the expert had referenced one of the parties' claim constructions when rendering his opinions. *Id.* The Court found this reference far from clear and, as such, found that the expert's "failure to disclose a clear construction of each disputed claim element [made] his report less than helpful to

---

[2] In fact, Mr. Kurrasch admitted that when he stated that he had "no particular construction" of a phrase, that he also did not have any understanding as well—stating "To me, it's the same." (Ex. A, Kurrasch Dep. at 276).

the trier of fact, in contravention of Federal Rule of Evidence 702; *see also Dataquill Ltd. v. Handspring, Inc.*, No. 01 C 4635, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003) (attached at Exhibit B) (holding expert's testimony inadmissible for failure to comply with Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2)(B) where the expert improperly considered the patent claims only in the context of the accused devices and could not explain the claim construction he applied in his analysis).

Similar to *Oxford Gene* and *Dataquill*, Mr. Kurrasch has failed to properly construe the claims as part of his invalidity analysis, and even further, failed to have an understanding of the claim terms. As such, like the cases above, Mr. Kurrasch's expert report fails to meet the standards of *Daubert*, Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2)(B) and should therefore be excluded.

## IV.    CONCLUSION

For all of the reasons stated above, LML respectfully requests the Court to grant its *Daubert* motion and exclude the testimony of Defendants' expert David P. Kurrasch relating to invalidity.

DATED this 28th day of October, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

Attorneys for LML Patent Corp.

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 1: FOR A RULING LIMITING THE TESTIMONY OF DAVID P. KURRASCH,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE  19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 4th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

_____/s/ Mary B. Matterer_____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys for Plaintiff
LML PATENT CORP.