# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) Civil Action No. 04-858-SLR |
| Plaintiff, | ) |
| v. | ) Judge Sue L. Robinson |
| | ) **PUBLIC VERSION** |
| TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC., AND NOVA INFORMATION SYSTEMS, INC. | ) |
| Defendant. | ) |

**LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 2: FOR A RULING LIMITING THE TESTIMONY OF STEPHEN A. SCHUTZE**

Originally filed: October 28, 2005
Public version filed: November 4, 2005

Richard K. Herrmann #405
Mary B. Matterer @2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Applicable Legal Standards | 1 |
| III. | Mr. Schutze's Opinions/Testimony Regarding ECHO's and Nova's Systems are Not Admissible Under Rule 702 and *Daubert* for They are Neither Reliable nor Helpful to the Trier of Fact. | 3 |
| IV. | Conclusion | 5 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) ............................................................................................. 1, 2, 4

*In re Paoli Railroad Yard PCB Litig.*,
    35 F.3d 717 (3d. Cir. 1994) ............................................................................................ 2

*Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
    315 F. Supp. 2d 589 (D. Del. 2004) .......................................................................... 1, 2

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ....................................................................................................... 1

**Rules**

Fed. R. Evid. 702 ................................................................................................................ 1, 3

I.  **INTRODUCTION**

Plaintiff LML Patent Corp. hereby moves the Court to limit the testimony of Defendants ECHO and Nova's alleged expert, Stephen A. Schutze. Mr. Schutze admitted at deposition that he is not an expert in numerous technological aspects of this case, ***including ECHO and Nova's accused devices***. As such, Mr. Schutze is not capable of providing any "scientific, technical or other specialized knowledge" with respect to ECHO's and Nova's accused devices, and his testimony and expert report with respect to these topics should be excluded. Mr. Schutze's opinions simply cannot pass muster under Rule 702 or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

II. **APPLICABLE LEGAL STANDARDS**

The Supreme Court has "assign[ed] to the trial judge the task of ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (199); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 600 (D. Del. 2004). This standard of reliability and relevancy applies to all experts, including those with "technical" or "other specialized" knowledge. *Kumho Tire*, 526 U.S. at 152. To reflect the holdings of both *Daubert* and *Kumho Tire*, Federal Rule of Evidence 702 was amended to state the following:

> If scientific, technical or other specialized knowledge will *assist the trier of fact* to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is *based upon sufficient facts or data*, (2) the testimony is the *product of reliable principles and methods*, and (3) the *witness* has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Under Rule 702, expert opinions are unreliable if they are formed from speculative, insufficient, or otherwise untrustworthy data. *See id.* Advisory

Committee Notes ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted"); *see also Izume Prods.*, 315 F. Supp. at 600 (the "[p]roposed testimony must be supported by appropriate validation—i.e., 'good grounds', based on what is known." (*quoting Daubert*, 509 U.S. at 590)). In addition, the Third Circuit has explained that the legal factors to evaluate in deciding reliability of expert opinions include:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operations; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) *the qualifications of the expert witness testifying based on the methodology*; and (8) the non-judicial uses to which the method has been put.

*Izume Prods.*, 315 F. Supp. at 600–01 (*quoting In re Paoli Railroad Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (emphasis added)).

Due to the possibility that a jury may give an expert's testimony undue weight, a court's application of the principles of *Daubert* are important in excluding testimony where, as here, the testimony is unreliable, inconsistent, and flawed. According to *Daubert*:

> The trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact issue. This entails a preliminary assessment of whether the reasoning or methodology, underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Daubert*, 509 U.S. at 592–93; *see also Izumi Prods.*, 315 F. Supp. at 601 ("[E]xpert testimony must fit the issues in the case . . . be relevant for the purposes of the case and assist the trier of fact"). Moreover, the Third Circuit has held that: "[A]ny step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible. This is true whether the

2

step completely changes a reliable methodology or merely misapplies the methodology." *In re Paoli*, 35 F.3d at 745.

### III. MR. SCHUTZE'S OPINIONS/TESTIMONY REGARDING ECHO'S AND NOVA'S SYSTEMS ARE NOT ADMISSIBLE UNDER RULE 702 AND *DAUBERT* FOR THEY ARE NEITHER RELIABLE NOR HELPFUL TO THE TRIER OF FACT.

Mr. Schutze is not an expert under the meaning of Rule 702 which requires that an expert be someone of knowledge, skill, experience, training, or education who can provide the trier of fact with helpful scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 702. While Mr. Schutze claims to be an expert in the field of payment systems (Ex. A, Deposition of Steven A. Schutze at 13)[1], he admits that he is not an expert with regard to a number of topics which are key elements of his non-infringement analysis. In particular, Mr. Schutze admits that he is not an expert with respect to ECHO electronic check conversion products[2]—ECHO's accused devices in this case on which he renders his non-infringement opinion:

> Q: Are you an expert in ECHO's electronic check conversion system?
>
> A: I have not—*I would not qualify myself as an expert in their system.*
>
> Q: And when I say that, let me just clarify, are you—would you consider yourself an expert in ECHO's Xpress conversion system?
>
> A: *No, I would not consider myself an expert in their conversion system.*

---

[1] Exhibits are attached as the Declaration of Jamie H. McDole in Support of Plaintiff LML Patent Corp.'s Memorandum In Support Of Its *Daubert* Motion No. 2: For A Ruling Limiting The Testimony Of Stephen A. Schutze, hereinafter "(Ex. __)."

[2] LML accuses ECHO's XpressConversion product and ECHO's VISA POS conversion product of infringement in this case.

3

> Q: Would you consider yourself an expert in ECHO's Visa POS conversion product?
>
> A: ***No, I would not consider myself an expert in their Visa POS conversion product.***

(Ex. A, Schutze Dep. at 159–60 (objections omitted) (emphasis added)). Mr. Schutze similarly admitted that he is not an expert with respect to Nova's electronic check conversion system and products:

> Q: Are you an expert in Nova's service?
>
> A: ***I would not characterize myself as an expert in the NOVA service***, as you describe it.
>
> \*      \*      \*      \*
>
> Q: What kinds of terminals does NOVA either sell or lease?
>
> A: Again, ***I'm not an expert***. I don't know all the terminals that they—that they sell. ***I'm not an expert on the NOVA system.***

(Ex. A, Schutze Dep. at 138–139, 144–145 (objections omitted) (emphasis added)). In fact, Mr. Schutze admitted to not having any expertise in numerous technical areas relating to electronic check conversion such as the hardware at issue and the software code used with the devices. (Ex. A, Schutze Dep. at 16, 21, 139, 159, 160).

Mr. Schutze, by his own admission, is not an expert in ECHO's and Nova's accused devices and lacks the technical knowledge to render any opinion with respect to those accused products. Despite this lack of expertise, Mr. Schutze offers expert opinions with respect to ECHO's and Nova's systems and products. (Ex. B). Mr. Schutze neither has the ability to opine on these issues as an expert under Rule 702 nor do those opinions have any indicia of reliability. Thus, Mr. Schutze's opinions relating to ECHO and Nova's accused devices should be excluded. *See Daubert*, 509 U.S. at 592–93.

4

## IV. CONCLUSION

For all of the reasons stated above, LML Patent Corp. respectfully requests that the Court exclude the opinions of Stephen A. Schutze relating to ECHO's and Nova's systems and products.

DATED this 28th day of October, 2005

Richard K. Herrmann #405
Mary B. Matterer @2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 2: FOR A RULING LIMITING THE TESTIMONY OF STEPHEN A. SCHUTZE**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 4th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

/s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys For Plaintiff
LML PATENT CORP.