IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) Civil Action No. 04-858-SLR |
| Plaintiff, | ) |
| v. | ) Judge Sue L. Robinson |
| TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC., AND NOVA INFORMATION SYSTEMS, INC. | ) PUBLIC VERSION |
| Defendants. | ) |

**LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 3:
FOR A RULING LIMITING THE TESTIMONY OF BRIAN W. NAPPER**

Originally filed: October 28, 2005
Public version filed: November 4, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

## **TABLE OF CONTENTS**

BACKGROUND ...........................................................................................................................1

ANALYSIS....................................................................................................................................2

I.     DAUBERT REQUIRES THE COURT TO EXCLUDE EXPERT TESTIMONY THAT IS UNSUPPORTED, SPECULATIVE AND UNRELIABLE. ...............................2

II.    MR. NAPPER IS NOT QUALIFIED TO OFFER OPINIONS ON THE TECHNICAL ASPECTS OF THIS CASE. ...................................................................4

CONCLUSION..............................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Advanced Med. Optics, Inc. v. Alcon, Inc.*,
   No. Civ. A. 03-1095-KAJ, 2005 WL 782809, (D. Del. Apr. 7, 2005) .......................... 3, 8

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ............................................................................................... 2, 9

*Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
   315 F. Supp. 2d 589 (D. Del. 2004) ........................................................................ 2-3

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) .................................................................................................. 2

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
   345 F. Supp. 2d 431 (D. Del. 2004) .......................................................................... 3

**Rules**

FED. R. EVID. 702 ............................................................................................................ 3

No one is an expert in all things. For that reason, experts, no matter how qualified in one area, are not permitted to offer opinions in areas beyond their specific expertise. Despite this limitation, Telecheck's proffered damages expert, Brian W. Napper, offers certain opinions regarding the technology in this case, the impact of claim construction, the operation of TeleCheck's accused product, the patented process itself, and the scope of the patents' validity based on prior art. But Mr. Napper is an economist, he is an accountant—he is not an engineer, he is not a software designer or coder, and he is not a lawyer. In short, he is not a technical expert. By his own admission, Mr. Napper is not qualified to make such opinions, and he should be precluded from offering such testimony. Thus, Mr. Napper's testimony should be limited to damages issues only.

## BACKGROUND

TeleCheck has proffered Mr. Napper as its damages expert.

## REDACTED

*See* Exhibit 1, Expert Report of Brian W. Napper at p.2.[1] Mr. Napper claims that his "skills, knowledge, experience, education and training" qualify him to opine on issues related to damages. *See id.* at p. 3. According to his résumé, Mr. Napper's background is in accounting, finance, and economics, and his work experience in the past twenty years has focused on valuation in the intellectual property field. *See* Exhibit 2, Résumé of Brian W. Napper. He further confirmed his area of expertise during his deposition:

---

[1] Exhibits are attached to the Declaration of Robin Rademacher in Support of LML Patent Corp.'s Memorandum In Support Of Its *Daubert* Motion No. 3: For A Ruling Limiting The Testimony Of Brian W. Napper.

**REDACTED**

*See* Exhibit 3, October 4, 2005, Deposition of Brian W. Napper at 52:13-19.

Mr. Napper is not an engineer; he is not experienced, educated or trained in electronic checking; and he is not familiar with the technical aspects of this case. Indeed, like most prospective jurors, his basis for any knowledge on how electronic checking works comes from being a consumer who has had his check scanned in before. *See* Exhibit 3, Napper Dep. at 42:2-6. However, despite his lack of qualifications, in his expert report, Mr. Napper opines and attempts to offer testimony regarding the patented technology, the process of electronic check conversion, the process behind TeleCheck's electronic check conversion product (known as "ECA"), the process of converting checks electronically used by LML's predecessor, and the validity and strength of the patents based upon opinions of counsel. *See* Exhibit 1, Napper Expert Report at pp. 5, 7-9, 11-12, 29-30, 41.

## ANALYSIS

I.  *DAUBERT* **REQUIRES THE COURT TO EXCLUDE EXPERT TESTIMONY THAT IS UNSUPPORTED, SPECULATIVE AND UNRELIABLE.**

The Supreme Court has "assign[ed] to the trial judge the task of ensuring that an expert's testimony both rests on ***a reliable foundation*** and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) (emphasis added); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Izume Prods.*

2

*Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 600 (D. Del. 2004). Likewise, Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a ***witness qualified as an expert by knowledge, skill, experience, training, or education,*** may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702 (emphasis added). Indeed, a party "can only elicit expert testimony from someone who has specialized knowledge or training sufficient to qualify him or her to opine on an issue within their field of expertise, and the expert's opinion must be confined to that field." *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 435 (D. Del. 2004).

In this case, Mr. Napper's qualifications as an expert in the field of patent damages are not in dispute for purposes of this motion. However, Mr. Napper's report goes far beyond his area of expertise: it is riddled with opinions, conclusions and general testimony regarding the technical aspects of the patented technology. Whatever general knowledge Mr. Napper may have gleaned from talking with TeleCheck's personnel or reviewing documents in this case is not enough to qualify him as an expert in the field of electronic check conversion or to support those specific opinions offered in his report. *See Advanced Med. Optics, Inc. v. Alcon, Inc.,* No. Civ. A. 03-1095-KAJ, 2005 WL 782809, at *9 (D. Del. Apr. 7, 2005) (precluding an expert, whose credentials in his field were "renowned," from testifying outside his field of expertise and noting that "general knowledge" is not enough to "support more specific opinions").

3

II.  **MR. NAPPER IS NOT QUALIFIED TO OFFER OPINIONS ON THE TECHNICAL ASPECTS OF THIS CASE.**

Mr. Napper himself admitted that he is not qualified to offer any opinions regarding the technical aspects of electronic check conversion:

**REDACTED**

*See* Exhibit 3, Napper Dep. at 52:20 - 53:9.  If that is the case, then such opinions should not be, as they are, in his report.

Indeed, in his expert report, Mr. Napper offers detailed testimony and opinions regarding how TeleCheck's ECA product works, how LML's electronic check conversion product works, how LML's predecessor's electronic check conversion product works, and the scope of protection due to LML's patents.  *See, e.g.,* Exhibit 1, Napper Expert Report at pp. 7-12, 29, 41.  For example, on pages 11 and 12, Mr. Napper offers a detailed explanation of how checks are converted via TeleCheck's ECA product:

4

**REDACTED**

Exhibit 1, Napper Expert Report at pp. 11-12. As is shown in the passage above, Mr. Napper is not only attempting to resubmit TeleCheck's infringement position by attempting to explain how the process works—which is simply a regurgitation of what TeleCheck personnel told him and is not based on any independent knowledge, experience or analysis of Mr. Napper (*see* Exhibit 3, Napper Dep. at 95:7-23)—he also offers opinions on the impact of certain steps in the process, *i.e.* a check cannot be used more than once. As TeleCheck well knows, this is an issue that impacts infringement and quite assuredly TeleCheck will have its infringement expert attempt to opine on this very same issue. How the process works and the check's function in that process are not damages issues, and it is not something that Mr. Napper can or should be testifying to before the jury.

Notably, in his deposition, Mr. Napper admitted that he was not offering opinions on the technical aspect of the patents and any rules or regulations governing electronic check conversion:

**REDACTED**

**REDACTED**

*See* Exhibit 3, Napper Dep. at 105:7 - 106:25. Yet despite his disavowal of an ability to opine on the technical aspects of the patents in suit, in his report Mr. Napper attempts to describe the patented technology and its relation to certain industry and federal regulations:

**REDACTED**

*See* Exhibit 1, Napper Expert Report at p.7. Such information is far beyond his area of expertise and is apparently beyond what Mr. Napper says he is able to opine on, and therefore should be stricken from his expert report.

      Allowing Mr. Napper to opine on the patented technology, then opine on how TeleCheck's ECA process works is nothing more than juxtaposition of the patent

6

and the accused product, or a backdoor attempt by TeleCheck to offer additional expert testimony, opinions and conclusions on the ultimate issue of infringement—something which Mr. Napper himself admits unequivocally he is not qualified to do:

**REDACTED**

*See* Exhibit 3, Napper Dep. at 249:7-16.

Finally, Mr. Napper also seeks to opine on the scope or validity of the patents, purporting to rely on a letter advice allegedly received by LML from counsel:

**REDACTED**

*See* Exhibit 1 at p. 41; *see also id.* at p. 29. Mr. Napper is not a lawyer, and he is not qualified to be an expert in patent validity, let alone on the scope of the patents-in-suit. His "opinion" is nothing more than a regurgitation of TeleCheck's claim construction and infringement arguments. Again, the issue of patent validity and the scope of the patents is outside his area of expertise, and Mr. Napper should not be permitted to opine on such issues.

TeleCheck should not be allowed a second bite at the infringement apple through the testimony and expert report of its damages expert. Mr. Napper himself admits that he is not qualified or intending to offer opinions on the technical aspects of the patents, the patented process, the accused product, or the impact of industry and federal regulations on the patented technology. Thus, such opinions should not be in his report. Because such opinions are beyond the scope of Mr. Napper's expertise, his testimony should be likewise limited. *See Advanced Med. Optics*, 2005 WL 782809, at *2 ("Expert testimony can only be received from someone who has specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and the expert's opinion must be confined to that field."). Specifically, Mr. Napper should be precluded from offering any testimony, opinion or conclusions regarding the technical aspects of electronic check conversion, the patents, the accused products, the scope of the patents-in-suit, and the impact on industry and federal regulations on electronic check conversion.

## CONCLUSION

For the foregoing reasons, LML respectfully asks this Court to (1) grant LML's *Daubert* Motion No. 3: For A Ruling Limiting the Testimony of Brian W. Napper; (2) strike those portions of Mr. Napper's expert report that offer opinions or testimony regarding the technical aspects of electronic check conversion, the patents, the accused products and the impact on industry and federal regulations on electronic check conversion; and (3) preclude Mr. Napper from offering any testimony, opinions or conclusions regarding such issues.

DATED this 28th day of October, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 3: FOR A RULING LIMITING THE TESTIMONY OF BRIAN W. NAPPER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 4th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

                    /s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys For Plaintiff
LML PATENT CORP.