IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) Civil Action No. 04-858-SLR |
| Plaintiff, | ) |
| v. | ) Judge Sue L. Robinson |
| TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC., AND NOVA INFORMATION SYSTEMS, INC. | ) **PUBLIC VERSION** |
| Defendants. | ) |

**LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 4:
FOR A RULING LIMITING THE TESTIMONY OF ALAN G. GOEDDE**

Originally filed: October 28, 2005
Public version filed: November 4, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................1

ANALYSIS ...........................................................................................................................3

I.    DAUBERT REQUIRES THE COURT TO EXCLUDE EXPERT TESTIMONY THAT IS UNSUPPORTED, SPECULATIVE AND UNRELIABLE. ................................3

II.    MR. GOEDDE'S BASELESS OPINIONS ON NON-INFRINGING ALTERNATIVES SHOULD BE EXCLUDED BECAUSE THEY WILL ONLY CONFUSE THE TRIER OF FACT. ..............................................................................4

    A.    The "Options" That Mr. Goedde Seeks To Opine On Cannot Be Relevant Or Reliable Given That They Have Not Even Been Identified. ............................5

    B.    Even If Alternatives Existed, Mr. Goedde Has No Basis For Saying Such Alternatives Are Acceptable, Non-Infringing And Available. ...........................5

        1.    When No Alternatives Are On The Market, The Presumption Is That No Acceptable, Non-Infringing Alternatives Exist. ............................6

        2.    Mr. Goedde Admits He Knows Nothing About Any Alternative And Offers Only Speculation And Conclusory Allegations Regarding Such Alternatives. .........................................................7

        3.    Mr. Goedde Admits That His Opinions Regarding Alternatives Are Based Solely On Counsel's Conclusory Statements. ..................................9

III.    ALLOWING NOVA TO INTRODUCE COUNSEL'S ARGUMENTS THROUGH THE "EXPERT" TESTIMONY OF MR. GOEDDE WILL NOT ASSIST THE TRIER OF FACT AND WILL ONLY CONFUSE THE JURY AND UNDULY PREJUDICE LML. ..............................................................................13

CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Advanced Med. Optics, Inc. v. Alcon, Inc.*,
   No. Civ. A. 03-1095-KAJ, 2005 WL 782809 (D. Del. Apr. 7, 2005) .............................. 12

*Cordis Corp. v. Boston Scientific Corp.*,
   No. Civ. 03-027-SLR, 2005 WL 1322953 (D. Del. June 3, 2005) ...................................... 6

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .......................................................................................... 3, 9, 15

*DSU Med. Corp. v. JMS Co.*,
   296 F. Supp. 2d 1140 (N.D. Cal. 2003) ............................................................. 9, 13

*E.E.O.C. v. Rockwell Int'l. Corp.*,
   60 F. Supp. 2d 791 (N.D. Ill. 1999) ............................................................................ 12

*Elcock v. Kmart Corp.*,
   233 F.3d 734 (3d Cir. 2000) ........................................................................................ 12

*Elder v. Tanner*,
   205 F.R.D. 190 (E.D. Tex. 2001) ................................................................................ 13

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
   185 F.3d 1341 (Fed. Cir. 1999) ..................................................................................... 6

*Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
   315 F. Supp. 2d 589 (D. Del. 2004) ......................................................................... 3, 9

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ...................................................................................................... 3

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   953 F.2d 1360 (Fed. Cir. 1991) ..................................................................................... 2

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*,
   395 F.3d 416 (7th Cir. 2005) ...................................................................................... 13

**Rules**

FED. R. EVID. 702 .............................................................................................................. 4, 13

FED. R. EVID. 703 .................................................................................................................. 13

A primary purpose behind Federal Rule of Evidence 702 and the Supreme Court's *Daubert* decision (and its progeny) is to ensure that an expert's testimony is based on reliable information. In direct conflict with *Daubert* and Rule 702, Nova's damages expert, Alan G. Goedde, seeks to offer opinions based on conclusory allegations learned solely from counsel—he seeks to offer opinions without any investigation, without any analysis or, in fact, without even so much as questioning what counsel told him. An expert's testimony must be based on something other than blind faith and attorney argument.

In his report and his deposition, Mr. Goedde opined about the impact of alleged non-infringing alternatives on the royalty rate the parties would have agreed to in a hypothetical licensing negotiation, referring to these alternatives as "technical" or "design-around" options. However, Mr. Goedde has not, and cannot, identify what specific alternatives he is referring to. That is because he is unaware of any ***actual*** alternatives. The sole basis for Mr. Goedde's opinions on alternatives is that counsel told him there were such alternatives without identifying what those alternatives were or any specifics about them. By relying solely on Nova's counsel's conclusory allegations, Mr. Goedde's opinions go beyond the realm of reliable expert opinion. Indeed, Mr. Goedde's opinions on these alleged alternatives suffer from fundamental flaws above and beyond those that can be appropriately vetted on cross examination. Because such opinions would undoubtedly confuse the jury and unduly prejudice LML, those opinions should be precluded under *Daubert* and Federal Rule of Evidence 702.

**FACTUAL BACKGROUND**

Electronic check conversion—the patented technology at issue in this matter—is a means for processing check transactions electronically (as opposed to the

traditional method of paper processing). Nova currently offers for sale electronic check conversion through its ECS checking services, and that is the only option that Nova offers. In fact, at no point during the course of discovery did Nova disclose that there were any acceptable alternatives available in the market.[1] *See* Exhibit 1, Deposition of Amy Goodson at 39:22 -- 40:2, 41-47.[2] Yet despite the complete lack of any record of potential acceptable non-infringing alternatives available to Nova, Mr. Goedde offers opinions and conclusions on the impact of these made-up alternatives.

In determining what he believes is a reasonable royalty, Mr. Goedde offers his opinions and conclusions regarding the *Georgia-Pacific* factors. In his report, Mr. Goedde states

**REDACTED**

*See* Exhibit 2, Expert Report of Alan G. Goedde at p. 6. As part of that analysis and his analysis of the *Georgia-Pacific* factors, Mr. Goedde mentions, in conclusory fashion, that allegedly non-infringing technical or design-around options exist, and then—assuming these

---

[1] The only alternative to electronic check conversion of any kind identified by Nova is traditional paper processing. Likewise, during his deposition, Mr. Goedde also identified paper processing as an alternative. However, in depositions, Nova personnel made clear that electronic check conversion offered myriad advantages that were not available via paper processing. Thus, paper processing is admittedly not an acceptable non-infringing alternative. *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("A product ... which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages.").

[2] Exhibits are attached to the Declaration of Robin A. Rademacher in Support of Plaintiff LML Patent Corp.'s Memorandum In Support Of Its *Daubert* Motion No. 4: For A Ruling Limiting The Testimony Of Alan G. Goedde.

unidentified options were both available and acceptable—he opines that these alternatives limited or lowered the rate that would have been agreed on in a hypothetical negotiation. *See, e.g.,* Exhibit 2 at pp. 9-11. Specifically, Mr. Goedde opines that the existence of "potential noninfringing substitutes" and "noninfringing options" impacts *Georgia-Pacific* factors 6, 8, 9 and 11—limiting any value, profitability, importance, or advantages that the patented technology may offer Nova. *See id.*

During his deposition, Mr. Goedde was questioned extensively regarding the bases for his opinions on the non-infringing technical, design-around options or alternatives. The only testimony he could provide was that counsel told him such alternatives existed. *See, e.g.,* Exhibit 3, October 6, 2005, Deposition of Alan G. Goedde at 81:18 -- 84:8. In fact, each time he was questioned about alleged alternatives, the only information that Mr. Goedde could provide was his rote response of "counsel told me." *See e.g., id.* at 123-24, 139-40, 192-93, 212-216.

## ANALYSIS

I.  ***DAUBERT* REQUIRES THE COURT TO EXCLUDE EXPERT TESTIMONY THAT IS UNSUPPORTED, SPECULATIVE AND UNRELIABLE.**

The Supreme Court has "assign[ed] to the trial judge the task of ensuring that an expert's testimony both rests on ***a reliable foundation*** and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993) (emphasis added); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999); *Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.,* 315 F. Supp. 2d 589, 600 (D. Del. 2004). Likewise, Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will ***assist the trier of fact*** to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1)

3

> the testimony is *based upon sufficient facts or data*, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702 (emphasis added).

Under Rule 702, expert opinions are unreliable if they are formed from speculative, insufficient, or otherwise untrustworthy data. *See* Rule 702 Advisory Committee Notes ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.").

In this case, Mr. Goedde's opinions on non-infringing alternatives are nothing more than Nova's counsel's baseless arguments dressed up in the guise of "expert" opinion. There is nothing to support his allegations that any supposed alternatives even exist, let alone were available, non-infringing, or acceptable. In short, Mr. Goedde's testimony regarding alleged alternatives is not grounded in fact, rendering it useless to the jury and unreliable.

II.  **MR. GOEDDE'S BASELESS OPINIONS ON NON-INFRINGING ALTERNATIVES SHOULD BE EXCLUDED BECAUSE THEY WILL ONLY CONFUSE THE TRIER OF FACT.**

Mr. Goedde's opinions regarding alleged alternatives are based on speculation by counsel, not fact or analysis. Indeed, Mr. Goedde attempts to opine on the impact of alleged alternatives without even identifying what those alternatives are either by name or description. Because he cannot even identify any supposed alternatives, Mr. Goedde is also unable to met the necessary threshold showing that any such alternatives are available, acceptable and non-infringing.

4

A.  **The "Options" That Mr. Goedde Seeks To Opine On Cannot Be Relevant Or Reliable Given That They Have Not Even Been Identified.**

The primary reason Mr. Goedde's proposed testimony regarding alternatives should be excluded is the simple fact that he has no idea what the alleged alternatives are. When asked about the alternatives raised in his report, Mr. Goedde flatly admits he knows nothing:

**REDACTED**

Exhibit 3, Goedde Dep. at 81:18 -- 82:6 (emphasis added). Given Mr. Goedde's inability to even identify any alleged alternatives, he should be precluded from offering opinions relating to alternatives.

B.  **Even If Alternatives Existed, Mr. Goedde Has No Basis For Saying Such Alternatives Are Acceptable, Non-Infringing And Available.**

Even if he could actually identify an alleged alternative, Mr. Goedde's use of such an alternative in a damages analysis would still be improper as he has failed to disclose any basis that would support a finding that such an alternative is non-infringing, acceptable and available as required by Federal Circuit precedent. In analyzing patent damages, the existence of alternatives can impact the damages amount if (and only if) the

5

alternative is non-infringing, available during the infringement period, and acceptable to the consumers. *See Cordis Corp. v. Boston Scientific Corp.*, No. Civ. 03-027-SLR, 2005 WL 1322953, at *2 (D. Del. June 3, 2005) ("In order to be an acceptable noninfringing alternative, a product must have all the advantages of the patented product."); *see also Standard Havens Prods.*, 953 F.2d at 1373 ("A product ... which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages."); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999) (finding that an alternative must be available to the infringer and noting that "[t]o prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture").

        1.    <u>When No Alternatives Are On The Market, The Presumption Is That No Acceptable, Non-Infringing Alternatives Exist.</u>

In this case, there are no alternatives identified or currently offered by Nova. Accordingly, the Court can and should infer that no such alternatives exist:

> When an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was not available as a noninfringing substitute at that time. The accused infringer then has the burden to overcome this inference by showing that the substitute was available during the accounting period. ***Mere speculation or conclusory assertions will not suffice to overcome the inference*** ... .

*Grain Processing*, 185 F.3d at 1353 (emphasis added) (internal citations omitted) (finding that "substitutes only theoretically possible" are not sufficient to limit damages). As shown below, Mr. Goedde's speculation, assumptions and conclusions—based on counsel's assumptions and conclusions—do nothing to overcome this inference.

6

Even if he could identify some alternative to be relevant in this case, Mr. Goedde would still need to have some analysis that the alternative was available, non-infringing and acceptable. Discovery is closed and expert disclosures in this case are complete, and no one provided any testimony on any of these topics for any alleged alternative. For example, Nova's technical expert offers no opinion regarding the non-infringement basis for any alternative process. Moreover, the only alternative of any kind identified by Nova's 30(b)(6) deponent was paper-based processing, which admittedly lacks the advantages of the patented technology. *See* Exhibit 1, Goodson Dep. at pp. 39—47.

    2.    <u>Mr. Goedde Admits He Knows Nothing About Any Alternative And Offers Only Speculation And Conclusory Allegations Regarding Such Alternatives.</u>

In this case, Mr. Goedde knows nothing about these alleged alternatives, let alone their availability or acceptability. Mr. Goedde admits that he cannot say whether any alleged alternatives are available:

**REDACTED**

7

**REDACTED**

Exhibit 3, Goedde Dep. at 83:16 -- 84:8. Nor can Mr. Goedde say whether these alleged alternatives are acceptable, or have the advantages of the patented technology:

**REDACTED**

**REDACTED**

Exhibit 3, Goedde Dep. at 123:22 -- 124:16, 139:14 -- 140:2.

The gap between Mr. Goedde's "facts"—or lack thereof—on alleged alternatives and his opinion regarding such alternatives is too great. *See DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140, 1156-58 (N.D. Cal. 2003) (finding that the court "is to look at the connection between the data and the opinion offered" and excluding expert testimony because "the analytical gap between the data used and the opinion offered is far too great"). Such speculation cannot form the basis of an expert opinion. *Izume Prods.*, 315 F. Supp. 2d at 600 ("Proposed testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known." (quoting *Daubert*, 509 U.S. at 589) (alteration in original)).

    3.    <u>Mr. Goedde Admits That His Opinions Regarding Alternatives Are Based Solely On Counsel's Conclusory Statements.</u>

The reason Mr. Goedde does not know if any alternatives are non-infringing, acceptable or available is clear: his opinions are based solely on counsel's conclusory and baseless statements.

During his deposition, Mr. Goedde was questioned extensively regarding the bases for his opinions on non-infringing alternatives. He did not know if they were available, he did not know how the product would work, and he did not know whether they had even been developed. The ***only*** thing he knew was that counsel told him there were alternatives:

**REDACTED**

9

**REDACTED**

Exhibit 3, Goedde Dep. 192:7 -- 193:8.

******

**REDACTED**

*Id.* at 202:13 -- 203:5.

       Perhaps because he does not even know what these alternatives would be, without any analysis of the market, without any discussions with Nova, and without even

10

any simple, follow-up questions to counsel, Mr. Goedde again relies on counsel—and counsel alone—to tell him that these alternatives are acceptable:

**REDACTED**

**REDACTED**

*Id.* at 213:18 -- 216:15.

As is clear from his report and his deposition, Mr. Goedde's opinions on the impact of potential non-infringing alternatives are based solely on what he was told by counsel—he did no independent research or analysis of the market conditions to see what was available or acceptable. Repeating conclusory allegations of counsel not based in fact does nothing to assist the trier of fact and such opinions should be precluded. *See Advanced Med. Optics, Inc. v. Alcon, Inc.*, No. Civ. A. 03-1095-KAJ, 2005 WL 782809 at *11-12 (D. Del. Apr. 7, 2005) (precluding an expert from testifying on the issue of commercial success because the expert's basis for the opinion was what he was told by counsel); *see also Elcock v. Kmart Corp.*, 233 F.3d 734, 754-55 (3d Cir. 2000) ("[A]n expert's testimony [regarding damages] must be accompanied by a sufficient factual foundation before it can be submitted to the jury.") (internal quotations omitted); *E.E.O.C. v. Rockwell Int'l. Corp.*, 60 F. Supp. 2d 791, 797 (N.D. Ill. 1999) ("A proffered expert must "bring to the jury more than the lawyers can offer in argument.") (internal quotations omitted).

### III. ALLOWING NOVA TO INTRODUCE COUNSEL'S ARGUMENTS THROUGH THE "EXPERT" TESTIMONY OF MR. GOEDDE WILL NOT ASSIST THE TRIER OF FACT AND WILL ONLY CONFUSE THE JURY AND UNDULY PREJUDICE LML.

An expert is permitted to offer testimony only if such testimony will assist the trier of fact. *See* FED. R. EVID. 702. Conclusory statements without analysis cannot assist the trier of fact. *See Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 419-20 (7th Cir. 2005) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.") (citation omitted); *Elder v. Tanner*, 205 F.R.D. 190, 193-94 (E.D. Tex. 2001) (finding that experts would "not be allowed to testify because their reports contain nothing more than conclusory statements unsupported by any facts" which would "not assist the trier of fact"). Statements regarding fictional alternatives have no probative value. More importantly, Mr. Goedde's speculation regarding these phantom alternatives will only confuse the jury into believing that some apparitional acceptable, non-infringing alternative is actually available when all evidence is to the contrary, and so such opinions should not be disclosed to the jury. *See* FED. R. EVID. 703.

"Juries are told they cannot decide damages by speculation and they certainly cannot consider the issue when the only evidence presented to them is itself speculative." *DSU Med. Corp.*, 296 F. Supp. 2d at 1159. But that is exactly what Nova seeks to do. Nova presented no evidence during the course of discovery to overcome the inference that no such alternatives exist, and it should not be allowed to backdoor its unsupported argument through the speculative assertions of its damages expert. Nova should not now be allowed to have an expert confuse the jury into believing that the damages are lower because some unidentified alternative exists, especially in light of the

fact that juries often give added weight to the testimony of someone qualified as an "expert." Accordingly, Mr. Goedde should be precluded from offering any opinion, testimony or conclusions based on his speculation as to the existence of or impact of non-infringing alternatives.

## CONCLUSION

Because Mr. Goedde's opinions regarding non-infringing alternatives are based on speculation and conclusory allegations from counsel, those opinions are unreliable and would not assist the trier of fact. Accordingly, the Court should grant LML's *Daubert* Motion No. 4: For A Ruling Limiting the Testimony of Alan G. Goedde and preclude Mr. Goedde from offering any opinion, testimony or conclusions regarding the existence of or impact of non-infringing alternatives.

DATED this 28th day of October, 2005

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION NO. 4: FOR A RULING LIMITING THE TESTIMONY OF ALAN G. GOEDDE**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 4th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

/s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Attorneys For Plaintiff
LML PATENT CORP.

15