**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LML PATENT CORP. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.      04-858-SLR |
| vs. | ) |
| | ) Judge Sue L. Robinson |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, | ) **PUBLIC VERSION** |
| INC., XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

**LML'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT NO. 3:
FOR A RULING THAT NOVA INFORMATION SYSTEMS, INC.
INFRINGES CLAIMS 1, 2, 4, 5, 6, 9, 10, 11, AND 16 OF THE '988 PATENT**

Originally filed: October 28, 2005
Public version filed: November 4, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
Attorneys for LML Patent Corp.

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS .....................................................1

STATEMENT OF UNCONTESTED FACTS ...............................................................1

    I.    The Invention Described In The '988 Patent ...........................................1

    II.    Nova's Electronic Check Service .............................................................2

    III.    Nova's Non-Infringement Contentions......................................................4

ARGUMENT ........................................................................................................................5

    I.    Legal Standard For Summary Judgment....................................................5

    II.    Nova Cannot Raise New, Undisclosed Contentions In Response To This Motion.......................................................................................................5

    III.    Legal Standard For Infringement ...............................................................6

    IV.    Nova's ECS Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 And 16 Of the '988 patent ..................................................................................................6

        A.    LML Is Entitled To Summary Judgment Of Infringement Of Claim 1.........................................................................................6

        B.    LML Is Entitled To Summary Judgment of Infringement of Claim 2.......................................................................................16

        C.    LML Is Entitled To Summary Judgment of Infringement Of Claim 4.......................................................................................18

        D.    LML Is Entitled To Summary Judgment of Infringement Of Claim 5.......................................................................................19

        E.    LML Is Entitled To Summary Judgment of Infringement Of Claim 6.......................................................................................20

        F.    LML Is Entitled To Summary Judgment of Infringement Of Claim 9.......................................................................................21

G.    LML Is Entitled To Summary Judgment of Infringement Of
Claim 10.................................................................................................22

H.    LML Is Entitled To Summary Judgment of Infringement Of
Claim 11.................................................................................................22

I.    LML Is Entitled To Summary Judgment Of Claim 16. ...........................22

V.    CONCLUSION...................................................................................................31

## TABLE OF AUTHORITIES

**Cases**

*3M Innovative Props. Co. v. Avery Dennison Corp.,*
    350 F.3d 1365 (Fed. Cir. 2003).............................................................................. 10

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)............................................................................................... 8

*Avia Group Int'l Inc. v. L.A. Gear Calif., Inc.,*
    853 F.2d 1557 (Fed. Cir. 1988).............................................................................. 8

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.,*
    731 F.2d 831 (Fed. Cir. 1984)................................................................................ 8

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)............................................................................................... 9

*Continental Can Co. USA, Inc. v. Monsanto Co.,*
    948 F.2d 1264 (Fed. Cir. 1991).............................................................................. 8

*Hancock v. Hobbs,*
    967 F.2d 462 (11th Cir. 1992) ............................................................................... 9

*Kalis v. Colgate-Palmolive Co.,*
    231 F.3d 1049 (7th Cir. 2000) ............................................................................... 9

*London v. Carson Pirie Scott,*
    946 F.2d 1534 (Fed. Cir. 1991).............................................................................. 8

*Markman v. Westview Instruments, Inc.,*
    52 F.3d 967 (Fed. Cir. 1995)................................................................................ 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 57 (1986)................................................................................................. 8

*Rexnord Corp. v. Laitram Corp.,*
    274 F.3d 1336 .................................................................................................... 10

*Rheox, Inc. v. Entact, Inc.,*
    276 F.3d 1319 (Fed. Cir. 2002)............................................................................ 10

*Thibeault v. Square D Co.,*
    960 F.2d 239 (1st Cir. 1992) ................................................................................. 9

*Trebor Sportswear Co. v. The Limited Stores, Inc.,*
    865 F.2d 506 (2d Cir. 1989).................................................................................. 9

**Rules**

Fed. R. Civ. P. 26(e) ................................................................................................ 9

Fed. R. Civ. P. 37(c)(1) ............................................................................................ 9

Fed. R. Civ. P. 56(c) ................................................................................................ 8

**INTRODUCTION**

Plaintiff LML Patent Corporation ("LML") asserted various claims of United States Patent Number 5,484,988 (the "'988 patent") against defendant Nova Information Systems, Inc. ("Nova"). There is no genuine issue of material fact that Nova's Electronic Check Service ("ECS")—the accused system/product—satisfies each and every one of the elements of claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 under the proper construction of those claims. Moreover, Nova's noninfringement contentions are dependent on Defendants winning all of their proposed claim constructions, which as discussed in LML's claim construction briefing, are improper. Because no genuine issue of material fact exists in this regard, LML now moves for summary judgment of those asserted claims.

**NATURE AND STAGE OF THE PROCEEDINGS**

In accordance with this Court's Scheduling Order, LML respectfully submits this Memorandum In Support Of LML's Motion For Summary Judgment No. 3: For A Ruling That Nova Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 of the '988 Patent.

**STATEMENT OF UNCONTESTED FACTS**

**I.        The Invention Described In The '988 Patent**

For a general description of the technology described by the '988 patent, *see* LML's Memorandum In Support Of Its Motion For Summary Judgment No. 1: For A Ruling That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 Of The '988 Patent. This description is omitted for brevity and to avoid repetition rather than to circumvent the page limit—this memorandum would be within the page limit even if this background information was included.

The '988 Patent contains three independent claims, 1, 8, and 9. Claims 1 and 9 are system claims, and claim 8 is a method claim. The patent also contains a number of dependent claims, 2-7 and 10-20. LML is moving for summary judgment of infringement on claims 1, 2, 4, 5, 6, 9, 10, 11, and 16.

**II.    Nova's Electronic Check Service**

**REDACTED**

---

[1]    Exhibits to the Declaration of Aaron Charfoos in Support of LML's Motion for Summary Judgment Number 3: For a Ruling that Nova Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 of the '988 Patent ("Ex. ___").

**REDACTED**

### III.    Nova's Non-Infringement Contentions

Nova has asserted a handful of non-infringement contentions in its responses to LML's contention interrogatories and through its expert, Stephen A. Schutze. (Ex. 15 Nova's Resp. to LML's Amend. Interr. No. 1; Ex. 16, Nova's First Supp. Resp. to LML's Amend. Interr. No. 1; Ex. 17, Nova's Resp. to LML's Interr. No. 10; Ex. 18, Exp. Rep. of Stephen Schutze at 15-49). There are five contentions that Nova has developed during discovery[2]— that its ECS system does not contain (1) the "any bank check" limitation, (2) the "enabling automated clearing house communication for transferring funds/subsequently transmitting transaction event information to a bank for automated clearing house operations"[3] limitation, (3) the "without using the bank check as a negotiable instrument" limitation, (4) the "for the sole purpose of obtaining consumer bank account information" limitation, and (5) the "verifying that account numbers were accurately read at the point of sale terminal." (*Id.*). These limitations do not appear in every claim, and Nova has not provided additional non-infringement contentions for many of the dependent claims.

Nova's non-infringement contentions are predicated on this Court adopting

---

[2] Nova set forth several additional non-infringement contentions in their interrogatory responses—that its ECS system does not (1) contain the system subscriber database recited in claim 6, (2) contain the resident third party database recited in claim 11, or (3) require the consumer to execute a sales slip as recited in claim 16. (Ex. 16, Nova's First Supp. Resp. to LML's Amend. Interr. No. 1; Ex. 17, Nova's Resp. to LML's Interr. No. 10). However, these additional contentions are completely unsupported. Nova has never supplemented its interrogatory responses to provide any details or facts to support these contentions and Nova's expert did not offer any opinion that these limitations were not infringed. LML proves that there is no genuine issue of fact that these limitations are infringed in the sections below.

[3] Although these are two separate claim elements, Defendants have provided the exact same construction for both and, thus, the same noninfringement contention.

Defendants' proposed claim constructions. For example, despite the fact that Nova must follow the NACHA Operating Rules prohibiting the use of checks as negotiable instruments, Nova contends that under its construction of the "without using the bank check as a negotiable instrument" it does not infringe because its merchants do use the check as a negotiable instrument. However, under LML's construction, a paper check is not "used as" a negotiable instrument if it is solely used as a source document and not accepted or processed and, therefore, Nova's ECS would literally satisfy this element. As explained below, applying the proper claim constructions to the asserted claims, no genuine issue of material fact exists as to the presence of all of the claim elements in Nova's ECS. Thus, summary judgment is appropriate as a matter of law.

## **ARGUMENT**

### I.    **LEGAL STANDARD FOR SUMMARY JUDGMENT**

For a discussion of the legal standard for Summary Judgment, *see* LML's Memorandum In Support Of Its Motion For Summary Judgment No. 1: For A Ruling That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 Of The '988 Patent. This section is omitted for brevity and to avoid repetition rather than to circumvent the page limit—this memorandum would be within the page limit even if this background information was included.

### II.    **Nova Cannot Raise New, Undisclosed Contentions In Response To This Motion**

For this discussion, *see* LML's Memorandum In Support Of Its Motion For Summary Judgment No. 1: For A Ruling That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 Of The '988 Patent. This discussion is omitted for brevity and to avoid

repetition rather than to circumvent the page limit—this memorandum would be within the page limit even if this background information was included.

### III.    Legal Standard For Infringement

For a discussion regarding the legal standard of infringement, *see* LML's Memorandum In Support Of Its Motion For Summary Judgment No. 1:  For A Ruling That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 Of The '988 Patent.  This discussion is omitted for brevity and to avoid repetition rather than to circumvent the page limit—this memorandum would be within the page limit even if this background information was included.

Since no genuine issues of material fact exists relating to Nova's ECS, LML is entitled to summary judgment as a matter of law that Nova infringes claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 patent.

### IV.    Nova's ECS Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 And 16 Of The '988 patent

   *A. LML Is Entitled To Summary Judgment Of Infringement Of Claim 1.*

Claim 1 of the '988 patent reads:

A checkwriting point of sale system comprising:

> a point of sale terminal adapted to receive consumer bank account information from any bank check;

> a central computer system;

> first communications means integral to said point of sale terminal for electronically communicating with the central computer system;

> memory means integral to said point of sale terminal for temporarily storing the consumer bank account information;

> the central computer system having second communication means for receiving information from a plurality of said point of sale terminals;

- 6 -

the central computer system second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument.

(Ex. 1, '988 patent at claim 1).

Nova's ECS literally contains each and every element of claim 1 of the '988 patent and therefore infringes this claim.

a) A checkwriting point of sale system comprising:

**REDACTED**

_____

[4] LML has construed "adapted to receive consumer bank account information from any bank check" as simply "adapted to receive consumer bank account information from any bank check," the claim language itself. (Ex. 20). Defendants' construction is "adapted to read consumer bank account information directly from any bank check." (*Id.*)

(Continued...)

**REDACTED**

---

LML has construed "consumer bank account information" to mean "information relating to a consumer's bank account including the MICR line (magnetic ink character recognition line)." (*Id.*) Defendants' construction is "only the ABA/transit routing number and bank account number." (*Id.*)

LML has construed "any bank check" as "any regular check used to draw funds from a normal bank or credit union checking account." (*Id.*) Defendants' construction is "any type of check drawn on a financial institution." (*Id.*)

**REDACTED**

_____

5

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

_____

6 The parties do not dispute the construction of the "second communication means" element. This function is written in means-plus-function format pursuant to 35 U.S.C. 112(6). (Ex. 20). The recited function of this limitation is enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the [a] bank check as a negotiable instrument. (_Id._) The structures disclosed in the patent for performing the recited function of this limitation are a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent. (_Id._)

**REDACTED**

**REDACTED**

---

[7] Nova's construction for the entire element is "electronically communicating with an automated clearing house for transferring funds electronically based upon the consumer bank account information obtained from any bank check presented at the point-of-sale." (Ex. 20).

[8] Nova's construction for this element is "the bank check, at no time, takes on the status of a negotiable instrument." (Ex. 20).

**REDACTED**

**REDACTED**

There is no genuine issue of material fact that all of the elements of claim 1 are literally present in Nova's ECS.  Therefore, LML is entitled to summary judgment as a matter of law that Nova infringes claim 1.

    *B.  LML Is Entitled To Summary Judgment of Infringement of Claim 2.*

Claim 2 of the '988 patent reads:

> The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further includes means for reading magnetic ink character recognition numbers appearing on a consumer check for the sole purpose of identifying and reading the consumer bank account information.

(Ex. 1, '988 patent at claim 2).

**REDACTED**

_____

9

**REDACTED**

**REDACTED**

---

10 Nova's construction limits this structure to a MICR reader and optical character recognition equipment. (Ex. 20). Nova's construction of "consumer bank account information is described above.

**REDACTED**

*C.  LML Is Entitled To Summary Judgment of Infringement Of Claim 4.*

Claim 4 of the '988 patent reads:

The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further comprising of a printer means for receiving information from the memory means point of sale terminal and for generation a transaction event sales slip.

(Ex. 1,'988 Patent at claim 4).  Claim 4 depends from claim 1.

**REDACTED**

*D.  LML Is Entitled To Summary Judgment of Infringement Of Claim 5.*

Claim 5 of the '988 patent reads:

The checkwriting point of sale system according to claim 1 further comprising a resident third party database wherein consumer banking account status information is stored, the consumer banking account status information being used for verification of consumer banking account status.

(Ex. 1, '988 Patent at claim 5).

**REDACTED**

*E.  LML Is Entitled To Summary Judgment of Infringement Of Claim 6.*

Claim 6 of the '988 patent reads:

The checkwriting point of sale system according to claim 1 wherein the central computer system further comprises a system subscriber database, the system subscriber database comprising information regarding merchants and service providers that are authorized to use the checkwriting point of sale system

(Ex. 1, '988 Patent at claim 6).

**REDACTED**

- 20 -

**REDACTED**

Because there is no genuine issue of material fact that all of the elements of claims 1 and 6 are literally present, LML is entitled to summary judgment as a matter of law that Nova infringes claim 6.

F.   *LML Is Entitled To Summary Judgment of Infringement Of Claim 9.*

Claim 9 includes all of the elements of claims 1 and 2.[11]  Because there is

---

[11] There are some minor changes in the text, but these do not affect the infringement analysis.

no genuine issue of material fact that Nova's ECS literally contains all of the elements of claims 1 and 2, LML is entitled to summary judgment as a matter of law that Nova infringes claim 9.

G.  *LML Is Entitled To Summary Judgment of Infringement Of Claim 10.*

Claim 10 is dependent upon claim 9.  Claim 10 also includes all of the elements found in claim 4, which are present in Nova's ECS as discussed above. Because there is no genuine issue of material fact that all of the elements of claims 9 and 10 are met, LML is entitled to summary judgment as a matter of law that Nova infringes claim 10.

H.  *LML Is Entitled To Summary Judgment of Infringement Of Claim 11.*

Claim 11 is dependent upon claim 9.  Claim 11 also includes all of the elements found in claim 5, which are present in Nova's ECS as discussed above. Because there is no genuine issue of material fact that all of the elements of claims 9 and 11 are met, LML is entitled to summary judgment as a matter of law that Nova infringes claim 11.

I.  *LML Is Entitled To Summary Judgment Of Claim 16.*

Claim 16 is dependent upon independent claim 8.  As will be discussed below, there is no genuine issue of material fact that Nova's ECS includes all of the limitations found in claims 8 and 16, respectively.

a)  The elements of independent claim 8 are satisfied.

Independent claim 8 of the '988 patent reads:

A checkwriting point of sale process comprising:

Presenting any bank check specimen to a point of sale terminal located at a merchant or service provider;

- 22 -

Reading the magnetic ink character recognition number information on the check for the sole purpose of obtaining consumer bank account information, without using the check as a negotiable instrument;

Storing the consumer bank account information obtained from the check and verifying that the account numbers were accurately read at the point of sale terminal;

Providing transaction event information at the point of sale terminal;

Transmitting the transaction event information and consumer bank account information to a central computer;

Storing the transaction event information and consumer banking account information and;

Subsequently transmitting the transaction event information to a bank for subsequent automated clearing house operations.

(Ex. 1, '988 patent, claim 8).

(1) A checkwriting point of sale process comprising:

**REDACTED**

**REDACTED**

**REDACTED**

---

12 Nova's construction is "visually confirming that account numbers were accurately read by reference to the source document." (Ex. 20).

**REDACTED**

**REDACTED**

.

_____

13 Nova's proposed construction of this term is "electronically communicating with an automated clearing house for transferring funds electronically based upon the
(Continued...)

**REDACTED**

In sum, there is no genuine issue of material fact that Nova's ECS literally satisfy all of the elements of claim 8 and LML is entitled to summary judgment as a matter of law that Nova infringes claim 8.

b)  The elements of claim 16 are satisfied.

Dependent claim 16 of the '988 patent reads:

The checkwriting point of sale process of claim 8 further comprising:

(A) printing a transaction event sales slip following the sending of an approval message; and

_____

consumer bank account information obtained from any bank check presented at the point-of-sale."  (Ex. 20).

   (B) Executing of the sales slip by the consumer as proof of the
    bank account access authorization

(Ex. 1 '988 Patent claim 16).  All of the elements of claim 16 are also literally satisfied

by Nova's ECS.

    (1) printing a transaction event sales slip following the
    sending of an approval message; and

**REDACTED**

- 29 -

**REDACTED**

Because there is no genuine issue of material fact that all of the elements of claims 8 and 16 are literally present, LML is entitled to summary judgment as a matter of law that Nova infringes claim 16.

## V.    CONCLUSION

For the foregoing reasons, this Court should grant LML's motion and find that

Nova literally infringes claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 Patent.

DATED: October 28, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

Attorneys for LML Patent Corp.

- 31 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 3: FOR A RULING THAT NOVA INFORMATION SYSTEMS, INC. INFRINGES CLAIMS 1, 2, 4, 5, 6, 9, 10, 11, AND 16 OF THE '988 PATENT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 4th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

_____ */s/ Mary B. Matterer* _____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Plaintiff LML PATENT CORP.