IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.   04-858-SLR |
| vs. | ) | |
| | ) | Judge Sue L. Robinson |
| TELECHECK SERVICES, INC. ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC., AND NOVA INFORMATION SYSTEMS, INC. | ) ) ) ) ) | PUBLIC VERSION |
| | ) | |
| Defendants. | ) ) | |

**LML'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT NO. 6:
FOR A RULING THAT CLAIMS 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 AND 18
OF THE '988 PATENT ARE NOT INVALID FOR
IMPROPER INVENTORSHIP UNDER 35 U.S.C. § 102(f)**

Originally filed:  October 28, 2005
Public version filed:  November 4, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

Attorneys for LML Patent Corp.

## TABLE OF CONTENTS

- i -

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS .................................................................1

SUMMARY OF THE ARGUMENT ................................................................................................1

STATEMENT OF RELEVANT FACTS .........................................................................................2

ARGUMENT ........................................................................................................................................3

    I.    Applicable Legal Standard For Summary Judgment .................................................3

    II.   LML Is Entitled To Summary Judgment That The Asserted Claims Of The '988 Patent Are Not Invalid Due To Improper Inventorship Under § 102(f) ............................................................................................................5

CONCLUSION ...................................................................................................................................7

# TABLE OF AUTHORITIES

Cases

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................3-4

*Avia Group Int'l Inc. v. L.A. Gear Calif., Inc.*,
    853 F.2d 1557 (Fed. Cir. 1988)......................................................................................3

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984)........................................................................................3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)........................................................................................................4

*Continental Can Co. USA, Inc. v. Monsanto Co.*,
    948 F.2d 1264 (Fed. Cir. 1991)......................................................................................3

*Eaton Corp. v. Rockwell Intern. Corp.*
    323 F.3d 1332 (Fed. Cir. 2003)......................................................................................5

*Eli Lilly & Co. v. Barr Labs., Inc.*,
    251 F.3d 955 (Fed. Cir. 2001)........................................................................................5

*Gambro Lundia AB v. Baxter Healthcare Corp.*
    110 F.3d 1573 (Fed. Cir. 1997)......................................................................................5

*Hancock v. Hobbs*,
    967 F.2d 462 (11th Cir. 1992)........................................................................................4

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
    802 F.2d 1367 (Fed. Cir. 1986)......................................................................................4

*Kalis v. Colgate-Palmolive Co.*,
    231 F.3d 1049 (7th Cir. 2000).......................................................................................4

*London v. Carson Pirie Scott*,
    946 F.2d 1534 (Fed. Cir. 1991)......................................................................................3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)........................................................................................................3

*Monon Corp. v. Stoughton Trailers, Inc.*
    239 F.3d 1253 (Fed. Cir. 2001)......................................................................................5

*Schumer v. Lab. Computer Sys., Inc.*,
    308 F.3d 1304 (Fed. Cir. 2002)......................................................................................5

*Thibeault v. Square D Co.*,
    960 F.2d 239 (1st Cir. 1992) ............................................................................................. 4

*Trebor Sportswear Co. v. The Limited Stores, Inc.*,
    865 F.2d 506 (2d Cir. 1989) .............................................................................................. 4

*University of Rochester v. G.D. Searle & Co., Inc.*,
    358 F.3d 916 (Fed. Cir. 2004) ........................................................................................... 4

Statutes

35 U.S.C. § 102(f) ............................................................................................................... 5, 6

35 U.S.C. § 282 ................................................................................................................... 4, 5

35 U.S.C. §§ 102(f) and 116 ................................................................................................... 1

Rules

Fed. R. Civ. P. 56(c) ............................................................................................................... 3

Fed.R.Civ.P. 37(c)(1) .............................................................................................................. 4

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff LML Patent Corp. ("LML") asserts infringement by Telecheck Services, Inc. ("TeleCheck"), Electronic Clearing House, Inc. ("ECHO"), Xpresschex, Inc. ("Xpresschex"), and Nova Information Systems, Inc. ("Nova") (collectively the "Defendants") of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 (the "Asserted Claims") of United States Patent No. 5,484,988 (the "'988 Patent"). (Ex. 1).[1] In accordance with the Court's Scheduling Order, LML respectfully submits this Memorandum In Support Of LML's Motion For Summary Judgment No. 6: For A Ruling That Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 And 18 Of The '988 Patent Are Not Invalid For Improper Inventorship Under § 102(f).

## SUMMARY OF THE ARGUMENT

Defendants have not and cannot offer any legal or factual basis, let alone the clear and convincing evidence necessary, to support their contention that the Asserted Claims of the '988 patent are invalid for improper inventorship under § 102(f). Defendants have offered *no evidence* to support the baseless allegation set forth in their interrogatory responses. Because Defendants cannot raise a genuine issue of material fact to support a defense of improper inventorship, LML is entitled to judgment as a matter of law and respectfully requests that the Court enter summary judgment that the Asserted Claims of the '988 patent are not invalid under 35 U.S.C. § 102(f).

---

[1] Exhibits are attached as the Declaration of Lesley G. Smith in Support of LML's Motion For Summary Judgment No. 6: For A Ruling That Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, And 18 Of The '988 Patent Are Not Invalid For Improper Inventorship Under § 102(f), hereinafter "(Ex. ___)."

## STATEMENT OF RELEVANT FACTS

As part of its contention interrogatories, LML asked each Defendant to "describe in detail all legal and factual bases for [its] contention that the Asserted Claims of the Patents-In-Suit are invalid." In their response, Defendants argued that all Asserted Claims of the '988 patent are invalid under 35 U.S.C. § 102(f) and/or § 116 because of improper inventorship. (Ex. 2 at 19, TeleCheck's First Supp. Resp. to LML's Amend. Interr. No. 2).[2] In a later supplemental response, Defendants alleged that the claims of the '988 patent were invalid only under § 102(f) because Mr. Robert Hills, one of the inventors of the '988 patent[3], had allegedly contacted Mr. Steven R. Carlson prior to filing the application leading to the '988 patent and "obtained information regarding the subject matter of the '988 patent" that was "incorporated into the '988 patent." (Ex. 3 at 8, TeleCheck's Supp. Resp. to LML's Amend. Interr. No. 2 Dated July 18, 2005). That is the extent of the information Defendants provided with respect to its § 102(f) allegation.[4] Defendants did not, and have not, provided any support to substantiate these allegations and although they reserved the right to supplement their response on this issue based on information "recently discovered and to be discovered," they have never done so.

---

[2] ECHO, Xpresschex, and Nova have all incorporated TeleCheck's interrogatory response setting forth its invalidity contentions into their own responses.

[3] Mr. Henry Nichols is the other inventor of the '988 patent. (Ex. 1).

[4] It is presumed that Defendants are no longer pursuing a claim under § 116 since they made no mention of it in their supplemental response concerning improper inventorship. Furthermore, Defendants have presented *no evidence*—let alone clear and convincing evidence—to support such a defense.

## **ARGUMENT**

I.  **Applicable Legal Standard For Summary Judgment**

Summary judgment is available in patent cases as in other areas of litigation, and the summary judgment standard for a patent claim is the same as the standard for other claims. *Avia Group Int'l Inc. v. L.A. Gear Calif., Inc.*, 853 F.2d 1557, 1560-61 (Fed. Cir. 1988); *Cont'l Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed. Cir. 1991). Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1537 (Fed. Cir. 1991).

Once the moving party has demonstrated the absence of a genuine issue of material fact, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . the nonmoving party must "come forward 'with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-movant cannot simply make conclusory denials concerning the evidence. *See Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984) ("[T]he court may not simply accept a party's statement that a fact is challenged."). Unless there is sufficient evidence to enable a jury to find for the nonmoving party on the issue for which summary judgment is sought, there is no issue for trial, and summary judgment should be granted. *See Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247-48 (1986). Thus, to create a genuine issue of material fact, the opposing party must "go beyond the pleadings" and set forth specific facts to support their contention. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

A party that, without substantial justification, fails to amend or supplement a prior response to discovery or expert disclosures pursuant to Rule 26(e) before the close of discovery is not permitted to use the information as evidence at trial or on a motion for summary judgment. Fed. R. Civ. P. 37(c)(1); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056-57 (7th Cir. 2000) (denying request for additional discovery to oppose motion for summary judgment where discovery period was closed); *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *see also Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992) (affirming district court decision to exclude expert testimony where plaintiff failed to disclose identity of expert and the substance of his testimony until five months after retaining him and over three months after the close of an extended period of discovery); *Thibeault v. Square D Co.*, 960 F.2d 239, 246-47 (1st Cir. 1992) (precluding expert testimony where expert was not disclosed until after the close of discovery, and plaintiff failed to seasonably supplement its interrogatory responses to identify the expert in a timely manner pursuant to Rule 26(e) of the Federal Rules of Civil Procedure).

Moreover, in the context of summary judgment, the validity of a patent is still presumed. 35 U.S.C. § 282. *See University of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 920 (Fed. Cir. 2004); *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986). Defendants can overcome this presumption only if they

meet the heavy burden of establishing invalidity by clear and convincing evidence. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001); *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1257 (Fed. Cir. 2001). Moreover, when assessing the validity of the claims of a patent, the fact finder must *separately* consider each claim. 35 U.S.C. § 282 ("Each claim of a patent . . . shall be presumed valid independently of the validity of other claims."); *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1316 (Fed. Cir. 2002).

## II. LML Is Entitled To Summary Judgment That The Asserted Claims Of The '988 Patent Are Not Invalid Due To Improper Inventorship Under § 102(f)

Section 102(f) of the Patent Act states that a person is not entitled to a patent if he did not invent the subject matter sought to be patented. 35 U.S.C. § 102(f). To prove that an inventor improperly derived his invention from another under § 102(f), the party seeking to prove invalidity for improper inventorship must overcome the presumption of validity by proving by clear and convincing evidence (1) prior conception of the patented invention by another; and (2) communication of the ***complete claimed invention, in enabling detail,*** to the patentee. *See Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1577 (Fed. Cir. 1997). Proving communication between the patentee and another about the subject matter of the invention is not enough—"the communication must be sufficient to enable one of ordinary skill in the art to make the patented invention." *Eaton Corp. v. Rockwell Intern. Corp.*, 323 F.3d 1332, 1344-45 (Fed. Cir. 2003) (holding that evidence of communication between the patentee and another about the subject matter of the invention was insufficient to prove a case of improper inventorship where none of the communication was sufficiently detailed to constitute a complete and enabling disclosure of the claimed invention).

Defendants offer only the unsubstantiated allegations set forth in their interrogatory responses, *and no actual evidence of any kind*, to support their improper inventorship allegations, noting only that "Mr. Hills had contacted Mr. Steven R. Carlson and obtained information regarding the subject matter of the '988 patent" that was "incorporated into the '988 patent." (Ex. 3 at 8, TeleCheck's Supp. Resp. to LML's Amend. Interr. No. 2 Dated July 18, 2005). In fact, while Defendants' expert

**REDACTED**

Thus, Defendants certainly have not offered clear and convincing evidence that Mr. Carlson conceived of the *complete, claimed invention* of the '988 patent before Mr. Hills and Mr. Nichols did. Nor have Defendants offered clear and convincing evidence that the *complete claimed invention, in enabling detail*, was communicated to either Mr. Hills or Mr. Nichols. Assuming for the sake of argument that the unsupported allegations made by Defendants in their interrogatory responses are actually true and Mr. Hills did obtain "information regarding the subject matter of the '988 patent" from Mr. Carlson, this general, alleged evidence falls far short of the clear and convincing evidence required to prove invalidity under § 102(f). Thus, Defendants have not proven by clear and convincing evidence a prima facie case of improper inventorship under § 102(f). Since no genuine issue of material fact remains, LML is entitled to summary judgment as a matter of law with respect to this defense.

## CONCLUSION

For the foregoing reasons, LML respectfully requests that this Court grant LML summary judgment that no claims of the '988 Patent are invalid under 35 U.S.C. § 102(f).

DATED this 28th day of October, 2005

*/s/ Mary Matterer*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Attorneys for LML Patent Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 6: FOR A RULING THAT CLAIMS 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, AND 18 OF THE '988 PATENT ARE NOT INVALID FOR IMPROPER INVENTORSHIP UNDER § 102(F)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 4th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

/s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Plaintiff LML PATENT CORP.