IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>    Defendants. | C.A. 04-858 (SLR) |

**TELECHECK'S MEMORANDUM IN OPPOSITION TO LML'S**
***DAUBERT* MOTION NO. 3: FOR A RULING LIMITING**
**THE TESTIMONY OF BRIAN NAPPER**

William J. Marsden (#2247)
Timothy Devlin (#4241)
Stamatios Stamoulis (#4606)
Tara D. Elliott (#4483)
FISH & RICHARDSON P.C
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114

*Attorneys for TeleCheck Services, Inc*

Dated: November 14, 2005

**TABLE OF CONTENTS**

**Page**

I.     NATURE AND STAGE OF PROCEEDINGS ....................................................... 1

II.    STATEMENT OF FACTS ........................................................................................ 1

III.   ARGUMENT ............................................................................................................. 2

       A.    Legal Standards ............................................................................................. 2

       B.    LML's *Daubert* Motions Violate Local Rule 7.1.1 .................................. 3

       C.    Mr. Napper's Reliance on Factual Information Is Proper ......................... 4

       D.    Mr. Napper's Opinions Regarding the Economic Impact
             of a Potential Claim Construction Are Proper ........................................... 5

IV.    CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

*Agere Systems Guardian Corp. v. Proxim, Inc.*,
  190 F. Supp. 2d 726 (D. Del. 2002)..................................................................6

*In re Aluminum Phosphide Antitrust Litigation*,
  893 F. Supp. 1497 (D. Kan. 1995).................................................................2, 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993)..........................................................................................2

*DeWitt v. Penn-Del Directory Corp.*,
  912 F. Supp. 707 (D. Del. 1996)...............................................................3, 4, 5

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004).........................................................................7

*Security First Network Bank v. C.A.P.S., Inc.*,
  2003 WL 22299011 (N.D. Ill. Oct 07, 2003)...................................................6

*Tassin v. Sears, Roebuck and Co.*,
  946 F. Supp. 1241 (M.D. La. 1996)..................................................................6

## STATUTES

Fed. R. Civ. P. 26(a)(2)(B) .....................................................................................5

Fed. R. Evid. 702 ....................................................................................................2

D. Del. R. 7.1.1 .......................................................................................................3

I.  **NATURE AND STAGE OF PROCEEDINGS**

This is a patent infringement litigation initiated by LML Patent Corporation ("LML" or "Plaintiff") against defendants TeleCheck Services, Inc. ("TeleCheck"), Electronic Clearing House, Inc. ("ECHO"), XpressChex, Inc. ("XpressChex") and Nova Information Systems, Inc ("Nova") (collectively, "Defendants"). The patent in suit is U.S. Patent No. 5,484,988 ("the '988 patent"). Fact and expert discovery has concluded, and claim construction briefing is complete.

On October 28, 2005, LML filed four *Daubert* motions challenging the testimony of every technical expert and two of the three damages experts retained by the Defendants in this case. This memorandum is filed in opposition to LML *Daubert* Motion No. 3 (D.I. 342), which seeks to limit the testimony of Brian W. Napper, TeleCheck's damages expert. Trial for this matter is scheduled to occur in April 2006.

II.  **STATEMENT OF FACTS**

LML has filed a motion seeking to limit the testimony of Mr. Brian Napper, the damages expert for TeleCheck. In its motion, LML has alleged that TeleCheck is seeking to offer the opinion testimony of Mr. Napper "regarding the technology in this case, the impact of claim construction, the operation of TeleCheck's accused product, the patented process itself, and the scope of the patents' validity based on prior art." (LML *Daubert* Motion No. 3, D.I. 342 at 1.) LML's assertion is inaccurate.

TeleCheck does not intend to offer or rely on any testimony from Mr. Napper concerning the "technical" aspects of this case. As LML concedes, "Mr. Napper is an economist." (*Id.*) As such, TeleCheck intends to rely on Mr. Napper's opinions solely with respect to the damages aspects of this matter. The only portions of Mr. Napper's report even remotely implicated by LML's motion are Mr. Napper's references to factual evidence regarding the '988 patent and accused TeleCheck service, as well as Mr. Napper's opinions regarding the impact of the Court's claim construction. Even these opinions are limited to economic issues, however, such as what the value of the patent

would be if it is construed to only cover systems and processes that are incompatible with existing industry standards and regulations.

The real issue here is whether Mr. Napper can rely on this Court's claim construction and factual information regarding the patent and the accused product in evaluating the damages issues in the case. Case law makes clear that Mr. Napper should be entitled to rely on these sources. LML's attempt to characterize these damages opinions as "technical" testimony should be rejected, and Mr. Napper should be permitted to offer the opinions set forth in his expert report.

### III.    ARGUMENT

#### A.    Legal Standards

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. That rule provides that:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993), the United States Supreme Court held that Rule 702, in conjunction with Rule 104(a), requires the trial judge to act as gatekeeper to ensure that scientific expert testimony is both reliable and relevant.

In applying the holding of *Daubert* to cases involving the use of economic experts, courts have enumerated four non-exclusive non-dispositive factors which the may be considered in evaluating such testimony: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) known or potential rate of error; and (4) general acceptance in the scientific community. *See In re Aluminum Phosphide Antitrust Litig.*, 893 F. Supp. 1497, 1506 (D. Kan. 1995).

While some of these factors may be more or less applicable regarding economic issues, courts have used them to help resolve the ultimate question of whether the economic knowledge proffered by an expert will assist the trier of fact to understand or determine a fact in issue. *See id*. at 1506 (holding that "[t]his inquiry entails preliminary assessment whether [the expert's] reasoning and methodology are economically valid and can be properly applied to the facts in issue").

**B.    LML's *Daubert* Motions Violate Local Rule 7.1.1**

Local Rule 7.1.1 for the District of Delaware states:

> Unless otherwise ordered, the Court will not entertain ***any non-dispositive motion***, . . . unless counsel for the moving party files with the Court at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

D. Del. R. 7.1.1 (1995).  Rule 7.1.1 was "designed to facilitate resolution of disputes among the parties before formally requesting the Court's aid by filing motions." *DeWitt v. Penn-Del Directory Corp.*, 912 F. Supp. 707, 713 (D. Del. 1996).

LML, however, never provided TeleCheck or any of the other defendants with prior notice that it would seek to limit the testimony of the various defense expert witnesses prior to the filing of its four *Daubert* motions.  Instead, LML filed its *Daubert* motions without any prior consultation of Defendants on the same date it filed six separate motions for summary judgment.  Indeed, the present motion might have been particularly amenable to the meet-and-confer process.  TeleCheck does not plan to offer Mr. Napper on technical issues, which is the putative basis of LML's motion.  At the same time, TeleCheck has no precise understanding of what LML is seeking, since LML failed to specify exactly what opinions of Mr. Napper it seeks to preclude.  A conference between the parties could have resolved these issues.

LML's *Daubert* motions were not filed in accordance with District of Delaware Local Rule 7.1.1, which is clearly applicable to these non-dispositive motions.  For this

3

reason, the Court should strike all four of LML's *Daubert* motions. *See DeWitt*, 912 F. Supp. at 713 (striking plaintiffs motion due to the "blatant disregard for Local Rule 7.1.1").

### C. Mr. Napper's Reliance on Factual Information Is Proper

In its *Daubert* motion, LML has not identified a single opinion of Mr. Napper's that LML is seeking to strike. Instead, LML merely lists numerous facts, contested or otherwise, that Mr. Napper either accepts or discounts in rendering his ultimate opinion on the appropriate amount of damages associated with this case. Specifically, LML appears to challenge: (1) Mr. Napper's understanding of how TeleCheck's system functions (LML *Daubert* Motion No. 3, D.I. 342 at 4); (2) Mr. Napper's recognition of the applicable ODFI, NACHA, and Federal Reserve rules (*id.* at 6); and (3) Mr. Napper's acknowledgement of opinion letters drafted by LML's own counsel that severely limit the scope of the LML patent (*id.* at 7).

LML's challenge regarding these facts and sources is misplaced. Mr. Napper has not rendered a single *opinion* on how TeleCheck's product functions, what banking rules should be followed, or how LML's patent should be construed. In fact, at his deposition, Mr. Napper clearly stated that he has no expertise in the technological workings of electronic payment systems or the technological aspects of the checking industry. (*Id.* at 4.) He also repeatedly informed LML's counsel that he was not seeking to offer any technical opinions in this matter. (*Id.* at 4, 6, and 7.)

Indeed, the only opinions expressed by Mr. Napper in his report related to what, if any, damages LML would be entitled to if patent validity and infringement were presumed. While LML claims that TeleCheck is attempting to use Mr. Napper's testimony as "a backdoor attempt . . . to offer additional expert testimony, opinions, and conclusions on the ultimate issue of infringement," (*id.* at 7), that is not the case. Mr. Napper has already testified that he is not seeking to offer an opinion on claim construction. Nor is Mr. Napper seeking to offer an opinion on infringement. In fact,

4

Mr. Napper has assumed validity and infringement as underlying facts in reaching his opinion on damages, as required by applicable standards. (Ex. 1 to Declaration of Robin Rademacher, submitted in Support of LML's *Daubert* No. 3, hereinafter "Rademacher Decl.," D.I. 346 at 4.)

In his report, Mr. Napper has set forth what factual evidence he relied on in coming to his opinions, including his understanding of how TeleCheck's system functions, and how LML's earlier due diligence attorneys have interpreted the scope of LML's patent. (*Id*. at 5–12.) It makes little sense to prohibit Mr. Napper from outlining these facts at trial, given that this outline of factual evidence is required by the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(B) ("The [expert] report shall contain a complete statement of all opinions to be expressed and the basis therefor; [and] the data or other information considered by the witness in forming the opinions"). For these reasons, LML's effort to limit Mr. Napper's ability to express his understanding of the products and patents at issue in this matter is without merit.

> D. **Mr. Napper's Opinions Regarding the Economic Impact of a Potential Claim Construction Are Proper**

In arriving at an appropriate damages figure, Mr. Napper has also rendered a limited opinion on how the Court's claim construction could potentially impact his ultimate opinion on damages. In particular, the only opinion Mr. Napper offers regarding such "technical" issues is based on a contingent ***assumption*** that the claims are construed to be incompatible with governing rules or regulations. In such a case, the patent would have no value:

> I believe that the reasonable royalty damages adequate to compensate LML for TeleCheck's alleged infringement of the patents-in-suit would fall in the range of $800,000 to $2 million. However, if the Court construes the claims of the patents-in-suit such that they are not compatible with the Electronic Payments Association's ("EPA") governing body, the National Automated Clearing House Association ("NACHA"), or the Federal Reserve's rules, the amount of royalty damages would be zero.

(Rademacher Decl., D.I. 346 Ex. 1 at 4.)

5

In offering this opinion, Mr. Napper is entitled to take notice of certain *facts*. *See Tassin v. Sears, Roebuck and Co.*, 946 F. Supp. 1241, 1248 (M.D. La. 1996) (holding that an "expert's opinion . . . must use the types of information, analyses and methods relied on by experts in his field, and the information that he gathers and the methodology he uses must reasonably support his conclusions"). In reaching his opinion, Mr. Napper has taken notice of two undisputed facts: (1) if a system does not associate a check number with a given transaction, then the transaction is in violation of NACHA rules and cannot be processed; and (2) any transaction that attempts to submit the same check number more than once is in violation of NACHA rules and will further be rejected. (*See* Ex. A; Rules 3.8.1 and 3.8.3 of the 2005 Complete Guide to Rules and Regulations Governing ACH Network, produced by LML at LML EP 055429-30.)[1]

Based on these facts, Mr. Napper concludes that if the LML patent is construed in such a way that practicing it would require violation of one of these rules, then the patent has no value. This was a logical conclusion of Mr. Napper's economic analysis, and falls within the realm of economics issue on which Mr. Napper is undisputedly qualified to testify.

Cases regarding "IEEE" standards provide guidance here. The Institute of Electrical and Electronics Engineers ("IEEE") "sets standards for various electronics and computer information technology." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 728 (D. Del. 2002). Likewise, "[a]ll ACH transactions are governed by the National Automated Clearing House Association ("NACHA") Operating Rules." *Security First Network Bank v. C.A.P.S., Inc.*, 2003 WL 22299011, *3 (N.D. Ill. Oct 07, 2003). In each case, patents that happen to encompass technologies that fall outside accepted industry standards could indeed have no commercial value to participants in

---

[1] Exhibits cited in this Brief refer to the exhibits attached to the co-filed Declaration of Stamatios Stamoulis in Support of TeleCheck's Opposition to LML's Daubert Motion No. 3, unless otherwise stated.

those industries. This is a question of industry economics and markets, and is exactly the type of damages-related testimony that Mr. Napper is qualified to offer (and has offered numerous times in courts in this and other districts). Mr. Napper's credentials as a patent damages expert are undisputed: ". . . Mr. Napper's qualifications as an expert in the field of patent damages are not in dispute . . ." (LML *Daubert* Motion No. 3, D.I. 342 at 3.)

In this case, because the '988 patent was filed and issued years before NACHA ever adopted its first rules relating to electronic check processing at the point of sale, it is reasonable to believe that the patent could be construed in a way that makes it incompatible with NACHA's Operating Rules. Mr. Napper is justified in offering an opinion, as an expert economist, concerning the impact of such a claim construction on the economic value of the patent. *See, e.g., Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004) (granting summary judgment of non-infringement because no system that was IEEE 1394 compliant could be capable of direct infringement of the patent-in-suit, which was construed to be outside the bounds of the IEEE 1394 standard).

Finally, LML has also challenged Mr. Napper's ability to express his understanding of how TeleCheck's system functions, his recognition of the applicable ODFI, NACHA, and Federal Reserve rules, and his acknowledgement of opinion letters drafted by LML's own counsel. As discussed above, Mr. Napper has not rendered a single *opinion* with regard to any of these issues and has clearly stated that he does not intend to offer such opinions. As with the above issues, LML's attacks on these statements by Mr. Napper are meritless.

## IV.  CONCLUSION

For the foregoing reasons, LML's *Daubert* Motion No. 3 For a Ruling Limiting the Testimony of Brian W. Napper should be denied.

7

Dated: November 14, 2005   FISH & RICHARDSON P.C.

By: */s/ Stamatios Stamoulis*
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Stamatios Stamoulis (#4606)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19801

Attorneys for Defendant
TeleCheck Services, Inc.

8

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2005, I electronically filed TELECHECK'S MEMORANDUM IN OPPOSITION TO LML'S DAUBERT MOTION NO. 3: FOR A RULING LIMITING THE TESTIMONY OF BRIAN NAPPER with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

**BY HAND DELIVERY**
Richard K. Herrmann, Esq.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

**BY HAND DELIVERY**
Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

**BY HAND DELIVERY**
Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I hereby certify that on November 14, 2005, I have mailed by Electronic mail and First Class mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis