IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>Defendants. | C.A. 04-858 (SLR) |

## DECLARATION OF STEVEN R. CARLSON IN SUPPORT OF TELECHECK'S OPPOSITION TO LML'S MOTION FOR SUMMARY JUDGMENT NO. 6

**STEVEN R. CARLSON**, pursuant to the provisions of 28 U.S.C. § 1746, declares under the penalty of perjury as follows:

1. I presently reside at 20 Carlin Drive, Lincoln, North Dakota 58504. I make this declaration based on my personal knowledge of all of the facts described herein.

2. I am not, nor have I ever been, employed by any of the entities involved in this litigation. While I have been compensated for the time I have spent collecting and producing documents, testifying at my deposition, and preparing this affidavit (all at the rate of $100 per hour), I have no financial stake in the outcome of this litigation.

3. I am the inventor of three United States patents that relate to point of sale check processing systems.

4. I have attached as Exhibit 1 hereto a copy of my United States Patent Number 4,678,896 which issued on July 7, 1987.

5. I have attached as Exhibit 2 hereto a copy of my United States Patent Number 4,758,714 which issued on July 19, 1988.

6. I have attached as Exhibit 3 hereto a copy of my United States Patent Number 5,053,607 which issued on October 1, 1991.

7. I have attached as Exhibit 4 hereto a copy of a presentation describing the "transACT Business System" which was drafted by myself in 1988 and revised in 1989.

8. All of the exhibits attached hereto were produced to LML prior to my deposition, which took place on July 15, 2005.

9. As an inventor of a point of sale check processing system, I spent considerable time in the late 1980s and early 1990's marketing my invention.

10. As part of my efforts to market my invention, I spoke to numerous representatives of banks, financial institutions and payment processing companies in order to pitch my invention and try to secure the necessary financial backing needed to bring my invention to market.

11. One of the individuals that contacted me about my invention during that time period was Mr. Robert Hills.

12. Mr. Hills first called me on April 21, 1992. He represented to me that he was a marketing specialist from a firm named WTC in Florida.

13. During our conversation, Mr. Hills asked me for detailed information concerning my patents. He represented himself as someone who was in a position to help me secure the financial backing I had been seeking for my invention.

14. As part of this conversation, I explained the details of my patents and my invention to Mr. Hills.

15. My patents and invention cover a check processing system and a method of processing checks electronically.

16. The details of the point of sale check processing system are contained in the documents I have attached hereto, and which I discussed during my deposition on July 15, 2005. For the Court's convenience, I have provided below a summary of the steps performed in one implementation of my check processing system, which I disclosed to Mr. Hills on April 21, 1992:

    a. A consumer presents a check to a cashier for payment of goods or services;

    b. The cashier scans the check through a terminal that is capable of reading the MICR line off of the check;

    c. The MICR contains the serial number of that check. The entire serial number of the check is read off the MICR line, including account number, routing and transit numbers, and the check number;

    d. The terminal located at the retailer has means of connecting to a central computer network and contains information identifying that specific retailer to the central computer network;

    e. The cashier enters the amount of the transaction on the terminal keypad;

    f. The customer confirms the amount of the transaction on the terminal keypad by means of an "OK" button;

g. The terminal dials up into a centralized computer network system and transmits the check serial number, the retailer identifying information, and the amount of the transaction to the central computer network;

h. The central computer network performs a real time inquiry into the consumer's bank account to verify the presence of funds necessary to complete the transaction;

i. If sufficient funds are present in the consumer's bank account, the central computer system then initiates the transfer of funds from the consumer's bank account to the retailer's bank account;

j. Once the funds have been transferred, the central computer system sends a signal to the terminal indicating that the transaction was completed successfully;

k. The cashier then cancels the consumer's blank check by stamping it void and printing the amount of the transaction on the check;

l. The cashier then returns the consumer's voided check to the consumer. The check is not retained by the retailer, deposited or ever physically enters the banking system.

17. It was apparent to me that Mr. Hills paid close attention to the details of my system while I explained it to him during our conversation which lasted almost an hour.

18. I received a follow-up call from Mr. Hills on April 27, 1992.

19. During my call with Mr. Hills, he discouraged me from making a system that could read the MICR line and from attempting to partner with the Verifone company.

20.     I am attaching as Exhibits 5 and 6 hereto copies of notes that I created contemporaneously in April, 1992 documenting the conversations with Mr. Hills. These notes were previously produced to LML and marked as exhibits at my deposition.

21.     I testified to all of the above stated facts during my deposition on July 15, 2005, where I was questioned by LML's counsel Leslie Smith from Kirkland & Ellis. I am prepared to further testify about these facts at trial, if asked to do so.


I declare under penalty of perjury that the foregoing statements are true and correct. Executed on November 11, 2005.

*/s/ Steven R. Carlson*
Steven R. Carlson

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2005, I electronically filed the Declaration of Steven R. Carlson in Support of TeleCheck's Opposition to LML's Motion for Summary Judgment No. 6 with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

**BY HAND DELIVERY**
Richard K. Herrmann, Esq.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

**BY HAND DELIVERY**
Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

**BY HAND DELIVERY**
Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I hereby certify that on November 15, 2005, I have mailed by Electronic mail and First Class mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis