# EXHIBIT D

1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         ) Civil Action
                                 ) No. 04-858 (SLR)
TELECHECK SERVICES, INC.,        )
ELECTRONIC CLEARING HOUSE,       )
INC., XPRESSCHEX, INC., and      )
NOVA INFORMATION SYSTEMS,        )
INC.,                            )
                                 )
            Defendants.          )

- - - - -

Wilmington, Delaware
Monday, May 2, 2005
5:00 p.m.
DISCOVERY CONFERENCE

- - - - -

BEFORE:   HONORABLE SUE L. ROBINSON, Chief Judge

WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477



WILCOX & FETZER LTD.
Registered Professional Reporters

ORIGINAL

```
 1   just vacations.

 2           MR. HERRMANN:  Certainly, certainly.

 3           There's one caveat to item No. 1, Your

 4   Honor.  We understand that Telecheck has not agreed to

 5   produce a 30(b)(6) witness with regard to its

 6   privilege log.  And the privilege log is an issue in

 7   item No. 2, but Telecheck has suggested a special

 8   discovery master to deal with all privilege log issues

 9   and avoid the need to take a deposition.  LML has

10   agreed, and I think all of the defendants have agreed,

11   that if Your Honor is inclined to put a discovery

12   master in place, that that discovery master can take

13   the privilege logs as they substantially exist today,

14   with a minor addition that Telecheck will put on the

15   record and decide whether they're complete, whether

16   they're adequate, whether there's waiver, what's the

17   scope left of the privilege in light of ECHO and

18   Nova's relying on advice of counsel.  And LML is

19   agreeable to the addition of a special discovery

20   master for that purpose in lieu of deposition.

21           MR. MARSDEN:  Your Honor, that's correct.

22   Actually I think the idea of using a special master

23   was first floated by LML and we're comfortable with

24   that.  Frankly, we have a log that lists 2,000 items.
```

```
 1   Hopefully it will only be a small percentage of those

 2   that are in dispute, but even a small percentage I

 3   imagine would try the patience of the Court.  And the

 4   parties are able to take the discovery master's time

 5   if the Court is so inclined.

 6           THE COURT:  All right.

 7           MR. HERRMANN:  Those are the two items

 8   with regard to the plaintiff's agenda, Your Honor.

 9           I can cover your two items or you can

10   cover them.

11           MR. MARSDEN:  I'll be happy to cover my

12   two items.

13           I think the lesson, Your Honor, is if you

14   just stay back in chambers long enough, we can work

15   most of these things out.

16           THE COURT:  I'm happy to leave again.

17           MR. MARSDEN:  I think we've got them all

18   worked out.  We had two issues that we had raised.

19   One was the location procedure for the LML witness

20   depositions.  We've reached an agreement on that.  We

21   will go forward where they've offered the witnesses

22   and they've agreed that it will be under the rules of

23   this Court, although the depositions will be taken in

24   Canada.  So that's been worked out.
```

1        On the issue of inventor depositions, the

2  inventors are not within the control of the plaintiff,

3  or at least they represented that to us.  We served

4  subpoenas on the inventors, two individual inventors.

5  The parties have agreed that they may be taken for

6  more than one day, specifically Mr. Hills for three

7  days and Mr. Nichols for two days, provided that the

8  plaintiffs are permitted a quarter of that time for

9  cross-examination.  And obviously that's ultimately

10  subject to their individual attorneys' positions as

11  well.  But at least for the record, the parties here

12  are agreed to take Mr. Hills for three days, with a

13  quarter of the time reserved for plaintiff, and

14  Mr. Nichols for two days, with a quarter of the time

15  reserve for plaintiff.

16        THE COURT:  All right.  I have no other

17  agendas.  Are there other issues that we should be

18  addressing this afternoon?  If not, tomorrow I will

19  put in place my order of reference for the special

20  master for the specific subject of disputes involving

21  the privilege logs, and hopefully that will be taken

22  care of in due course as well.

23        All right.  Thank you very much.  It will

24  take me some time to get at my computer, so you may

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         ) Civil Action
                                 ) No. 04-858 (SLR)
TELECHECK SERVICES, INC.,        )
ELECTRONIC CLEARING HOUSE,       )
INC., XPRESSCHEX, INC., and      )
NOVA INFORMATION SYSTEMS,        )
INC.,                            )
                                 )
            Defendants.          )


            Special Discovery Master's Hearing, held

in the law offices of Morris, James, Hitchens &

Williams, LLP, 222 Delaware Avenue, 10th Floor,

Wilmington, Delaware, beginning at 9:27 a.m., on

Thursday, July 7, 2005, before Julie H. Parrack,

Registered Merit Reporter, Certified Realtime Reporter

and Notary Public.


BEFORE:  LOUIS C. BECHTLE, SPECIAL DISCOVERY MASTER


                    WILCOX & FETZER
        1330 King Street - Wilmington, Delaware 19801
                    (302) 655-0477



**WILCOX & FETZER LTD.**
Registered Professional Reporters



1    produce sometime the week before.

2          SPECIAL MASTER:  That's what I'm saying.

3          MR. DEVLIN:  Mr. Levine mentioned the

4    28th.

5          SPECIAL MASTER:  If we could develop your

6    calendar, that would cause us on the 4th to come back

7    here and see where we are, where we're not, because

8    I'll then be looking at the finished product, if you

9    will.  Say now what do we do with the finished

10   product, how do we address it.

11         MR. LEVINE:  Why don't we do this then.

12   Why don't we agree to complete our hard looks and

13   production of documents by the 28th.  Then by Monday

14   the 1st or Tuesday the 2nd, whatever you all would

15   prefer, let's send say no more than a two-page or

16   three-page letter to Your Honor --

17         SPECIAL MASTER:  Okay.

18         MR. LEVINE:  -- outlining what our

19   respective positions are, what we believe the

20   procedure should be from here.

21         SPECIAL MASTER:  That's a good idea.

22         MR. LEVINE:  Now that this has gone

23   forward, Your Honor, here is what we think should

24   happen next.  And then let's get together on Thursday

1    the 4th and either have you rule on what the procedure

2    should be or to further discuss and implement that

3    procedure.

4              SPECIAL MASTER:  All right.  Let's make it

5    a three-page letter, because the letterheads and "good

6    mornings" and "good-byes" lose a half a page, okay?

7    Three page, not to exceed three pages, which will set

8    forth each parties' understanding of the results of

9    what you've done, and secondly, each parties'

10   suggestion as to where we go from there.

11             MR. LEVINE:  And what date do you all

12   prefer, the 1st or the 2nd?  Does it matter?

13             SPECIAL MASTER:  Doesn't make any

14   difference to me.  Let's leave it flexible.  Do the

15   best you can.  Best efforts 1st; doesn't work,

16   deadline 2nd, something like that.  And we're just

17   going to call this the counsels' reapproachment of an

18   overall survey of current documents that are subject

19   to review based upon privilege or other grounds that

20   the party seeks protection for, might be work product

21   or something, you know.

22             MR. DEVLIN:  One other date that would be

23   useful for us to set is a date for us to finish our

24   meet-and-confer on the waiver issues that I was just



**W&F**

WILCOX & FETZER LTD.

Registered Professional Reporters

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,

Plaintiff,

v.

TELECHECK SERVICES, INC.,
ELECTRONIC CLEARING HOUSE, INC.,
XPRESSCHEX, INC. and NOVA
INFORMATION SYSTEMS, INC.,

Defendants.

C.A. 04-858 (SLR)

## ORDER

The parties' privilege logs having been reviewed pursuant to the Court's Order of

July 7, 2005, it is further ORDERED that the following documents shall be produced:

4502; 10222; 15084-129; 43354-55; 44319-21; 44322-25; 44330-33; 44335-38;
44341-44; 44345-48; 44349-51; 44352-54; 44359-62; 44363-66; 44367-71;
44372-76; 44378-82; 44386-89; 44390-95; 44396-401; 44402-06; 44407-10;
52626-28; 52714-17; 52719-22; 52728-31; 63960-61; 80160; 95179; 95257-61;
95262-79; 98709; 100332-33; 100870-72; 102445; 103618; 108365; 109367;
112198; 114307-08; 114876-939; 124883; 124887; 124992-5001; 130984-1067;
131275-93; 131761-80; 165947-79; 175999; 181795; 185799; 190074; 194585-
87; 196980; 197225-26; 197231; 197367-68; 200680-82; 200818-20; 200954-56;
201175-77; 201178-80; 201181-82; 201183-85; 201186-88; 201194-95; 202139-
41; 202843-904; 202907-76; 202991-3052; 203080-3123; 203138-39; 203181-82;
203199-200; 203219-20; 203435-38; 225687-98; 395506; 395508; 598851-57;
598860-65; 730025; 750019; 750077-78; 774584; 775154; 775186; 775189;
776142-43; 778950-51; 780560; 780608-11; 782904-05; 784106-07; 784257-61;
785305-06; 788129-30; 789765-67; 799927-28; 805756; 815143; 815492-93;
837724-25; 857871; 886409-10; 886448-49; 896266-67; 914505-510; 931454-
62; 931465-87; 931505-25; 931571-95; 931627-52; 931773-75; 931789-90;
931941; 988678; 995016; 1001640; 1005864-71; 1005045-47; 1005929-30;
1006735; 1006826; 1006830; 1006832-33; 1016511-13; 1016256-57; 1016261-
63; 1016485-86; 1016487-88; 1016489-91; 1016492-93; 1016494-95; 1016496-
97; 1016498-500; 1017761-62; 1018108; 1018119; 1018222; 1018407-08;
1018944; 1018949-50; 1080091-93; 1081065-66; 1084639; 1090734-44;
1095503-13; 1095525-34; 1095535-45; 1095548-557; 1095568-76; 1095588-602;
1098901-04; 1097518; 1097527; 1113239-40; 1113243-46; 1131973-74;
1131975; 1132075-77; 1134990-5003; 1141155-68; 1160473-74; 1160628-29;
1160633; 1160740; 1161497; 1162107-08; 1163189; 1165511-12; 1167226-27;
1167235-36; 1167241-43; 1167254-57; 1168086-108; 1212261-62; 1220289-98;
1265291-93; 1265298-336; 1277288-304; 1282950-74; 1285397-413; 1285414-
29; 1285430-43; 1285448-51; 1285458-70; 1285491-505; 1285506-17; 1285518-

1

33; 1285534-51; 1357382-99; PR 2312-18; PR 2319-24; PR 2325-30; PR 2345-48; PR 2575; PR 2659; PR 2705-08; PR 2766-71; PR 2776-80; PR 2781-84; PR 2785-88; PR 2819-21; PR 2822-24; PR 2825-26; PR 2834; PR 2836-37; PR 2839; PR 2841-42; PR 2843; PR 2848-76; PR 2881; PR 2882; PR 2927-32; PR 2933-41; PR 2960-76; PR 2994-3016; PR 3053; PR 3064; PR 3306-27; PR 3334-53; PR 3354-93; PR 3394-726; PR 3745-46; PR 3769-82; PR 3832-34; PR 3873-76; PR 3891-92; PR 3895-904; PR 3918-19; PR 3920-22; PR 3923-40; PR 3961-4030; PR 4113-14; PR 4388-400; PR 4529-30; PR 4555-57; PR 4575-4621; PR 4654; FDC 4000793; FDC 4000810; FDC 4000896; FDC 4000914; FDC 4000992; FDC 4001010; FDC 4003113; FDC 4003126; FDC 4003142; FDC 4003159; FDC 4003178; FDC 4003218; FDC 4003239; FDC 4003261; FDC 4003284; FDC 4003552; FDC 4003564; FDC 4004327; FDC 4004333; FDC 4004334; FDC 4004337; FDC 4004338; FDC 4004346; FDC 40044376; FDC 40044387; FDC 40044390; FDC 40044393; FDC 40044402; FDC 40044405; FDC 40044417; FDC 40044429; FDC 40044451; FDC 40044457; FDC 40044459; FDC 40044483; FDC 40044484; FDC 40044486; FDC 40044487; FDC 40044488; FDC 40044491; PR 32; PR 51-165; PR 261; PR 290; PR 301; PR 317; PR 329; PR 340; PR 361; PR 373; PR 392; PR 403; PR 415; PR 427; PR 439 PR 451; PR 462; PR 473; PR 485; PR 497; PR 508; PR 523; PR 534; PR 553; PR 565; PR 577; PR 589; PR 602; PR 746; PR 865; PR 866; PR 867; PR 883; PR 903-04; PR 905-07; PR 908-09; PR 920; PR 925-26; PR 927-28; PR 935; PR 944-64; PR 965-68; PR 969-80; PR 1008; PR 1671; PR 1673; PR 1689-90; PR 1691-92; PR 1693-96; PR 1697-99; PR 1700-03; PR 1706; PR 1710; PR 1720; PR 1724; PR 1729-31; PR 1732-33; PR 1734-36; PR 1737; PR 1744; PR 1745-47; PR 1748-49; PR 1750; PR 1755; PR 1759-61; PR 1775; PR 1776; PR 1777; PR 1778; PR 1779; PR 1784; PR 1785; PR 1790; PR 1791-92; PR 1794; PR 1804; PR 1831-33; PR 1834-35; PR 1836-; 37; PR 1838-39; PR 1840-42; PR 1843-44; PR 1850-52; PR 1857-58; PR 1861-63; PR 1864; PR 1865; PR 1866; PR 1867; PR 1868; PR 1869-70; PR 1871; PR 1873; PR 1879; PR 1887; PR 1891-92; PR 1893-94; PR 1895-96; PR 1897; PR 1899-00; PR 1903; PR 1904; PR 1905; PR 1909; PR 1910-12; PR 1915-22; PR 1923-26; PR 1938-40; PR 1955-58; PR 1959-61; PR 1990-91; PR 2005-06; PR 2039; PR 2048; PR 2052; PR 2053; PR 2056-57; PR 2062; PR 2063-66; PR 2067-70; PR 2071-74; PR 2082-85; PR 2086-87; PR 2088-90; PR 2112-13; PR 2118-19; PR 2123-25; PR 2126-27; PR 2128-29; PR 2168; PR 2187-88; PR 2226-27; PR 2228; PR 2229; PR 2233; 1364209-10; 1363074-101 & 1363018-33; 1363281-82; 1363283; 1363353-55; 1363356-59; 1363391-92; 1361984-85; 1361986-87; 1361988-89; 1362102-04; 1362105-08; 1362109-12; 1362119-63; 1362191-92; 1362221; 1362226; 1362323-24; 1362743; 1362834; 1362835; 1362846; 1175937-48; 1172598-678; 1176152-63; 1176276-84; 1178014-17; 1178346-47; 1178363-72; 1388107-113; 1388335-46; 1388347-52; 1388353-66; 1388367-68; 1388369; 1388370-71; 1388372; 1389334-35;

Dated: ___8/2/05___                    _____
                                        Honorable Louis C. Bechtle

80026184.doc

2

# EXHIBIT G

# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

August 2, 2005

The Honorable Louis C. Bechtle
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1916

Re:    *LML Patent Corp. v. TeleCheck Services, Inc., et al.*
       USDC-D. Del. - C.A. 04-858 (SLR)

Dear Judge Bechtle:

Defendant TeleCheck Services, Inc. ("TeleCheck") submits this letter to provide a status update regarding privilege issues in the above-referenced matter. As Your Honor is aware, TeleCheck has reviewed its privilege log and produced documents pursuant to Your Order during the previous conference and the recently-signed written Order. Given the volume of documents and size of the privilege logs, TeleCheck has not included those papers with this letter, but will be pleased to provide copies if Your Honor wishes.

TeleCheck will continue to confer with the Plaintiff regarding issues raised in the Plaintiff's letter of today, and suggests that the procedure for dealing with any remaining issues be addressed at the upcoming conference this Thursday. Like the other defendants, TeleCheck believes that informal procedures will best resolve any remaining disputes, including an *in camera* review of necessary categories of documents.

We look forward to discussing these issues with Your Honor this Thursday.

Respectfully,

Timothy Devlin/tdc

Timothy Devlin

cc:    All counsel via email

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,     )
    )
    Plaintiff,     )
    )
    v.     )     Civil Action No. 04-858 SLR
    )
TELECHECK SERVICES, INC.,     )
ELECTRONIC CLEARING HOUSE, INC.,     )
XPRESSCHEX, INC., and     )
NOVA INFORMATION SYSTEMS, INC.,     )
    )
    Defendants.     )
    )

## SPECIAL DISCOVERY MASTER ORDER NO. 4

Louis C. Bechtle, Special Discovery Master          September 27, 2005

      This Order addresses the plaintiff's motion of August 18, 2005 for the production of documents from defendant TeleCheck Services, Inc. (TeleCheck) in respect to which TeleCheck has filed a response dated August 25, 2005 followed by plaintiff's reply dated September 1, 2005. In the Special Discovery Master's (SDM) Order No. 3, the history of the discovery activity with particular reference to that associated with the privilege log was referred to in that Order and is incorporated herein.

      It is fair to say that the party's briefs above referred to chronicle a period of approximately six to seven months of engagement involving document production and the privilege logs that have resulted in charges and counter charges, each by and to the other in respect to the manner in which these parties have functioned during this period of the discovery endeavor. It is the plaintiff's position that the defendants have had over six months to prepare accurate logs and have failed to do so. It points out that the logs have been changed

15269_1.DOC

supplemented and updated from time to time and there are still serious deficiencies with the thousand or so documents referred to in plaintiff's motion. Plaintiff contends that there are approximately 140 documents for which privilege has been waived because the documents were inadvertently produced and not promptly attended to. Plaintiff also contends that the documents that it seeks should be provided because of the failure of the defendant to conform to the time requirements to either provide the documents or provide an adequate privilege log that conform to the standard necessary to support a claim of privilege. Defendant on the other hand states that the case is a complex case and that the defendants have produced some 1.4 million pages of documents in contrast to the plaintiffs who have only produced some 60,000 pages of documents. Defendant asserts that this discrepancy reflects itself in the privilege logs which lists thousands of documents by defendant while LML has only had to log approximately 400 documents. Another point made by the defendant is that the matters that LML is complaining about on defendant's logs are those that compare to similar entries on plaintiff's log. Defendant contends that a double standard should not apply. Defendant has offered comparisons of certain log entries to demonstrate what it believes is a similarity in plaintiff's entries with those that it complains about concerning the defendant.

The SDM will deny LML's motion that the inadvertently produced documents that it seeks be produced on the ground the SDM concludes that, all circumstances considered, TeleCheck responded appropriately with a reasonable explanation in regard to those documents and for that reason, the privilege has not been waived by reason on the inadvertent production.

The SDM will also deny plaintiff's motion for production based on untimeliness.

There are a number of other differences between the parties that will be covered in the other rulings being made by the SDM at this time.

The SDM convened a telephone conference on August 23, 2005 to address the disputes between the parties respecting the document production and the privilege logs. At the conclusion of that conference, the SDM directed that plaintiff identify 50 entries on TeleCheck's July 28, 2005 privilege log that LML concludes do not support TeleCheck's claim of privilege. The SDM also requested LML to identify an additional 10 entries that were referred to by LML as complaints to the description in the log that simply referred in conclusory fashion to "business operations", which LML contends was an inadequate description. On August 29, 2005, plaintiff set forth in a letter the 60 selections it had made at random from TeleCheck's privilege log. The SDM on September 1, 2005 requested defendant to provide those documents for *en camera* review and in addition, 22 selections made by the SDM at random from various categories contained in plaintiff's motion.

The SDM has reviewed *en camera* these 82 submissions and its findings and rulings as to each of those selections follows:

I.    **General**

As noted earlier in this Order, the defendant contends that many of the complaints that plaintiff makes in respect to defendants logs appear in virtually identical form in plaintiff's logs. To the extent that that is correct, it of course cannot be a basis to decide whether plaintiff's claims have merit in respect to defendant's logs. The logical extension of defendant's approach could result in the curtailment of discovery from both sides depending on the degree of non compliance by one party in the preparation of its log. We will not experiment with that prospect here.

Examining 88 documents out of an estimated 1,000, results in a random sample of 8.8 percent. While this will not pass scientific muster, it has provided direction to the SDM in

determining the rulings that should be made in the *en camera* document review as well as the steps to be followed to resolve all of the current disputes.

## II.     SDM's Findings

These findings will relate to the five categories of complaint made by plaintiff in its motion to compel and identified therein as follows:

Tab A – entries not involving or identifying an attorney.

Tab B – descriptions not matching identified authors/recipients.

Tab C – documents provided to third parties.

Tab D – inadequate descriptions.

Tab E – documents within scope of waiver.

### Tab A – entries not involving or identifying an attorney

LML has noted in its motion at Tab A approximately 170 documents in this category.[1] The plaintiff selected 13 of those documents at random and the SDM selected one for a total of 14 documents. The manner in which the SDM made rulings on these selected documents is to adopt a series of codes for the various categories of privilege protection that apply. (See Exhibit A attached to this order.) When applying these codes to the documents reviewed, if the privilege was allowed, the ruling would show on the schedule for that document a "Y". If it was not allowed, it would show a "N". An additional ruling of "W" would apply if the privilege was waived.

Of the 13 documents selected from Tab A, 9 of them were ruled "N", meaning that the request for privilege was refused. Three of the documents were marked "Y" meaning the privilege is allowed, and one was disallowed because the privilege was deemed waived ("W"). Of those where privilege was not allowed ("N"), six were found not to qualify for the attorney

---

[1] An estimate is satisfactory for present purposes.

client privilege (Code "A"). Three of the work product claims were denied privilege ("N") because a review of the document made it plain that it was generated in the ordinary course of business of the defendant and not in anticipation of litigation (Code "H").

Five of the attorney client privilege documents have a code designation of "E" (ordinary course of business). In addition in four instances, necessary attorneys, parties or entities were not identified (Code "P"). The finding based on this review suggests that there are some fundamental misunderstandings by those making privilege judgments on behalf of defendant as to the basic elements of attorney client privilege and work product protection.

The four instances where necessary attorneys, parties or entities are not identified results primarily from a failure to provide to the SDM as requested in its letter of August 8, 2005 an alphabetical list of persons whose names would appear on the log, or on documents who would be either senders or recipients and whose status could effect either the existence or the possible waiver of privilege status. This was not provided. It is noted in all four of those instances, however, the privilege was refused ("N") on other grounds.

**Tab B – descriptions not matching identified authors/recipients.**

Plaintiff has enumerated in Tab B of its motion what appear to be 350 documents or so. The principal thrust here by the plaintiff is that the "entries identify an attorney, but the description of the document and the asserted privilege conflict with the individuals identified as the author or recipient." There are 11 documents selected at random by the plaintiff and as a result of the *en camera* review, privilege was allowed in 10 of those documents ("Y") and it was refused in one ("N"). Defendant's response to the complaint of plaintiff here is set forth in its two letters of September 2, 2005, one of which is in response to plaintiff's letter of August 29, 2005, and the other response to the SDM's letter of September 1, 2005 and is as follows.

Defendant contends that in its client's organization, communication by email by and among many persons, presumably with the "need to know", results in a series of emails by, through and among various authors and recipients of communication which chain of emails must be looked at as a unit to determine all of the elements associated with who is communicating to whom and for what purpose. The consequence of that is that often times an email may be simply a transmittal by a non attorney to another series of non attorneys in the defendant's business conveying a communication identified as an earlier attorney client authored document or message. The defendant says that it is clear that in that chain is the name of the attorney about which this communication revolves by either giving advice or being asked for advice. That attorney's name may not appear on the most current email that refers to communication because it is the latest email that is on the log. Defendant contends that it has explained this to the plaintiff on a meet and confer level on a number of occasions and specifically on August 15, 2005, August 16, 2005 and in an August 16, 2005 letter, as well as in the letter briefs submitted to the SDM on August 25, 2005. The SDM finds that the method through the email chain process can, and in the instance of the documents selected under Tab B do, satisfy the attorney client privilege claimed by the defendant in 10 of the 11 documents selected. In the 11th document, the email method did not form the basis for the defeat of the claim, but rather it was determined not to be entitled to privilege on other grounds (*See* Doc.1363839).

**Tab C – entries documents provided to third parties.**

None were selected at random for *en camera* examination

**Tab D – inadequate descriptions.**

Plaintiff complains in the motion that the documents listed under Tab D have descriptions on the privilege log that are cursory, overbroad and not sufficient to establish that each element

of the claimed privilege is met. Plaintiff quotes examples from defendant's log (with identifying document numbers) such as "letter re engagement as an independent contractor"; "correspondence containing legal advice from an attorney re business operations"; correspondence containing legal advice from an attorney"; and "correspondence from attorney containing information re another attorney". Plaintiff contends these are sparse, non specific and do not remotely suggest any privilege or protection is applicable. Plaintiff further contends that such descriptions interfere with assessing the scope of any waiver by the defendant including the waiver by all defendants based on their reliance on the advice of counsel as a defense to willful infringement.

Defendant responds that an *en camera* review will show that these descriptions are adequate and these documents are privileged. Defendant also notes in its letter of September 2, 2005 that LML has not included in its 60 documents for *en camera* review any documents whose description includes the phrase "legal advice re business operations."[2] The problem of course with the position by TeleCheck is that implicit in the argument is the notion that *en camera* review is a routine required step to assist the parties seeking discovery in determining what decision that party should make regarding its rights to production concerning such documents. This group of documents contains several hundred document numbers. An *en camera* review of 22 of those documents provided shows that 14 of the documents were not entitled to privilege status. Eight of the documents were entitled to privilege status. Again, while not scientific, the sampling even though small is an indication that the descriptions are woefully inadequate to tell whether the essential elements of privilege are present in the description to allow the plaintiff to make a decision whether to accept the assertion of privilege and to demand production

**Tab E – documents within scope of waiver.**

---

[2] This is not correct. See documents numbered 3, 92, 137, 157, 640, 1885, 2665, 3877 and 1362229.

This category has to do with the waiver that has been invoked by reason of the defendant's reliance on the advice of counsel in defense of the claim of willful infringement. There are approximately 80 documents listed under Tab E as being documents that plaintiff claims are not entitled to privilege because of the application of this waiver doctrine. Six documents were selected at random. *En camera* review revealed that five of those documents were not entitled to privilege status because the privilege had been waived and one was entitled to privilege status because privilege had not been waived.

Again, although a small sample, the extent to which defendant has not satisfied its burden in establishing privilege is sufficiently out of balance to be an amount to entitle plaintiff to some relief.

**Conclusions**

Much of the same background and activity between plaintiff and defendant's counsel has taken place in regard to the TeleCheck disputes as is set forth in Special Discovery Master Order No. 3 regarding ECHO and that is incorporated herein by reference.

TeleCheck furnished to the Special Discovery Master a cast of characters to the extent that it consisted of attorneys and legal assistants which included naming 71 attorneys and 23 legal assistants and their affiliation. TeleCheck's log, however, made reference to David Black (Doc. 3), Amy Berg (Doc. 467), FDMS General Counsel David Money (Doc. 113) Frank Hinman, May Lee and Scott Betz (Doc. 113) which are not on the attorney list. The SDM was not provided with any information regarding non-attorney or non-legal assistants.

One approach that TeleCheck has made in response to the demand for production by LML is to rely quite heavily on the correctness of its logs by noting that it compares with similar defects complained of by LML in LML's logs. This comparison is referred to on pages 1

through 7 of TeleCheck's response to plaintiff's motion.  The better response to that position would be to file a motion to produce a document improperly logged.

Document 134 claims attorney client and work product protection.  It is logged as correspondence and a draft of a presentation reflecting advice of counsel containing legal advice from an attorney regarding business operations.  An examination of the 16 page document shows that it was provided to 22 people, one of which was Alan Bethsheider, Esq. identified on the list of counsel as an attorney for TeleCheck.  A fair reading of the full document demonstrates without doubt that it is a document generated and distributed widely to FirstData (the parent of TeleCheck) people in the ordinary course of business.  While in some obscure way, it may, as TeleCheck states "reflect" attorney advice, that does not appear anywhere in the attorney client communication context.  It is aimed as a business strategy to be used in connection with participating payor banks.  The claim of work product protection is surprising, because the document has nothing to do with anticipated litigation or trial.  In Document 1885, attorney client privilege is claimed.  This email is not one of a chain of emails, but appears to be communication between non attorneys having to do with a plan to test and pilot acceptance of processing corporate checks electronically.  The documents distributed to Cheryl Lanier "owner" and to 37 other people, one of which happened to be "Curtis Kantor" an attorney shown on the attorney list as a TeleCheck attorney.  A fair reading of this entire document does not support the claim that is entitled to attorney client privilege protection.  A view of many of the documents submitted at random that did not qualify for the privilege claimed gave the distinct impression to the SDM that if the review of the document was in doubt as to its privilege status, it was placed on the log, rather than being produced.  Examples of documents in this category include 134, 137, 157, 543, 1885, 3877, 136229, 196000, 1723 and 2905-24.

One of the areas of plaintiff's complaint with the log had to do with alleged inadequate descriptions and specifically that group of documents where the description simply made reference to either correspondence, or notes or seeking legal advice re ". . . business operations". Ten documents were selected at random in this category and in nearly every one a description that would help in assessing whether it should be produced or not was easily available without compromising sensitive information. For Document 3 – it merely had to make reference to the fact that the communication was related to an unrated business acquisition; Document 92 – had to do with "communication regarding terms of an agreement with a customer unrelated to litigation"; Document 137 – "communication with an unrelated potential customer"; Document 157 – "inquiry regarding where to refer certain questions from a third party"; Document 640 – "communication regarding separate litigation in another court". Document 2655 – this discusses contract language in an unrelated warranty matter. Document 3877 – here work product protection is requested for this document described on log as "notes reflecting legal advice re business operations". What the content requires is that the document be produced by reason of the waiver of the attorney-client privilege in this case.

For the foregoing reasons, the SDM orders as follows:

1.      After a thorough review by TeleCheck of this Order, it will reexamine the documents that it has withheld based on privilege set forth in LML's motion of August 18, 2005 and take a final, hard look at each and every document that it continues to contend is entitled to privilege or protection.

2.      On or before seven days after the date of this Order, TeleCheck with notify counsel for LML and the SDM to what extent documents sought to be produced by LML in its motion of August 18, 2005 continue to be withheld by TeleCheck.

3.     To the extent that any documents are either required to be produced by the terms of this order or by reason of the withdrawal of a claim of privilege or protection, they shall be produced to LML within 10 days of the date herein.

4.     In respect to any documents set forth in LML's motion to produce of August 18, 2005 that continue to be withheld based on a claim of privilege or protection, they will be examined *en camera* by the SDM at a hearing to be held in the United States Courthouse of Wilmington, DE at a date, time and location to be determined between the parties and the SDM.

5.     Counsel shall arrange with the clerk of court for a location for the hearing to take place and for the presence of a court reporter.

6.     LML's motion seeking production of documents inadvertently produced by TeleCheck is denied.

7.     To the extent LML's motion seeks production of documents produced in an untimely matter, that motion is denied.

SO ORDERED:

_____
SPECIAL DISCOVERY MASTER

DATED: September 27, 2005

# EXHIBIT A

# SPECIAL DISCOVERY MASTER'S PRIVILEGE CODES

Exhibit A to Special Discovery Order No. 4

## PRIVILEGE CODES

### ATTORNEY CLIENT PRIVILEGE [1]

**A**      This does not contain a communication to an attorney, and his client or agent, by his/her client, or agent in accordance with standard for the attorney client privilege. The communication does not implicate legal advice or facilitation of legal service.

**B**      Communication is not confidential/ or the information is not intended to be confidential.

**C**      Copy to counsel in this instance does not cure failure to qualify for A/C Privilege.

**D**      This communication is a communication between non-lawyers, and is not covered by the A/C Privilege.

**E**      This communication appears to be a communication generated in the ordinary course of business and not as required for attorney client privilege protection.

**F**      This is confidential communication that satisfies the A/C Privilege Standard.

**G**      The recipients of this communication have a common legal interest[2] in the litigation or the subject of the representation.

### WORK PRODUCT DOCTRINE [3]

**H**      This communication appears to be generated in the ordinary course of business and not in anticipation of litigation.

**I**      Same as above, except "in preparation for trial" rather than "in anticipation of litigation".

**J**      This information is not work product.
**K**      The recipients of this communication have a common legal interest in litigation.

**L**      This communication appears to be work-product communicated to and among those who have the "need to know."

**M**      This communication satisfies the W/P doctrine in anticipation litigation.

**N**      Same as above, except it was "in preparation for trial" and not "in anticipation of litigation."

**O**      (Code Unassigned)

### OTHER FACTORS

**P**      Necessary attorneys, parties or entities not identified.

---

[1-3] The Standard is that set forth in the SDM's Order dated September 23, 2005.

# EXHIBIT B

## TELECHECK DOCUMENTS EXAMINED BY SPECIAL DISCOVERY MASTER AND RULINGS

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 1 of 7
Date: September 27, 2005
Exhibit B to Special Discovery Master
Order No. 4

The documents in these pages 1 through 7 are ruled upon in the sequential order that they were furnished to the SDM in two 3-ring binders on September 2 and September 8, respectively.

TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| 17 | N | N | — | — | P, H. |
| 104 | N | — | — | — | A, E. |
| 113 | Y | N | — | — | F, H. |
| 145 | Y | — | — | — | F. |
| 400 | Y | — | — | — | F. |
| PR 1060-81 | — | N | — | — | H. |
| PR 2306 | — | N | — | — | H. |
| PR 2500 | — | N | — | — | H. |
| PR 2830 | Y | — | — | — | F. |
| PR 2835 | N | — | — | — | P, A, E, C. |
| PR 2959 | W | W | — | — | |
| PR 3164 | N | — | — | — | P, A, E. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 2 of 7
Date: September 27, 2005
Exhibit B to Special Discovery Master
Order No. 4

LML Patent Corp. v. TeleCheck Services, Inc., et al.
Civil Action No.: 04-858-SLR
(District of Delaware)

The documents in these pages 1 through 7 are ruled upon in the
sequential order that they were furnished to the SDM in two 3-ring binders
on September 2 and September 8, respectively.

TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| 1212263-64 | N | — | — | — | P, A, E. |
| 196000-01 | N | N | — | — | A, D, E, H.  This is the same document as log entry 113. |
| 1018124 | — | — | — | — | Cannot locate this document. |
| 26 | Y | N | — | — | F, H. |
| 57 | Y | — | — | — | F. |
| 75 | Y | — | — | — | F. |
| 89 | Y | — | — | — | F. |
| 335 | Y | — | — | — | F. |
| 467 | Y | — | — | — | F. |
| 506 | Y | — | — | — | F. |
| PR 2338-41 | Y | — | — | — | F. |
| 1362186-88 | Y | — | — | — | F. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P= Mediation Privilege

Page 2 of 7
Date: September 27, 2005
Exhibit B to Special Discovery Master
Order No. 4

# LML Patent Corp. v. TeleCheck Services, Inc., et al.
## Civil Action No.: 04-858-SLR
### (District of Delaware)

The documents in these pages 1 through 7 are ruled upon in the sequential order that they were furnished to the SDM in two 3-ring binders on September 2 and September 8, respectively.

## TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| 111614 | Y | --- | --- | --- | F. |
| 240 | N | N | --- | --- | A, H. |
| 270 | N | N | --- | --- | A, H. |
| 327 | Y | --- | --- | --- | F. |
| 473 | Y | --- | --- | --- | F. |
| 547 | Y | --- | --- | --- | F. |
| 645 | Y | --- | --- | --- | F. |
| 668 | Y | --- | --- | --- | F. |
| PR 215255 | N | --- | --- | --- | A, E, C. |
| 1362839 | N | --- | --- | --- | A, C. E. |
| PR 3747-50 | Y | --- | --- | --- | F. |
| 85 | Y | --- | --- | --- | F. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P= Mediation Privilege

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

The documents in these pages 1 through 7 are ruled upon in the
sequential order that they were furnished to the SDM in two 3-ring binders
on September 2 and September 8, respectively.

TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| 122 | Y | --- | --- | --- | F. |
| 125 | N | --- | --- | --- | A, E, C. |
| 334 | Y | --- | --- | --- | F. |
| PR 1723 | N | --- | --- | --- | A. |
| PR 3851 | --- | N | --- | --- | H. |
| FDC 4003569 | --- | --- | --- | --- | More information is needed here about distribution and the columns of five digit numbers beginning with first page. |
| 43238 | Y | --- | --- | --- | F. |
| 113485 | N | N | --- | --- | A, B, H. |
| PR 2905-24 | W | W | --- | --- | |
| PR. 4381 | W | W | --- | --- | |
| PR 4383 | Y | Y | --- | --- | F, M. |
| PR 4405 | W | W | --- | --- | |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 5 of 7
Date: September 27, 2005
Exhibit B to Special Discovery Master
Order No. 4

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

The documents in these pages 1 through 7 are ruled upon in the sequential order that they were furnished to the SDM in two 3-ring binders on September 2 and September 8, respectively.

TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| PR 4563 | Y | N | — | — | F, H. |
| PR 4627 | W | W | — | — | |
| 3 | N | — | — | — | P. |
| 92 | Y | — | — | — | F. |
| 137 | N | — | — | — | P, A, E. |
| 157 | N | — | — | — | A. |
| 640 | — | — | — | — | TeleCheck has advised that it has agreed to produce this document. |
| PR 1885 | N | — | — | — | P, A, C, E |
| PR 2655 | Y | — | — | — | F. |
| PR 2664 | N | — | — | — | P. |
| PR 3877 | — | N | — | — | H. |
| 1362229 | — | N | — | — | H. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
CI = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 6 of 7
Date: September 27, 2005
Exhibit B to Special Discovery Master
Order No. 4

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

The documents in these pages 1 through 7 are ruled upon in the
sequential order that they were furnished to the SDM in two 3-ring binders
on September 2 and September 8, respectively.

## TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| 543 | N | N | — | — | A, E, B, H. |
| PR 0941 | Y | — | — | — | F. |
| PR 3333 | Y | — | — | — | F. |
| PR 4377 | W | W | — | — | |
| FDC 4000793 | — | — | — | — | Produced 7/29/05. Not necessary to provide to SDM. |
| 134 | N | N | — | — | A, C, E, H, I. |
| 299 | Y | — | — | — | F. |
| 471 | Y | — | — | — | F. |
| PR 2424 | Y | — | — | — | F. |
| PR 3051 | Y | — | — | — | F. |
| 119 | Y | — | — | — | F. |
| 320 | Y | — | — | — | F. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P= Mediation Privilege

Page 7 of 7
Date: September 27, 2005
Exhibit B to Special Discovery Master
Order No. 4

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

The documents in these pages 1 through 7 are ruled upon in the
sequential order that they were furnished to the SDM in two 3-ring binders
on September 2 and September 8, respectively.

TELECHECK PRIVILEGE LOG 7/28/05

| Document I.D. | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|
| 498 | Y | --- | --- | --- | F. |
| 499 | Y | --- | --- | --- | F. |
| 1770-1771 | Y | --- | --- | --- | F. |
| 3228-3230 | W | W | --- | --- | |
| 109-488 | Y | --- | --- | --- | F. |
| 715 | Y | --- | --- | --- | F. |
| 3151 | W | W | --- | --- | |
| 3218 | W | W | --- | --- | |
| 3763 | Y | N | --- | --- | F, H. |
| 4359 | W | W | --- | --- | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P= Mediation Privilege

# EXHIBIT I

# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA EMAIL AND FIRST CLASS MAIL**

October 7, 2005

Jamie McDole, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:    *LML Patent Corp. v. TeleCheck Services, Inc., et al.*
       USDC-D. Del. - C.A. 04-858 (SLR)



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Jamie:

Pursuant to the Special Master's September 27, 2005 Order, TeleCheck will produce copies of the documents on the attached list pursuant to the schedule set forth in the Order. TeleCheck produces these documents pursuant to Court Order, and makes no waiver with respect to these documents or their subject matter. Understand that some documents on LML's list of disputed documents had already been produced, so some of the documents listed in the attachment may be duplicative with those already produced.

Very truly yours,

Timothy Devlin

TXD/kxk

cc:  The Honorable Louis C. Bechtle (Via Facsimile)

80027623.doc

Bechtle Ordered
Documents to Produce

| Document Numbers | Bates Numbers |
|---|---|
| 3 | FDC PR 1060-1081 |
| 17 | FDC PR 1723 |
| 104 | FDC PR 1885-1886 |
| 125 | FDC PR 2152-2155 |
| 134 | FDC PR 2306 |
| 137 | FDC PR 2500-2501 |
| 157 | FDC PR 2664-2665 |
| 240 | FDC PR 2835 |
| 270 | FDC PR 2905-2924 |
| 543 | FDC PR 2959 |
| | FDC PR 3151 |
| | FDC PR 3164 |
| | FDC PR 3218 |
| | FDC PR 3328-3330 |
| | FDC PR 3851 |
| | FDC PR 3877 |
| | FDC PR 4359 |
| | FDC PR 4377 |
| | FDC PR 4381 |
| | FDC PR 4405 |
| | FDC PR 4627 |
| | |
| | FDC 113485-86 |
| | FDC 1212263-1212264 |
| | FDC 362229-1362248 |
| | FDC 1362839 |
| | FDC 196000-196001 |

FDC PR 0918-0919
FDC PR 0981-0987
FDC PR 0988-0998
FDC PR 0999-1001
FDC PR 1002-1003
FDC PR 1007
FDC PR 1018-1036
FDC PR 1037-1059
FDC PR 1044-1006
FDC PR 1081
FDC PR 1082
FDC PR 1104-1125
FDC PR 1126-1147
FDC PR 1148-1169
FDC PR 1170-1191
FDC PR 1192-1210
FDC PR 1211-1229
FDC PR 1230-1252
FDC PR 1253-1274
FDC PR 1275-1296
FDC PR 1297-1316
FDC PR 1317-1338
FDC PR 1339-1362
FDC PR 1363-1382
FDC PR 1383-1404
FDC PR 1405-1423
FDC PR 1424-1442
FDC PR 1443-1465
FDC PR 1466-1487
FDC PR 1488-1509
FDC PR 1510-1532
FDC PR 1533
FDC PR 1542-1560
FDC PR 1561-1579
FDC PR 1580-1602
FDC PR 1603-1624
FDC PR 1625-1646
FDC PR 1647-1668
FDC PR 1680-1683
FDC PR 1684-1686
FDC PR 1718
FDC PR 1723
FDC PR 1765
FDC PR 1766-1767
FDC PR 1768-1769
FDC PR 1772-1773
FDC PR 1814-1817
FDC PR 1818

FDC PR 1819-1820
FDC PR 1821-1822
FDC PR 1878
FDC PR 1880
FDC PR 1974
FDC PR 2020-2033
FDC PR 2036-2038
FDC PR 2042
FDC PR 2050-2051
FDC PR 2058-2059
FDC PR 2060-2061
FDC PR 2075-2077
FDC PR 2091-2093
FDC PR 2094-2096
FDC PR 2097-2098
FDC PR 2099-2100
FDC PR 2101-2102
FDC PR 2120-2122
FDC PR 2120-2122
FDC PR 2149-2151
FDC PR 2185-2186
FDC PR 2195
FDC PR 2219
FDC PR 2266-2268
FDC PR 2271-2273
FDC PR 2274-2276
FDC PR 2277-2278
FDC PR 2279-2280
FDC PR 2281-2282
FDC PR 2283-2285
FDC PR 2286-2288
FDC PR 2289-2292
FDC PR 2293-2296
FDC PR 2297-2299
FDC PR 2300
FDC PR 2301-2302
FDC PR 2303
FDC PR 2304-2305
FDC PR 2306
FDC PR 2307-2308
FDC PR 2309-2310
FDC PR 2311
FDC PR 2331-2333
FDC PR 2335-2337
FDC PR 2342-2344
FDC PR 2349-2350
FDC PR 2354
FDC PR 2500-2501

FDC PR 2632-2635
FDC PR 2636-2639
FDC PR 2640-2643
FDC PR 2644-2646
FDC PR 2647-2649
FDC PR 2650-2652
FDC PR 2653-2654
FDC PR 2657-2658
FDC PR 2660-2661
FDC PR 2664-2665
FDC PR 2673
FDC PR 2680
FDC PR 2789
FDC PR 2791
FDC PR 2792
FDC PR 2793
FDC PR 2794
FDC PR 2816
FDC PR 2817
FDC PR 2818
FDC PR 2829
FDC PR 2832-2833
FDC PR 2840
FDC PR 2844-2845
FDC PR 2846-2847
FDC PR 3144
FDC PR 3304
FDC PR 3783
FDC PR 3877
FDC PR 3958-3959
FDC PR 3960
FDC PR 4115-4117
FDC PR 4362
FDC PR 4377
FDC PR 4382
FDC PR 4401
FDC PR 4413
FDC PR 4528
FDC PR 4533-4548
FDC PR 4551
FDC PR 4562
FDC PR 4564
FDC PR 4574
FDC PR 4666
FDC PR 4676-4679
FDC PR 4680-4683

FDC 03125
FDC 100899-100900
FDC 10218
FDC 1080096-1080097
FDC 1097518
FDC 1097527
FDC 113602
FDC 113837-113838
FDC 113860-113864
FDC 1170818
FDC 1178898-1178919
FDC 1212261-1212262
FDC 1244224-1244312
FDC 128475-128883
FDC 128749
FDC 1357397
FDC 1357499-1357501
FDC 1362186-1362188
FDC 1362229-1362238
FDC 1362239-1362248
FDC 1362827-1362828
FDC 1363326-1363345
FDC 1363388-1363390
FDC 1363395-1363413
FDC1364211-1364229

FDC 1363274
FDC 1363277-1363280
FDC 1363018-1363033
FDC 1389336-1389340
FDC 1390440-1390457
FDC 176610-176611
FDC 193641-193644
FDC 196967
FDC 200221-200224
FDC 201090-201091
FDC 202577-202584
FDC 202590-202591
FDC 202596-202597
FDC 202606-202607
FDC 202635-202636
FDC 202643-202644
FDC 202645-202646
FDC 209221
FDC 43109-43111
FDC 53016-53018
FDC 53730

FDC 53960-53963
FDC 54468-54469
FDC 65008-65011
FDC 753721-753722
FDC 753735-753737
FDC 785305-785306
FDC 799983
FDC 805766
FDC 859734
FDC 866010-866011
FDC 866036
FDC 916098-916099
FDC 916100-916101
FDC 916157-916163
FDC 918072
FDC 918617
FDC 918623
FDC 95137-95145
FDC 95174-95175
FDC 96311

3

| | | | | | | |
|---|---|---|---|---|---|---|
| 13 | 147 | 227 | 292 | 372 | 455 | 578 |
| 87 | 148 | 228 | 293 | 372 | 469 | 579 |
| 88 | 149 | 229 | 294 | 373 | 470 | 580 |
| 88 | 150 | 230 | 295 | 373 | 471 | 581 |
| 89 | 155 | 231 | 296 | 375 | 472 | 582 |
| 90 | 156 | 232 | 298 | 375 | 473 | 583 |
| 91 | 157 | 233 | 300 | 376 | 474 | 584 |
| 91 | 160 | 234 | 301 | 376 | 478 | 585 |
| 92 | 176 | 234 | 302 | 377 | 481 | 588 |
| 93 | 178 | 235 | 303 | 377 | 483 | 589 |
| 94 | 179 | 236 | 304 | 378 | 487 | 590 |
| 95 | 184 | 238 | 307 | 378 | 525 | 593 |
| 96 | 185 | 239 | 309 | 379 | 526 | 594 |
| 97 | 186 | 240 | 310 | 380 | 531 | 595 |
| 104 | 187 | 241 | 311 | 382 | 532 | 596 |
| 105 | 188 | 242 | 312 | 383 | 536 | 597 |
| 106 | 190 | 244 | 313 | 387 | 537 | 598 |
| 109 | 191 | 248 | 314 | 387 | 540 | 618 |
| 110 | 192 | 249 | 316 | 388 | 541 | 619 |
| 116 | 193 | 250 | 317 | 389 | 542 | 620 |
| 120 | 194 | 252 | 318 | 391 | 543 | 630 |
| 122 | 195 | 253 | 322 | 392 | 544 | 631 |
| 123 | 196 | 254 | 323 | 395 | 544 | 640 |
| 124 | 197 | 255 | 326 | 396 | 545 | 642 |
| 125 | 198 | 256 | 337 | 398 | 546 | 665 |
| 127 | 199 | 257 | 342 | 401 | 546 | 666 |
| 130 | 200 | 258 | 343 | 404 | 547 | 667 |
| 132 | 201 | 259 | 344 | 408 | 547 | 671 |
| 133 | 202 | 260 | 347 | 409 | 550 | 672 |
| 134 | 203 | 261 | 350 | 410 | 555 | 720 |
| 135 | 209 | 262 | 352 | 418 | 556 | 726 |
| 136 | 210 | 263 | 353 | 420 | 557 | 731 |
| 137 | 214 | 269 | 354 | 420 | 558 | 743 |
| 138 | 215 | 275 | 355 | 422 | 559 | 748 |
| 139 | 216 | 276 | 356 | 423 | 560 | 750 |
| 140 | 217 | 277 | 357 | 424 | 561 | 751 |
| 141 | 220 | 278 | 359 | 439 | 562 | 755 |
| 142 | 221 | 279 | 362 | 440 | 564 | 758 |
| 143 | 223 | 280 | 366 | 444 | 567 | 763 |
| 144 | 224 | 281 | 367 | 445 | 571 | 764 |
| 145 | 225 | 290 | 371 | 446 | 575 | 767 |
| 146 | 226 | 291 | 371 | 451 | 576 | 768 |