# EXHIBIT   1

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT   2

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT 3

# ELECTRONIC CLEARING HOUSE, INC.
## PRIVILEGE LOG
## MAY 17, 2005

| NO. | DOC. DATE | DESCRIPTION | PRIVILEGE | RECIPIENT | AUTHOR | CC |
|---|---|---|---|---|---|---|
| 1 | 2/1/02 | Memo re LML Patents - Summary of outside counsel's analysis re: patent #988, #528, and #386 | attorney client; work product immunity | ECHO Board of Directors | R. M. Frost, Esq. | |
| 2 | 4/18/02 | Memo re LML patents - Summary of outside counsel's advice re: strategic defenses re patents in suit. | attorney client; work product immunity | ECHO Board of Directors | R. M. Frost, Esq. | |
| 3 | 10/9/02 | Memo reflecting summary of teleconference with Ed Poplawski, Esq. and Mark Mizrahi, Esq. re defensive strategies | attorney client; work product immunity | J. Barry | R. M. Frost, Esq. | |
| 4 | 3/7/03 | Letter reflecting opinion re: #6,164,528 | attorney client; work product immunity | R. M. Frost, Esq. | D. McKenzie, Esq.; P. Meier, Esq. | |
| 5 | 5/6/00 | Letter reflecting opinion re: patent #5,484,988 | attorney client; work product immunity | R. M. Frost, Esq. | R. Schroeder, Esq.; D. McKenzie, Esq. | |
| 6 | 2/1/02 | Minutes of ECHO Board of Directors meeting of 2/01/02 summarizing Mr. Frost, Esq.'s presentation re patents in suit | attorney client; work product immunity | N/A | D. Rehman | |
| 7 | 4/9/02 | Minutes of ECHO Board of Directors meeting of 04/09/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | |
| 8 | 7/16/02 | Minutes of ECHO Board of Directors meeting of 07/16/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | |
| 9 | 10/7/02 | Minutes of ECHO Board of Directors meeting of 10/07/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | |
| 10 | 12/2/02 | Minutes of ECHO Board of Directors meeting of 12/02/2002 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | |
| 11 | 2/9/04 | Minutes of ECHO Board of Directors meeting of 02/09/04 - summary of status of legal matters by Joe Asakba, Esq. | attorney client; work product immunity | ECHO Board of Directors | G. Akselrud, Esq. | |
| 12 | 7/6/01 | Cover memo forwarding requested information re brief description of ECHO's implementation of electronic check conversion | attorney client; work product immunity | M. Mizrahi, Esq. | Larry Brown | J. Barry |
| 13 | 7/9/01 | Cover memo with attachment of brief description of ECHO's implementation of electronic check conversion | attorney client; work product immunity | D. McKenzie, Esq. | M. Mizrahi, Esq. | S. Dow |
| 14 | 4/11/02 | Cover memo with attachment of memo from J. Barry to M. McCoy and M. Frost, Esq. re discussion with Visa and Visa's attorney re LML | common interest; attorney client; work product immunity | M. Mizrahi, Esq. | M. Frost, Esq. | |
| 15 | 4/11/02 | Memo from J. Barry to M. McCoy and Mr. Frost, Esq. re discussion with Visa and Visa's counsel re: LML patent | common interest; attorney client; work product immunity | M. McCoy, M. Frost, Esq. | J. Barry | |
| 16 | 4/11/02 | Cover memo transmitting log item #15 | attorney client; work product immunity | D. McKenzie, Esq., E. Poplawski, Esq. | M. Mizrahi, Esq. | |
| 17 | 4/11/02 | Memo re log #15 | attorney client; work product immunity | M. Mizrahi, Esq., D. McKenzie, Esq. | E. Poplawski, Esq. | |
| 18 | 4/17/02 | Agenda for teleconference with J. Barry re LML defensive strategies | attorney client; work product immunity | E. Poplawski, Esq., D. McKenzie, Esq. | M. Mizrahi, Esq. | R. Slater, M. Frost, Esq., D. McKenzie, Esq. |
| 19 | 7/5/01 | Memo re status of patent analysis | attorney client; work product immunity | L. Brown, M. Mizrahi, Esq., J. Barry | L. Brown | R. Slater, M. Frost, Esq. |
| 20 | 7/5/01 | Memo re status of ECHO information requested | attorney client; work product immunity | M. Mizrahi, Esq., J. Barry | L. Brown | |
| 21 | 7/5/01 | Memo with attachments re ECHO's online check service from a marketing perspective and from a service options perspective | attorney client; work product immunity | M. Mizrahi | J. Barry | L. Brown, M. Frost, Esq. |
| 22 | 6/27/01 | Memo re ownership of LML patents | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 23 | 6/20/01 | Memo re ownership of LML patents | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 24 | 6/13/01 | Memo re prior art | attorney client; work product immunity | E. Poplawski, Esq. | M. Mizrahi, Esq. | |
| 25 | 6/13/01 | Memo re NACHA | attorney client; work product immunity | D. Dick | M. Mizrahi, Esq. | |
| 26 | 6/12/01 | Memo re NACHA | attorney client; work product immunity | M. Mizrahi, Esq. | J. Barry | D. Dick |
| 27 | 6/12/01 | Memo re NACHA | attorney client; work product immunity | M. Mizrahi, Esq. | J. Barry | J. Barry |
| 28 | 6/12/01 | Memo re NACHA | attorney client; work product immunity | D. Dick | D. Dick | |
| 29 | 6/12/01 | Memo re NACHA | attorney client; work product immunity | D. Dick | J. Barry | |
| 30 | 6/12/01 | Memo re status of defensive strategies re LML patents | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 31 | 6/12/01 | Memo re "resend" of log item 30 | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | |

**ELECTRONIC CLEARING HOUSE, INC.**
**PRIVILEGE LOG**
**MAY 17, 2005**

| NO. | DOC. DATE | DESCRIPTION | PRIVILEGE | RECIPIENT | AUTHOR | CC |
|---|---|---|---|---|---|---|
| 32 | 6/12/01 | Memo to assistant re: file histories for patents 5,484,988 and 6,164,528 | attorney client; work product immunity | S. Cordero | M. Mizrahi, Esq. | S. Dow |
| 33 | 6/11/01 | Memo re: file histories of the patents in issue | attorney client; work product immunity | E. Poplawski, Esq. | M. Mizrahi, Esq. | N/A |
| 34 | 6/11/01 | Memo re: tasks re defenses to LML patents | attorney client; work product immunity | S. Cordero | M. Mizrahi, Esq. | N/A |
| 35 | 6/5/01 | Memo re discussion with Ed Poplawski, Esq. and Mark Mizrahi, Esq. re LML | attorney client; work product immunity | J. Keller, D. Dick | J. Barry | M. Mizrahi, Esq. |
| 36 | 9/7/01 | Memo containing time estimate re legal opinion | attorney client; work product immunity | M. Mizrahi, Esq. | D. McKenzie, Esq. | N/A |
| 37 | 4/10/00 | Minutes of ECHO Board of Directors meeting of 04/10/00 summarizing outside counsel' s communications re patents-in-suit | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 38 | undated | Project updates re summary of outside counsel' s communication re patents-in-suit | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 39 | 2/1/02 | Minutes off ECHO Board of Directors meeting of 02/01/02 summarizing M. Frost, Esq' s presentation re patents-in-suit | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 40 | 2/1/02 | Memorandum re LML patents: summary of outside counsel' s analysis re patents' 988, ' 528 and ' 366 | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 41 | 4/9/02 | Minutes of ECHO Board of Directors meeting of 04/09/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 42 | 4/23/02 | Minutes of ECHO Board of Directors meeting of 04/09/02, amended 04/23/02, summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 43 | 7/16/02 | Minutes of ECHO Board of Directors meeting of 07/16/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 44 | 10/7/02 | Minutes of ECHO Board of Directors meeting of 10/07/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 45 | 12/2/02 | Minutes of ECHO Board of Directors meeting of 12/02/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 46 | 2/9/04 | Minutes of ECHO Board of Directors meeting of 02/09/04 summarizing status of legal matters by Mr. Stubbs, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 47 | Removed | Removed | Removed | Removed | Removed | Removed |
| 48 | Removed | Removed | Removed | Removed | Removed | Removed |
| 49 | 3/27/01 | Memorandum re legal advice re patent(s)-in-suit | attorney client; work product immunity | Visa U.S.A., Inc. | Jonathan O. Scott, Esq. | N/A |
| 50 | 3/27/00 | Email communication and attachment re response to LML' s contact with ECHO' s merchants re patents-in-suit | attorney client; work product immunity | J. Stubbs, Esq. | M. McCoy | A. Cheung |
| 51 | 2/25/04 | Email communication and attachment re responses to LML' s contact with ECHO' s merchants re patents-in-suit | attorney client; work product immunity | D. McKenzie, Esq., J. Barry, D. Griffin, S. Kirk, G. Gouffray, J. Lynch and M. Frost, Esq. | M. McCoy | J. Barry, A. Cheung |
| 52 | 3/27/00 | Email communication re LML' s 03/27/00 press release re ' 988 patent | attorney client; work product immunity | K. Winckler | K. Winckler | J. Barry, D. Griffin, S. Kirk, J. Lynch, M. Frost, Esq., P. Phillips and D. Brown |
| 53 | 3/27/00 | Email communication re LML' s 03/27/00 press release re ' 988 patent | attorney client; work product immunity | K. Winckler | G. Gouffray | A. Cheung, S. Kirk, K. Winckler, D. Griffin, D. Dick |
| 54 | 4/19/00 | Email communication re prior art of patents-in-suit | attorney client; work product immunity | M. Frost, Esq. | J. Barry | N/A |
| 55 | 4/19/00 | Fax cover letter and attachment re prior art of patents-in-suit | attorney client; work product immunity | G. Milano | M. Frost, Esq. | N/A |
| 56 | 4/25/00 | Email communication re prior art of patents-in-suit | attorney client; work product immunity | M. Frost, Esq., D. Griffin | J. Barry | N/A |
| 57 | undated | Fax cover letter re response to LML' s letter to Global Payments, Inc. | attorney client; work product immunity | D. McKenzie, Esq. | M. McCoy | N/A |
| 58 | 1/10/00 | Memorandum re legal advice re patent infringement statute of limitations | attorney client; work product immunity | R. Schroeder, Esq. | R. M. Frost, Esq. | N/A |
| 59 | 11/3/03 | Letter re engagement as an independent contractor | work product immunity | S. Spence | M. McCoy | N/A |
| 60 | 9/30/03 | Email communication re follow-up with prior art documents re patents-in-suit | work product immunity | D. Griffin | M. McCoy | J. Barry |
| 61 | 8/25/03 | Email communication re outside counsel' s analysis of ' 528 patent | attorney client; work product immunity | M. McCoy, P. Atias, A. Cheung, K. Winckler | J. Barry | N/A |
| 62 | 3/1/02 | Email communication re LML' s 03/01/02 press release and outside counsel' s analysis of ' 528 patent | attorney client; work product immunity | M. McCoy | P. Atias Williams | N/A |

2

**ELECTRONIC CLEARING HOUSE, INC.**
**PRIVILEGE LOG**
**MAY 17, 2005**

| NO. | DOC. DATE | DESCRIPTION | PRIVILEGE | RECIPIENT | AUTHOR | CC |
|---|---|---|---|---|---|---|
| 63 | 3/1/02 | Email communication re LMI¨s 03/01/02 press release and outside counsel¨s analysis of ¨528 patent | attorney client; work product immunity | K. Winckler, J. Barry, A. Cheung | P. Atlas Williams | A. Feinberg, D. Griffin, J. Keller |
| 64 | 3/1/02 | Email communication re LMI¨s 03/01/02 press release and outside counsel¨s analysis of ¨528 patent | attorney client; work product immunity | J. Barry, A. Cheung | K. Winckler | P. Atlas Williams, A. Feinberg, D. Griffin, J. Keller |
| 65 | 12/3/03 | Email communication re LMI¨s 12/03/03 press release | attorney client; work product immunity | J. Stubbs, Esq. | J. Barry | M. McCoy |
| 66 | 11/3/03 | Letter re engagement as an independent contractor | work product immunity | M. McCoy | S. Spence | |
| 67 | 8/27/03 | Memorandum re outside counsel¨s analysis of ¨528 patent | attorney client; work product immunity | J. Barry | M. McCoy | |
| 68 | 1/23/04 | Memorandum re outside counsel¨s analysis of ¨528 patent | attorney client; work product immunity | J. Stubbs, Esq. | M. McCoy | |
| 69 | 12/10/03 | Letter re prior art of patents in suit | work product immunity | M. McCoy | S. Spence | |
| 70 | 1/12/00 | Email communication re legal advice re patent infringement statute of limitations | attorney client; work product immunity | D. Dick | G. Masterson, Esq. | |
| 71 | 9/7/01 | Email communication re ¨366 patent | work product immunity | D. Dick | G. Bellor | |

3

# EXHIBIT 4

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Lesley G. Smith
To Call Writer Directly:
312 861-3186
lgsmith@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312 846-9200

May 18, 2005

Mr. Mark B. Mizrahi
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

> Re:  LML Patent Corp. v. TeleCheck Services Inc., et al.
> Civil Action No. 04-858 SLR (D. Del)

**<u>VIA FACSIMILE</u>**

Dear Mark:

I write regarding deficiencies in ECHO's privilege log served on May 17, 2005.

First, pursuant to Judge Robinson's Scheduling Order, "all documents within the scope of Defendants' waiver of privilege" were to be produced on or about April 29, 2005. Nearly three weeks have passed and we have not received all documents within the scope of ECHO's waiver of privilege.  We request production by the end of this week of document numbers 1-10, 12-21, 24, 30-45, 49, 54-56, 60-64, and 67-69 from ECHO's privilege log. ECHO's claimed privilege as to these documents has been waived as a result of ECHO's reliance on the advice of counsel as a defense to LML's charge of willful infringement. Failure to immediately produce these documents is in violation of the Court's Scheduling Order and would entitle LML to seek to preclude ECHO's reliance on the advice of counsel as a defense.

Second, the descriptions for document numbers 11, 25-29, 46, 52-53, 59, 66, and 71 in ECHO's privilege log are insufficient.  Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that documents withheld as privileged shall be described in a manner that will enable other parties to assess the applicability of the privilege or protection.  The descriptions given for the above document numbers do not provide enough information to assess the validity of ECHO's claimed privilege.  As a result, ECHO has failed to support its claim of privilege and all of these documents must be produced.

If you have any questions, feel free to give me a call.

**KIRKLAND & ELLIS LLP**

May 18, 2005
Page 2

Very Truly Yours,

Lesley G. Smith

# EXHIBIT 5

David A. Belasco
Robert Jacobs
Bruce A. Jagger
Mark B. Mizrahi
Norton R. Townsley
Don H. Min



**Belasco Jacobs & Townsley, LLP**
PATENTS·TRADEMARKS·COPYRIGHTS

*A Full Service Intellectual Property Law Firm*

HOWARD HUGHES CENTER
6100 Center Drive, Suite 630
Los Angeles, CA 90045
Phone: (310) 743-1188
Fax: (310) 743-1189
dmin@bjtlaw.com

June 1, 2005

**VIA FEDERAL EXPRESS**

Jamie H. McDole, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Re:   ***Electronic Clearing House, Inc., etc. ("ECHO"), et al., adv. LML Patent Corp.***
      USDC (Delaware) Case No. CV-04-858-SLR
      Our Docket No.:      04-277-Z

Dear Jamie:

Please find enclosed documents Bates numbered ECHO OP000434 through ECHO OP000485 corresponding to ECHO and Xpresschex's privilege log entries 1, 6 - 8, 37 - 43 and 50 - 51. Further, recently generated documents Bates numbered ECHO 0025064 - ECHO 0025066 are enclosed.

In addition, we will provide a revised privilege log under separate cover reflecting the foregoing.

Sincerely,

**BELASCO JACOBS & TOWNSLEY, LLP**

Don H. Min

Enclosures

McDole letter 6-1-05 (DM)

# EXHIBIT 6

1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

```
LML PATENT CORP.,              )
                               )
          Plaintiff,           )
                               )
     v.                        ) Civil Action
                               ) No. 04-858 (SLR)
TELECHECK SERVICES, INC.,      )
ELECTRONIC CLEARING HOUSE,     )
INC., XPRESSCHEX, INC., and    )
NOVA INFORMATION SYSTEMS,      )
INC.,                          )
                               )
          Defendants.          )
```

- - - - -

Wilmington, Delaware

Monday, May 2, 2005

5:00 p.m.

DISCOVERY CONFERENCE

- - - - -

BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

WILCOX & FETZER

1330 King Street - Wilmington, Delaware 19801

(302) 655-0477



**WILCOX & FETZER LTD.**

Registered Professional Reporters



5

1   just vacations.

2          MR. HERRMANN:  Certainly, certainly.

3          There's one caveat to item No. 1, Your

4   Honor.  We understand that Telecheck has not agreed to

5   produce a 30(b)(6) witness with regard to its

6   privilege log.  And the privilege log is an issue in

7   item No. 2, but Telecheck has suggested a special

8   discovery master to deal with all privilege log issues

9   and avoid the need to take a deposition.  LML has

10  agreed, and I think all of the defendants have agreed,

11  that if Your Honor is inclined to put a discovery

12  master in place, that that discovery master can take

13  the privilege logs as they substantially exist today,

14  with a minor addition that Telecheck will put on the

15  record and decide whether they're complete, whether

16  they're adequate, whether there's waiver, what's the

17  scope left of the privilege in light of ECHO and

18  Nova's relying on advice of counsel.  And LML is

19  agreeable to the addition of a special discovery

20  master for that purpose in lieu of deposition.

21          MR. MARSDEN:  Your Honor, that's correct.

22  Actually I think the idea of using a special master

23  was first floated by LML and we're comfortable with

24  that.  Frankly, we have a log that lists 2,000 items.



1    Hopefully it will only be a small percentage of those

2    that are in dispute, but even a small percentage I

3    imagine would try the patience of the Court.  And the

4    parties are able to take the discovery master's time

5    if the Court is so inclined.

6                   THE COURT:  All right.

7                   MR. HERRMANN:  Those are the two items

8    with regard to the plaintiff's agenda, Your Honor.

9                   I can cover your two items or you can

10    cover them.

11                   MR. MARSDEN:  I'll be happy to cover my

12    two items.

13                   I think the lesson, Your Honor, is if you

14    just stay back in chambers long enough, we can work

15    most of these things out.

16                   THE COURT:  I'm happy to leave again.

17                   MR. MARSDEN:  I think we've got them all

18    worked out.  We had two issues that we had raised.

19    One was the location procedure for the LML witness

20    depositions.  We've reached an agreement on that.  We

21    will go forward where they've offered the witnesses

22    and they've agreed that it will be under the rules of

23    this Court, although the depositions will be taken in

24    Canada.  So that's been worked out.



1      On the issue of inventor depositions, the

2  inventors are not within the control of the plaintiff,

3  or at least they represented that to us.  We served

4  subpoenas on the inventors, two individual inventors.

5  The parties have agreed that they may be taken for

6  more than one day, specifically Mr. Hills for three

7  days and Mr. Nichols for two days, provided that the

8  plaintiffs are permitted a quarter of that time for

9  cross-examination.  And obviously that's ultimately

10 subject to their individual attorneys' positions as

11 well.  But at least for the record, the parties here

12 are agreed to take Mr. Hills for three days, with a

13 quarter of the time reserved for plaintiff, and

14 Mr. Nichols for two days, with a quarter of the time

15 reserve for plaintiff.

16      THE COURT:  All right.  I have no other

17 agendas.  Are there other issues that we should be

18 addressing this afternoon?  If not, tomorrow I will

19 put in place my order of reference for the special

20 master for the specific subject of disputes involving

21 the privilege logs, and hopefully that will be taken

22 care of in due course as well.

23      All right.  Thank you very much.  It will

24 take me some time to get at my computer, so you may



# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                     )
                                      )
              Plaintiff,              )
                                      )
        v.                            )  Civil Action
                                      )  No. 04-858 (SLR)
TELECHECK SERVICES, INC.,             )
ELECTRONIC CLEARING HOUSE,            )
INC., XPRESSCHEX, INC., and           )
NOVA INFORMATION SYSTEMS,             )
INC.,                                 )
                                      )
              Defendants.             )


        Special Discovery Master's Hearing, held

in the law offices of Morris, James, Hitchens &

Williams, LLP, 222 Delaware Avenue, 10th Floor,

Wilmington, Delaware, beginning at 9:27 a.m., on

Thursday, July 7, 2005, before Julie H. Parrack,

Registered Merit Reporter, Certified Realtime Reporter

and Notary Public.


BEFORE:  LOUIS C. BECHTLE, SPECIAL DISCOVERY MASTER


                WILCOX & FETZER
    1330 King Street - Wilmington, Delaware 19801
                (302) 655-0477



WILCOX & FETZER LTD.
Registered Professional Reporters



1    produce sometime the week before.

2              SPECIAL MASTER:  That's what I'm saying.

3              MR. DEVLIN:  Mr. Levine mentioned the

4    28th.

5              SPECIAL MASTER:  If we could develop your

6    calendar, that would cause us on the 4th to come back

7    here and see where we are, where we're not, because

8    I'll then be looking at the finished product, if you

9    will.  Say now what do we do with the finished

10   product, how do we address it.

11             MR. LEVINE:  Why don't we do this then.

12   Why don't we agree to complete our hard looks and

13   production of documents by the 28th.  Then by Monday

14   the 1st or Tuesday the 2nd, whatever you all would

15   prefer, let's send say no more than a two-page or

16   three-page letter to Your Honor --

17             SPECIAL MASTER:  Okay.

18             MR. LEVINE:  -- outlining what our

19   respective positions are, what we believe the

20   procedure should be from here.

21             SPECIAL MASTER:  That's a good idea.

22             MR. LEVINE:  Now that this has gone

23   forward, Your Honor, here is what we think should

24   happen next.  And then let's get together on Thursday

```
1    the 4th and either have you rule on what the procedure
2    should be or to further discuss and implement that
3    procedure.
4              SPECIAL MASTER:  All right.  Let's make it
5    a three-page letter, because the letterheads and "good
6    mornings" and "good-byes" lose a half a page, okay?
7    Three page, not to exceed three pages, which will set
8    forth each parties' understanding of the results of
9    what you've done, and secondly, each parties'
10   suggestion as to where we go from there.
11             MR. LEVINE:  And what date do you all
12   prefer, the 1st or the 2nd?  Does it matter?
13             SPECIAL MASTER:  Doesn't make any
14   difference to me.  Let's leave it flexible.  Do the
15   best you can.  Best efforts 1st; doesn't work,
16   deadline 2nd, something like that.  And we're just
17   going to call this the counsels' reapproachment of an
18   overall survey of current documents that are subject
19   to review based upon privilege or other grounds that
20   the party seeks protection for, might be work product
21   or something, you know.
22             MR. DEVLIN:  One other date that would be
23   useful for us to set is a date for us to finish our
24   meet-and-confer on the waiver issues that I was just
```



# EXHIBIT 8

David A. Belasco
Robert Jacobs
Bruce A. Jagger
Mark B. Mizrahi
Norton R. Townsley
Don H. Min



**Belasco Jacobs & Townsley, LLP**
PATENTS TRADEMARKS COPYRIGHTS

HOWARD HUGHES CENTER
6100 Center Drive, Suite 630
Los Angeles, CA 90045
Phone: (310) 743-1188
Fax: (310) 743-1189
dmin@bjtlaw.com

*A Full Service Intellectual Property Law Firm*

August 2, 2005

<u>**VIA EMAIL**</u>

The Honorable Louis C. Bechtle
Conrad O'Brien Gellman & Rohn, PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1916

Re:    *Electronic Clearing House, Inc., etc. ("ECHO"), et al., adv. LML Patent Corp.*
       USDC (Delaware) Case No. CV-04-858-SLR
       Our Docket No.:    04-277-Z

Dear Judge Bechtle:

Pursuant to the July 7, 2005 conference defendant Electronic Clearing House, Inc. and Xpresschex, Inc. (collectively "ECHO") provides a status update regarding its privilege log. This letter supplements my June 9 letter responding to plaintiff's May 31 letter to you.

By way of background, in a letter dated May 18, 2005, plaintiff provided ECHO with its purported issues with ECHO's privilege log. A copy of this letter has been attached for your reference. In sum, plaintiff demanded the production of forty-nine (49) documents that it claimed to fall within the scope of waiver stemming from ECHO's reliance on the advice of counsel in defense of plaintiff's charge of willful infringement. Moreover, plaintiff sought the production of twelve separate (12) documents on the basis that the log descriptions were inadequate to support a claimed privilege.

<u>STATUS RE JULY 28, 2005 "HARD LOOK" DEADLINE</u>

With respect to the forty-nine (49) documents, ECHO produced fourteen (14) documents prior to the July 7 conference and recently produced two (2) additional documents. After a detailed review, the remaining thirty-three (33) documents were determined by ECHO to be outside of ECHO's scope of waiver.

With respect to the twelve (12) documents, ECHO produced a revised privilege log on or about June 9, 2005 and July 28, 2005 clarifying the nature of the subject documents. For your reference, a copy of ECHO's July 28 privilege log is attached hereto.

Belasco Jacobs & Townsley, LLP

Louis C. Bechtle, Esq.
August 2, 2005
Page 2

<u>REMAINING ISSUES</u>

With respect to the remaining issues, ECHO provides the following, which correspond to the six bullet points of plaintiff's May 31 letter:

- [1]  **Waiver Due To Reliance on Opinions of Counsel.** As mentioned above, ECHO has already produced documents it believes to be arguably within the scope of waiver associated with its reliance on the advice of counsel to defend against plaintiff's claim of willful infringement. ECHO maintains its position regarding the remaining complained of documents.

- [2]  **Waiver Due to Provision of Document to Third Party.** Plaintiff's contention that ECHO waived its privilege associated with documents provided or disclosed to a third party fails to mention that the third parties to whom the documents were disclosed have a common interest with ECHO. At the time the disclosures were made, ECHO and Visa, Inc. shared an identical legal interest. The common interest doctrine is an exception to the general rule that the attorney-client privilege will be waived following disclosure of privileged materials to a third party. *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036, 1047 (D. Del. 1985).

- [3]  **Alleged Inadequate Descriptions of Privileged Documents.** As set forth in ECHO's July 28 privilege log submitted herewith, ECHO has revised its descriptions and maintains its position regarding the adequacy of its revisions.

- [4]  Point [4] of plaintiff's May 31 letter pertains only to defendant Telecheck, and not to ECHO.

- [5]  **Kris Winckler Analysis Document.** ECHO objects to plaintiff's attempt, before the Special Master, to compel production of a document authored by Kris Winckler. Plaintiff learned of the document during a deposition, and now seeks to compel ECHO to produce it. However, the document was created *after* July 14, 2004 (the filing date of this litigation), and thus, by agreement among all counsel, was not required to be listed on a privilege log. Accordingly, this issue does not relate to privilege logs, and is thus outside the scope of Judge Robinson's reference of "issues relating to the parties' privilege logs" to the Special Master. *See* D.I. 139.

- [6]  **Alleged Timeliness Waiver.** Pursuant to the representations made by plaintiff at the July 7 conference, and the exclusion of ECHO in plaintiff's June 28 letter addressing the alleged "timeliness waiver," plaintiff has decided not to proceed with this issue as against ECHO.

We are still working with plaintiff to resolve its remaining issues and will provide you with a further update at the August 4 conference. To the extent the parties cannot resolve its remaining issues, we suggest an informal procedure, similar to NOVA's proposal, whereby ECHO will provide you with a letter substantiating our claim of privilege by Friday, August 5, 2005. Due to the small volume of documents at issue, we would prefer this less formal procedure.

Please contact us if you have any further questions or require any additional information before the conference.

2

Belasco Jacobs & Townsley, LLP

Louis C. Bechtle, Esq.
August 2, 2005
Page 3

Sincerely,

BELASCO JACOBS & TOWNSLEY, LLP

Don H. Min

Cc:    Richard K. Herrman, Esq.
William J. Marsden, Esq.
Timothy Devlin, Esq.
Vision Winter, Esq.

3

# EXHIBIT 9

# ELECTRONIC CLEARING HOUSE, INC.
## PRIVILEGE LOG
## JULY 28, 2005

| NO. | DOC. DATE | DESCRIPTION | PRIVILEGE | RECIPIENT | AUTHOR | CC |
|---|---|---|---|---|---|---|
| 1 | 2/1/2002 | Memo re LML Patents - Summary of outside counsel's analysis re: patent #'s58, #528, and #596. | attorney client; work product immunity | ECHO Board of Directors | R. M. Frost, Esq. | |
| 2 | 4/16/2002 | Memo re LML patents - Summary of outside counsel's advice re: general legal advise re procedures available to invalidate and/or handle patent infringement allegations. | attorney client; work product immunity | ECHO Board of Directors | R. M. Frost, Esq. | |
| 3 | 10/9/2002 | Memo reflecting summary of teleconference with Ed Poplawski, Esq. and Mark Mizrahi, Esq. re prospective options for defending patent infringement allegations by LML. | attorney client; work product immunity | J. Barry | R. M. Frost, Esq. | |
| 4 | 3/7/2003 | Letter reflecting opinion re: #5,184,528 | attorney client; work product immunity | R. M. Frost, Esq. | D. McKenzie, Esq., P. Moier, Esq. | |
| 5 | 5/5/2000 | Letter reflecting opinion re: patent #5,484,988 | attorney client; work product immunity | R. M. Frost, Esq. | R. Schroeder, Esq., D. McKenzie, Esq. | |
| 6 | 2/1/2002 | Minutes of ECHO Board of Directors meeting re 02/01/02 summarizing Mr. Frost, Esq.'s presentation re patents in suit | attorney client; work product immunity | N/A | D. Rehman | |
| 7 | 4/9/2002 | Minutes of ECHO Board of Directors meeting of 04/09/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | |
| 8 | 7/16/2002 | Minutes of ECHO Board of Directors meeting of 07/16/02 summarizing offensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | |
| 9 | 10/7/2002 | Minutes of ECHO Board of Directors meeting of 10/07/02 by Mr. Frost, Esq. summarizing status of LML's patent infringement allegations and prospective actions by ECHO | attorney client; work product immunity | N/A | D. Rehman | |
| 10 | 12/27/2002 | Minutes of ECHO Board of Directors meeting of 12/02/02 by Mr. Frost, Esq. summarizing status of LML's patent infringement allegations and prospective actions by ECHO. | attorney client; work product immunity | N/A | D. Rehman | |
| 11 | 2/9/2004 | Minutes of ECHO Board of Directors meeting of 02/09/04 - summary of status of legal matters by Joe Stabel, Esq. | attorney client; work product immunity | ECHO Board of Directors | G. Akselrud, Esq. | J. Barry |
| 12 | 7/6/2001 | Cover memo forwarding requested information re brief description of ECHO's implementation of electronic check conversion | attorney client; work product immunity | M. Mizrahi, Esq. | Larry Brown | |
| 13 | 7/9/2001 | Cover memo with attachment of brief description of ECHO's implementation of electronic check conversion | attorney client; work product immunity | D. McKenzie, Esq. | M. Mizrahi, Esq. | S. Dow |
| 14 | 4/11/2002 | Email communication forwarding log item #15. | common interest; attorney client; work product immunity | M. Mizrahi, Esq. | M. Frost, Esq. | |
| 15 | 4/11/2002 | Email communication from J. Barry to M. McCoy and Mr. Frost, Esq. re discussion with Visa and Visa's counsel re: LML patent. | common interest; attorney client; work product immunity | M. McCoy, M. Frost, Esq. | J. Barry | |
| 16 | 4/11/2002 | Email communication forwarding log item #15. | attorney client; work product immunity | D. McKenzie, Esq., E. Poplawski, Esq. | M. Mizrahi, Esq. | |
| 17 | 4/11/2002 | Email communication re log #15 and Visa and ECHO's relationship. | attorney client; work product immunity | M. Mizrahi, Esq., D. McKenzie, Esq. | E. Poplawski, Esq. | |
| 18 | 4/17/2002 | Email communication re agenda for teleconference with J. Barry re procedures available to invalidate and/or handle patent infringement allegations by LML. | attorney client; work product immunity | E. Poplawski, Esq., D. McKenzie, Esq. | M. Mizrahi, Esq. | |
| 19 | 7/5/2001 | Email communication re status of patent analysis | attorney client; work product immunity | L. Brown, M. Mizrahi, Esq., J. Barry | M. Mizrahi, Esq. | R. Sister, M. Frost, Esq., D. McKenzie, Esq. |
| 20 | 7/9/2001 | Email communication re status of ECHO information requested by outside counsel | attorney client; work product immunity | M. Mizrahi, Esq., J. Barry | L. Brown | R. Sister, M. Frost, Esq. |
| 21 | 7/5/2001 | Email communication with attachments re ECHO's online check service from a marketing prospective and | attorney client; work product immunity | M. Mizrahi | J. Barry | L. Brown, M. Frost, Esq. |

ELECTRONIC CLEARING HOUSE, INC.
PRIVILEGE LOG
JULY 28, 2005

| NO. | DOC. DATE | DESCRIPTION | PRIVILEGE | RECIPIENT | AUTHOR | CC |
|---|---|---|---|---|---|---|
| 22 | 6/27/2001 | Email communication re ownership of LML patents | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 23 | 6/20/2001 | Email communication re ownership of LML patents, | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 24 | 6/13/2001 | Email communication re prior art and prospective actions. | attorney client; work product immunity | E. Poplawski, Esq. | M. Mizrahi, Esq. | |
| 25 | 6/13/2001 | Email communication re NACHA contact info. | attorney client; work product immunity | D. Dick | M. Mizrahi, Esq. | |
| 26 | 6/12/2001 | Email communication re NACHA contact info. | attorney client; work product immunity | M. Mizrahi, Esq. | D. Dick | J. Barry |
| 27 | 6/12/2001 | Email communication re NACHA contact info. | attorney client; work product immunity | M. Mizrahi, Esq. | J. Barry | |
| 28 | 6/12/2001 | Email communication re NACHA contact info. | attorney client; work product immunity | J. Barry | D. Dick | |
| 29 | 6/12/2001 | Email communication re NACHA contact info. | attorney client; work product immunity | D. Dick | J. Barry | |
| 30 | 6/12/2001 | Email communication re status of defensive strategies re LML patents | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 31 | 6/12/2001 | Email communication re "resend" of log item 30 | attorney client; work product immunity | J. Barry | M. Mizrahi, Esq. | |
| 32 | 6/12/2001 | Email communication to assistant re: file histories for patents 5,484,988 and 6,164,528. | attorney client; work product immunity | S. Cordero | M. Mizrahi, Esq. | S. Dow |
| 33 | 6/11/2001 | Memo re file histories for the patents in issue | attorney client; work product immunity | E. Poplawski, Esq. | M. Mizrahi, Esq. | |
| 34 | 6/11/2001 | Email communication to assistant re: researching LML's prior lawsuits. | attorney client; work product immunity | S. Cordero | M. Mizrahi, Esq. | |
| 35 | 8/5/2001 | Email communication re discussion with Ed Poplawski, Esq. and Mark Mizrahi, Esq. re LML's patent infringement allegations and prospective actions. | attorney client; work product immunity | J. Keller, D. Dick | J. Barry | M. Mizrahi, Esq. |
| 36 | 9/7/2001 | Email communication containing time estimate re legal opinion | attorney client; work product immunity | M. Mizrahi, Esq. | J. Barry | |
| 37 | 4/10/2000 | Minutes of ECHO Board of Directors meeting of 04/10/02 summarizing outside counsel's communication re patents-in-suit | attorney client; work product immunity | N/A | D. McKenzie, Esq. | N/A |
| 38 | undated | Project updates re summary of outside counsel's communication re patents-in-suit | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 39 | 2/12/2002 | Minutes of ECHO Board of Directors meeting of 02/01/02 summarizing Mr. Frost, Esq.'s presentation re patents-in-suit | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 40 | 2/12/2002 | Memorandum re LML patents- summary of outside counsel's analysis re patents 988, 528 and 366 | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 41 | 4/9/2002 | Minutes of ECHO Board of Directors meeting of 04/09/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 42 | 4/23/2002 | Minutes of ECHO Board of Directors meeting of 04/09/02, amended 04/23/02, summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 43 | 7/10/2002 | Minutes of ECHO Board of Directors meeting of 07/10/02 summarizing defensive strategies re patents-in-suit presented by Mr. Frost, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 44 | 10/7/2002 | Minutes of ECHO Board of Directors meeting of 10/07/02 by Mr. Frost, Esq. summarizing status of LML's patent infringement allegations and prospective actions by ECHO | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 45 | 12/2/2002 | Minutes of ECHO Board of Directors meeting of 12/02/02 by Mr. Frost, Esq. summarizing status of LML's patent infringement allegations and prospective actions by ECHO. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 46 | 2/9/2004 | Minutes of ECHO Board of Directors meeting of 02/09/04 summarizing status of legal matters by Mr. Stupski, Esq. | attorney client; work product immunity | N/A | D. Rehman | N/A |
| 47 | Removed | Removed | Removed | Removed | Removed | Removed |
| 48 | Removed | Removed | Removed | Removed | Removed | Removed |

2

ELECTRONIC CLEARING HOUSE, INC.
PRIVILEGE LOG
JULY 28, 2005

| NO. | DOC. DATE | DESCRIPTION | PRIVILEGE | RECIPIENT | AUTHOR | CC |
|---|---|---|---|---|---|---|
| 49 | 3/27/2001 | Memorandum re legal advice re patents-in-suit | attorney client, work product immunity | Visa U.S.A., Inc. | Jonathan O. Scott, Esq. | N/A |
| 50 | 3/27/2000 | Email communication and attachment re response to LML's contact with ECHO's merchants re patents-in-suit | attorney client, work product immunity | J. Stubbs, Esq. | M. McCoy | A. Cheung |
| 51 | 2/25/2004 | Email communication and attachment re response to LML's contact with ECHO's merchants re patents-in-suit | attorney client, work product immunity | D. McKenzie, Esq. | M. McCoy | J. Barry, A. Cheung |
| 52 | 3/27/2000 | Email communication re LML's 03/27/00 press release re '988 patent | attorney client, work product immunity | J. Barry, D. Griffin, S. Kirk, G. Gouffray, J. Lynch and M. Frost, Esq. | K. Winckler | |
| 53 | 3/27/2000 | Email communication re LML's 03/27/00 press release re '988 patent | attorney client, work product immunity | K. Winckler | G. Gouffray | J. Barry, D. Griffin, S. Kirk, J. Lynch, M. Frost, Esq., P. Phillips and D. Brown |
| 54 | 4/19/2000 | Email communication re background and discovery of potential prior art of patents-in-suit | attorney client, work product immunity | M. Frost, Esq. | J. Barry | A. Cheung, S. Kirk, K. Winckler, D. Griffin, D. Dick |
| 55 | 4/19/2000 | Fax cover letter and attachment re inquiry into potential prior art of patents-in-suit | attorney client, work product immunity | G. Milano | M. Frost, Esq. | |
| 56 | 4/25/2000 | Email communication re follow-up with discovery of potential prior art of patents-in-suit | attorney client, work product immunity | M. Frost, Esq., D. Griffin | J. Barry | |
| 57 | 7/6/2001 | Email communication re ECHO's implementation of electronic check conversion | attorney client, work product immunity | M. Mizrahi, Esq. | L. Brown | J. Barry |
| 58 | 7/5/2001 | Email communication re Xpresschex online check service | attorney client, work product immunity | M. Mizrahi, Esq. | J. Barry | L. Brown, M. Frost, Esq. |
| 59 | 8/27/2001 | Email communication re ownership of LML's patents-in-suit | attorney client, work product immunity | J. Barry | M. Mizrahi, Esq. | E. Poplawski, Esq. |
| 60 | undated | Fax cover letter re response to LML's letter to Global Payments, Inc. | attorney client, work product immunity | D. McKenzie, Esq. | M. McCoy | |
| 61 | 1/10/2000 | Memorandum re legal advice re patent infringement statute of limitations and underlying request from Mr. Frost, Esq. | attorney client, work product immunity | R. M. Frost, Esq. | R. Schroeder, Esq. | |
| 62 | 11/3/2003 | Letter re engagement as an independent contractor | work product immunity | S. Spence | M. McCoy | |
| 63 | 9/30/2003 | Email communication re prospective actions re discovery of potential prior art documents re patents-in-suit | work product immunity | D. Griffin | M. McCoy | J. Barry |
| 64 | 8/25/2003 | Email communication re outside counsel's analysis of '528 patent | attorney client, work product immunity | M. McCoy, P. Atlas, A. Cheung, K. Winckler | J. Barry | |
| 65 | 3/1/2002 | Email communication forwarding log item #67 | attorney client, work product immunity | M. McCoy | P. Atlas Williams | |
| 66 | 3/1/2002 | Email communication forwarding log item #67 | attorney client, work product immunity | K. Winckler, J. Barry, A. Cheung | P. Atlas Williams | A. Feinberg, D. Griffin, J. Keller |
| 67 | 3/1/2002 | Email communication re LML's 03/01/02 press release re notice of allowance for application not involved in this action | attorney client, work product immunity | J. Barry, A. Cheung | K. Winckler | P. Atlas Williams, A. Feinberg, D. Griffin, J. Keller |
| 68 | 12/3/2003 | Email communication re LML's 12/03/03 press release | attorney client, work product immunity | J. Stubbs, Esq. | J. Barry | M. McCoy |
| 69 | 11/3/2003 | Letter re engagement as an independent contractor | work product immunity | M. McCoy | S. Spence | |
| 70 | 8/27/2003 | Memorandum re comparison of LML's patents issued after issuance of '528 patent | attorney client, work product immunity | J. Barry | M. McCoy | |
| 71 | 1/23/2004 | Memorandum re analysis of potential prior art references provided by third party | attorney client, work product immunity | J. Stubbs, Esq. | M. McCoy | |
| 72 | 12/19/2003 | Letter re potential prior art provided by third party | work product immunity | M. McCoy | S. Spence | |
| 73 | 1/12/2000 | Email communication re legal advice re patent infringement statute of limitations | attorney client, work product immunity | D. Dick | G. Masterson, Esq. | |
| 74 | 8/7/2001 | Email communication re '366 patent | work product immunity | D. Dick | G. Betlor | |
| 75 | undated | Legal research re patents in suit prior art | attorney client, work product immunity | N/A | N/A | |

3

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-858 SLR |
| | ) | |
| TELECHECK SERVICES, INC., | ) | |
| ELECTRONIC CLEARING HOUSE, INC., | ) | |
| XPRESSCHEX, INC., and | ) | |
| NOVA INFORMATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SPECIAL DISCOVERY MASTER ORDER NO. 3

Louis C. Bechtle, Special Discovery Master                September 23, 2005

### General Observations

This Order addresses the motion set forth in the letter of LML Patent Corp. (LML) dated August 18, 2005 seeking the production of documents from defendant Electronic Clearing House, Inc. and XpressChex, Inc. (ECHO), ECHO's response thereto, dated August 25, 2005 and LML's reply, dated September 1, 2005.

Discovery in this case has been pending for nearly a year. There has been extremely active discovery activity associated with the preparation of privilege logs by the defendants, TeleCheck, ECHO and since early in 2005. There have been revisions of those logs, and hearings before the court in respect to the timeliness of those logs. The court has granted an extension for those logs to be completed. The parties met with the SDM on July 7, 2005 at which time they were asked by the defendants were asked by the SDM to take a hard look at their privilege logs to see if any additional entries could be removed from a claim of privilege. A

schedule was developed for the presentation to the court of the parties' various positions that would remain following that review, which was intended to result in the plaintiff filing its motion and the defendants their response to the remaining claims of privilege still in dispute.

On August 8, 2005, the SDM requested that the defendants provide to the SDM a "cast of characters", that was to contain "in alphabetical order the names of the persons who I will rely upon as an element supporting a claim of privilege and a description of their employment status or role." The SDM stated in that letter if there is a name shown who has had access to the document and I am not made aware of the person's involvement or status, there would be a strong basis to deny the claim of privilege." The importance of knowing the names of the attorneys or authors or recipients, as well as individuals who are either employed or affiliated with a party is crucial in determining privilege status. Whether a privilege has been waived by disclosure to an unaffiliated third party, or whether or not there is a basis to conclude that a party has received confidential communication as a person with a "need to know" or with a common legal interest is always present when document distribution is widespread.

On August 18, 2005, plaintiff filed its motion to compel in respect to the privilege logs of TeleCheck and ECHO. The SDM agreed with NOVA that because only eight of its documents were at issue, they should be provided to the SDM to examine *in camera* for a prompt ruling. The NOVA examination has been completed and Special Discovery Master Order No. 2 was issued on August 30, 2005.

This Order will rule upon LML's motion in respect to ECHO.

**LML's Motion to Compel against ECHO**

LML's motion of August 18, 2005 articulates in four categories approximately 100 documents that plaintiff contends should be produced because ECHO's log failed to support

the necessary elements to warrant the allowing of privilege. Those four categories as presented by LML in its motion are:

> Tab A – entries not involving or identifying an attorney;
>
> Tab B – (Does not apply to ECHO);
>
> Tab C – Documents provided to third parties;
>
> Tab D – inadequate descriptions; and
>
> Tab E – Documents within scope of waiver.

The standards to be applied to the various privileges and protection claimed by ECHO are as follows:

### 1. Attorney Client Privilege

The attorney client privilege will apply: 1. [w]here legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection by waived."

### 2. Common Interest

The voluntary disclosure of attorney-client communications or documents to a third party waives the attorney-client privilege. *See Westinghouse Electric Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991); *Helman v. Murray's Steaks, Inc.*, 728 F.Supp. 1099, 1103 (D. Del. 1990). There is no waiver, however, if the parties, sharing the communication satisfy the "common interest" exception to the waiver doctrine. To succeed in this regard, the parties' interest must be common and not "adverse" at the time of disclosure to the other party. *Katz v. AT&T Corp.* 191 F.R.D., 433, 437, E.D. Pa. 2000). The interest that is

common to the parties sharing the information, however, must be a legal interest as opposed to a

common, commercial interest. *See Bank Brussells Lambert v. Credit Lyonnais (Suisse) S.A.*, 160

F.R.D. 437, 447 (S.D.N.Y. 1995); *Union Carbide Corp. v. Dow Chemical Co.*, 619 F.Supp.

1036, 1047 (D. Del. 1985).

### 3. Work Product Doctrine

Federal Rule of Civil *Procedure* 26(b)(3) provides in respect to the doctrine of

work product as follows:

> (3)   Trial preparation:  Materials.  Subject to the
> provisions of subdivision (b)(4) of this Rule, a party may obtain
> discovery of documents and tangible things otherwise discoverable
> under subdivision (b)(1) of this Rule and prepared in anticipation
> of litigation or for trial by or for another party or by or for that
> other party's representative (including the other party's attorney,
> consultant, surety, indemnitor, insurer or agent)  only upon a
> showing that the party seeking discovery has substantial need of
> the materials in the preparation of the party's case and that the
> party is unable without undue hardship to obtain the substantial
> equivalent of the materials by other means.  In ordering the
> discovery of such materials when the required showing has been
> made, the Court shall protect against disclosure of the mental
> impressions, conclusions, opinions, or legal theories of an attorney
> or other representative of a party concerning the litigation.

As can be seen, this provision articulates the condition under which otherwise

broad discovery under F.R.C.P. Rule 26(b)(1) can be blocked in order to protect the product of

an attorney's professional contribution to his client's cause in the form of strategy, theories,

analyses, impressions, and related input on behalf of his client.  This protection is qualified under

the provisions of the Rule in the face of substantial need or undue hardship determined by the

court to warrant intrusion into the work product.

### 4. Waiver of Privilege by Placing Matters "in issue"

Here, the essence of the waiver notion is that selected disclosure of certain

privilege documents can require, in fairness to an adversary, the disclosure of other privilege

documents or communication on the same subject.  Here, the defendants have waived their attorney client privilege on the issue of willful infringement asserted by plaintiff by declaring that the defense to that claim is their reliance on the opinion of counsel.  *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.,* 206 F.R.D. 396, 397 (D. Del. 2002); *Mosel Vitelic Corp. v. Micron Tech., Inc.,* 162 F. Supp. 2d 307, 311-13 (D. Del. 2000); *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.,* 837 F. Supp. 616, 620-21 (D. Del. 1993).  The waiver also extends to any document relating to the opinion in the possession of the accused infringer or any document relating to the opinion of counsel regardless of who is in possession of the document.  *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.,* 32 F.3d 851, 863 (3d Cir. 1994); *Mosel Vitelic Corp.,* 162 F. Supp. 2d at 311-13.

## 5.  Privilege Log

Federal Rule of Civil Procedure 26(b)(5) and the case law cited to the SDM hold that the party asserting the privilege must produce a log entry that "will enable other parties to assess the applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).  A proper claim of attorney-client privilege "requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *International Paper Co. v. Fibreboard Corp.,* 63 F.R.D. 88, 94 (D.Del. 1974).

## 6.  The Method Used by the SDM to Rule on Claims and Objections

The SDM has listed on the attached schedules each document that has been examined *en camera*.  As to each document, the SDM has determined following review an application of the standards set forth herein if the privilege claimed is to be allowed (Y) or it is not to be allowed (N).  The defense of Reliance on Opinion of Counsel has been advanced by the defendants in respect to the plaintiff's claim of willful infringement.  In those instances where

15061_1.DOC                                      5

there has been a waiver of the privilege by reason of the application of the waiver standard, the ruling on the schedule will show (W) by reason of the description in the log for that document.

The method used by the SDM was to simply examine the log entries for the documents articulated in Tabs A, C, D, E in plaintiff's motion and apply the standards for the privilege sought to the reasons provided to either allow or disallow a privilege from the privilege code (Exh. A), or in those instances where waiver applies from the ruling designated W as shown on the bottom of each schedule.

### 7. Conclusions

1.       Without making an exact count, it appears that at least two thirds of the entries on ECHO's logs submitted for review do not, by their terms, satisfy the standards that apply to presentation of grounds for privilege based on the necessary elements that are required to be included in the log description. There appear to be several reasons for this. The first is that the "case of characters" requested by the SDM in its letter of August 8, 2005 that was provided is woefully inadequate to allow a full and fair examination of the entries on the privilege log. The SDM was furnished with a list containing only 10 names of employees or executives associated with the ECHO log, one entity that ECHO had a business relationship with, and one attorney, Jonathan O. Scott, Esquire (who presumably is an attorney for VISA's interests). A review of the log entries complained of by plaintiff shows many more names of attorneys and many non attorneys who had access to the documents shown on the privilege log. For those reasons, ECHO has failed to satisfy its burden in the preparation of its privilege log in each instance where the enclosed schedules show an N and where a name appears on the privilege log that has not been furnished to the SDM as requested.

2.       A review of the correspondence between the parties and specifically plaintiff's letter of August 18th, ECHO's response of August 25th, and plaintiff's reply of

September 1st reflect charges and counter charges about both the practices of counsel in carrying out their responsibilities to each other as well as results of their unsuccessful attempts to resolve differences, many of which appear to be quite fundamental. For example, plaintiff's complaint about the status ECHO represents for Michael McCoy appears justified. ECHO advised in its letter of August 25, 2005 that McCoy was an employee of ECHO who took over certain work initiated by ECHO's former in-house counsel, Marshall Frost, Esquire after he left the company in 2003. ECHO's position is that McCoy was in constant contact with outside counsel and was in charge of carrying out their instructions. While that role may elevate Mr. McCoy to a status similar to an administrative assistant to an attorney, that status severely limits the extent to which Michael McCoy's involvement can carry the necessary role that an attorney must have in the attorney client or work product circumstance. A person who is in a "need to know" or "common interest" category does not automatically qualify as an attorney under the attorney client privilege.

3.    ECHO's assertion in its letter of August 25th regarding waiver of privilege is difficult to square with ECHO's log of July 28, 2005. For example, the entries of 3, 9, 35 and 44 by their very description defy any notion that the document does not fall within the coverage of waiver of the attorney client privilege. Further because the information was communicated either to the client, or to attorneys and non attorneys not furnished on a "cast of characters" as requested by the SDM, the work product protection, if it exists is waived as well.

4.    The parties also have quarrels about the timeliness and there are complaints by LML that ECHO has continued to repeatedly change its logs. In a case where there are complicated and substantial documents, it is understandable that there must and should be reasonable updates and changes to the logs unless they are specifically barred by the courts.

The function of "meet and confer" is intended to resolve such differences but in this instance between LML and ECHO, it apparently has not succeeded in considerable measure.

5.    The high volume of rejections of privilege based on the character of the log entries, without the SDM having examined documents *en camera,* causes the SDM to suspect that there is either a fundamental misunderstanding of the elements of privilege and work product protection in regard to many of these documents, or the policy is when in doubt put it on the privilege log, when, because of the burden of proof regarding a privilege log, the policy should be the opposite. The SDM cannot cite examples here because there has been no review of documents en camera as there has been with TeleCheck.

For the foregoing reasons, the SDM Orders as follows:

1.    After a thorough review by ECHO of this Order, it will re-examine its privilege log of July 28, 2005 forthwith and take a second hard look at each and every document that it contends is entitled to privilege or protection on that log.

2.    Within five days of the date of this Order, it will notify counsel for the plaintiff the extent to which, if at all, any documents are removed from the privilege log. In those instances where any documents are removed, copies shall be submitted forthwith to counsel for the plaintiff.

3.    The SDM will convene a hearing on the remaining documents on the privilege log where it will decide *en camera* the claim of privilege or protection as to each remaining document.

4.    Counsel for ECHO shall have at the hearing a copy of each document for which privilege protection is claimed presented in the order they appear on the log.

5.    Counsel for ECHO will provide to the SDM and counsel, in advance of the hearing the "cast of characters" for both attorneys and non attorneys on separate lists that will

show in alphabetical order, last name first, the name of every attorney and non attorney, or entity whose name appears on the log, together with that party's affiliation with the defendant. If it is found at the hearing that any document for which privilege protection is requested has been disseminated to any person not accounted for on the cast of characters, it can be expected that privilege will be refused.

      6.    Counsel will make the arrangements to have the hearing take place with a court reporter in the United States District Courthouse at Wilmington, Delaware at a time to be agreed upon by counsel and the SDM.

      7.    Plaintiff's motion for production based on the claim of untimeliness is DENIED.

SO ORDERED:

_____
SPECIAL DISCOVERY MASTER

DATED: September 23, 2005

# EXHIBIT A

# SPECIAL DISCOVERY MASTER'S PRIVILEGE CODES

## PRIVILEGE CODES

### ATTORNEY CLIENT PRIVILEGE [1]

**A**     This does not contain a communication to an attorney, and his client or agent, by his/her client, or agent in accordance with standard for the attorney client privilege. The communication does not implicate legal advice or facilitation of legal service.

**B**     Communication is not confidential/ or the information is not intended to be confidential.

**C**     Copy to counsel in this instance does not cure failure to qualify for A/C Privilege.

**D**     This communication is a communication between non-lawyers, and is not covered by the A/C Privilege.

**E**     This communication appears to be a communication generated in the ordinary course of business and not as required for attorney client privilege protection.

**F**     This is confidential communication that satisfies the A/C Privilege Standard.

**G**     The recipients of this communication have a common legal interest [2] in the litigation or the subject of the representation.

### WORK PRODUCT DOCTRINE [3]

**H**     This communication appears to be generated in the ordinary course of business and not in anticipation of litigation.

**I**     Same as above, except "in preparation for trial" rather than "in anticipation of litigation".

**J**     This information is not work product.

**K**     The recipients of this communication have a common legal interest in litigation.

**L**     This communication appears to be work-product communicated to and among those who have the "need to know."

**M**     This communication satisfies the W/P doctrine in anticipation litigation.

**N**     Same as above, except it was "in preparation for trial" and not "in anticipation of litigation."

**O**     (Code Unassigned)

### OTHER FACTORS

**P**     Necessary attorneys, parties or entities not identified.

---

[1-3] The Standard is that set forth in the SDM's Order dated September 23, 2005.

# EXHIBIT B

# ECHO LOG ENTRIES
# EXAMINED BY SPECIAL
# DISCOVERY MASTER AND RULINGS

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 1 of 6
Date: 9/23/05

Final Ruling 2

REFERENCE: LML LETTER 8/18/05 TAB A

ECHO LOG 7/28/05

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 28 | — | N | N | — | — | A, P. |
| 29 | — | N | N | — | — | A, P. |
| 62 | — | — | Y | — | — | K. |
| 63 | — | — | Y | — | — | K. Privilege for this document is waived. See Tab E in this Order. |
| 65 | — | N | N | — | — | A, D. |
| 66 | — | N | N | — | — | A, D. |
| 67 | — | N | N | — | — | A, D. |
| 69 | — | — | Y | — | — | K. |
| 72 | — | — | Y | — | — | L. Privilege for this document is waived. See Tab E in this Order. |
| 75 | — | N | N | — | — | P. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
CI = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 2 of 6
Date: 9/23/05

Final Ruling 3

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05                REFERENCE: LML LETTER 8/18/05 TAB C

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 49 | — | N | N | — | — | Provide this document to the SDM for *en camera* review. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W̄ = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
CI = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 3 of 6
Date: 9/23/05

Final Ruling 3

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05                REFERENCE: LML LETTER 8/18/05 TAB D

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 12 | — | N | N | — | — | P. |
| 13 | — | N | N | — | — | P. |
| 14 | — | Y | Y | Y | — | F, G, K, M. |
| 16 | — | N | N | — | — | P. |
| 17 | — | N | N | — | — | P. |
| 20 | — | N | N | — | — | C. P. |
| 21 | — | N | N | — | — | C. P. |
| 25-29 | — | N | N | — | — | P. |
| 31 | — | W | W | — | — | Advice of counsel defense. |
| 53 | — | N | N | — | — | P. |
| 57 | — | N | N | — | — | P. |
| 58 | — | N | N | — | — | C. P. |
| 62 | — | — | Y | — | — | L. |

Y = Privilege Allowed
N = Privilege Refused
™ = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P= Mediation Privilege

Page 4 of 6
Date: 9/23/05

Final Ruling 3

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

ECHO LOG 7/28/05

REFERENCE: LML LETTER 8/18/05 TAB D

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 65 | — | N | N | — | — | A, D. |
| 66 | — | N | N | — | — | A, C, D. |
| 68 | — | N | N | — | — | A, P. |
| 69 | — | — | Y | — | — | L. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
CI = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 5 of 6
Date: 9/23/05

Final Ruling 3

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
**(District of Delaware)**

REFERENCE: LML LETTER 8/18/05 TABE

ECHO LOG 7/28/05

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 2 | — | W | W | — | — | Advice of counsel defense. |
| 3 | — | W | W | — | — | " |
| 9-11 | — | W | W | — | — | " |
| 14-20 | — | W | W | W | — | " |
| 24 | — | W | W | — | — | " |
| 30-33 | — | W | W | — | — | " |
| 35 | — | W | W | — | — | " |
| 36 | — | W | W | — | — | " |
| 44 | — | W | W | — | — | " |
| 45 | — | W | W | — | — | " |
| 54-56 | — | W | W | — | — | " |
| 60 | — | N | N | — | — | P. |
| 62 | — | — | Y | — | — | L. |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P= Mediation Privilege

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

Page 6 of 6
Date: 9/23/05

Final Ruling 3

ECHO LOG 7/28/05.

REFERENCE: LML LETTER 8/18/05 TABE

| Document I.D. | Exh. # | A/C | W/P | CI | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 63 | — | — | W | — | — | Protection Waived. |
| 65-67 | — | N | N | — | — | A, D. Provide this document to the SDM for *en camera* review. |
| 69 | — | — | Y | — | — | L. |
| 72 | — | — | W | — | — | Advice of counsel defense. |
| 75 | — | N | N | — | — | P. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
CI = Common Interest Doctrine Protection
M/P= Mediation Privilege

# EXHIBIT 11



**"Don Min"**
**<DMin@bjtlaw.com>**

09/28/2005 04:00 PM

To "Jamie McDole \(E-mail\)" <jmcdole@kirkland.com>

cc "Frank DiGiovanni \(E-mail\)" <FDiGiovanni@cblh.com>,
"Mark Mizrahi" <MMizrahi@bjtlaw.com>

bcc

Subject LML v. Telecheck et al.

Jamie,

Per the Special Master Order No. 3 issued on September 23, 2005, this message serves to notify plaintiff that we will not be removing any further documents from ECHO's July 28, 2005 privilege log. In due course, I will provide you with some proposed dates for a hearing on the privilege log issues. If you have any questions, please contact me.

Sincerely,

Don H. Min, Esq.
*Patent Attorney*
**BELASCO JACOBS & TOWNSLEY, LLP**
Howard Hughes Center
6100 Center Drive
Suite 630
Los Angeles, CA 90045
Phone (310) 743-1188
Fax    (310) 743-1189
<http://www.bjtlaw.com>

This e-mail transmission is intended for the sole use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify the sender immediately by return e-mail and then delete this transaction.