IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC.,<br><br>Defendants. | C.A. 04-858 (SLR)<br><br>**REDACTED PUBLIC VERSION** |

**DEFENDANT NOVA INFORMATION SYSTEMS, INC.'S OPPOSITION TO LML'S *DAUBERT* MOTION NO. 4 TO LIMIT THE TESTIMONY OF ALAN G. GOEDDE**

November 14, 2005

THE BAYARD FIRM

Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for defendant,
NOVA Information Systems, Inc.

OF COUNSEL:
Mark C. Scarsi
Michelle L. Davidson
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ........ 1

II. FACTUAL BACKGROUND ........ 2

III. LML VIOLATED LOCAL RULE 7.1.1 BY NOT MEETING AND CONFERRING WITH NOVA PRIOR TO FILING THIS MOTION ........ 3

IV. DR. GOEDDE'S TESTIMONY SATISFIES THE *DAUBERT* STANDARDS ........ 7

V. DR. GOEDDE HAS MADE PROPER ASSUMPTIONS ABOUT ISSUES OUTSIDE OF HIS EXPERTISE ........ 9

A. Dr. Goedde Has Made A Proper Assumption About The Available Technology ........ 9

B. The Record At Trial Will Support Dr. Goedde's Assumption ........ 12

C. Even If His Assumption About Non-Infringing Alternatives Is Excluded, Dr. Goedde's Conclusions About *Georgia-Pacific* Factors 6, 8, 9 and 11 Should Still Be Allowed At Trial ........ 14

VI. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Advanced Medical Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809 (D. Del. April 7, 2005) .......... 10, 11

*Cordis Corp. v. Boston Scientific Corp.*, No. Civ. 03-027-SLR, 2005 WL 1322953 (D. Del. June 3, 2005) .......... 8

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) .......... 7, 12

*DeWitt v. Penn-Del Directory Corp.*, 912 F. Supp. 707 (D. Del. 1996) .......... 4

*DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140 (N.D. Cal. 2003) .......... 8, 9

*E.E.O.C. v. Rockwell Int'l. Corp.*, 60 F. Supp.2d 791 (N.D. Ill. 1999) .......... 11

*Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000) .......... 9

*Grain Processing Crop. v. Am. Maize-Prods. Co.*, 185 F.3d 1341 (Fed. Cir. 1999) .......... 8, 9, 12

*Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910 (9th Cir. 2001) .......... 14

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 741 (3d Cir. 1994) .......... 7, 8

*Izumi Prods. Co. v. Koninklijke Phillips Electronics N.V.*, 315 F. Supp. 2d 589 (D. Del. 2004) .......... 4, 7

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) .......... 7

*Micro Chem. Inc. v. Lextron, Inc.*, 317 F.3d 1387 (Fed. Cir. 2003) .......... 11, 14

*Schneider v. Fried*, 320 F.3d 396 (3d Cir. 2003) .......... 7

*Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 953 F.2d 1360 (Fed. Cir. 1991) .......... 8, 9

*Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408 (3d Cir. 2002) .......... 8

*Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585 (7th Cir. 2000) .......... 11

## RULES

Fed. R. Evid. 702 .......... 7

D.Del.R. 7.1.1 (1995) .......... 3, 4

# I. SUMMARY OF ARGUMENT.

LML's motion to exclude portions of Dr. Alan G. Goedde's expert testimony on damages is procedurally defective, factually inaccurate and substantively misleading.

First, in disregarding this Court's Local Rule requiring the parties to meet and confer on motions, LML sought to "get the drop" on the defendants by unilaterally filing "*Daubert*" motions based on one-sided standards. As LML well knows, its own experts are far less competent to testify concerning the issues in this case than those retained by the defendants. LML's overly restrictive reading of *Daubert* and its progeny would compel exclusion of both LML experts, Drs. Tinkel and Cox.

Second, LML has based its motion on an clear mischaracterization of Dr. Goedde's expert opinions. As Dr. Goedde testified, he formed an opinion on a reasonable royalty based on the assumed existence of non-infringing alternatives. LML, however, spends more than half of its motion arguing that the Court should exclude Dr. Goedde's *opinion* that non-infringing alternatives exist. *See* LML Motion, Heading II at 4. ("Mr. Goedde's Baseless Opinions on Non-Infringing Alternatives Should Be Excluded Because They Will Only Confuse The Trier Of Fact."). LML is simply punching at a straw man. Dr. Goedde does not have *opinions* as to the existence of non-infringing alternatives. He has opinions on reasonable royalties based on the *assumption* that non-infringing alternatives exist. Apparently, LML has some tactical advantage in mind in requesting exclusion of opinions that do not exist. The Court, however, should not countenance this obvious obfuscation.

Finally, LML is simply wrong on the law. LML's basic argument is that Dr. Goedde cannot assume, for purposes of opining on a reasonable royalty, that non-infringing alternatives exist unless he personally verifies that such alternatives exist. What LML fails to recognize, however, is that the law does not require that an expert be an expert in all things. An expert may offer an opinion based on assumptions he has made when, as here, he identifies those assumptions and they are supported by the record at trial. Since Dr. Goedde's assumption about the existence of non-infringing alternatives is proper and his ultimate opinions are well supported

by the facts already in the record, as well as those that will be introduced at trial, the Court should deny LML's motion.

## II. FACTUAL BACKGROUND.

Dr. Alan G. Goedde is an undisputed expert in calculating damages in patent cases such as this one. Dr. Goedde holds an M.A. and a Ph.D. in Economics from Duke University and has spent over 20 years developing financial and economic analyses to solve business problems. Declaration of Michelle L. Davidson filed concurrently herewith ("Davidson Decl.") Ex. 1 (Goedde Report at 2). Because of his experience, courts have qualified Dr. Goedde as a damages expert in over 70 cases in the last fifteen years. *Id.* at Tab 1.

Nova hired Dr. Goedde to "opine on the appropriate reasonable royalty Nova should pay LML Patent Corp. ('LML') if Nova is found liable for infringing on one or more of LML's U.S. Patents that are the subject of this litigation." *Id.* at 2. In preparing his opinion in this matter, Dr. Goedde based his analysis on "information of the type reasonably relied upon by experts in [his] field in forming opinions or inferences, including [his] own education, knowledge and experience." *Id.* at 3. As part of this analysis, Dr. Goedde made a number of assumptions, each of which he specifically identified in his report and his deposition. Among these assumptions were several that will be disputed at trial, including the assumption that LML's patent is valid and was infringed by Nova as well as the fact that "LML and Nova [would] approach a negotiation with full knowledge of their respective strengths and weaknesses in the marketplace..." *Id.* at 3, 5-6.

Dr. Goedde, who does not have a technical background in the electronic checking industry, also assumed that there were acceptable, non-infringing alternatives available to Nova during the period of alleged infringement. Specifically, Dr. Goedde assumed that, in the hypothetical royalty negotiation, both LML and Nova would be aware of "the range of technological options available in the development of electronic check conversion products." *Id.* at 6. Dr. Goedde did not have to make any assumption other than that the alternatives existed because a reasonable royalty analysis does not require Dr. Goedde to construct a "but-for" world

in which the infringing product never existed, as an expert must opine in a lost profits analysis.



## III. LML VIOLATED LOCAL RULE 7.1.1 BY NOT MEETING AND CONFERRING WITH NOVA PRIOR TO FILING THIS MOTION.

Local Rule 7.1.1 for the District of Delaware is clear:

Unless otherwise ordered, the Court will not entertain ***any non-dispositive motion***, . . . unless counsel for the moving party files with the Court at the time of

---

[1] Obviously, the defendants will vigorously oppose these assumptions in motions and at trial.

filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

D.Del.R. 7.1.1 (1995). Rule 7.1.1 was "designed to facilitate resolution of disputes among the parties before formally requesting the Court's aid by filing motions." *DeWitt v. Penn-Del Directory Corp.*, 912 F. Supp. 707, 713 (D. Del. 1996).

Despite this clear requirement, LML never attempted to meet and confer with Nova before filing this motion on October 28, 2005. Had LML attempted to meet and confer with Nova about this motion *in limine*, the parties would likely have been able to come to an agreement about Dr. Goedde's testimony or, at a minimum, have been able to narrow the issues to be addressed in this motion. Because LML failed to comply with the rules for filing a non-dispositive motion such as this *Daubert* motion, the Court should strike this motion. *See id.* (striking plaintiffs motion due to the "blatant disregard for Local Rule 7.1.1").

Moreover, LML's failure to meet and confer has prejudiced Nova. If the parties had met and conferred before the filing of the motion, Nova would have used LML's reasoning against LML and filed its own motion *Daubert* motion to exclude LML's damages expert, Dr. Cox. Dr. Cox's opinion on damages rests entirely on a series of assumptions that have no factual support.



As LML argues in its opening brief, "speculation cannot form the basis for an expert opinion. *Izumi Prods.* [*Co. v. Koninklijke Philips Electronics N.V.*], 315 F. Supp. 2d [589,] 600 [(D. Del. 2004)] ('Proposed testimony must be supported by appropriate validation – i.e., 'good grounds,' based on what is known.' (quoting *Daubert*, 509 U.S. at 589) (alteration in original))." Motion at 9. LML also claims that opinions which are not based on "independent research or analysis of the market conditions" should be excluded. Motion at 12.

[redacted]

Given the analysis done by Dr. Goedde, Dr. Cox's speculation is contrary to the facts and the Court should exclude it in its entirety. *See, e.g.*, *Izumi Prods.*, 315 F. Supp. 2d at 600.

## IV. DR. GOEDDE'S TESTIMONY SATISFIES THE *DAUBERT* STANDARDS.

Under the Federal Rules of Evidence, a court should admit an expert's testimony when "(1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The district court plays a "gatekeeping" role in determining whether expert testimony properly can be presented to a jury based on its relevance and reliability. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). When no party challenges an expert's qualifications, a court performs this "gatekeeping" role through a two step inquiry. First, "the testimony must be reliable; it must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (internal quotations omitted); *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 741, 742 n.8, 743 (3d Cir. 1994). Second, the expert testimony must "fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." *Id.* In order for an expert opinion to be admissible, a party does not have to establish that the expert's opinion alone will satisfy the party's burden on any dispute, as LML suggests in its motion. *See, e.g.,* Motion at 5 (discussing presumption of non-infringing alternatives). Instead, the issue is whether an expert used the proper methodology. *See, e.g.*, *Paoli*, 35 F.3d at 742 n.8; *see also id.*

at 742-43. Ignoring this standard, LML has tried to turn this inquiry into a question of the sufficiency of the evidence in general, an issue that is not properly considered at this stage.

When applying the admissibility rules, courts accept that experts will have to make certain assumptions in forming their opinions, as no one expert can be an expert on everything. The court only decides whether these facts "are of the type 'reasonably relied upon' by experts in the particular field in forming opinions or inferences upon a subject, the facts or data need not be independently admissible in evidence." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002). Accordingly, "Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination." *Id.*

LML has tried to create a new legal standard for the admissibility of expert testimony by cobbling together portions of cases involving different issues at different stages of the proceedings. For example, the only cases LML cites relating to non-infringing alternatives are cases in which a court was determining whether an expert had properly calculated lost profits. *See Grain Processing Crop. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999) (holding that court did not err by finding that non-infringing alternatives were available even though not sold during period of infringement); *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991); *Cordis Corp. v. Boston Scientific Corp.*, No. Civ. 03-027-SLR, 2005 WL 1322953, at *2 (D. Del. June 3, 2005); *DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2003) (allowing damages expert to testify about existence of non-infringing alternatives, holding "The testimony should be introduced, cross-examined, and then the factual issue should be presented to the jury."). In order to prove lost profits, a plaintiff must show that there were no non-infringing, acceptable alternatives in order to prove causation, *i.e.*, that it would have made the sales but for the infringing activity. The damages expert is the only expert responsible for creating the "but for" market that has never existed and, therefore, must be familiar with all of the possible alternatives and the market demand for certain features. *Id.* The expert's entire conclusion is based on the accuracy of that

"but for" world. That is quite different than the inquiry here, in which Dr. Goedde has made an assumption that was one part of a few factors within the fifteen factors he applied in his *Georgia-Pacific* analysis.

In other cases LML has cited, the issue is whether there is sufficient evidence to support the expert's opinion ***after*** the close of evidence at trial. *See Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000); *Grain Processing*, 185 F.3d at 1353-54; *Standard Havens*, 953 F.2d at 1373. At a minimum, these cases suggest that Nova be allowed to present evidence at trial before the Court determines whether there is sufficient evidence.

## V. DR. GOEDDE HAS MADE PROPER ASSUMPTIONS ABOUT ISSUES OUTSIDE OF HIS EXPERTISE.

LML's motion is based on the incorrect proposition that a party must prove its entire case through one expert before trial and even before the issues to be decided at trial have been properly framed. Nova will prove its case on technical issues through witnesses who are qualified to testify about these issues. As detailed below, Nova has already demonstrated that there were acceptable, non-infringing alternatives available long before the patent in this case issued. Dr. Goedde makes clear in both his report and his deposition that he is an expert on damages and is not offering any opinion on technical issues. Just as any economist would do in evaluating a market, Dr. Goedde properly has made certain assumptions based on Nova's theory of the case, which are entirely supported by the evidence to date.

### A. Dr. Goedde Has Made A Proper Assumption About The Available Technology.

LML has not challenged any methodology that Dr. Goedde has used in offering an opinion on the reasonable royalty that Nova should pay, if it has infringed LML's patent. Dr. Goedde's methodology is the only relevant issue for a *Daubert* review at this stage of the proceedings. *See supra* § IV. Nor does LML criticize the types of evidence that Dr. Goedde did review. Among other documents, Dr. Goedde reviewed the depositions of key Nova employees and financial documents from the period at issue. Davidson Decl. Ex. 2 (Goedde Report at Tab

2). From these documents, Dr. Goedde was able to draw a number of conclusions about the relative importance of the electronic conversion process to the services offered by Nova, each of which supports his application of the *Georgia-Pacific* factors. [redacted]

Instead, LML has challenged the factual support for a single assumption Dr. Goedde made about a technical dispute. In offering his opinion about the appropriate royalty rate in this case, Dr. Goedde identified a number of assumptions that he made, including his assumption that there were non-infringing alternatives available during the alleged period of infringement. This type of assumption is exactly the type of assumption a damages expert must make when he is not qualified to offer an opinion on technical issues.[3] Nova has not offered Dr. Goedde to give an opinion on any technical issues. [redacted] *See, e.g.*, Davidson Decl. Ex. 4 (Goedde Depo. at 22:4-23:11). As the court in *Advanced Medical Optics*, a case cited by LML, recognized, "[e]xpert testimony can only be received from someone who has specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and the expert's opinion must be confined to that field." *Advanced Medical Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809, *2 (D. Del. April 7, 2005) (holding that medical expert could not testify on sales and market trends). As a damages expert, Dr. Goedde is no more qualified to determine whether there are non-infringing alternatives as Dr. Cox is to assume that there are no non-infringing alternatives. Nor is Dr. Goedde qualified to offer an opinion about the work done by others on these topics. Accordingly, Dr. Goedde made an assumption about this issue.

---

[3] LML clearly understands that it is proper for a damages expert to make an assumption about technical areas outside of his expertise because it has moved to exclude portions of the testimony of Mr. Napper, Telecheck's expert witness, on the grounds that he is not qualified to offer an expert opinion on technical issues. Napper Motion at 8.

While Dr. Goedde is not qualified to testify about technical aspects of the case, the law is clear that a damages expert may offer an opinion that is consistent with his client's version of the facts. *See Micro Chem. Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) ("In this case, the trial court properly did not rule inadmissible Fiorito's damages testimony simply because it was based on Micro Chemical's version of the contested facts. The defendants had ample opportunity to rebut Fiorito's damages theory during cross-examination."). Because Dr. Goedde is not offering any opinion about the truth or accuracy of the assumption, it is irrelevant what the basis is for Dr. Goedde's assumption, as long as the assumption is supported by evidence at trial. The fact that Dr. Goedde based an assumption on information provided by counsel does not mean that his ultimate opinion, applying the *Georgia-Pacific* factors to determine a reasonable royalty, is inadmissible or unreliable. *See, e.g., Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F,3d 585, 591 (7th Cir. 2000) ("From financial information furnished by Tuf and ***assumptions given him by counsel on the effect of the termination on Tuf's sales***, the accountant calculated the discounted present value of the lost future earnings that Tuf would have had had it not been terminated. This was a calculation well within the competence of a C.P.A.") (emphasis added). LML has not cited a single case for the proposition that a damages expert cannot make an assumption based on conversations with counsel.[4] By identifying the assumption that he made, Dr. Goedde has fully stated the basis for his opinion, which will allow the jury to properly consider his opinions.

As discussed above, of the cases LML does cite, none are relevant for the issue presented

---

[4] LML cites *Advanced Med. Optics* for the proposition that an expert was excluded because "the expert's basis for the opinion was what he was told by counsel". Motion at 12. However, the court actually held that the expert had participated in the preparation of his report but excluded his testimony because he did not give any basis for the opinions that he reached and his opinions were outside his area of expertise. *Advanced Med. Optics*, 2005 WL 782809 at *10-12. In *E.E.O.C. v. Rockwell Int'l. Corp.*, also cited by LML (Motion at 12), the court held that the expert was not reliable because he included opinions that the attorneys proposed even though he believed that these facts and calculations were wrong and were not the type of information upon which he would otherwise rely. 60 F. Supp.2d 791, 797 (N.D. Ill. 1999). LML has presented no evidence that Dr. Goedde's assumption is in any way inconsistent with other facts that Dr. Goedde has relied on or that Dr. Goedde believes that this assumption is incorrect.

here. Cases in which the plaintiffs are making claims for lost profits require a detailed analysis of identified, non-infringing alternatives and the impact those alternatives would have on the market. *See, e.g., Grain Processing*, 185 F.3d at 1349-51. Even in those cases, the underlying evidence came from a variety of sources, not just the expert's opinion. *Id.* However, the expert in those cases had to draw conclusions from these facts and assumptions because the issue of non-infringing alternatives in lost profit cases focuses on establishing the causation necessary to award damages and to construct a but-for world of the market. *Id.* That is not what Dr. Goedde is trying to establish here. Nova is not offering Dr. Goedde to prove the fact of a non-infringing alternative. Dr. Goedde bases his opinions on the assumption that there are alternatives. LML is free to cross-examine at trial about the effect his assumption had on his ultimate conclusion and to test any limitations it creates, just as the Federal Rules and the case law favor. *See, e.g., Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

**B. The Record At Trial Will Support Dr. Goedde's Assumption.**

It is premature to try to decide at this time whether the record supports Dr. Goedde's assumption that non-infringing alternatives exist. The Court has not yet construed the claims of the patent so it is impossible for either side to identify what are acceptable, non-infringing alternatives. The scope of the patent will determine whether certain processes are covered by the patent or not. Once the Court has construed the claims, the parties will be able to present evidence about non-infringing alternatives and the record will support Dr. Goedde's assumption that there are non-infringing alternatives to the patented process.

Even at this early stage before claim construction, Nova's evidence already supports its position that there are non-infringing alternatives to electronic check conversion. Importantly, while LML asserts in this motion that there were no non-infringing alternatives during the period of alleged infringement, it has offered no proof that this is true. In fact, the evidence LML does cite proves the opposite. [redacted]



Merchants who use any type of check processing system want a system that improves the chances that the check will clear and the merchant will be paid.





Davidson Decl. Ex. 5 (Goodson Depo. at 45:8-46:18 (objections omitted) (emphasis added)).

Based on this and other testimony, there is clearly a factual dispute that will have to be resolved by the jury about whether there were non-infringing alternatives available during the alleged period of infringement. At most, LML has raised questions that go to the weight the jury should give Dr. Goedde's testimony because of his assumption about non-infringing alternatives. When a party seeks "to challenge the correctness of [an opposing party's] expert's testimony, its recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of its own expert witnesses." *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001); *see also Micro Chem.*, 317 F.3d at 1392.

### C. Even If His Assumption About Non-Infringing Alternatives Is Excluded, Dr. Goedde's Conclusions About *Georgia-Pacific* Factors 6, 8, 9 and 11 Should Still Be Allowed At Trial.

In its motion, LML only seeks to exclude Dr. Goedde's testimony about non-infringing alternatives. It has not challenged Dr. Goedde's conclusion about the effect that factors 6, 8, 9 and 11 of the *Georgia-Pacific* test would have on the ultimate royalty rate the parties would agree to in the hypothetical negotiation. Thus, even if the Court will not allow Dr. Goedde to assume the existence of non-infringing alternatives, Dr. Goedde's conclusions about these other *Georgia-Pacific* factors are still well supported and the Court should still allow Dr. Goedde to testify about these factors and their effect on the reasonable royalty rate. *See, e.g.,* Davidson Decl. Ex. 1 (Goedde Report at 8-12).

## VI. CONCLUSION.

For the foregoing reasons, Nova respectfully requests that this Court deny LML's *Daubert* motion no. 4 to limit the testimony of Alan G. Goedde.

November 14, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for defendant,
NOVA Information Systems, Inc.

OF COUNSEL:
Mark C. Scarsi
Michelle L. Davidson
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000