609426v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>      Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>      Defendants. | C.A. 04-858 (SLR)<br><br>REDACTED PUBLIC VERSION |

**DEFENDANT NOVA INFORMATION SYSTEMS, INC., ELECTRONIC
CLEARING HOUSE, INC., AND XPRESSCHEX, INC.'S MEMORANDUM IN
OPPOSITION TO LML'S *DAUBERT* MOTION TO LIMIT THE TESTIMONY
OF STEPHEN A. SCHUTZE**

THE BAYARD FIRM
Richard D. Kirk (Bar No. 922)
222 Delaware Avenue, 9th Floor
P. O. Box 25130
Wilmington, DE  19899
(302) 429-4208
rkirk@bayardfirm.com
Attorneys for NOVA Information Systems, Inc.

CONNOLLY, BOVE, LODGE & HUTZ LLP
Francis DiGiovanni (Bar No. 3189).
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
fdigiovanni@cblh.com
Attorneys for Electronic Clearinghouse, Inc. and
Xpresschex, Inc.

OF COUNSEL:
Mark C. Scarsi
Michelle L. Davidson
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899

OF COUNSEL:
Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

.

November 21, 2005

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ........................................................................................................... 1

II. APPLICABLE LEGAL STANDARDS ........................................................................ 2

    A. Admissibility Of Expert Testimony ........................................................... 2

    B. LML's Daubert Motions Violate Local Rule 7.1.1 .................................... 3

III. MR. SCHUTZE IS AN EXPERT WITHIN THE MEANING OF RULE 702 AND DAUBERT AND HIS OPINIONS AND TESTIMONY ARE RELIABLE AND HELPFUL AND SHOULD NOT BE LIMITED ..................... 4

    A. Mr. Schutze Is Qualified To Provide Testimony In This Case Because He Has Specialized Knowledge Regarding Payment Systems ......................................................................................................... 4

    B. Mr. Schutze's Opinions Are Reliable And He Has "Good Grounds" For His Opinions And Beliefs .................................................... 6

    C. The Testimony Of Mr. Schutze Fits The Issues In This Case ................... 9

IV. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bose Corp. v. JBL, Inc.*,
74 F.3d 1354, 1360 (Fed. Cir. 2001) ................................................................... 2

*DeWitt v. Penn-Del Directory Corp.*,
912 F. Supp. 707 (D. Del. 1996) ...................................................................... 3, 4

*Elcock v. Kmart Corp.*,
233 F.3d 734 (3d Cir. 2000) ................................................................................ 4

*Heller v. Shaw Indus., Inc.*,
167 F.3d 145 (3d Cir. 1999) ................................................................................ 8

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994) .................................................................................. 2

*Izumi Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
315 F. Supp. 2d 589 (D. Del. 2004) ......................................................... 4, 5, 8, 9

*Micro Chem., Inc. v. Lextron, Inc.*,
317 F.3d 1387 (Fed. Cir. 2003) ........................................................................... 2

*Waldorf v. Shuta*,
*142 F.3d 601* (3d Cir. 1988) ........................................................................ 2, 4, 5

**Statutes**

D.Del.R. 7.1.1 (1995) ..................................................................................................... 3

**Other Authorities**

2005 U.S. App. LEXIS 13553
(Fed. Cir., July 7, 2005) ...................................................................................... 4

**Rules**

Fed. R. Evid. 702 ............................................................................................................ 2

I.  **INTRODUCTION**

LML brought this motion to limit the testimony of Mr. Schutze because LML alleges that the testimony of Mr. Schutze is "unreliable, inconsistent, and flawed." However, the only factual support that LML offers for this position is that Mr. Schutze stated that he would not characterize himself as an expert in the Defendants' systems.[1]

LML has not questioned a single opinion, statement or conclusion of Mr. Schutze. LML's motion provides some legal standards but then fails to even allege, except in the most conclusory fashion, that Mr. Schutze does not meet the legal standards that LML articulated. Mr. Schutze is an expert in payment systems and is familiar with the Nova Electronic Check System, ECHO's POS Electronic Check Conversion Service, and the Visa POS check service. (*See generally* Ex. A, Professional Experience of Stephen A. Schutze; Ex. B, Expert Report of Stephen A. Schutze).[2] He observed or completed transactions using both systems and has conferred with company representatives knowledgeable about the accused products in addition to reviewing documents produced by all parties. LML misapplies both Rule 702 and *Daubert* by claiming that Mr. Schutze must be an expert *in the accused system, the hardware and the software* in order to provide the trier of fact with helpful scientific, technical or other specialized knowledge.[3]

---

[1] It is questionable if a subjective non-legal self assessment of whether he is an "expert" or not should be entitled to any weight in evaluating Mr. Schutze's qualifications.

[2] Exhibits cited in this brief are attached to the concurrently filed Declaration of Vision Winter in Support of Defendant Nova Information Systems, Inc., Electronic Clearing House, Inc., and XpressChex, Inc.'s Response in Opposition to LML's *Daubert* Motion To Limit The Testimony Of Stephen A. Schutze ("Winter Decl."). Citations to deposition transcripts are in the form x:y where "x" represents the page number and "y" represents the line number.

[3] [redacted]

609426

II.  **APPLICABLE LEGAL STANDARDS**

   A.  **Admissibility Of Expert Testimony**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In essence, Rule 702 provides that a party can introduce expert testimony if the expert has specialized knowledge that would be helpful in deciding the case correctly, and if the expert's testimony is sufficiently reliable to assist the factfinder. Commentary to Fed. R. Evid. 702 (citations omitted).

Rule 702 requires the witness to have "specialized knowledge" regarding the area of testimony. The basis of this specialized knowledge can be practical experience as well as academic training and credentials. The Third Circuit[4] has interpreted the specialized knowledge requirement liberally, and has stated that this policy of liberal admissibility of expert testimony "extends to the substantive as well as the formal qualification of experts." *See Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994)).

---

[4] Whether expert testimony should be admitted is a procedural issue not unique to patent law that is evaluated under the law of the regional circuit. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-1391 (Fed. Cir. 2003) citing *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1360 (Fed. Cir. 2001) ("Whether proffered evidence should be admitted in a trial is a procedural issue not unique to patent law, and therefore we review the district court's decision whether to admit expert testimony under the law of the regional circuit . . . .)

B.   **LML's *Daubert* Motions Violate Local Rule 7.1.1**

Local Rule 7.1.1 for the District of Delaware states:

> Unless otherwise ordered, the Court will not entertain ***any non-dispositive motion***, . . . unless counsel for the moving party files with the Court at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

D.Del.R. 7.1.1 (1995) (emphasis added). Rule 7.1.1 was "designed to facilitate resolution of disputes among the parties before formally requesting the Court's aid by filing motions." *DeWitt v. Penn-Del Directory Corp.*, 912 F. Supp. 707, 713 (D. Del. 1996)

LML, however, never provided Nova, ECHO, or Telecheck with prior notice that it would seek to limit the testimony of the various defense expert witnesses prior to the filing of its four *Daubert* motions on October 28, 2005. Instead, LML filed its *Daubert* motions without any prior consultation of codefendants on the same date it filed six separate motions for summary judgment. Indeed, the present motion might have been particularly amenable to the meet-and-confer process. Nova and ECHO have no precise understanding of what LML is seeking, since LML failed to specify any specific opinions of Mr. Schutze it seeks to preclude. LML makes an argument that Mr. Schutze is not an expert in Nova's and ECHO's source code without making any attempt to determine if Nova or ECHO even intend to have Mr. Schutze opine on the specifics of the source code. A conference between the parties could have resolved these issues.

Perhaps LML did not attempt to give Defendants any notice that it would seek to limit the testimony of the Mr. Schutze because LML knew that its own expert, Mr. Tinkel, is less qualified to opine on issues of infringement than Mr. Schutze. LML's expert and Mr. Schutze opined on the identical issues -- infringement of the '988 patent by Nova and ECHO. LML alleges that Mr. Schutze is not an expert in Nova's and ECHO's products or the accused software and hardware. ███████████████████ ███████████████████████████████████████ A meet and confer

would have illustrated this important point and LML might have avoided wasting this Court's time with its baseless motion.

Notwithstanding the above argument, LML did not file its *Daubert* motions in accordance with District of Delaware Local Rule 7.1.1, which is clearly applicable to these non-dispositive motions. For this reason, the Court should strike all four of LML's *Daubert* motions. *See DeWitt*, 912 F. Supp. at 713 (striking plaintiffs motion due to the "blatant disregard for Local Rule 7.1.1").

### III. MR. SCHUTZE IS AN EXPERT WITHIN THE MEANING OF RULE 702 AND *DAUBERT* AND HIS OPINIONS AND TESTIMONY ARE RELIABLE AND HELPFUL AND SHOULD NOT BE LIMITED.

Under the Third Circuit's application of Rule 702 and *Daubert*, there are "three distinct substantive restrictions on the admission of expert testimony: [1] qualifications, [2] reliability and [3] fit." *Izumi Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 600 (D. Del. 2004), *aff'd*, 2005 U.S. App. LEXIS 13553 (Fed. Cir., July 7, 2005) (citing *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000)). Since Mr. Schutze and his opinions meet each of these restrictions, the Court should admit his testimony.

#### A. Mr. Schutze Is Qualified To Provide Testimony In This Case Because He Has Specialized Knowledge Regarding Payment Systems

In order for a court to qualify a witness to testify as an expert, Rule 702 requires the witness to have "specialized knowledge" regarding the area of testimony. *Id.* (citing *Waldorf v. Shuta, 142 F.3d 601, 625* (3d Cir. 1988)). The area of testimony in this case is payment systems, specifically, checkwriting point of sale systems. Mr. Schutze has specialized knowledge in the field of payment systems that will assist the trier of fact in this litigation. (*See* Ex. A, Professional Experience of Stephen A. Schutze).

609426v1

Mr. Schutze is the managing director of Foreword Financial Consulting which is a consulting service specializing in payment operations. (*See Id.*) Prior to launching Forward Financial Consulting, Mr. Schutze was the Director of eStrategies at the American Bankers Association (the "ABA"). (*Id.*) He oversaw electronic commerce policy development, helped formulate legislative and regulatory positions on electronic commerce and payment system issues, and fostered awareness of electronic commerce among member banks to enable them to better compete. (*Id.*)

Mr. Schutze is currently on the Steering Committee of the National Automated Clearing House Association ("NACHA") Electronic Check Council and is the immediate past Chairman of the Council. (*Id.*) Prior to becoming Chairman of the Electronic Check Council, he was the leader of the Council's Point of Sale Work Group. (*Id.*) Before joining the ABA, Mr. Schutze was Senior Vice President at Bank of America in Business Transformation, directing payment systems strategies, check imaging strategic planning and Check Safekeeping, as well as serving as Manager of the FSTC eCheck project. (*Id.*)

By any measure, Mr. Schutze possesses specialized knowledge with respect to payment systems. In fact, Mr. Schutze is so involved with the electronic check processing industry that LML initially objected to the Defendants disclosing any confidential information to Mr. Schutze.[5]

Previously, this Court has held that, at a minimum, a proffered expert witness must possess skill or knowledge greater than the average layman. *See Izumi*, 315 F. Supp. 2d at 600 (citing *Waldorf*, 142 F.3d at 625). In *Izumi*, this Court found that the expert was qualified because he "certainly posses[ed] skill or knowledge greater that the average layman, the minimum requirement to qualify as an expert under Rule 702." *Izumi*, 315 F. Supp. 2d at 602.

---

[5] LML stated that the basis for the objections were that Mr. Schutze currently consults for and with LML Payment Systems' competitors and that based on his activities and responsibilities as a consultant and as a member of the Electronic Check Council

609426v1

5

Mr. Schutze's experience with NACHA and the Electronic Check Council are sufficient to demonstrate that he possesses skills and knowledge greater than the average layman. However, his substantial industry experience in the field of electronic payments makes it abundantly clear that his qualifications exceed the minimum requirements to qualify as an expert under Rule 702.

### B.  Mr. Schutze's Opinions Are Reliable And He Has "Good Grounds" For His Opinions And Beliefs

Instead of providing any support for its allegation that Mr. Schutze's testimony is "unreliable, inconsistent, and flawed," LML prefers to provide the legal standards for reliability in Section II of its brief and then only argue facts that go to Mr. Schutze's qualification. (Ex. F, LML Motion To Exclude Testimony Of Stephen A. Schutze).[6]

Mr. Schutze prepared a 120 page report carefully considering the patents-in-suit[7] and comparing the claims, as construed, to the accused products. (Ex. B, Expert Report of Stephen A. Schutze). Mr. Schutze relied on documents produced by all parties in the litigation, deposition testimony, NACHA operating rules, the patent prosecution histories, and other information in formulating his opinions. Not surprisingly, LML did not provide any fact based arguments that the testimony of Mr. Schutze is "unreliable, inconsistent or flawed." LML also does not show that Mr. Schutze's methodology is

---

Steering Committee there were confidentiality concerns. (*See* Ex. E, August 25, 2005 Letter from LML counsel to Nova counsel).

[6] Nowhere does LML question even a single opinion of Mr. Schutze. The sole basis for LML's motion to exclude the testimony of Mr. Schutze is his testimony where he stated that he was not an expert in the Nova or ECHO systems and he was not an expert in the hardware or software used in POP transactions.

The extent of LML's legal argument is that "Mr. Schutze is not an expert under the meaning of Rule 702 which requires that an expert be someone of knowledge, skill, experience, training, or education who can provide the trier of fact with helpful scientific, technical, or other specialized knowledge. (Ex. F, LML Motion To Exclude Testimony Of Stephen A. Schutze).

[7] There were three patents in the case when Mr. Schutze drafted the Expert Report of Stephen A. Schutze Regarding Infringement. Subsequently, LML dropped two of the patents from this lawsuit.

609426v1

6

flawed. Perhaps this is because LML's own expert employed a very similar accepted methodology to analyze infringement in its own expert report.[8]

Mr. Schutze's report relies on documented facts which are cited in his report. For example, in Section V of his report, Mr. Schutze construes the claim element "reading the magnetic ink character recognition number on the check for the sole purpose of obtaining consumer bank account information" as "reading the MICR information on the check for no other purpose but to obtain consumer bank account information."



---

[8] **Nova and ECHO's analysis:** "assessing infringement of a U.S. Patent requires two steps. First, the terms of the patent claims must be construed . . . [n]ext, in view of that interpretation, in order to infringe a patent claim, the accused device must contain elements that correspond to each and every limitation present in the asserted claim." (Ex. B at ¶¶13-15, Expert Report of Stephen A. Schutze Regarding Infringement).

609426v1

7



To understand the reliability requirement, it is instructive to examine why this Court excluded the proffered turbulence theory in *Izumi*. *Izumi* was a patent infringement case that dealt with rotary electric razors *See generally Izumi*, 315 F. Supp. 2d 589. The expert applied the principle of turbulence in developing a system to reclaim beaches, known as the permeable groin, to the grooved inner cutters of the razor. *Id.* at 602. The expert did not cite to any literature or perform any testing on the accused products. *Id.* This Court found that the experts application of this theory to the accused product was based solely on the expert's subjective belief and excluded the turbulence theory. *Id.*

Our case is considerably different. Mr. Schutze is not applying any novel theories,[9] he cites and relies on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In addition, Mr. Schutze examined the accused systems and ran transactions before formulating his factually supported conclusions.[10]

---

[9] Even if novel theories were used, the Third Circuit has recognized that novel conclusions should not be excluded where the methodology and its application are reliable. *Izumi*, 315 F. Supp. 2d at 602 (citing *Heller v. Shaw Indus., Inc.*, 167 F.3d ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

609426v1

8

### C. The Testimony Of Mr. Schutze Fits The Issues In This Case

This is a patent infringement lawsuit. LML has alleged that Nova and ECHO infringe certain claims of U.S. Patent Number 5,484,988. Mr. Schutze has provided opinions comparing LML's patent claims to Nova's and ECHO's products. The standard requiring the testimony to fit the issues of the case is not intended to be a high one, and it only requires that "the experts testimony be relevant for the purposes of the case and must assist the trier of fact." *See Izumi*, 315 F. Supp. 2d at 601.

Mr. Schutze's testimony fits the issues in the case. The ultimate issue is infringement. Determination of infringement is a two step process, first the claims are construed and then the construed claims are compared to the accused product. Mr. Schutze first construed the relevant contested claim terms (*See* Ex. B, § V) and then devotes the balance of the report to comparing the claims to the accused products (*See generally* Ex. B). For example, an issue in the case 

[REDACTED]

## IV. CONCLUSION

For all the reasons stated above, Nova, ECHO and Xpresschex respectfully request that this Court deny LML's motion to limit the testimony of Stephen A. Schutze.

| | |
|---|---|
| THE BAYARD FIRM | CONNOLLY, BOVE, LODGE & HUTZ LLP |
| /s/ Richard D. Kirk (rk0922)<br>222 Delaware Avenue, 9th Floor<br>P. O. Box 25130<br>Wilmington, DE  19899<br>(302) 429-4208<br>rkirk@bayardfirm.com<br>Attorneys for NOVA Information Systems, Inc. | /s/ Francis DiGiovanni (fd3189)<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19899<br>(302) 658-9141<br>fdigiovanni@cblh.com<br>Attorneys for Electronic Clearinghouse, Inc. and Xpresschex, Inc. |
| OF COUNSEL:<br>Mark C. Scarsi<br>Michelle L. Davidson<br>Vision L. Winter<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA  90071-2899 | OF COUNSEL:<br>Robert Jacobs, Esq.<br>Mark B. Mizrahi, Esq.<br>Belasco Jacobs & Townsley, LLP<br>Howard Hughes Center<br>6100 Center Drive, Suite 630<br>Los Angeles, CA  90045 |

November 21, 2005

609426v1