IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>       Plaintiff,<br><br>  v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>       Defendants. | C.A. 04-858 (SLR)<br><br>PUBLIC VERSION |

**TELECHECK'S MEMORANDUM IN OPPOSITION TO LML'S**
***DAUBERT* MOTION NO. 1: FOR A RULING LIMITING**
**THE TESTIMONY OF DAVID P. KURRASCH**


                                                                          William J. Marsden (#2247)
                                                                          Timothy Devlin (#4241)
                                                                               Stamatios Stamoulis (#4606)
                                                                               Tara D. Elliott (#4483)
                                                                               Sean P. Hayes (#4413)
                                                                               FISH & RICHARDSON P.C
                                                                               919 N. Market Street, Suite 1100
                                                                               Wilmington, DE  19899-1114

                                                                         *Attorneys for Defendant TeleCheck Services, Inc*

Dated:  November 14, 2005
PUBLIC VERSION:  November 21, 2005

**TABLE OF CONTENTS**

                                                                                                     **PAGE**

I.    NATURE AND STAGE OF THE PROCEEDING ................................................ 1

II.   SUMMARY OF ARGUMENT ............................................................................. 1

III.  STATEMENT OF FACTS .................................................................................... 2

IV.  ARGUMENT ........................................................................................................ 4

        A.    Legal Standard ........................................................................................... 4

        B.    LML's *Daubert* Motions Violate Local Rule 7.1.1 ................................... 5

        C.    Mr. Kurrasch's Expert Report Reflects His Own
              Opinions Regarding the Patent in Suit ....................................................... 6

        D.    Mr. Kurrasch's Expert Report and Testimony Regarding
              Invalidity Is Relevant and Reliable ............................................................ 7

V.   CONCLUSION .................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*Advanced Medical Optics, Inc. v. Alcon, Inc.*,
   2005 WL. 782809 (D. Del. April 07, 2005)..................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).........................................................................................................5

*DeWitt v. Penn-Del Directory Corp.*,
   912 F. Supp. 707 (D. Del. 1996)..................................................................................5, 6

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
   345 F. Supp. 2d 431 (D. Del. 2004)...............................................................................11

**STATUTES AND OTHER AUTHORITIES**

D. Del. R. 7.1.1 (1995)..........................................................................................................5

Fed. R. Civ. P. 26(a)(2)(B) ...........................................................................................7, 11

Fed. R. Evid. 702 ............................................................................................................4, 5

I.      **NATURE AND STAGE OF THE PROCEEDING**

This is a patent infringement litigation initiated by LML Patent Corporation ("LML" or "Plaintiff") against defendants TeleCheck Services, Inc. ("TeleCheck"), Electronic Clearing House, Inc. ("ECHO"), XpressChex, Inc. ("XpressChex") and Nova Information Systems, Inc ("Nova") (collectively, "Defendants"). The patent in suit is U.S. Patent No. 5,484,988 ("the '988 patent"). Fact and expert discovery has concluded, and claim construction briefing is complete.

On October 28, 2005, LML filed four *Daubert* motions challenging the testimony of every technical expert and two of the three damages experts retained by the three Defendants in this case. This memorandum is filed in opposition to LML *Daubert* Motion No. 1 (D.I. 333), which seeks to limit the testimony of Mr. David Kurrasch, Defendants' expert regarding the issues of validity.

II.     **SUMMARY OF ARGUMENT**

1.      In its motion, LML does not contest Mr. Kurrasch's credentials as an expert in this field. Rather, LML first suggests that Mr. Kurrasch's expert report reflects something other than his                **REDACTED**

In addition, LML claims that

**REDACTED**

Both of these contentions are without merit.

2.      Mr. Kurrasch testified during his deposition that he worked in conjunction with TeleCheck's counsel in drafting his invalidity report. This was done in compliance with the Federal Rules of Civil Procedure and in compliance with controlling case law.

Indeed, Mr. Kurrasch expressly testified that the opinions set forth in the opinion were his own:

**REDACTED**

[1]

3.   Likewise, Mr. Kurrasch properly construed the claims in analyzing the validity of the '988 patent. Not only did Mr. Kurrasch reference each party's proposed claim construction (attached to his expert report), his invalidity report clearly delineates which claim construction he applied in evaluating the issues of invalidity.

**REDACTED**

LML's motion ignores these statements in Mr. Kurrasch's report.

4.   Mr. Kurrasch's deposition testimony is consistent with his invalidity report, and must be read in the context of the report, which specifies that many of his specific claim comparisons are applicable under either parties' claim construction. In fact, during his deposition, Mr. Kurrasch repeatedly pointed to the very statements in his report that outline the specific claim construction he utilized.

### III.   STATEMENT OF FACTS

LML has not challenged the credentials of Mr. Kurrasch to render opinions regarding the issues of infringement and invalidity, nor can it. Mr. Kurrasch has a Bachelor's degree in Economics, Communications and History as well as a Masters of

International Management degree. He has worked in the financial industry for nearly 30 years, including the areas of check processing services, automated clearinghouse ("ACH") processing, commercial credit, and wire transfer.

Mr. Kurrasch worked in conjunction with Defendants' counsel in drafting his invalidity report, but the opinions set forth in the report are his own. While Defendants' counsel assisted in drafting the report based on Mr. Kurrasch's direction, Mr. Kurrasch maintained ultimate control of the drafting of his report. At all times, Mr. Kurrasch ensured that the report reflected his opinions. During his deposition, Mr. Kurrasch

**REDACTED**

Mr. Kurrasch devoted an entire section his invalidity report to claim construction. The very first sentence of this section states **REDACTED**

Mr. Kurrasch goes on to state, **REDACTED**

---

[1] Unless otherwise indicated, emphasis in this Brief has been added.

3

**REDACTED**

Mr. Kurrasch further specified what parties' claim construction was applicable to each of his opinions regarding validity of the '988 patent claims:

**REDACTED**

Mr. Kurrasch's report goes on to delineate precisely which claim construction was applicable to each issue. (*Id.* at 46.)

As these statements establish, where both proposed claim constructions applied to his opinions, Mr. Kurrasch did not identify either of those constructions. In other cases, his opinions only applied under a particular construction. After specifying which constructions were applicable to each comparison of the prior art and the claim elements, Mr. Kurrasch performed an element-by-element comparison of each claim to each prior art reference.

Not only does his expert report on invalidity clearly delineate the procedures he followed in developing his report, Mr. Kurrasch's deposition testimony regarding his report is consistent with and bolsters his report. In fact, during his deposition, Mr. Kurrasch repeatedly pointed to the very statements in his report that outline the specific claim construction he utilized. (*See, e.g.,* Ex. A at 110:10-113:19.)

## IV.   ARGUMENT

### A.   Legal Standard

Mr. Kurrasch's report and anticipated testimony meet applicable standards for expert testimony. Federal Rule of Civil Procedure 26, Rule 702 of the Federal Rules of

4

Evidence, and the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, and its progeny, govern the admissibility of expert testimony. Federal Rule of Evidence 702 provides the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 580 (1993) addressed Federal Rule of Evidence 702 and provided that "[f]aced with a proffer of expert scientific testimony under Rule 702, the trial judge, pursuant to Rule 104(a), must make a preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid and properly can be applied to the facts at issue."

### B.     LML's *Daubert* Motions Violate Local Rule 7.1.1

Local Rule 7.1.1 for the District of Delaware states:

> Unless otherwise ordered, the Court will not entertain **any non-dispositive motion**, . . . unless counsel for the moving party files with the Court at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

D. Del. R. 7.1.1 (1995). Rule 7.1.1 was "designed to facilitate resolution of disputes among the parties before formally requesting the Court's aid by filing motions." *DeWitt v. Penn-Del Directory Corp.*, 912 F. Supp. 707, 713 (D. Del. 1996).

LML, however, never provided TeleCheck or any of the other defendants with prior notice that it would seek to limit the testimony of the various defense expert witnesses prior to the filing of its four *Daubert* motions. Instead, LML filed its *Daubert* motions without any prior consultation of defendants, on the same date it filed six

separate motions for summary judgment. A conference between the parties could potentially have resolved a number these *Daubert* issues.

LML's *Daubert* motions were not filed in accordance with District of Delaware Local Rule 7.1.1, which is clearly applicable to these non-dispositive motions. For this reason, the Court should strike all four of LML's *Daubert* motions. *See DeWitt*, 912 F. Supp. at 713 (striking plaintiffs motion due to the "blatant disregard for Local Rule 7.1.1").

    **C.**    **Mr. Kurrasch's Expert Report Reflects His Own Opinions Regarding the Patent in Suit**

In its motion, LML first suggests that the Mr. Kurrasch's expert report does not reflect his own substantive conclusions. This is simply incorrect. Mr. Kurrasch was asked about this issue multiple times during his deposition. In response to repeated questions, Mr. Kurrasch indicated that he worked with TeleCheck's counsel in creating his report, but that the opinions and conclusions contained in his report were his own, stating that "I wouldn't have put them in the document if they weren't my opinions." (Ex. A at 158:23-159:1). For example, when he was asked whether he was the author of the invalidity report, Mr. Kurrasch responded definitively:

    **REDACTED**.


LML's argument was recently rejected under similar facts in *Advanced Med. Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809 (D. Del. April 07, 2005). In *Advanced Med. Optics*, the defendant alleged that the plaintiff's expert's opinions on infringement were "pulled directly from litigation positions crafted by [plaintiff's] attorneys, as opposed to conclusions drawn from his own independent assessment of the claims at issue." *Id*. at

6

\*9. The Court rejected this argument, noting that the advisory committee's note to Federal Rule of Civil Procedure 26(a)(2)(B) "does not preclude counsel from providing assistance to experts in preparing [the expert's] report." The Court specifically cited the expert's deposition testimony in which the expert described the drafting process as a "collaborative effort." *Id.* at \*10.

Likewise in this case, Mr. Kurrasch testified during his deposition that he collaborated with TeleCheck's counsel in drafting his invalidity report, but always ensured that the report reflected his own opinions:

**REDACTED**

Mr. Kurrasch's expert report regarding invalidity reflects his own, independent analysis and opinions regarding the claims at issue. Any suggestion otherwise is flatly contradicted by the facts in this case and established case law.

    **D.**    **Mr. Kurrasch's Expert Report and Testimony Regarding Invalidity Is Relevant and Reliable**

Mr. Kurrasch's expert report reflects a clear understanding of the two-step nature of an invalidity analysis. (Ex. B, Kurrasch Supp. Invalidity Report at 45). It also expressly states which of the parties claim constructions are applicable for a given comparison between each prior art reference and claim limitation. (*Id.* at 46-47). LML ignores this information entirely, instead pointing to deposition quotes taken out of context.

7

LML does not dispute that Mr. Kurrasch performed the second step in the validity analysis, an element-by-element comparison of each claim to each prior art reference. LML cannot dispute this, as even a cursory review of Mr. Kurrach's invalidity report shows more than one hundred pages of claim chart analysis comparing the claims of the '988 patent to various prior art references. LML instead claims that Mr. Kurrasch

**REDACTED**

This assertion is without merit, as demonstrated by Mr. Kurrasch's invalidity report and a complete review of Mr. Kurrasch's September 29, 2005 deposition transcript.

After clearly delineating the necessary first step in a validity analysis and referencing the parties proposed claim constructions, Mr. Kurrasch provided an express outline of what claim constructions he utilized in comparing the claims to the prior art. In particular, Mr. Kurrasch stated that where his opinion applied under either party's claim construction, he did not specify between them, while in other instances his opinion only applied under LML's construction:

**REDACTED**

Mr. Kurrasch went on to specifically identify the situations in which only LML's claim construction applied:

**REDACTED**

8

**REDACTED**

Mr. Kurrasch made a similar delineation regarding construction of the phrase

**REDACTED**

Accordingly, Mr. Kurrasch's expert report specifies the precise claim construction applicable to each opinion regarding invalidity. Again, there is no dispute that Mr. Kurrasch performed the second step, comparing the claims to the prior art. LML's motion should be denied.

Mr. Kurrasch's deposition testimony is consistent with the discussion of applicable claim constructions in his expert report. LML's selective citations to Mr. Kurrasch's deposition transcript ignore the context of the above analysis set forth in his report. LML also ignores the numerous occurrences during his deposition when Mr. Kurrasch specifically pointed to this claim construction analysis set forth in his report. When asked what claim construction he applied, Mr. Kurrasch repeatedly referenced the claim construction section of his invalidity report and even read the relevant language into the record. (*See, e.g.*, Ex. A at 110:10-113:19.)

As with the report itself, where Mr. Kurrasch adopted only LML's construction, he testified to that effect during his deposition:

**REDACTED**

**REDACTED**

As the excerpts from Mr. Kurrasch's deposition testimony and invalidity report demonstrate, Mr. Kurrasch applied the parties' proposed claim constructions in evaluating the issues of invalidity. In certain cases, Mr. Kurrasch found the presence of a given claim element in a prior art reference under ***either party's construction***, and so in those instances neither construction is specified. In contrast, in other instances Mr. Kurrasch made clear that a given claim element was present in a prior art reference only under LML's construction (which tend to be overly broad and sweep in additional prior art).

LML's selective citations to Mr. Kurrasch's deposition testimony to support its position are misguided. LML's recitation of Mr. Kurrasch's deposition testimony is a red herring, as LML seizes on nuances in Mr. Kurrasch's repeated responses to questions that had been redundantly asked and answered many times. At the same time, LML omits the fact that Mr. Kurrasch's answers were consistent with his report, which outlined the claim construction used in his analysis. Mr. Kurrasch properly construed the claims in evaluating the validity of the '988 patent, and LML's motion should be denied.

The *Oxford Gene* case on which LML seeks to rely is clearly distinguishable. In *Oxford Gene*, the plaintiff OGT sought to exclude the opinion testimony of defendant's expert's regarding validity. OGT argued that the expert's opinion on validity was inadmissible, since the expert "(1) 'neither offers ***nor adopts*** any claim constructions despite offering opinions that certain claims are invalid' and (2) '***skips the second***

10

***required step of comparing claim elements to the prior art*** ... [by making] naked conclusions of anticipation and obviousness.'" *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F.Supp.2d 431, 435 (D. Del. 2004) (emphasis added). Neither of these two factual situations are applicable to the facts of this case.

First, Mr. Kurrasch adopted one or both parties' claim construction for each of his opinions regarding invalidity. He attached both parties proposed claim constructions to his invalidity report and included an entire section delineating whether both parties' claim construction applied for a given comparison, or whether only LML's broader construction applied.. This was precisely outlined in his expert report and confirmed by his deposition testimony, as set forth above.

Second, unlike *Oxford Gene,* LML cannot and does not dispute that Mr. Kurrasch performed the second step in the validity analysis, an element-by-element comparison of each claim to each prior art reference. Mr. Kurrasch's invalidity report includes more than one hundred pages of claim chart analysis comparing the claims of the '988 patent to prior art.

Both of these factors distinguish the present case from *Oxford Gene*, and confirm that Mr. Kurrasch performed the proper, two-step invalidity analysis. Accordingly, pursuant to Rule 26(a)(2)(B), Mr. Kurrasch provided "the basis and reasons" for his opinions in his report. LML's assertion that Mr. Kurrasch failed to construe the claim terms is without merit, and its motion should be denied.

## V.   CONCLUSION

For at least the reasons set forth above, the Court should deny LML's Daubert Motion No. 1: For a Ruling Limiting the Testimony of David P. Kurrasch.

Dated: November 14, 2005          FISH & RICHARDSON P.C.


By:   */s/ Timothy Devlin*
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Stamatios Stamoulis (#4606)
Tara D. Elliott (#4483)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19801

Attorneys for Defendant
TeleCheck Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2005, I electronically filed the PUBLIC VERSION OF TELECHECK'S MEMORANDUM IN OPPOSITION TO LML'S *DAUBERT* MOTION NO. 1: FOR A RULING LIMITING THE TESTIMONY OF DAVID P. KURRASCH with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard K. Herrmann, Esq.
Morris, James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

Additionally, I hereby certify that on the 21st day of November, the foregoing document was served via email on the following non-registered participants.

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

                                                  */s/ Timothy Devlin*
                                                      Timothy Devlin

80028428.doc