IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 04-858-SLR |
| vs. | ) |
| | ) |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**LML'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION NO. 3:
FOR A RULING LIMITING THE TESTIMONY OF BRIAN W. NAPPER**

Dated: November 21, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Edward K. Runyan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for LML Patent Corp.*

I. **ARGUMENT IN REPLY**

LML moved to limit TeleCheck's damages expert, Mr. Brian W. Napper, from offering opinions on issues that are far beyond his specific expertise. Basically, LML is asking that Mr. Napper's testimony be limited to damages issues only, which Mr. Napper admits is his area of expertise. In response, TeleCheck agrees that Mr. Napper should not be permitted to offer opinions outside his area of expertise. TeleCheck's response seems to rest on the argument that Mr. Napper did not and will not offer opinions on the technical issues before the Court and the jury. The problem is Mr. Napper's report contains several opinions regarding the strength and validity of the patents, the impact on the patents' compatibility with federal and industry regulations, and the patented process itself. If it is the case that TeleCheck does not intend to have Mr. Napper offer those opinions at trial, then the Court can and should undisputedly strike those portions of Mr. Napper's report.

LML moved to preclude Mr. Napper from offering testimony and opinions regarding how the process of electronic check conversion works and the scope of protection due to LML's patents, and LML cited to specific portions of Mr. Napper's report where he offered such opinions. *See, e.g.,* Exhibit 1 to Dec. of R. Rademacher filed in support of LML's *Daubert* Motion No. 3, at pp. 7-12, 29, 41. In its response, TeleCheck argues that Mr. Napper is not offering such opinions, instead they claim he is providing his "understanding" or background information. That argument is flawed for a couple of reasons. First, the testimony in Mr. Napper's report goes beyond "background"— Mr. Napper offers his own interpretation of what the patent covers and of how the systems work based upon his own review of the patents or, even worse, a regurgitation of what TeleCheck personnel told him (*see* Exhibit 3 to Dec. of R.

Rademacher filed in support of LML's *Daubert* Motion No. 3, at 95:7-23). Indeed, in its response, TeleCheck characterizes Mr. Napper's testimony as his "recognition of [rules]" or his "acknowledgment of opinion letters." *See* TeleCheck's Opp'n to *Daubert* No. 3 at 4. Yet his report contains detailed information about what happens to a check in electronic check conversion, what happens to the check in TeleCheck's ECA product, and what—according to Mr. Napper—has to happen with the check under various rules and regulations. Mr. Napper has no basis for offering his "understanding" of the process because he is not a technical expert, which is what he does in his report (*See e.g.,* Exhibit 1 to Rademacher Dec., filed in support of LML's *Daubert* Motion No. 3, at pp. 5, 9-11); he has no basis for recognizing the rules then opining on the impact of those rules, which is what he does in his report (*See e.g., id.* at p. 4); and he has no basis for acknowledging the opinion letters then opining on the impact of prior art on the strength of the patents, which again he does in his report (*See e.g., id.* at p. 41). Calling this testimony "background" is just a matter of semantics—regardless of what you call it, such testimony is his opinion on the systems and the patents, and it is admittedly outside his scope of expertise.

Second, TeleCheck does not need its damages expert to provide such background information. TeleCheck has hired a technical expert to explain electronic check conversion and TeleCheck's ECA product to the jury and an invalidity expert to discuss the prior art. TeleCheck will also presumably have fact witnesses who have first-hand knowledge of its own product. TeleCheck does not need another expert offering his "understanding" of these issues. At best it will confuse the jury, and at worse the jury will rely on Mr. Napper's unqualified opinions. Such testimony by Mr. Napper would be

2

superfluous and a waste of time, and it should be excluded. *See* FED. R. EVID. 702 advisory committee notes ("When opinions are excluded, it is because they are unhelpful and therefore superfluous and a waste of time."). If TeleCheck truly does not intend to have Mr. Napper opine on any technical or validity issues, as it contends in its response brief, then TeleCheck should not oppose having such opinions stricken from Mr. Napper's report or the Court granting this motion.

Finally, in an attempt to legitimize Mr. Napper's opinions on claim construction and the impact of industry rules and regulations on both the patents and TeleCheck's ECA product, TeleCheck tries to tie these opinions to some sort of "economic" analysis, arguing that Mr. Napper is opining that the value of the patent would be zero. *See* TeleCheck's Opp'n to *Daubert* No. 3 at 5. If that is the "opinion" Mr. Napper is offering, then it should be stricken as contrary to the law. Indeed, the Patent Act itself mandates that if a patent is valid and infringed, a patent holder "shall" be awarded damages that are "in no event less than a reasonable royalty." 35 U.S.C. § 284. Thus, under patent law, LML is entitled to at least a reasonable royalty. The law says nothing about "compatibility" with industry regulations impacting the statutory minimum. Moreover, in analyzing the hypothetical negotiation, Mr. Napper assumed that the patents are valid and infringed, and, in so doing, he offers an opinion as to what he believes is a reasonable royalty. That is the opinion he should be permitted to offer the jury. And regardless of claim construction issues, TeleCheck has been using the patented technology for nearly seven years—that has provided value to TeleCheck, and LML is entitled to a reasonable royalty for TeleCheck's use of its patents. Because Mr. Napper's opinion that LML would be entitled nothing is contrary to the law, it is unreliable and therefore not helpful

3

to the jury. Thus, Mr. Napper should not be permitted to opine that the proper amount of damages is zero.

In short, Mr. Napper admitted during his deposition that he is not qualified to opine on technical issues or issues pertaining to validity of the patents. In its response, TeleCheck agrees but tries to dress up such opinions as mere background information. The statements made in Mr. Napper's expert report (as cited in LML's opening brief) go beyond mere background information, and Mr. Napper should not be allowed to offer such opinions at trial.[1]

---

[1] Defendants also claim that LML did not meet and confer with Defendants prior to filing its *Daubert* motion. But LML filed its motion in accordance with the express provisions of this Court's Scheduling Order, which mandated that any *Daubert* motions "be made by motion not later than the deadline for dispositive motions" (i.e. October 28, 2005). (Docket Entry 35 at ¶ 2(c)(3)); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("[S]cheduling orders are at the heart of case management."). As such, LML's local counsel did not advise LML of any need to file a Rule 7.1.1 certificate with its *Daubert* motions, nor has LML's local counsel ever been informed of a deficiency for not attaching a Rule 7.1.1 certificate to a *Daubert* motion.. (*See* Ex. A, Declaration of R. Herrmann, Esq.). Indeed, *Daubert* motions are akin to dispositive motions as the granting of such a motion generally prohibits a party from meeting its burden of proof. *See, e.g., Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004) (striking an expert's invalidity opinions and ultimately granting summary judgment of no anticipation). In *Oxford Gene Technology*, **the parties did not file any Rule 7.1.1 statements with their Daubert motions**. Therefore, LML's *Daubert* motion should be decided on its merits. *See Amico v. New Castle County*, 654 F. Supp. 982, 994 (D. Del. 1987) (finding that the "spirit of rules is to settle controversies upon their merits rather than to dismiss them on technical grounds").

## II. CONCLUSION

LML respectfully requests that the Court grant its *Daubert* motion and limit the testimony of TeleCheck's damages expert Brian W. Napper as set forth above.

Dated:  November 21, 2005

/s/ Mary B. Matterer
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2005, I electronically filed the foregoing document, **LML'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION NO. 3: FOR A RULING LIMITING THE TESTIMONY OF BRIAN W. NAPPER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 21st day of November, 2005, the foregoing document was served via email and via federal express on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

/s/ Mary B. Matterer

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

*Counsel for Plaintiff LML PATENT CORP.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 04-858-SLR |
| vs. | ) |
| | ) |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DECLARATION OF RICHARD K. HERRMANN, ESQ.

I, Richard K. Herrmann, Esq., declare as follows:

1. I serve as one of the Delaware counsel of record for the plaintiff LML in this action.

2. I have reviewed the Defendants' memoranda in opposition to LML's *Daubert* Motions filed pursuant to paragraph 2(c)(3) of the Case Scheduling Order on October 28, 2005.

3. In those briefs, Defendants criticize LML for filing *Daubert* Motions without engaging in the meet and confer process and without filing a Delaware Local Rule 7.1.1 certificate.

4. Since the filing of *Daubert* motions is specifically permitted in case scheduling orders, and because the deadline for filing such motions is the same as that for dispositive motions, I do not advise lead counsel of the need to file a Rule 7.1.1 certificate with the filing of a *Daubert* motion, and, accordingly, I did not do so in this case. I have never been informed of a deficiency for not attaching a Rule 7.1.1 certificate to a *Daubert* motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 21st day of November 2005 in Wilmington, Delaware.

Richard K. Herrmann, Esq.