# 11



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/975,717 | 11/13/92 | HILLS | |

| | EXAMINER |
|---|---|
| | PITTS, H |

JON L. ROBERTS
ARTER & HADDEN          25M1/0923
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

| ART UNIT | PAPER NUMBER |
|---|---|
| 2505 | |

DATE MAILED: 09/23/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _____ 2 _____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☑ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _____ 1 ~ 9 _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _____ 1 ~ 9 _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 9-89)                    **EXAMINER'S ACTION**

6

LML-EP 000139

Serial No. 975,717                    -2-

Art Unit  2505

   The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

   A person shall be entitled to a patent unless --
   (b) the invention was patented or described in a printed
   publication in this or a foreign country or in public use or
   on sale in this country, more than one year prior to the
   date of application for patent in the United States.

   Claims 1-9 are rejected under 35 U.S.C. § 102(b) as being
anticipated by Case or Deming.

   Note col. 1, lines 53 et. seq. of Case and col. 2 lines 17
et. Seq. of Deming.

   Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Harold
Pitts whose telephone number is (703) 308-0717.

   Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0956.

HAROLD PITTS
PRIMARY EXAMINER
GROUP 2500

Pitts/tj
September 22, 1993

LML-EP 000140

12

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717                    Group Art Unit: 2505

Filed:  11/13/92                         Examiner: Pitts, H.

For:    CHECKWRITING POINT OF SALE SYSTEM

\*       \*       \*       \*       \*

RESPONSE TO OFFICE ACTION OF 09/23/93

\*       \*       \*       \*       \*

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

Applicant hereby submits the following response to the Office

action of 09/23/93.

In the Specification:

Page 1, line 6, after "particularly" add -- to --.

Page 1, line 8, after "individual and" add -- of --.

Page 1, line 8, between "the" and "bank" add

-- individual's --.

Page, 1, line 8, between "and" and "bank" add -- whereby

the --.

Page 1, line 8, delete "be" and insert -- is --.

Page 1, line 12, before "patent" insert -- U.S. --.

Page 1, line 13, after "together" insert -- with --.

Page 1, line 17, before "Patent" insert -- U.S. --.

Page 1, line 21, delete "the " and insert -- an --.

LML-EP 000144

Page 1, line 22, after "point" insert -- of --.

Page 1, line 22, before "Patent" insert -- U.S. --.

Page 1, line 24, before "Patent" insert -- U.S. --.

Page 1, line 27, before "Patent" insert -- U.S. --.

Page 1, line 27, delete "involving" and insert
-- discloses --.

Page 2, line 1, delete "in" and insert -- using --.

Page 2, line 1, before "check" insert -- a --.

Page 2, line 2, after "codes" insert -- . --.

Page 2, line 2, delete "is used by" and insert -- When --.

Page 2, line 2, after "someone" insert -- attempts --.

Page 2, line 3, after "services" delete "and wherein" and
insert -- , --.

Page 2, line 4, after "place" insert -- the order --.

Page 2, line 7, before "Patent" insert -- U.S. --.

Page 2, line 8, delete "telemachine" and insert -- teller
machine --.

Page 2, line 11, before "Patent" insert -- U.S. --.

Page 2, line 14, before "Patent" insert -- U.S. --.

Page 2, line 16, delete "then".

Page 2, line 19, before "Patent" insert -- U.S. --.

Page 2, line 22, before "Patent" insert -- U.S. --.

Page 2, line 23, delete "systems" and insert -- system --.

Page 3, line 1, before "Patent" insert -- U.S. --.

Page 3, line 3, delete "which users" and insert
-- . Users --.

2

LML-EP 000145

Page 3, line 5, before "Patent" insert -- U.S. --.

Page 3, line 6, delete "apparatuses" and insert -- an apparatus is --.

Page 3, line 6, delete "restore" and insert -- secure --.

Page 3, line 7, before "checks" insert -- of --.

Page 3, line 9, before "customer" insert -- a --.

Page 3, line 10, Delete "It does" and insert -- They do --.

Page 3, line 10, delete "anyway" and insert -- any way --.

Page 3, line 11, delete "or indeed" and insert -- nor do they --.

Page 3, line 11, delete "that the issue in anyway of how" and insert -- the process by which --.

Page 3, line 13, delete "operation" and insert -- operations --.

Page 3, line 13, after "exist" insert -- in --.

Page 3, line 14, delete "ACH" and insert -- automated clearinghouse ("ACH") --.

Page 3, line 15, delete "anyway" and insert -- any way --.

Page 3, line 17, delete "indeed" and insert -- must --.

Page 3, line 21, before "will" delete "it" and insert -- the present invention --.

Page 3, line 23, delete "by the background I" and insert -- and disclosed in the background references --.

Page 3, line 26, delete ","..

Page 4, line 9, after "individuals" insert -- herein --.

Page 4, lines 9-10, delete "in this application".

3

LML-EP 000146

Page 4, lines 12-13, delete "the present invention's".

Page 4, line 13, after "parameters" insert -- of the present invention --.

Page 4, line 17, delete "know" and insert -- known --.

Page 4, line 17, delete "("Automated Clearing House")".

Page 4, line 24, delete "deposit" and insert -- deposits the transaction amount --.

Page 4, line 27, delete "would be" and insert -- are --.

Page 5, line 9, delete "applicants'".

Page 5, line 9, after "system" insert -- of the present invention --.

Page 5, line 12, delete "would be" and insert -- are --.

Page 5, line 12, delete "applicants'".

Page 5, line 12, after "system" insert -- of the present invention by --.

Page 5, line 19, delete "their".

Page 5, line 22, delete "invention's".

Page 5, line 22, after "center" insert -- of the present invention --.

Page 5, line 24, delete "Electronic Funds Transfer ("EFT")" and insert -- EFT --.

Page 5, line 27, delete "would be" and insert -- is --.

Page 6, line 16, delete "could" and insert -- may --.

Page 6, line 22, after "execution" insert -- of the Transaction Event Slip --.

Page 7, line 8, before "be stored" insert -- may --.

4

Page 7, line 12, delete "would".

Page 7, line 22, delete "and use to" and insert -- to and use of --.

Page 8, line 5, delete "the consumers" and insert -- consumer --.

Page 8, line 6, delete "as well".

Page 8, line 8, before "present" insert -- method of the --.

Page 8, line 9, delete "subscribers" and insert -- subscriber's --.

Page 8, line 9, delete " at a".

Page 8, line 12, after "or" insert -- for --.

Page 8, line 17, delete "invention's".

Page 8, line 18, after "files" insert -- of the present invention --.

Page 8, line 24, before "part" insert -- considered --.

Page 8, line 24, before "invention" insert -- present --.

Page 9, line 2, delete "an" and insert -- a --.

Page 9, line 3, before "executed" insert -- will be --.

Page 9, line 24, after "reader" insert -- , --.

Page 9, line 25, after "character" insert -- recognition --.

Page 9, line 25, after "equipment" insert -- , --.

Page 9, line 26, delete "applicants'".

Page 9, line 27, delete "were" and insert -- of the present invention is --.

Page 10, line 3, delete "The present invention contemplates" and insert -- It is contemplated --.

5

LML-EP 000148

Page 10, line 4, delete "on" and insert -- using the present invention with --.

Page 10, line 7, after "system" insert -- of the present invention --.

Page 10, line 10, before "form" insert -- the --.

Page 10, line 12, delete "(PSTN) or" and insert -- ("PSTN") or over --.

Page 10, line 21, after "Individual" insert -- transactions --.

Page 11, line 1, before "instantly" insert -- are --.

Page 11, line 3, delete "subscribers" and insert -- subscribers' --.

Page 11, line 3, delete "are" and insert -- is --.

Page 11, line 4, delete "invention's".

Page 11, line 4, delete "by means of telephonic network" and insert -- of the present invention by means of a telephonic network which is ++.

Page 11, line 8, after "response" insert -- sequence --.

Page 12, line 4, before "normal" insert -- over --.

Page 13, line 13, delete "which allows the consumer," and insert -- to allow any consumer --.

Page 13, line 14, after "system" delete ",".

Page 13, line 15, before "whether" insert -- of --.

Page 13, line 16, before "outside" insert -- other --.

Page 13, line 26, delete "which instructs" and insert -- to instruct --.

6

LML-EP 000149

Page 14, line 7, before "that" insert -- , i.e., --.

Page 14, line 11, delete "enters" and insert -- begins --.

Page 14, line 20, delete "compare" and insert -- compares --.

Page 16, line 5, delete "subscribers" and insert -- subscriber's --.

Page 16, line 10, delete "for access searches".

Page 16, line 11, after "files" insert -- for the purpose of performing access searches --.

Page 16, line 11, after "Each" insert -- data file --.

Page 16, line 13, before "terminal" insert -- ("POS") --.

Page 16, line 15, delete "Terminal" and insert -- The terminal --.

Page 16, line 19, delete "would be" and insert -- are --.

Page 16, lines 21-22, delete "would slide" a" and insert -- "slides" an --.

Page 16, line 23, delete "enter" and insert -- enters --.

Page 17, line 11, delete "enter" and insert -- enters --.

Page 17, line 13, after "account" insert -- number --.

Page 18, line 11, after "invention" insert -- , --.

Page 18, line 25, after "indicates" insert -- a --.

Page 18, line 25, delete ",".

Page 19, line 2, delete "was" and insert -- as --.

Page 19, line 9, delete "are" and insert -- is --.

Page 19, line 13, delete "invention's".

Page 19, line 13, after "center" insert -- of the present invention --.

7

LML-EP 000150

Page 19, line 17, before "invention" insert -- present --.

Page 19, line 20, after "reader" insert -- for --.

Page 19, line 22, delete "are" and insert -- is generated --.

Page 20, line 18, before "present" insert -- the --.

Page 20, line 23, after "and" insert -- a --.

Page 21, line 19, after "or" insert -- as --.

Page 22, line 14, delete "with" and insert -- without --.

In the Claims:

1.    (Amended) A checkwriting point of sale system comprising:

a point of sale terminal adapted to receive consumer bank account information and further adapted to accept such information from consumer cards on which the bank account information is stored;

a communications means integral to said point of sale terminal [to] for electronically [communicate] communicating with a central computer;

a memory means integral to said point of sale terminal [that allows] for allowing the temporary storage of the consumer bank account information from the consumer cards;

the central computer system having communication means capability adapted to receive information from a plurality of point of sale terminals;

the central computer system communication means allowing said central computer system to communicate with external data bases for consumer [credit] bank account status verification and [to allow]

8

LML-EP 000151

allowing communication with banking institutions for purposes of transfer of funds.

2.    (Amended) A checkwriting point of sale[s] system according to claim 1 wherein said point of sale terminal is further adapted to read MICR numbers appearing on a consumer check and wherein said consumer check is used to identify the consumer bank account information.

3.    (Amended) The checkwriting point of sale system according to claim 1 wherein said point of sale terminal further comprises an alpha[ ]numeric display adapted to receive consumer bank account information from the memory means of the point of sale terminal [and] such that said point of sale terminal is adapted to display the consumer bank account information.

4.    (Amended) The checkwriting point of sale system according to claim 1 further comprising a printer adapted to receive information from the memory means of the point of sale terminal to create point of sale slips.

5.    (Amended) The checkwriting point of sale system according to claim 1 wherein said central computer system communication means comprises means for communicating with third party data bases for verification of consumer [credit] banking account status.

6.    (Amended) The checkwriting point of sale system according to claim 1 further comprising a resident third party data base wherein consumer [credit] banking account status information is stored [and] which is used for verification of consumer [credit] banking account status.

9

LML-EP 000152

7.    (Amended) The checkwriting point of sale system according to claim 1 wherein the central computer system further comprises a system subscriber data base comprising [those] information regarding merchants and service providers authorized to use the [invention] checkwriting point of sale system.

8.    (Amended) The checkwriting point of sale system according to claim 7 wherein the central computer further comprises a database comprising [those] information regarding consumers approved to use the [invention] checkwriting point of sale system.

9.    (Amended) A checkwriting point of sale process comprising the steps of:

a)    presenting a check [or consumer card] to a point of sale terminal located at a merchant or service provider,

b)    reading the [magnetic stripe or] MICR number information on the [credit card or consumer] check,

c)    storing the consumer bank account information from the [card or] check and verifying account numbers at the point of sale terminal,

d)    inputting transaction event information into the point of sale terminal,

e)    transmitting the transaction event information and consumer bank account information to a central computer system,

f)    verifying the authorization status of the consumer,

g)    [if a particular consumer is not authorized to use the system ]verifying the [credit worthiness] banking account

10

status of the consumer via a query to a third party data base if a
particular consumer is not authorized to use the system,

B4

h)    sending an "approved" message to the point of sale
terminal, if the consumer's [credit] banking account status is
approved for the transaction, and

i)    subsequently transmitting the transaction event
information to a bank for subsequent ACH operations.

Please add the following new claim:

10.    (New claim)    A checkwriting point of sale process
comprising the steps of:

a)    presenting a consumer card to a point of sale
terminal located at a merchant or service provider,

B5

b)    reading the magnetic stripe information on the
consumer card,

c)    storing the consumer bank account information from
the consumer card and verifying account numbers at the point of
sale terminal,

d)    inputting transaction event information into the
point of sale terminal,

e)    transmitting the transaction event information and
consumer bank account information to a central computer system,

f)    verifying the authorization status of the consumer,

g)    verifying the banking account status of the consumer
via a query to a third party data base if a particular consumer is
not authorized to use the system,

11

LML-EP 000154

h)   sending an "approved" message to the point of sale terminal, if the consumer's banking account status is approved for the transaction, and

i)   subsequently transmitting the transaction event information to a bank for subsequent ACH operations.

In the Abstract:

Line 9, after "has" insert -- an --.

Line 9, delete "credit" and insert -- balance --.

Line 14, delete "needs" and insert -- need --.

## REMARKS

Numerous changes have been made to the specification in order to correct typographical errors and grammatical construction and to generally make the text more clear.  No new matter has been added by this amendment.

The claims have been amended to make the language more clear and to more accurately recite the verification of banking account status by the system.  Support for verification by the system of banking account status can be found throughout the specification, for example, on page 8, from line 8 to line 24.  No new matter has been added by this amendment.

Claim 9 was also amended because recited elements were claimed in the alternative.  Claim 9 no longer recites elements in the alternative.  New claim 10 was added to recite features formerly claimed in the alternative in claim 9.  No new matter has been added by this amendment.

12

LML-EP 000155

The Examiner rejected claims 1-9 under 35 U.S.C. § 102(b) as being anticipated by Case or Deming. The Examiner noted column 1, lines 53 et seq. of Case and column 2, lines 17 et seq. of Deming.

Case discloses an electronic funds transfer system that uses a letter of credit identification card and a draft instrument unique to the system in order to effect a funds transfer to a merchant or other "beneficiary".

The consumer using the Case system prepays a sum of money into an account that is to be accessed by the system. This amount is inscribed on the card. When a purchase is made by the consumer, and a transaction is to be made using the system, the amount of the transaction is punched out of a designated area on the card. This amount, along with a signature and other information, is supplied on the draft instrument, which is given to the merchant at the time of the transaction. At the end of the day, the accumulated drafts from all purchases are inserted into a specially designed reader which reads the transaction information and performs an electronic funds transfer.

Thus, in order to use the Case system, the consumer must carry a special card and must hand to the merchant a draft instrument. The card must be backed by a prepaid amount of money that is fixed at the time the card is issued and can never be increased on that particular card. The amount can only be diminished as purchases are made.

In contrast, Applicants' invention does not require the consumer to carry a special identification/debit card, although

13

LML-EP 000156

such a card is contemplated for use with Applicants' system. Applicants' card, however, has all necessary information encoded on a magnetic strip, which can be easily read by a MICR device. No time consuming and awkward balance checking or hole punching is required.

Further, the consumer using Applicants' system is not required to furnish the merchant with a special draft instrument. The consumer merely uses a regular check used to draw funds from a normal bank or credit union checking account. This check needn't even be given to the merchant. The checking account information is simply read from the check, which is returned to the consumer. Transaction entries are not made on a debit card using Applicants' system because account information is verified on-line, rather than through a crude system of punched entries.

Thus, the entire amount of the consumer's checking account is available to make purchases using the system, including amounts reflecting recent deposits and other credits, unlike the Case system. Where the Case system enables a complicated and time consuming transaction that requires the transfer of a paper instrument, Applicants' system effects a truly paperless transaction that is easy to use and saves time and money.

It is respectfully submitted that Applicants' claimed system, which obviates the use of checks in a checking account transaction, is completely different from the Case system, which replaces ordinary bank checks with special draft instruments and a complicated, time consuming identification/debit verification

14

LML-EP 000157

process.  It is therefore respectfully urged that the Case patent does not anticipate Applicants' invention.  Applicants respectfully request that the rejection be withdrawn.

Deming discloses an electronic funds transfer system that a payor can use to transfer funds to different payees in satisfaction of debts incurred through previous purchases, use of utilities, etc.  The system is contemplated for use by the payor on a home personal computer.  Thus, as stated in the patent, this is a "home banking" system.

In contrast, Applicants' invention is a point of sale electronic funds transfer system.  The system is utilized as the purchase is being made, with funds being transferred from the consumer's checking account based on information derived directly from an ordinary bank check.

Thus, there are many differences between the Deming system and Applicants' claimed invention.  The Deming system is a home banking system; Applicants' invention is a point of sale check writing system.  The Deming system is used to pay debts that have been incurred in the past; Applicants' invention is used to pay for purchases as they are made.  The Deming system is used to pay a number of debtors, using a personal computer located at the payor's home; Applicants' invention is used to pay only one merchant at a time, at the point of sale only.  Account and other information must be keyed into the Deming system; Applicants' invention can read in account and other information directly from the consumer's

15

LML-EP 000158

ordinary bank check.   The Deming system subscriber is a payor;
system subscribers to Applicants' system are merchants.

Because of the above-stated and other differences between the
Deming system and Applicants' claimed invention, it is respectfully
urged that the Deming system does not anticipate Applicants'
invention.    It is therefore respectfully requested that the
rejection be withdrawn.

It is respectfully urged that all rejections have been
overcome.    It is therefore respectfully requested that this
amendment be entered and the case passed to issue.

Respectfully submitted,

Jon L. Roberts
Registration No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
Phone: (202) 775-7980

December 21, 1993

16

LML-EP 000159

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of Robert H. Hills and Henry R. Nichols

Serial No. 07/975,717      Group Art Unit: 2505

Filed: 11/13/92      Examiner: Pitts, H.

For:    CHECKWRITING POINT OF SALE SYSTEM

\*   \*   \*   \*   \*

RESPONSE TO OFFICE ACTION OF 09/23/93

\*   \*   \*   \*   \*

Commissioner of Patents and Trademarks
Box Non-Fee Amendment
Washington, D.C. 20231

Sir:

     Enclosed please find the following:

1.   Response to Office action dated 09/23/93 (16 Pages); and

2.   Certificate of First Class Mailing.

Respectfully submitted,

Jon L. Roberts
Reg. No. 31,293
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006
(202) 775-7980

December 21, 1993

LML-EP 000160



CERTIFICATE OF FIRST CLASS MAILING

Date of Mailing: _____ December 21, 1993 _____

I hereby certify that the Response to the Office action dated 09/23/93 (16 pages) regarding U.S. Patent application serial no. 07/975,717 for CHECKWRITING POINT OF SALE SYSTEM is being deposited with the United States Postal Service as first class mail under 37 C.F.R. § 1.8 on the date indicated above and is addressed to Commissioner of Patents and Trademarks, Box Non-Fee Amendment, Washington, D.C. 20231.

Thomas M. Champagne, Esq.
Arter & Hadden
1801 K Street, N.W.
Suite 400K
Washington, D.C. 20006

LML-EP 000161

13

 

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/975,717 | 11/13/92 | | R |

PITTS, H EXAMINER

| ART UNIT | PAPER NUMBER |
|---|---|
| 2505 | 7 |

DATE MAILED: 03/09/94

JON L. ROBERTS
ARTER & HADDEN
1801 K STREET, N.W.
SUITE 400K
WASHINGTON, DC 20006

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined  ☒ Responsive to communication filed on 12/22/93  ☒ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☒ Notice of Art Cited by Applicant, PTO-1449.
3. ☐ Information on How to Effect Drawing Changes, PTO-1474.
2. ☐ Notice re Patent Drawing, PTO-948.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
6. ☐ _____

**Part II  SUMMARY OF ACTION**

1. ☒ Claims __1 — 10__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims __1 — 10__ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-89)

8

LML-EP 000162

Serial No. 075,717                                    -2-

Art Unit   2505


    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary
    skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

    Claims 1-10 are rejected under 35 U.S.C. § 103 as being

unpatentable over the prior art as discussed previously in view

of the check operated systems set forth in the prior art

statement, for example, the Carlson et al. patents, Murphy etc.

    These patents teach that referenced portions of Case and

Deming would have been obvious to one of ordinary skill in the

art at the time the invention was made to employ with checks at a

point-of-sale for on line transactions, under the rationale of

interchangeable teachings of similar systems.

    Applicant's amendment necessitated the new grounds of

rejection.  Accordingly, THIS ACTION IS MADE FINAL.  See M.P.E.P.

§ 706.07(a).  Applicant is reminded of the extension of time

policy as set forth in 37 C.F.R. § 1.136(a).


LML-EP 000163

Serial No. 975,717                              -3-

Art Unit   2505


        A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.   IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.   IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

        Any inquiry concerning this communication should be directed

to Harold Pitts at telephone number (703) 308-0956.


                                    HAROLD PITTS
                                    PRIMARY EXAMINER
                                    GROUP 2500


Pitts/tj
March 08, 1994

LML-EP 000164

# 14



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

08/257,390    06/09/94    HILLS

B5M1/1028

JON L. ROBERTS
ROBERTS & ASSOCIATES
1953 GALLOWS RD.
SUITE 220
VIENNA, VA  22182

| R | |
|---|---|
| | EXAMINER |
| PITTS,H | |
| ART UNIT | PAPER NUMBER |
| 2514 | 9 |
| DATE MAILED: | |
| 10/28/94 | |

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☐ Responsive to communication filed on_____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _1 – 4, 6 – 9, 11 – 21_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1 – 4, 6 – 9, 11 – 21_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

_10_

LML-EP 000180

Serial No. 257,390                    -2-

Art Unit    2514

    Claims 1-4, 6-9, 11-21 rejected under 35 U.S.C. § 112,
second paragraph, as being indefinite for failing to particularly
point out and distinctly claim the subject matter which applicant
regards as the invention.

    Which the applicant has discussed *base* and ~~demand~~ *Demand* in the
specification, claim 1,for example, does not claim the argued
novelty.  In addition, there has been no specific comparison of
claim language vis-a-vis the prior art of the I.D.S. and as
applied in combination in the previous final rejection.  One set
of independent/dependent claims should be selected as they appear
to embody separate inventions.

    As understood, the claims, are rejected as set forth in the
previous final rejection, with the further notation that to use
the check "solely" for the access would be the most trivial
modification of systems such as Gramzow, etc.

    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Harold
Pitts whose telephone number is (703) 308-0717.

    Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0956.

HAROLD PITTS
PRIMARY EXAMINER
GROUP 2500

Pitts/dw
October 26, 1994

LML-EP 000181

15

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., | |
| Plaintiff, | |
| v. | C.A. 04-858 (SLR) |
| TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., | |
| Defendants. | |

## JOINT PROPOSED CLAIM CONSTRUCTION STATEMENT

Pursuant to the Court's Rule 16 Scheduling Order in this matter, the Parties hereby submit the following claim charts to present their respective, proposed constructions of disputed claim terms and their proposed constructions of agreed claim terms in the patent-in-suit, namely, U.S. Patent No. 5,484,988 ("the '988 patent").

## Proposed Constructions of Disputed Claim Terms

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| any bank check (claims 1, 8) | Any regular check used to draw funds from a normal bank or credit union checking account | any type of check drawn on a financial institution |
| any consumer bank check (claim 9) | Any regular check used to draw funds from a normal bank or credit union consumer checking account | same meaning as the phrase "any bank check" set forth above, with the added limitation that the check be "drawn against a consumer bank account" |
| any (claims 1, 8, 9) | LML believes that this term should not be separately construed from the entire element in which it appears in the claims, namely the "any bank check" or "any consumer bank check" language construed below. In any event, this plain English term needs no construction. | one or some indiscriminately of whatever kind |
| consumer bank account information (claims 1, 2, 3, 8, 9) | Information relating to a consumer's bank account including the MICR line (magnetic ink character recognition line) | only the ABA/transit routing number and bank account number |
| without using the bank check as a negotiable instrument (claim 1) | Where the paper check is used as a source of information, and is not accepted or processed | the bank check, at no time, takes on the status of a negotiable instrument |
| without using the check as a negotiable instrument (claim 8) | Where the paper check is used as a source of information, and is not accepted or processed | the check, at no time, takes on the status of a negotiable instrument |

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| without using a bank check as a negotiable instrument (claim 9) | Where the paper check is used as a source of information, and is not accepted or processed | the check, at no time, takes on the status of a negotiable instrument |
| subsequently transmitting the transaction event information to a bank for subsequent automated clearing house operations (claim 8) | Subsequently transmitting the information relating to the transaction to a bank for subsequent automated clearing house operations | electronically communicating with an automated clearing house for transferring funds electronically based upon the consumer bank account information obtained from any bank check presented at the point-of-sale |
| enabling automated clearing house communication for transferring funds (claims 1, 9) | Enabling communication with an automated clearing house for electronically transferring funds | electronically communicating with an automated clearing house for transferring funds electronically based upon the consumer bank account information obtained from any bank check presented at the point-of-sale |
| for the sole purpose (claims 2, 8 and 9) | For the only purpose | Defendants contend that this term needs no construction. |
| adapted to receive consumer bank account information from any bank check (claim 1) | adapted to receive consumer bank account information from any bank check | adapted to read consumer bank account information directly from any bank check |

2

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| means for reading magnetic ink character recognition numbers appearing on a consumer check (claim 2) | This limitation should be construed pursuant to 35 U.S.C. Section 112(6).<br><br>The recited function is "reading magnetic ink character recognition numbers appearing on a consumer check."<br><br>The structures in the '988 patent that perform that function is any mechanism such as a MICR check reader, optical character recognition ("OCR") equipment, a keyboard for manual entry, or equivalent. | This limitation should be construed pursuant to 35 U.S.C. Section 112(6).<br><br>The recited function is "reading magnetic ink character recognition numbers appearing on a consumer check."<br><br>The structures described in the '988 patent that perform that function are a MICR reader and optical character recognition equipment. |
| reading means for reading magnetic ink character recognition numbers on any consumer bank check (claim 9) | This limitation should be construed pursuant to 35 U.S.C. Section 112(6).<br><br>The recited function is "reading magnetic ink character recognition numbers appearing on a consumer check."<br><br>The structures in the '988 patent that perform that function is any mechanism such as a MICR check reader, optical character recognition ("OCR") equipment, a keyboard for manual entry, or equivalent. | This limitation should be construed pursuant to 35 U.S.C. Section 112(6).<br><br>The recited function is "reading magnetic ink character recognition numbers on any consumer bank check."<br><br>The structures described in the '988 patent that perform that function are a MICR reader and optical character recognition equipment. |
| verifying that account numbers were accurately read at the point of sale (claim 8) | Verifying that the account numbers from the check were read accurately at the point of sale terminal | visually confirming that account numbers were accurately read by reference to the source document |

3

## Proposed Constructions of Agreed Claim Terms

| Claim Term | Parties' Agreed Proposed Construction |
|---|---|
| consumer (claim 9) | person, business or corporation |
| second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the bank check as a negotiable instrument (claim 1); | This function is written in means-plus-function format pursuant to 35 U.S.C. 112(6). |
| second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using a bank check as a negotiable instrument (claim 9) | The recited function of this limitation is enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds without using the [a] bank check as a negotiable instrument.

The structures disclosed in the patent for performing the recited function of this limitation are a modem, network interface, enhanced radio transmission interface, satellite communication interface or equivalent.[1] |
| automated clearing house (claims 1, 8, 9) | an automated clearing house including, but not limited to, the national U.S. clearing house sometimes referred to as the "ACH" |

_____

[1] While the parties agree to the recited function of this claim element pursuant to 35 U.S.C. 112(6), the parties dispute the meaning of limitations within that function, as set forth in the Parties' Proposed Construction of Disputed Claim Terms and the parties' briefs.

DATED: October 7, 2005

_/s/ Mary B. Matterer_
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

_Counsel for Plaintiff_
_LML Patent Corp._

_/s/ Timothy Devlin_
William J. Marsden, Jr. (I.D. No. 2247)
Timothy Devlin (I.D. No. 4241)
Sean Hayes (I.D. No. 4413)
FISH & RICHARDSON P.C.
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
302.652.5070
marsden@fr.com
hayes@fr.com

_Counsel for Defendant_
_TeleCheck Services, Inc._


_/s/ Francis DiGiovanni_
Francis DiGiovanni (I.D. No. 3189)
CONNOLLY BOVE LODGE & HUTZ
LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
fdigiovanni@cblh.com

_Counsel for Defendants_
_Electronic Clearing House, Inc._
_and Xpresschex, Inc._


_/s/ Richard D. Kirk (rk0922)_
Richard D. Kirk (I.D. No. 922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
302.429.4208
rkirk@bayardfirm.com

_Counsel for Defendant_
_NOVA Information Systems, Inc._

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2005, I electronically filed a JOINT PROPOSED
CLAIM CONSTRUCTION STATEMENT with the Clerk of Court using CM/ECF which
will send notification of such filing(s) to the following:

> Richard K. Herrmann
> Mary B. Matterer, Esq.
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801-4226
>
> Richard D. Kirk, Esq.
> The Bayard Firm
> 222 Delaware Avenue, 9th Floor
> Wilmington, DE 19899
>
> Collins J. Seitz, Jr., Esq.
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

I hereby certify that on October 7, 2005, I have sent by Electronic mail, the

document(s) to the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq. | Russell E. Levine, Esq. |
| Belasco Jacobs & Townsley, LLP | Kirkland & Ellis LLP |
| Howard Hughes Center | 200 E. Randolph Dr. |
| 6100 Center Drive, Suite 630 | Chicago, IL 60601 |
| Los Angeles, CA 90045 | |

> Mark C. Scarsi, Esq.
> O'Melveny & Myers LLP
> 400 S Hope Street
> Los Angeles, CA 90071

　　　　　　　　　　　　　　　　/s/ Timothy Devlin
　　　　　　　　　　　　　　　　Timothy Devlin

# 17

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# 18

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# 19

# EXHIBIT REDACTED
# IN ITS ENTIRETY