IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.<br><br>              Plaintiff,<br>vs.<br><br>TELECHECK SERVICES, INC.<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC., AND<br>NOVA INFORMATION SYSTEMS, INC.<br><br>              Defendants. | )<br>)<br>)<br>) Civil Action No.: 04-858-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF JAMIE H. MCDOLE IN SUPPORT OF
LML'S REPLY TO ITS MOTION FOR SUMMARY JUDGMENT NO. 2:
FOR A RULING THAT DEFENDANT ECHO INFRINGES
CLAIMS 1, 2, 4, 5, 6, 9, 10, 11 AND 16 OF THE '988 PATENT**

Dated: November 23, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Edward K. Runyan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for LML Patent Corp.*

## DECLARATION OF JAMIE H. MCDOLE

I, Jamie H. McDole, declare as follows:

1. I am a partner of the law firm of Kirkland & Ellis LLP, and counsel for plaintiff LML Patent Corp. ("LML"). I am a member in good standing of the bar of the state of Illinois, and I am admitted to practice *pro hac vice* in the United States District Court for the District of Delaware for this case. The facts set forth below are known to me personally and I could competently testify hereto if called as a witness in this action.

2. Pursuant to the Court's Scheduling Order, document production in the above captioned case ended March 4, 2005. The Court extended this deadline until April 5, 2005 at Defendants' request, but stated "if document production isn't completed by April 5th, we'll start taking about sanctions." (Dkt# 89, March 22, 2005 Hearing Transcript at 8). Pursuant to the Court's Scheduling Order, fact discovery in this case ended July 16, 2005.

3. In the above captioned case, the parties have produced numerous documents, mostly in electronic form. Each document produced by the parties in this case has a bates number identifying which party produced the particular document. All documents produced by Defendants Electronic Clearing House, Inc. and XpressChex, Inc. (collectively "ECHO") contain the prefix ECHO.

4. Based on the descriptions provided in Mr. Winckler's supporting declaration to ECHO's motion, Exhibits 4, 5, 6, 7, 10 and 12 to his declaration appear to be reference manuals and specifications related to the point of sale terminals and peripherals that work with ECHO's accused products. All six of these documents lack bates numbers and none were marked as a deposition exhibit.

5. Documents produced in this litigation by ECHO are maintained by Kirkland & Ellis in an electronic database that allows one to search the entire contents of ECHO's documents. I requested one of the legal assistants responsible for maintaining the ECHO database to electronically search that database in an attempt to locate Exhibits 4, 5, 6, 7, 10 and 12 to the Winckler declaration. The legal assistant spent several hours searching, trying various combinations of key words that appeared on each document, but was unable to locate any such documents in the database of ECHO's production documents.

6. Also, based on the descriptions provided in Mr. Winckler's declaration, Exhibits 8, 9, 11, 13 to his declaration appear to be excerpts of source code relating to the point of sale terminals and related peripherals used by ECHO's accused products. Exhibits 14-18 and 20-26 appear to be excerpts of source code relating to ECHO's NCN computer and/or ACH Engine.

7. In its document requests to ECHO, LML requested the production of all source code related to ECHO's accused products. ECHO refused to produce any of its source code in hard copy. As such, none of Exhibits 8, 9, 11, 13-18 and 20-26 have previously been produced in hard copy.

8. On March 22, 2005, the Court ordered the parties to follow her default procedure for production of source code. Despite this order, ECHO delayed making its source code

9. available for inspection. Not until June 28, 2005 did ECHO deposit its source code with Iron Mountain in Malvem, Pennsylvania to be inspected by LML.

10. Mr. Winkler's deposition in this case occurred on May 24 and 25, 2005, months before ECHO made any source code available to LML in this case. As such, LML could not examine Mr. Winkler regarding such source code at his deposition.

11. On July 25, 2005, counsel for LML and LML's expert, Gary Tinkel, reviewed the source code deposited by ECHO but were not permitted to take away any hard copies of the code. The source code reviewed by LML and its expert did not include source code running on the point of sale terminals or any of its peripheral devices such as MICR readers or imagers.

12. The foreign checks used by Mr. Schutze in the tests described in his supporting declaration to ECHO's motion were not produced to LML until September 23, 2005.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 23rd day of November, 2005 in Chicago, Illinois.

_____
Jamie H. McDole

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2005, I electronically filed the foregoing document, **DECLARATION OF JAMIE H. MCDOLE IN SUPPORT OF LML'S REPLY TO ITS MOTION FOR SUMMARY JUDGMENT NO. 2: FOR A RULING THAT DEFENDANT ECHO INFRINGES CLAIMS 1, 2, 4, 5, 6, 9, 10, 11 AND 16 OF THE '988 PATENT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 23rd day of November, 2005, the foregoing document was served via email and federal express on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

/s/ Mary Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

*Counsel for Plaintiff LML PATENT CORP.*