IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., | |
| Plaintiff, | |
| v. | C.A. 04-858 (SLR) |
| TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., | |
| Defendants. | |

**TELECHECK SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF ITS OBJECTIONS TO THE SPECIAL DISCOVERY MASTER'S OCTOBER 25, 2005 RULINGS**

William J. Marsden (#2247)
Timothy Devlin (#4241)
Stamatios Stamoulis (#4606)
Tara D. Elliott (#4483)
Sean P. Hayes (#4413)
FISH & RICHARDSON P.C
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
(302) 652-5070

*Attorneys for TeleCheck Services, Inc.*

Dated:  November 28, 2005

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...............................................................................................1

II.   DISCUSSION ...................................................................................................3

    A.    There Was No Legal Basis for the SDM to Order the
          Approximately 260 Documents Produced ..................................................3

    B.    The Concord Documents Are Not Within the Scope of
          the Waiver of Privilege as They Do Not Reflect
          TeleCheck's State of Mind ........................................................................6

    C.    PR 2504 and PR 4652 Regard Patents Not at Issue and
          Are Not within the Scope of Waiver..........................................................7

II.   CONCLUSION..................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

<strong><u>Page</u></strong>

<u>CASES</u>

*E.I. DuPont Nemours v. Millenium Chemical Inc.*,
  C.A. 97-237-SLR (D. Del., Apr. 14, 1999) ............................................................1, 2, 7

*Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*,
  32 F.3d 851 (3rd Cir. 1994) ........................................................................................4

*In re Spalding Sports Wordwide, Inc.*,
  203 F.3d 800 (Fed. Cir. 2000)...................................................................................2, 8

## I.    INTRODUCTION

TeleCheck Services, Inc. ("TeleCheck") submits this reply brief in support of its Objections to the Special Discovery Master's October 25, 2005 Rulings, filed November 14, 2005 (D.I. 410.)

With respect to the first set of documents at issue, LML attempts to set forth "a complete description" of the relevant facts in this case, and devoted a significant portion of its brief to a recitation of the facts.  However, in its endeavor to be "complete," LML failed to even mention its role in TeleCheck's document production, as outlined in TeleCheck's opening brief.  Viewed in context, it is clear that TeleCheck's production was reasonable, particularly in light of the sweeping document requests promulgated by LML.

LML's arguments regarding the basis for the Special Discovery Master's ("SDM") decision are likewise flawed.  The SDM recently issued a supplemental opinion describing the bases for his decision on these documents, which establishes that it was the Special Master's view of TeleCheck's document production, rather than any other purported basis, that caused the SDM to order production.  This is supported by the fact that the SDM ruled that some documents in this group were privileged, while others having the same description on TeleCheck's privilege log were not.

Regarding the second set of documents, the SDM incorrectly ruled that third party Concord opinions obtained after the decision-making process within TeleCheck fell within the scope of TeleCheck's waiver.  These documents are not properly within the scope of the waiver, because there is no evidence suggesting that TeleCheck ever relied on these documents.  LML in its reply brief did not identify any evidence to the contrary.  Nor did LML cite any case law to the contrary.  This Court has ruled that similar documents related to willfulness are discoverable only when "the record indicates that it was brought to bear on the decision making progress."  *E.I. DuPont Nemours v.*

*Millenium Chemical Inc.*, C.A. 97-237-SLR, slip op. at 2 (D. Del., Apr. 14, 1999) (D.I. 411, Ex. B).[1]

Regarding the third set of documents, LML argues that the SDM correctly ordered TeleCheck to produce documents identified as PR 4652 and PR 2504. These documents, however, are privileged and are not within the scope of the waiver, as both documents involve patents other than the patent in suit. Document PR 4652 provides a non-infringement opinion regarding a separate, third party patent. The SDM ordered this document produced because it would be "harmless." (D.I. 411, Ex. A at 137:22.) LML speculates in its reply that this document characterizes the prior art to the patent at issue, but as this Court can determine from the document itself (submitted with TeleCheck's opening brief), the document analyzes only a portion of the patent claims, and does not discuss the disclosure of the reference as a whole.

Similarly, Document PR 2504 provides notes of a TeleCheck employee regarding the ongoing prosecution of an internal TeleCheck patent. These notes do not reflect any reliance by TeleCheck on its opinions of counsel and are not within the scope of TeleCheck's waiver of privilege. Rather, this document contains information regarding emerging TeleCheck technology for which a patent may be sought. Case law expressly provides that documents regarding the prosecution of a patent application are privileged. *In re Spalding Sports Wordwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000). Accordingly, this document should be held as privileged.

---

[1]     Citations to Exhibits with letter designations refer to the Exhibits attached to the Declaration of Sean P. Hayes in Support of TeleCheck Services, Inc.'s Objections to the Special Discovery Master's October 25, 2005 Rulings, filed November 14, 2005, (D.I. 411.) Exhibits with number designations refer to the Exhibits attached to the co-filed Declaration of Sean P. Hayes.

## II.     DISCUSSION

### A.  There Was No Legal Basis for the SDM to Order the Approximately 260 Documents Produced

The SDM improperly ordered production of 260 documents from TeleCheck's privilege log on the purported basis that TeleCheck's document production was improper. LML in its reply brief raised three arguments to support this ruling, none of which have merit.

LML first argues that the SDM properly concluded that the descriptions on TeleCheck's privilege log were inadequate to support the claims of privilege. This, though, was not the basis for the SDM's ruling. LML was unable to cite to a single excerpt from the October 25 hearing transcript in which the SDM ruled that these documents were to be produced on this basis.

On the contrary, LML relies primarily on language from places other than the October 25, 2005 hearing. For example, LML cites to the SDM's September 27, 2005 Order No. 4 as support for its claim that the SDM ruled that TeleCheck's privilege log descriptions were inadequate to support its claims of privilege. This is LML's only citation that even uses the word "inadequate," and LML had to cite to SDM language from nearly a full month before the October 25 hearing at issue. LML does not and simply can not cite to a ruling during the October 25 hearing in which the SDM rules that the 260 documents are not privileged because of inadequate descriptions. The SDM did not make this ruling.

LML also attempts to selectively quote from October 25 hearing transcript, but these quotations do not support its position. For example, LML states in its reply that "[i]n assessing the parties' arguments with respect to TeleCheck's inadequate descriptions, the Special Master again reiterated that the central issue was whether TeleCheck's descriptions supported its claims of privilege." (D.I. 442, LML Response at 11.) In support of this statement, LML quoted an excerpt from the October 25 hearing

3

transcript that nowhere uses the term "inadequate" and nowhere characterizes the issue as "the central issue." Likewise, LML in its reply states that "the Special Master concluded that TeleCheck did not support its claims of privilege, and ordered such documents produced." (*Id.* at 12.) In this instance, LML provides no quotation or even a citation to the October 25 transcript to support this statement. The reason for this is clear – the Special Discovery master never reached the conclusion that TeleCheck did not support its claims of privilege.

On the contrary, as set forth in TeleCheck's opening brief, the SDM ordered these documents produced based on questions of relevance, even though he expressly recognized that some of the documents were privileged. (D.I. 411, Ex. A at 53:8-13; *see also* 37:17-20.) This basis for the SDM's decision is confirmed by the fact that the SDM ordered that privilege be maintained for a set of documents having the ***exact same descriptions*** challenged by LML. For this subset, referred to as the "VeriFone" documents, the SDM asked counsel for TeleCheck why they were relevant. (D.I. 411, Ex. A at 43:2-4.) Counsel for TeleCheck explained the potential relevance of the VeriFone documents, and the SDM ordered that privilege be maintained.

This issue of relevance apparently distinguished, in the SDM's view, the VeriFone documents from others the SDM ordered produced. The treatment of the VeriFone documents confirms that the SDM based his rulings on the question of apparent relevance, not adequacy of description. A recent supplemental Order issued by the Special Master on November 22, 2005 confirms these points. This Order, attached to this brief as Exhibit 1, outlines the SDM's views of TeleCheck's production.

These facts establish that the SDM's basis for TeleCheck's production was relevance. This is an improper standard for review of privilege. "Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged." *Rhone-Poulenc Rorer, Inc. v. Home Indem. C*o., 32 F.3d 851, 864 (3rd Cir. 1994). Rather than determining whether privilege had in fact been waived with respect to

these documents, the SDM instead evaluated the relevancy of the documents at issue and the basis for their production. Because of this faulty analysis, the Court should not adopt the SDM's order with respect to these documents.

LML's second argument is that TeleCheck has waived privilege with respect to these documents because of its previous production of documents from its privilege log. This is a novel argument, but it was not even remotely a basis for the SDM's October 25 rulings with respect to these documents. Again, LML was unable to cite to even a single excerpt from the October 25 hearing transcript to support this argument. Moreover, LML's argument makes little sense. The fact that one document with a given description was produced does not mean that all such documents should be produced. LML's argument seeks to take advantage of TeleCheck's good faith efforts to resolve and minimize disputes, and should be rejected.

Third, LML argues in its reply brief that TeleCheck acted in bad faith with respect to its document production and privilege log. This is simply untrue - TeleCheck did not act in bad faith. The Court need look no further than the Special Discovery Master's comments at the conclusion of the October 25 hearing, in which the SDM noted the "professional way" the issues were presented and the "spirit of sincerity" in the parties arguments:

> And I want the record to note that I think counsel here are -- I think they're doing the very best they can for their clients, I think in a highly professional way. I think there are differences here, of course, but *I've received all the arguments, I think, with the spirit of sincerity, which I think they're made.* And as they say, you've got to call balls and strikes; right? And I'm doing the best I can.

(D.I. 411, Ex. A at 176:3-13.)

The SDM's primary concern with TeleCheck's document production, which LML seeks to bolster, is that TeleCheck produced *more* documents than it should have. The facts establish, however, that TeleCheck's document production was more than reasonable. As described in TeleCheck's opening brief, and not even addressed in LML's response, these documents became an issue only after LML propounded

5

extremely broad document requests.  In fact, LML has never claimed that the documents produced by TeleCheck fall ***outside*** LML's requests.  One of the requests sought every document having any relationship to the accused service:  "All documents referring or relating to TeleCheck's Accused Products." (D.I. 411, Ex. G at 2).

Faced with such a broad request, TeleCheck could have chosen to make an issue of its scope in front of this Court.  Instead, TeleCheck allowed LML to select among these responsive documents those it wanted for production.  Given the presence of a document set offered for inspection in a separate, ongoing patent litigation on the same set of products, TeleCheck offered the same set of documents for inspection here.  This is an approach the judge in that separate case considered to be "fair and reasonable" based on a comparable set of broad discovery requests propounded there.  (Ex. 2 at 4.)  The SDM apparently expected TeleCheck to challenge LML's requests even in light of that Court's order for inspection.  (D.I. 411, Ex. A at 35:23 – 36:17.)

Following TeleCheck's offer, LML agreed to the inspection, and then selected 482 out of 487 boxes of documents for production.  LML had adequate time to conduct its inspection.  TeleCheck agreed to allow inspection over three days (*see* Exs. 3 and 4.), and in fact LML completed its inspection sooner.

LML's current attempts to characterize TeleCheck's efforts as somehow constituting bad faith have no merit.  They should not be tolerated particularly in a situation where TeleCheck expressly sought to alleviate discovery disputes by making a broad, responsive set of documents available for inspection.

### B.  The Concord Documents Are Not Within the Scope of the Waiver of Privilege as They Do Not Reflect TeleCheck's State of Mind

The SDM incorrectly ruled that third party Concord opinions obtained after the decision-making process within TeleCheck fell within the scope of TeleCheck's waiver.  These documents are not properly within the scope of the waiver, because there is no evidence suggesting that TeleCheck ever relied on these documents in any manner.  LML

6

in its reply brief has not identified any evidence to suggest this. This Court has ruled that similar documents related to willfulness are discoverable only when "the record indicates that it was brought to bear on the decision making progress." *E.I. DuPont Nemours v. Millenium Chemical Inc*., C.A. 97-237-SLR, slip op. at 2 (D. Del., Apr. 14, 1999) (D.I. 411, Ex. B).

Here there is no evidence in the record that the Concord documents were brought to bear on TeleCheck's decision making process. These documents were not available to TeleCheck's management in 1998 and earlier, when management was evaluating the '988 patent and the product that TeleCheck would launch. Accordingly, they could not and did not contribute to TeleCheck's state of mind with regard to the alleged infringement.

### C. PR 2504 and PR 4652 Regard Patents Not at Issue and Are Not within the Scope of Waiver

TeleCheck objected to the SDM's order to produce PR 4652 and PR 2504. These documents involve patents other than the patent in suit. Document PR 4652 provides a non-infringement opinion regarding a separate, third party patent. The SDM ordered this document produced because it would be "harmless." (D.I. 411, Ex. A at 137:22.) LML speculates in its reply brief that this document may characterize the prior art of the patent at issue. (D.I. 442, LML Response at 18.) This conjecture is simply not accurate. Instead, the document analyzes only a portion of the patent claims, and does not discuss the disclosure of the reference as a whole. Accordingly, PR 4652 should maintain its privileged status as it is unrelated to the patent in suit.

Document PR 2504 provides notes of a TeleCheck employee regarding the ongoing prosecution of an internal TeleCheck patent. These notes do not reflect any reliance by TeleCheck on its opinions of counsel and are not within the scope of TeleCheck's waiver of privilege. Rather, this document contains information regarding emerging TeleCheck technology for which a patent may be sought. Case law expressly provides that documents regarding the prosecution of a patent application are privileged.

7

*In re Spalding Sports Wordwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000). Accordingly, this document should be upheld as privileged.

## III.    CONCLUSION

For the reasons set forth above, TeleCheck respectfully requests this Court to reverse the aforementioned October 25, 2005 rulings of the Special Discovery Master. In particular, TeleCheck seeks the following relief:

(1)    This Court does not adopt the SDM's Order with respect to approximately 260 documents ordered produced due to TeleCheck's manner of document production. Instead, these documents are referred back to the SDM for *in camera* review of their privileged status.

(2)    This Court reverses the SDM's Order with respect to the Concord documents and Orders that these documents be maintained as privileged.

(3)    This Court reverses the SDM's Order with respect to PR 2504 and PR 4652 and Orders that these documents be maintained as privileged.


Dated:  November 28, 2005                FISH & RICHARDSON P.C.


                                By:    */s/ Sean P. Hayes*
                                    _____
                                    William J. Marsden (#2247)
                                    Timothy Devlin (#4241)
                                    Stamatios Stamoulis (#4606)
                                    Tara D. Elliott (#4483)
                                    Sean P. Hayes (#4413)
                                    919 N. Market Street, Suite 1100
                                    P.O. Box 1114
                                    Wilmington, DE  19899-1114
                                    (302) 652-5070

                                    Attorneys for Defendant
                                    TeleCheck Services, Inc.

80028515.doc

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2005, I electronically filed the

TELECHECK SERVICES, INC.'S REPLY BRIEF TO ITS OBJECTIONS TO THE

SPECIAL DISCOVERY MASTER'S OCTOBER 25, 2005 RULINGS with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following:

**BY HAND DELIVERY**
Richard K. Herrmann, Esq.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

**BY HAND DELIVERY**
Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

**BY HAND DELIVERY**
Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I hereby certify that on November 28, 2005, I have mailed by Electronic mail and

First Class mail, the document(s) to the following non-registered participants:

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

_/s/ Sean P. Hayes_
Sean P. Hayes

80028515.doc