1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 04-858 SLR |
| | ) |
| TELECHECK SERVICES, INC., | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) |
| XPRESSCHEX, INC., and | ) |
| NOVA INFORMATION SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### SPECIAL DISCOVERY MASTER ORDER NO. 8

Louis C. Bechtle, Special Discovery Master                    November 22, 2005

On October 25, 2005, pursuant to Special Discovery Master Order No. 4, the Special

Discovery Master (SDM) heard oral argument from Plaintiff LML Patent Corp. ("LML") and

Defendant TeleCheck Services, Inc. ("TeleCheck") in relation to LML's letter motion to compel

of August 18, 2005 seeking production of documents from TeleCheck's July 28, 2005 privilege

log.  At the hearing, the SDM made oral rulings from the bench with respect to each document

on TeleCheck's July 28, 2005 privilege log contested by LML.  The SDM ordered TeleCheck to

produce 309 of the challenged documents and six (6) documents were deemed to be privileged.

As part of its rulings, the SDM ordered TeleCheck to produce numerous documents from its July

28, 2005 privilege log with the cursory description "re business operations" or similar language

because TeleCheck failed to support these claims of privilege with an adequate description (a list

of such documents is attached hereto as Exhibit A).  A complete summary of the SDM rulings is

22644_1.DOC

also attached hereto. The transcript of the hearing of October 25, 2005 is docketed with the court.

This portion of the order addresses the disposition of the request by plaintiff for discovery of some 271 documents included in the 309 documents produced and noted above. It is recalled that the first document request was made more than a year ago on October 15, 2004, and discovery production was to be completed five months hence extended by an additional month. That resulted in a status conference before the court on March 22, 2005 where deadlines for the filing of overdue privilege logs were established on April 5, 2005. TeleCheck filed its log on April 6, 2005, after which there was another hearing concerning this matter on May 2, 2005. A revised log was filed on May 2, 2005. As difficulties continued to emerge, plaintiff's demands for further production and defendant's response thereto resulted in some document production over time.

Finally, following the appointment of the SDM, a conference was commenced in Wilmington on July 7, 2005, where among other things the SDM directed the parties to take a hard look at the discovery logs and conduct a review since certain of the claims of privilege or other protection did not, according to counsel's arguments, appear to qualify for protection. Defendant filed an additional log on July 28, 2005. On August 4, 2005, the SDM met with counsel, set certain deadlines and following that on August 18, 2005 plaintiff filed its extensive letter motion setting forth in six different categories documents that it contended it was entitled to be provided with from either TeleCheck or Defendant ECHO. On August 23rd, the SDM had a telephone conference with counsel and instructed plaintiff's counsel to select at random 60 documents from various categories in its motion. The SDM also provided defendant with an additional 22 documents that he selected at random to be examined . On September 1, 2005,

defendant produced to plaintiff 200 additional documents from what had originally begun as 900 documents withheld based on privilege. The parties provided the SDM with appropriate letter briefs, responses and replies on the pertinent issues.

This history is important because this group of documents where attorney client privilege was claimed contained a description on the logs that were presented as "correspondence containing advice re business operations" or "correspondence containing advice from an attorney regarding "business operations". At the heart of plaintiff's claim is the notion that simply covering all of these withheld documents as in some way involving "business operations" was plainly inadequate from the viewpoint of eligibility to be entitled to protection against disclosure. Failure to provide the required detail for a document on a privilege log means a party's claim of privilege will be rejected because an improperly asserted claim of privilege is no claim of privilege at all. *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D.Del. 1974). The proper remedy for a deficient privilege log entry is production of the underlying document. *See Wellington Houdstermaatschaapij B.V. v. Apallo Computer Inc.* 707 F. Supp 1429, 1443 (D. Del. 1989). Here, the court emphasized the fact that the party that withheld the document could easily have ascertained and met the standard expected by the court. It held that to allow it to meet the standard later when it was before the court would encourage dilatory discovery practices.

At the hearing on October 25th, these documents were isolated for *en camera* review. (TR p.11, Line 22)[1] At the hearing the court requested the parties to hand up 30 documents

---

[1] All references of transcript are in respect to the hearing of October 25, 2005. Defendant argued that it had produced 243 of the "business operations" description documents and it continued to defend the remaining documents as being entitled to privilege.

randomly selected (TR p. 18, Line 10, 22-23.)[2]  Against this background, counsel for defendant made a startling disclosure as to the manner in which it had responded to the production of documents requested by the plaintiff in October 2004.  That recitation to the SDM appears at TR, p. 24, Line 1 to and including pp. 32, 51 and 52.  In summary form, the explanation given was that the manner in which TeleCheck responded to the document request in the LML case was to make the same discovery production that was made in another case involving other parties and other patents pending in another jurisdiction where the judge there directed the defendant in that case to produce documents to that other plaintiff.  That production consisted of 500 boxes of documents that presumably were not gone through with any particular care but simply produced (TR p. 26 line 1 to 11).  As far as attorney-client privilege is concerned, apparently if the document had anything to do with the legal topic, it was put on the TeleCheck privilege log and entitlement to attorney-client protection was claimed.

At the October 25th hearing when this information was disclosed, the SDM noted that there are serious problems with that approach to a discovery response.  First, in regard to the documents themselves, it simply places an extraordinary burden on your adversary to review materials, many of which will have no relevance to the litigation, but must all be examined if they are provided *en masse*.  Under Rule 34(b) a party may turn over, with notice and a sense of organization, a block of material in a reasonably defined category so that the adversary can

---

[2] In Special Discovery Master Order No. 4 of September 27, 2005, the SDM expressed concern because of the high rejection rate of defendant's claim of privilege, including documents where the description was challenged, as to the adequacy of the defendant's process in assessing its entitlement to privilege in the preparation of its log.  The SDM stated at Page 9 of that Order "a view of many of the documents submitted at random that did not qualify for the privilege claimed gave the distinct impression to the SDM that if the review of the document was in doubt as to its privilege status was placed on the log rather than being produced." It then listed 10 documents where this appeared to be the case.  Also in that Order, in regard to documents in this category of inadequate description, at Page 10, the SDM gave examples of brief, adequate descriptions that would satisfy the standard in regard to the enumerated documents that had been rejected as being entitled to privilege.  That Order required the defendant to take yet another ". . . final, hard look at each and every document that it continues to contend it is entitled to privilege or protection." (Page 10 of Special Order No. 4.)

examine the production and make its own decision as to what is needed without needless and burdensome expense. Second, to place on a privilege log anything that hints of a legal topic, that in many cases pertain to topics having nothing to do with the issues before the court shifts the burden of examination by the producing attorney to the court.

In the various items of the correspondence, as well as on the transcripts of the conference of July 7, 2005 and the hearing of October 25, 2005 concerning the TeleCheck log, there are repeated assertions by TeleCheck that it has produced 1.4 million pages of documents, while LML had only produced 60,000 pages of documents. TeleCheck justified its log that listed thousands of documents while LML had only logged 404 documents for this huge discrepancy. With the description provided at the hearing of October 25, 2005, as to how the document production was made it is easy to see why TeleCheck's production was, unnecessarily massive and burdensome both as to respect the volume of documents provided as well as the corresponding imprecision associated with the assertion of privilege on its privilege logs.

The 1980 Amendments to the Federal Rules of Civil Procedure added two provisions to the discovery rules that are pertinent to the issue before the SDM. The amendments added a new final sentence to Section (d) of Rule 33 and to Section (b) to Rule 34. The amendments focused upon the discovery practice of a party who is to produce discovery being permitted to provide access to the producing party's records so that the requested information could be selected from those records by the requesting party. The Advisory Committee on Rules of Practice and Procedure of the Judicial Conference of the United States states in its notes to these two amendments that the basis of the Committee's recommendation for the additions grew out of the Report of the Special Committee for The Study of Discovery Abuse, Section of Litigation of the American Bar Association (1977). *See* 77 F.R.D. 614, 649 and 651.

The Advisory Committee notes for the 1970 amendments to Rule 33 and 34 when read together tell us that these amendments addressed the topic of abuse regarding an answering party's practice (Rule 33) or a producing party's practice (Rule 34) of merely producing for the requesting party a mass of disorganized documents and records. The Committee Note at Subdivision (b) for the 1970 amendment concerning this provision for Rule 34 states "the procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended and the discussion in the note appended to that rule is relevant to Rule 34 as well. That note under Subdivision (c) or Rule 33 in regard to the 1977 amendment states "the interrogating party is protected against abusive use of this provision with the requirement that the burden of ascertaining the answer is substantially the same for both sides. A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for ones familiar with the records. The 1980 amendment to Rule 34 added the sentence "a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request". The Committee note in regard to the addition of this sentence states "The Committee is advised that 'it is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance'." The sentence added by this Subdivision follows the recommendation of the Report. The problem facing LML in this case is that when TeleCheck produced its massive records, they were apparently organized to correspond with categories in the request in another case involving different parties, different patents in a different jurisdiction and before another judge. A review of the various letter briefs exchanged by the parties, in consideration of the arguments made since July 5, 2005 on several occasions to the SDM, the examination of a fair sample of more than 100 documents *en camera*, support this conclusion.

6

When the high level of rejection of claim of privilege is combined with the fact that TeleCheck has had since April 2005 six or seven opportunities to correct the description on its log which it refused to do, it is not entitled to any additional opportunities to support is claim of privilege for the documents included in this group of 271 documents under consideration and they must be produced.

SO ORDERED:

LOUIS C. BECHTLE
SPECIAL DISCOVERY MASTER

DATED: November 22, 2005

7

## STANDARDS

The standards to be applied to the various privileges and protection claimed by TeleCheck are as follows.

### 1.    Attorney Client Privilege

The attorney client privilege will apply:  1. [w]here legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at this instance permanently protected; (7) from disclosure by himself or by legal advisor; (8) except the protection by waived."

2.    **Word Product Doctrine**

Federal rule of Civil *Procedure* 26(b)(3) provides in respect to the doctrine of work product as follows:

> (3)    Trial preparation: Materials.  Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As can be seen, this provision articulates the condition under which otherwise broad discovery under F.R.C.P. Rule 26(b)(1) can be blocked in order to protect the product of an attorney's professional contribution to his client's cause in the form of strategy, theories, analyses, impressions, and related input on behalf of his client.  This protection is qualified under the provisions of the Rule in the face of substantial need or undue hardship determined by the court to warrant intrusion into the work product.

3.    **Waiver of Privilege by Placing Matters "in issue"**

Here, the essence of the waiver notion is that selected disclosure of certain privilege documents can require, in fairness to an adversary, the disclosure of other privilege documents or communication on the same subject.  Here, the defendants have waived their attorney client privilege on the issue of willful infringement asserted by plaintiff by declaring that the defense to that claim is their reliance on the opinion of counsel. *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.,* 206 F.R.D. 396, 397 (D. Del. 2002); *Mosel Vitelic Corp. v. Micron Tech., Inc.,* 162 F. Supp. 2d 307, 311-13 (D. Del. 2000); *Thorn EMI N. Am., Inv. V. Micron Tech., Inc.,*

837 F. Supp. 616, 620-21 (D. Del. 1993). The waiver also extends to any document relating to the opinion in the possession of the accused infringer or any document relating to the opinion of counsel regardless of who is in possession of the document. See *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *Mosel Vitelic Corp.*, 162 F. Supp. 2d at 311-13.

4.      **Privilege Log**

Federal Rule of Civil Procedure 26(b)(5) and the case law cited to the SDM hold that the p arty asserting the privilege must produce a log entry that "will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). A proper claim of attorney-client privilege "requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974).

5.      **The Method Used by the SDM to Rule on Claims and Objections**

The SDM has listed on the attached schedules each document that has been examined *en camera*. As to each document, the SDM has determined following review an application of the standards set forth herein if the privilege claimed is to be allowed (Y) or it is not allowed (N). The defense of Reliance on Opinion of Counsel has been advanced by the defendants in respect to the plaintiff's claim of willful infringement. In those instances where there has been a waiver of the privilege by reason of the application of the waiver standard, the ruling on the schedule will show (W) by reason of the description in the log for that document.

The method used by the SDM was to simply examine the log entries for the documents articulated in plaintiff's motion and apply the standards for the privilege sought to the reasons provided to either allow or disallow a privilege from the privilege code (Exh. A), or in

3

those instances where waiver applies from the ruling designated W as shown on the bottom of each schedule.

## PRIVILEGE CODES

### ATTORNEY CLIENT PRIVILEGE[1]

A        This does not contain a communication to an attorney, and his client or agent, by his/her client, or agent in accordance with standard for the attorney client privilege.  The communication does not implicate legal advice or facilitation of legal service.

B        Communication is not confidential/or the information is not intended to be confidential.

C        Copy to counsel in this instance does not cure failure to qualify for A/C Privilege.

D        This communication is a communication between non-lawyers, and is not covered by the A/C Privilege.

E        This communication appears to be a communication generated in the ordinary course of business and not as required by attorney client privilege protection.

F        This is confidential communication that satisfies the A/C Privilege Standard.

G        The recipients of this communication have a common legal interest[2] in the litigation or the subject of the representation.

### WORK PRODUCT DOCTRINE[3]

H        This communication appears to be generated in the ordinary course of business and not in anticipation of litigation.

I        Same as above, except "in preparation for trial" rather than "in anticipation of litigation".

J        This information is not work product.

K        The recipients of this communication have a common legal interest in litigation.

L        This communication appears to be work-product communicated to and among those who have the "need to know."

M        This communication satisfied the W/P doctrine in anticipation litigation.

---

[1-3]   The Standard is that set forth in the SDM's Order dated September 23, 2005.

N      Same as above, except it was "in preparation for trial" and not "in anticipation of litigation."

O      (Code Unassigned)

## OTHER FACTORS

P      Necessary attorneys, parties of entities not identified.



## EXHIBIT A

1, 2, 14, 83, 84, 86, 97-103, 107-08, 112, 114-15, 119, 131, 158-159, 161-65, 168-71, 173, 181-183, 189, 204-05, 211-12, 218-19, 222, 237, 245-47, 264-268, 272-74, 282-289, 297, 299, 305-06, 308, 315, 319-21, 325, 328-30, 333, 335-36, 338-41, 345-46, 348-49, 351, 358, 361, 364-65, 368-70, 374, 381, 384, 386, 393, 400, 403, 405-06, 411-12, 417, 419, 421, 427-29, 438, 445-47, 452, 498-99, 538-39, 554, 573, 577, 621, 625-29, 641, 643, 668, 732, 734-42, 744, 747, PR 918-19, PR 1770-71, PR 1846-47, PR 1848-49, PR 1884, PR 1888, PR 1889-90, PR 1913-14, PR 1968-70, PR 1971-73, PR 2034-35, PR 2043-44, PR 2045-46, PR 2047, PR 2049, PR 2054-55, PR 2078-79, PR 2080-81, PR 2103-05, PR 2114-17, PR 2256-58, PR 2259-62, PR 2263-65, PR 2334, PR 2338-41, PR 2355-56, PR 2357-59, PR 2360-62, PR 2363-66, PR 2367-70, PR 2371-73, PR 2374-76, PR 2397-98, PR 2399-401, PR 2402-03, PR 2424-25, PR 2426-28, PR 2429-31, PR 2433-34, PR 2452-54, PR 2469-70, PR 2494-95, PR 2554, PR 2576-77, PR 2578, PR 2583, PR 2594, PR 2655-56, PR 2662-63, PR 2666, PR 2667, PR 2668-72, PR 2674, PR 2675-79, PR 2682-86, PR 2687-90, PR 2691, PR 2692-704, PR 2709-19, PR 2721-29, PR 2730-38, PR 2739-46, PR 2747-53, PR 2754-59, PR 2760-65, PR 2772-75, PR 2795-97, PR 2798-802, PR 2803-06, PR 2807-09, PR 2810-12, PR 2813-15, PR 2827-28, PR 2830-31, PR 2877-78, PR 2879-80, PR 2925-26, PR 3018, PR 3019-20, PR 3021, PR 3042-44, PR 3045-46, PR 3082, PR 3110-11, PR 3115-16, PR 3142-43, PR 3280-81, PR 3282-83, PR 3853-72, PR 3885-86, PR 3887-90, PR 3893-94, PR 3948-52, PR 3955-57, PR 4406, PR 4408, 1362113-18, 1362189-90, 1362167-69, 1362209-12, 1362213-15, 1362182-83, 1362395-97, 1362840, 54687, 113602-54, 113758-62, 113991-92, 180703, 180755-58, 180762-64, 180765-68, 189744, 189745-46, 190837-40, 201060-64, 513844-45, 788519-20, 789716-18, 857418-19, 857420-21, 857422-23, 859680, 931943-44, 1010169, 1012830-33, 1163825-28, 1163829-32, 1163834-36

SUMMARY OF
RULINGS

**LML Patent Corp. v. TeleCheck Services, Inc., et al.**
Civil Action No.: 04-858-SLR
(District of Delaware)

REFERENCE: RULINGS AT HEARING ON OCTOBER 25, 2005

TeleCheck Log 7/28/05

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| | | | | | | See transcript at the hearing for comments concerning all documents on this chart. |
| 1 | | N | -- | | | |
| 2 | | N | -- | | | |
| 14 | | N | -- | | | |
| 83 | | N | -- | | | |
| 84 | | N | -- | | | |
| 86 | | N | -- | | | |
| 99 | | N | -- | | | |
| 100 | | N | -- | | | |
| 101 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 1 of 22
Date

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 102 | | N | -- | | | |
| 103 | | N | N | | | |
| 107 | | N | -- | | | |
| 108 | | N | -- | | | |
| 112 | | N | -- | | | |
| 114 | | N | N | | | |
| 115 | | N | -- | | | |
| 119 | | N | -- | | | |
| 131 | | N | -- | | | |
| 158 | | N | N | | | |
| 159 | | N | N | | | |
| 161 | | N | N | | | |
| 162 | | N | N | | | |
| 163 | | N | N | | | |
| 164 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
-- = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 165 | | N | -- | | | |
| 168 | | N | | | | |
| 169 | | N | -- | | | |
| 170 | | N | -- | | | |
| 171 | | N | -- | | | |
| 173 | | N | -- | | | |
| 181 | | N | N | | | |
| 182 | | N | N | | | |
| 183 | | N | -- | | | |
| 189 | | N | -- | | | |
| 204 | | N | -- | | | |
| 205 | | N | -- | | | |
| 211 | | N | N | | | |
| 212 | | N | N | | | |
| 218 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 219 | | N | -- | | | |
| 222 | | N | -- | | | |
| 237 | | N | -- | | | |
| 245 | | N | -- | | | |
| 246 | | N | -- | | | |
| 247 | | N | -- | | | |
| 264 | | N | -- | | | |
| 265 | | N | -- | | | |
| 266 | | N | -- | | | |
| 267 | | N | -- | | | |
| 268 | | N | N | | | |
| 272 | | N | -- | | | |
| 273 | | N | -- | | | |
| 274 | | N | -- | | | |
| 282 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 283 | | N | -- | | | |
| 284 | | N | -- | | | |
| 285 | | N | -- | | | |
| 286 | | N | -- | | | |
| 287 | | N | -- | | | |
| 288 | | N | -- | | | |
| 289 | | N | -- | | | |
| 297 | | N | -- | | | |
| 299 | | N | -- | | | |
| 305 | | N | -- | | | |
| 306 | | N | -- | | | |
| 308 | | N | -- | | | |
| 315 | | N | -- | | | |
| 319 | | N | -- | | | |
| 320 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 321 | | N | -- | | | |
| 325 | | N | -- | | | |
| 328 | | N | -- | | | |
| 329 | | N | -- | | | |
| 330 | | N | -- | | | |
| 333 | | N | -- | | | |
| 335 | | N | -- | | | |
| 336 | | N | N | | | |
| 338 | | N | -- | | | |
| 339 | | N | -- | | | |
| 340 | | N | -- | | | |
| 341 | | N | -- | | | |
| 345 | | N | -- | | | |
| 346 | | N | -- | | | |
| 348 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 349 | | N | -- | | | |
| 351 | | N | N | | | |
| 358 | | N | -- | | | |
| 361 | | N | -- | | | |
| 364 | | N | -- | | | |
| 365 | | N | -- | | | |
| 368 | | N | -- | | | |
| 369 | | N | -- | | | |
| 370 | | N | -- | | | |
| 374 | | N | -- | | | |
| 381 | | N | -- | | | |
| 384 | | N | N | | | |
| 386 | | N | -- | | | |
| 393 | | N | N | | | |
| 400 | | N | N | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 403 | | N | N | | | |
| 405 | | N | | | | |
| 406 | | N | | | | |
| 411 | | N | --- | | | |
| 412 | | N | N | | | |
| 417 | | N | --- | | | |
| 419 | | N | N | | | |
| 421 | | N | N | | | |
| 427 | | N | --- | | | |
| 428 | | N | N | | | |
| 429 | | N | N | | | |
| 438 | | N | --- | | | |
| 445 | | N | --- | | | |
| 446 | | N | --- | | | |
| 447 | | N | N | | | |

Y = Privilege Allowed
N = Privilege Refused
— = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 452 | | N | ⋯ | | | |
| 498 | | N | ⋯ | | | |
| 499 | | N | ⋯ | | | |
| 538 | | N | ⋯ | | | |
| 539 | | N | ⋯ | | | |
| 554 | | N | N | | | |
| 563 | | Y | ⋯ | | | |
| 573 | | N | ⋯ | | | |
| 577 | | N | N | | | |
| 621 | | N | N | | | |
| 625 | | N | ⋯ | | | |
| 626 | | N | ⋯ | | | |
| 627 | | N | ⋯ | | | |
| 628 | | N | ⋯ | | | |
| 629 | | N | ⋯ | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 9 of 22
Date

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 641 | | N | — | | | |
| 643 | | N | — | | | |
| 668 | | N | — | | | |
| 732 | | N | — | | | |
| 734 | | N | — | | | |
| 735 | | N | — | | | |
| 736 | | N | N | | | |
| 737 | | N | — | | | |
| 738 | | N | — | | | |
| 739 | | N | — | | | |
| 740 | | N | — | | | |
| 741 | | N | — | | | |
| 742 | | N | — | | | |
| 744 | | N | — | | | |
| 747 | | N | — | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 918-19 | | N | -- | | | |
| PR 1770-71 | | N | -- | | | |
| PR 1846-47 | | N | -- | | | |
| PR 1848-49 | | N | -- | | | |
| PR 1884 | | N | -- | | | |
| PR 1888 | | N | -- | | | |
| PR 1889-90 | | N | -- | | | |
| PR 1913-14 | | N | -- | | | |
| PR 1968-70 | | N | -- | | | |
| PR 1971-73 | | N | -- | | | |
| PR 2034-35 | | N | -- | | | |
| PR 2043-44 | | N | N | | | |
| PR 2045-46 | | N | N | | | |
| PR 2047 | | N | -- | | | |
| PR 2049 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 2054-55 | | N | -- | | | |
| PR 2078-79 | | N | -- | | | |
| PR 2080-81 | | N | -- | | | |
| PR 2103-05 | | N | N | | | |
| PR 2114-17 | | N | N | | | |
| PR 2256-58 | | N | N | | | |
| PR 2259-62 | | N | N | | | |
| PR 2263-65 | | N | -- | | | |
| PR 2334 | | N | -- | | | |
| PR 2338-41 | | N | -- | | | |
| PR 2355-56 | | N | -- | | | |
| PR 2357-59 | | N | -- | | | |
| PR 2360-62 | | N | -- | | | |
| PR 2363-66 | | N | -- | | | |
| PR 2367-70 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 2371-73 | | N | -- | | | |
| PR 2374-76 | | N | -- | | | |
| PR 2397-98 | | -- | N | | | |
| PR 2399-401 | | N | -- | | | |
| PR 2402-03 | | N | -- | | | |
| PR 2424-25 | | N | -- | | | |
| PR 2426-28 | | N | -- | | | |
| PR 2429-31 | | N | -- | | | |
| PR 2343-34 | | N | -- | | | |
| PR 2452-54 | | N | -- | | | |
| PR 2469-70 | | N | -- | | | |
| PR 2494-95 | | N | -- | | | |
| PR 2504 | | -- | N | | | |
| PR 2554 | | N | -- | | | |
| PR 2576-77 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
¯ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 2578 | | N | -- | | | |
| PR 2583 | | N | -- | | | |
| PR 2594 | | N | -- | | | |
| PR 2655-56 | | N | -- | | | |
| PR 2662-63 | | N | -- | | | |
| PR 2666 | | N | -- | | | |
| PR 2667 | | N | -- | | | |
| PR 2668-72 | | N | -- | | | |
| PR 2674 | | N | -- | | | |
| PR 2675-79 | | N | -- | | | |
| PR 2682-86 | | N | -- | | | |
| PR 2687-90 | | N | -- | | | |
| PR 2691 | | N | -- | | | |
| PR 2692-704 | | N | -- | | | |
| PR 2709-19 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 2721-29 | | N | -- | | | |
| PR 2730-38 | | N | -- | | | |
| PR 2739-46 | | N | -- | | | |
| PR 2747-53 | | N | -- | | | |
| PR 2754-59 | | N | -- | | | |
| PR 2760-65 | | N | -- | | | |
| PR 2772-75 | | N | -- | | | |
| PR 2795-97 | | N | -- | | | |
| PR 2798-802 | | N | -- | | | |
| PR 2803-06 | | N | -- | | | |
| PR 2807-09 | | N | -- | | | |
| PR 2810-12 | | N | -- | | | |
| PR 2813-15 | | N | -- | | | |
| PR 2827-28 | | N | -- | | | |
| PR 2830-31 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 2877-78 | | N | -- | | | |
| PR 2879-80 | | N | -- | | | |
| PR 2925-26 | | W | W | | | |
| PR 3018 | | N | -- | | | |
| PR 3019-20 | | N | -- | | | |
| PR 3021 | | N | -- | | | |
| PR 3022-31 | | W | W | | | |
| PR 3032-41 | | W | W | | | |
| PR 3042-44 | | N | W | | | |
| PR 3045-46 | | N | -- | | | |
| PR 3065-67 | | W | W | | | |
| PR 3068-69 | | W | W | | | |
| PR 3070-71 | | W | W | | | |
| PR 3072-79 | | W | W | | | |
| PR 3080-81 | | W | W | | | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 3082 | | N | -- | | | |
| PR 3083-90 | | W | W | | | |
| PR 3091-92 | | W | W | | | |
| PR 3093-94 | | W | W | | | |
| PR 3095-98 | | W | W | | | |
| PR 3099 | | W | W | | | |
| PR 3100-09 | | W | -- | | | |
| PR 3110-11 | | N | -- | | | |
| PR 3113-14 | | W | -- | | | |
| PR 3115-16 | | W | -- | | | |
| PR 3117-19 | | W | W | | | |
| PR 3133 | | W | W | | | |
| PR 3134-40 | | W | W | | | |
| PR 3142-43 | | N | W | | | |
| PR 3150 | | W | W | | | |

Y = Privilege Allowed
N = Privilege Refused
= Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P = Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 17 of 22
Date

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 3165 | | W | W | | | |
| PR 3182-83 | | W | W | | | |
| PR 3215-17 | | W | W | | | |
| PR 3280-81 | | N | -- | | | |
| PR 3282-83 | | N | -- | | | |
| PR 3305 | | W | W | | | |
| PR 3331-32 | | W | | | | |
| PR 3759 | | Y | -- | | | |
| PR 3853-72 | | N | -- | | | |
| PR 3885-86 | | N | -- | | | |
| PR 3887-90 | | N | -- | | | |
| PR 3893-94 | | N | -- | | | |
| PR 3941-44 | | -- | Y | | | |
| PR 3945-47 | | -- | Y | | | |
| PR 3948-52 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
 = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 3955-57 | | -- | N | | | |
| PR 4360 | | W | W | | | |
| PR 4367 | | W | W | | | |
| PR 4370-73 | | W | W | | | |
| PR 4374-75 | | W | W | | | |
| PR 4385-86 | | W | W | | | |
| PR 4403-04 | | W | W | | | |
| PR 4406 | | N | N | | | |
| PR 4407 | | W | W | | | |
| PR 4408 | | N | N | | | |
| PR 4409-12 | | W | W | | | |
| PR 4418 | | W | W | | | |
| PR 4419-22 | | W | W | | | |
| PR 4526 | | W | W | | | |
| PR 4652 | | W | W | | | |

Y = Privilege Allowed
N = Privilege Refused
– = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| PR 4655-62 | | W | W | | | |
| 1362113-18 | | N | -- | | | |
| 1362189-90 | | N | -- | | | |
| 1362167-69 | | N | -- | | | |
| 1362209-12 | | N | -- | | | |
| 1362213-15 | | N | -- | | | |
| 1362182-83 | | N | -- | | | |
| 1362395-97 | | N | -- | | | |
| 1362840 | | N | -- | | | |
| 3117 | | Y | Y | | | |
| 54687 | | N | -- | | | |
| 113602-54 | | N | -- | | | |
| 113758-62 | | N | -- | | | |
| 113991-92 | | N | -- | | | |
| 180703 | | N | N | | | |

Y = Privilege Allowed
N = Privilege Refused
_ = Privilege Not Claimed
W = Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 180755-58 | | N | N | | | |
| 180762-64 | | N | N | | | |
| 180765-68 | | N | N | | | |
| 189744 | | N | -- | | | |
| 189745-46 | | N | -- | | | |
| 190837-40 | | N | N | | | |
| 201060-64 | | N | -- | | | |
| 513844-45 | | N | N | | | |
| 766090 | | Y | -- | | | |
| 788519-20 | | N | -- | | | |
| 789716-18 | | N | -- | | | |
| 857418-19 | | N | -- | | | |
| 857420-21 | | N | -- | | | |
| 857422-23 | | N | -- | | | |
| 859680 | | N | N | | | |

Y = Privilege Allowed
N = Privilege Refused
─ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

| Document I.D. | Exh. # | A/C | W/P | C/I | M/P | Comments Where Necessary |
|---|---|---|---|---|---|---|
| 931943-44 | | N | -- | | | |
| 1010169 | | N | -- | | | |
| 1012830-33 | | N | -- | | | |
| 1163825-28 | | N | -- | | | |
| 1163829-32 | | N | -- | | | |
| 1163834-36 | | N | -- | | | |

Y = Privilege Allowed
N = Privilege Refused
‾ = Privilege Not Claimed
W= Privilege or Protection Waived

A/C = Attorney Client Privilege
W/P - Work Product Protection
= Common Interest Doctrine Protection
C/I = Common Interest Doctrine Protection
M/P = Mediation Privilege

Page 22 of 22
Date

2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

SEP 20 2004

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| | § | |
| V. | § | No. 5:03CV39 |
| | § | |
| FIRST DATA CORPORATION, FIRST | § | |
| DATA MERCHANT SERVICES CORP., | § | |
| TELECHECK SERVICES, INC. *d/b/a* | § | |
| TELECHECK INTERNATIONAL, INC., | § | |
| and MICROBILT CORPORATION | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges dated January

15, 1994, The First Data Defendants' Motion to Compel Compliance with the Docket Control Order

[Docket No. 25] (Docket Entry # 78), Plaintiff's Motion to Compel (Docket Entry # 104), and The

First Data Defendants' Motion to Compel Plaintiff's Compliance with Court Order and for

Protective Order (Docket Entry # 105) were referred to the Honorable Caroline M. Craven for the

purposes of hearing and determining said motions. The Court, having reviewed the relevant briefing,

is of the opinion Plaintiff's motion should be **DENIED**. The Court is further of the opinion First

Data's motion to compel compliance with Court order and for protective order should be **DENIED**,

and First Data's motion to compel compliance with the docket control order should be **GRANTED**.

## I. BACKGROUND

DataTreasury Corporation ("Plaintiff") originally filed a patent infringement action against

First Data Corporation, First Data Merchant Services Corporation, and TeleCheck Services, Inc.

d/b/a TeleCheck International, Inc. in this Court. ( *See* 5:02cv94). The case was referred to the

undersigned for all pretrial purposes. On November 7, 2002, Plaintiff voluntarily dismissed the case and refiled it in the United States District Court for the Northern District, Dallas Division on the same day. The Dallas Court granted a motion filed by the First Data Defendants and Microbilt Corporation (collectively "First Data") to transfer the case to this Court. The case was assigned a new cause number, and the undersigned was again referred the case for pretrial purposes.

Plaintiff holds U.S. Patents No. 5,910,988 ("'988 Patent") and 6,032,137 ("'137 Patent"). The patents deal with the remote capture of data and digital images, transportation of encrypted data, and centralized processing and storage. Plaintiff alleges First Data has infringed Plaintiff's patents in various ways, including First Data's alleged capture and transmission of data and digital images.

## II. PLAINTIFF'S MOTION TO COMPEL

### A.    Plaintiff's Arguments

In its current motion, Plaintiff states it sent several hundred Requests for Production to First Data. Plaintiff complains that First Data expects Plaintiff to apply the confidentiality designations to First Data's responsive documents, and First Data will not allow the production to proceed without the documents being labeled as confidential or not. Plaintiff asks the Court for a determination on who bears the burden to apply a label of confidentiality to a party's documents - the party producing them, or the party to whom they are produced. Plaintiff contends the Protective Order entered by the Court as well as the normal custom, practice, and procedure in this Court is that a party reviews and labels it owns documents before producing them.

According to Plaintiff, all other defendants involved in litigation with Plaintiff in this Court have (1) inspected their own documents, (2) applied the confidentiality label, (3) Bates stamped their documents, (4) scanned the documents, and (5) produced the documents in electronic format by

providing a CD of responsive documents at their own expense. Plaintiff states First Data is the only defendant that has refused to follow this procedure. Plaintiff asks the Court to order First Data to inspect their own documents, label them, and produce them or make them available.

Finally, although Plaintiff has acknowledged its obligation to answer First Data's interrogatories and the Court has previously ordered Plaintiff to do so,[1] Plaintiff asserts it has not answered the interrogatories because its responses would not have much substantive value without first reviewing First Data's documents. Plaintiff states it will be happy to provide factually bare but legally sufficient answers if that would please the Court and First Data. However, Plaintiff contends it will not be able to provide the kind of in-depth responses that would please First Data until after Plaintiff is afforded an opportunity to review the universe of relevant documents First Data has compiled but refused to produce. For this reason, Plaintiff seeks an extension of its deadline to answer First Data's interrogatories until 75 days after the completion of First Data's document production. Plaintiff further seeks an award of its attorneys' fees and costs incurred in filing this motion.

**B.     First Data's Response**

In response, First Data first asserts that over twenty months ago it produced terminal source code, schematics, manuals, and the actual accused Accelera and Eclipse terminals to Plaintiff. First Data states since that time, Plaintiff has served 539 overbroad and burdensome document requests to First Data, seeking such things as all documents that are relevant to or refer to authorizing check

---

[1] On June 29, 2004, the Court ordered Plaintiff to supplement its responses to First Data's ten interrogatories within twenty days from the date of entry of the Order, providing proper answers to all non-objectionable interrogatories contained in First Data's First Set of Interrogatories.

transactions, check acceptance, check guarantee services, etc. Given the breadth of Plaintiff's requests and based on a similar procedure utilized by the parties in a case in the Northern District of California, First Data asserts it offered to make the universe of documents available for Plaintiff's inspection. According to First Data, it even offered to ship the entire production of approximately 560 boxes to Sidley Austin Brown & Wood LLP's Dallas office, reserve a conference room for the inspection team, and pay for the copy cost of the first 125,000 pages of which Plaintiff claims to have an interest. In addition, First Data states it has always indicated it will apply confidentiality designations once Plaintiff inspects the production and identifies the universe of documents in which Plaintiff has an interest. To protect the confidentiality of the documents, First Data asks the inspection team be comprised only of individuals that are entitled to review documents designated *For Outside Counsel Only* under the Court's Protective Order. Finally, First Data states it has been cooperative throughout the discovery process while Plaintiff is in open violation of this Court's Orders. First Data asks the Court to deny Plaintiff's Motion to Compel.

**C.      Discussion**

Plaintiff's Motion to Compel is denied. The Court agrees with Plaintiff that ordinarily the party producing the documents would do so after it had inspected and Bates stamped the documents. Departing from normal procedures in this instance is warranted though,[2] given the number of documents to be produced and the burden Defendants are willing to assume by their proposal. First Data's inspection proposal is fair and reasonable, and one that Plaintiff previously operated under in a case in the Northern District of Texas. For these reasons, Plaintiff's Motion to Compel is

---

[2] However, the Court will require First Data, the producing party, to pay the costs of copying for all documents selected by Plaintiff as opposed to the first 125,000 pages only.

4

**DENIED**.

Within fifteen days from the date of entry of this Order, First Data shall ship the entire production of documents to Sidley Austin Brown & Wood LLP's Dallas office and reserve a conference room for Plaintiff's inspection team. The inspection team shall be comprised only of outside litigation counsel and their staff. After Plaintiff selects specified documents or materials for copying, First Data shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to Plaintiff. First Data shall pay the costs of copying.

## III. FIRST DATA'S MOTION TO COMPEL
## AND FOR PROTECTIVE ORDER

### A.    First Data's Arguments

As mentioned in footnote 1 above, on June 29, 2004, the Court ordered "Plaintiff to provide supplemental answers to Defendants' ten interrogatories. . . within twenty days from the date of entry of this Order." *See* Docket Entry # 95. Plaintiff had until July 19, 2004 to supplement its answers. First Data asserts, and Plaintiff concedes, that it did not supplement its answers. Instead, on August 4, 2004, Plaintiff filed its Motion to Compel that the Court denied in Subsection II(C) above.

First Data filed its current motion on August 13, 2004, asserting Plaintiff controls the information it needs to answer eight of the ten interrogatories, and Plaintiff should have substantive answers even for the two remaining interrogatories assuming Plaintiff has satisfied its Rule 11 obligations. First Data also states it offered Plaintiff an opportunity to inspect the First Data documents in July of 2004, but Plaintiff refused and instead manufactured a discovery dispute by incorrectly alleging First Data refused to place confidentiality designations on their own documents.

First Data seeks an Order compelling Plaintiff to provide substantive answers to First Data's First Set of Interrogatories within five days from the date of Order and to award First Data attorneys' fees and reasonable costs incurred in filing this motion.  First Data further requests the Court preclude Plaintiff from taking any depositions of First Data until it has fully complied with this Court's Order and provided substantive interrogatory answers.

**B.    Plaintiff's Response**

In response, Plaintiff states in an effort to resolve all of these complaints, Plaintiff served First Data with its supplemental responses to the interrogatories. *See Plaintiff's September 2, 2004 Supplemental Responses to First Data's Interrogatories*, attached as Exhibit 1.  Plaintiff contends it is still "hamstrung" in answering the interrogatories because First Data refuses to produce its 539 boxes of documents.[3]  However, Plaintiff asserts it attempted to respond as best it could.  Finally, given it has served its supplemental answers, Plaintiff asks it be allowed to begin deposing the First Data Defendants' representatives.

In its surreply, Plaintiff again states that if First Data wants to provide its documents in the same fashion as all other parties to this litigation, "maybe [Plaintiff] will be able to supplement its already 250 pages of interrogatory responses."[4]  Plaintiff further requests an award of attorneys' fees and reasonable costs incurred in responding to First Data's motion.

**C.    Discussion**

Despite Plaintiff's voluntary supplementation of First Data's interrogatories, the Court notes there was in place an Order compelling discovery by July 19. Plaintiff willfully violated the Order

---

[3] Plaintiff's response at pg. 2.

[4] Plaintiff's surreply at pg. 2.

6

when it failed to supplement its answers by that date. Plaintiff did not inform the Court of its reasons for failing to obey the Court's directive until it filed its Motion to Compel on August 4, 2004.

It is well within the Court's discretion to award fees and costs as requested by First Data, as Plaintiff has clearly violated the Court's June 29 order. The Court is very troubled by Plaintiff's failure either to comply with the Order or to advise the Court timely of Plaintiff's anticipated failure to do so. If the Court could but find First Data had been prejudiced by Plaintiff's willful violation, the Court would sanction Plaintiff without hesitation.[5] Because the Court finds no prejudice to First Data, its request for attorneys' fees and reasonable costs associated with the filing of its motion is **DENIED**.[6] The relief requested in the remainder of First Data's motion is also **DENIED**.   If warranted, Plaintiff shall supplement its answers to First Data's First Set of Interrogatories after Plaintiff reviews First Data's document production.

## IV.  FIRST DATA'S MOTION TO COMPEL COMPLIANCE WITH DOCKET CONTROL ORDER

### A.    The Parties' Arguments

First Data contends the Court's August 21, 2002 Docket Control Order required Plaintiff to provide "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality. . . ." The Docket Control Order referred to by First Data is actually the one entered in the first case filed by Plaintiff against First Data in this Court (5:02cv94). When the case was returned to this Court from Dallas, the case was assigned a new cause number.

---

[5] Plaintiff is put on notice that any future violations of this Court's orders will not be tolerated.

[6] Oddly, Plaintiff requested its attorneys' fees and costs in responding to Defendants' motion. Plaintiff's request is denied.

7

(5:03cv95). First Data asserts Plaintiff has engaged in gamesmanship in dismissing this case and refiling it in another forum, and throughout it all, Plaintiff's October 21, 2002 and April 1, 2004 disclosures of asserted claims and preliminary contentions do not provide the specificity required by the Court's original Docket Control Order.

Plaintiff states it is complying with the Court's Orders to the best of its ability. Plaintiff asserts it has sufficiently informed First Data of the claims it is asserting, and it has further identified numerous accused products. Plaintiff again contends First Data has "stonewalled all of Plaintiff's formal discovery attempts by objecting to appropriate interrogatories and by refusing to produce a single document in response to over 300 proper requests for production."[7]

In its reply, First Data asserts Plaintiff has the information it needs to prepare infringement contentions, and it has had ample opportunity to study the accused devices. While First Data acknowledges it has large amounts of additional documents to produce because of Plaintiff's overbroad requests, First Data asserts this does not excuse Plaintiff's dilatory conduct.

**B.    Discussion**

First Data's motion is **GRANTED**. Within fifteen days following its receipt of the copies of First Data's document production, Plaintiff shall supplement Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions. Based on the foregoing, it is

**ORDERED** that Plaintiff's Motion to Compel (Docket Entry # 104) is hereby **DENIED**. It is further

**ORDERED** that within fifteen days from the date of entry of this Order, First Data shall ship the entire production of documents to Sidley Austin Brown & Wood LLP's Dallas office and reserve

---

[7] Plaintiff's response at pg. 1.

8

a conference room for Plaintiff's inspection team. The inspection team shall be comprised only of outside litigation counsel and their staff. After Plaintiff selects specified documents or materials for copying, First Data shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to Plaintiff. First Data shall pay the costs of copying. It is further

ORDERED that if warranted, Plaintiff shall supplement its answers to First Data's First Set of Interrogatories after Plaintiff reviews First Data's document production. It is further

ORDERED that The First Data Defendants' Motion to Compel Plaintiff's Compliance with Court Order and for Protective Order (Docket Entry # 105) is hereby DENIED. It is further

ORDERED that The First Data Defendants' Motion to Compel Compliance with the Docket Control Order [Docket No. 25] (Docket Entry # 78) is hereby GRANTED. Within fifteen days following its receipt of the copies of First Data's document production, Plaintiff shall supplement Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions.

SIGNED this 20ᵗʰ day of September, 2004.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

3

```
-----Original Message-----
From: Jamie McDole [mailto:jmcdole@kirkland.com]
Sent: Tuesday, January 18, 2005 3:55 PM
To: Stamatios Stamoulis
Subject: LML v. TeleCheck et al. - Document Review
```

Stam,

Below is a preliminary list of the people we will be bringing to the document review on
Wednesday.  There may be others that will come, but we can cross that road when we get to
it.

Jamie McDole
Ed Runyan
Leslie Smith
Jesston Reno

As I explained on the phone, we will review the documents on Wed., Thurs. and Friday.
Please let me know what times the documents will be available for inspection.  Also, if we
are unable to complete our review in the three days offered, we will need additional dates
that the documents will be made available.

Please let me know asap regarding the issues we discussed with Tim Devlin's letter of
January 14, 2005, namely that the review will be in accordance with the protective order
(and not some other agreement), and how we will handle the copying of the documents.

Thanks,

Jamie McDole

```
<font size=2 face="monospace,courier">
**********************************************************
The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee.  It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International
LLP.
Unauthorized use, disclosure or copying of this communication or any part thereof is
strictly prohibited and may be unlawful.  If you have received this communication in
error, please notify us immediately by return e-mail or by e-mail to
postmaster@kirkland.com, and destroy this communication and all copies thereof, including
all attachments.
**********************************************************
</font>
```

1

4

4

01/18/05  TUE 16:56 FAX 312 861 2200 53      KIRKLAND & ELLIS LLP                    ☒002

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois  60601

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

Jamie H. McDole
To Call Writer Directly:
(312) 861-2048
jmcdole@kirkland.com

January 18, 2005

## VIA FACSIMILE AND FIRST CLASS MAIL

Tim Devlin, Esq.
Stam Stamoulis, Esq.
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Re:    LML Patent Corp. v. TeleCheck Services Inc., et al.

Dear Tim and Stam:

In response to your letter of January 14, 2005 regarding LML's inspection of TeleCheck's approximately 500 boxes of documents, we will be at the offices of Sidley & Austin at 12:00 p.m. tomorrow to begin our review. We will likely need Thursday and Friday to review the documents as well. Per my conversation with Stam today, we will proceed with the document production in accordance with the protective order.

With respect to copying costs, I believe we can work out a mutually acceptable arrangement tomorrow.

Finally, for future inspections, please provide more notice if TeleCheck plans to make documents available for inspection. Your letter -- sent late on Friday -- did not give us sufficient notice to adequately prepare for this inspection (only one day given the Martin Luther King holiday). We will extend the same courtesy to you.

If you have any questions, please give me a call.

Very truly yours,

Jamie McDole

Jamie H. McDole