IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 04-858-SLR |
| vs. | ) |
| | ) |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) **PUBLIC VERSION** |
| XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**LML'S REPLY IN SUPPORT OF ITS DAUBERT MOTION NO. 1:
FOR A RULING LIMITING THE TESTIMONY OF DAVID P. KURRASCH**

Originally filed: November 21, 2005
Public version filed: November 29, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Edward K. Runyan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for LML Patent Corp.*

I.  **ARGUMENT IN REPLY**

LML respectfully submits this reply in support of its *Daubert* Motion No. 1: For A Ruling Limiting The Testimony of David P. Kurrasch. Defendants have attempted to "muddy the waters" in an attempt to camouflage Mr. Kurrasch's faulty invalidity analysis. But the fact remains -- based on Mr. Kurrasch's unequivocal deposition testimony -- that Mr. Kurrasch did not construe or even have an understanding of the claim terms prior to performing his validity analysis. This failure is fatal to Mr. Kurrasch's opinions, and renders them less than helpful to the trier of fact, in contravention of Federal Rule of Evidence 702 and Fed. R. Civ. P. 26(a)(2)(B).

   A.  **Defendants' Cannot Justify Mr. Kurrasch's Failure To Use Any Claim Construction In Performing His Validity Analysis**

Mr. Kurrasch did not use any claim construction, nor did he have any understanding of the claims in performing his validity analysis. Defendants' arguments cannot change this fact. While Defendants claim that Mr. Kurrasch's expert report vaguely explained the constructions used in Mr. Kurrasch's analysis, *he testified under oath* that he did not even have an understanding of the claims. Indeed, contrary to Defendants' arguments, Mr. Kurrasch did not testify that he used both parties constructions in his analysis, but instead, that he had no construction of the phrases or terms in the patent, and in fact, admitted that he could not "interpret the patents:"

- "*I have no particular construction which, from my point of view, would lead to an ability to interpret the patents.*" (Ex. A, Deposition of David P. Kurrasch at 278–79) (emphasis added).

- "So I—*without a particular construction*, I searched the patents, reviewed them, and in the case of the '714 [prior art], as an example, I—my job, as I was—as I interpreted it, was to determine whether or not the '714 patent disclosed that element." (Ex. A, Kurrasch Dep. at 277) (emphasis added).

- *"I applied no specific construction to those phrases* that you're referring to, and searched the patents to determine whether there was a disclosure of that element in that patent or that reference." (Ex. A, Kurrasch Dep. at 281) (emphasis added).

- *"I have no general, no specific construction of that term,* as I applied my effort to determine the disclosure of—any disclosures in the references to the specific elements of the claims." (Ex. A, Kurrasch Dep. at 280) (emphasis added).

- As I've said before, *I don't have a general understanding.* When I read the words in the '714 [prior art] patent, as a person of ordinary skill in the art, this would be—I can correlate—I can—I can make the opinion that I believe 'a central computer system' is disclosed in the Carlson '714 patent." (Ex. A, Kurrasch Dep. at 270) (emphasis added).

- *"I have no particular understanding,* other than, again, what I said, the process of relating element to disclosure." (Ex. A, Kurrasch Dep. at 267) (emphasis added).

- *"I have no particular construction of that phrase."* (Ex. A, Kurrasch Dep. at 276) (emphasis added).

- *"I have no particular construction or definition."* (Ex. A, Kurrasch Dep. at 268) (emphasis added).

These are not select quotes as Defendants claim, but Mr. Kurrasch's repeated and unequivocal testimony. LML continuously sought to determine what constructions Mr. Kurrasch applied in his analysis, and each time, Mr. Kurrasch insisted that he used no construction and did not have any understanding of the claims in performing his analysis.

Moreover, Defendants' attempt to ignore Mr. Kurrasch's deposition testimony and instead refer to his expert report is flawed. Indeed, LML is entitled to probe the veracity of Mr. Kurrasch's opinions at deposition - yet Mr. Kurrasch's failure to use any constructions in his analysis (or refusal to provide them at deposition) prohibited LML from examining Mr. Kurrasch as to his alleged opinions. Indeed, Mr. Kurrasch would not even provide his understanding of terms, such as "central computer system," which are contested issues with respect to validity. (*Id.* at 273). In essence, Mr. Kurrasch punted, either because he did not have an understanding of the elements or because Defendants' counsel instructed him to do so. Either way, Mr.

2

Kurrasch's failure to explain his understanding of the claim terms prohibited LML from properly scrutinizing his opinions. He should not be permitted to present these faulty opinions to a jury since his analysis is clearly inconsistent with well-settled law. *See Dataquill Ltd. v. Handspring, Inc.*, No. 01 C 4635, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003) (excluding an expert's testimony he could not explain the claim construction he applied in his analysis and was unable to explain the logic that supported his determinations); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 435 (D. Del. 2004) (holding that an expert's "failure to disclose a clear construction of each disputed claim element [in an invalidity analysis] makes his report less than helpful to the trier of fact, in contravention of Federal Rule of Evidence 702").

### B. Mr. Kurrasch's Opinions Are Not His Own

In an apparent stream of nervous consciousness regarding the amount of work Mr. Kurrasch actually put into his opinions and expert reports in this matter, Defendants argue that Mr. Kurrasch's expert report reflects his own opinions. While it is true that Mr. Kurrasch's report and opinions on invalidity are actually the work and opinions of Defendants' counsel -- not Mr. Kurrasch -- LML did not raise such an issue in its opening brief.[1] Regardless, even a cursory look at Mr. Kurrasch's opinions show that they are not his own. For instance, a simple comparison of Defendants' interrogatory response (which was filed before Mr. Kurrasch was even retained in this case) and Mr. Kurrasch's claim charts regarding anticipation by the Higashiyama '682 patent[2] reveals not only identical opinions, but identical words to describe those alleged opinions. (*See* Ex. B, Comparison of Defendants' Interrogatory Response re

---

[1] Mr. Kurrasch's wholesale adoption of Defendants' counsel's arguments --without any analysis of his own -- is relevant, however, to provide an explanation as to why Mr. Kurrasch did not have an understanding of any of the claims terms.

[2] LML uses this as an example as it is the reference on which Defendants moved for summary judgment of anticipation, but other opinions have a similar result.

Validity and Mr. Kurrasch's Claim Charts; *see also* Exs. C and D). This is not a coincidence. Defendants' attempt to inflate its alleged expert's opinions with this argument is baseless.[3]

---

[3] Defendants also claim that LML did not meet and confer with Defendants prior to filing its *Daubert* motion. But LML filed its motion in accordance with the express provisions of this Court's Scheduling Order, which mandated that any *Daubert* motions "be made by motion not later than the deadline for dispositive motions" (i.e. October 28, 2005). (Docket Entry 35 at ¶ 2(c)(3)); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("[S]cheduling orders are at the heart of case management."). As such, LML's local counsel did not advise LML of any need to file a Rule 7.1.1 certificate with its *Daubert* motions, nor has LML's local counsel ever been informed of a deficiency for not attaching a Rule 7.1.1 certificate to a *Daubert* motion.. (*See* Ex. E, Declaration of R. Herrmann, Esq.). Indeed, *Daubert* motions are akin to dispositive motions as the granting of such a motion generally prohibits a party from meeting its burden of proof. *Oxford Gene Technology Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004) (striking an expert's invalidity opinions and ultimately granting summary judgment of no anticipation). In *Oxford Gene Technology*, **the parties did not file any Rule 7.1.1 statements with their *Daubert* motions.** Therefore, LML's *Daubert* motion should be decided on its merits. *See Amico v. New Castle County*, 654 F. Supp. 982, 994 (D. Del. 1987) (finding that the "spirit of rules is to settle controversies upon their merits rather than to dismiss them on technical grounds")(citation omitted).

## II. CONCLUSIONS

For all of the reasons stated above, LML respectfully requests the Court to grant its *Daubert* motion and exclude the testimony of Defendants' expert David P. Kurrasch relating to invalidity.

Dated: November 21, 2005

/s/ Richard K. Herrmann
Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S REPLY IN SUPPORT OF ITS DAUBERT MOTION NO. 1: FOR A RULING LIMITING THE TESTIMONY OF DAVID P. KURRASCH**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE  19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 29th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

　　　　　　　　　　/s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

*Counsel for Plaintiff LML PATENT CORP.*