IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 04-858-SLR |
| vs. | ) |
| | ) |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) PUBLIC VERSION |
| XPRESSCHEX, INC., AND | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**LML'S REPLY IN SUPPORT OF ITS DAUBERT MOTION NO. 2:
FOR A RULING LIMITING THE TESTIMONY OF STEPHEN A. SCHUTZE**

Originally filed: November 21, 2005
Public version filed: November 29, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Edward K. Runyan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for LML Patent Corp.*

I.   **ARGUMENT IN REPLY**

LML respectfully submits this reply in support of its *Daubert* Motion No. 2: For a Ruling Limiting The Testimony of Stephen A. Schutze. Noticeably absent from Defendants' response is any justification to allow Mr. Schutze to testify regarding Nova or ECHO's accused products. In fact, Defendants' own response shows that Mr. Schutze is not qualified to render any technical opinions -- his experience only relates to policy development, legislative and regulatory positions, and banking.

For instance, Defendants attempt to support Mr. Schutze's experience by referring to his work with work he performed while at the ABA -- but Defendants admit this work in this regard only related to policy development and legislative and regulatory issues. (Defendants' Opp. at 5). Defendants also point to Mr. Schutze's background with NACHA -- but again, NACHA is an industry standards body (i.e. regulatory body) and Mr. Schutze's work did not relate to technical issues. Finally, Defendants rely on Mr. Schutze's background as a VP with Bank of America -- but at most, his experience in this regard related to general banking issues. This claimed experience is a far cry from technical experience required to render a technical opinion in this case, or to be an expert with respect to "payment systems" as Defendants claim.

In fact, Mr. Schutze admitted that he is not qualified to render any expert opinion regarding ECHO's or Nova's systems, including the hardware at issue, the software used with the devices, NOVA's service, NOVA's equipment, ECHO's equipment, and ECHO's conversion system. (Ex. A, Schutze Dep. at 138-139, 144-145, 159-160). Mr. Schutze could not even answer basic questions about these systems, such as what types of point of sale terminals Defendants used in their accused products, or how they operate. (*Id.* at 138-139, 144-145). While Mr. Schutze may have sufficient experience in other fields to render expert opinions, he

simply brings no scientific or technical expertise in payment systems to the table to help the trier of fact.

Defendants' response is simply devoid of any reason to permit Mr. Schutze to testify about ECHO's or Nova's systems, including the hardware at issue, the software used with the devices, NOVA's service, NOVA's equipment, ECHO's equipment, and ECHO's conversion system. Consequently, Mr. Schutze should be precluded from offering such opinions.[1]

---

[1] Defendants also claim that LML did not meet and confer with Defendants prior to filing its *Daubert* motion. But LML filed its motion in accordance with the express provisions of this Court's Scheduling Order, which mandated that any *Daubert* motions "be made by motion not later than the deadline for dispositive motions" (i.e. October 28, 2005). (Docket Entry 35 at ¶ 2(c)(3)); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("[S]cheduling orders are at the heart of case management."). As such, LML's local counsel did not advise LML of any need to file a Rule 7.1.1 certificate with its *Daubert* motions, nor has LML's local counsel ever been informed of a deficiency for not attaching a Rule 7.1.1 certificate to a *Daubert* motion.. (*See* Ex. B, Declaration of R. Herrmann, Esq.). Indeed, *Daubert* motions are akin to dispositive motions as the granting of such a motion generally prohibits a party from meeting its burden of proof. *Oxford Gene Technology Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004) (striking an expert's invalidity opinions and ultimately granting summary judgment of no anticipation). In *Oxford Gene Technology, the parties did not file any Rule 7.1.1 statements with their Daubert motions*. Therefore, LML's *Daubert* motion should be decided on its merits. *See Amico v. New Castle County*, 654 F. Supp. 982, 994 (D. Del. 1987) (finding that the "spirit of rules is to settle controversies upon their merits rather than to dismiss them on technical grounds")(citation omitted).

2

## II. CONCLUSION

For all of the reasons stated above, LML Patent Corp. respectfully requests that the Court exclude the opinions of Stephen A. Schutze relating to ECHO's and Nova's systems and products.

Dated: November 21, 2005

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S REPLY IN SUPPORT OF ITS DAUBERT MOTION NO. 2: FOR A RULING LIMITING THE TESTIMONY OF STEPHEN A. SCHUTZE**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 29th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

/s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

*Counsel for Plaintiff LML PATENT CORP.*