# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., <br> ELECTRONIC CLEARING HOUSE, INC., <br> XPRESSCHEX, INC. and NOVA <br> INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

## DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS AND BRIEF IN SUPPORT

William J. Marsden (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
FISH & RICHARDSON P.C
919 N. Market Street, Suite 1100
Wilmington, DE  19899-1114

*Attorneys for TeleCheck Services, Inc.*

Collins J. Seitz, Jr. (#2237)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

*Attorneys for Electronic Clearing House, Inc. and XpressChex, Inc.*

Richard D. Kirk. (#922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

*Attorneys for Nova Information Systems, Inc.*

Dated:  November 30, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I. NATURE AND STAGE OF PROCEEDINGS ....................................................... 1

II. SUMMARY OF ARGUMENT ................................................................................ 1

III. STATEMENT OF FACTS ....................................................................................... 2

IV. ARGUMENT ............................................................................................................ 3

    A. Legal Standards ............................................................................................ 3

    B. Claims 1 and 9 and their Dependent Claims Are Invalid ........................... 3

V. CONCLUSION ......................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*Allen Engineering Corp. v. Bartell Industrial, Inc.*,
299 F.3d 1336 (Fed. Cir. 2002)..........................................................................................3

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
239 F.3d 1343 (Fed. Cir. 2001)..........................................................................................5

*Barmag Barmer Maschinenfabrik AG v. Murata Machine, Ltd.*,
731 F.2d 831 (Fed. Cir. 1984)............................................................................................3

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
No. 05-1009, 05-1487, 2005 WL. 3097877 (Fed. Cir. Nov. 21, 2005)....................1, 2, 3, 4

*London v. Carson Pirie Scott & Co.*,
946 F.2d 1534 (Fed. Cir. 1991)..........................................................................................3

*U.S. Gypsum Co. v. National Gypsum Co.*,
74 F.3d 1209 (Fed. Cir. 1996)............................................................................................3

## STATUTES

35 U.S.C. § 112..................................................................................................................3

Fed. R. Civ. P. 56(c) .........................................................................................................3

here, and establishes that claims 1 and 9 and their dependent claims should be held invalid as indefinite.

### III.  STATEMENT OF FACTS

The '988 patent discloses and claims a system and method for conducting electronic check transactions. (*See* Ex. A).[1] There are three independent claims, claims 1, 8, and 9. Claims 1 and 9 are the two "system" claims implicated by *IPXL*, because each recites an improper method step of "using" the system. For example, claim 1 recites:

> A checkwriting point of sale *system* comprising:
>
> * * *
>
> the central computer system second communication means enabling said central computer system to communicate with external databases for performing a consumer bank account status search and further enabling automated clearing house communication for transferring funds ***without using the bank check as a negotiable instrument***.

(*Id.* at 11:36-56.)[2]

Likewise, claim 9 recites a "checkwriting point of sale *system*" including the limitation "***without using a bank check as a negotiable instrument***." (*Id.* at 12:43-67).

The highlighted "negotiable instrument" limitations are method limitations under *IPXL*. The claim language itself depends on how the check is handled by a consumer or merchant. Under Defendants' proposed construction, for example, there is no infringement if the check "takes on the status of a negotiable instrument," meaning that the consumer has filled out and signed the check. (D.I. 281.) Under LML's proposed construction, this limitation is met if the check is not "accepted" or "processed" (whatever those terms mean). (*Id.*) Either construction therefore depends on whether a

---

[1] Exhibits cited in this brief reference the Declaration of Timothy Devlin in Support of Defendants' Motion for Summary Judgment of Invalidity, dated October 28, 2005 (D.I. 356). Citations to patent text in this brief are of the form x:y, where "x" represents the column number and "y" the line number.

[2] Unless otherwise indicated, emphasis in this Brief has been added.

2

I.   **NATURE AND STAGE OF PROCEEDINGS**

This is a patent infringement litigation initiated by LML Patent Corporation ("LML") against the above-named Defendants. The patent in suit is U.S. Patent No. 5,484,988 ("the '988 patent"). Fact and expert discovery has concluded, and claim construction briefing is complete. Defendants submit this combined motion and brief seeking summary judgment of invalidity of claims 1, 2, 4-6, 9-11, and 14.

II.  **SUMMARY OF ARGUMENT**

Based on the recent Federal Circuit decision of *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, No. 05-1009, 05-1487, 2005 WL 3097877 (Fed. Cir. Nov. 21, 2005), claims 1 and 9 of the '988 patent and their dependent claims should be found invalid as a matter of law, for claiming both a system and a method of using the system within the same claim. The *IPXL* decision, which affirmed a district court's grant of summary judgment, characterized this issue as a "matter of first impression" for the Federal Circuit, and held that claims reciting both system features and method steps are indefinite under § 112, second paragraph.

Claims 1 and 9 of the '988 patent and their dependent claims fail to satisfy the legal requirements of § 112. Claims 1 and 9 each recite check processing "systems." Each claim also includes a limitation that prohibits "using" the check as a negotiable instrument. This is a method step under *IPXL* as demonstrated by both parties' claim construction, turning on how a human being—either the consumer or merchant—handles the check during a transaction. Such a claim is invalid under *IPXL*.

The patent at issue in the *IPXL* case included a comparable claim in the financial transaction field. The claim recited both a transaction system and a method step in which a user "uses" an input means to change or accept certain transaction data. The *IPXL* decision holds that such claims are improper as a matter of law. The decision controls

human being performs some step as part of the checking transaction at the point of sale, independent of how the physical components of the recited "system" are arranged.

## IV. ARGUMENT

### A. Legal Standards

Summary judgment is appropriate in patent cases as in any other. *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). The Court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *U.S. Gypsum Co. v. National Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996).

Indefiniteness is an issue of law. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, No. 05-1009, 05-1487, 2005 WL 3097877, at *3 (Fed. Cir. Nov. 21, 2005). The indefiniteness requirement is codified in the second paragraph of 35 U.S.C. § 112, which states that the "specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." The issue of indefiniteness is examined from the point of view of a person of ordinary skill in the art. *See, e.g., Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1348 (Fed. Cir. 2002). The requirement exists so that "the public has fair notice of what the patentee and the Patent and Trademark Office have agreed constitute the metes and bounds of the claimed invention." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed. Cir. 1991).

### B. Claims 1 and 9 and their Dependent Claims Are Invalid

Recently, in *IPXL Holdings v. Amazon.com*, the Federal Circuit affirmed a grant of summary judgment of invalidity on the same issue presented here. *See IPXL*, 2005 WL 3097877. The Federal Circuit found a claim invalid as indefinite when it recited both a system and a method within the same claim. *Id.* at *7. The patent in *IPXL*

3

claimed an electronic financial transaction system, *id.* at *1, and the court analyzed claim 25, which recited:

> The ***system of claim 2*** [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and ***the user uses the input means*** to either change the predicted transaction information or accept the displayed transaction type and transaction parameters

*Id.* at *7 (italics in original).

The Federal Circuit held that reciting both a system and a method for using that system in the same claim is improper, because one of ordinary skill in the art would not be able to determine the claim's scope:

> it is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction.

*Id.* at 7.

Claims 1 and 9 of the '988 patent are strikingly similar to the claim the Federal Circuit found invalid for indefiniteness in *IPXL*. Claims 1 and 9 of the '988 patent recite a "checkwriting point of sale system," (Ex. A at 11:36; 12:43), while the claim at issue in *IPXL* recited an "electronic financial transaction system," *IPXL* at *1. Both sets of system claims also recite method steps of "using" the system. Claim 1 of the '988 patent requires "without ***using*** the bank check as a negotiable instrument," (Ex. A at 11:55-56), and claim 9 of the '988 patent requires "without ***using*** a bank check as a negotiable instrument" (*id.* at 12:66-67). The claim analyzed in *IPXL* likewise requires that "the user ***uses*** the input means to either change the predicted transaction information or accept the displayed transaction type and transaction parameters." *IPXL* at *7.

The Federal Circuit's *IPXL* holding is directly on point here. Claims 1 and 9 recite limitations regarding how the check is "used," independent of how the structural components of the system are arranged. The nature of claims 1 and 9 makes it unclear whether one would infringe by simply creating a system having the recited components,

4

or when a user actually uses the system without using the bank check as a negotiable instrument. This difficulty flows from the fact that the "system" claims are dependent on whether a human being performs some step, for example either signing a check or "accepting" or "processing" a check. (D.I. 281.)

Indeed, LML's own statements underscore the dual nature of claims 1 and 9. In its opening summary judgment brief on infringement, LML discusses the "negotiable instrument" limitations apart from other limitations, and focuses inquiry on the treatment of the check by the consumer or merchant. (D.I. 312 at 20-22). In its reply brief on the same motion, LML seeks to link the "without using the check as a negotiable instrument" limitation with another limitation of the claims, namely "enabling automated clearing house communication for transferring funds," and asserts that merely the accused system itself supports LML's claim of infringement. (D.I. 489 at 9-10.) This is precisely the problem created by the patent claim found invalid in *IPXL*. Accordingly, claims 1 and 9 and their dependent claims should be held invalid as a matter of law.

It should be noted that the "negotiable instrument" limitations are written in negative form, "without using the check as a negotiable instrument," but this does not impact their status as method claims. For example, in analyzing patent claims that recited "***without using*** a shopping cart model," the Federal Circuit found this limitation required a user to perform a step, *i.e.*, the user must perform or refrain from performing some action. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1356 (Fed. Cir. 2001). Consequently, claim limitations such as "without using" are properly considered method claim limitations. *See, e.g., id.*

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment of invalidity based on indefiniteness should be granted.

Dated: November 30, 2005

FISH & RICHARDSON P.C.

By:/s/ *Timothy Devlin*
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
302.652.5070

*Attorneys for Defendant TeleCheck Services, Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

By:/s/ *Frank DiGiovanni*
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141

*Attorneys for Defendants Electronic Clearing House, Inc. and XpressChex, Inc.*

THE BAYARD FIRM

By: /s/ *Richard D. Kirk*
Richard D. Kirk (I.D. No. 922)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
302.429.4208

*Attorneys for Defendant NOVA Information Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2005, a true and correct copy of **DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS AND BRIEF IN SUPPORT** was caused to be served on the attorneys of record at the following addresses as indicated:

**BY HAND DELIVERY**
Richard K. Herrmann, Esq.
Morris, James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

**BY HAND DELIVERY**
Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

**BY HAND DELIVERY**
Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

**BY EMAIL AND FIRST CLASS MAIL**
Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

**BY EMAIL AND FIRST CLASS MAIL**
Russell E. Levine, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL 60601

**BY EMAIL AND FIRST CLASS MAIL**
Mark C. Scarsi, Esq.
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

/s/ *Timothy Devlin*
Timothy Devlin

80028522.doc