# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 04-858-SLR |
| vs. | ) |
| | ) |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, INC., | ) **PUBLIC VERSION** |
| XPRESSCHEX, INC. and | ) |
| NOVA INFORMATION SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## LML'S REPLY IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT NO. 1:
## FOR A RULING THAT TELECHECK INFRINGES
## CLAIMS 1, 2, 4, 5, 6, 9, 10, 11 AND 16 OF THE '988 PATENT

Originally filed:  November 23, 2005
Public version filed:  December 1, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Edward K. Runyan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Counsel for LML Patent Corp.*

## <u>TABLE OF CONTENTS</u>

ARGUMENT IN REPLY ...........................................................................................1

I.    TeleCheck's ECA Product Satisfies The Limitation Of "Without Using The Check As A Negotiable Instrument." ................................................2

    1.    TeleCheck's noninfringement contention, if taken to be true, would violate not only NACHA Rules and Guidelines but also the Federal Electronic Funds Transfer Act of 1978, Federal Regulation E and the Uniform Commercial Code. .........................2

    2.    TeleCheck's ECA product uses the paper check as a source document and the paper check is not accepted or processed. ......................5

    3.    Even under defendants' proposed construction of "without using the check as a negotiable instrument," TeleCheck's accused product satisfies this element in claims 1 and 9. ...........................9

II.    TeleCheck's Additional Arguments With Respect To Claim 16 Are Untimely And Meritless. .................................................................................10

    1.    TeleCheck's new non-infringement arguments should be stricken as untimely. ...............................................................11

    2.    In any event, TeleCheck's new, untimely non-infringement defense is meritless. .............................................................13

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*AMEX v. Mopex, Inc.,*
  215 F.R.D. 87 (S.D.N.Y. 2002) ............................................................... 12

*Astrazenca AB v. Mutual Pharm. Co.,*
  278 F.Supp.2d 491 (E.D. Pa. 2003) ................................................ 11, 12

*Avery Dennison Corp. v. UCB Films,*
  1997 WL 567799 (N. D. Ill. Sept. 4, 1997) ......................................... 13

*Cordis Corp. v. Medtronic Ave, Inc.,*
  194 F.Supp.2d 323 (D. Del. 2002) ................................................. 13, 14

*E.I. Dupont De Nemours & Co. v. Monsanto Co.,*
  903 F.Supp. 680 (D. Del. 1995) ........................................................... 13

*Faroudja Lab., Inc. v. Dwin Electronics, Inc.,*
  1999 WL 111788 (N.D. Cal. Feb. 24, 1999) ........................................ 13

*Fowle v. C&C Cola,*
  868 F.2d 59 (3rd Cir. 1988) ................................................................... 7

*Guzman v. Abbott Labs.,*
  61 F.Supp.2d 784 (N.D. Ill. 1999) ...................................................... 12

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
  909 F.2d 1464 (Fed. Cir. 1990) ........................................................... 10

*Idacon, Inc. v. Central Forest Prod., Inc.,*
  3 U.S.P.Q. 2d 1079 (E.D. Okla. 1986) ................................................ 13

*Intel Corp. v. ITC,*
  946 F.2d 821 (Fed. Cir. 1991) ............................................................. 10

*Key Pharms. Inc. v. Hercon Labs. Corp.,*
  981 F.Supp. 299 (D. Del. 1997) .......................................................... 10

*Knopik v. Amoco Corp.,*
  2003 WL 172917 (D. Minn. 2003) ...................................................... 12

*Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.,*
  911 F.Supp. 79 (E.D.N.Y 1996) .......................................................... 11

*Marley Mouldings Ltd. v. Mikron Industries, Inc.*,
    2003 WL 1989640 (N.D.Ill., April 30, 2003) ...................................................... 13

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ........................................................................... 6

*Shields v. Halliburton Co.*,
    493 F.Supp. 1376 (W.D. La. 1980) ...................................................................... 13

*Thorn EMI North America v. Intel Corp.*,
    936 F.Supp. 1186 (D. Del. 1996) .......................................................................... 7

*Transclean Corp. v. Bridgewood Servs., Inc.*,
    77 F.Supp.2d 1045 (D. Minn 1999) ...................................................................... 11

*Transportes Aereos de Angola v. Ronair, Inc.*,
    693 F.Supp. 102 (D. Del 1988) ............................................................................ 12

**Statutes**

12 C.F.R. Part 205 ........................................................................................................ 3, 4

Uniform Commercial Code § 3-104 ............................................................................. 10

Uniform Commercial Code § 4A-102 ........................................................................... 4

15 U.S.C. 1693 ............................................................................................................... 3

**Rules**

Fed. R. Civ. P 37(c)(1) ................................................................................................. 11

Fed. R. Civ. P. 26(e)(2) ................................................................................................ 11

Fed. R. Civ. P. 56(e) ..................................................................................................... 7

## ARGUMENT IN REPLY

TeleCheck raises only one defense to LML's motion that TeleCheck infringes claims 1, 2, 4, 5, 6, 9, 10 and 11 of the '988 Patent. TeleCheck argues that its ECA product allegedly uses the check as a negotiable instrument. Not only is TeleCheck's reliance on this defense flawed, but it is also an admission that there are no genuine issues of material fact that all of the other claim elements are literally present in TeleCheck's ECA product.

With respect to TeleCheck's argument that it allegedly uses the checks as a negotiable instrument, LML has already identified a number of undisputable facts that belie TeleCheck's sole defense:

- The NACHA Rules and Guidelines, Federal Electronic Transfer Act, Federal Regulation E and the Uniform Commercial Code, prohibit an electronic funds transfer through the ACH network—as TeleCheck's ECA Product does—where the check is used as a negotiable instrument; and

- TeleCheck's ECA product converts a paper check to an electronic item at the point of sale, voids and returns that paper check to the customer and neither TeleCheck nor the merchant can accept or process that paper check.

Based on these facts, and those listed in LML's Opening Brief, there is no genuine issue of material fact that TeleCheck cannot, and does not, use the check as a negotiable instrument in its ECA product. Therefore, LML is entitled to summary judgment of infringement of claims 1, 2, 4, 5, 6, 9, 10 and 11.

In addition, TeleCheck's previously undisclosed defense to process claim 16 should be striken as untimely. Even if this Court entertains this new defense, TeleCheck still infringes because it *requires* its customers and merchants to perform the recited

claim steps. Therefore, LML is entitled to summary judgment of infringement of claim 16.

**I.   TeleCheck's ECA Product Satisfies The Limitation Of "Without Using The Check As A Negotiable Instrument."**

1.   TeleCheck's noninfringement contention, if taken to be true, would violate not only NACHA Rules and Guidelines but also the Federal Electronic Funds Transfer Act of 1978, Federal Regulation E and the Uniform Commercial Code.


**REDACTED**


However, TeleCheck's arguments are misplaced, and, in some cases, appear to be inconsistent with numerous federal laws governing electronic funds transfers. As discussed in LML's Opening Brief, the NACHA rules were developed—              **REDACTED**              —so that transactions that

---

[1] Citations to LML's Memorandum in Support of Its Motion for Summary Judgment No. 1: That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 will be to "LML's Opening Brief"; exhibits attached to the Declaration of Aaron Charfoos in Support of LML's Motion for Summary Judgment No. 1 will be to "Ex. ___"; TeleCheck's Answering Brief in Opposition will be to "TeleCheck Opp."; Citations to the Declaration of Timothy Devlin in Support of TeleCheck's Opposition to Motion for Summary Judgment No. 1 will be to "Devlin Ex. ___"; and exhibits attached to LML's Reply in Support of Its Motion for Summary Judgment No. 1: That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 will be to "Reply Ex. ___".

[2]   **REDACTED**

-2-

flow through the ACH network are governed by the Federal Electronic Funds Transfer Act of 1978, not by the Uniform Commercial Code ("U.C.C.") or check law. (LML's Opening Brief at 7 *citing* Ex. 3 at LML-EP-055765 NACHA Guidelines (checks are used as mere source documents so that they". . . do not fall under the requirements of check law or the Uniform Commercial Code . . .")).    Therefore, because TeleCheck must follow the NACHA rules in order to be in compliance with the Electronic Funds Transfer Act of 1978 and Federal Regulation E, it must satisfy the claim element that TeleCheck's ECA transactions proceed "without using the check as a negotiable instrument" as the '988 Patent claims require.

Electronic funds transfers, including those where a check is merely used as a source document, are governed by the Electronic Funds Transfer Act of 1978 and Federal Regulation E, not the U.C.C.    15 U.S.C. 1693 *et seq.* and 12 C.F.R. Part 205, respectively.[3]    These are the same kinds of transactions that flow through the ACH network—the network used by TeleCheck to move funds for its ECA product.

In these ACH transactions, a check may be used to effectuate an electronic funds transfer through the ACH network only if it is a source of information relating to the consumer's bank account—*i.e.* not used as a negotiable instrument.  For example, the Official Staff Interpretation of Federal Regulation E, Section 205.3(b), states that

---

**REDACTED**

[3]    **REDACTED**

-3-

although funds transfers initiated by checks are generally excluded from ACH transactions, electronic fund transfers under Regulation E do include:

> A transfer via ACH where the consumer has ***provided a check to enable the merchant or other payee to capture the routing, account, and serial numbers to initiate the transfer, whether the check is blank, partially completed, or fully completed and signed***; whether mailed to a merchant or other payee or lockbox and later converted to an EFT; or whether the check is retained by the consumer, merchant, or other payee or the payee's financial institution.

12 C.F.R. Part 205 Regulation E Official Staff Interpretation Section 205.3(b) (emphasis added).[4]  However, Federal Regulation E specifically *excludes* checks.  12 C.F.R. 205.3(c) ("Exclusion from coverage. . . Checks.  Any transfer of funds originated by check, draft or similar paper instrument . . .") (emphasis in original).  As LML discussed in its Opening Brief, this is entirely consistent with the NACHA Rules and Regulations. (LML's Opening Brief at 6-8; Ex. 4 Larimer Dep. at 48 42-54, 63-4, and 68).

Conversely, funds transfers that are initiated by using a check as a negotiable instrument are governed by check law and the U.C.C.  (*See, e.g.*, 12 C.F.R. Part 205.3(c)(1) and U.C.C. Article 4A).  In fact, the Uniform Commercial Code Article 4A "Funds Transfers" specifically details how funds transfers effectuated by checks proceed. *See generally*, Uniform Commercial Code § 4A-102. This section specifically excludes any transaction governed, in whole or in part, by the Electronic Funds Transfer Act of 1978. (Uniform Commercial Code § 4A-108 ("This Article does not apply to a funds transfer any part of which is governed by the Electronic Funds Transfer Act of 1978 . .

---

[4] Indeed, this is entirely consistent with the claim language "without using the check as a negotiable instrument" which is agnostic as to whether the check *is* a negotiable instrument, but focuses on how it is used. (Ex. 1 at claim 1).

.")).  Thus, a check used as a negotiable instrument—not just a source of information—

falls under the U.C.C. and is never eligible for an electronic funds transfer under the

Electronic Funds Transfer Act of 1978.  This is consistent with the NACHA Guidelines

that clearly state that the check must be used as a source document in order to avoid the

check ever being used as a negotiable instrument.  (Ex. 3 at LML-EP-055765).

**REDACTED**

**REDACTED**

---

[5]

   **REDACTED**

[6]  **REDACTED**

**REDACTED**

---

[7] LML objects to the inclusion of excerpts from the expert report of David P. Kurrasch in support of TeleCheck's Opposition. (Devlin Ex. 1.) Summary judgment is only appropriate "when the *evidence admissible at trial* fails to demonstrate a genuine issue of material fact." *Thorn EMI North America v. Intel Corp.*, 936 F.Supp. 1186, 1199 (D. Del. 1996) (emphasis added). However, TeleCheck has merely included excerpts from the report of its expert, not an expert declaration. This evidence should be striken not only because it is inadmissible, but also because it violates the clear dictates of Federal Rule of Civil Procedure 56(e) which requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (1987). However, the Third Circuit has previously excluded an expert report that was merely attached to an attorney's declaration, "[t]he substance of this report was not sworn to by the alleged expert.   Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment." *Fowle v. C&C Cola*, 868 F.2d 59, 67 (3rd Cir. 1988).

[8]    **REDACTED**

**REDACTED**

---

9

**REDACTED**

3.    Even under defendants' proposed construction of "without using the check as a negotiable instrument," TeleCheck's accused product satisfies this element in claims 1 and 9.

This claim element is literally present in claims 1 and 9 because the phrase "without using the check as a negotiable instrument" only modifies a specific limitation of the claims, namely: "enabling automated clearing house communication for transferring funds without using the check as a negotiable instrument."[10] (Ex. 1 at claim 1). Therefore, even under TeleCheck's construction, the claims require that the check cannot take on the status of a negotiable instrument at the time that the second communication means enables communication with the automated clearing house.

**REDACTED**

_____

[10] Claim 9 contains the similar language of "enabling automated clearing house communication for transferring funds without using a bank check as a negotiable instrument." (Ex. 1).

**REDACTED**

It is the capabilities of the system that are relevant when analyzing infringement of system claims. *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[A]pparatus claims cover what a device *is*, not what a device *does*."); *Intel Corp. v. ITC*, 946 F.2d 821, 832 (Fed. Cir. 1991) (holding that a device claim was infringed if it was capable of operating in the claimed mode and that actual operation in the claimed mode was not required); *see also Key Pharms. Inc. v. Hercon Labs. Corp.*, 981 F.Supp. 299, 310 (D. Del. 1997) (finding that all that was required for infringement was that the system have the claimed capability, regardless of whether or not it was used). TeleCheck's accused product is certainly capable of processing checks that do not take on the status of a negotiable instrument. Therefore, this element is literally present in TeleCheck's ECA product and LML is entitled to summary judgment of infringement.

**II.    TeleCheck's Additional Arguments With Respect To Claim 16 Are Untimely And Meritless.**

TeleCheck also argues that it does not infringe claim 16 of the '988 patent, even though its system requires that all of the steps of the '988 Patent be performed, because

---

[11] However, as stated above, whether it is filled out or blank still is irrelevant because it is how the check is used, not what status it has, that is relevant to the claims.

-10-

either TeleCheck's consumers or merchants practice particular claim steps of claim 16.
However, TeleCheck has never before disclosed or made this argument, either in
discovery or in its expert reports, and thus, it should be stricken. Regardless, even
assuming TeleCheck's customers or merchants do perform one of these steps, that does
not absolve TeleCheck from infringement under the law.

      1.    TeleCheck's new non-infringement arguments should be stricken as
          untimely.

In response to LML's contention interrogatories, TeleCheck had a duty to disclose
each of their non-infringement contentions, and seasonably amend their responses. Fed.
R. Civ. P. 33, 26(e)(2) (1993 and 2000, respectively). The purpose of these rules is to
avoid "surprise" or "trial by ambush." *Transclean Corp. v. Bridgewood Servs., Inc.*, 77
F.Supp.2d 1045, 1061 (D. Minn 1999) (Rule 26(e)(2) "has a simple but important
purpose; namely, to prevent trial by ambush"), *aff'd in relevant part*, 290 F.3d 1364 (Fed.
Cir. 2002); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F.Supp. 79 (E.D.N.Y
1996) (Rule 26(e)(2) is designed to eliminate "surprise"). Despite this duty, TeleCheck
has never before disclosed these new contentions. (*See, e.g.* Ex. 17 at No. 12).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court has the authority
to preclude TeleCheck from presenting these new, undisclosed, contentions to the jury:

> A party without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), or to amend a prior
> response to discovery as required by Rule 26(e)(2), is not, unless
> such failure is harmless, permitted to use as evidence at a trial, at a
> hearing, or on a motion any witness or information not so
> disclosed.

Fed. R. Civ. P 37(c)(1) (2000). Other Courts consistently preclude such undisclosed
contentions. *Astrazenca AB v. Mutual Pharm. Co.*, 278 F.Supp.2d 491, 508 (E.D. Pa.

-11-

2003) ((precluding defendant's patent invalidity contentions based on its failure to adequately respond to plaintiff's contention interrogatory), *aff'd* 384 F.3d 1333 (Fed. Cir. 2004). *See also Transportes Aereos de Angola v. Ronair, Inc.*, 693 F.Supp. 102, 107 (D. Del 1988) (holding that defendant's failure to answer an interrogatory precluded it from arguing or introducing any evidence relating to the modification of a contract); *Guzman v. Abbott Labs.*, 61 F.Supp.2d 784, 786 (N.D. Ill. 1999) (excluding all witnesses that the plaintiff failed to disclose in an interrogatory response); ; *Knopik v. Amoco Corp.*, 2003 WL 172917, at *4 (D. Minn. 2003) (precluding claims of patent infringement and damages based on failure to adequately respond to contention interrogatories); *AMEX v. Mopex, Inc.*, 215 F.R.D. 87, 93-96 (S.D.N.Y. 2002) (precluding counterclaim of patent infringement based on failure to supplement answers to contention interrogatory). In *Astrazeneca*, as in the case at bar, plaintiffs did not raise a prior art patent as a basis for invalidity until their opposition to summary judgment and the court excluded the prior art patent invalidity defense. *Astrazenca*, 278 F.Supp.2d at 508.

Here, TeleCheck failed to identify these new non-infringement positions with respect to claim 16 until well after the close of discovery. Indeed, in its responses to LML's contention interrogatories regarding non-infringement, TeleCheck made no such disclosure. (Ex. 17, at No. 12). Moreover, in its expert report on non-infringement, TeleCheck's expert made no such argument. TeleCheck's only arguments throughout discovery, throughout expert reports and up until this point have related to the elements (1) "without using the check as a negotiable instrument" (2) for the "sole purpose" of obtaining "consumer bank account information," and (3) "any bank check." TeleCheck has never identified this "actor defense" as a non-infringement position, or even claimed

-12-

to not satisfy the elements on which it now contends it does not technically perform. These late contentions, disclosed for the first time during summary judgment briefing, should be stricken as untimely.[12]

> 2.    In any event, TeleCheck's new, untimely non-infringement defense is meritless.

Even if TeleCheck is permitted to make this untimely argument, it has no legal basis. It is well-settled that "infringement of a patented process or method cannot be avoided by having another perform one step of the process or method." *Shields v. Halliburton Co.*, 493 F.Supp. 1376, 1389 (W.D. La. 1980); *Idacon, Inc. v. Central Forest Prod., Inc.*, 3 U.S.P.Q. 2d 1079, 1092 (E.D. Okla. 1986) (same); *see also Marley Mouldings Ltd. v. Mikron Industries, Inc.*, 2003 WL 1989640, *2 (N.D.Ill., April 30, 2003); *Cordis Corp. v. Medtronic Ave, Inc.*, 194 F.Supp.2d 323, 349 (D. Del. 2002) (J. Robinson), (*remanded on other grounds 339 F. 3d 1352 (Fed. Cir. 2003)*); *Faroudja Lab., Inc. v. Dwin Electronics, Inc.*, 1999 WL 111788 *5 (N.D. Cal. Feb. 24, 1999); *Avery Dennison Corp. v. UCB Films*, 1997 WL 567799 *2 (N. D. Ill. Sept. 4, 1997); *E.I. Dupont De Nemours & Co. v. Monsanto Co.*, 903 F.Supp. 680, 734 (D. Del. 1995). Indeed, direct infringement exists even where various steps in a claim are performed by distinct persons or entities, as long as they have "some connection" to each other. *Cordis*, 194 F.Supp.2d at 349 (J. Robinson) (finding direct infringement of a method

---

[12] LML is significantly prejudiced by this late disclosure. If TeleCheck had identified this non-infringement contention during discovery, LML would certainly have taken depositions of TeleCheck's merchants and customers. LML would have certainly further examined TeleCheck's own employees regarding these elements. Since TeleCheck made no such argument, until its opposition brief, LML did not perform this discovery, and thus, is significantly prejudiced by TeleCheck's untimely disclosure.

patent relating to stents where physicians performed many of the claim steps, and manufacturer performed remaining step where "some connection" existed between the two).

**REDACTED**

Its "technicality" argument relates only to whether TeleCheck itself performs the claimed steps. As explained above, TeleCheck's argument is incorrect as a matter of law because TeleCheck has at least "some connection" with its merchants and customers, and therefore, infringes.

**REDACTED**

---

[13] The "connection" between TeleCheck, its merchants, and customers is certainly something LML would have inquired into if TeleCheck had made this argument in a timely manner during discovery. This simply highlights even further the significant prejudice suffered by LML by this late disclosure.

**REDACTED**

TeleCheck, its merchants, and its customers are intimately intertwined in TeleCheck's accused process -- they are mutually dependent.   In fact, they are contractually connected.   As such, TeleCheck's untimely argument -- even if it is not stricken -- is baseless under the law.

## CONCLUSION

For the foregoing reasons, this Court should grant LML's motion and find that TeleCheck literally infringes claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 Patent.

Dated:  November 23, 2005

_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Aaron D. Charfoos
Edward K. Runyan
Lesley G. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Plaintiff LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 1: FOR A RULING THAT TELECHECK INFRINGES CLAIMS 1, 2, 4, 5, 6, 9, 10, 11 AND 16 OF THE '988 PATENT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE  19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 1st day of December, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

                    /s/ Mary B. Matterer
                    Richard K. Herrmann (#405)
                    Mary B. Matterer (#2696)
                    MORRIS, JAMES, HITCHENS
                    & WILLIAMS LLP
                    222 Delaware Avenue, 10th Floor
                    Wilmington, Delaware 19801
                    (302) 888-6800
                    mmatterer@morrisjames.com

                    *Counsel for Plaintiff LML PATENT CORP.*