IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LML PATENT CORP. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:  04-858-SLR |
| vs. | ) | |
| | ) | |
| TELECHECK SERVICES, INC. | ) | |
| ELECTRONIC CLEARING HOUSE, INC., | ) | **PUBLIC VERSION** |
| XPRESSCHEX, INC. and | ) | |
| NOVA INFORMATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**LML'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT NO. 3:
FOR A RULING THAT DEFENDANT NOVA INFRINGES
CLAIMS 1, 2, 4, 5, 6, 9, 10, 11 AND 16 OF THE '988 PATENT**

Originally filed:  November 23, 2005
Public version filed:  December 1, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Edward K. Runyan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Counsel for LML Patent Corp.*

# TABLE OF CONTENTS

ARGUMENT IN REPLY ....................................................................................................1

    I.      Nova's Opposition is based on a number of inadmissible documents that should be stricken. .......................................................................2

           1.     The Declaration of Stephen Schutze in Support of Nova's Opposition should be stricken.....................................................2

           2.     Portions of the Declaration of Vision L. Winter in Support of Nova's Opposition should be stricken......................................5

    II.     Nova's ECS products satisfy the limitation of "without using the check as a negotiable instrument."..............................................................6

           1.     Nova's ECS products use the paper check as a source of information and it is not accepted or processed..........................6

    III.    Nova's Accused Products are "Adapted to Receive Consumer Bank Account Information From Any Bank Check" as Recited in Claim 1...........................................................................................10

    IV.    Nova's defense that Nova's ECS product does not include the step of "verifying that account numbers were accurately read at the point of sale terminal" fails to raise any triable issues of fact. .............14

    V.     Nova's defense that Nova's ECS service reads the MICR information for more than just identifying consumer bank account information fails to raise any triable issues of fact. ..............................................15

CONCLUSION..............................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Berkson v. Del Monte Corp.,*
  743 F.2d 53 (1st Cir. 1984) ........................................................................... 5

*Fowle v. C&C Cola,*
  868 F.2d 59 (3d Cir. 1988) ............................................................................. 6

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
  909 F.2d 1464 (Fed. Cir. 1990) ....................................................... 12, 13, 14

*Intel Corp. v. ITC,*
  946 F.2d 821 (Fed. Cir. 1991) ...................................................................... 14

*Key Pharms. Inc. v. Hercon Labs. Corp.,*
  981 F. Supp. 299 (D. Del. 1997) .................................................................. 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) ............................................................................ 1, 2, 16

*Philips Elecs. N. Am. v. Contec Corp.,*
  No. Civ. A. 02-123-KAJ, 2004 WL 769371 (D. Del. April 5, 2004) ........... 4, 5, 10

*Philips v. AWH Corp.,*
  415 F.3d 1303 (Fed. Cir. 2005) ..................................................................... 6

*Thorn EMI North America v. Intel Corp.,*
  936 F. Supp. 1186 (D. Del. 1996) .............................................................. 2, 5

**Statutes**

12 C.F.R. Part 205 ............................................................................................. 8

15 U.S.C. 1693 .................................................................................................. 8

**Other Authorities**

12 C.F.R. Part 205 Regulation E Official Staff Interpretation Section 205.3(b) ................ 8

Uniform Commercial Code § 4A-102 ............................................................... 9

Uniform Commercial Code § 4A-108 ............................................................... 9

**Rules**

Fed. R. Civ. P. 26(a)(2) ................................................................................ 3

Fed. R. Civ. P. 26(e)(2) ............................................................................ 5, 10

Fed. R. Civ. P. 37(c)(1) .............................................................................. 10

Fed. R. Civ. P. 56(c) .................................................................................... 2

Fed. R. Civ. P. 56(e) .................................................................................... 6

Fed. R. Evid. 401 ......................................................................................... 6

Fed. R. Evid. 402 ......................................................................................... 6

Fed. R. Evid. 701 ......................................................................................... 3

Fed. R. Evid. 801 ......................................................................................... 6

### ARGUMENT IN REPLY

LML's Motion for Summary Judgment No. 3 demonstrated that there was no issue of material fact that Nova's ECS Product infringes claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 of the '988 Patent.[1] Nova's Opposition fails to raise any issue of material fact to rebut the proof set forth in LML's Opening Brief. Nova argues that it uses the check as a negotiable instrument and that its terminals are not adapted to receive any bank check.[2] But these arguments are based on inadmissible evidence that this Court should strike, flawed interpretations of the law that this Court should not accept, and blatant misrepresentations from Nova's own documents and employees' deposition testimony this Court should not tolerate. Nova also repeatedly argues that it does not infringe under Defendants' proposed constructions. However, LML's Opening Brief relied exclusively on LML's proposed constructions, not Defendants', and under LML's proper construction Nova infringes. Thus when Nova's smoke screen is blown away, there are no genuine issues of material fact and summary judgment should be granted that Nova's ECS product infringes the asserted claims.

---

[1] Citations to LML's Memorandum in Support of Its Motion for Summary Judgment No. 3: That Nova Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 will be to "LML's Opening Brief"; exhibits attached to the Declaration of Aaron Charfoos in Support of LML's Motion for Summary Judgment No. 3 will be to "Ex. ___"; Nova's Answering Brief in Opposition will be to "Nova Opp."; Citations to the Declaration of Vision L. Winter in Support of Nova's Response to Motion for Summary Judgment No. 3 will be to "Winter Ex. ___"; and exhibits attached to LML's Reply in Support of Its Motion for Summary Judgment No. 3: That Nova Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11 and 16 will be to "Reply Ex. ___".

[2] Because Nova has failed to even argue that there are any issues of material fact with the remaining elements, Nova concedes that these elements are literally present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

-1-

## I.   Nova's Opposition Is Based On A Number Of Inadmissible Documents That Should Be Stricken.

Nova's Opposition is flawed in the first instance because it is based, in large part, on inadmissible evidence that does not serve to raise a triable issue of fact.  Once LML has demonstrated the absence of a genuine issue of material fact—as its Motion for Summary Judgment No. 3 has done—Nova "must do more than simply show that there is some metaphysical doubt as to the material facts . . ." the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(c)).  These specific facts must be admissible at trial, which much of Nova's evidence is not.  *Thorn EMI North America v. Intel Corp.*, 936 F. Supp. 1186, 1199 (D. Del. 1996) (summary judgment only appropriate "when the ***evidence admissible at trial*** fails to demonstrate a genuine issue of material fact.") (emphasis added).

    1.   The Declaration of Stephen Schutze in support of Nova's Opposition should be stricken.

        a)   Mr. Schutze's declaration should be stricken because he is not qualified to render the opinions it contains.[3]

### REDACTED

---

[3] LML's *Daubert* Motion No. 2, pending simultaneously herewith, explains in detail why the opinions of Mr. Schutze do not pass muster under Rule 702 or *Daubert* and should, therefore, be excluded.

**REDACTED**

     b)    Mr. Schutze's declaration should be stricken because it relies on
             documents not timely produced.

Mr. Schutze's declaration relies on documents that were not timely produced to LML during discovery.  Specifically, Mr. Schutze's declaration and "test" rely solely on documents (*i.e.* foreign checks) that were not produced to LML until after expert reports were submitted.  This fact, in and of itself, mandates that Mr. Schutze's declaration, and alleged "testing," should be stricken.

Document production in this case ended on March 5, 2005. (McDole Decl. at ¶ 2). At Defendants' request, the Court agreed to extend the deadline to April 5, 2005, but

---

[4] Similarly, the declaration of Amy W. Gutierrez in support of Nova's Opposition should be stricken as improper lay opinion.  LML objects to her declaration to the extent it contains improper lay opinions and inferences based on scientific, technical, or other specialized knowledge that would be within the scope of expert testimony in violation of Rule 701 of the Federal Rules of Evidence.  Ms. Gutierrez was not disclosed as an expert pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and should not be permitted to offer expert testimony.

stated "if document production isn't completed by April 5th, we'll start talking about sanctions." (*Id.*)  Fact discovery closed on July 16, 2005. (*Id.*)  Yet, Nova failed to produce the foreign checks it gave to Mr. Schutze to run his alleged "tests" until September 23, 2005—well after the close of document production in the case and after all expert reports had been submitted.[5]  (Reply Ex. B, Letter from Patricia Szabo to Aaron Charfoos; McDole Decl. at ¶ 6).  Now, Nova attempts to rely heavily on these late-produced documents and alleged "tests" in its non-infringement arguments.  Indeed, paragraphs 9-17 of Mr. Schutze's declaration describe his experience running the late-produced foreign checks through one of Nova's point of sale terminal/MICR reader combinations.

## REDACTED

There is simply no excuse for Defendants' failure to produce these documents during discovery.  Defendants should not be permitted to benefit from their violation of discovery rules, and as such, paragraphs 9-17 of Mr. Schutze's declaration, along with any alleged "test" conducted with these checks should be stricken. *Philips Elecs. N. Am. v. Contec Corp.*, No. Civ. A. 02-123-KAJ, 2004 WL 769371, at *1 (D. Del. April 5, 2004) (granting motion to exclude untimely produced documents where the documents came forward after the close of discovery).

---

[5] Because of Defendants' delay in producing the checks, LML was denied the opportunity to perform tests of its own on such checks.

-4-

2.      Portions of the declaration of Vision L. Winter in support of Nova's Opposition should be stricken.

This Court should strike exhibits D, H and I to the declaration of Vision L. Winter in support of Nova's opposition. First, Nova's Opposition improperly incorporates by reference Nova's *entire* Motion for Summary Judgment of Non-Infringement at Winter Exhibit D. (Winter Ex. D; Nova Opp. at 8 FN 12). Incorporating Nova's motion by reference and including it as an exhibit is improper because it is inadmissible hearsay and violates Fed. R. Civ. P. 56(e). Fed. R. Civ. Pr. 56(3); *Berkson v. Del Monte Corp.*, 743 F.2d 53, 56 fn2 (1st Cir. 1984) (attempt to incorporate pleadings by reference is "blatantly improper under Fed. R. Civ. P. 56(e)).

Second, Winter exhibit H to Nova's motion, a document giving an overview of the RDM EC6000i, is not evidence that Nova can rely on or that can be considered because it had never been produced to LML (as evidenced by its lack of Bates numbers), despite being responsive to LML's document requests, in violation of Rule 26(e)(2). (McDole Decl. at ¶¶ 3-5). As such, Nova should not be permitted to use this information at a trial, a hearing, or in support of its motion. Fed. R. Civ. Pro. 37(c)(1); *see Philips Elecs.*, 2004 WL 769371, at *1 (granting motion to exclude untimely produced documents).

Finally, LML objects to the inclusion of the entire expert report of Stephen A. Schutze as an exhibit in support of Nova's Opposition. (Winter Ex. I.) Summary judgment is only appropriate "when the ***evidence admissible at trial*** fails to demonstrate a genuine issue of material fact." *Thorn*, 936 F. Supp. at 1199 (emphasis added). However, Nova has merely included the report of its expert, not an expert declaration. This expert report should be stricken not only because it is inadmissible hearsay and

improper expert testimony, but also because it violates the clear dictates of Federal Rule of Civil Procedure 56(e) which requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (1987). The Third Circuit has previously excluded an expert report based on Rule 56(e) because the report was merely attached to an attorney's declaration, "[t]he substance of this report was not sworn to by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment." *Fowle v. C&C Cola*, 868 F.2d 59, 67 (3d Cir. 1988).

## II.     Nova's ECS Products Satisfy The Limitation Of "Without Using The Check As A Negotiable Instrument."

1.     Nova's ECS products use the paper check as a source of information and it is not accepted or processed.

As discussed in LML's Opening Brief, Nova ECS products satisfy the "without using the check as a negotiable instrument" claim element because "the paper check is used as a source of information, and is not accepted or processed." (LML's Opening Brief at 14-16).[6] Nova's own documents and the testimony of its employees confirm that Nova does not use the check as a negotiable instrument in its ECS products at all.[7] For

---

[6] Nova's reliance on two opinions relating to the '988 Patent to either attack LML's claim construction or establish a non-infringement position are inappropriate. (Winter Exs. S and O). These documents are not admissible evidence, and LML objects to such exhibits, as they are hearsay under Federal Rule of Evidence 801. Moreover, LML objects to these documents under Federal Rules 401 and 402, and on these bases, they should be stricken. Finally, to the extent that they are being used to support Defendants' claim constructions, they are inappropriate extrinsic evidence. *Philips v. AWH Corp.*, 415 F.3d 1303, 1318-9 (Fed. Cir. 2005).

[7]     **REDACTED**

example,

**REDACTED**

---

8   **REDACTED**

Moreover, electronic funds transfers, such as those effectuated by Nova's ECS products are prohibited from using the check as a negotiable instrument by federal law. These transactions are governed by the Electronic Funds Transfer Act of 1978 and Federal Regulation E, not the U.C.C. as ECHO claims. 15 U.S.C. 1693 *et seq*. and 12 C.F.R. Part 205, respectively.    In these ACH transactions, a check may be used to effectuate an electronic funds transfer through the ACH network only if it is merely a source of information relating to the consumer's bank account—*i.e.* not used as a negotiable instrument.    For example, the Official Staff Interpretation of Federal Regulation E, Section 205.3(b), states that although funds transfers initiated by checks are generally excluded from ACH transactions, electronic fund transfers under Regulation E do include:

> A transfer via ACH where the consumer has ***provided a check to enable the merchant or other payee to capture the routing, account, and serial numbers to initiate the transfer, whether the check is blank, partially completed, or fully completed and signed***; whether mailed to a merchant or other payee or lockbox and later converted to an EFT; or whether the check is retained by the consumer, merchant, or other payee or the payee's financial institution.

12 C.F.R. Part 205 Regulation E Official Staff Interpretation Section 205.3(b) (emphasis added).[9]    However, Federal Regulation E specifically ***excludes*** checks.    12 C.F.R. 205.3(c) ("<u>Exclusion from coverage</u>. . . <u>Checks</u>.  Any transfer of funds originated by check, draft or similar paper instrument . . .") (emphasis in original).  As LML discussed

---

[9] Indeed, this is entirely consistent with the claim language "without using the check as a negotiable instrument" which is agnostic as to whether the check *is* a negotiable instrument but focuses on how it is used. (Ex. 1 at claim 1).

in its Opening Brief, this is entirely consistent with the NACHA Rules and Regulations. (LML's Opening Brief at 4-6; Ex. 4 Larimer Dep. at 42-54, 63-4, and 68).[10]

Conversely, funds transfers that are initiated by using a check as a negotiable instrument are governed by check law and the U.C.C. (*See, e.g.*, 12 C.F.R. Part 205.3(c)(1) and U.C.C. Article 4A). In fact, the Uniform Commercial Code Article 4A "Funds Transfers" specifically details how funds transfers effectuated by checks proceed. *See generally*, Uniform Commercial Code § 4A-102. This section specifically excludes any transaction governed, in whole or in part, by the Electronic Funds Transfer Act of 1978. (Uniform Commercial Code § 4A-108 ("This Article does not apply to a funds transfer any part of which is governed by the Electronic Funds Transfer Act of 1978 . . .")). Thus, a check used as a negotiable instrument—not just a source of information— falls under the U.C.C. and is never eligible for an electronic funds transfer under the Electronic Funds Transfer Act of 1978. This is consistent with the NACHA Guidelines that clearly state that the check must be used as a source document in order to avoid the check ever being used as a negotiable instrument. (Ex. 3 at LML-EP-055765). Because Nova's ECS products effectuate a funds transfer under the Electronic Funds Transfer Act and Federal Regulation E, there is no genuine issue of material fact that this element is literally present in ECHO's ECS products.

---

[10] Contrary to Nova's argument, LML is not advancing a new claim construction based on the NACHA Rules and Guidelines. (Nova's Opp. at 10-11). LML includes the NACHA Rules and Guidelines, as well as Federal Regulation E and the Electronic Funds Transfer Act of 1978, because compliance with these rules requires that the claim element is satisfied.

**III.    Nova's Accused Products Are "Adapted To Receive Consumer Bank Account Information From Any Bank Check" As Recited In Claim 1.**

**REDACTED**

---

[11] As explained in LML's claim construction briefing, the applicants during prosecution of the '988 patent expressly stated that their invention related to any "regular check" drawn on a "normal" checking account. Nova's effort to include foreign checks with non-magnetic and foreign fonts is simply not something the applicants intended their invention to cover. Indeed, the '988 patent specifically eliminates such foreign checks, stating "The system is designed to act with the *national* authorization and electronic settlement network know as the ACH system. (Ex. 1 to Opening Br. at 3:19-21 (emphasis added)).

[12]

**REDACTED**

**REDACTED**

---

**REDACTED**

-11-

**REDACTED**

---

14    **REDACTED**

**REDACTED**

---

**REDACTED**

-13-

**REDACTED**

IV.   **Nova's Defense That Nova's ECS Product Does Not Include The Step Of "Verifying That Account Numbers Were Accurately Read At The Point Of Sale Terminal" Fails To Raise Any Triable Issues Of Fact.**

**REDACTED**

---

15

**REDACTED**

*Intel*, 946 F.2d at 832; *see also Key Pharms*, 981 F. Supp. at 310.   Nova's point of sale terminals are technically "*adapted to receive*" consumer bank account information from any bank check as required by claim 1.   **REDACTED**

-14-

**REDACTED**

However, nothing in the '988 Patent or LML's construction requires that there be a comparison between two separate reads. Moreover, the dictionary definition relied upon by Nova does not support importing such a requirement into the claim language. (Nova's Opp. at 18 FN 33 (verify is defined as "to establish the truth, accuracy, reality of.")). Nova then goes on to conclude that it does not infringe based on this revised LML construction.

However, Nova's point of sale terminals do check to see if the MICR information read off the check is accurate (*i.e.* not misread) and will prompt the merchant to re-enter the check a second time if an error is detected. (Ex. 2 Tinkel Decl. ¶¶ 69-70). Moreover, the check reader used in Nova's accused product "optically reads the MICR line as a backup to the magnetic read" for "maximum recognition, performance and accuracy." (Winter Exs. G and H). Therefore, there is no triable issue of fact that Nova does not infringe under LML's construction.

## V.  Nova's Defense That Nova's ECS Service Reads The MICR Information For More Than Just Identifying Consumer Bank Account Information Fails To Raise Any Triable Issues of Fact.

In defending against LML's Opening Brief on the "sole purpose" limitation of claims 2, 8, 9, 10, 11 and 16, Nova first argues that LML's proposed claim construction is wrong and then concludes that it does not infringe under Defendants' proposed construction.    (Nova's Opposition at 20-23).   However, LML did not assert in its Opening Brief that Nova infringed under Defendants' proposed construction of these terms. Because Nova fails to raise any triable issue of fact regarding infringement under

LML's construction, LML is entitled to summary judgment on this element. *Matsushita*, 475 U.S. at 586-87.

## CONCLUSION

For the foregoing reasons, this Court should grant LML's motion and find that Nova literally infringes claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 Patent.

Dated:  November 23, 2005

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
Aaron D. Charfoos
Edward K. Runyan
Lesley G. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Plaintiff LML Patent Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF LML'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 3: FOR A RULING THAT DEFENDANT NOVA INFRINGES CLAIMS 1, 2, 4, 5, 6, 9, 10, 11 AND 16 OF THE '988 PATENT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 1st day of December, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

_/s/ Mary B. Matterer_
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

_Counsel for Plaintiff LML PATENT CORP._