IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> TELECHECK SERVICES, INC., ELECTRONIC CLEARING HOUSE, INC., XPRESSCHEX, INC. and NOVA INFORMATION SYSTEMS, INC., <br><br> Defendants. | C.A. 04-858 (SLR) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO FILE AND SET BRIEFING SCHEDULE REGARDING
SUMMARY JUDGMENT OF INDEFINITENESS**


William J. Marsden (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
FISH & RICHARDSON P.C
919 N. Market Street, Suite 1100
Wilmington, DE  19899-1114

*Attorneys for TeleCheck Services, Inc*

Collins J. Seitz, Jr. (#2237)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19801

*Attorney for Electronic Clearing House, Inc.
and XpressChex, Inc.*

Richard D. Kirk (#922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

*Attorney for Nova Information Systems, Inc.*

Dated:  December 7, 2005

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. DISCUSSION ........................................................................................................1

    A.    Defendants Motion Seeking Leave Is Justified by the Recent Decision of the Federal Circuit ........................................................1

    B.    Defendants' Motion Has Substantive Merit as Supported by the Prosecution History and Claim Constructions Advocated by Both Sides ............................................................................2

III. CONCLUSION .....................................................................................................4

**TABLE OF AUTHORITIES**

            **Page**

**CASES**

*3D System, Inc. v. Aarotech Laboratoriess, Inc.*,
   160 F.3d 1373 (Fed. Cir. 1998)..................................................................................................1

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989).....................................................................................................................1

*Dethmers Manufacturing Co. v. Automatic Equip. Manufacturing Co.*,
   299 F. Supp. 2d 903 (N.D. Iowa 2004).......................................................................................2

*IPXL Holdings, LLC v. Amazon.Com, Inc.*
   2005 WL. 3097877 (Fed. Cir. Nov. 21, 2005).............................................................................1

*IPXL Holdings, L.L.C. v. Amazon.Com, Inc.*,
   333 F. Supp. 2d 513 (E.D. Va. 2004) .....................................................................................2, 3

*Noelle v. Lederman*,
   355 F.3d 1343 (Fed. Cir. 2004)...................................................................................................1

*Phillips Petroleum Co. v. U.S. Steel Corp.*,
   604 F. Supp. 555 (D. Del. 1985).................................................................................................2

*Regents Of University Of NM v. Knight*,
   321 F.3d 1111 (Fed. Cir 2003)....................................................................................................1

**STATUTES**

28 U.S.C. § 1295.............................................................................................................................2

I.   **INTRODUCTION**

Defendants submit this reply brief in support of its Motion for Leave to File and Set Briefing Schedule Regarding Defendants' Motion for Summary Judgment of Indefiniteness, filed November 30, 2005 (D.I. 516, 517). Plaintiff LML filed its answering brief in opposition to Defendants' motion on December 5, 2005 (D.I. 530).

II.   **DISCUSSION**

   A.   **Defendants Motion Seeking Leave Is Justified by the Recent Decision of the Federal Circuit**

As set forth in Defendants' Opening Brief, the Federal Circuit's recent decision in *IPXL Holdings, LLC v. Amazon.Com, Inc.* gave rise to the additional basis for summary judgment of invalidity now sought by Defendants. LML argues in its Opposition that the basis upon which Defendants seek to file an additional summary judgment motion is "well-settled law." An issue of law involving the validity of a patent cannot be said to be "well-settled" before it is even considered by the Federal Circuit, which has exclusive jurisdiction over the appeal of patent cases. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 142 (1989); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998).

As the Federal Circuit stated in *IPXL*, "[w]hether a single claim covering both an apparatus and a method of use of that apparatus is invalid is ***an issue of first impression*** in this court." 2005 WL 3097877 at *7 (Fed. Cir. Nov. 21, 2005) (emphasis added). When acknowledging that "the rule [concluding invalidity for claims covering both an apparatus and a method] is well recognized," the Federal Circuit cites the Manual of Patent Examining Procedure ("MPEP"), a treatise on patent claim drafting, and a decision of the PTO's Board of Patent Appeals and Interferences.

These other sources, while potentially persuasive, are not law and not binding on any particular court. *See Regents Of Univ. Of NM v. Knight*, 321 F.3d 1111, 1121 (Fed. Cir 2003) ("The MPEP sets forth PTO procedures; it is not a statement of law."); *Noelle*

*v. Lederman*, 355 F.3d 1343, 1350 (Fed. Cir. 2004) (noting a party's reliance on cited case was misplaced because it was "a decision from the Board of Patent Appeals and Interferences which may be persuasive but it is not binding precedent on this court"); *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.,* 299 F. Supp. 2d 903, 920 (N.D. Iowa 2004) (*citing* 28 U.S.C. § 1295). ("The Federal Circuit Court of Appeals has exclusive jurisdiction over appeals in patent decisions, and thus states 'controlling authority' for patent law issues, at least in the absence of intervention by the Supreme Court.")

Further, LML claims that "numerous courts" addressed this same issue long ago. In fact, of the decisions LML cites for that proposition, the only one issued by a court was the district court *IPXL* case leading to the Federal Circuit decision cited by Defendants. *See IPXL Holdings, L.L.C. v. Amazon.Com, Inc.*, 333 F. Supp. 2d 513 (E.D. Va. 2004). The other decisions cited by LML were from the PTO's Board of Patent Appeals and Interferences, which is not binding authority. *See Phillips Petroleum Co. v. U.S. Steel Corp.,* 604 F. Supp. 555, 568 n. 40 (D. Del. 1985) (describing a decision from the Board of Patent Appeals and Interferences as having "no precedential value").

      **B.**    **Defendants' Motion Has Substantive Merit as Supported by the Prosecution History and Claim Constructions Advocated by Both Sides**

LML seeks to rely on the fact that because the claim is written in means-plus-function format, the Applicants were permitted to claim both a system and a method of using that system. This assertion is directly contradicted by *IPXL* itself, which involved a means-plus-function claim. When quoting the text of dependent claim 25 (the claim at issue in *IPXL*), the Federal Circuit expressly included bracketed language identifying a relevant "input means" recited in claim 2, from which claim 25 depended:

> Claim 25 recites both the system of claim 2 and a method for using that system. The claim reads:
>
> The system of claim 2 *[including an input means]* wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and the user uses the

> *input means* to either change the predicted transaction information or accept the displayed transaction type and transaction parameters.

*IPXL Holdings, LLC.,* 333 F. Supp. 2d at 518 (bracketed language present in *IPXL* text, emphasis added). As such, LML's attempt to distinguish *IPXL* from the claims at issue has no merit, because the Federal Circuit considered a claim that included a means-plus-function element.

Moreover, the "method" nature of the phrase "without using the check as a negotiable instrument" has been emphasized by LML throughout its claim construction and summary judgment briefing. For example, LML argued that this claim language is "agnostic as to whether the check is a negotiable instrument, but *focuses on how it is used*." (D.I. 489 at 4 n.4 (emphasis added)). Infringement under LML's construction of this phrase depends on whether the check is "accepted" or "processed." (D.I. 281.) Indeed, part of LML's purported "proof" of infringement for this limitation is that the check is handed back to the consumer. (*See* D.I. 313 at 21.)

Defendants' motion for leave is neither futile nor baseless. The motion for leave is justified by a Federal Circuit ruling of first impression, decided less than a month ago. This substantive basis for an additional summary judgment motion is further supported by the similarity in the claims at issue here and the claim invalidated in *IPXL*. The controlling law now makes clear that such claims are invalid for indefiniteness.

3

**III. CONCLUSION**

For of the reasons set forth above, Defendants' Motion should be granted.

Dated: December 7, 2005

FISH & RICHARDSON P.C.

By: */s/ Timothy Devlin*
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801

*Attorneys for Defendant TeleCheck Services, Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

By: */s/ Colin Seitz*
Colin Seitz (I.D. No. 2237)
Francis DiGiovanni (#3189)
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
cjs@cblh.com

*Attorney for Defendants Electronic Clearing House, Inc. and Xpresshex, Inc.*

THE BAYARD FIRM

By: */s/ Richard D.Kirk*
Richard D. Kirk (I.D. No. 922)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
302.429.4208
rkirk@bayardfirm.com

*Attorney for Defendant
NOVA Information Systems, Inc*

80028386.doc

4

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2005, I electronically filed the DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AND SET BRIEFING SCHEDULE REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard K. Herrmann, Esq.  
Morris, James Hitchens & Williams LLP  
222 Delaware Avenue, 10th Floor  
Wilmington, DE  19899

Richard D. Kirk, Esq.  
The Bayard Firm  
222 Delaware Avenue, Suite 900  
Wilmington, DE  19801

Collins J. Seitz, Jr., Esq.  
Connolly Bove Lodge & Hutz LLP  
The Nemours Building  
1007 North Orange Street  
P.O. Box 2207  
Wilmington, DE  19801

Additionally, I hereby certify that on the 7th day of December, the foregoing document was served via email on the following non-registered participants.

Robert Jacobs, Esq.  
Belasco Jacobs & Townsley, LLP  
Howard Hughes Center  
6100 Center Drive, Suite 630  
Los Angeles, CA  90045

Mark C. Scarsi, Esq.  
O'Melveny & Myers LLP  
400 S Hope Street  
Los Angeles, CA 90071

Russell E. Levine, Esq.  
Kirkland & Ellis LLP  
200 E. Randolph Dr.  
Chicago, IL 60601

                                      */s/ Timothy Devlin*  
                                      Timothy Devlin

80028386.doc