IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                               )
                                                )
            Plaintiff,                          )    Civil Action No.:  04-858-SLR
      vs.                                       )
                                                )
TELECHECK SERVICES, INC.                        )
ELECTRONIC CLEARING HOUSE, INC.,                )    **PUBLIC VERSION**
XPRESSCHEX, INC. and                            )
NOVA INFORMATION SYSTEMS, INC.,                 )
                                                )
            Defendants.                         )
                                                )
_____        )

**PLAINTIFF LML PATENT CORP.'S MOTION TO STRIKE THE THIRD
SUPPLEMENT TO EXPERT REPORT OF DAVID P. KURRASCH
REGARDING THE ISSUES OF NON-INFRINGEMENT AND INVALIDITY**

Originally filed:  December 23, 2005
Public version filed:  December 30, 2005

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Counsel for LML Patent Corp.*

Plaintiff LML hereby moves the Court for an order striking the untimely contentions raised in the Third Supplement to Expert Report of David. P. Kurrasch Regarding the Issues of Non-Infringement and Invalidity (the "Third Supplemental Report"). This Third Supplemental Report was served after the close of business on December 16, 2005 -- the last business day before the oral argument on claim construction and summary judgment.[1] It contains: 1) new opinions on LML's proposed claim constructions (Ex. A at ¶¶ 5-9); 2) new opinions opining for the first time that TeleCheck does not infringe under LML's constructions (*Id.* at ¶¶ 10-18, 22-23); 3) new opinions regarding the alleged indefiniteness of the '988 patent under LML's constructions (*Id.* at ¶¶ 19-21, 24-25); and 4) new opinions regarding a new defense that claims of the '988 patent are allegedly drawn to both a method and an apparatus (*Id.* at ¶¶ 26-27).

Courts have wide discretion under Rules 16(f) and 37(b)(2)(B) to sanction a party for failure to comply with the Court's Scheduling Order by "prohibiting that party from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(B). The Third Circuit has approved exclusions of untimely filed expert reports, particularly in cases like this where the party submitting the untimely evidence has acted without justification and in bad faith and the opposing party suffers prejudice as a result. *See e.g.*, *Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1380-81 (Fed. Cir. 2005) (applying Third Circuit law to affirm District of Delaware's decision to exclude a supplemental expert report filed with no justification after the close of discovery and the deadline for filing dispositive motions); *In re TMI Litigation*, 193 F.3d 613, 721-22 (3d Cir. 1999) (affirming district court's exclusion of an expert report that was untimely filed with no justification).

---

[1] The Third Supplemental Report is attached hereto as Exhibit A.

The Amended Scheduling Order entered in this case required that opening expert reports be exchanged on August 12, 2005 and that rebuttal reports be exchanged on September 2, 2005.[2] (Ex. B). Expert discovery ended on September 30, 2005 and opening claim construction briefs were due on October 7, 2005. (Ex. C). Thus, as of October 7, 2005, Defendants were aware of LML's proposed claim constructions. Defendants, therefore, have no excuse—nor do they offer one—for violating this Court's Scheduling Order and waiting *over two months* after LML disclosed its proposed claim constructions to submit Mr. Kurrasch's Third Supplemental Report which consists almost entirely of opinions based on these constructions.[3]    Furthermore, Defendants served the Third Supplemental Report *over three weeks* after the completion of summary judgment briefing after business hours on the eve of the *Markman* hearing.

LML would be substantially prejudiced by the allowance of Mr. Kurrasch's Third Supplemental Report.  Not only are both fact and expert discovery (including expert depositions) closed in this case, but claim construction and summary judgment briefing are also completed. LML is now preparing for trial, and in doing so, should not have to divert its time and resources to Defendants' efforts to add/change their contentions, not to mention the entire landscape of this case.  Moreover, Defendants' untimely supplement is further exacerbated by the fact that they decided to serve this supplemental expert report after the close of business hours on the business

---

[2] The Amended Scheduling Order did allow supplementation of expert reports, but only as *required as a result of the deposition of Robert R. Hills* with such supplements due on September 6, 2005. (Ex. B).

[3] The only contentions in Mr. Kurrasch's Third Supplemental Report that are not based on LML's claim constructions is Mr. Kurrasch's opinion that claims of the '988 patent are invalid as being drawn to both a method and an apparatus. (Ex. A at ¶¶26-27).  However, these contentions are also untimely.  Although Mr. Kurrasch states that his opinion on this issue is linked to the Federal Circuit's holding in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, LML explained in detail in its Opposition to Defendants' Motion for Leave to File and Set Briefing Schedule Regarding Defendants' Motion for Summary Judgment of Indefiniteness (Dkt. No. 530) that this indefiniteness defense is untimely since the *IPXL* holding is based on well-settled law and is no justification for Defendants' failure to raise this defense during discovery.  For this same reason, Mr. Kurrasch's opinions on this defense are also untimely and should be excluded.

day before the *Markman* hearing in this case -- this is not a coincidence, but instead gamesmanship that should not be permitted.

## CONCLUSION

For the foregoing reasons, the Third Supplement To The Expert Report of David. P. Kurrasch Regarding the Issues of Non-Infringement and Invalidity should be stricken.

Dated:  December 23, 2005

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Attorneys for LML Patent Corp.*

# EXHIBIT   A

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT  B

## Hadley, Susan C.

| | |
|---|---|
| **From:** | Herrmann, Richard K. |
| **Sent:** | Thursday, July 28, 2005 2:21 PM |
| **To:** | Hadley, Susan C. |
| **Subject:** | FW: Activity in Case 1:04-cv-00858-SLR LML Patent Corp. v. Telecheck Services, et al "SO ORDERED" |

---

**From:** ded_nefreply@ded.uscourts.gov[SMTP:DED_NEFREPLY@DED.USCOURTS.GOV]
**Sent:** Thursday, July 28, 2005 2:21:25 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00858-SLR LML Patent Corp. v. Telecheck Services, et al "SO ORDERED"
**Auto forwarded by a Rule**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from rld, entered on 7/28/2005 at 2:21 PM EDT and filed on 7/28/2005

| | |
|---|---|
| **Case Name:** | LML Patent Corp. v. Telecheck Services, et al |
| **Case Number:** | 1:04-cv-858 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
SO ORDERED, re [243] Stipulation filed by Telecheck Services, Inc.,, LML Patent Corp.,, Electronic Clearing House, Inc.,, Xpresschex Inc.,, Nova Information Systems, Inc.: Expert Reports due 8/12/05; Suppl. re R. Hills due 9/6/05; Rebuttal Expert Reports due 9/16/05; Deposition of R. Hills set for 8/25-27/05. Signed by Judge Sue L. Robinson on 7/28/05. (rld, )

The following document(s) are associated with this transaction:

**1:04-cv-858 Notice will be electronically mailed to:**

Timothy Devlin    tdevlin@fr.com, manis@fr.com

Francis DiGiovanni    fdigiovanni@cblh.com, sfaulk@cblh.com

Tara D. Elliott    elliott@fr.com, kilby@fr.com;wsd@fr.com

7/28/2005

Richard K. Herrmann    rherrmann@morrisjames.com,

Richard D. Kirk    bankserve@bayardfirm.com, rkirk@bayardfirm.com

William J. Marsden , Jr    marsden@fr.com, manis@fr.com;wsd@fr.com;sub@fr.com;kilby@fr.com

**1:04-cv-858 Notice will be delivered by other means to:**

7/28/2005

CM/ECF LIVE - U.S. District Court:ded                                          Page 1 of 1

## Other Documents
1:04-cv-00858-SLR LML Patent Corp. v. Telecheck Services, et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Herrmann, Richard entered on 7/25/2005 at 1:47 PM EDT
and filed on 7/25/2005
**Case Name:**      LML Patent Corp. v. Telecheck Services, et al
**Case Number:**    1:04-cv-858
**Filer:**          Telecheck Services, Inc.
                    LML Patent Corp.
                    Electronic Clearing House, Inc.
                    Xpresschex Inc.
                    Nova Information Systems, Inc.
**Document Number:** 243

**Docket Text:**
STIPULATION to Amend Scheduling Order re [35] Order,,,,,,,,,,,,,,,,,,,,,,,,,, by LML Patent Corp.,
Telecheck Services, Inc., Electronic Clearing House, Inc., Xpresschex Inc., Nova Information Systems,
Inc.. (Herrmann, Richard)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/25/2005] [FileNumber=74096-0]
[5d2eff8e7e2578e7c50385f9fcbe683932003087eca0469b47ae0851c256fe183d8dc
d34c6af2212bb9b3fd22cdfe1de2dac761ce3d9e049ed9ed9b3a9081747]]

**1:04-cv-858 Notice will be electronically mailed to:**

Timothy Devlin    tdevlin@fr.com, manis@fr.com

Francis DiGiovanni    fdigiovanni@cblh.com, sfaulk@cblh.com

Richard K. Herrmann    rherrmann@morrisjames.com,

Richard D. Kirk    bankserve@bayardfirm.com, rkirk@bayardfirm.com

William J. Marsden , Jr    marsden@fr.com, manis@fr.com;wsd@fr.com;sub@fr.com;kilby@fr.com

**1:04-cv-858 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LML PATENT CORP.,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     Civil Action No. 04-858 SLR
                                     )
TELECHECK SERVICES, INC.,            )
ELECTRONIC CLEARING HOUSE, INC.,     )
XPRESSCHEX, INC., and                )
NOVA INFORMATION SYSTEMS, INC.,      )
                                     )
          Defendants.                )

_____

## STIPULATION AND ORDER TO AMEND SCHEDULING ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the

Court, that the October 22, 2004 Scheduling Order is amended as follows:

2(c):  Expert discovery shall be completed by September 30, 2005.

> (1)     Expert reports on issues for which the Parties have the burden of proof are
> due August 12, 2005.  Supplementations of opening expert reports required as a
> result of the deposition of Robert R. Hills are due September 6, 2005.
>
> (2)     Rebuttal expert reports are due September 16, 2005.

(g)     The deposition of Robert R. Hills will take place on August 25, 26 and 27, 2005,
per the agreement of the parties and Mr. Hills.

All other deadlines as set forth in the Court's October 22, 2004 Scheduling Order shall

remain in full force and effect.

/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Counsel for Plaintiff*
*LML Patent Corp.*

/s/ Timothy Devlin
William J. Marsden, Jr. (I.D. No. 2247)
Timothy Devlin (I.D. No. 4241)
Sean Hayes (I.D. No. 4413)
FISH & RICHARDSON
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
302.652.5070
marsden@fr.com
hayes@fr.com

*Counsel for Defendant*
*TeleCheck Services, Inc.*

/s/ Francis DiGiovanni
Francis DiGiovanni (I.D. No. 3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
fdigiovanni@cblh.com

*Counsel for Defendants*
*Electronic Clearing House, Inc.*
*and Xpresschex, Inc.*

/s/ Richard D. Kirk
Richard D. Kirk (I.D. No. 922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
302.429.4208
rkirk@bayardfirm.com

*Counsel for Defendant*
*NOVA Information Systems, Inc.*

**SO ORDERED** this _____ day of _____, 2005.

_____
Judge Sue L. Robinson

# EXHIBIT   C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

(35)

**RECEIVED**

**OCT 2 5 2004**

**BLANK ROME**

|  |  |  |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-858 SLR |
| | ) | |
| TELECHECK SERVICES, INC., | ) | |
| ELECTRONIC CLEARING HOUSE, INC., | ) | |
| XPRESSCHEX, INC., and | ) | |
| NOVA INFORMATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SCHEDULING ORDER

This ᵈᵘ day of October, 2004, the Parties having satisfied their obligations under Fed. R.

Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed.

R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures:**  The Parties exchanged the information required by

Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 on October 19, 2004.  On October 19, 2004, LML

produced to Defendants, along with its initial disclosures, an initial set of production documents.

2.  **Discovery:**

(a)  The Parties anticipate requiring discovery from each other and third
parties to support their claims, affirmative defenses, and/or counterclaims,
including discovery regarding LML's claims of infringement, willfulness
and damages, and Defendants' claims of invalidity and unenforceability.

(b)  All fact discovery shall be commenced in time to be completed by July 16,
2005.

(1)  Document production shall begin as soon as practicable and shall
continue on a rolling basis so that it is substantially completed by
January 21, 2005.  Any remaining document production shall be
completed no later than March 4, 2005.

(2)    Maximum of 25 interrogatories by each named party to each other named party.

(3)    Maximum of 35 requests for admission by each party to any other party, not including requests directed to the authentication of documents and the proper translations of foreign documents.

(4)    In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the scheduled date for completion of document production. Any depositions pursuant to Rule 30(b)(6) prior to the scheduled date for completion of document production shall be limited to topics such as identification of documents and person(s) most knowledgeable.

(5)    LML is limited to 200 hours for depositions of all witnesses, except expert witnesses. Telecheck, NOVA, and ECHO ("ECHO" collectively includes Defendants Electronic Clearing House, Inc. and Xpresschex, Inc.) are each limited to 100 hours for depositions of all witnesses, except expert witnesses. The parties shall not engage in duplicative discovery.

The parties recognize that departure from the seven hour limit imposed by Fed.R.Civ.P. 30(d)(2) may be warranted for certain key witnesses, and will negotiate in good faith to secure additional deposition time from such witnesses.

(6)    Each Defendant shall advise LML by April 29, 2005 whether it intends to rely on advice of counsel in defense to LML's charge of willful infringement. If a Defendant intends to rely on the advice of counsel defense, it shall produce all documents within the scope of Defendants' waiver of privilege (as set forth by applicable case law) on or about April 29, 2005.

(7)    The parties agree that service of discovery, motions, or other materials during this case shall be made on lead counsel of record (with copies to all counsel of record) by hand-delivery, facsimile or e-mail. If service was made by facsimile or e-mail on a particular counsel, a confirmation hard copy shall be sent by overnight mail to that counsel. Exhibits to such materials are not required to be served with an e-mail or facsimile provided that the exhibits are served with the confirmation hard copy by overnight delivery. However, if a party chooses to serve such exhibits with the corresponding materials by e-mail or facsimile, confirmation hard copies may be served by First Class mail instead of overnight mail. Service by hand-delivery/facsimile/e-mail shall be considered served on the date hand-delivered, faxed or e-mailed provided that any necessary confirmation hard copies were sent by

2

overnight mail in accordance with this paragraph. Nothing in this paragraph shall preclude any party from otherwise serving materials not filed with the Court by any other acceptable service methods under the Federal Rules.

(c)    Expert discovery shall be completed by September 30, 2005.

    (1)    Expert reports on issues for which the Parties have the burden of proof are due July 29, 2005.

    (2)    Rebuttal expert reports are due September 2, 2005.

    (3)    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d)    Supplementations under Rule 26(e) shall take place in a timely manner throughout discovery, but at the very least shall be made on March 10, 2005 and May 19, 2005.

(e)    Discovery Disputes:

    (1)    The Court shall conduct at least two (2) discovery status conferences -- the first on February 1, 2005 at 4:30 p.m., and the second on June 21, 2005 at 4:30 p.m., or at some other date and time convenient for the Court.

    (2)    The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f)    Fact Witnesses to be called at trial:

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition(s) shall be

held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3.     **Joinder of Other Parties and Amendment of Pleadings:** All motions to join other Parties and/or amend the pleadings shall be filed on or before December 3, 2004.

4.     **Settlement Conference:** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5.     **Claim Construction Issue Identification:** On April 15, 2005, the Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer in person to prepare a Joint Claim Construction Statement to be submitted in conjunction with the briefing schedule in paragraph 7 below.

6.     **Summary Judgment Motions:** All summary judgment motions shall be served and filed with an opening brief on or before October 28, 2005. Response briefs in opposition to motions for summary judgment shall be filed no later than November 15, 2005. Reply briefs in support of such motions for summary judgment shall be filed no later than November 23, 2005. No summary judgment motion may be filed more than ten (10) days before the above date without leave of Court. Oral argument shall be conducted on December 19, 2005 at 1:30 p.m.

7.     **Claim Construction:** Opening briefs on issues of claim construction shall be simultaneously submitted by all parties to the Court, along with the Joint Claim Construction Statement, on October 7, 2005, to be considered by the Court in conjunction with the summary judgment motions. Response briefs on issues of claim construction shall be submitted to the Court no later than October 21, 2005.

4

8. **Applications by Motion:** Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

    (a)    Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    (b)    No telephone calls shall be made to chambers.

    (c)    Any party with an emergency matter requiring the assistance of the Court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine:** All motions in limine shall be filed on or before the date that is two weeks before the pre-trial conference. All responses to said motions shall be no later than one week before the pre-trial conference.

10. **Pretrial Conference:** A pretrial conference will be held on March 21, 2006, at 4:30 p.m. in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial:** This matter is scheduled for one or more jury trial(s) commencing on April 17, 2006 in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware. The Court has tentatively scheduled a total of two weeks, beginning on April 17, 2006, on its calendar for the trial(s) of this case. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

Honorable Sue L. Robinson
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2005, I electronically filed the foregoing document, **PUBLIC VERSION OF PLAINTIFF LML PATENT CORP.'S MOTION TO STRIKE THE THIRD SUPPLEMENT TO EXPERT REPORT OF DAVID P. KURRASCH REGARDING THE ISSUES OF NON-INFRINGEMENT AND INVALIDITY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Collins J. Seitz, Jr., Esq.
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19801

William J. Marsden, Jr., Esq.
Timothy Devlin, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, DE  19801

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 30th day of December, 2005, the foregoing document was served via email on the following non-registered participants:

Robert Jacobs, Esq.
Mark B. Mizrahi, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA  90045

Mark C. Scarsi, Esq.
Vision L. Winter, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

_____ */s/ Richard K. Herrmann* _____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
**rherrmann@morrisjames.com**

*Counsel for Plaintiff LML PATENT CORP.*