# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

January 10, 2006

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

Re: *LML Patent Corp. v. TeleCheck Services, Inc., et al.*
    USDC-D. Del. - C.A. 04-858 (SLR)



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Chief Judge Robinson:

I write on behalf of the Defendants in the referenced action to confirm Defendants' response to Your Honor's inquiry during the Markman hearing regarding Defendants' proposed construction of the phrase "without using the check as a negotiable instrument." [D.I. 536 at 57.] As the Court noted, the Defendants' proposed construction —"the check, at no time, takes on the status of a negotiable instrument" (*Id.* at 16)—uses the legal term "negotiable instrument," which may not help a jury understand what is covered by the claims.

Defendants agree that it would be helpful to substitute words that describe what a negotiable instrument is for the legal term "negotiable instrument" in Defendants' proposed construction. As we indicated at the hearing, the words "a check that is filled out and signed" capture in laymen's terms what a negotiable instrument is. (*Id.* at 96) Since the claim limitation is phrased in the negative, Defendants believe the correct construction of the phrase "without using the bank check as a negotiable instrument" within claim 1, and the corresponding phrases in claims 8 and 9, is as follows: "the check, at no time, is filled out and signed."

This construction has the same meaning and scope as Defendants' earlier proposed construction; it simply replaces the legal term "negotiable instrument" with a description of what a negotiable instrument is, namely, a check that is filled out and signed. Defendants' expert reports would not be affected by this substitution, and summary judgment of non-infringement is still warranted for the reasons set forth in Defendants' pending Motions [D.I. 324, 341, 347].

Respectfully,

William J. Marsden, Jr.

80029321.doc

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
January 10, 2006
Page 2

cc: Richard K. Herrmann Esq. (Via ECF)
Richard D. Kirk, Esq. (Via ECF)
Francis DiGiovanni, Esq. (Via ECF)
Jamie McDole, Esq.  (Via Email)
Mark Mizrahi, Esq. (Via Email)
Mark C. Scarsi, Esq. (Via Email)