IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>    Defendants. | C.A. 04-858 (SLR) |

**DEFENDANTS' RESPONSE TO LML PATENT CORP.'S
MOTION TO STRIKE THE THIRD SUPPLEMENT
TO THE EXPERT REPORT OF DAVID P. KURRASCH
REGARDING NON-INFRINGEMENT AND INVALIDITY**

FISH & RICHARDSON P.C
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Tara D. Elliott (#4483)
919 N. Market Street, Suite 1100
Wilmington, DE 19801

*Attorneys for TeleCheck Services, Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP
Francis DiGiovanni (#3189)
Kevin Baird (#4219)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

*Attorneys for Electronic Clearing House, Inc.
and Xpresschex, Inc.*

THE BAYARD FIRM
Richard D. Kirk, Esq.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

*Attorney for Defendant
NOVA Information Systems, Inc.*

Dated: January 10, 2006

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PRESENT CASE ..........................................1

II. SUMMARY ........................................................................................................1

III. FACTS ................................................................................................................2

IV. DISCUSSION .....................................................................................................3

    A. Mr. Kurrasch's December 16, 2005 Supplement Was Justified and in Direct Response to LML's New Claim Construction and a New Federal Circuit Decision ....................................3

    B. No Relevant Factor Supports LML's Motion............................................4

        1. Mr. Kurrasch's Supplementation Contains No Surprise for LML and It Does Not Prejudice LML ..........................................................................................4

        2. Any Purported Prejudice Could Easily Be Cured Because Defendants Would Not Oppose A Request From LML To Depose Mr. Kurrasch Regarding the December '05 Supplement ........................6

        3. Allowing the Evidence in Mr. Kurrasch's Report Would Not Disrupt the Orderly and Efficient Trial of This Case or of Other Cases of This Court ..........................................................................................7

        4. Mr. Kurrasch's Report Was Not Submitted in Bad Faith ..........................................................................................7

    C. The Remainder of LML's Allegations Are Meritless or Irrelevant ......................................................................................8

V. COSTS AND FEES ............................................................................................8

VI. CONCLUSION ..................................................................................................8

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Chase Manhattan Mortgage Corp. v. Advanta Corp.*, No. Civ.A. 01-507(KAJ),
   2004 WL 422681 (D. Del. March 4, 2004)..................................................................4

*Cytyc Corp. v. TriPath Imaging, Inc.*,
   No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW, 2005 WL 1527883
   (D. Mass. June 21, 2005) ............................................................................................5

*In re Paoli R.R. Yard PCB Litigation*,
   35 F.3d 717 (3d Cir. 1994)..........................................................................................5

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005)...........................................................................2, 3, 6

*Tracinda Corp. v. DaimlerChrysler AG*,
   362 F. Supp. 2d 487 (D. Del. 2005)........................................................................4, 5

## OTHER AUTHORITIES

Fed. R. Civ. P. 26(a)(2)............................................................................................................6

Fed. R. Civ. P. 26(e) ...........................................................................................................1, 6

I.  **NATURE AND STAGE OF THE PRESENT CASE**

In this patent infringement case, Plaintiff LML Patent Corp. ("LML") accuses Defendants of infringing U.S. Patent No. 5,484,988 (the "'988 patent"). Claim construction and summary judgment briefing is complete. LML has moved to strike David P. Kurrasch's December 16, 2005 supplement ("December '05 Supplement") to his expert reports (LML's "Motion"). Defendants submit this Response.

II.  **SUMMARY**

This is the third frivolous motion filed by LML regarding supplements to Mr. Kurrasch's expert reports. The first motion came in response to supplementation expressly permitted under an amended scheduling Order (D.I. 260), due to the delayed deposition of the first-named inventor. The second motion sought to strike mere citations to new evidence uncovered by Mr. Kurrasch that had not been produced by any party, the very type of supplementation *required* under F.R.C.P Rule 26(e).

LML's third Motion seeks to strike opinions by Mr. Kurrasch that relate to two issues: a new claim construction first proposed by LML after both the exchange of expert reports and expert depositions, and an invalidity opinion based on a recent Federal Circuit decision on an issue the Federal Circuit termed one of "first impression" before that Court. The subject matter underlying each of these opinions, namely LML's new construction and the Federal Circuit's new decision, was available only after expert discovery was complete. Moreover, while LML complains that the supplement was provided several days before the Markman hearing, the Defendants never relied on the supplement during the hearing. LML's unsupported assertions of "bad faith" and "prejudice" thus have zero merit.

Contrary to LML's arguments, Mr. Kurrasch's supplemental opinions should not be stricken because each of the factors for deciding this issue weighs against LML's motion: (1) Mr. Kurrasch's December '05 Supplement gives rise to no surprise or prejudice to LML and relies on documents long in LML's possession; (2) Defendants are

willing to offer LML an opportunity to depose Mr. Kurrasch on his supplemental opinions, curing any purported surprise or prejudice; (3) no upcoming dates are affected by the December '05 Supplement; and (4) the Supplement was not submitted in bad faith.

As with its earlier motions, LML again ignores these factors entirely. LML's Motion should be denied, and Defendants should be awarded their costs and attorneys' fees for responding to LML's frivolous motion.

## III.   FACTS

The facts and law regarding LML's first two motions to strike (D.I. 263 and 284) are addressed in Defendants responses. The facts and law here establish that LML's third Motion is equally unfounded.

In short, expert reports were exchanged during August and September, 2005, including supplementation due to Mr. Hills' rescheduled deposition. Mr. Kurrasch was deposed in late September, 2005. All of this took place before LML first offered its current claim construction of the phrase "without using the check as a negotiable instrument," and corresponding phrases. LML first notified Defendants of its current construction on October 7, 2005. (Ex. 1 at 1.)[1]

In his initial expert report, Mr. Kurrasch reserved the right to render opinions regarding any new claim construction that was unknown at that time. (Ex. 2 at ¶ 156.) Mr. Kurrasch's December '05 Supplement does exactly that, providing non-infringement opinions based on LML's new claim construction disclosed after expert reports and after Mr. Kurrasch's deposition. (Ex. 3 at 1-8.)

Apart from claim construction, in late November 2005, the Federal Circuit rendered a decision of "first impression" regarding the validity of claims drawn to both an apparatus and a method. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377

---

[1] Exhibits cited in this Brief are attached to the co-filed Declaration of Timothy Devlin in Support of Defendants' Response to LML Patent Corp.'s Motion to Strike the Third Supplement to the Expert Report of David P. Kurrasch Report Regarding Non-Infringement and Invalidity.

2

(Fed. Cir. 2005). This decision had direct applicability to the claims at issue in this litigation, and on that basis, Mr. Kurrasch also provided an opinion based on this new case law. (Ex. 3 at 8-9.)

## IV. DISCUSSION

### A. Mr. Kurrasch's December 16, 2005 Supplement Was Justified and in Direct Response to LML's New Claim Construction and a New Federal Circuit Decision

Mr. Kurrasch's December 2005 supplement was warranted by LML's changes to its claim construction following expert discovery, as well as the Federal Circuit's recent *IPXL* decision, also issued following expert discovery. Notably, LML does not argue that Defendants were not permitted to obtain an expert opinion under LML's claim construction. Instead, LML somehow complains that the supplement was untimely because it was two months after LML disclosed its new construction and several days before the *Markman* and summary judgment hearing.

LML's arguments have no merit. LML first proposed its new construction as the parties were preparing *Markman* briefing, and LML filed almost a dozen summary judgment and *Daubert* briefs shortly afterwards. This briefing occupied much of the parties' time over the next two months. Moreover, at least TeleCheck conferred with Mr. Kurrasch during this period, and endeavored to address LML's new construction in its responsive briefing. As a result, Mr. Kurrasch's December '05 Supplement is consistent with a number of arguments raised earlier during briefing, and cites a number of the same documents. While Defendants do not rely on Mr. Kurrasch's opinions during the hearing, negating any purported prejudice to LML, LML was in fact aware of these arguments before Mr. Kurrasch's Supplement was served.

LML cannot claim prejudice due to Mr. Kurrasch's timely supplement to his expert reports prompted by LML's adoption and disclosure of a new construction of key claim limitations during the parties' preparation of claim construction briefs. Any purported prejudice that LML claims to experience was created by its own disclosure of

3

new claim constructions. The point here is not that LML's disclosure was untimely, but that LML cannot complain when Defendants provided a timely response to LML's recent disclosures.

Mr. Kurrasch's December '05 Supplement was proper, and LML's Motion should be denied.

### B. No Relevant Factor Supports LML's Motion

The Third Circuit has adopted a number of factors that a Court should examine when deciding whether to exclude expert testimony. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987)). The following factors are to be considered:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Tracinda*, 362 F. Supp. 2d at 506 (*quoting Pennypack*, 559 F.2d at 904-05).

In this case, every factor supports Mr. Kurrasch's supplementation and weighs against striking evidence as proposed by LML.

#### 1. Mr. Kurrasch's Supplementation Contains No Surprise for LML and It Does Not Prejudice LML

The first factor of surprise or prejudice is not met here, and LML's Motion should be denied. For evidence to be excluded, the party opposing the admission of the evidence must be prejudiced. *Chase Manhattan Mortgage Corp. v. Advanta Corp.*, No. Civ.A. 01-507(KAJ), 2004 WL 422681, at *10 (D. Del. Mar. 4, 2004). Excluding critical evidence is considered "extreme" and generally is not imposed unless the party seeking inclusion of the evidence undertook willful deception or "flagrant disregard" of a court order. *In re*

4

*Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (internal quotations omitted).

Courts in this District have applied the Third Circuit standard in holding that, even on the day of trial immediately before trial testimony, proper supplementation of expert reports should not give rise to preclusion. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005). In *Tracinda*, defendants' expert witness testified about new or revised charts the plaintiff asserted were outside the scope of the expert's report, prior opinions, and deposition testimony. *Id.* at 507-11. The Court allowed the testimony, in part because data underlying a portion of the expert's testimony to which the plaintiff objected had previously been produced to the plaintiff before trial or included in the plaintiff's own expert's report. *Id.* Consequently, the plaintiff was not prejudiced by the expert's trial testimony, the defendants did not act in bad faith, and the evidence was not precluded. *Id.*

Other courts have likewise held that a supplemental expert report containing an additional patent invalidity defense should ***not*** be stricken when materials were submitted to an opposing party "many months earlier and both parties had relied upon the prior production in conducting their fact discovery." *Cytyc Corp. v. TriPath Imaging, Inc.*, No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW, 2005 WL 1527883, at *4 (D. Mass. June 21, 2005). In *Cytyc*, the party opposing the supplemental report asserted that its counsel "would have covered a number of additional topics with technical witnesses in depositions and that there were a number of additional witnesses that I would have very seriously considered deposing in addition to witnesses that were in fact deposed." *Id.* (internal quotations omitted). The court ruled that excluding the invalidity defense was "a draconian remedy unwarranted in these circumstances." *Id.*

These cases establish that no exclusion is warranted here. LML cannot legitimately claim surprise regarding those portions of Mr. Kurrasch's December '05 Supplement directed to LML's new claim construction. All the documents on which Mr.

5

Kurrasch relies were produced months ago, and trial is still months away. Many of the documents on which Mr. Kurrasch relies were specifically identified earlier in responsive summary judgment briefing. Similarly, Mr. Kurrasch's opinion regarding *IPXL* was submitted less than four weeks after the Federal Circuit's November 21, 2005 decision. Again, Mr. Kurrasch was consulted during the parties' preparation of this defense and this defense was incorporated in Defendants' briefing.

The Federal Rules in fact require that Mr. Kurrasch supplement in exactly the manner of his Supplemental Report. An expert report shall include "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions . . . ." FED. R. CIV. P. 26(a)(2)(B). Rule 26(e)(1) further requires supplementation of the expert report. FED. R. CIV. P. 26(e)(1). Mr. Kurrasch's December '05 Supplemental Report is based on new claim construction and law disclosed after initial and rebuttal reports were submitted, and therefore was required under the Rules.

Contrary to LML's assertions, Mr. Kurrasch's December '05 Supplement was timely filed in accordance with the Federal Rules, in response to LML's late disclosure and a Federal Circuit case of first impression. Mr. Kurrasch's supplementation contains nothing that gives rise to any legitimate surprise or prejudice to LML. This Court should deny LML's Motion to Strike.

      **2.**    **Any Purported Prejudice Could Easily Be Cured Because Defendants Would Not Oppose A Request From LML To Depose Mr. Kurrasch Regarding the December '05 Supplement**

The second factor to examine relates to the ability to cure any purported surprise or prejudice. In this case there has been and remains adequate opportunity to cure any purported prejudice.

Defendants are willing to offer LML an opportunity to depose Mr. Kurrasch regarding the December '05 Supplement. Defendants make this offer even though (1) Defendants have made similar offers previously that LML declined, and (2) LML is again wasting this Court's resources by filing a frivolous motion.

Defendants' proposal is more than adequate to cure any purported prejudice LML asserts it would suffer.

### 3. Allowing the Evidence in Mr. Kurrasch's Report Would Not Disrupt the Orderly and Efficient Trial of This Case or of Other Cases of This Court

The third factor set forth above, whether the submission of the supplemental report will disrupt the orderly and efficient trial of this case or of other cases being tried by the Court, clearly weighs against LML's Motion. No Defendant relied on Mr. Kurrasch's December '05 Supplement during the *Markman* and summary judgment hearing, or cited to the Supplement in earlier briefing, and so those issues are unaffected. Mr. Kurrasch's limited supplemental opinions merely provide notice of testimony for trial, which, if even necessary, is still months away. No dates on the Scheduling Order need to be changed as a result of the supplementation.

### 4. Mr. Kurrasch's Report Was Not Submitted in Bad Faith

The fourth factor also weighs against LML's Motion, because neither Defendants nor Mr. Kurrasch willfully failed to comply with any Court Order or the Federal Rules of Civil Procedure, nor was Mr. Kurrasch's supplemental report submitted in bad faith. On the contrary, Mr. Kurrasch supplemented his report in accordance with the Federal Rules of Civil Procedure and in direct response to events not contemplated in the Court's Scheduling Order, namely the disclosure of proposed claim constructions after the close of expert discovery and new case law from the Federal Circuit.

LML accuses Defendants of an improper motive in serving Mr. Kurrasch's report several days before the *Markman* hearing, calling the timing of this service "gamesmanship." Defendants never relied upon Mr. Kurrasch's December '05

Supplement during the hearing, however, nor did Defendants need to in order to support its positions on claim construction and summary judgment. All evidence on which Defendants relied had been produced to LML months earlier. Based on this and all the factors set forth above, LML's Motion should be denied.

### C.  The Remainder of LML's Allegations Are Meritless or Irrelevant

LML makes several allegations in its Motion, briefly citing to Third Circuit cases that involve the submission of expert reports without justification and in bad faith. As shown above, Defendants' service of the December '05 Supplement was well justified and certainly not in bad faith. LML's case law is simply not applicable to the facts here.

Moreover, LML's suggestion that the submission of Mr. Kurrasch's supplemental expert report changes "the entire landscape of this case" is baffling considering that it was ***LML's new construction*** of key claim limitations that largely prompted the supplement. LML cannot propose a new claim construction after expert discovery and point a finger at Defendants for asking their expert to address the construction. LML's argument makes no sense, and its Motion should be denied.

## V.  COSTS AND FEES

In accordance with Rule 11, Defendants respectfully request this Court award Defendants their costs and attorneys' fees for responding to LML's frivolous motion.

## VI.  CONCLUSION

For the reasons set forth above, LML's Motion should be denied.

Dated: January 10, 2006

/s/ Timothy Devlin
William J. Marsden, Jr. (I.D. No. 2247)
Timothy Devlin (I.D. No. 4241)
Tara D. Elliott (I.D. No. 4483)
FISH & RICHARDSON P.C.
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
302.652.5070
marsden@fr.com
hayes@fr.com

*Counsel for Defendant
TeleCheck Services, Inc.*


/s/ Kevin Baird
Francis DiGiovanni (I.D. No. 3189)
Kevin Baird (I.D. No. 4219)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
fdigiovanni@cblh.com

*Counsel for Defendants
Electronic Clearing House, Inc.
and Xpresschex, Inc.*


/s/ Richard D. Kirk
Richard D. Kirk (I.D. No. 922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
302.429.4208
rkirk@bayardfirm.com

*Counsel for Defendant
NOVA Information Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2006, I electronically filed with the Clerk of Court the **DEFENDANTS' RESPONSE TO LML PATENT CORP.'S MOTION TO STRIKE THE THIRD SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REGARDING THE ISSUES OF NON-INFRINGEMENT AND INVALIDITY** using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann Esq.<br>Mary B. Matterer, Esq.<br>Morris James Hitchens & Williams<br>PNC Bank Center<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306 | Attorneys for Plaintiff<br>LML Patent Corp. |

I hereby certify that on January 10, 2006, I have mailed by electronic mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Russell Levine, Esq.<br>Christian C. Taylor<br>Kirkland & Ellis (Chicago)<br>200 East Randolph Drive<br>Chicago, IL 60601 | Robert Jacobs, Esq.<br>Belasco Jacobs & Townsley, LLP<br>Howard Hughes Center<br>6100 Center Drive, Suite 630<br>Los Angeles, CA 90045 |
| Mark C. Scarsi<br>O'Melveny & Myers LLP<br>400 S Hope Street<br>Los Angeles, CA 90071 | |

/s/ Timothy Devlin
Timothy Devlin
tdevlin@fr.com

80029413.doc