**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LML PATENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 04-858-SLR |
| vs. | ) | |
| | ) | |
| TELECHECK SERVICES, INC. | ) | |
| ELECTRONIC CLEARING HOUSE, INC., | ) | **PUBLIC VERSION** |
| XPRESSCHEX, INC. and | ) | |
| NOVA INFORMATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF LML PATENT CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE THE THIRD SUPPLEMENT TO THE
EXPERT REPORT OF DAVID P. KURRASCH
REGARDING THE ISSUES OF NON-INFRINGEMENT AND INVALIDITY**

Originally filed:  January 16, 2006
Public version filed:  January 20, 2006

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Russell E. Levine, P.C.
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

*Counsel for LML Patent Corp.*

## ARGUMENT IN REPLY

LML demonstrated in its Motion to Strike the Third Supplement to the Expert Report of David P. Kurrasch why this Court should strike the third supplemental report filed by Defendants' expert David P. Kurrasch.    In response to LML's motion, Defendants did not—because they could not—dispute the following facts:

- Expert discovery ended on September 30, 2005;

- Opening claim construction briefs were filed October 7, 2005;

- Defendants had already filed two supplemental reports after the close of expert discovery and before summary judgment briefing;

- Mr. Kurrasch did not submit any declarations in support of Defendants' summary judgment motions at the time they were filed; and

- Defendants filed Mr. Kurrasch's third supplemental report on the evening of December 16, 2005, the business day before oral argument on the *Markman*/summary judgment issues and nearly two months after expert discovery closed.

Instead, Defendants try to excuse their behavior—even attempting to place the blame on LML.   But there is no excuse for failure to follow the rules and Scheduling Order governing this case.  Thus, LML's motion should be granted.

Defendants' first excuse for their behavior is that they filed their supplemental report as soon as possible.   However, they admit that Mr. Kurrasch's arguments were developed during the course of summary judgment briefing, at least one month before the supplemental report was filed.  (Defendants' Response at 3).  If Mr. Kurrasch had truly developed these opinions so early, then there is no excuse for delaying the preparation and filing of his supplement report until just before the hearing.[1]

---

[1] Mr. Kurrasch did not provide any declarations in support of Defendants' motions for claim construction or summary judgment.  It is unclear to LML, therefore, how Mr.

Defendants' next excuse is that they did not rely on Mr. Kurrasch's supplement during the hearing, so there can be no prejudice to LML. (Defendants' Response at 7). In fact, the letter transmitting this latest supplement did not mention that Defendants were not going to rely on the new report. (Ex. 1 to LML's Reply). Indeed, it stated that the materials accompanying the letter were affirmatively being put into the record in support of Defendants' summary judgment motions. *Id.* Thus, regardless of whether Defendants mentioned the supplement during oral argument, the fact remains that Defendants have submitted this supplement to support their summary judgment motions. The submission of such late opinion precludes LML from responding. Whether or not Defendants mentioned the new opinions at oral argument does not cure the prejudice.

Defendants try to minimize the significant prejudice to LML by offering up Mr. Kurrasch for an additional deposition. (Defendants' Response at 6-7). As discussed in LML's Motion to Strike, LML's prejudice is not limited to the fact that it did not have the opportunity to further depose Mr. Kurrasch or whether Defendants' relied on the new report during the hearing. LML is also prejudiced by not have the opportunity to have its expert respond to the belated opinions of Mr. Kurrasch, and by having to incur the expenses of preparing this motion.

These facts, along with those contained in LML's Motion to Strike, undermine Defendants' use of the *Tracinda* factors as a shield to avoid sanctions. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (citations omitted). For example, LML has been prejudiced by the very need to repeatedly bring these motions

---

Kurrasch was too busy with these motions to prepare his supplemental report as the Defendants intimate.

and the diversion from substantive work, such as preparing for trial.    Moreover, Defendants' repeated untimely disclosures, especially delaying production until the eve of the *Markman*/summary judgment hearing, demonstrate both a "flagrant disregard" of this Court's Scheduling Order and bad faith.    As such, the *Tracinda* factors weigh in favor of striking Mr. Kurrasch's supplement.    Therefore, this Court should grant LML's motion.

> _____*/s/ Richard K. Herrmann*_____
> Richard K. Herrmann (I.D. No. 405)
> MORRIS JAMES HITCHENS & WILLIAMS LLP
> 222 Delaware Avenue, 10th Floor
> Wilmington, Delaware 19801
> 302.888.6800
> rherrmann@morrisjames.com
>
> Russell E. Levine, P.C.
> Jamie H. McDole
> Aaron D. Charfoos
> Edward K. Runyan
> Lesley G. Smith
> KIRKLAND & ELLIS LLP
> 200 East Randolph Drive
> Chicago, Illinois 60601
> 312.861.2000
>
> *Counsel for Plaintiff LML Patent Corp.*

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2006, I electronically filed the foregoing document, **PUBLIC VERSION OF PLAINTIFF LML PATENT CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE THIRD SUPPLEMENT TO THE EXPERT REPORT OF DAVID P. KURRASCH REGARDING THE ISSUES OF NON-INFRINGEMENT AND INVALIDITY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Collins J. Seitz, Jr., Esq. | William J. Marsden, Jr., Esq. |
| Francis DiGiovanni, Esq. | Timothy Devlin, Esq. |
| Connolly Bove Lodge & Hutz LLP | Fish & Richardson, P.C. |
| 1007 North Orange Street | 919 North Market Street, Suite 1100 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 20th day of January, 2006, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Robert Jacobs, Esq. | Mark C. Scarsi, Esq. |
| Mark B. Mizrahi, Esq. | Vision L. Winter, Esq. |
| Belasco Jacobs & Townsley, LLP | O'Melveny & Myers LLP |
| Howard Hughes Center | 400 South Hope Street |
| 6100 Center Drive, Suite 630 | Los Angeles, CA 90071 |
| Los Angeles, CA 90045 | |

_____ */s/ Richard K. Herrmann* _____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
**rherrmann@morrisjames.com**

*Counsel for Plaintiff LML PATENT CORP.*