IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORP.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TELECHECK SERVICES, INC.,<br>ELECTRONIC CLEARING HOUSE, INC.,<br>XPRESSCHEX, INC. and NOVA<br>INFORMATION SYSTEMS, INC.,<br><br>　　　　Defendants. | C.A. 04-858 (SLR) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
BIFURCATE WILLFULNESS AND DAMAGES FROM LIABILITY**

Francis DiGiovanni (I.D. No. 3189)
CONNOLLY BOVE LODGE
　& HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
302.658.9141
fdigiovanni@cblh.com

*Counsel for Defendants*
*Electronic Clearing House, Inc.*
*and Xpresschex, Inc.*

William J. Marsden, Jr. (I.D. No. 2247)
Timothy Devlin (I.D. No. 4241)
Stamatios Stamoulis (I.D. No. 4606)
FISH & RICHARDSON P.C.
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
302.652.5070
marsden@fr.com

*Counsel for Defendant*
*TeleCheck Services, Inc.*

　　　　　Richard D. Kirk (I.D. No. 922)
　　　　　THE BAYARD FIRM
　　　　　222 Delaware Avenue, Suite 900
　　　　　Wilmington, DE  19801
　　　　　302.429.4208
　　　　　rkirk@bayardfirm.com

　　　　　*Counsel for Defendant*
　　　　　*NOVA Information Systems, Inc.*

Dated:  February 7, 2006

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PRESENT CASE | 1 |
| II. | SUMMARY | 1 |
| III. | FACTS | 2 |
| IV. | BACKGROUND CASE LAW RELEVANT TO THIS MOTION | 4 |
| V. | BIFURCATION OF THE ISSUE OF LIABILITY FROM THE ISSUES OF WILLFULNESS AND DAMAGES IS APPROPRIATE UNDER RULE 42(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE | 5 |
| | A. Bifurcation Eliminates Potential Jury Confusion | 8 |
| | B. Bifurcation Eliminates Potential Prejudice to Defendants | 10 |
| | C. Bifurcation Promotes Judicial Expedition, Economy, and Efficiency | 10 |
| VI. | CONCLUSION | 11 |

**CASES**

|  | PAGE |
|---|---|
| *Acme Resin Corp. v. Ashland Oil, Inc.*,<br>  689 F. Supp. 751 (S.D. Ohio 1987) | 6-7 |
| *ArthroCare Corp. v. Smith & Nephew, Inc.*,<br>  2004 WL 896002 (D. Del. Mar. 10, 2004),<br>  *reconsideration denied*, 315 F. Supp. 2d 615 (D. Del. 2004),<br>  *aff'd in part, rev'd in part, and vacated in part on other grounds*,<br>  406 F. 3d 1365 (Fed. Cir. 2005) | 1, 5 |
| *B. Braun Medical, Inc. v. Abbott Laboratories*,<br>  32 U.S.P.Q. 2d 1211 (E.D. Pa. 1994) | 7 |
| *E.I. du Pont de Nemours & Co. v. Molex*,<br>  17 U.S.P.Q. 2d 1976 (D. Del. 1990) | 5 |
| *Eaton Corp. v. Auburn Gear, Inc.*,<br>  8 U.S.P.Q. 2d 1373 (N.D. Ind. 1988) | 6, 8 |
| *Gardco Manufacturing, Inc. v. Herst Lighting Co.*,<br>  820 F.2d 1209 (Fed. Cir. 1987) | 4, 5 |
| *Georgia-Pacific Corp. v. United States Plywood Corp.*,<br>  318 F. Supp. 1116 (S.D.N.Y. 1970),<br>  *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971),<br>  *cert. denied*, 404 U.S. 870 (1971) | 8 |
| *Lemelson v. Apple Computer Inc.*,<br>  28 U.S.P.Q. 2d 1412 (D. Nev. 1993) | 6, 8 |
| *In re Master Key Antitrust Litigation*,<br>  528 F.2d 5 (2d Cir. 1975) | 5 |
| *McCullough v. Kammerer Corp.*,<br>  331 U.S. 96 (1947) | 8 |
| *Novartis Pharm. Corp. v. Eon Laboratories Manufacturing, Inc.*,<br>  206 F.R.D. 396 (D. Del. 2002) | 5 |
| *Novopharm Ltd. v. Torpharm, Inc.*,<br>  181 F.R.D. 308 (E.D.N.C. 1998) | 5, 6, 8 |
| *Ortho Pharm. Corp. v. Smith*,<br>  959 F.2d 936 (Fed. Cir. 1992) | 4 |

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    223 U.S.P.Q. 888 (D. Del. 1984) ..................................................................................5

*Quantum Corp. v. Tandon Corp.*,
    940 F.2d 642 (Fed. Cir. 1991) ......................................................................................4

*Read Corp. v. Portec, Inc.*,
    970 F.2d 816 (Fed. Cir. 1992) ......................................................................................4

*SRI International, Inc. v. Advanced Tech. Laboratories, Inc.*,
    127 F.3d 1462 (Fed. Cir. 1997) ....................................................................................4

*Scientific-Atlanta Inc. v. General Instrument Corp.*,
    27 U.S.P.Q. 2d 1158 (D. Md. 1993) .........................................................................6, 7

*Smith v. Alyeska Pipeline Serv. Co.*,
    538 F. Supp. 977 (D. Del. 1982) ...........................................................................5, 6, 8

*Swofford v. B&W, Inc.*,
    34 F.R.D. 15 (S.D. Tex. 1963),
    *aff'd*, 336 F.2d 406 (5th Cir. 1964),
    *cert. denied*, 379 U.S. 962 (1965) ............................................................................7, 8

*Third Wave Techs., Inc. v. Stratagene Corp.*,
    2005 WL. 1939875 (W.D. Wis. Aug. 12, 2005) ..........................................................7

*Tyler Refrigeration Corp. v. Kysor Indust. Corp.*,
    601 F. Supp. 590 (D. Del. 1985) ..................................................................................6

*Underwater Devices, Inc. v. Morrison-Knudsen Co.*,
    717 F.2d 1380 (Fed. Cir. 1983) ....................................................................................4

**STATUTES**

35 U.S.C. § 284 ......................................................................................................................4

28 U.S.C. § 1292(c)(2) .......................................................................................................7, 8

28 U.S.C. § 227(a) .................................................................................................................8

Fed. R. Civ. P. 42(b) .....................................................................................................1, 4, 5

iii

**I.     NATURE AND STAGE OF THE PRESENT CASE**

Defendants, TeleCheck Services, Inc. ("TeleCheck"), Electronic Clearing House, Inc. and its subsidiary Xpresschex, Inc. (collectively, "ECHO"), and Nova Information Systems, Inc. ("Nova") (collectively referred to as "Defendants") submit this brief in support of their motion under Fed. R. Civ. P. 42(b) to bifurcate the issue of liability from the issues of willfulness and damages for purposes of trial. Discovery has concluded for all issues, and this motion only seeks the separation of liability from willfulness and damages at trial.

Plaintiff LML Patent Corp. ("LML") accuses TeleCheck, ECHO, and Nova of "willful infringement" of ten claims of the '988 patent. Each defendant has denied the allegations of infringement and has asserted numerous affirmative defenses. While facts differ with respect to the defenses raised by each of the Defendants, all Defendants join in this memorandum in support of their Motion to Bifurcate.

**II.    SUMMARY**

Bifurcation of liability from the willfulness and damages phases of a patent case is a well-established practice in Delaware courts, with the liability phase typically tried first. This Court has previously bifurcated liability from damages and willfulness in other patent cases, including by issuing an order *sua sponte*. *See* June 30, 2005 Hearing Tr. 3:10, *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.* (Civ. A. No. 03-1030 (SLR)) (excerpt attached hereto as Ex. A); *ArthroCare Corp. v. Smith & Nephew, Inc.*, 2004 WL 896002, at *1 (D. Del. Mar. 10, 2004), *reconsideration denied*, 315 F. Supp. 2d 615 (D. Del. 2004), *aff'd in part, rev'd in part, and vacated in part on other grounds*, 406 F. 3d 1365 (Fed. Cir. 2005).

This case is clearly complex—there are three defendant groups with four separate and different accused products, ten claims in dispute, and different facts that apply to several of the Defendants' defenses. LML's Expert Report of Gary Tinkel Regarding Infringement further establishes the complexity of this case: The reports runs 324 pages,

with 180 of these pages directed toward the alleged infringement of the '988 patent (the remaining pages relate to patents now dropped by LML).

Bifurcating willfulness and damages from liability will result in virtually no overlap in the evidence presented at trial. To avoid confusing the jury with a complex matrix of possible damages scenarios and combinations, as well as complicated and differing facts relating to notice and reliance on opinions of counsel for willfulness, and to avoid prejudicing the Defendants, it makes sense to postpone the damages phase of this case until there is a determination of liability, and if so, which product(s) infringe and which party or parties are liable. Bifurcating is economical and efficient because, unless the patent is found to be valid and infringed in the liability phase of the case, the willfulness and damages phase may never be reached.

For these reasons, the issues of damages and willfulness should be bifurcated from liability.

### III.  FACTS

LML filed a Complaint accusing TeleCheck, ECHO, and Nova of "willful infringement" of ten claims of the '988 patent (among other claims no longer asserted). Each Defendant filed an Answer, denying the allegations of infringement and asserting numerous affirmative defenses. In the Scheduling Order dated October 22, 2004 (D.I. 35), Your Honor scheduled a total of two weeks for this trial, beginning on April 17, 2006.

The evidence to be presented on liability, willfulness and damages issues differs from one Defendant to the next. This is because each Defendant's product differs from that of the other Defendants. Evidence makes clear that TeleCheck's system operates differently from ECHO's system, and both systems function differently from the system used by Nova. Additionally, the ECHO system employed for VISA merchants operates differently from the system used by ECHO's non-VISA merchants. As a result, the associated facts and evidence that are specific for each system – and will help determine

any potential infringement (such as user manuals and merchant operating agreements) – differ greatly from accused product to accused product.

The jury will be faced with the task of determining not just the validity of the '988 patent, but infringement on a product-by-product and defendant-by-defendant basis for each of the four accused products; all as part of the liability stage of this matter. In fact, the Defendants collectively have three non-infringement experts, who have in turn filed three separate expert reports on the issue of non-infringement. At trial, each Defendant will present its own fact witnesses who will testify to the unique nature of each Defendant's product. Including LML's expert, the jury will need to digest the testimony of no less than four different experts for the liability stage of this case alone.

As a result, this case is sufficiently complex solely trying the liability issue. Trying the liability, willfulness, and damages issues would make the case even more complex, require more evidence be presented, likely lead to jury confusion, and likely prejudice all of the defendants. With regard to willfulness, each of the Defendants has claimed reliance on opinions of counsel as a defense. Each Defendant has produced at least one non-infringement opinion during discovery and disclosed at least one outside law firm which issued a non-infringement opinion. The Defendants also bring separate facts regarding notice of the '988 patent. Thus, the willfulness issue alone involves additional separate witnesses, timelines, opinions, and other facts.

Finally, the Defendants each have separate sets of facts regarding damages and have separate expert analyses regarding the issue of damages. Damages issues are often complex and this case is no different, involving complex licensing agreements, accounting data, and separate timelines for the "hypothetical negotiation" for a reasonable royalty analysis.

For all of these reasons it makes sense, and Defendants respectfully request, that the liability portion of this matter be bifurcated from the willfulness and damages portion the case.

## IV.   BACKGROUND CASE LAW RELEVANT TO THIS MOTION

Patent infringement does not require a showing of wrongful intent on the part of the alleged infringer. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 828 (Fed. Cir. 1992). However, if a party is shown to have knowingly and willfully infringed a valid and enforceable patent, then the court may impose an award of increased damages. *See* 35 U.S.C. § 284. The decision of whether or not to increase damages, and the amount of the increase, is within the court's discretion. *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1468-69 (Fed. Cir. 1997); *Read*, 970 F.2d at 826-27.

A party accused of willfully infringing a patent may assert the affirmative defense that it produced its allegedly infringing device with a good faith belief that it was not infringing or that the patent at issue is invalid or unenforceable. In particular, an alleged infringer can rebut a claim of willful infringement by showing it obtained an opinion of counsel stating that the conduct complained of would not infringe the patent in question. *See, e.g., Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1390 (Fed. Cir. 1983). Counsel's opinion must be sufficient to instill a belief in the alleged infringer that a court reasonably could conclude that the patent is invalid, not infringed, or unenforceable. *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). Consequently, the alleged infringer's intent and reasonable beliefs are the primary focus of a willful infringement inquiry. *Id.*

The Court has the discretion to separate trials on various issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). Furthermore, the Federal Circuit explicitly stated that the decision of whether to bifurcate "is a routine discretionary decision of the district court concerning trial management." *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 (Fed. Cir. 1991); *see also Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).

4

This Court previously has bifurcated liability from damages and willfulness in patent cases. *See* June 30, 2005 Hearing Tr. 3:10, *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.* (Civ. A. No. 03-1030 (SLR)) (excerpt attached hereto as Ex. A); *ArthroCare Corp.*, 2004 WL 896002, at *1.

V.  **BIFURCATION OF THE ISSUE OF LIABILITY FROM THE ISSUES OF WILLFULNESS AND DAMAGES IS APPROPRIATE UNDER RULE 42(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

This Court can order separate trials on various issues to promote judicial expedition, economy, and efficiency, and to prevent the unduly and unfairly prejudicing of the Defendants. Fed. R. Civ. P. 42(b). Damages issues particularly are amenable to bifurcation in light of these factors. For example, establishing a damages claim for patent infringement is very complex, typically including voluminous financial data and expert witness testimony. *See Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 311 (E.D.N.C. 1998). Additionally, the decision to bifurcate lies within the Court's discretion. *Gardco*, 820 F.2d at 1212; *In re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir. 1975).

Delaware Courts routinely recognize that liability and damages-related issues in patent infringement suits should be bifurcated pursuant to Fed. R. Civ. P. 42(b). *See, e.g., Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 398 n.2 (D. Del. 2002) (stating that the Court will consider bifurcating the issues of willfulness and damages from other patent issues in the future to prevent undue prejudice); *E.I. du Pont de Nemours & Co. v. Molex*, 17 U.S.P.Q. 2d 1976, 1976 (D. Del. 1990) (ruling bifurcation of liability and damages is proper where plaintiff has not established a significant probability that defendant will not succeed on proving defense of obviousness and no significant overlap of evidence exists); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 223 U.S.P.Q. 888, 891-92 (D. Del. 1984) (finding bifurcation is proper because one jury does not have to decide both the issues of liability and damages); *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 982-84 (D. Del.

1982) (holding "that one trial of both issues [*i.e.*, liability and damages] would tend to clutter the record and to confuse the jury.").

The District Court of Delaware further elaborated that the trial of the damages question in such a suit is often difficult and expensive and is easily severed from the trial of the questions of validity and infringement of the patent. *Smith*, 538 F. Supp. at 983. Furthermore, when courts in this district have separated liability from damages, they typically have reserved determinations of willfulness for the damages stage of the case. *See, e.g., Tyler Refrigeration Corp. v. Kysor Indust. Corp.*, 601 F. Supp. 590, 607 (D. Del. 1985) ("any finding of willfulness in order to enhance damages and any finding that this is an exceptional case should await until the damage phase of this case has been completed").

Other courts also have recognized the value of bifurcating patent infringement suits. *See, e.g., Novopharm*, 181 F.R.D. at 311-12 (bifurcating liability from damages and willfulness based on expedition and judicial economy); *Lemelson v. Apple Computer Inc.*, 28 U.S.P.Q. 2d 1412, 1424 (D. Nev. 1993) ("[T]he liability and damages issues in this case have little or no overlap . . . this Court concludes that the purposes of Rule 42(b) will be well served by ordering a separate trial on the issue of damages."); *Scientific-Atlanta Inc. v. General Instrument Corp.*, 27 U.S.P.Q. 2d 1158, 1160 (D. Md. 1993) ("severing the trial of liability and damages and staying proceedings related to damages and willfulness pending a final determination of liability is most consistent with the considerations set forth in Fed. R. Civ. P. 42(b)"); *Eaton Corp. v. Auburn Gear, Inc.*, 8 U.S.P.Q. 2d 1373, 1376 (N.D. Ind. 1988) (granting defendant's Motion to Bifurcate on the basis of judicial economy); *Eaton Corp.*, 8 U.S.P.Q. 2d at 1374 ("The separation of the liability and damages issues in patent cases is firmly grounded in the case law, undoubtedly due to the complexity of such cases, the lack of any substantial community among the issues, and the hazard that a lengthy and expensive trial on the damages issue will be erased by reversal of the patent owner's judgment on appeal."); *Acme Resin Corp.*

*v. Ashland Oil, Inc.*, 689 F. Supp. 751, 753 (S.D. Ohio 1987) ("bifurcation of the liability and damages issue will likely expedite this litigation, promote efficient judicial administration, and simplify the proceedings for both the Court and the parties, and may serve to encourage settlement …").

When patent cases have been bifurcated, the determination of willfulness generally is made in the damages phase. *See Third Wave Techs., Inc. v. Stratagene Corp.*, 2005 WL 1939875, at *1 (W.D. Wis. Aug. 12, 2005); *B. Braun Med., Inc. v. Abbott Labs.*, 32 U.S.P.Q. 2d 1211, 1215 (E.D. Pa. 1994); *see also Scientific-Atlanta Inc.*, 27 U.S.P.Q. 2d at 1160.

A seminal patent case in which Rule 42(b) was applied is *Swofford v. B&W, Inc.*, 34 F.R.D. 15, 19-20 (S.D. Tex. 1963), *aff'd*, 336 F.2d 406 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965). In *Swofford*, the Court identified the unique circumstances present in a patent case, which justify a court in ordering separate trials for liability and damages:

> In the normal case[,] separate trial of issues is seldom required, but in a patent infringement suit considerations exist which suggest that ***efficient judicial administration would be served by separate trials on the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent.*** A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties.

*Id.* (emphasis added).

Further, when Congress established the Court of Appeals for the Federal Circuit, it expressly provided for bifurcated trials in patent cases in 28 U.S.C. § 1292(c)(2). This statute provides for interlocutory appeals where a judgment is final except for an accounting of damages:

> (c)  The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction --

* * *

7

>(2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

As explained in *McCullough v. Kammerer Corp.,* 331 U.S. 96, 98-99 (1947), Congress enacted the predecessor statute to 28 U.S.C. § 1292(c)(2)—28 U.S.C. § 227(a)—because of the large expense involved in determining damages in patent cases. *See Eaton*, 8 U.S.P.Q.2d at 1374.

In the present case, LML has specified it is seeking a reasonable royalty. The consideration of the damages theory based on reasonable royalty will require proof of numerous factors. *Novopharm*, 181 F.R.D. at 311*; Eaton*, 8 U.S.P.Q.2d at 1375; *see also Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971), *cert. denied,* 404 U.S. 870 (1971) (listing fifteen factors relevant to proving reasonable royalty damages). Severing the patent liability issue from the willfulness and damages issues for separate trial will permit the Court "to focus on the technical issues of validity and infringement without the inevitable distraction caused by the presentation of extraneous evidence relating to [damages]." *Lemelson*, 28 U.S.P.Q. 2d at 1422.

When bifurcating patent suits, courts have repeatedly emphasized the potential for "substantial savings of time of the Court and counsel and reduction of expense to the parties." *Swofford*, 34 F.R.D. at 19-20; *Eaton*, 8 U.S.P.Q.2d at 1375. The District Court of Delaware has agreed with this rationale. *See Smith*, 538 F. Supp. at 984.

### A.     Bifurcation Eliminates Potential Jury Confusion

TeleCheck, ECHO, and Nova have all denied LML's infringement allegations of the '988 patent, involving ten claims, and have asserted numerous affirmative defenses. Four products are in dispute—one associated with TeleCheck, two with ECHO, and one with Nova—and LML's expert report alleging infringement of the '988 patents by the four accused products is 195 pages in length (not including attachments). LML will

8

present different evidence for each product and the defendants will present their own evidence regarding their products and any other defenses they have individually or in combination with one another.

As detailed above, each of the Defendants has asserted different grounds for non-infringement and multiple non-infringement experts have been retained and will testify at trial. Additionally, at least two experts and multiple fact witnesses will testify regarding the invalidity of the '988 patent during the liability stage of this matter. The jury will need to remember which evidence is for which Defendant, itself a complicated task.

If damages and willfulness were to be tried with liability, a complex matrix of possible damages scenarios and combinations would be presented to the jury because of the number of Defendants and differences in their products' sales. Additionally, each of the Defendants has asserted that it relied on opinions of counsel as a defense to LML's claims of willful infringement. As a result, each defendant will offer at least one non-infringement opinion and testimony from separate outside counsel on the issue of willfulness at trial. The facts surrounding each Defendant's first notice of the '988 patent and the bases of their non-infringement opinions also differ. The jury again would need to associate the evidence presented with the proper defendant. The complexity of the case would be increased tremendously and jury confusion is even more likely to occur if the damages and willfulness stages were combined with the liability phase of the trial.

Moreover, resolving the issue of patent infringement does not require proving intent. Introducing evidence of damages, including alleged evidence of willfulness, likely would obscure the facts for each defendant pertaining to infringement. Again, another complex issue would be present for the jury to consider at the same time it seeks to differentiate the liability evidence for each defendant.

Defendants request that this Court bifurcate liability from damages and willfulness to decrease the likelihood of jury confusion.

### B.   Bifurcation Eliminates Potential Prejudice to Defendants

Bifurcating the liability, damages, and willfulness issues would avoid prejudice to the Defendants. As mentioned previously, the present case involves one patent, ten claims, three defendant groups, and four different products. The Defendants have all asserted non-infringement defenses which results in multiple experts submitting differing reports and testifying during trial. This means that if liability were the sole issue tried during trial, the jury would hear testimony about all the products at issue; all of the patent claims at issue; and all of the defenses, some of which are specific to each defendant. This alone likely would cause the jury difficulty in remembering which evidence is to be associated with which defendant(s). If willfulness and damages were also tried with liability, additional evidence would be presented, including, but not limited to, more experts testifying, making the case even more complex and increasing the likelihood that the jury would confuse which evidence is to be associated with the appropriate defendant(s). Therefore, it would be prejudicial to the Defendants for the willfulness and damages issues to be tried at the same trial as liability and Defendants seek this Court bifurcate these issues.

### C.   Bifurcation Promotes Judicial Expedition, Economy, and Efficiency

The trial for this case is scheduled for two weeks, beginning on April 17, 2006. *See* Scheduling Order dated October 22, 2004 (D.I. 35). From the information obtained during discovery, it appears that solely trying the liability issue likely may take the full two weeks scheduled for trial. Trying the liability, willfulness, and damages issues would make the case even more complex than trying liability alone, require more evidence be presented, likely lead to jury confusion, prejudice all of the defendants, and may require more than the time allotted for trial in the Scheduling Order.

To avoid confusing the jury with a complex set of possible damages scenarios and combinations, to not have to schedule more of the Court's time, and to avoid prejudicing TeleCheck, ECHO, and Nova, it makes sense to postpone the willfulness and damages

10

phases until there is a determination of whether there is any liability, and if so, which product(s) infringe and which defendant(s) are liable.  A preliminary finding on the issue of liability may make inquiries into willfulness and damages unnecessary thereby resulting in substantial savings of time to the Court and parties, and reduction of expenses to the parties.

Since the outcome of liability on the basis of invalidity or non-infringement may be dispositive, a trial on both liability and damages/willfulness would be a waste of time and resources for both the Court and the parties.  Therefore, in consideration of the expedition, economy, and convenience factors of Rule 42(b), trial of the willfulness and damages issues should be bifurcated from the liability issue.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court bifurcate the issues of willfulness and damages from the issue of liability for trial.

| | |
|---|---|
| */s/ Francis DiGiovanni*<br>Francis DiGiovanni (I.D. No. 3189)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, Delaware 19801<br>302.658.9141<br>fdigiovanni@cblh.com<br><br>*Counsel for Defendants*<br>*Electronic Clearing House, Inc.*<br>*and Xpresschex, Inc.* | */s/ Stamatios Stamoulis*<br>William J. Marsden, Jr. (I.D. No. 2247)<br>Timothy Devlin (I.D. No. 4241)<br>Stamatios Stamoulis (I.D. No. 4606)<br>FISH & RICHARDSON P.C.<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>302.652.5070<br>marsden@fr.com<br><br>*Counsel for Defendant*<br>*TeleCheck Services, Inc.*<br><br>  */s/ Richard D. Kirk*<br>Richard D. Kirk (I.D. No. 922)<br>THE BAYARD FIRM<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801<br>302.429.4208<br>rkirk@bayardfirm.com |
| Dated:  February 7, 2006 | *Counsel for Defendant*<br>*NOVA Information Systems, Inc.* |

80026743.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2006, I electronically filed MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE WILLFULNESS AND DAMAGES FROM LIABILITY with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

**BY HAND**
Richard K. Herrmann Esq.
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
PNC Bank Center
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899-2306

**BY HAND**
Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801

**BY HAND**
Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I hereby certify that on February 7, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Russell Levine, Esq.
Christian C. Taylor
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Mark C. Scarsi
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA 90071

Robert Jacobs, Esq.
Belasco Jacobs & Townsley, LLP
Howard Hughes Center
6100 Center Drive, Suite 630
Los Angeles, CA 90045

　　　　　　　　　　　　　　　　　　　　　　 /s/ Stamatious Stamoulis
　　　　　　　　　　　　　　　　　　　　　　　　Stamatios Stamoulis