**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LML PATENT CORP. )<br>)<br>         Plaintiff, )<br>  vs. )<br>)<br>TELECHECK SERVICES, INC. )<br>ELECTRONIC CLEARING HOUSE, )<br>INC., XPRESSCHEX, INC., AND )<br>NOVA INFORMATION SYSTEMS, )<br>INC. )<br>)<br>         Defendants. )<br>) | Civil Action No.    04-858-SLR<br><br>Judge Sue L. Robinson |

**JOINT PRETRIAL ORDER**

On March 21, 2006 at 4:30 p.m., counsel for plaintiff LML Patent Corp. ("LML") and counsel for defendants TeleCheck Services, Inc. ("TeleCheck"), Nova Information Systems, Inc. ("Nova"), and Electronic Clearing House, Inc. and Xpresschex, Inc. (collectively, "ECHO") will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Rule 16.4 of this Court and this Court's October 22, 2004 Scheduling Order. The following matters as to trial of the action commencing on April 17, 2005 are hereby ordered by the Court:

**I.     NATURE OF THE ACTION**

This is an action brought by LML against defendants TeleCheck, Nova, and ECHO for patent infringement. By this action, LML seeks monetary damages, injunctive relief, and an accounting for all damages accrued from January 1, 2006 until such time as defendants are enjoined from further infringement, if found.

**A.     Pleadings**

1. On July 14, 2004, LML filed this action against defendants, asserting that defendants willfully infringed and continue to infringe three patents that have been assigned to LML: U.S. Patent No. 5,484,988 (the "'988 patent"), United States Patent No. 6,164,528 (the "'528 patent"), and United States Patent No. 6,283,366 (the "'366 patent"). (D.I. 1).

2. On August 31, 2004, TeleCheck answered LML's complaint, asserting affirmative defenses including non-infringement and invalidity of the '988 patent. (D.I. 16). On November 21, 2005, the Court granted TeleCheck's Motion for Leave to File a Second Amended Answer and Affirmative Defenses (D.I. 232) to add the affirmative defense of inequitable conduct with respect to the '988 patent. (D.I. 445).

3. On September 17, 2004, Nova answered LML's complaint, asserting affirmative defenses including non-infringement, invalidity, inequitable conduct of the '988 patent and a counterclaim for declaratory relief that the '988 patent is invalid, unenforceable and not infringed by Nova. (D.I. 19). LML replied to Nova's declaratory judgment counterclaim on September 21, 2004. (D.I. 22). On November 21, 2005, the Court granted Nova's Motion for Leave to File an Amended Answer and Affirmative Defenses (D.I. 244) with respect to its affirmative defense of inequitable conduct with respect to the '988 patent. (D.I. 445).

4. On September 17, 2004, ECHO answered LML's complaint, asserting affirmative defenses including invalidity and non-infringement of the '988 patent. (D.I. 20). On November 21, 2005, the Court granted ECHO's Motion for Leave to File Second Amended Answer and Affirmative Defenses (D.I. 210) to add an additional affirmative defense of inequitable conduct with respect to the '988 patent. (D.I. 445).

5. On September 26, 2005, the parties filed a Stipulation and Proposed Order with the Court to streamline and narrow the case for trial. (D.I. 266). The Stipulation and Order provided that LML would dismiss its claims relating to the '528 and '366 patents, with prejudice, and defendants would drop all laches and estoppel defenses with respect to the '988 patent, and further strike and/or dismiss any defenses and counterclaims relating to the '528 and '366 patents. The Court entered the Stipulation and Order on September 27, 2005.

### B.  Claims At Issue

1. LML accuses defendants of infringing two of the independent claims of the '988 patent—claims 1 and 9. Claims 1 and 9 are both system claims. LML also accuses defendants of infringing several claims which depend on system claims 1 and 9—claims 2, 4-6, and 14 which are dependent from claim 1; and claims 10 and 11 which are dependent from claim 9.

2. LML also accuses defendants of infringing process claims 16 and 18 which are dependent from claim 8.

### C.  Pending Motions

1. On September 21, 2005, LML filed a Motion to Strike Portions of David P. Kurrasch's Supplemental Expert Report Regarding Invalidity. (D.I. 263). Defendants have opposed the motion. (D.I. 279). LML has filed a reply in support of its motion. (D.I. 283).

2. On October 7, 2005, LML filed a Motion to Strike the Second Supplement to the Expert Report of David P. Kurrasch Regarding Invalidity. (D.I. 284). Defendants have opposed the motion. (D.I. 298). LML has filed a reply in support of its motion. (D.I. 305).

3.   On October 7, 2005, the parties exchanged Opening Claim Construction Briefs.  (D.I. 286 - LML's Opening Brief On Issues of Claim Construction, D.I. 288 - Defendants' Opening Brief Regarding Construction of Disputed Claim Terms for the Patent-in-Suit).  Answering Briefs were exchanged on October 21, 2005.  (D.I. 295, 297).  A *Markman* hearing was held before this Court on December 19, 2005.

4.   On October 28, 2005, the parties filed motions for summary judgment.  LML filed the following motions:

- Motion for Summary Judgment No. 1:  For a Ruling That TeleCheck Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 Patent (D.I. 312),

- Motion for Summary Judgment No. 2:  For a Ruling That ECHO Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 Patent (D.I. 315),

- Motion for Summary Judgment No. 3:  For a Ruling That Nova Infringes Claims 1, 2, 4, 5, 6, 9, 10, 11, and 16 of the '988 Patent (D.I. 318),

- Motion for Summary Judgment No. 4:  For a Ruling That Claims 1, 2, 4-6, 9-11, 14, 16, and 18 of the '988 Patent Are Not Anticipated (D.I. 321),

- Motion for Summary Judgment No. 5:  For a Ruling That Claims 1, 2, 4-6, 9-11, 14, 16, and 18 of the '988 Patent Are Not Invalid Under 35 U.S.C. §§ 112 and 132 (D.I. 325), and

- Motion for Summary Judgment No. 6:  For a Ruling That Claims 1, 2, 4-6, 9-11, 14, 16, and 18 of the '988 Patent Are Not Invalid For Improper Inventorship Under § 102(f) (D.I. 329).

Defendants filed the following motions:

- Defendant TeleCheck Services Inc.'s Motion for Summary Judgment of Non-Infringement (D.I. 341),

- Defendant Nova Information Systems, Inc.'s Motion for Summary Judgment of Non-Infringement (D.I. 324),

- ECHO and Xpresschex's Motion for Summary Judgment of Non-Infringement (D.I. 347), and

- Defendants' Motion for Summary Judgment of Invalidity (D.I. 339).

The parties filed oppositions to summary judgment motions on November 15, 2005 (D.I. 414, 418, 422, 424, 427, 429, 430, 431, 438, 440). The parties also filed replies in support of their respective summary judgment motions on November 23, 2005 (D.I. 481, 483, 485, 487, 489, 491, 494, 497, 498, 500). In conjunction with the *Markman* hearing, the Court heard oral argument regarding summary judgment motions on December 19, 2005.

5. On October 28, 2005, in accordance with the Court's October 22, 2004 Scheduling Order, LML also filed four *Daubert* motions to limit the testimony of defendants' experts:

- LML's *Daubert* Motion No. 1: For a Ruling Limiting the Testimony of David P. Kurrasch (D.I. 333),

- LML's *Daubert* Motion No. 2: For a Ruling Limiting the Testimony of Stephen A. Schutze (D.I. 337),

- LML's *Daubert* Motion No. 3: For a Rule Limiting the Testimony of Brian W. Napper (D.I. 342), and

- LML's *Daubert* Motion No. 4: For a Rule Limiting the Testimony of Alan G. Goedde (D.I. 348).

Defendants filed opposing briefs on November 14, 2005 (D.I. 401, 404, 406, 408). LML filed its respective reply briefs in support of its *Daubert* motions on November 21, 2005 (D.I. 450, 452, 456, 457).

6. On November 2, 2005, Defendant ECHO filed Objections to Special Discovery Master No. 5 (D.I. 362, 364). On November 14, 2005, LML filed a response to ECHO's objections. (D.I. 403).

7. On November 14, 2005, Defendant TeleCheck filed Objections to the Special Discovery Master's October 25, 2005 Ruling (D.I. 410). On November 17, 2005, LML

filed a response to TeleCheck's objections. (D.I. 442). TeleCheck filed a reply in support of its Objections. (D.I. 507).

8. On November 30, 2005, defendants filed a Motion For Leave to File and Set Briefing Schedule Regarding Defendants' Motion for Summary Judgment of Indefiniteness. (D.I. 516). LML opposed the motion. (D.I. 530). Defendants filed a reply in support of their motion. (D.I. 531).

9. On December 23, 2005, LML filed a Motion to Strike the Third Supplement to the Expert Report of David P. Kurrasch Regarding the Issues of Non-Infringement and Invalidity. (D.I. 538). Defendants opposed this motion. (D.I. 542). LML has filed a reply in support of its motion. (D.I. 544).

10. On January 16, 2006, LML moved to strike Defendants' Supplemental Claim Construction Letter to this Court. (D.I. 545). Defendants opposed the motion. (D.I. 548). LML has filed a reply in support of its motion. (D.I. 551).

11. On February 7, 2006, defendants filed a Motion to Bifurcate Willfulness and Damages From Liability of Defendants. (D.I. 555). LML opposed the motion. (D.I. 556). Defendants have filed a reply in support of their motion. (D.I. 557).

## II.    BASES FOR FEDERAL JURISDICTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* and, with respect to Nova's counterclaims, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

3. This Court has personal jurisdiction over the parties.

**III.    STATEMENT OF UNDISPUTED FACTS**

1. The parties jointly stipulate to the facts set forth in attached Exhibit 1. These undisputed facts require no proof at trial.

**IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED**

1. LML's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

2. Defendants' statement of issues of fact that remain to be litigated is attached as Exhibit 3.

**V.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

1. LML's statement of issues of law that remain to be litigated is attached as Exhibit 4.

2. Defendants' statement of issues of law that remain to be litigated is attached as Exhibit 5.

**VI.    EXHIBITS**

1. LML's list of exhibits that it intends to offer at trial, including defendants' grounds for any objections thereto and the rule of evidence on which LML will rely to support admissibility in response to any such objections, is attached as Exhibit 6.

2. Defendants' list of exhibits that they intend to offer at trial, including LML's grounds for any objections thereto and the rule of evidence on which defendants will rely to support admissibility in response to any such objections, is attached as Exhibit 7.

3. The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective exhibit lists. These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *e.g.*, by production number, deposition number, or otherwise. Absent just cause, a party may not offer any exhibits at trial that

do not appear on that party's exhibit list. The parties agree, however, that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

4. The parties shall exchange demonstrative exhibits they intend to use at trial by 7:00 p.m., two calendar days before a given demonstrative is first used at trial. Reasonable edits, including deletions, may be made to the demonstrative exhibits prior to use; however, such edited demonstrative exhibits shall be exchanged by 7:00 p.m. the evening before they are used. The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony at trial or the enlargement, highlighting, ballooning, etc. of trial exhibits or of testimony.

5. The parties shall meet and confer to resolve any objections to demonstratives. Any objection that cannot be resolved shall be raised with the Court before the demonstrative is used with the witness.

6. The parties shall exchange any additional demonstrative exhibits to be used during closing arguments at a time agreed to by the parties and sufficiently in advance of closing arguments (but no later than 7 p.m. the night before closing arguments) so that the parties have a reasonable opportunity: (1) to meet and confer to resolve any objections to such demonstratives; and (2) to raise with the Court any objections that cannot be resolved before the demonstrative is used during closing argument.

7. Copies of the actual exhibits and all physical exhibits will be available for inspection in Wilmington, Delaware in accordance with ¶¶ 4 and 6 above.

## VII.     WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1. LML's list of witnesses it may call at trial is attached as Exhibit 8.

2. Defendants' list of witnesses they may call at trial is attached as Exhibit 9.

3. The parties agree that they shall provide the other side by 7:00 p.m. two days before a witness is called live at trial (i.e. Monday evening for a witness to be called on Wednesday) with the name of each witness they expect to call, the order in which they expect to call the witnesses, and identification of the trial exhibits they expect to use on direct examination of the witness.

4. The parties will exchange designations of deposition testimony expected to be used at trial no later than by 5:00 p.m. on April 5, 2006. Any counter-designations of deposition testimony expected to be used at trial, along with objections to any designations will be exchanged by April 12, 2006. Prior to reading or playing a videotape or DVD of the deposition at trial, each party shall provide 48 hours of notice of the specific pages and lines of each deposition that such party intends to use. Within 24 hours of such notice, the other parties will identify any specific pages and lines from that deposition to counter-designate. The parties shall meet and confer to resolve any objections to such deposition testimony. If the objections to disputed testimony are not resolved by the parties' meet and confer, they will be presented to the Court the day the presenting party proposes to present such testimony by deposition. The specific portions of the deposition shall be read or played in page order. If a party designates deposition testimony, and another party has counter-designated, both the designation and counter-designation(s) will be read or played together in page order.

5. For convenience and clarity, the parties further propose that the party presenting a witness play or read both the designated portions of the testimony and all relating counter-designations, omitting (as agreed upon in advance by the parties)

objections and colloquy where appropriate. The time for such designations shall be allocated to each party accordingly, by a submission to the Court reporter.

      6. The parties agree that any deposition testimony to be used at trial can be used whether or not transcripts of such depositions have been signed and filed pursuant to Fed.R.Civ.P.30(b).

      7. The listing of a deposition designation or discovery response does not constitute an admission as to the admissibility of the testimony or discovery response (*i.e.*, a waiver of any applicable objection).

## VIII. BRIEF STATEMENT OF INTENDED PROOFS

      1. In support of its claims, in addition to the facts not in dispute, plaintiff expects to offer the proofs set forth in Exhibit 10.

      2. In support of their defenses, in addition to the facts not in dispute, defendants expect to offer the proofs set forth in Exhibit 11.

## IX. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

      1. The parties certify that two-way communication has occurred between a person having authority for plaintiff and a person having authority for each defendant in a good faith effort to explore the resolution of the controversy by settlement. No agreement has been reached between plaintiff and any of the defendants.

## X. MISCELLANEOUS ISSUES TO BE ADDRESSED AT THE PRETRIAL CONFERENCE

      1. A list and brief discussion of miscellaneous issues that LML wishes to address at the pretrial conference is set forth in Exhibit 12.

      2. A list and brief discussion of miscellaneous issues that defendants wish to address at the pretrial conference is set forth in Exhibit 13.

XI. **EXPECTED DURATION OF THE TRIAL**

1. Plaintiff believes that the time available for the jury trial should be evenly split between plaintiff and defendants. Defendants believe that the time available for the jury trial should be evenly split among the parties.

2. Plaintiff believes that defendants' unenforceability defense should not to be presented to the jury and that the hearing relating to the unenforceability defense should require no more than one (1) additional trial day (after completion of jury trial) with the time allocated for such hearing equally divided between the parties.

XII. **ORDER TO CONTROL COURSE OF ACTION**

This order shall control the subsequent course of this action unless modified by the Court to prevent manifest injustice.

Agreed to by the parties this 16th day of March, 2006:

| | |
|---|---|
| */s/ Mary B. Matterer* | */s/ Timothy Devlin* |
| Richard K. Herrmann (#405) | William J. Marsden, Jr. (#2247) |
| Mary B. Matterer (#2696) | Timothy Devlin (#4241) |
| MORRIS, JAMES, HITCHENS & WILLIAMS LLP | Tara D. Elliott (#4483) FISH & RICHARDSON P.C. |
| 222 Delaware Avenue, 10th Floor | 919 N. Market Street, Suite 1100 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 888-6800 | (302) 652-5070 |
| | |
| Russell E. Levine, P.C. | *Attorneys for TeleCheck Services, Inc.* |
| Jamie H. McDole | |
| KIRKLAND & ELLIS LLP | |
| 200 East Randolph Drive | |
| Chicago, IL 60601 | |
| (312) 861-2000 | |

*Attorneys for LML Patent Corp.*

| | |
|---|---|
| _____*/s/ Collins J. Seitz, Jr.*_____<br>Collins J. Seitz, Jr. (#2237)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE  19801<br>(302) 658-9141<br><br>Robert Jacobs<br>Mark B. Mizrahi<br>BELASCO JACOBS & TOWNSLEY, LLP<br>Howard Hughes Center<br>6100 Center Drive, Suite 630<br>Los Angeles, CA 90045<br>(310) 743-1188<br><br>*Attorneys for Xpresschex, Inc., and Electronic Clearing House, Inc.* | _____*/s/ Richard D. Kirk*_____<br>Richard D. Kirk (#922)<br>THE BAYARD FIRM<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19899<br>(302) 888-6800<br><br>Mark C. Scarsi<br>Vision Winter<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>(213) 430-6000<br><br>*Attorneys for NOVA Information Systems, Inc.* |

- 13 -

**IT IS SO ORDERED**.

Dated: _____

_____
Sue L. Robinson
United States District Judge