Exhibit 2

## LML'S STATEMENT OF ISSUES OF FACTS
## THAT REMAIN TO BE LITIGATED

The following factual issues remain to be litigated.  To the extent that any issues of law

set forth in Exhibit 4 of the Joint Pre-Trial Order  may be considered issues of fact, LML

incorporates those portions of Exhibit 4 herein by reference.  To the extent any of the issues of

fact set forth in this Exhibit 2 may be considered issues of law, LML incorporates those portions

of this Exhibit 2 in Exhibit 4 below.  LML incorporates Exhibit 10 (Brief Statement of Intended

Proofs) herein.

## I.    INFRINGEMENT

1.   Whether LML can prove by a preponderance of the evidence that TeleCheck has

infringed claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent, either literally or under

the doctrine of equivalents, as those claims are properly construed.

2.   Whether LML can prove by a preponderance of the evidence that Nova has infringed

claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent, either literally or under the

doctrine of equivalents, as those claims are properly construed.

3.   Whether LML can prove by a preponderance of the evidence that ECHO/Xpresschex

has infringed claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent, either literally or

under the doctrine of equivalents, as those claims are properly construed.

## II.    VALIDITY

1.    Whether Defendants can prove by clear and convincing evidence that each of the

references upon which they rely qualifies as prior art under 35 U.S.C. § 102.

2.    The level of ordinary skill in the art as of November 13, 1992, the effective filing date of the '988 patent.

3.    Whether Defendants can prove by clear and convincing evidence that the priority date of the '988 patent is anything other than November 13, 1992.[1]

4.    Whether Defendants can prove by clear and convincing evidence that a single prior art reference discloses all of the elements of each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent.

4.    Whether Defendants can prove by clear and convincing evidence that the invention described in each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent would have been obvious to a person of ordinary skill in the art at the time the claimed invention was made, in light of the scope and content of the prior art, the difference between the invention and the prior art, the level of ordinary skill in the art at the time, and objective indicia of non-obviousness.

5.    Whether Defendants can prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent lack a sufficient written description in violation of 35 U.S.C. § 112.

6.    Whether Defendants can prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent fail to enable one of ordinary skill to make and use the invention in violation of 35 U.S.C. § 112.

---

[1] LML disagrees that the priority date of the '988 patent is an issue in this case. Nevertheless, LML has included it here should the Court decide differently.

7.  Whether Defendants can prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent contain new matter in violation of 35 U.S.C. § 132.

8.  Whether Defendants can prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent are indefinite in violation of 35 U.S.C. § 112.

9.  Whether Defendants can prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent is subject to the on-sale bar.[2]

10. Whether Defendants can prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent is invalid because a person invented the invention before the patentee did.[3]

## III.    WILLFULNESS

1.  Whether LML can prove by clear and convincing evidence that TeleCheck's infringement was willful.

2.  Whether LML can prove by clear and convincing evidence that Nova's infringement was willful.

---

[2] LML disagrees that on-sale bar is an issue in this case. Nevertheless, LML has included it here should the Court allow Defendants to argue this contention.

[3] LML disagrees that prior invention is an issue in this case, Nevertheless, LML has included it here should the Court allow Defendants to argue this contention.

3.   Whether LML can prove by clear and convincing evidence that ECHO/Xpresschex's infringement was willful.

## IV.   DAMAGES

1.   The amount of damages in the form of a reasonable royalty due LML as a result of TeleCheck's infringement through December 31, 2005.

2.   The amount of damages in the form of a reasonable royalty due LML as a result of Nova's infringement through December 31, 2005.

3.   The amount of damages in the form of a reasonable royalty due LML as a result of ECHO/Xpresschex's infringement through December 31, 2005.

4.   The amount of damages in the form of a reasonable royalty due LML as a result of TeleCheck's infringement from January 1, 2006 through such time as TeleCheck is enjoined from further infringement to be determined by a post-judgment accounting ordered by the Court.

5.   The amount of damages in the form of a reasonable royalty due LML as a result of Nova's infringement from January 1, 2006 through such time as Nova is enjoined from further infringement to be determined by a post-judgment accounting ordered by the Court.

6.   The amount of damages in the form of a reasonable royalty due LML as a result of ECHO/Xpresschex's infringement from January 1, 2006 through such time as ECHO/Xpresschex are enjoined from further infringement to be determined by a post-judgment accounting ordered by the Court.

## V.     UNENFORCEABILITY

1.  Whether Defendants can prove by clear and convincing evidence that the '988 patent is not enforceable for inequitable conduct.