**EXHIBIT 3**
**Pretrial Order**
**Civil Action No. 04-858 (SLR)**

**DEFENDANTS' STATEMENT OF ISSUES OF FACT**
**THAT REMAIN TO BE LITIGATED**

Defendants expect that they will present the below-listed issues of fact at trial. Defendants reserve the right to modify, supplement, or change this Statement of Issues of Fact That Remain to be Litigated (the "Statement") to reflect the Court's rulings on claim construction and the dispositive motions presently pending. Defendants also reserve the right to modify, supplement or change this Statement to the extent necessary to fairly respond to any new issues plaintiff raises in its Statement of Issues of Fact. To the extent that any of these issues is deemed an issue of law rather than an issue of fact, Defendants incorporate said issue by reference into Defendants' Statement of Issues of Law that Remain to be Litigated. Conversely, to the extent that any issue in Defendants' Statement of Issues of Law that Remain to be Litigated is deemed an issue of fact, Defendants incorporate said issue by reference into this Statement.

**I.    INFRINGEMENT**

1. The date of invention of the inventions claimed in the '988 patent.

2. The ordinary meaning of claim terms in the '988 patent assigned or left to their ordinary meaning.

3. The operation of TeleCheck's Electronic Check Acceptance ("ECA") Service.

4. The operation of the XpressConversion service, the CHEXpedite Electronic Payment Solutions service, and ECHO's Visa POS Check Service.

5. The operation of Nova's Electronic Check Service ("ECS").

6. Whether, by a preponderance of the evidence, Plaintiff can prove that TeleCheck's ECA service literally infringes claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent. 35 U.S.C. § 271; *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359 (Fed. Cir. 2003) (*en banc*); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533 (Fed. Cir. 1991).

7. Whether, by a preponderance of the evidence, Plaintiff can prove that the XpressConversion service, the CHEXpedite Electronic Payment Solutions service, and/or ECHO's Visa POS Check Service literally infringes claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent. 35 U.S.C. § 271; *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359 (Fed. Cir. 2003) (*en banc*); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533 (Fed. Cir. 1991).

8. Whether, by a preponderance of the evidence, Plaintiff can prove that Nova's ECS system literally infringes claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent. 35 U.S.C. § 271; *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359 (Fed. Cir. 2003) (*en banc*); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533 (Fed. Cir. 1991).

9. Whether and when each defendant had notice of plaintiffs' claims of patent infringement.

## II. INVALIDITY

10. Factual issues as to whether certain publications, systems, public uses, processes or actions are prior art with respect to the claims of the '988 patent. 35 U.S.C. §§ 102, 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

11. The scope and content of the prior art for all asserted claims of the '988 patent. 35 U.S.C. §§ 102, 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

12. Whether, by clear and convincing evidence, claims 1, 2, 4-6, 9-11, 14, 16 and 18 of U.S. Patent No. 5,484,988 ("the '988 patent") are anticipated by the prior art. 35 U.S.C. § 102.

13. The level of ordinary skill in the art at the time of the invention for all asserted patent claims. 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

14. The differences, if any, between the prior art and each asserted claim. 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

15. Whether, by clear and convincing evidence, claims 1-2, 4-6, 9-11, 14, 16 and 18 of the '988 patent would have been obvious to one of ordinary skill in the art of electronic check processing as of the priority date of the asserted claims. 35 U.S.C. § 103.

16. Whether there is any objective evidence of nonobviousness for any asserted patent claim. 35 U.S.C. § 103.

17. Whether plaintiff can prove a nexus between any objective evidence of non-obviousness and the merits of the invention of any asserted claim. 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Siolund v. Musland*, 847 F.2d 1573 (Fed. Cir. 1988).

18. The effective priority date of the asserted claims of the '988 patent;

19. Where defendants rely on either a single reference or a combination of references to assert invalidity under 35 U.S.C. § 103, whether there is a motivation to modify or combine those references to arrive at the inventions claimed in the patents-in-suit. 35 U.S.C. § 103.

20. Whether, by clear and convincing evidence, the electronic check processing system described in claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent was publicly disclosed or on sale in the United States more than one year prior to the priority date of those asserted claims. 35 U.S.C. § 102.

21. Whether, by clear and convincing evidence, the '988 patent is invalid for failure to name the correct inventors because someone who made the requisite contribution to conception so as to be named a co-inventor was not so named, or for failure to satisfy the derivation requirement because the complete claimed invention was conceived by another and communicated to the patentee in clear and enabling detail.  35 U.S.C. §§ 102(f), 103, 116; *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466 (Fed. Cir. 1997); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1577 (Fed. Cir. 1997).

22. Whether, by clear and convincing evidence, claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent are invalid for indefiniteness for failure to particularly point out and distinctly claim the subject matter that the applicants regarded as their invention.  35 U.S.C. § 112.

23. Whether, by clear and convincing evidence, one of ordinary skill in the art of electronic check processing as of the priority date of claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent would have been unable to make and use the invention described in those claims without undue experimentation.  35 U.S.C. § 112; *Harris Corp. v. IXYS Corp.*, 114 F.3d 1149 (Fed. Cir. 1997); *National Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190 (Fed. Cir. 1990).

24. Whether, by clear and convincing evidence, claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent lack a sufficient supporting written description so as to teach one of ordinary skill in the art of electronic check processing as of the priority date of those claims what is being claimed by the patent.  35 U.S.C. § 112.

25. Whether, by clear and convincing evidence, claims 1, 2, 4-6, 9-11, 14, 16 and 18 of the '988 patent contain new matter not expressly or inherently disclosed in the original 1992 application leading to the issuance of the '988 patent.  35 U.S.C. § 132.

26. Whether, for each claim, plaintiff can prove a date of invention earlier than the respective filing date, and such date of invention. 35 U.S.C. §§ 102(a), (g); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368 (Fed. Cir. 1998); *GambroLundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573 (Fed. Cir. 1997).

### III. UNENFORCEABILITY

27. Whether individuals associated with the filing or prosecution of the '988 patent either withheld information from the United States Patent & Trademark Office (the "PTO") or misrepresented information to the PTO. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995); *Consolidated Alum. Corp. v. Foseco Int'l, Ltd.*, 910 F.2d 804 (Fed. Cir. 1990).

28. Whether the withheld or misrepresented information was material. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995); *Consolidated Alum. Corp. v. Foseco Int'l, Ltd.*, 910 F.2d 804 (Fed. Cir. 1990).

29. Whether the information was withheld or misrepresented with the intent to mislead or deceive the PTO. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995); *Consolidated Alum. Corp. v. Foseco Int'l, Ltd.*, 910 F.2d 804 (Fed. Cir. 1990).

### IV. DAMAGES

30. Whether plaintiff can prove that it is entitled to a royalty from TeleCheck, and the amount of any such royalty, including the underlying *Georgia-Pacific* factors. 35 U.S.C. § 284.

31. Whether plaintiff can prove that it is entitled to a royalty from ECHO, and the amount of any such royalty, including the underlying *Georgia-Pacific* factors. 35 U.S.C. § 284.

32. Whether plaintiff can prove that it is entitled to a royalty from NOVA, and the amount of any such royalty, including the underlying *Georgia-Pacific* factors. 35 U.S.C. § 284.

33. Whether, by clear and convincing evidence, plaintiff can prove that TeleCheck's alleged infringement of the '988 patent was willful. The determination of whether increased damages are warranted is a discretionary determination for the Court. 35 U.S.C. § 284; *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992).

34. Whether, by clear and convincing evidence, plaintiff can prove that ECHO's alleged infringement of the '988 patent was willful. The determination of whether increased damages are warranted is a discretionary determination for the Court. 35 U.S.C. § 284; *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992).

35. Whether, by clear and convincing evidence, plaintiff can prove that NOVA's alleged infringement of the '988 patent was willful. The determination of whether increased damages are warranted is a discretionary determination for the Court. 35 U.S.C. § 284; *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992).

36. Whether, by clear and convincing evidence, plaintiff can prove that this is an exceptional case as it relates to TeleCheck. If plaintiff meets this burden, the imposition of attorneys fees and costs is a discretionary issue for the Court. Likewise, the issue of whether plaintiff is entitled to prejudgment interest or injunctive relief is left to the discretion of the Court. *Machinery Corp. v. Gullfiber AB*, 774 F.2d 467 (Fed. Cir. 1985).

37. Whether, by clear and convincing evidence, plaintiff can prove that this is an exceptional case as it relates to ECHO. If plaintiff meets this burden, the imposition of attorneys fees and costs is a discretionary issue for the Court. Likewise, the issue of whether plaintiff is entitled to prejudgment interest or injunctive relief is left to the discretion of the Court. *Machinery Corp. v. Gullfiber AB*, 774 F.2d 467 (Fed. Cir. 1985).

38.     Whether, by clear and convincing evidence, plaintiff can prove that this is an exceptional case as it relates to NOVA.  If plaintiff meets this burden, the imposition of attorneys fees and costs is a discretionary issue for the Court.  Likewise, the issue of whether plaintiff is entitled to prejudgment interest or injunctive relief is left to the discretion of the Court. *Machinery Corp. v. Gullfiber AB*, 774 F.2d 467 (Fed. Cir. 1985).

39.     Whether, by clear and convincing evidence, defendants can prove that this is an exceptional case as it relates to LML's initiation and prosecution of the action.  If defendants meet this burden, the imposition of attorneys fees and costs is a discretionary issue for the Court. 35 U.S.C. § 285; *Tate Access Floors, Inc. v. Maxcess Tech., Inc.*, 222 F.3d 958, 971-72 (Fed. Cir. 2000); *L.E.A. Dynatech v. Allina*, 48 F.3d 1527, 1530 (Fed. Cir. 1995).

40.     Whether plaintiff is entitled to injunctive relief against TeleCheck.

41.     Whether plaintiff is entitled to injunctive relief against ECHO.

42.     Whether plaintiff is entitled to injunctive relief against NOVA.