Exhibit 10

## LML'S STATEMENT OF INTENDED PROOFS AT TRIAL

LML respectfully submits the following list of what it intends to prove at the upcoming trial. In addition to the items identified below, LML intends to prove the matters identified in its Complaint, interrogatory answers and in the expert reports and rebuttal reports of its expert witnesses. LML also intends to offer proof on the issues of fact and issues of law identified by the parties in this Joint Pre-Trial Order.

**I.    INFRINGEMENT**

1. LML will prove that TeleCheck has infringed each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent.

2. LML will prove that Nova has infringed each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent.

3. LML will prove that ECHO/Xpresschex have infringed each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent.

4. LML will prove that TeleCheck's infringement of the '988 patent was willful.

5. LML will prove that Nova's infringement of the '988 patent was willful.

6. LML will prove that ECHO/Xpresschex's infringement of the '988 patent was willful.

- 2 -

**II.    DAMAGES**

1.  LML will establish its right to a permanent injunction restraining Defendants from any further acts of infringement.

2.  LML will show entitlement to, and will specifically prove the amount of, damages in the form of a reasonable royalty that it is due as a result of TeleCheck's infringement of the '988 patent through December 31, 2005.

3.  LML will show entitlement to, and will specifically prove the amount of, damages in the form of a reasonable royalty that it is due as a result of Nova's infringement of the '988 patent through December 31, 2005.

4.  LML will show entitlement to, and will specifically prove the amount of, damages in the form of a reasonable royalty that it is due as a result of ECHO/Xpresschex's infringement of the '988 patent through December 31, 2005.

5.  LML will show entitlement to, and specifically seeks, damages in the form of a reasonable royalty that it is due as a result of TeleCheck's infringement from January 1, 2006 through such time as TeleCheck is enjoined from further infringement.  To that end, LML will seek an accounting to determine such damages for the period from January 1, 2006 through the time of the injunction.

6.  LML will show entitlement to, and specifically seeks, damages in the form of a reasonable royalty that it is due as a result of Nova's infringement from January 1, 2006 through such time as Nova is enjoined from further infringement.  To that end, LML will seek an

accounting to determine such damages for the period from January 1, 2006 through the time of the injunction.

7. LML will show entitlement to, and specifically seeks, damages in the form of a reasonable royalty that it is due as a result of ECHO/Xpresschex's infringement from January 1, 2006 through such time as ECHO/Xpresschex are enjoined from further infringement. To that end, LML will seek an accounting to determine such damages for the period from January 1, 2006 through the time of the injunction.

8. LML will establish its right to have the damages caused by TeleCheck's infringement trebled or otherwise enhanced due to TeleCheck's willfulness.

9. LML will establish its right to have the damages caused by Nova's infringement trebled or otherwise enhanced due to Nova's willfulness.

10. LML will establish its right to have the damages caused by ECHO/Xpresschex's infringement trebled or otherwise enhanced due to ECHO/Xpresschex's willfulness.

11. LML will establish its right to prejudgment interest on account of the damages caused by TeleCheck.

12. LML will establish its right to prejudgment interest on account of the damages caused by Nova.

13. LML will establish its right to prejudgment interest on account of the damages caused by ECHO/Xpresschex.

14. LML will establish that this is an exceptional case within the meaning of 35 U.S.C. § 285 such that it is entitled to its attorneys' fees and costs from TeleCheck, as this Court permits.

15. LML will establish that this is an exceptional case within the meaning of 35 U.S.C. § 285 such that it is entitled to its attorneys' fees and costs from Nova, as this Court permits.

16. LML will establish that this is an exceptional case within the meaning of 35 U.S.C. § 285 such that it is entitled to its attorneys' fees and costs from ECHO/Xpresschex, as this Court permits.

## III.   VALIDITY

1. LML intends, to the extent necessary, to introduce evidence to rebut each of Defendants' affirmative defenses and/or counterclaims. Defendants will not be able to prove by clear and convincing evidence that each of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent are invalid.

## IV.   ENFORCEABILITY

1. LML intends, to the extent necessary, to introduce evidence to rebut each of Defendants' affirmative defenses regarding the enforceability of claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16, and 18 of the '988 patent. Defendants will not be able to prove by clear and convincing evidence that the '988 patent is unenforceable.