**EXHIBIT 11**
**Pretrial Order**
**Civil Action No. 04-858 (SLR)**

**DEFENDANTS' STATEMENT OF ANTICIPATED PROOFS**

Defendants expect that they will offer the following proof at trial, subject to revision based on the Court's rulings on claim construction and the pending motions or in response to new matters introduced in plaintiffs' Statement of Anticipated Proofs.[1]

**Background:**

Defendants will introduce proof regarding:

1.  The business of TeleCheck Services, Inc. ("TeleCheck"), including its history, research, development, products, awards, acclaim, marketing, sales, customer support, advertising, patents, business model, and other background information.

2.  The business of Nova Information Systems, Inc. ("Nova"), including its history, research, development, products, awards, acclaim, marketing, sales, customer support, advertising, patents, business model, and other background information.

3.  The business of Electronic Clearing House, Inc. and Xpresschex, Inc. (collectively, "ECHO"), including its history, research, development, products, awards, acclaim, marketing, sales, customer support, advertising, patents, business model, and other background information.

4.  The business of LML Patent Corp. ("LML") and its affiliated entities, including their history, products, marketing, advertising, business model, patents, growth, support and/or product issues, stability and/or financial issues, and other background information.

---

[1] Defendants moved to bifurcate the issues of damages and willfulness. Plaintiff did not disagree with defendants' motion to bifurcate in principle, but only disputed the timeliness of the motion. Defendants reserve the right to supplement this Statement should the Court deny their bifurcation motion.

5. The market for electronic check processing services.

6. The transition from traditional check processing methods to electronic check processing.

7. Dealings between LML and/or its affiliated entities, any named inventor or inventors of the '988 patent, TeleCheck, ECHO, Nova or any combination thereof.

8. Dealings between LML or its affiliated entities, any named inventor or inventors of the '988 patent, TeleCheck, ECHO, and/or Nova and their respective actual or prospective customers.

9. The patent-in-suit and the prosecution that led to issuance of the same, the field of invention and state of the art when U.S. Patent No. 5,484,988 ("the '988 patent") was filed, the level of skill in the art and the prior art.

10. The operation and use of the TeleCheck Electronic Check Acceptance ("ECA") service.

11. The operation and use of the Nova Electronic Check Service ("ECS").

12. The operation and use of the XpressConversion service, the CHEXpedite Electronic Payment Solutions service, and ECHO's Visa POS Check Service.

13. LML's analysis of and comments (including its affiliates' analysis and comments) on TeleCheck and/or TeleCheck's products and/or services; ECHO and/or ECHO products and/or services; Nova and/or Nova products and/or services; and LML and/or LML products and/or services (including LML affiliates).

14. LML's actions (including its affiliates' actions) in the marketplace, including its efforts to license the patent-in-suit.

15. Industry practices, accepted or common marketing and/or competitive practices and terms and language commonly used in competitive situations.

16. Impact of and publicity about this lawsuit, including reactions of LML or its affiliates, TeleCheck, ECHO, Nova, any of their customers or other industry participants to news of this lawsuit.

17. The independent creation, design and development of the TeleCheck accused services.

18. The independent creation, design and development of the ECHO accused services.

19. The independent creation, design and development of the Nova accused services.

**Invalidity of the Patent-in-Suit:**

Defendants will introduce proof regarding:

20. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 102 as anticipated.

21. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 102 for improper inventorship.

22. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 102 as violative of the on-sale bar and/or as publicly disclosed.

23. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 103 as obvious.

24. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 112 for indefiniteness.

25. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 112 for lack of enablement.

26. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 112 for failure to satisfy the written description requirement.

27. Claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent are invalid under 35 U.S.C. § 132 because of the inclusion of prohibited new matter.

**Unenforceability of the Patent-in-Suit:**

Defendants will introduce proof regarding:

28. Individuals associated with the filing or prosecution of the '988 patent either withheld information from the United States Patent & Trademark Office (the "PTO") or misrepresented information to the PTO.

29. The information withheld or misrepresented by individuals associated with the filing or prosecution of the '988 patent was material.

30. The information withheld or misrepresented by individuals associated with the filing or prosecution of the '988 patent was withheld or misrepresented with the intent to mislead or deceive the PTO.

**Noninfringement Pursuant to Request for Declaratory Relief**

Defendant Nova will introduce proof regarding:

31. Nova's assertion that the patent is not infringed by Nova.

**MATTERS ON WHICH PLAINTIFF BEARS THE BURDEN OF PROOF**

**Noninfringement:**

Defendants will introduce proof that rebuts:

32. LML's assertion that TeleCheck infringes claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent.

33. LML's assertion that ECHO infringes claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent.

34. LML's assertion that Nova infringes claims 1, 2, 4, 5, 6, 9, 10, 11, 14, 16 and 18 of the '988 patent.

**Invalidity:**

Defendants will introduce proof that rebuts:

35. Any evidence of secondary indicia of nonobviousness, and any evidence of a purported nexus between alleged secondary indicia and the purported invention of the '988 patent.

**Damages and Willfulness (if not bifurcated):**

If the issues of damages and willfulness are not bifurcated for trial, defendants will introduce proof that rebuts:

36. Any evidence that TeleCheck's alleged infringement of the '988 patent renders TeleCheck liable to LML for an amount greater than a reasonable royalty for each product sold with or for use with the TeleCheck ECA service. TeleCheck will also introduce proof that rebuts LML's calculation of damages, and supports TeleCheck's claim of damages.

37. Any evidence that ECHO's alleged infringement of the '988 patent renders ECHO liable to LML for an amount greater than a reasonable royalty for each product sold with or for use with the XpressConversion service, the CHEXpedite Electronic Payment Solutions service, or ECHO's Visa POS Check Service. ECHO will also introduce proof that rebuts LML's calculation of damages, and supports ECHO's claim of damages.

38. Any evidence that Nova's alleged infringement of the '988 patent renders Nova liable to LML for an amount greater than a reasonable royalty for each product sold with or for use with the Nova ECS. Nova will also introduce proof that rebuts LML's calculation of damages, and supports Nova's claim of damages.

39. Any evidence that TeleCheck's alleged infringement of the '988 patent renders TeleCheck liable to LML for an amount adequate to compensate LML for the harm it has allegedly suffered.

40. Any evidence that ECHO's alleged infringement of the '988 patent renders ECHO liable to LML for an amount adequate to compensate LML for the harm it has allegedly suffered.

41. Any evidence that Nova's alleged infringement of the '988 patent renders Nova liable to LML for an amount adequate to compensate LML for the harm it has allegedly suffered.

42. Any evidence of actual notice provided to TeleCheck of its alleged infringement of the '988 patent.

43. Any evidence of actual notice provided to ECHO of its alleged infringement of the '988 patent.

44. Any evidence of actual notice provided to Nova of its alleged infringement of the '988 patent.

45. Any evidence that TeleCheck's alleged infringement of the '988 patent was willful.

46. Any evidence that ECHO's alleged infringement of the '988 patent was willful.

47. Any evidence that Nova's alleged infringement of the '988 patent was willful.

**Exceptional Case and Attorneys' Fees:**

Defendants will introduce proof that rebuts:

48. Any evidence that this action as against TeleCheck qualifies as an "exceptional case" under 35 U.S.C. § 285.

49. Any evidence that this action as against ECHO qualifies as an "exceptional case" under 35 U.S.C. § 285.

50. Any evidence that this action as against Nova qualifies as an "exceptional case" under 35 U.S.C. § 285.

51. Any evidence that the status of this action as against TeleCheck as an "exceptional case" warrants an award of attorneys' fees to LML.

52. Any evidence that the status of this action as against ECHO as an "exceptional case" warrants an award of attorneys' fees to LML.

53. Any evidence that the status of this action as against Nova as an "exceptional case" warrants an award of attorneys' fees to LML.

Defendants will introduce proof that:

54. This action as against LML qualifies as an "exceptional case" under 35 U.S.C. § 285.

55. This action as against LML as an "exceptional case" warrants an award of attorneys' fees to Defendants.