IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LML PATENT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-858 SLR |
| | ) |
| TELECHECK SERVICES, INC. | ) |
| ELECTRONIC CLEARING HOUSE, | ) |
| INC., XPRESSCHEX, INC., and | ) |
| NOVA INFORMATION SYSTEMS, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of March, 2006, having reviewed defendants' objections to the October 25, 2005 rulings of the Special Discovery Master ("SDM");

IT IS ORDERED that said objections (D.I. 362, 410) are overruled, for the reasons that follow:

1. Defendants object to the production of some 260 documents that were ordered produced due to the abuse of the discovery process by defendants, as perceived by the SDM. More specifically, the record indicates that, as a matter of expediency, defendants made available for inspection 500 boxes of documents produced in unrelated litigation, thus leading to the compilation of a privilege log that included hundreds of documents that were unresponsive to the issues at bar. In reviewing plaintiff's objection to this log, the SDM declined to

perform the due diligence that defendants should have performed at the outset of their document production. In terms of managing cases pretrial with limited resources, the SDM's reasoning is flawless. Neither the SDM nor I have the time to do the lawyers' job for them. Therefore, the SDM's order requiring production of the 260 documents is affirmed. The documents produced will be handled consistent with the most confidential of documents in this case.

    2. Defendants misunderstand the scope of waiver as I have most recently defined it. Once a party has relied on the opinion of counsel, that party waives the privilege as to all documents in its possession, custody or control that have some relevance to the subject matter of the opinion. That refers to material that was not actually considered by, but could have been considered by, the party. In other words, the opinions relied on by defendants predating the <u>Allergan</u> case no longer reflect my current thinking. Therefore, the SDM's order requiring production of documents PR 4652 and PR 2504, as well as the "Concord documents", is affirmed.

                                                                                   */s/*
                                                       United States District Judge